NO. _____

## IN THE COURT OF APPEALS FOR THE FIFTEENTH DISTRICT AT AUSTIN, TEXAS

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
3/19/2025 4:35:10 PM
CHRISTOPHER A. PRINE
Clerk

## IN RE CITY OF DENTON; GERARD HUDSPETH, Mayor of Denton; BRIAN BECK, Mayor Pro Tem of Denton, VICKI BYRD, PAUL MELTZER, JOE HOLLAND, BRANDON CHASE McGEE, and CHRIS WATTS, Members of the City Council of Denton; SARA HENSLEY, City Manager of Denton; and DOUG SHOEMAKER, Chief of Police of Denton, in their official capacities, *RELATORS*

Original Proceeding from the 481st Judicial District Court,
Denton County, Texas
Cause No. 24-1005-481

## MANDAMUS RECORD

| | |
|---|---|
| Mack Reinwand | Jose E. de la Fuente |
| State Bar No. 24056195 | State Bar No. 00793605 |
| Devin Alexander | James F. Parker |
| State Bar No. 24104554 | State Bar No. 24027591 |
| **DENTON CITY** | Gabrielle C. Smith |
| **ATTORNEY'S OFFICE** | State Bar No. 24093172 |
| 215 East McKinney | Sydney P. Sadler |
| Denton, Texas 76201 | State Bar No. 24117905 |
| Telephone:  (940) 349-8333 | **LLOYD GOSSELINK** |
| Facsimile:  (940) 382-7923 | **ROCHELLE & TOWNSEND, P.C.** |
| | 816 Congress Avenue, Suite 1900 |
| | Austin, Texas 78701 |
| | Telephone: (512) 322-5800 |
| | Facsimile:  (512) 472-0532 |

**ATTORNEYS FOR RELATORS**

## CERTIFICATE OF SERVICE

I hereby certify that on March 19, 2025, true and correct copies of the Mandamus Record were forwarded to all counsel of record, pursuant to Texas Rules of Appellate Procedure 6.3 and 9.5 and this Court's local rules.

*/s/Jose E. de la Fuente*
JOSE E. DE LA FUENTE

NO. _____

IN THE COURT OF APPEALS
FOR THE FIFTEENTH DISTRICT
AT AUSTIN, TEXAS

IN RE CITY OF DENTON; GERARD HUDSPETH, Mayor of Denton;
BRIAN BECK, Mayor Pro Tem of Denton, VICKI BYRD, PAUL
MELTZER, JOE HOLLAND, BRANDON CHASE McGEE, and CHRIS
WATTS, Members of the City Council of Denton; SARA HENSLEY, City
Manager of Denton; and DOUG SHOEMAKER, Chief of Police of
Denton, in their official capacities,
*RELATORS*

Original Proceeding from the 481st Judicial District Court,
Denton County, Texas
Cause No. 24-1005-481

## VERIFICATION OF JOSE E. DE LA FUENTE

STATE OF TEXAS      §

TRAVIS COUNTY      §

BEFORE ME, the undersigned authority, on this day appeared Jose E. de la Fuente, who is personally known to me and who, being sworn on oath to tell the truth, testified as follows:

1. "My name is Jose E. de la Fuente. I am over 21 years of age, of sound mind, and competent to testify to the matters set forth herein. I have personal knowledge of the statements contained herein and the facts stated herein are true and correct.

2. I am licensed to practice law in the State of Texas and am lead appellate counsel for Relators in this matter.

3. The documents included within the mandamus record and the appendix attached to Relators' Petition for Writ of Mandamus in Support of their concurrently filed Petition for Writ of Mandamus

are true and correct copies of pleadings and exhibits filed by the parties, discovery served by the parties, hearing transcripts, and orders signed by the trial court in this matter. The Requests for Admission, Requests for Production and Interrogatories attached to the Petition for Writ of Mandamus at appendix Tab B include highlighting for the court's convenience."

FURTHER AFFIANT SAYETH NAUGHT.

_____
JOSE E. DE LA FUENTE

SUBSCRIBED AND SWORN TO before me on this __19th__ day of March, 2025.

_____
Notary Public

Melissa Ethridge
NOTARY PUBLIC - STATE OF TEXAS
ID# 132532865
COMM. EXP. 06-22-2028

NO. _____

IN THE COURT OF APPEALS
FOR THE FIFTEENTH DISTRICT
AT AUSTIN, TEXAS

---

IN RE CITY OF DENTON; GERARD HUDSPETH, Mayor of Denton;
BRIAN BECK, Mayor Pro Tem of Denton, VICKI BYRD, PAUL
MELTZER, JOE HOLLAND, BRANDON CHASE McGEE, and CHRIS
WATTS, Members of the City Council of Denton; SARA HENSLEY, City
Manager of Denton; and DOUG SHOEMAKER, Chief of Police of
Denton, in their official capacities,
*RELATORS*

---

Original Proceeding from the 481st Judicial District Court,
Denton County, Texas
Cause No. 24-1005-481

---

**MANDAMUS RECORD INDEX**

---

| Name of Document | Date of Filing/Signing | Page |
| --- | --- | --- |
| Discovery Order | 02/06/2025 | MR 0001–0008 |
| Plaintiff's Original Verified Petition, Application for Temporary Injunction and Permanent Injunction | 01/31/2024 | MR 0009–0028 |
| City of Denton's Plea to the Jurisdiction | 05/20/2024 | MR 0029–0205 |
| Plaintiff the State of Texas's Response to City Defendants' Plea to the Jurisdiction | 05/30/2024 | MR 0206–0231 |
| Defendants' Reply in Support of Their Plea to the Jurisdiction | 05/31/2024 | MR 0232–0248 |
| Defendants' Motion for Protective Order | 09/27/2024 | MR 0249–0314 |
| Texas's Motion to Compel Depositions and Written Discovery and Response to Defendants' Motion to Quash and Motions for Protective Order | 10/17/2024 | MR 0315–0482 |
| Plaintiff's Supplemental Brief Regarding the Order of Hearings | 12/06/2024 | MR 0483–0491 |
| Defendants' Response to Plaintiff's Supplemental Brief | 12/10/2024 | MR 0492–0501 |
| Defendants' Response to Plaintiff's Motion to Compel Depositions and Written Discovery | 12/10/2024 | MR 0502–0616 |
| Transcript of 12/12/24 Proceedings | 01/07/2025 | MR 0617–0716 |

Cause No. 24-1005-481

| | | |
|---|---|---|
| THE STATE OF TEXAS,<br>*Plaintiff,*<br><br>v.<br><br>CITY OF DENTON; GERARD<br>HUDSPETH, Mayor of Denton; BRIAN<br>BECK, Mayor Pro Tem of Denton; VICKI<br>BYRD, PAUL MELTZER, JOE<br>HOLLAND, BRANDON CHASE McGEE,<br>and CHRIS WATTS, Members of the City<br>Council of Denton; SARA HENSLEY, City<br>Manager of Denton; and DOUG<br>SHOEMAKER, Chief of Police of Denton;<br>in their official capacities,<br>*Defendants*. | § § § § § § § § § § § § § § § § § | IN THE DISTRICT COURT OF<br><br><br>DENTON COUNTY, TEXAS<br><br><br><br><br><br><br><br><br>481ST JUDICIAL DISTRICT |

## DISCOVERY ORDER

Before the Court is Plaintiff's Motion to Compel Depositions and Written Discovery and Response to Defendants' Motion to Quash and Motions for Protective Order and Defendants' Motion to Quash and Motion for Protection from Deposition Notices. After due consideration of each motion and applicable law, the Court finds that the Plaintiff's Motion should be and hereby is GRANTED IN PART and DENIED IN PART and that Defendants' Motion is GRANTED IN PART subject to reconsideration. The Court ORDERS as follows:

A. Defendants' objections are overruled as to Plaintiff's interrogatories 2, 3, 4, 5, 6, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, and 21. Defendants' objections are likewise overruled as to Plaintiff's requests for production 2, 3, 5, 6, 8, 11, 13, 14, 17, 18, 19, 20, and as to Plaintiff's requests for admission 2, 3, 5, 8, 9, 10, 11, 12, 13, and 15. Defendants shall respond to the foregoing discovery requests;

B. Defendants' objections are sustained as to Plaintiff's interrogatory 7, Plaintiff's request for production 23, Plaintiff's requests for admission 7 and 14;

Copy from re:SearchTX

MR 0001

C. Defendants' objections are sustained as to Plaintiff's interrogatory 8. Plaintiff may re-propound its interrogatory 8 using clearer language on or before the 10th day after the issuance of this Order;

D. The phrase "about confusion" is stricken from Plaintiff's interrogatory 20. The scope of Plaintiff's interrogatory 20 is limited to inquiries made after November 22, 2022. Defendants' objections are otherwise overruled as to Plaintiff's interrogatory 20. Defendants shall respond to Plaintiff's interrogatory 20 as if it did not contain the phrase "about confusion";

E. The scope of Plaintiff's requests for production 1 and 4 is limited to communications and documents that were sent after November 22, 2022. Defendants' objections are otherwise overruled as to Plaintiff's requests for production 1 and 4. Defendants shall respond to Plaintiff's requests for production 1 and 4;

F. The scope of Plaintiff's request for production 7 is limited to communications and documents that were produced or received by Defendants. Defendants' objections are otherwise overruled as to Plaintiff's request for production 7. Defendants shall respond to Plaintiff's request for production 7;

G. The scope of Plaintiff's request for production 9 is limited to documents that already exist or existed. Defendants' objections are otherwise overruled as to Plaintiff's request for production 9. Defendants shall respond to Plaintiff's request for production 9;

H. The scope of Plaintiff's request for production 10 is limited to communications and documents that were sent or received after November 22, 2022. Defendants' objections are otherwise overruled as to Plaintiff's request for production 10. Defendants shall respond to Plaintiff's request for production 10;

I. The scope of Plaintiff's request for production 12 is limited to communications and documents concerning enforcement of laws related to marijuana use. Defendants' objections are otherwise overruled as to Plaintiff's request for production 12. Defendants shall respond to Plaintiff's request for production 12;

Cause No. 24-1005-481; *Texas v. City of Denton, et al.*

Copy from re:SearchTX

MR 0002

J. The scope of Plaintiff's requests for production 15, 16, 21 and 22 is limited to exclude individualized reports of citations or arrests. Defendants' objections are otherwise overruled as to Plaintiff's requests for production 15, 16, 21 and 22. Defendants shall respond to Plaintiff's requests for production 15, 16, 21, and 22;

K. Plaintiff's requests for admission 1 and 4 shall be construed so that "adopt" is given its plain meaning. Defendants' objections are otherwise overruled as to Plaintiff's requests for admission 1 and 4. Defendants shall respond to Plaintiff's requests for admission 1 and 4;

L. The scope of Plaintiff's request for admission 6 is limited to instances when employees of the City of Denton have been directed by any Defendant or have acted at the direction of any Defendant to not cite or arrest individuals for misdemeanor levels of marijuana and misdemeanor possession of marijuana paraphernalia. Defendants' objections are otherwise overruled as to Plaintiff's request for admission 6. Defendants shall respond to Plaintiff's requests for admission 6;

M. Defendants shall complete their discovery responses on or before the 60th day after the issuance of this Order;

N. Defendants' objections to the depositions of Councilmembers Brian Beck and Joe Holland are sustained subject to reconsideration.

**SO ORDERED.**

2/6/2025
_____, 2025.

_Crystal Levonius_

Cause No. 24-1005-481; *Texas v. City of Denton, et al.*

MR 0003

Copy from re:SearchTX

**Agreed as to Form and Entry Requested:**

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

AUSTIN KINGHORN
Deputy Attorney General for Legal Strategy

RYAN D. WALTERS
Division Chief
Special Litigation and Division

*/s/Zachary L. Rhines*
ZACHARY L. RHINES
Special Counsel
Texas Bar No. 24116957
Zachary.Rhines@oag.texas.gov

KYLE S. TEBO
Special Counsel
Texas Bar No. 24137691
Kyle.Tebo@oag.texas.gov

OFFICE OF THE ATTORNEY GENERAL
Special Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: 512-463-2100
Fax: 512-457-4410

Cause No. 24-1005-481; *Texas v. City of Denton, et al.*

Copy from re:SearchTX

MR 0004

APPROVED AS TO FORM ONLY:

DEVIN Q. ALEXANDER
Denton City Attorney's Office
215 East McKinney
Denton, Texas 76201
(940) 349-8333
(940) 382-7923 Facsimile
For email contact and service regarding this
case, please include email addresses for all
listed attorneys in the To: field, and include
amy.hoffee@cityofdenton.com  in the cc: field,
until requested otherwise.

Mack Reinwand
City Attorney
State Bar No. 24056195
mack.reinwand@cityofdenton.com

Devin Alexander
Deputy City Attorney
State Bar No. 24104554
devin.alexander@cityofdenton.com

**LLOYD GOSSELINK**
 **ROCHELLE & TOWNSEND, P.C.**
816 Congress Avenue, Suite 1900
Austin, Texas 78701
Telephone:     (512) 322-5800
Facsimile:     (512) 472-0532

By:     */s/ Jose E. de la Fuente*
            JOSE E. de la FUENTE
            (Attorney-in-Charge)
            State Bar No. 00793605
            jdelafuente@lglawfirm.com
            JAMES F. PARKER
            State Bar No. 24027591
            jparker@lglawfirm.com
            GABRIELLE C. SMITH
            State Bar No. 24093172
            gsmith@lglawfirm.com
            SYDNEY P. SADLER
            State Bar No. 24117905
            ssadler@lglawfirm.com

**ATTORNEYS FOR DEFENDANTS**

Cause No.  24-1005-481; *Texas v. City of Denton, et al.*

Copy from re:SearchTX

MR 0005

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Bonnie Freymuth on behalf of Zachary Rhines
Bar No. 24116957
bonnie.freymuth@oag.texas.gov
Envelope ID: 97002047
Filing Code Description: ORDER
Filing Description: (Discovery)
Status as of 2/10/2025 8:36 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|---------------------|--------|
| Richard Gladden | | richscot1@hotmail.com | 2/5/2025 10:26:15 AM | SENT |
| Richard Gladden | | richscot1@hotmail.com | 2/5/2025 10:26:15 AM | SENT |

Associated Case Party: The City Of Denton, Texas

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|---------------------|--------|
| Amy Hoffee | | amy.hoffee@cityofdenton.com | 2/5/2025 10:26:15 AM | SENT |
| Mack Reinwand | | mack.reinwand@cityofdenton.com | 2/5/2025 10:26:15 AM | SENT |
| Jose E.de la Fuente | | jdelafuente@lglawfirm.com | 2/5/2025 10:26:15 AM | SENT |
| James F.Parker | | jparker@lglawfirm.com | 2/5/2025 10:26:15 AM | SENT |
| Gabrielle C.Smith | | gsmith@lglawfirm.com | 2/5/2025 10:26:15 AM | SENT |
| Sydney P.Sadler | | ssadler@lglawfirm.com | 2/5/2025 10:26:15 AM | SENT |

Associated Case Party: Gerard Hudspeth

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|---------------------|--------|
| Devin Q.Alexander | | Devin.Alexander@cityofdenton.com | 2/5/2025 10:26:15 AM | SENT |

Associated Case Party: Brian Beck

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|---------------------|--------|
| Devin Q.Alexander | | Devin.Alexander@cityofdenton.com | 2/5/2025 10:26:15 AM | SENT |

Associated Case Party: Vicki Byrd

Copy from re:SearchTX

MR 0006

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Bonnie Freymuth on behalf of Zachary Rhines
Bar No. 24116957
bonnie.freymuth@oag.texas.gov
Envelope ID: 97002047
Filing Code Description: ORDER
Filing Description: (Discovery)
Status as of 2/10/2025 8:36 AM CST

Associated Case Party: Vicki  Byrd

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Devin Q.Alexander | | Devin.Alexander@cityofdenton.com | 2/5/2025 10:26:15 AM | SENT |

Associated Case Party: Paul Meltzer

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Devin Q.Alexander | | Devin.Alexander@cityofdenton.com | 2/5/2025 10:26:15 AM | SENT |

Associated Case Party: Joe Holland

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Devin Q.Alexander | | Devin.Alexander@cityofdenton.com | 2/5/2025 10:26:15 AM | SENT |

Associated Case Party: Brandon Chase McGee

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Devin Q.Alexander | | Devin.Alexander@cityofdenton.com | 2/5/2025 10:26:15 AM | SENT |

Associated Case Party: The State Of Texas

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Kyle Tebo | | Kyle.Tebo@oag.texas.gov | 2/5/2025 10:26:15 AM | SENT |
| Bonnie Freymuth | | bonnie.freymuth@oag.texas.gov | 2/5/2025 10:26:15 AM | SENT |
| Zachary Rhines | | zachary.rhines@oag.texas.gov | 2/5/2025 10:26:15 AM | SENT |

Associated Case Party: Chris Watts

Copy from re:SearchTX

MR 0007

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Bonnie Freymuth on behalf of Zachary Rhines
Bar No. 24116957
bonnie.freymuth@oag.texas.gov
Envelope ID: 97002047
Filing Code Description: ORDER
Filing Description: (Discovery)
Status as of 2/10/2025 8:36 AM CST

Associated Case Party: Chris Watts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Devin Q.Alexander | | Devin.Alexander@cityofdenton.com | 2/5/2025 10:26:15 AM | SENT |

Associated Case Party: Sara  Hensley

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Devin Q.Alexander | | Devin.Alexander@cityofdenton.com | 2/5/2025 10:26:15 AM | SENT |

Associated Case Party: Doug Shoemaker

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Devin Q.Alexander | | Devin.Alexander@cityofdenton.com | 2/5/2025 10:26:15 AM | SENT |

Copy from re:SearchTX

MR 0008

24-1005-481

Cause No. _____

| | | |
|---|---|---|
| THE STATE OF TEXAS, | § | In the District Court of |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| CITY OF DENTON; GERARD | § | |
| HUDSPETH, Mayor of Denton; BRIAN | § | |
| BECK, Mayor Pro Tem of Denton; VICKI | § | Denton County, Texas |
| BYRD, PAUL MELTZER, JOE | § | |
| HOLLAND, BRANDON CHASE | § | |
| McGEE, and CHRIS WATTS, Members of | § | |
| the City Council of Denton; SARA | § | |
| HENSLEY, City Manager of Denton; and | § | |
| DOUG SHOEMAKER, Chief of Police of | § | _____Judicial District |
| Denton; in their official capacities, | § | |
| *Defendants.* | | |

**Plaintiff's Original Verified Petition,**
**Application for Temporary Injunction and Permanent Injunction**

The City of Denton ("Denton"), a home-rule city, adopted an ordinance designed to eliminate marijuana enforcement, knowing full well that "the City does not have the authority to implement" the ordinance. *See* Letter from City Manager to City Council (Exhibit 1). This ordinance and any corresponding Denton Police Department general order or directive, constitute a policy under which Denton will not fully enforce laws relating to drugs, including Chapter 481. Chapter 481 makes possession of marijuana and drug paraphernalia an offense. Thus, the ordinance and any corresponding Denton Police Department general order or directive violate and are preempted by section 370.003 of the Texas Local Government Code: "The governing body of a municipality [or a] municipal police department … may not adopt a policy under which the entity will not fully enforce laws relating to drugs, including Chapters 481 and 483, Health and Safety Code, and federal law." The ordinance is also unconstitutional. "[N]o…ordinance passed under [Denton's] charter shall contain any provision inconsistent with the Constitution of the State, or of the general laws enacted by the Legislature of this State." TEX. CONST. art. XI, § 5.

Consequently, the State of Texas files this Original Petition and Application for Temporary and Permanent Injunction asking the Court to (1) declare the ordinance and any corresponding

Copy from re:SearchTX

MR 0009

Denton Police Department general order or directive *ultra vires* and (2) order Defendants to (a) repeal the Ordinance, (b) cancel any corresponding Denton Police Department general order or directive, (c) fully enforce the drug laws in chapter 481, (d) not discipline any employee of the City of Denton for enforcing the drug laws in Chapter 481, and (e) modify city policies and internal operating procedures to the extent that they have been updated in response to the ordinance.

## Discovery Control Plan

1.      If discovery were needed, it would be intended to be conducted under Level 2 of Texas Rule of Civil Procedure 190.3. But this is a case of pure law and discovery is unneeded.

## Claims for Relief

2.      Plaintiff seeks injunctive relief. Therefore, this suit is not governed by the expedited actions process in Tex. R. Civ. P. 169.

## Venue

3.      Venue is proper in Denton County under section 15.002(a)(1) and (a)(3) of the Texas Civil Practices and Remedies Code.

## Sovereign Immunity Inapplicable

4.      Neither sovereign immunity nor governmental immunity applies to the State of Texas's *ultra vires* claim. "The basic justification for th[e] ultra vires exception to sovereign immunity is that *ultra vires* acts—or those acts without authority—should not be considered acts of the state at all." *Hall v. McRaven*, 508 SW.3d 232, 238 (Tex. 2017) (internal quotation marks and citations omitted). As a result, "*ultra vires* suits do not attempt to exert control over the state—they attempt to reassert the control of the state over one of its agents." *Id.*

5.      Further, Texas Civil Practice and Remedies Code Sec. 37.006(b) states "In any proceeding that involves the validity of a municipal ordinance or franchise, the municipality must be made a party and is entitled to be heard." This has been consistently construed as a legislative waiver of governmental immunity in situations like the one at issue here. *Tex. Educ. Agency v. Leeper*, 893

MR 0010

Copy from re:SearchTX

S.W.2d 432, 446 (Tex. 1994); *Tex. Lottery Comm'n v. First State Bank of DeQueen*, 325 S.W.3d 628 (Tex. 2010).

## Parties

6.      Plaintiff is the State of Texas. *State v. Hollins*, 620 S.W.3d 400, 410 (Tex. 2020) (citing *State v. Naylor*, 466 S.W.3d 783, 790 (Tex. 2015) ("As a sovereign entity, the State has an intrinsic right to enact, interpret, and enforce its own laws."); *Yett v. Cook*, 115 Tex. 205, 221, 281 S.W. 837, 842 (1926) ("That the state has a justiciable 'interest' in its sovereign capacity in the maintenance and operation of its municipal corporations in accordance with law does not admit of serious doubt.")).

7.      Defendant City of Denton is a home-rule municipality.

8.      Defendant Gerard Hudspeth is the Mayor of Denton.

9.      Defendant Brian Beck is the Mayor Pro Tem of Denton and Councilmember for District #2.

10.     Defendant Vicki Byrd is Councilmember for District #1.

11.     Defendant Paul Meltzer is Councilmember for District #3.

12.     Defendant Joe Holland is Councilmember for District #4.

13.     Defendant Brandon Chase McGee is a Councilmember At-Large.

14.     Defendant Chris Watts is a Councilmember At-Large.

15.     Defendant Sara Hensley is City Manager of Denton.

16.     Defendant Doug Shoemaker is Chief of Police of Denton.

17.     All Defendants are sued in their official capacities.

18.     All Defendants may be served with process through Sara Hensley, City Manager, at 215 E. McKinney Street, Denton, Texas 76201.

Copy from re:SearchTX

MR 0011

19. Through the ballot initiative process, the citizens of Denton placed Proposition B on the November 8, 2022, ballot. Proposition B contained a city ordinance which would regulate how Denton Police Department enforces certain marijuana laws governed by Chapter 481 of the Texas Health and Safety Code. Proposition B passed.

20. The day after the election, Denton City Manager Sara Hensley sent a memo to Denton City Council advising them that the ordinance was approved by voters and would become effective after the election is canvassed by City Council. The memo outlines reasons why the City does not have the authority to implement some of the provisions of Proposition B. For instance, Ms. Hensley acknowledges that "Proposition B imposes explicit prohibitions on Denton Police Department's ability to enforce laws related to low-level marijuana possession," but concedes that **"those prohibitions are in direct conflict with, and are superseded by, the Texas Code of Criminal Procedure."** (Exhibit 1).

21. Ms. Hensley, perhaps in an effort to appease both the voters and the State, writes that "[i]n practice, a Denton Police Officer will continue to have authority to enforce state laws relating to marijuana. **Neither the City, the City Manager, nor the Chief of Police has the authority to direct officers to do otherwise or to discipline an officer when they are acting in accordance with state law."** Exhibit 1 (emphasis added). Meanwhile, the Ordinance provides for discipline of Denton City Police Officers for violating it.

22. The Denton City Council codified and published the ordinance anyway. The ordinance is now in effect as City of Denton Code of Ordinances Chapter 21 – Offenses, Article V - Marijuana Enforcement ("the Ordinance").[1]

23. The Ordinance reads as follows:

---

[1] Available at
https://library.municode.com/tx/denton/codes/code_of_ordinances/423747?nodeId=SPACO OR_CH21OF_ARTVMAEN

MR 0012

Copy from re:SearchTX

ARTICLE V. - MARIJUANA ENFORCEMENT

Sec. 21-80. - Ending citations and arrests for misdemeanor possession of marijuana.

(a) Denton Police Officers shall not issue citations or make arrests for class A or class B misdemeanor possession of marijuana offenses, except in the limited circumstances described in subsection (b).

(b) The only circumstances in which Denton Police Officers are permitted to issue citations or make arrests for class A or class B misdemeanor possession of marijuana are when such citations or arrests are part of (1) the investigation of a felony level narcotics case that has been designated as a high priority investigation by a Denton Police Commander, assistant chief of police, or chief of police; and/or (2) the investigation of a violent felony.

(c) In every instance other than those described in (b), if a Denton Police Officer has probable cause to believe that a substance is marijuana, an officer may seize the marijuana. If the officer seizes the marijuana, they must write a detailed report and release the individual if possession of marijuana is the sole charge.

(d) Denton Police Officers shall not issue any charge for possession of marijuana unless it meets at least one of the factors described in subsection (b).

Section 21-81. - Citations for possession of drug residue or drug paraphernalia shall not be issued in lieu of a possession of marijuana charge.

(a) A class C misdemeanor citation for possession of drug residue or drug paraphernalia shall not be issued in lieu of a possession of marijuana charge.

Section 21-82. - Prohibition against using city funds or personnel to conduct THC concentration testing.

(a) No city funds or personnel shall be used to request, conduct, or obtain tetrahydrocannabinol (THC) testing of any cannabis-related substance to determine

Copy from re:SearchTX

MR 0013

whether the substance meets the legal definition of marijuana under state law, except in the limited circumstances of a police investigation pursuant to subsection 21-80(b).

(b) This prohibition shall not limit the ability of Denton Police to conduct toxicology testing to ensure public safety, nor shall it limit THC testing for the purpose of any violent felony charge.

Section 21-83. – Prohibition against city police using the odor of marijuana or hemp has probable cause for search or seizure.

(a) Denton Police shall not consider the odor of marijuana or hemp to constitute probable cause for any search or seizure, except in the limited circumstances of a police investigation pursuant to subsection 21-80(b).

Section 21-84. - Training and policy updates; community involvement.

(a) The city manager and chief of police shall ensure that Denton Police Officers receive adequate training concerning each of the provisions of this ordinance.

(b) The city manager shall work with the Denton Police Chief and other relevant stakeholders identified in (c) to update city policies and internal operating procedures in accordance with this article. Actions that may be necessary include, but are not limited to: updating the Denton Police Department General Manual; updating the training bulletin; training officers; and updating internal databases and systems.

(c) The city manager shall arrange regular meetings to discuss the development of policies, procedures, and practices related to this article, which shall include community stakeholders including: the police chief's advisory panel; other interested stakeholders and community organizations; individuals directly impacted by arrests within the city; immigrant communities; and communities of color. These meetings shall be open to public participation, have minutes and agendas publicly accessible, and have audio and video recordings uploaded to the city's website.

Section 21-85. - Discipline.

Copy from re:SearchTX

MR 0014

(a) Any violation of this chapter may subject a Denton Police Officer to discipline as provided by the Texas Local Government Code or as provided in city policy.

Section 21-86. - Reporting.

(a) Within three (3) months of the adoption of this article, and once per year thereafter, the city manager or their designee shall present to the city council, at a public meeting subject to the Texas Open Meetings Act, a report concerning the city's implementation of this article.

## Legal Analysis

24. Because Denton is a home-rule municipality, it has "the full power of self-government" and does not need a special grant from the Legislature to enact local ordinances. *S. Crushed Concrete, LLC v. City of Houston*, 398 S.W.3d 676, 678 (Tex. 2013). However, "no…ordinance passed under [Denton's] charter shall contain any provision inconsistent with the Constitution of the State, or of the general laws enacted by the Legislature of this State." TEX. CONST. art. XI, § 5.

25. Under State law, "The governing body of a municipality … [or] a municipal police department … may not adopt a policy under which the entity will not fully enforce laws relating to drugs, including Chapters 481 and 483, Health and Safety Code, and federal law." Tex. Local Gov't Code § 370.003.

26. Chapter 481 of the Health and Safety Code provides that possession of marijuana and drug paraphernalia are offenses. Tex. Health and Safety Code §§ 481.121, .125.

27. Section 21-80 of the Ordinance prohibits Denton police officers from issuing citations or making arrests for Class A or Class B misdemeanor possession of marijuana. Thus, it is a policy under which Denton will not "fully enforce … Chapter 481." Therefore, section 21-80 violates § 370.003.

28. Section 21-81 of the Ordinance prohibits Denton police officers from issuing Class C misdemeanor citations for "possession of drug residue [sic; there is no such offense] or drug

Copy from re:SearchTX

MR 0015

paraphernalia … in lieu of a possession of marijuana charge." Thus, it is a policy under which Denton will not "fully enforce … Chapter 481." Therefore, section 22-81 violates § 370.003.

29.     Section 21-82 of the Ordinance prohibits city funds and personnel "to request, conduct, or obtain tetrahydrocannabinol (THC) testing of any cannabis-related substance to determine whether the substance meets the legal definition of marijuana under state law" except in certain circumstances. Thus, section 21-82 is a policy under which Denton will not "fully enforce … Chapter 481." Therefore, it violates § 370.003.

30.     Section 21-84 of the Ordinance requires that Denton Police Officers "receive adequate training concerning each of the provisions of this article", requires city policies and internal operating procedures to be updated "in accordance with this article", and requires "regular meetings to discuss the development of policies, procedures, and practices related to this article, which shall include community stakeholders … community organizations [and] communities of color." The Ordinance violates state law, so having meetings to discuss implementation of the Ordinance is a policy under which Denton will not "fully enforce … Chapter 481." Therefore, section 21-84 violates § 370.003.

31.     Section 21-85 of the Ordinance states, "Any violation of this chapter may subject a Denton Police Officer to discipline…." This is a policy under which Denton will not "fully enforce…Chapter 481." In fact, Denton threatens officers who do not enforce Chapter 481 with "discipline." Therefore, section 21-85 violates § 370.003.

32.     Section 21-86 requires the city manager to submit regular reports to the city council "concerning the city's implementation of this ordinance." The Ordinance violates state law, so reports discussing implementation of the Ordinance is a policy under which Denton will not "fully enforce … Chapter 481." Therefore, section 21-86 violates § 370.003.

33.     Because the Ordinance violates section 370.003 of the Local Government Code, Defendants "may not adopt" it. Tex. Loc. Gov't Code § 370.003.

Copy from re:SearchTX

MR 0016

34. Although local ordinances are presumed valid, if an ordinance is unmistakably and clearly at odds with a statute, the ordinance is preempted. *Dall. Merchant's & Concessionaire's Ass'n v. City of Dallas*, 852 S.W.2d 489, 491 (Tex. 1993).

35. In a preemption challenge, a local ordinance - even a reasonable one - "is unenforceable to the extent it conflicts with the state statute." *Id.* (citation omitted).

36. The Ordinance directly conflicts with the state statute; thus it is unenforceable. *See id.* (citing *City of Brookside Vill. v. Comeau,* 633 S.W.2d 790, 796 (Tex.1982), *cert. denied,* 459 U.S. 1087, 103 S.Ct. 570 (1982)).

37. Moreover, the Ordinance is unconstitutional. "[N]o…ordinance passed under [Denton's] charter shall contain any provision inconsistent with the Constitution of the State, or of the general laws enacted by the Legislature of this State." TEX. CONST. art. XI, § 5.

38. In an *ultra vires* case, a plaintiff must allege, and ultimately prove, that an officer acted without legal authority or failed to perform a ministerial act. *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009).

39. Defendants lack legal authority to adopt the Ordinance and any corresponding police department general order or directive. Tex. Loc. Gov't Code § 370.003.

40. Defendants lack the constitutional authority to adopt the Ordinance. TEX. CONST. art. XI, § 5.

## Request for a Declaratory Judgment

41. The State of Texas requests that the Court issue a declaratory judgment that the Ordinance and any corresponding police department general order or directive are *ultra vires* and void.

## Application for a Temporary Injunction

42. The State is entitled to a temporary injunction. To obtain a temporary injunction, the State must prove (1) a cause of action against the defendant; (2) a probable right to the relief sought;

Copy from re:SearchTX

MR 0017

and (3) a probable, imminent, and irreparable injury in the interim. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002).

43. The State has a cause of action against Defendants for *ultra vires* acts. *Hollins*, 620 S.W.3d at 405.

44. The State has a probable right of recovery. The City of Denton has no authority to authority to pass the Ordinance and the Denton Police Department has no authority to issue a corresponding general order or directive. Tex. Loc. Gov't Code § 370.003; TEX. CONST. art. XI, § 5.

45. "When the State files suit to enjoin *ultra vires* action by a local official, a showing of likely success on the merits is sufficient to satisfy the irreparable-injury requirement for a temporary injunction." *Hollins*, 620 S.W.3d at 410.

46. Further, "An injury is irreparable if the injured party cannot be adequately compensated in damages, or if the damages cannot be measured by any certain pecuniary standard." *Butnaru*, 84 S.W.3d at 204; *City of Dallas v. Brown*, 373 S.W.3d 204, 208 (Tex. App.—Dallas 2012, pet. denied).

47. Consequently, the State is entitled to a temporary injunction.

48. The Court should issue a temporary injunction enjoining Defendants from enforcing the Ordinance and any corresponding Denton Police Department general order or directive and ordering Defendants to (a) repeal the Ordinance, (b) cancel any corresponding Denton Police Department general order or directive, (c) fully enforce the drug laws in Chapter 481, (d) not discipline any employee of the City of Denton for enforcing the drug laws in Chapter 481, and (e) modify city policies and internal operating procedures to the extent that they have been updated in response to the Ordinance.

### Application for Permanent Injunction

49. The State of Texas requests trial on the merits, where it will seek a permanent injunction enjoining Defendants from enforcing the Ordinance and any corresponding Denton Police Department general order or directive and ordering Defendants to (a) repeal the Ordinance, (b)

MR 0018

Copy from re:SearchTX

cancel any corresponding Denton Police Department general order or directive, (c) fully enforce the drug laws in Chapter 481, (d) not discipline any employee of the City of Denton for enforcing the drug laws in Chapter 481, and (e) modify city policies and internal operating procedures to the extent that they have been updated in response to the Ordinance.

## Prayer

Therefore, the State of Texas seeks the following relief:

a.      A temporary and permanent injunction enjoining Defendants from enforcing Chapter 21, Article V of the City of Denton Code of Ordinances.

b.      A temporary and permanent injunction ordering Defendants to repeal the Ordinance.

c.      A temporary and permanent injunction ordering Defendants to cancel any corresponding Denton Police Department general order or directive.

d.      A temporary and permanent injunction ordering Defendants to fully enforce the drug laws in Chapter 481 of the Texas Health and Safety Code.

e.      A temporary and permanent injunction ordering Defendants not to discipline any Denton employee for enforcing the drug laws in Chapter 481 of the Texas Health and Safety Code.

f.      A temporary and permanent injunction ordering Defendants to modify city policies and internal operating procedures to the extent that they have been updated in response to the Ordinance.

g.      All other relief as the Court deems equitable and just.

MR 0019

Copy from re:SearchTX

Date: January 30, 2024

Respectfully submitted.

**KEN PAXTON**
Attorney General

*/S/ JACOB PRZADA*
**JACOB PRZADA**
Special Counsel
Tex. State Bar No. 24125371

**BRENT WEBSTER**
First Assistant Attorney General

**GRANT DORFMAN**
Deputy First Assistant Attorney General

**HEATHER DYER**
Special Counsel
Tex. State Bar No. 24123044

**RALPH MOLINA**
Deputy Attorney General for Legal Strategy

OFFICE OF THE ATTORNEY GENERAL OF TEXAS
Special Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Tel.: (512) 463-2100
Heather.Dyer@oag.texas.gov
Jacob.Przada@oag.texas.gov

**RYAN D. WALTERS**
Chief, Special Litigation Division

**COUNSEL FOR PLAINTIFF**

Copy from re:SearchTX

MR 0020

Cause No. _____

| | | |
|---|---|---|
| THE STATE OF TEXAS,<br>*Plaintiff,*<br><br>v.<br><br>CITY OF DENTON; GERARD<br>HUDSPETH, Mayor of Denton; BRIAN<br>BECK, Mayor Pro Tem of Denton; VICKI<br>BYRD, PAUL MELTZER, JOE<br>HOLLAND, BRANDON CHASE<br>McGEE, and CHRIS WATTS, Members of<br>the City Council of Denton; SARA<br>HENSLEY, City Manager of Denton; and<br>DOUG SHOEMAKER, Chief of Police of<br>Denton; in their official capacities,<br>*Defendants.* | § § § § § § § § § § § § § § § § | In the District Court of<br><br><br><br>Denton County, Texas<br><br><br>_____ Judicial District |

### Declaration of Jacob Przada

My name is Jacob Przada. I am over eighteen years of age, am of sound mind, and am capable of making this declaration. I am Special Counsel in the Special Litigation Division of the Office of the Texas Attorney General.

I have read the above Original Verified Petition and Application for Temporary Injunction and Permanent Injunction. I verify that the facts stated therein are within my personal knowledge and are true and correct.

_____
Jacob Przada

Sworn and subscribed before me on _____, 2024.

JESSICA YVARRA
Notary Public-State of Texas
Notary ID #13127814-2
Commission Exp. SEPT. 13, 2025
Notary without Bond

_____
Notary Public

Plaintiff's Original Verified Petition and Application for Temporary Injunction, and Permanent Injunction    Page 13
*The State of Texas v. City of Denton, et al.*

Copy from re:SearchTX

MR 0021

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jacob Przada on behalf of Jacob Przada
Bar No. 24125371
jacob.przada@oag.texas.gov
Envelope ID: 84002644
Filing Code Description: Plaintiff's Original Petition
Filing Description: Application for Temporary Injunction and Permanent Injunction
Status as of 2/1/2024 9:42 AM CST

Associated Case Party: The State Of Texas

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jessica Yvarra | | jessica.yvarra@oag.texas.gov | 1/31/2024 2:45:34 PM | SENT |
| Jacob Przada | 24125371 | jacob.przada@oag.texas.gov | 1/31/2024 2:45:34 PM | SENT |
| Heather Dyer | 24123044 | heather.dyer@oag.texas.gov | 1/31/2024 2:45:34 PM | SENT |

Copy from re:SearchTX

MR 0022



**City Manager's Office**

215 E. McKinney St., Denton, TX 76201 • (940) 349-8307

TO:        City Council

FROM:   Sara Hensley, City Manager

RE:        **Proposition B Implementation**

DATE:    Nov. 9, 2022

---

In yesterday's election, an ordinance relating to marijuana enforcement, Proposition B, was approved by voters. This ordinance will become effective after the election is canvassed by the City Council, currently scheduled to be considered during a Special Meeting on Friday, Nov. 18.

Implementation Considerations for Proposition B
While we continue to be dedicated to serving the community by making marijuana possession a low priority and recognize the statement expressed by voters regarding marijuana enforcement, the passage of Proposition B presents a challenge to the City regarding our ability to implement its provisions. These issues have previously been described in briefings to the City Council but can essentially be reduced to the issue of certain provisions of Proposition B being in direct conflict with state law. Chapter 370.003 of the Texas Local Government Code prohibits the City Council and Police Department from adopting a policy that does not fully enforce state and federal laws relating to drugs, including marijuana. While Proposition B imposes explicit prohibitions on the Denton Police Department's ability to enforce laws related to low-level marijuana possession, **those prohibitions are in direct conflict with, and are superseded by, the Texas Code of Criminal Procedure**, which vests police officers with the authority and duty to enforce state law, including the ability to use the smell of marijuana as probable cause to conduct a search or seizure, the right to make an arrest, and where appropriate, the right to issue a citation for the possession of marijuana or drug paraphernalia, regardless of the quantity of marijuana. **In short, the City does not have the authority to implement some provisions of Proposition B** without changes to current drug laws by Congress and the Texas Legislature.

In practice, a Denton Police Officer will continue to have the authority to enforce state laws relating to marijuana. Neither the City, the City Manager, nor the Chief of Police has the authority to direct officers to do otherwise or to discipline an officer when they are acting in accordance with state law.

Proposition B further prescribes obligations on the part of the City Manager. In Section 21-84(b) of the ordinance, the City Manager is directed, along with the Chief of Police, to "update city policies and internal operating procedures in accordance with this ordinance" including updates to the Denton Police Department General Orders. The Chief of Police cannot adopt a General Order that is in conflict with state law and I, as the City Manager to whom the Chief of Police reports, do not have the authority to direct him to act in violation of state law.

> **EXHIBIT**
>
> **1**
>
> MR 0023

Copy from re:SearchTX

In addition, Proposition B prohibits the City from using City funds or personnel to request, conduct, or obtain THC testing of any cannabis-related substance. While Council has budgetary authority, this provision of Proposition B is in direct conflict with the City Charter, which expressly excludes the appropriation of money from an initiative ordinance, though the Council may choose to amend the budget at its discretion. The passage of Proposition B will also not impact the city's existing employee drug testing policies.

Public Statement Regarding Proposition B
Given the above challenges in implementation, the recognition that other law enforcement agencies are not subject to Proposition B, and the legal distinctions between marijuana and other THC derivatives, the City has drafted and released the **attached** public statement.

I am and City staff are concerned with the potential for incorrect information regarding the applicability and enforceability of Proposition B to quickly spread in the community, which could lead to a confrontation between the police and a member of the community should an officer act in accordance with State law, while the community member mistakenly believes that action violates Proposition B. Therefore, staff have shared this statement with the media and community stakeholders in order to mitigate the negative effects stemming from incorrect information.

Ongoing Approach to Marijuana Enforcement
Prior to the passing of Proposition B, the City of Denton Police Department already significantly revised its marijuana enforcement policy and practices which are enumerated in its General Orders. Between June 2021 and July 2022, of the 65 arrests that the Denton Police Department made for marijuana possession under 4 ounces, 15 of these charges accompanied other controlled substances unrelated to marijuana, and weapons were involved in 31 of these cases.

Going forward, Chief Shoemaker has affirmed that enforcement of marijuana possession will continue to be a low priority for the Denton Police Department. However, public safety requires the Police Department's ability to use the smell and possession of marijuana, regardless of the amount, as well as the possession of drug paraphernalia, as probable cause to conduct further investigation, which as noted above, may lead to more serious crimes being charged, including the possession of a firearm and crimes of violence against members of our community.

Next Steps
In accordance with Section 21-86 of the ordinance, I will report to Council within three months' time regarding its implementation.


Attachment

CC:    Mack Reinwand, City Attorney
       Frank Dixon, Assistant City Manager
       Doug Shoemaker, Chief of Police
       City Manager's Office

2

Copy from re:SearchTX

MR 0024

# Information on the Passing of Proposition B, Relating to Marijuana Possession

**DENTON, TX, Nov. 9, 2022** – Following the passage of Proposition B, which outlines actions to be taken regarding marijuana possession in the City of Denton, there is important information to share to help understand what this means for the Denton community. This ordinance, which was approved by voters, will become effective after the election is canvassed by the City Council, currently scheduled to be considered during a Special Meeting on Friday, Nov. 18.

## Current Practices

Prior to the passage of Proposition B, the City of Denton Police Department already significantly revised its marijuana enforcement policy and practices which are enumerated in its general orders. Between June 2021 and July 2022, of the 65 arrests that the Denton Police Department made for marijuana possession under 4 ounces, 15 of these charges accompanied other controlled substances unrelated to marijuana, and weapons were involved in 31.

The existing policy leaves officers with the discretion to continue an investigation after the discovery of marijuana if other crimes are suspected, such as driving while impaired, unlawful carrying of a weapon, or possession of a controlled substance in a drug-free zone (such as a school, park, or daycare).

"As a forward-thinking agency, marijuana possession alone has not been a priority for the Denton Police Department for several years," said Police Chief Doug Shoemaker. "This will continue to be the case. With that said, officers must maintain discretion to be able to keep our community safe from harm. When marijuana possession pairs with other crimes that affect public safety, including offenses such as driving while intoxicated or firearms violations, such acts cannot and will not be ignored."

## Implementation

With the voter approval of Proposition B, City staff has been working to determine which portions of the ordinance will be incorporated into the Police Department's General Orders, also known as department policies. This review is necessary since Chapter 370.003 of the Texas Local Government Code prohibits the City Council and Police Department from adopting a policy that does not fully enforce state and federal laws relating to drugs, including marijuana, as well as the Texas Code of Criminal Procedure which vests police officers with the authority and duty to enforce state law, including the possession of marijuana. Because portions of Proposition B conflict with and may be superseded by existing state and federal laws, some provisions of Proposition B may not be implemented without changes to those laws by the United States Congress and Texas Legislature.

MR 0025

Copy from re:SearchTX

It is also important to note, especially for students and visitors, that City policies and the Denton Police Department's General Orders do not apply to the other law enforcement agencies that have jurisdiction to enforce state law within the City of Denton. These agencies include, but are not limited to, the University of North Texas Police Department, Texas Woman's University Department of Public Safety, the Denton County Sheriff's Office, and the Texas Department of Public Safety, which all have their own policies and practices when it comes to marijuana investigations and arrests and are not subject to Proposition B.

Another important distinction is that the possession of marijuana and the possession of THC products are entirely different offenses. Per Texas state law, possessing any amount of THC, which is often the substance in edibles or vape cartridges, is a felony offense and this is not covered by Proposition B. As a result, possessing a single vape cartridge or a single edible would be classified as a felony. Also, when THC is added to any other substance, such as brownies or cookies, state law takes the total weight of the combined substances into consideration rather than the pure weight of the added THC. Meaning, per state law, if you bake a small amount of THC into a pound of brownies, you could be charged with possessing a pound of THC, a first-degree felony.

The Denton Police Department is dedicated to serving the community in a fair and safe manner. The department understands that, with the voter approval of Proposition B, voters wish to reduce punishments for low-level marijuana possession. The department is committed to continuing the innovative policies that are in place, which have resulted in a significant reduction in arrests since implemented in 2019 and updated in 2022, but must do so within the parameters of state and federal law. The Police Department will continue to assess all aspects of this ordinance, as passed by voters, to determine what may be implemented in accordance with both the current law as well as the voices of the population we serve.

###

Visit www.cityofdenton.com for more news and to stay updated.

2

Copy from re:SearchTX

MR 0026

ARTICLE V. - MARIJUANA ENFORCEMENT

Sec. 21-80. - Ending citations and arrests for misdemeanor possession of marijuana.

   (a)  Denton Police Officers shall not issue citations or make arrests for class A or class B misdemeanor possession of marijuana offenses, except in the limited circumstances described in subsection (b).

   (b)  The only circumstances in which Denton Police Officers are permitted to issue citations or make arrests for class A or class B misdemeanor possession of marijuana are when such citations or arrests are part of (1) the investigation of a felony level narcotics case that has been designated as a high priority investigation by a Denton Police Commander, assistant chief of police, or chief of police; and/or (2) the investigation of a violent felony.

   (c)  In every instance other than those described in subsection (b), if a Denton Police Officer has probable cause to believe that a substance is marijuana, an officer may seize the marijuana. If the officer seizes the marijuana, they must write a detailed report and release the individual if possession of marijuana is the sole charge.

   (d)  Denton Police Officers shall not issue any charge for possession of marijuana unless it meets at least one of the factors described in subsection (b).

   ( Ord. No. 22-1198 , § 2, 7-26-22, ratified 11-8-22)

Sec. 21-81. - Citations for possession of drug residue or drug paraphernalia shall not be issued in lieu of a possession of marijuana charge.

   (a)  A class C misdemeanor citation for possession of drug residue or drug paraphernalia shall not be issued in lieu of a possession of marijuana charge.

   ( Ord. No. 22-1198 , § 2, 7-26-22, ratified 11-8-22)

Sec. 21-82. - Prohibition against using city funds or personnel to conduct THC concentration testing.

   (a)  No city funds or personnel shall be used to request, conduct, or obtain tetrahydrocannabinol (THC) testing of any cannabis-related substance to determine whether the substance meets the legal definition of marijuana under state law, except in the limited circumstances of a police investigation pursuant to subsection 21-80(b).

   (b)  This prohibition shall not limit the ability of Denton Police to conduct toxicology testing to ensure public safety, nor shall it limit THC testing for the purpose of any violent felony charge.

   ( Ord. No. 22-1198 , § 2, 7-26-22, ratified 11-8-22)

EXHIBIT

2

Sec. 21-83. - Prohibition against city police using the odor of marijuana or hemp as probable cause for search or seizure.

    (a)   Denton Police shall not consider the odor of marijuana or hemp to constitute probable cause for any search or seizure, except in the limited circumstances of a police investigation pursuant to subsection 21-80(b).

( Ord. No. 22-1198 , § 2, 7-26-22, ratified 11-8-22)

Sec. 21-84. - Training and policy updates; community involvement.

    (a)   The city manager and chief of police shall ensure that Denton Police Officers receive adequate training concerning each of the provisions of this article.

    (b)   The city manager shall work with the Denton Police Chief and other relevant stakeholders identified in subsection (c) to update city policies and internal operating procedures in accordance with this article. Actions that may be necessary include, but are not limited to: updating the Denton Police Department General Manual; updating the training bulletin; training officers; and updating internal databases and systems.

    (c)   The city manager shall arrange regular meetings to discuss the development of policies, procedures, and practices related to this article, which shall include community stakeholders including: the police chief's advisory panel; other interested stakeholders and community organizations; individuals directly impacted by arrests within the city; immigrant communities; and communities of color. These meetings shall be open to public participation, have minutes and agendas publicly accessible, and have audio and video recordings uploaded to the city's website.

( Ord. No. 22-1198 , § 2, 7-26-22, ratified 11-8-22)

Sec. 21-85. - Discipline.

    (a)   Any violation of this chapter may subject a Denton Police Officer to discipline as provided by the Texas Local Government Code or as provided in city policy.

( Ord. No. 22-1198 , § 2, 7-26-22, ratified 11-8-22)

Sec. 21-86. - Reporting.

    (a)   Within three (3) months of the adoption of this article, and once per year thereafter, the city manager or their designee shall present to the city council, at a public meeting subject to the Texas Open Meetings Act, a report concerning the city's implementation of this article.

( Ord. No. 22-1198 , § 2, 7-26-22, ratified 11-8-22)

Copy from re:SearchTX

FILED: 5/20/2024 3:18 PM
David Trantham
Denton County District Clerk
By: Jade Kenemore, Deputy

CAUSE NO. 24-1005-481

| | | |
|---|---|---|
| THE STATE OF TEXAS,<br>　　*Plaintiff*, | § § § | |
| v. | § § | |
| CITY OF DENTON; GERARD HUDSPETH, Mayor of Denton; BRIAN BECK, Mayor Pro Tem of Denton, VICKI BYRD, PAUL MELTZER, JOE HOLLAND, BRANDON CHASE McGEE, and CHRIS WATTS, Members of the City Council of Denton; SARA HENSLEY, City Manager of Denton; and DOUG SHOEMAKER, Chief of Police of Denton, in their official capacities,<br>　　*Defendants.* | § § § § § § § § § § § § § § § § | IN THE DISTRICT COURT<br><br>DENTON COUNTY, TEXAS<br><br>481st JUDICIAL DISTRICT |

## <u>CITY OF DENTON'S PLEA TO THE JURISDICTION</u>

The City of Denton (the "City") and Gerard Hudspeth, Mayor of Denton, Brian Beck, Mayor Pro Tem of Denton, Vicki Byrd, Paul Meltzer, Joe Holland, Brandon Chase McGee and Chris Watts, Members of the City Council of Denton, Sara Hensley, City Manager of Denton, and Doug Shoemaker, Chief of Police of Denton[1] (the "Officials" and together with the City, the "Defendants"), respectfully ask the Court to dismiss Plaintiff the State of Texas's (the "State" or "Plaintiff") claims against them with prejudice for lack of subject-matter jurisdiction:

---

[1] Doug Shoemaker is no longer the Chief of Police of Denton, and therefore is not a proper defendant in any *ultra-vires* suit against him in that capacity, as only prospective relief can be granted in such a suit. *City of El Paso v. Heinrich*, 284 S.W.3d 366, 376 (Tex. 2009). Further, neither he, his successor, nor Sara Hensley as City Manager, could be a proper defendant because neither a municipal police chief nor a city manager are named in Texas Local Government Code Section 370.003 as persons prohibited from adopting a policy.

MR 0029

## INTRODUCTION

The City of Denton and its Officials are immune from suit. The State invokes the limited "*ultra-vires*" exception to immunity, suing the City of Denton and several of its Officials for purportedly committing an *ultra-vires* act. But <u>neither the City nor any of its officials committed the illegal act alleged</u>: adopting a policy that would not fully enforce the State's drug laws. With no *ultra-vires* act alleged against any Defendant, there is no valid *ultra-vires* claim.

The State's suit is based on a citizens' ballot initiative—"Proposition B"—relating to the enforcement of marijuana laws. By that initiative process, the City's citizens presented a petition with the requisite number of signatures, requiring the City to place Proposition B on the ballot. The City Council performed its ministerial duty and placed the measure on the ballot—an act that was not *ultra vires* and is not alleged to be. A majority of votes cast supported Proposition B, and by operation of the City Charter, Proposition B was self-enacted. *The City Council did not pass Proposition B*—the people did directly by their votes.

Although Proposition B is on the books in the City's official Code of Ordinances (the "Ordinance"), neither the City Council nor any Official has adopted a policy—in connection with the Ordinance or otherwise—that would not fully enforce the State's drug laws. As acknowledged by the State, the City's Officials have *declined* to adopt any policy pursuant to the Ordinance. In other words, the Officials have done what the State says the law requires them to do.

The State's suit thus presents no live case or controversy. Neither the City nor any of its Officials have enforced the Ordinance, and they have no intention of doing

MR 0030

so.  Texas law is clear that passage of an ordinance—even one that is facially void—works no injury; there *must* be an act taken in furtherance of that ordinance to give rise to a claim.

Finally, the sole statute upon which the State relies, Local Government Code Section 370.003, does not preempt an ordinance that will not fully enforce the State's drug laws.  The statute only prohibits the City's governing body and certain officials from adopting a policy not to fully enforce drug laws.  Thus, the State's request for a declaratory judgment that the Ordinance is void has no legal basis.

Without a valid allegation of an illegal and *ultra-vires* act by any defendant, the immunity of the City and its Officials stands.  And without any action being taken to enforce/operate under the Ordinance, there is no ripe case or controversy.  Both defects mean that this suit must be dismissed for lack of jurisdiction.  And, because the Ordinance is not void or preempted by any state law, the State's limited claim for declaratory judgment seeking to declare the Ordinance void must fail as well.

## STANDARD OF REVIEW AND SUMMARY OF THE BASES FOR THIS JURISDICTIONAL CHALLENGE

This Court lacks jurisdiction to hear the claims asserted by Plaintiff against Defendants in this action.  Lacking such jurisdiction, all of the State's claims should be dismissed with prejudice.[2]

---

[2]  This Plea to the Jurisdiction supplements and is in addition to the Pleas to the Jurisdiction originally filed by the City and the Official Defendants on March 22, 2024, and briefs in full all bases for all Defendants' Pleas.

3

## A.    Standard of Review.

A plea to the jurisdiction is a dilatory plea that seeks dismissal of a case for lack of subject matter jurisdiction. *Harris Cnty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004).  Subject-matter jurisdiction is essential to the power of a tribunal to decide a case, and without subject-matter jurisdiction a court cannot render a valid judgment. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d, 440, 443 (Tex. 1993). The question of whether a court has subject-matter jurisdiction is a matter of law. *Hoff v. Nueces Cnty.*, 153 S.W.3d 45, 48 (Tex. 2004).

Governmental entities are generally immune from suit.  *See Lubbock Cnty. Water Control & Improv. Dist. v. Church & Akin, L.L.C.*, 442 S.W.3d 297, 300 (Tex. 2014). "Governmental immunity from suit defeats a trial court's subject matter jurisdiction and thus is properly asserted in a plea to the jurisdiction." *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 637 (Tex. 1999).

"Because a court must not act without determining that it has subject matter jurisdiction to do so, it should hear evidence as necessary to determine the issue before proceeding with the case." *Bland Indep. School Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). "Where, as here, evidence is presented with a plea to the jurisdiction, the court reviews the relevant evidence and may rule on the plea as a matter of law if the evidence does not raise a fact issue on the jurisdictional question, a standard that generally mirrors the summary-judgment standard." *Harris Cnty. Flood Control Dist. v. Kerr*, 499 S.W.3d 793, 798 (Tex. 2016).

MR 0032

**B. The Defendants are immune to the State's suit.**

Texas political subdivisions and municipalities are immune from lawsuits under the doctrine of governmental immunity. *City of Galveston v. State*, 217 S.W.3d 466, 469 (Tex. 2007). To sue a governmental entity, a party must find consent to sue in a constitutional provision or a legislative enactment. *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 695 (Tex. 2003) ("It is settled in Texas that for the Legislature to waive the State's sovereign immunity, a statute or resolution must contain a clear and unambiguous expression of the Legislature's waiver of immunity."). Courts resolve any statutory ambiguities in favor of retaining immunity. *Id.*

### 1. *The State has not shown that the Officials took any action outside their legal authority.*

Governmental employees sued in their official capacity have the same governmental immunity as their governmental employer with one exception: the action alleged is that the employees acted *ultra vires*. *Franka v. Velasquez*, 332 S.W.3d 367, 382–83 (Tex. 2011). An *ultra-vires* claimant must allege, and ultimately prove, that each official acted without legal authority or failed to perform a purely ministerial act. *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009). The State has not pleaded, and cannot as a matter of law, plead a valid *ultra-vires* claim because it does not allege any act taken by any Defendant outside of their legal authority.

### 2. *The State has not established a valid waiver of or exception to immunity.*

Nor has the State invoked an applicable legislative waiver of the City's immunity. Even though Civil Practice and Remedies Code Section 37.006(b) requires

5

that the City be made a party when the validity of an ordinance is challenged, that claim of invalidity must have some basis in law for that statute to waive the City's immunity.

The self-enacting Ordinance at issue here does not violate Local Government Code Section 370.003 by the statute's plain terms. Thus, there is no legal basis for the State's claim that it is invalid. *See City of Richardson v. Responsible Dog Owners*, 794 S.W.2d 17, 19 (Tex. 1990) ("When there is no conflict between a state law and a city ordinance, the ordinance is not void.").

## C. The State has not established any ripe case or controversy, and seeks only an impermissible advisory opinion.

The State's suit is also non-jurisdictional because it does not present a live case or controversy, but instead seeks an impermissible advisory opinion. "For a court to have subject-matter jurisdiction over a case, the plaintiff's claims must be ripe." *Sw. Elec. Power Co. v. Lynch*, 595 S.W.3d 678, 683 (Tex. 2020).

A case is not ripe—and hence seeks an advisory opinion—"when the determination of whether a plaintiff has a concrete injury can be made only on contingent or hypothetical facts, or upon events that have not yet come to pass." *Robinson v. Parker*, 353 S.W.3d 753, 756 (Tex. 2011) (cleaned up). As demonstrated below, the citizens passed the Ordinance by their initiative and vote, *but neither the City nor any city official have taken any action to enforce it*. Even if the Ordinance is void, "the fact that an ordinance is void alone works no injury; only after acts are impending or steps are already being taken to directly cause harm does the basis for

6

relief exist." *City of Cleveland v. Keep Cleveland Safe*, 500 S.W.3d 438, 450 (Tex. App.—Beaumont 2016, no pet.) (cleaned up).

The State seeks a declaration that amounts to "the Denton City Council or Denton Police Department should not in the future adopt policies pursuant to the Ordinance." But such a declaration would be the kind of advisory opinion that courts are constitutionally prohibited from issuing. *See Price v. St. Paul Mercury Ins. Co.*, 397 S.W.2d 281, 284 (Tex. App.—El Paso 1965, no writ). In the absence of an actual injury and a basis for relief, the Court has no jurisdiction to issue what would be an advisory opinion. *Id.* ("While [the Uniform Declaratory Judgments] Act does authorize Texas courts to render declaratory judgments, it does not authorize such courts to render advisory opinions.").

## FACTUAL BACKGROUND

**A.    Denton's citizens amend the City's Code of Ordinances via ballot initiative.**

As provided by the Denton City Charter, the City's voters presented a petition for a proposed ordinance on June 7, 2022. (Certified Records of the City of Denton, attached hereto as Ex. A, Minutes of June 7, 2022 City Council Meeting, pp. 2–20; *see also,* Excerpt of Denton City Charter, Denton, Tex., Code of Ordinances pt. 1, art. IV (1959), attached for reference hereto as Ex. B.) At its July 19, 2022 meeting, the City Council performed its ministerial duty by verifying that the petition met all of the Charter's requirements and placing Proposition B on the November 8, 2022 ballot. (Ex. A, Minutes of July 19, 2022 City Council Meeting, pp. 21–31.)

7

The voters approved Proposition B, and again the City Council performed its ministerial duty by canvassing and confirming the vote totals on November 22, 2022. (Ex. A, Minutes of November 22, 2022 City Council Meeting, pp. 34–126.) Upon confirmation of the fact that the voters had passed Proposition B, Proposition B automatically became an ordinance by operation of the terms of the Charter. (Ex. B, Excerpt of Denton City Charter, Denton, Tex., Code of Ordinances pt. 1, art. IV, § 4.10 (1959).)

Proposition B, now known as City of Denton Code of Ordinances Chapter 21 – Offenses, Article V – Marijuana Enforcement, broadly provides that the City of Denton and Denton police officers will not issue citations or make arrests for Class A or Class B misdemeanor possession of marijuana offenses except in certain limited circumstance and other mechanisms aimed at limiting marijuana arrests and prosecutions in the City of Denton. Denton, Tex., Code of Ordinances ch. 21, art. V, §§ 21-80–21-86 (2022).

**B.  City Officials do not adopt or change any City policy relating to the enforcement of the State's drug laws.**

The City Council never adopted the Ordinance; on the one occasion that the terms of the Ordinance were before the City Council for adoption, the measure *failed*. (Ex. A, Minutes of November 22, 2022 City Council Meeting at 119.)

Shortly after the voters passed the Ordinance, City Manager Sara Hensley stated in a memorandum to the City Council that "Denton City Police Officer[s] will continue to have authority to enforce state laws relating to marijuana." (Ex. 1 to Pl.'s Orig. Pet., attached hereto as Ex. C at 1.) She further acknowledged that "**the City**

8

**does not have the authority to implement some provisions of Proposition B** without changes to current drug laws by Congress and the Texas Legislature." (Ex. C at 1 (emphasis in original).)

The City then issued a public statement that acknowledged that "Chapter 370.003 of the Texas Local Government Code prohibits the City Council and Police Department from adopting a policy that does not fully enforce state and federal laws relating to drugs, including marijuana" and further stated that "[b]ecause portions of Proposition B conflict with and may be superseded by existing state and federal laws, some provisions of Proposition B may not be implemented." *Information on the Passage of Proposition B, Relating to Marijuana Possession*, CITY OF DENTON (Nov. 9, 2022) https://www.cityofdenton.com/CivicAlerts.aspx?AID=275&ARC=707 (last visited May 17, 2024). That is, the City stated that it would deliberate and consider what portions, if any, of the Ordinance could be implemented in light of Local Government Code Section 370.003.

As a result of that deliberation and consideration, and concluding that adopting such a policy may be barred by law (specifically, that such policy would violate Local Government Code Section 370.003), *neither the City nor the Denton Police Department have adopted any policies not to fully enforce the marijuana laws of the State of Texas* in furtherance of or in connection with the Ordinance. (Ex. D, Declaration of City Manager Sara Hensley and Ex. E, Declaration of Interim Chief of Police Jessica Robledo.)

9

Applying the summary-judgment standard set forth in Texas Rule of Civil Procedure 166a(c) to this jurisdictional plea, the Court should dismiss the State's claims for lack of jurisdiction because there is no genuine issue of material fact, and Defendants are entitled to judgment as a matter of law.

**A.      Local Government Code Section 370.003 cannot be the basis for an *ultra-vires* claim under the facts of this case.**

The State relies exclusively on Section 370.003 as the basis for its declaratory-judgment claim, the foundational claim on which all of its requested relief rests.  (Pl.'s Orig. Pet. at ¶¶ 25–40.)  The State argues that the individual Official defendants have acted *ultra-vires* with respect to the Ordinance.  (*Id.*)  But the State identifies no act by the Officials that actually violates Section 370.003, and accordingly the State's suit does not fall within the *ultra-vires* exception to the Officials' immunity.

**1.      *The State must plead and prove that the Officials acted without legal authority to invoke the <u>ultra-vires</u> exception to immunity.***

To fall within the *ultra-vires* exception to the City's governmental immunity, the State's suit "must allege, and ultimately prove, that the officer acted without legal authority or failed to perform a purely ministerial act." *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009).  An *ultra-vires* suit can only be brought against the specific "official who allegedly acted without authority." *Roach v. Ingram*, 557 S.W.3d 203, 225 (Tex. App.—Houston [14th Dist.] 2018, pet. denied) (dismissing *ultra-vires* claim where plaintiff "failed to allege any statutory duty that [the named defendant] violated or any specific unconstitutional act by [the official] in his official capacity that, if taken as true, would entitle them to the relief they seek.").

10

The *ultra-vires* exception is a "narrow" one. *Houston Belt & Terminal Ry. Co. v. City of Houston*, 487 S.W.3d 154, 164 (Tex. 2016). Where the facts demonstrate that the governmental actor has not acted outside his authority, the *ultra-vires* exception does not apply and the officer remains immune to suit. *See Hall v. McRaven*, 508 S.W.3d 232, 243 (Tex. 2017) ("[S]overeign immunity comes with a price; it often allows the 'improvident actions' of the government to go unredressed. Only when these improvident actions are unauthorized does an official shed the cloak of the sovereign and act *ultra vires*." (internal citations omitted)).

### 2. The State's suit does not allege—and cannot prove—any action taken by the Officials outside their legal authority.

The State invokes a version of Section 370.003 that does not exist. (Pl.'s Orig. Pet. at ¶ 44 (citing Section 370.003 for the proposition that "*[t]he City of Denton* has no authority to pass the Ordinance" (emphasis added).) Section 370.003 does *not* say that "a *municipality* may not enact an ordinance that provides that the municipality will not fully enforce laws relating to drugs," nor does it say that the authority of a municipality to take such action "is expressly preempted."[3]

---

[3] A statute written that way likely *would* render the Ordinance facially invalid, as the Ordinance then would be "inconsistent with . . . the general laws enacted by the Legislature of this State." That is because such language would satisfy the requirement that the Legislature act with unmistakable clarity if it wants to preempt a home-rule city's constitutional power of self-government. *Dallas Merch.'s & Concessionaire's Ass'n v. City of Dallas*, 852 S.W.2d 489, 491 (Tex. 1993).

An example of a statute that does just that is the law the Legislature passed in response to attempted municipal fracking bans in 2015 (Acts 2015, 84th Leg., ch. 30 (H.B. 40), § 2, codified at Tex. Nat. Res. Code § 81.0523). That statute, in sharp contrast to Local Government Code Section 370.003, provides that "*a municipality or other political subdivision* may not enact or enforce an ordinance or other measure, or an amendment or revision of an ordinance or other measure, that bans, limits, or otherwise regulates an oil and gas operation within the boundaries or extraterritorial jurisdiction of the municipality or political subdivision," and "The authority of

11

Instead, Section 370.003 speaks only to the *acts* of a city's governing body, police department, and certain specifically identified officials in *adopting* such an ordinance/policy.[4] That is, the existence of an ordinance that calls for policies that would not "fully enforce laws relating to drugs" is not prohibited by Section 370.003, as the State contends; instead, *it only prohibits certain bodies or people "adopt[ing] a policy under which the entity will not fully enforce laws relating to drugs."* Tex. Loc. Gov't Code § 370.003 (emphasis added).

---

a municipality or other political subdivision to regulate an oil and gas operation is expressly preempted . . . ." Tex. Nat. Res. Code § 81.0523 (emphasis added).

That is what a statute preempting a municipal action looks like—it bars the enactment of the ordinance by the *entity*, not by a particular body or person. That is not what Local Government Code Section 370.003 looks like or provides.

[4] Importantly, two of the officials who are named as defendants in this suit, the Denton City Manager (Sara Hensley) and the (now former) Chief of Police, Doug Shoemaker, are *not* officials who are prohibited by Local Government Code Section 370.003 from taking the prohibited action of adopting a policy not to fully enforce drug laws. Tex. Loc. Gov't Code § 370.003 (specifically listing, for example, "a sheriff," a "municipal attorney, county attorney, district attorney, or criminal district attorney" as people prohibited from adopting such a policy, but *not* "a city manager" or "a chief of police"). Thus, because those two officials are not prohibited from taking such action (nevermind the additional fact that they have not taken any such action), they cannot be alleged to have acted *ultra-vires* in violation of Section 370.003, and thus all claims against each of them must be dismissed on that basis as well.

12

But, as shown by the undisputed facts above, that act—the act of the City Council or Denton's police department adopting such a policy—has not happened. There was no act beyond the votes of the citizens required for the Ordinance to take effect:

> **Sec. 4.10. - Results of election, publication.**
>
> (a) **If a majority of the electors voting on a proposed initiative ordinance shall vote in favor thereof, it shall thereupon be an ordinance of the city.** A referred ordinance which is not approved by a majority of the electors voting thereon shall thereupon be deemed repealed.
>
> (b) **Initiative ordinances adopted** and referendum ordinances approved by the electors **shall be published,** and may be amended or repealed by the council in the same manner as other ordinances.

(Ex. B, Excerpt of Denton City Charter, Denton, Tex., Code of Ordinances pt. 1, art. IV, § 4.10 (1959) (emphasis added).)

Because Section 370.003 prohibits only the act of the "governing body" of the City (i.e., its City Council) or the City's "police department" "adopting a policy" not to fully enforce a drug law, no law has been violated. Thus, no claim—including an *ultra-vires* claim—predicated on a violation of the law can proceed.

The undisputed material facts demonstrate that the Officials have not committed any *ultra-vires* act. With no *ultra-vires* act, the *ultra-vires* exception to the Officials' immunity cannot be invoked. The Officials therefore remain immune from the State's suit, and the Court lacks jurisdiction over the State's claims against them.

13

**B.** **The State's suit seeks an advisory opinion that would violate the separation-of-powers doctrine.**

In addition to the fact that there has been no *ultra-vires* act, the absence of any act by Defendants renders any opinion the Court could render in this case advisory. The State asserts "a cause of action against Defendants for *ultra vires* acts." (Pl.'s Orig. Pet. at ¶ 43.) A plaintiff in an *ultra-vires* suit "must allege, and ultimately prove, that the officer acted without legal authority or failed to perform a purely ministerial act." *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009), *cited in* Pl.'s Orig. Pet. at ¶ 38.

The verb tense used by the Supreme Court in *Heinrich* matters. A plaintiff in an *ultra-vires* suit must allege that the governmental official "***acted***" outside his legal authority. *Heinrich*, 284 S.W.3d at 372 (emphasis added). An allegation that the governmental official "will act" or "may act" does not state a jurisdictional claim, but instead seeks a non-jurisdictional advisory opinion as to what the official may (or may not) do in the future. *See Lazarides v. Farris*, 367 S.W.3d 788, 803 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (applying ripeness analysis in an *ultra-vires* case).[5] Such an advisory opinion is not within the authority of the judiciary to offer.

---

[5] To the extent that the State seeks a declaration that the Ordinance is void because it "is inconsistent with . . . the general laws enacted by the Legislature," that claim likewise seeks an advisory opinion. That is because while some future act by the Officials *might* violate Section 370.003, 1) no such act by those bodies has occurred or is imminent, and 2) Section 370.003 does not prohibit the enactment of such an ordinance by a body or person *not* specifically named in that statute (such as the City's voters, who adopted and enacted the Ordinance by their votes).

The State seeks a declaration that amounts to "if you, Denton City Council or Denton Police Department, ever think about adopting policies pursuant to the Ordinance . . . don't do it." But such a declaration would be exactly the kind of advisory opinion that courts in this state are

14

### 1. A request for an advisory opinion violates the separation of powers doctrine.

The rule against advisory opinions is rooted in the separation-of-powers doctrine. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 444 (Tex. 1993). Separation of powers may be violated "when one branch of government assumes, or is delegated, to whatever degree, a power that is more 'properly attached' to another branch." *Tex. Comm'n on Env't Quality v. Abbott*, 311 S.W.3d 663, 672 (Tex. App.—Austin 2010, pet. denied). "And the issuance of advisory opinions is a function of the executive branch, not the judicial." *Garcia v. City of Willis*, 593 S.W.3d 201, 206 (Tex. 2019); *accord* Tex. Const. art. IV, § 22 (conferring exclusive authority to issue advisory opinions on the attorney general).

A case is not ripe—and hence seeks an advisory opinion—"when the determination of whether a plaintiff has a concrete injury can be made only on contingent or hypothetical facts, or upon events that have not yet come to pass." *Robinson v. Parker*, 353 S.W.3d 753, 756 (Tex. 2011). When presented with a suit that is based on contingent or hypothetical facts, the trial court is obligated to dismiss the suit for lack of subject-matter jurisdiction. *See Patterson v. Planned Parenthood*, 971 S.W.2d 439, 443 (Tex. 1998) ("At the time a lawsuit is filed, ripeness asks whether the facts have developed sufficiently so that an injury has occurred or is likely to occur, rather than being contingent or remote.").

---

constitutionally prohibited from issuing. Thus, the State's claim for declaratory relief must be dismissed for lack of jurisdiction.

MR 0043

**2.** ***No case or controversy exists in the absence of an act to enforce the Ordinance, and the State thus has no standing to assert claims arising from the Ordinance.***

The Ordinance was self-enacting by function of the Denton City Charter and the petition and vote of the people. But it has not been enforced, and no Defendant intends to enforce it.

Under that set of facts, no valid claim for relief can be stated: "The proper practice is to wait until the ordinance is passed *and* the city attempts to operate under it before seeking relief against [the city]." *City of Universal City v. City of Selma*, 514 S.W.2d 64, 73 (Tex. App.—Waco 1974, writ ref'd n.r.e.) (cleaned up) (emphasis added). Even if the Ordinance is void (which it is not), "[t]he fact that an ordinance is void alone works no injury. Only after acts are impending or steps are already being taken to directly cause harm does the basis for relief exist, and only then may the authority of a court be invoked to restrain the injury." *City of Cleveland v. Keep Cleveland Safe*, 500 S.W.3d 438,450 (Tex. App.—Beaumont 2016, no pet.) (cleaned up). In the absence of injury, which can only be caused by actual or imminent acts to enforce or operate under an ordinance, the State has no standing. *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 154 (Tex. 2012) ("In Texas, the standing doctrine requires a concrete injury to the plaintiff and a real controversy between the parties that will be resolved by the court.").

**3.** ***The Officials have not yet taken any action contrary to Local Government Code Section 370.003.***

Section 370.003, which is the sole basis for the State's suit, bars "[t]he governing body of a municipality [or] a municipal police department" from "adopt[ing]

16

a policy under which the entity will not fully enforce laws relating to drugs." Tex. Loc. Gov't Code § 370.003, *relied upon by* Pl.'s Orig. Pet. at ¶ 39. The State's suit is not based on any act that the City's governing body or police department has taken.

The voters have taken action. (Pl.'s Orig. Pet. at ¶ 19.) But any action on the part of the City's governing body or its police department in furtherance of that voter action is merely hypothetical—a fact the State's Petition acknowledges. Because there has been no action by the Officials, the State can only seek an injunction mandating the modification of "city policies and internal operating procedures *to the extent that* they have been updated in response to the Ordinance." (Pl.'s Orig. Pet. at ¶ 49(e) (emphasis added).) The Petition's use of such contingent language reflects that no action—a necessary predicate for any violation, injury, and jurisdiction—has occurred.

### 4. The self-enacting Ordinance is not being enforced, and there is consequently no live case or controversy for the Court to adjudicate.

The City and its Officials have followed the law and done everything they are supposed to do, yet they are still being sued. That doesn't make sense, doesn't form the basis for an *ultra-vires* claim, and doesn't raise any actual case or controversy. The entire case should therefore be dismissed.

By its plain language Section 370.003 does not prohibit the citizens of Denton or any other city from exercising their right to enact ordinances via the initiative process. Section 370.003 does not prohibit "the citizens acting under the power of initiative," or

17

some similar designation, from taking action.[6]  In short, Section 370.003 binds the City Council, not the City's voters.

But regardless—when the voters passed the Ordinance, Denton city officials, noting the terms of Section 370.003, *declined to enact any policy in furtherance of or enforcing the ordinance.*  (Ex. D, Declaration of City Manager Sara Hensley and Ex. E, Declaration of Interim Chief of Police Jessica Robledo.)  That sequence <u>is exactly how a City Council and city officials are supposed to handle a citizen initiative that may end up being invalid</u>.  *See Glass v. Smith*, 244 S.W.2d 645, 653 (Tex. 1951) ("When the people exercise their rights and powers under the initiative provisions of a city charter and thereby become the legislative branch of the city government, the members of the City Council, like other city officials and employees, become ministerial officers in the legislative process, burdened with the mandatory obligations of performing the duties imposed upon them incidental to carrying out the initiative procedure.").

Whether any of the Officials believed at any time that the Ordinance might be invalid, they were required to follow the process of placing the measure on the ballot and counting the votes.  *Id.* at 648 (when the citizens are "entitled to have the initiative election called and held, [they] cannot be defeated in that right by the refusal of [city

---

[6]  Local Government Code Section 370.003 prohibits adoption of a non-enforcement policy by certain listed individuals (e.g., a "municipal attorney," or "a sheriff," among others, none of whom are at issue here), and by certain bodies, including the "governing body of a municipality." However, the term "governing body of a municipality" does *not* mean the citizens; it means only the Denton City Council itself (the actual governing body of the City of Denton), which has not adopted any such policy.  Tex. Loc. Gov't Code § 21.002 ("[a] reference in this code or another statute . . . (2) to the governing body of a municipality includes a municipal governing body regardless of the name, including a board of aldermen, city commission, or city council, used by a statute, municipal charter, or municipal ordinance to refer to the governing body.").

18

officials] to perform purely ministerial duties on the ground that in their opinion the ordinance would be invalid if adopted."). That's what the Officials did.

Indeed, every act committed by the City Council in this process was mandatory. Had it refused to do so at any juncture, the citizens likely would have been entitled to bring their own *ultra-vires* suit to compel the City Council to perform its ministerial tasks. *Id.* at 653 (when the people exercise the initiative provisions of a city charter, "the members of the City Council, like other city officials and employees, become ministerial officers in the legislative process, burdened with the mandatory obligations of performing the duties imposed upon them incidental to carrying out the initiative procedure.").

This case presents the bizarre scenario where a city and its officials did everything right—they took every affirmative ministerial action they were required to take, and they declined to take the one act (adopting a policy) that they were prohibited from taking. And they're getting sued for it. That scenario has never supported and can never support an *ultra-vires* claim.

A valid *ultra-vires* claim must establish that the Officials acted in violation of the law. The State's claim here and the evidence presented establish that the City and its Officials have complied with the law. To the letter. The State's claim only seeks a declaration about hypothetical action that could be taken, and hence presents no live case or controversy to adjudicate.

19

**C.    The State's overbroad interpretation of Section 370.003 would violate the separation-of-powers doctrine.**

The State presumably wants Section 370.003 to bar local governmental entities from having any ordinance or policy requiring anything less than full enforcement of the state's drug laws.  Hence, the State seeks an injunction requiring the City to "fully enforce the drug laws in Chapter 481 of the Texas Health and Safety Code."  (Pl.'s Orig. Pet. at Prayer.)  The State's interpretation of Section 370.003 would cause that section to violate the separation-of-powers doctrine, rendering it unconstitutional.  And because the Courts should avoid a statutory interpretation that creates a constitutional infirmity, the State's interpretation should be rejected.

The Texas Constitution prohibits laws that interfere with the separation of powers.  *See* Tex. Const. art. II, § 1; *In re Tex. Dep't of Fam. & Protective Servs.*, 660 S.W.3d 161, 167 (Tex. App.—San Antonio 2022, no pet.); *State v. Stephens*, 663 S.W.3d 45, 49 (Tex. Crim. App. 2021).  The separation-of-powers doctrine provides that "governmental authority vested in one department of government cannot be exercised by another department unless expressly permitted by the constitution." *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 444 (Tex. 1993).

The separation-of-powers doctrine is "foundational for federal and state governments in this country" and is "firmly embedded in our nation's history."  *In re Cnty. of Hidalgo*, 655 S.W.3d 44, 49 (Tex. App.—Corpus Christi–Edinburg 2022, no pet.).  This doctrine "reflects a belief on the part of those who drafted and adopted our state constitution that one of the greatest threats to liberty is the accumulation of

20

excessive power in a single branch of government." *Armadillo Bail Bonds v. State*, 802 S.W.2d 237, 239 (Tex. Crim. App. 1990).

"Legislative power, as distinguished from executive power, is the authority to make laws, but not to enforce them." *Springer v. Gov't of Philippine Islands*, 277 U.S. 189, 202 (1928). The Legislature thus has no role in deciding when and how the laws it passes should be enforced. "The Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case." *United States v. Nixon*, 418 U.S. 683, 693 (1974). Hence, the initiation of criminal prosecutions is within the "special province of the executive branch" and is at the heart of prosecutorial discretion. *Id.*; *Heckler v. Chaney*, 470 U.S. 821, 832 (1985).

Insofar as it would limit the police and prosecutorial discretion held by the executive branch, Section 370.003 constitutes an unconstitutional usurpation of executive power by the Legislature. The Court should not infer such a constitutional infirmity, and should reject the State's statutory interpretation. *Cf., City of Fort Worth v. Rylie*, 602 S.W.3d 459, 468 (Tex. 2020) ("Courts must construe statutes to avoid constitutional infirmities.").

### 1. The investigation and prosecution of crimes is a "quintessential" executive function that is "exclusive" to the executive branch.

Prosecutors have "broad" latitude in making a range of investigatory and prosecutorial determinations, including when, against whom, and whether to prosecute particular criminal acts. *Wayte v. United States*, 470 U.S. 598, 607 (1985). That "exclusive authority and absolute discretion to decide whether to prosecute a case" is vested in "the Executive Branch." *Nixon*, 418 U.S. at 693; *accord Morrison v.*

21

*Olson*, 487 U.S. 654, 706 (1988) (Scalia, J. dissenting) (characterizing the "investigation and prosecution of crimes" as a "quintessentially executive function.").

Part of prosecutorial discretion is the discretion exercised by the law enforcement officer who encounters alleged criminal activity. *See Antu v. Eddy*, 914 S.W.2d 166, 171 (Tex. App.—San Antonio 1995, no writ). The doctrine of "police discretion" is "well established" and "has long coexisted with apparently mandatory arrest statutes." *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 760 (2005). As the United States Supreme Court has observed, it is simply "common sense that all police officers must use some discretion in deciding when and where to enforce city ordinances." *City of Chicago v. Morales*, 527 U.S. 41, 62, n. 32 (1999).

### 2. *Restriction on prosecutorial discretion generally violates the separation of powers doctrine.*

American courts have long characterized prosecutorial discretion as a function of the separation-of-powers doctrine.[7] *See United States v. Cox*, 342 F.2d 167, 171 (5th Cir. 1965). "[I]t is well settled that the question of whether and when prosecution is to be instituted is within the discretion of the Attorney General. Mandamus will not lie to control the exercise of this discretion." *Powell v. Katzenbach*, 359 F.2d 234, 234–35 (D.C. Cir. 1965).

---

[7] While the federal Constitution contains no explicit separation-of-powers provision, the Texas Constitution explicitly prohibits one branch from exercising power inherently belonging to another branch. *Tex. Dep't of Family & Protective Servs. v. Dickensheets*, 274 S.W.3d 150, 156 (Tex. App.—Houston [1st Dist.] 2008, no pet.); *State v. Stephens*, 663 S.W.3d 45, 49–50 (Tex. Crim. App. 2021). This "textual difference between the United States and Texas constitutions suggests that Texas would 'more aggressively enforce separation of powers between its governmental branches than would the federal government.'" *Stephens*, 663 S.W.3d at 50 (*citing State v. Rhine*, 297 S.W.3d 301, 309 (Tex. Crim. App. 2009)).

22

### a. *Judicial deference to prosecutorial decisions is practical.*

As part of the separation of powers, the judicial branch has declined to interfere in police or prosecutorial decision-making. The United States Supreme Court has itself observed that the "decision to prosecute is particularly ill-suited to judicial review." *See Wayte*, 470 U.S. at 607. That decision of whether to prosecute involves a consideration of factors—such as the strength of the evidence, the deterrence value, the prosecutor's available resources, and the office's existing enforcement priorities—that are "not readily susceptible to the kind of analysis the courts are competent to undertake." *Id.* Indeed, "[f]ew subjects are less adapted to judicial review than the exercise by the Executive of his discretion in deciding when and whether to institute criminal proceedings, or what precise charge shall be made, or whether to dismiss a proceeding once brought." *Newman v. United States*, 382 F.2d 479, 480 (D.C. Cir. 1967).

The injunction the State seeks in this case illustrates the impracticality of judicial review of police and prosecutorial decision-making. The State asks the Court to issue an "injunction ordering Defendants to fully enforce the drug laws in Chapter 481 of the Texas Health and Safety Code." (Pl.'s Orig. Pet. at Prayer.) Leaving aside the vagueness of how drug laws would be "fully enforced," the injunction the State proposes asks the Court to undertake a ride-along during every police shift, arbitrate every police encounter, and evaluate every ounce of suspicion a police officer may develop to determine whether the drug laws are being "fully enforced." The injunction the State seeks therefore not only violates the constitutional separation-of-powers doctrine, it would produce an impractical and absurd result.

23

MR 0051

### b. Prevention of the accumulation of power underpins the restriction on legislative infringement on prosecutorial discretion.

Separation of powers bars the legislative branch from passing laws that would infringe on police and prosecutorial discretion. Under Article II of the United States Constitution, the executive branch—and not the legislature—"possesses authority to decide 'how to prioritize and how aggressively to pursue legal actions against defendants who violate the law.'" *United States v. Tex.*, 599 U.S. 670, 678–79 (2023) (*citing TransUnion LLC*, 141 S. Ct. 2190, 2207 (2021)). The executive branch must be granted discretion both because it "lacks the resources to arrest and prosecute every violator of every law" and because it "must constantly react and adjust to the ever-shifting public-safety and public-welfare needs of the American people." *Id.* at 680.

Were the Legislature to have written the statute the State would like to enforce, such a statute would constitute a usurpation by the Legislature of the executive's prosecutorial power. If Section 370.003 required the police and prosecutors to "fully enforce" the drug laws, such a requirement would prevent the executive branch from effectively exercising its constitutionally assigned powers. *See Greeley v. State*, No. 03-98-00007-CR, 2000 Tex. App. LEXIS 3535, at *36 (Tex. App.—Austin May 31, 2000, pet. ref'd) ("The executive branch is charged with enforcing the laws as adopted by the legislature. In enforcing these laws and deciding what crime to charge, the State has prosecutorial discretion.").

24

**3.** *To avoid a constitutional infirmity, courts generally do not interpret statutes to require enforcement in every instance.*

As set forth above, the statute does *not* require the City (or anyone) to "fully enforce" the state's drug laws. It merely restricts the City's governing body and its police department from adopting a policy under which the City will not enforce such laws. *See* Tex. Loc. Gov't Code § 370.003. Because the statute, by its plain language, does not support the overbroad and unconstitutional interpretation the State ascribes to it, the Court need not pass on the constitutionality of the statute.

It is simply enough in this case to observe that the City has not violated the statute by adopting any prohibited policy, and neither the City Council nor its police department intends to do so.

Because of both the practical impossibility of enforcing against every statutory violation and because of the legislative usurpation of executive authority such a mandate would entail, courts do not interpret statutes that purport to require full enforcement to impose an affirmative obligation. Accordingly, the United States Supreme Court has held that a statutory requirement that an agency "shall enforce" a statutory scheme is insufficient to permit review of a nonenforcement decision. *Heckler*, 470 U.S. at 834 (1984); *accord Inmates of Attica Corr. Facility v. Rockefeller*, 477 F.2d 375, 381 (2d Cir. 1973) (holding that the provision that the U.S. Attorney is "authorized and required to institute prosecutions against all persons violating" certain provisions of the Civil Rights Act does not "strip" federal prosecutors of their "normal prosecutorial discretion.").

25

MR 0053

Illustrating this point, a Florida federal court recently interpreted provisions of the Endangered Species Act ("ESA"), commanding that "the provisions of this Act and any regulations or permits issued pursuant thereto *shall* be enforced by the Secretary." *Atl. Green Sea Turtle v. Cnty. Council of Volusia Cnty. Fla.*, No. 6:04-cv-1576-Orl-31KRS, 2005 U.S. Dist. LEXIS 38841, at 43 (M.D. Fla. May 3, 2005), *vacated as moot*, No. 05-13683-HH (11th Cir. Jan. 18, 2006) (interpreting 16 U.S.C. § 1540(e)). Rejecting a conservation group's petition for mandamus against the U.S. Fish and Wildlife Service to compel an enforcement action, the court concluded that the ESA "plainly does not mandate an impossibility—i.e., the Service to pursue to the fullest each and every possible violation of the ESA or permits thereunder." *Id.* at *49.

Section 370.003—even if it were a different version that the State seems to be basing its claims on here—likewise does not mandate an impossibility. And, in fact, the Code Construction Act provides that in interpreting the statute, the Court should "presume that a result feasible of execution is intended." Tex. Gov't Code § 311.021(4) (cleaned up).

The contrary interpretation proposed by the State, by which the City would be mandated to perform "an impossibility" of "pursu[ing] to the fullest each and every possible violation of the" state's drug laws, *cf., Atl. Green Sea Turtle*, 2005 U.S. Dist. LEXIS 38841, at *49, is contrary to the plain language of the statute, the Code Construction Act, the Constitution's Separation of Powers Clause, and the limitations of police manpower, budgeting, and energy. That interpretation should be rejected.

26

MR 0054

**D.    Even if the Ordinance were preempted, Section 370.003 does not waive the City's immunity to the relief the State seeks.**

The *ultra-vires* exception to governmental immunity is limited not only as to scope but also as to available relief.  A successful claimant in an *ultra-vires* case "is entitled only to prospective injunctive relief." *City of El Paso v. Heinrich*, 284 S.W.3d 366, 376 (Tex. 2009).

In this suit, the State alleges that the City and the named officials acted without legal authority when they adopted the Ordinance and "any corresponding police department directives" (even though no Defendant adopted the Ordinance or issued any police department directives).  (Pl.'s Orig. Pet. at ¶ 39.)  Even if Section 370.003 were given the broad meaning the State ascribes to it, the *ultra-vires* exception only allows suits requiring officials "to *comply* with statutory or constitutional provisions." *Heinrich*, 284 S.W.3d at 372 (emphasis added).

Thus, even if the City Council and police department had adopted such a policy, the only relief available to the State in an *ultra-vires* suit brought to enforce Section 370.003 would be an injunction barring the Officials from following those policies.  The fact that there is no such policy in this case is but the first problem with the injunction the State seeks.

The State's requested declaratory and injunctive relief go far beyond that one act of compliance that the State could seek (if there had actually been any act of noncompliance).  (Pl.'s Orig. Pet. at ¶¶ 41 & 48.)  For example, the State requests a declaratory judgment that "the Ordinance" is void.  (Pl.'s Orig. Pet. at ¶ 41.)  But Section 370.003 does not state or provide that any ordinance to the effect of not fully

27

enforcing the state's drug laws is illegal or void; as noted above and by its plain text, the statute simply prohibits certain bodies and persons from adopting such a policy.

The State further seeks an injunction *requiring* Defendants to repeal the Ordinance (that they did not pass) and to "fully enforce the drug laws in Chapter 481" of the Texas Health and Safety Code. (Pl.'s Orig. Pet. at ¶ 48.) But Section 370.003 does not require any official to "fully enforce" Chapter 481 of the Health and Safety Code. Because the requested relief of a declaration that the Ordinance is void and a request for an injunction requiring Defendants 1) to repeal an ordinance that they did not pass and 2) to fully enforce drug laws would reach beyond any conduct prohibited by Section 370.003 (meaning that no *ultra-vires* act in violation of that statute is implicated), the City and named Officials retain immunity as to that relief the State seeks. The State's claims seeking that relief therefore should be dismissed for lack of jurisdiction.

## CONCLUSION

If Section 370.003 mandated full enforcement of the state's drug laws, it would be an unconstitutional infringement on the separation of powers. Fortunately, it doesn't do that. It only bars governmental officials from promulgating non-enforcement policies.

The Officials have not promulgated any such policy. For reasons that can only be speculated about, the State nonetheless attempts to create a dispute where there is none. Neither the City nor the Officials have taken any action in contravention of Section 370.003, and they do not have any present intention of doing so. The State's

28

MR 0056

suit presents no case or controversy for the Court to adjudicate. Likewise, the City and the Officials retain their immunity from suit.

Accordingly, Defendants City of Denton and Gerard Hudspeth, Mayor of Denton, Brian Beck, Mayor Pro Tem of Denton, Vicki Byrd, Paul Meltzer, Joe Holland, Brandon Chase McGee and Chris Watts, Members of the City Council of Denton and Doug Shoemaker, (former) Chief of Police of Denton all ask the Court to dismiss all claims against them with prejudice for lack of subject-matter jurisdiction. Defendants further ask the Court, pursuant to Section 37.009 of the Civil Practice & Remedies Code to award them costs and reasonable and necessary attorney fees as are just and equitable and to grant them such other and further relief to which they may be justly entitled.

Respectfully submitted,

DEVIN Q. ALEXANDER
Denton City Attorney's Office
215 East McKinney
Denton, Texas 76201
(940) 349-8333
(940) 382-7923 Facsimile
For email contact and service regarding this case, please include email addresses for all listed attorneys in the To: field, and include amy.hoffee@cityofdenton.com in the cc: field, until requested otherwise.

Mack Reinwand
City Attorney
State Bar No. 24056195
mack.reinwand@cityofdenton.com

Devin Alexander
Deputy City Attorney
State Bar No. 24104554
devin.alexander@cityofdenton.com

29

**LLOYD GOSSELINK**
  **ROCHELLE & TOWNSEND, P.C.**
816 Congress Avenue, Suite 1900
Austin, Texas 78701
Telephone:   (512) 322-5800
Facsimile:    (512) 472-0532


By:      */s/ Jose E. de la Fuente*
         JOSE E. de la FUENTE
         (Attorney-in-Charge)
         State Bar No. 00793605
         jdelafuente@lglawfirm.com
         JAMES F. PARKER
         State Bar No. 24027591
         jparker@lglawfirm.com
         GABRIELLE C. SMITH
         State Bar No. 24093172
         gsmith@lglawfirm.com
         SYDNEY P. SADLER
         State Bar No. 24117905
         ssadler@lglawfirm.com

**ATTORNEYS FOR DEFENDANTS**

30

MR 0058

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to the following attorneys via the Court's electronic filing case management system and electronic mail on this 20th day of May, 2024:

Ken Paxton
Attorney General

Brent Webster
First Assistant Attorney General

Grant Dorfman
Deputy First Assistant Attorney
General

Ralph Molina
Deputy Attorney General for Legal
Strategy

Ryan D. Walters
Chief, Special Litigation Division

Jacob Przada
Jacob.Przada@oag.texas.gov
Special Counsel
Johnathan Stone
Johnathan.Stone@oag.texas.gov
Special Counsel

OFFICE OF THE ATTORNEY
GENERAL OF TEXAS
Special Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
**ATTORNEYS FOR PLAINTIFF**

Richard Gladden
Richscot1@hotmail.com
Law Office of Richard Gladden
1204 W. University Dr., Suite 307
Denton, Texas 76201
**ATTORNEYS FOR
INTERVENOR-DEFENDANTS
DEB ARMINTOR AND
DECRIMINALIZE DENTON**

*/s/ Jose E. de la Fuente*
JOSE E. de la FUENTE

MR 0059

# EXHIBIT A

MR 0060

STATE OF TEXAS          §
                       §     CERTIFIED COPY OF PUBLIC RECORD
COUNTY OF DENTON       §

    I Lauren Thoden, hereby certify in the performance of the functions of my office that the attached instrument is a full, true and correct copy of the **125 pages consisting of City of Denton City Council Minutes and City of Denton Ordinance 22-2447,** a public record of the City of Denton, Texas. The same appears of record in my office and said documents are the official public record from the public office of the City of Denton, Denton County, Texas, and is kept in said office.

    I further certify that I am the City Secretary for the City of Denton, Texas, that I have legal custody of said instrument, and that I am the official designated keeper of records in said office.

    In witness whereof, I have hereunto set and affixed the official seal of the City of Denton, Texas, on this 15th day of May 2024.

Lauren Thoden, City Secretary
City of Denton, Texas
Denton County
State of Texas

[SEAL]

After determining that a quorum was present, the City Council of the City of Denton, Texas convened in a Work Session on Monday, June 7, 2022, at 2:01 p.m. in the Council Work Session Room at City Hall, 215 E. McKinney Street, Denton, Texas.

PRESENT IN PERSON:     Mayor Gerard Hudspeth, Mayor Pro Tem Brian Beck and Council Members Vicki Byrd, Jesse Davis, Alison Maguire, Brandon Chase McGee, and Chris Watts

ABSENT:     None

Also present were City Manager Sara Hensley and City Attorney Mack Reinwand.

**The posted agenda noted the registration process for both in-person, call-in, and virtual public participation at this meeting. While citizen commentary received via the online registration process was not read, each member for the City Council received each online commentary as it was submitted. In-person, call-in, and/or online comments received will be reflected in the exhibit to the minutes of this meeting, if/as applicable.**

## WORK SESSION

1. **Citizen Comments on Consent Agenda Items**

   None

2. **Requests for clarification of agenda items listed on this agenda.**

   - Clarification was requested on the following items:
     o Council Member Beck: Items 4.E (22-978), 4.I (22-1029), and 4.Q (22-1163)
     o Mayor Hudspeth: Items 4.E (22-978), 4.J (22-1032), 4.AB (22-1151), and 4.AH (22-1141)

   - The following item was pulled for Individual Consideration:
     o Council Members Davis and Maguire: Item 4.D (22-953)

3. **Work Session Reports**

A. ID 22-701 Receive a report, hold a discussion, and give staff direction regarding Audit Project 018 - Health Insurance Operations: Follow-Up Review. [Estimated Presentation/Discussion Time: 30 minutes]

   Following discussion, there was no direction provided as the item was for presentation/discussion purposes.

B.  ID 22-801 Receive a report, hold a discussion, and give staff direction regarding proposals from the Board of Ethics to amend the Ethics Ordinance and Board of Ethics Rules of Procedure. [Estimated Presentation/Discussion Time: 60 minutes]

Following discussion, City Council consensus was to present an ordinance for consideration at a future date for the following components. Staff will revisit requested items for additional review by the Board of Ethics.

- 1: Update to Panel Composition Requirements
- 3: Alignment with Updated Ethics Complaint Form
- 4: Clarification of Panel's Ability to Recommend Frivolity Hearing
- 5: Adjustment to Preliminary Assessment Panel Assignment Criteria
- 6: Clarification of Advisory Opinion Request Timelines & Reporting Process
- Additional Minor Verbiage Changes

C.  ID 22-815 Receive a report, hold a discussion, and give staff direction regarding the role of City Council Committees, membership to subcommittees and other internal/external groups, and their associated nomination and appointment processes. [Estimated Presentation/Discussion Time: 45 minutes]

The item was presented and discussion followed.

Following discussion, City Council consensus was to schedule formal appointment as presented at the June 28, 2022 City Council meeting with the only change being to reach out to the Denton County Behavioral Health Leadership Team for the addition of a second seat providing for the appointment of Council Member Alison Maguire.

D.  ID 22-828 Receive a report, hold a discussion, and give staff direction regarding funding recommendations from the Community Services Advisory Committee (CSAC) for the proposed activities to be included in the 2022 Action Plan. [Estimated Presentation/Discussion Time: 30 minutes]

The item was presented and discussion followed.

Following discussion, staff was directed to proceed with the proposed recommendations as presented for inclusion in the 2022 Action Plan.

Council Member Jesse Davis arrived at 3:25 p.m.; advance notice was provided.

The work session was recessed for a short break at 3:30 p.m. and reconvened at 3:45 p.m.

E.  ID 22-419 Receive a report, hold a discussion, and give staff direction on pending City Council requests for: (1) A Council vote to increase the allotted time for public comment from four to five minutes. (2) A work session to discuss incentives and or requirements for EV charging electrical circuitry and infrastructure for single-family homes with garages and multifamily developments of certain sizes. (3) A Council vote on a resolution that directs the Denton Police Department to make investigations and criminal enforcement related to reproductive healthcare its lowest priority, and recommends against using City funds for such purposes. (4) Authorizing staff resources to be spent in developing a policy related to panhandling and public health policy. [Estimated Presentation/Discussion Time: 30 minutes]

Following discussion, City Council consensus was as follows:

- ID 22-419 (1) A Council vote to increase the allotted time for public comment from four to five minutes.
  o No consensus for a work session.

- ID 22-419 (2) A work session to discuss incentives and or requirements for EV charging electrical circuitry and infrastructure for single family homes with garages and multifamily developments of certain sizes.
  o Consensus for a future work session.

- ID 22-419 (3) A Council vote on a resolution that directs the Denton Police Department to make investigations and criminal enforcement related to reproductive healthcare its lowest priority, and recommends against using City funds for such purposes.
  o Consensus for a future work session.

- ID 22-419 (4) Authorizing staff resources to be spent in developing a policy related to panhandling and public health policy.
  o Consensus for a future work session.

The work session ended at 4:10 p.m.

## CLOSED MEETING

1.  The City Council convened into a Closed Meeting at 4:10 p.m. consistent with Chapter 551 of the Texas Government Code, as amended, or as otherwise allowed by law, as follows.

A.  ID 22-832 Deliberations Regarding Certain Public Power Utilities: Competitive Matters - Under Texas Government Code Section 551.086; Consultation with Attorneys - Under Texas Government Code, Section 551.071. Receive a presentation from staff regarding public power competitive and financial matters about the risks of wholesale energy supply and risk management plans, hedge plans, and strategies as each relates to the DME electric power and gas portfolio; discuss, deliberate, and provide direction to staff regarding the same. Consultation with the City's attorneys regarding legal issues associated with the above

matters where a public discussion of these legal matters would conflict with the duty of the City's attorneys to the City of Denton and the Denton City Council under the Texas Disciplinary Rules of Professional Conduct of the State Bar of Texas, or would jeopardize the City's legal position in any administrative proceeding or potential litigation.
**NOT DELIBERATED**

B. ID 22-1031 Consultation with Attorneys under Texas Government Code Section 551.071 and Deliberations Involving Medical or Psychiatric Records of Individuals under Texas Government Code Chapter 551.0785. Receive information from staff, discuss, and provide staff with direction related to a police officer's plan benefits related to an injury in the line of duty. Consultation with the City's attorney regarding legal issues associated with benefits where a public discussion of these legal matters would conflict with the duty of the City's attorneys to the City of Denton and the Denton City Council under the Texas Disciplinary Rules of Professional Conduct of the State Bar of Texas; to consider information in the medical or psychiatric records related to a police officer's injury in the line of duty.
**DELIBERATED**

The closed meeting started at 4:15 p.m. and ended at 5:00 p.m. No votes or actions were taken during the closed meeting.

## REGULAR MEETING

After determining that a quorum was present, the City Council of the City of Denton, Texas convened in a Regular Meeting on Tuesday, June 7, 2022, at 6:32 p.m. in the Council Chambers at City Hall, 215 E. McKinney Street, Denton, Texas.

PRESENT IN PERSON:     Mayor Gerard Hudspeth, Mayor Pro Tem Brian Beck and Council Members Vicki Byrd, Jesse Davis, Alison Maguire, Brandon Chase McGee, and Chris Watts

ABSENT:     None

Also present were City Manager Sara Hensley and City Attorney Mack Reinwand.

**The posted agenda noted the registration process for both in-person, call-in, and virtual public participation at this meeting. While citizen commentary received via the online registration process was not read, each member for the City Council received each online commentary as it was submitted. Both in-person, call-in, and online comments received are reflected in the exhibit to the minutes of this meeting, if/as applicable**

## 1. PLEDGE OF ALLEGIANCE

A. U.S. Flag and B. Texas Flag

2. **PROCLAMATIONS/PRESENTATIONS**

A. ID 22-1181 Proclamation: Denton LGBTQ Pride Month
   **PRESENTED**

B. ID 22-1182 Proclamation: Juneteenth Day
   **PRESENTED**

3. **PRESENTATIONS FROM MEMBERS OF THE PUBLIC**

   A. Review of procedures for addressing the City Council.

   B. Reports from members of the public

      1) Receive Scheduled Citizen Reports from Members of the Public

         a. ID 22-1127 Ms. Debbie Sims, 1801 N. Elm Street, regarding continual issues with water line breaks/leaks at her hair business, Debi Do & Company Salon (1801 N. Elm Street).
            **PRESENTED**

         b. ID 22-1128 Ms. Kathy Woods, 504 Retama Street, regarding the financial impact of water main issues at Debi Do & Company Salon (1801 N. Elm Street).
            **PRESENTED**

         c. ID 22-1143 Mr. Max Folmar, 1412 Fox Hollow, regarding transportation services and Go Zone.
            **PRESENTED**

         d. ID 22-1210 Ms. Elisabeth Gould, 1103 Bernard Street, representing Speaking At Her Best, LLC, regarding what to look out for when loving yourself wholeheartedly.
            **PRESENTED**

         e. ID 22-1212 Mr. Stephen Dillenburg, 1001 Abbots Lane, regarding follow-up to comments made on Emergency Resolution of Public Corruption.
            **PRESENTED**

         f. ID 22-1213 Dr. David Zoltner, 2501 Timber Trail, regarding abuse of the Open Microphone by citizens who sign up for the opportunity to speak, and by members of Council and Staff who fail to enforce decorum.
            **PRESENTED**

g.  ID 22-1238 Mr. Gladden, 1822 W. Oak Street, regarding Invalid
Certification of Recall Petition by the Denton City Secretary.
**PRESENTED**

2)  Additional Citizen Reports (Open Microphone)

None

## 4.  CONSENT AGENDA

The Consent Agenda consisted of Items 4.A-H. During the Work Session held earlier in the day, Item 4.D was pulled for Individual Consideration by Council Members Davis and Maguire, and Items 4.AF and 4.AG were Removed From Consideration and rescheduled to a future date by Mayor Hudspeth at the request of Staff.

Mayor Pro Tem Beck moved to adopt the Consent Agenda, now consisting of Items 4.A-C. E-AE and AH. Motion seconded by Council Member McGee. Motion carried.

AYES (7): Mayor Hudspeth, Mayor Pro Tem Beck and Council Members Byrd, Davis, Maguire, McGee, and Watts
NAYS (0): None

A.  ID 22-811 Consider approval of the minutes of May 17, 2022 (Canvassing and Regular) Meetings.
**APPROVED**

B.  ID 22-1133 Consider approval of a resolution of the City of Denton providing the May 9, 2022 meeting absence of a Public Utilities Board Member be excused; and declaring an effective date.
**APPROVED**

C.  ID 22-834 Consider adoption of an ordinance of the City of Denton repealing Ordinance No. 21-765; approving the 2022 Denton Municipal Electric - Energy Risk Management Policy; (the "2022 EMRP"); delegating authority as provided in the 2022 ERMP; authorizing and approving the subsequent execution of such other ancillary and related documents, including, without limitation, contracts, nominations, certificates, assignments, licenses, directions, instruments, confirmations, orders, and statements as are authorized by the 2022 ERMP, which are incident to or related thereto; confirming that the City of Denton, its Mayor, its City Council members, its City Manager, its City Attorney, and its City Secretary are authorized to perform such acts and obligations as are reasonably required to consummate those future transactions which are provided for and authorized by the 2022 ERMP; finding that the purchase of electricity, natural gas, and related commodities and instruments are

exempt from the requirements of competitive bidding; finding that the purchase of electric energy, natural gas, and related commodities and instruments made by the city under the terms of the 2022 ERMP are in the public welfare of the citizens and electric ratepayers of the city; authorizing the expenditure of funds therefor; and, providing an effective date. The Public Utilities Board recommends approval [7-0].
**ASSIGNED ORDINANCE NO. 22-834**

E.   ID 22-978 Consider adoption of an ordinance of the City of Denton approving a City co-sponsorship to the Denton Juneteenth Celebration Committee in an amount not to exceed $20,365.89 of in-kind services and resources for the Denton Juneteenth Celebration, which will be held on Friday, June 17, 2022 through Saturday, June 18, 2022, at the Fred Moore Park; and providing an effective date.
**ASSIGNED ORDINANCE NO. 22-978**

F.   ID 22-1081 Consider adoption of an ordinance of the City of Denton granting the Denton Juneteenth Celebration Committee a three-year noise exception for the Denton Juneteenth Celebration, to be held on June 17-19, 2022, June 16-18, 2023, and June 14-16, 2024 at Fred Moore Park; and providing an effective date.
**ASSIGNED ORDINANCE NO. 22-1081**

G.   ID 22-1024 Consider approval of a resolution of the City of Denton authorizing the City Manager to execute an agreement allowing Denton County Brewing Company to sell alcoholic beverages at the Yappy Hour event, on Friday, June 10, 2022, and Friday, August 5, 2022, at North Lakes Dog Park upon satisfying certain conditions; and providing for an effective date.
**ASSIGNED RESOLUTION NO. 22-1024**

H.   ID 22-1028 Consider adoption of an ordinance of the City of Denton granting the North Texas State Fair Association a three-year noise exception for the North Texas Fair and Rodeo which will be held August 18-28, 2022, August 17-27, 2023, and August 15-25, 2024, at 2217 N. Carroll Boulevard; and providing an effective date.
**ASSIGNED ORDINANCE NO. 22-1028**

I.   ID 22-1029 Consider adoption of an ordinance of the City of Denton approving a City co-sponsorship to the North Texas State Fair Association in an amount not to exceed $8,502.80 of in-kind services and resources for the Annual North Texas Fair and Rodeo Parade which will be held on Saturday, August 20, 2022, at 10:00 a.m., at the Downtown Square; and providing an effective date.
**ASSIGNED ORDINANCE NO. 22-1029**

J.   ID 22-1032 Consider adoption of an ordinance of the City of Denton authorizing the City Manager to execute on behalf of the City the disc golf course rental agreement for disc golf tournaments and events in the parks; and providing an effective date.
**ASSIGNED ORDINANCE NO. 22-1032**

K.  ID 22-1053 Consider approval of a resolution of the City of Denton authorizing the Original Denton District to provide a letter of support to the Texas Commission on the Arts for an application by the Denton Festival Foundation for the Arts Respond Project - Economic Development grant in the amount of $15,000 for musician salaries related to the 2023 Arts and Jazz Festival: and providing an effective date.
**ASSIGNED RESOLUTION NO. 22-1053**

L.  ID 22-1054 Consider approval of a resolution of the City of Denton authorizing the Original Denton District to provide a letter of support to the Texas Commission on the Arts for an application by the Greater Denton Arts Council for the Arts Respond - Cultural District Project grant in the amount of $10,000 for the implementation of the "63 & 93: Generations in Conversation" art exhibition, an exhibition hosting works by artists thirty-years and younger alongside artists sixty-years and older; and providing an effective date.
**ASSIGNED RESOLUTION NO. 22-1054**

M.  ID 22-1055 Consider approval of a resolution of the City of Denton authorizing the Original Denton District to provide a letter of support to the Texas Commission on the Arts for an application by Tejas Storytelling Association for the Arts Respond - Cultural District Project grant in the amount of $7,000 for aid in 2023 Texas Storytelling Festival expenses; and providing an effective date.
**ASSIGNED RESOLUTION NO. 22-1055**

N.  ID 22-1056 Consider approval of a resolution of the City of Denton authorizing the Original Denton District to provide a letter of support to the Texas Commission on the Arts for an application by Theatre Denton for the Arts Respond - Cultural District project grant in the amount of $5,000 for renovation of the neon campus theatre sign; and providing an effective date.
**ASSIGNED RESOLUTION NO. 22-1056**

O.  ID 22-1082 Consider approval of a resolution of the City of Denton in support of the Original Denton District's application for the Arts Respond - Cultural District Project grant from the Texas Commission on the Arts in the amount of $12,000 for traffic utility box art program; authorizing the Original Denton District to execute a letter of support; and providing an effective date.
**ASSIGNED RESOLUTION NO. 22-1082**

P.  ID 22-1161 Consider approval of a resolution of the City of Denton authorizing the City Manager to execute an agreement allowing Denton County Brewing Company to sell alcoholic beverages at the Glow in the Park event, on Saturday, June 18, 2022, at the North Lakes Disc Golf Course upon satisfying certain conditions; and providing for an effective date.
**ASSIGNED RESOLUTION NO. 22-1161**

Q. ID 22-1163 Consider adoption of an ordinance of the City of Denton approving a City co-sponsorship in an amount not to exceed $2,545.70 of in-kind services and resources for the Glow in the Park event hosted by the Denton Parks Foundation, which will be held on Saturday, June 18, 2022, from 6:00 p.m. to 10:30 p.m., at the North Lakes Disc Golf Course, 2201 N Bonnie Brae St; and providing an effective date.
**ASSIGNED ORDINANCE NO. 22-1163**

R. ID 22-1103 Consider adoption of an ordinance of the City of Denton, a Texas home-rule municipal corporation, authorizing the approval of Change Order No. 5 to the contract between the City of Denton and Quality Excavation, LTD, for the construction of the McKinney Street sidewalk segment for the Downtown Storm Sewer Trunk Line PH I Project; providing for the expenditure of funds therefor; and providing an effective date (IFB 7086 - Change Order No. 5, in the not-to-exceed amount of $65,757.40 for a total contract award aggregated to $1,289,375.65). The Public Utilities Board recommends approval (7 - 0).
**ASSIGNED ORDINANCE NO. 22-1103**

S. ID 22-1104 Consider adoption of an ordinance of the City of Denton, a Texas home-rule municipal corporation, authorizing the City Manager to execute a Professional Services Agreement with Biggs and Mathews Environmental, Inc., for the scale facility and roadway improvements at the City of Denton Landfill for the Solid Waste and Recycling Department; providing for the expenditure of funds therefor; and providing an effective date (RFQ 7109-025 - Professional Services Agreement for design services awarded to Biggs and Mathews Environmental, Inc., in the not-to-exceed amount of $160,000.00). The Public Utilities Board recommends approval (7 - 0).
**ASSIGNED ORDINANCE NO. 22-1104**

T. ID 22-1105 Consider adoption of an ordinance of the City of Denton, a Texas home-rule municipal corporation, authorizing the City Manager to execute a contract with Allegro Development Corporation, for the Energy Trading and Risk Management Application for Denton Municipal Electric, which is the sole provider of this software, in accordance with Texas Local Government Code 252.022, which provides that procurement of commodities and services that are available from one source are exempt from competitive bidding, and if over $50,000, shall be awarded by the governing body; providing for the expenditure of funds therefor; and providing an effective date (File 7916 - awarded to Allegro Development Corporation, in the eight (8) year not-to-exceed amount of $1,658,561.00). The Public Utilities Board recommends approval (7 - 0).
**ASSIGNED ORDINANCE NO. 22-1105**

U. ID 22-1106 Consider adoption of an ordinance of the City of Denton, a Texas home-rule municipal corporation, authorizing the approval of a first amendment to a Professional Services Agreement between the City of Denton and Freese and Nichols, Inc., amending the contract approved by the City Manager on January 18, 2021, in the not-to-exceed amount of

$96,963.00, said first amendment to provide collaborative project delivery consulting services for the Capital Improvement Projects division; providing for the expenditure of funds therefor; and providing an effective date (File 7620 - providing for an additional first amendment expenditure amount not-to-exceed $110,725.00 with the total contract amount not-to-exceed $207,688.00).
**ASSIGNED ORDINANCE NO. 22-1106**

V. ID 22-1107 Consider adoption of an ordinance of the City of Denton, a Texas home-rule municipal corporation, authorizing the City Manager to execute a contract with Techline, Inc., for the purchase of roll duct, PVC conduit, fittings, and accessories for the Denton Municipal Electric Department to be stocked in the City of Denton Warehouse; providing for the expenditure of funds therefor; and providing an effective date (IFB 7973 - awarded to Techline, Inc., for one (1) year, with the option for four (4) additional one (1) year extensions, in the total five (5) year not-to-exceed amount of $10,000,000.00).
**ASSIGNED ORDINANCE NO. 22-1107**

W. ID 22-1108 Consider adoption of an ordinance of the City of Denton, a Texas home-rule municipal corporation, authorizing the approval of a first amendment to a contract between the City of Denton and SHI Government Solutions, Inc., amending the contract approved by City Council on May 3, 2022, to add Technology Solutions Products & Services through The Interlocal Purchasing System (TIPS) Cooperative Program Contract # 200105; providing for the expenditure of funds therefor; and providing an effective date (File 7983 - providing for an amendment to the ordinance to add the TIPS Cooperative Program Contract #200105).
**ASSIGNED ORDINANCE NO. 22-1108**

X. ID 22-1110 Consider adoption of an ordinance of the City of Denton, a Texas home-rule municipal corporation, authorizing the City Manager to execute a Professional Services Agreement with Kimley-Horn and Associates, Inc., to provide regulatory permitting/approval support, process evaluation, design services, bidding assistance, and construction phase services for the Pecan Creek Water Reclamation Plant (PCWRP) Headworks Project for the Water Utilities Department; providing for the expenditure of funds therefor; and providing an effective date (RFQ 7574-013 - Professional Services Agreement for design services awarded to Kimley-Horn and Associates, Inc., in the not-to-exceed amount of $3,828,700.00). The Public Utilities Board recommends approval (7 - 0).
**ASSIGNED ORDINANCE NO. 22-1110**

Y. ID 22-1131 Consider adoption of an ordinance of the City of Denton, a Texas home-rule municipal corporation, authorizing the City Manager to execute a Professional Services Agreement with Freese and Nichols, Inc., for the development of a Storm Water Master Plan assessment for the Drainage Department as set forth in the contract; providing for the expenditure of funds therefor; and providing an effective date (RFQ 7599-006 - Professional Services Agreement for assessment services awarded to Freese and Nichols, Inc., in the not-to-exceed amount of $500,000.00). The Public Utilities Board recommends approval (7 - 0).
**ASSIGNED ORDINANCE NO. 22-1131**

Z.  ID 22-1145 Consider adoption of an ordinance of the City of Denton, a Texas home-rule municipal corporation, for the approval of a pre-qualified list for utility relocation and construction services for various Capital Investment Projects within the City of Denton; providing for the expenditure of funds therefor; and providing an effective date (RFQ 7968 - for a three (3) year term).
**ASSIGNED ORDINANCE NO. 22-1145**

AA. ID 22-1146 Consider adoption of an ordinance of the City of Denton, a Texas home-rule municipal corporation, rejecting any and all competitive proposals under RFP 7982 for Voluntary Products, to include accident, critical illness with cancer, and hospital indemnity coverage; and providing an effective date (RFP 7982).
**ASSIGNED ORDINANCE NO. 22-1146**

AB. ID 22-1151 Consider adoption of an ordinance of the City of Denton, a Texas home-rule municipal corporation, authorizing the City Manager to execute a contract with Ray McCain Services, Inc., for repairs, replacement, maintenance, and installation of automatic gates and overhead doors for the Facilities Management Department; providing for the expenditure of funds therefor; and providing an effective date (RFP 7951 - awarded to Ray McCain Services, Inc., for one (1) year, with the option for four (4) additional one (1) year extensions, in the total five (5) year in the not-to-exceed amount of $750,000.00).
**ASSIGNED ORDINANCE NO. 22-1151**

AC. ID 22-1154 Consider adoption of an ordinance of the City of Denton, a Texas home-rule municipal corporation, authorizing the City Manager to execute a contract with 2L Construction, L.L.C., for the construction of the North Texas Boulevard Widening and Improvements at Apogee Stadium Project; providing for the expenditure of funds therefor; and providing an effective date (IFB 7966 - awarded to 2L Construction, L.L.C., in the not-to-exceed amount of $802,815.83).
**ASSIGNED ORDINANCE NO. 22-1154**

AD. ID 22-1160 Consider adoption of an ordinance of the City of Denton, a Texas home-rule municipal corporation, authorizing the City Manager to execute a contract with Artistic Painting Company, Inc., for interior and exterior painting services for the Facilities Management Department; providing for the expenditure of funds therefor; and providing an effective date (RFP 7952 - awarded to Artistic Painting Company, Inc., for one (1) year, with the option for four (4) additional one (1) year extensions, in the total five (5) year not-to-exceed amount of $600,000.00).
**ASSIGNED ORDINANCE NO. 22-1160**

AE. ID 22-1197 Consider adoption of an ordinance of the City of Denton, a Texas home-rule municipal corporation, rejecting any and all competitive proposals under RFP 7975 for the Channel Grinder Provision and Install for the Solid Waste Department; and providing an effective date (RFP 7975).
**ASSIGNED ORDINANCE NO. 22-1197**

AH. ID 22-1141 Consider approval of a resolution by the City of Denton. a Texas home-rule municipal corporation, suspending Oncor Electric Delivery Company LLC's proposed effective date of June 17, 2022, for ninety days in connection with Oncor's statement of intent to increase rates filed on or about May 13, 2022; requiring the reimbursement of municipal rate case expenses; authorizing participation in the coalition of similarly situated cities; authorizing intervention and participation in related rate proceedings; authorizing the retention of special counsel; finding that the meeting complies with the open meetings act; making other findings and provisions related to the subject; and declaring an effective date
**ASSIGNED RESOLUTION NO. 22-1141**

## ITEM PULLED FOR INDIVIDUAL CONSIDERATION

D. ID 22-953 Consider adoption of an ordinance of the City of Denton authorizing the City Manager to execute an Interlocal Agreement between the City of Denton and Denton Independent School District (DISD) for the widening of Riney Road as an addendum to the Bonnie Brae Phase 6 Project, for which funds will provided for by DISD.
**ASSIGNED ORDINANCE NO. 22-953**

Pulled for Individual Consideration by Council Members Davis and Maguire.

There were no online registrations or call-ins on the item.

Council Members Davis and Maguire had a conflict of interest and left the Council Chambers.

The item was not presented and no discussion followed.

Mayor Pro Tem Beck moved to adopt the item as presented. Motion seconded by Council Member Byrd. Motion carried.

AYES (5): Mayor Hudspeth, Mayor Pro Tem Beck and Council Members Byrd, McGee, and Watts
NAYS (0): None
ABSTENTIONS (2): Council Members Davis and Maguire

## ITEMS PULLED FROM CONSIDERATION

AF. ID 22-1170 Consider adoption of an ordinance of the City of Denton ratifying and authorizing the city manager, to execute an advance funding agreement with the Texas Department of Transportation for a project using funds held in the State Highway 121 subaccount-roadway improvements (off state system) providing for the extension of Mayhill

Road from as a four-lane divided urban arterial roadway from IH 35 east to US 380 in the City of Denton; authorizing the expenditure of funds therefor; and providing an effective date.
**PULLED FROM CONSIDERATION; RESCHEDULED TO A FUTURE DATE**

The item was pulled from consideration by Mayor Hudspeth at Staff's request and rescheduled to a future date.

AG. ID 22-1172 Consider adoption of an ordinance of the City of Denton ratifying and authorizing the City Manager, to execute and deliver an Advance Funding Agreement with the Texas Department of Transportation for a project using funds held in the State Highway 121 subaccount providing for an expansion of Hickory Creek Road from a two-lane rural roadway to a four-lane divided urban roadway and intersection improvements on Hickory Creek Road from FM 1830 to Riverpass Drive in the City of Denton; authorizing the expenditure of funds therefor; and providing an effective date.
**PULLED FROM CONSIDERATION; RESCHEDULED TO A FUTURE DATE**

The item was pulled from consideration by Mayor Hudspeth at Staff's request and rescheduled to a future date.

## 5.   PUBLIC HEARINGS

A.   ID 22-829 Hold a public hearing inviting citizens to comment on the 2022 Action Plan for Housing and Community Development.

There were no online registrations or call-ins on the item.

The item was presented and no discussion followed.
The public hearing was opened and citizen comments received are noted in Exhibit A.

With no other callers on queue, the public hearing was closed.

NOTE:  There was no action taken as the item was only a public hearing.

B.   S22-0002b Hold a public hearing and consider making a recommendation to City Council regarding a request by Terrano Realty, Inc. for a Specific Use Permit to allow for a Multifamily Dwelling Use on approximately 11.891 acres of land, generally located on the east side of Woodrow Lane, approximately 1,365 feet south of East McKinney Street, in the City of Denton, Denton County, Texas. THE ITEM HAS BEEN POSTPONED TO THE JUNE 28, 2022 CITY COUNCIL MEETING (S22-0002b, Pathway Woodrow Lane Multifamily, Julie Wyatt)
**CONTINUED TO JUNE 28, 2022 WITH THE PUBLIC HEARING OPEN**

Mayor Hudspeth announced the public hearing remained open and continued to June 28, 2022.

C.   Z21-0017b Hold a public hearing and consider adoption of an ordinance of the City of Denton, Texas, regarding a change in the zoning district and use classification from Residential Rural (RR) District to Planned Development (PD) District with a Light Industrial (LI) base zone on approximately 311.5 acres of land generally located on the northeast corner of Hampton Road and Masch Branch Road in the City of Denton, Denton County, Texas; adopting an amendment to the City's Official Zoning Map; providing for a penalty in the maximum amount of $2,000.00 for violations thereof; providing a severability clause and an effective date. The Planning and Zoning Commission voted [4-2] to recommend denial of the initial request to rezone to Light Industrial (LI) (Z21-0017b, RM Squared Denton Tract, Tina Firgens).
**ASSIGNED ORDINANCE NO. Z21-0017b**

All members of the City Council received the comments as submitted and had the opportunity to review all submissions prior to the start of the meeting and consider such comments when voting on the item. The summary of public commentary/registrations are noted in Exhibit A.

The item was presented and discussion followed.

The public hearing was opened and citizen comments received are noted in Exhibit A.

With no other callers on queue, the public hearing was closed.

Following discussion, Council Member Davis moved to adopt the item as presented. Motion seconded by Council Member Maguire. Motion carried.

AYES (7): Mayor Hudspeth, Mayor Pro Tem Beck and Council Members Byrd, Davis, Maguire, McGee, and Watts
NAYS (0): None

The council meeting was recessed for a short break at 8:57 p.m. and reconvened at 9:16 p.m.

6.   **ITEMS FOR INDIVIDUAL CONSIDERATION - CONSIDERATION OF THE USE OF EMINENT DOMAIN TO CONDEMN REAL PROPERTY INTERESTS**

A.   ID 22-657 Consider adoption of an ordinance of the City of Denton determining the public use, need, and necessity for the acquisition of a (i) permanent water line easement and a (ii) temporary construction easement, generally located along Loop 288 and US 77 between Interstate Highway 35E to Nicosia Street, situated in the Nathan Wade Survey Abstract No. 1407, in the City and County of Denton, Texas, and more particularly described in the attached Exhibit "A" (collectively the "Property Interests"); authorizing the City Manager and City Attorney, to acquire the Property Interests by agreement, if possible, including

making all offers required by law; authorizing the use of the power of eminent domain to condemn the property interests if agreements cannot be reached; authorizing the City Attorney, to file eminent domain proceedings if necessary; authorizing the expenditure of funding; making findings; providing a savings clause; and providing an effective date. **ASSIGNED ORDINANCE NO. 22-657**

There were no online registrations or call-ins on the item.

The item was presented and no discussion followed.

Council Member Maguire moved that the City of Denton, after having made the offers required by State Law, use the power of eminent domain, if needed, to acquire various permanent waterline easements, permanent sanitary sewer easements, and temporary construction easements, located generally along Loop 288 and US 77 between Interstate Highway 35E to Nicosia Street, situated in the Nathan Wade Survey Abstract No. 1407, BBB&CRR Co. Survey Abstract No. 141, all in the City and County of Denton, Texas, and more particularly described in the attached Exhibit "A" to the ordinance now under consideration and on the screen to be displayed to the audience, all of which are for a valid public use necessary to install a transmission main and pump station as part of the Water Distribution Master Plan to move water to the elevated storage tank located at Loop 288 and IH35, to serve the public and citizens of the City of Denton.

Each page of Exhibit A of the proposed ordinance was shown on-screen prior to a second to the motion being called.

Motion seconded by Council Member McGee. Motion carried.

AYES (7): Mayor Hudspeth, Mayor Pro Tem Beck and Council Members Byrd, Davis, Maguire, McGee, and Watts
NAYS (0): None

B. ID 22-777 Consider adoption of an ordinance of the City of Denton determining the public use, need, and necessity for the acquisition of various (i) permanent sanitary sewer easements and (ii) temporary construction easements, generally located between Interstate Highway 35E and Westgate Dr., situated in the Nathan Wade Survey Abstract No. 1407, F. Baston Survey Abstract No. 43, all in the City and County of Denton, Texas, and more particularly described in the attached Exhibit "A" (collectively, the "Property Interests"); authorizing the City Manager and City Attorney to acquire the Property Interests by agreement, if possible, including making all offers required by law; authorizing the use of the power of eminent domain to condemn the property interests if agreements cannot be reached; authorizing the City Attorney, to file eminent domain proceedings if necessary; authorizing the expenditure of funding; making findings; providing a savings clause; and providing an effective date. **ASSIGNED ORDINANCE NO. 22-777**

There were no online registrations or call-ins on the item.

The item was presented and discussion followed.

Following discussion, Council Member Davis moved that the City of Denton, after having made the offers required by State Law, use the power of eminent domain, if needed, to acquire a permanent waterline easement and temporary construction easement, located be between Interstate Highway 35E and Westgate Dr., situated in the Nathan Wade Survey Abstract No. 1407, F. Baston Survey Abstract No. 43, all in the City and County of Denton, Texas, and more particularly described in the attached Exhibit "A" to the ordinance now under consideration and on the screen to be displayed to the audience, all of which are for a valid public use necessary to install to abandon the existing Barrow wastewater lift station, to serve the public and citizens of the City of Denton.

Each page of Exhibit A of the proposed ordinance was shown on-screen prior to a second to the motion being called.

Motion seconded by Council Member Maguire.

Council Member Davis amended his motion to clarify the last portion, *"...to install a new sanitary sewer line and abandon the existing Barrow wastewater lift station, to serve the public and citizens of the City of Denton."* Council Member Maguire, who seconded the original motion, accepted the amendment. Motion carried.

AYES (7): Mayor Hudspeth, Mayor Pro Tem Beck and Council Members Byrd, Davis, Maguire, McGee, and Watts
NAYS (0): None

## 7. ITEMS FOR INDIVIDUAL CONSIDERATION

A. ID 22-862 Consider approval of a resolution of the City of Denton stating no objection to a 4% housing tax credit application to the Texas Department of Housing and Community Affairs for the proposed new development of the Pathways on Woodrow to provide affordable rental housing; authorizing the Texas Housing Foundation to exercise its powers within the territorial boundaries of the City of Denton; authorizing a cooperation agreement; and providing an effective date.
**ASSIGNED RESOLUTION NO. 22-862**

There were no online registrations or call-ins on the item.

The item was presented and discussion followed.

Citizen comments received are noted in Exhibit A.

Following discussion, Council Member Watts moved to adopt the item as presented. Motion seconded by Council Member Byrd. Motion carried.

AYES (7): Mayor Hudspeth, Mayor Pro Tem Beck and Council Members Byrd, Davis, Maguire, McGee, and Watts
NAYS (0): None

B. ID 22-921 Consider adoption of an ordinance considering all matters incident and related to the issuance, sale and delivery of up to $89,000,000 in principal amount of "City of Denton General Obligation Refunding and Improvement Bonds, Series 2022"; authorizing the issuance of the bonds; delegating the authority to certain City officials to execute certain documents relating to the sale of the bonds; approving and authorizing instruments and procedures relating to said bonds; enacting other provisions relating to the subject; and providing an effective date. The Public Utilities Board recommends approval (7-0).
**ASSIGNED ORDINANCE NO. 22-921**

There were no online registrations or call-ins on the item.

Items 7.B (22-921) and 7.C (22-922) were collectively read into the record, presented, and discussed, but voted on individually.

Following discussion, Council Member Watts moved to adopt the item as presented. Motion seconded by Council Member McGee. Motion carried.

AYES (7): Mayor Hudspeth, Mayor Pro Tem Beck and Council Members Byrd, Davis, Maguire, McGee, and Watts
NAYS (0): None

C. ID 22-922 Consider adoption of an ordinance considering all matters incident and related to the issuance, sale and delivery of up to $121,000,000 in principal amount of "City of Denton Certificates of Obligation, Series 2022"; authorizing the issuance of the certificates; delegating the authority to certain city officials to execute certain documents relating to the sale of the certificates; approving and authorizing instruments and procedures relating to said certificates; enacting other provisions relating to the subject; and providing an effective date. The Public Utilities Board recommends approval (7-0).
**ASSIGNED ORDINANCE NO. 22-922**

There were no online registrations or call-ins on the item.

Items 7.B (22-921) and 7.C (22-922) were collectively read into the record, presented, and discussed, but voted on individually.

Following discussion, Council Member Watts moved to adopt the item as presented. Motion seconded by Council Member Davis. Motion carried.

AYES (7): Mayor Hudspeth, Mayor Pro Tem Beck and Council Members Byrd, Davis, Maguire, McGee, and Watts
NAYS (0): None

D. ID 22-1027 Consider adoption of an ordinance of the City of Denton approving a co-sponsorship to the Denton Noon Kiwanis Club in an amount not to exceed $24,095.00 of in-kind services and resources for the 4th of July fireworks show, which will be held on Sunday, July 3, 2022, at North Lakes Park; and providing an effective date.
**ASSIGNED ORDINANCE NO. 22-1027**

There were no online registrations or call-ins on the item.

The item was presented and discussion followed.

Following discussion, Council Member McGee moved to adopt the item as presented. Motion seconded by Council Member Maguire. Motion carried.

AYES (6): Mayor Hudspeth and Council Members Byrd, Davis, Maguire, McGee, and Watts
NAYS (1): Mayor Pro Tem Beck

E. ID 22-1030 Consider adoption of an ordinance of the City of Denton granting the Denton Noon Kiwanis Club a noise exception with respect to sound levels and hours of operation for the 4th of July Fireworks show to be held on Sunday, July 3, 2022, from 9:30 p.m. to 10 p.m. at North Lakes Park; and providing an effective date.
**ASSIGNED ORDINANCE NO. 22-1030**

There were no online registrations or call-ins on the item.
The item was presented and discussion followed.

Following discussion, Council Member Davis moved to adopt the item as presented. Motion seconded by Council Member Watts. Motion carried.

AYES (6): Mayor Hudspeth and Council Members Byrd, Davis, Maguire, McGee, and Watts
NAYS (1): Mayor Pro Tem Beck

F. ID 22-1224 Consider approval of a resolution of the City of Denton expressing its support of the City of Uvalde regarding the tragic events that occurred at Robb Elementary School; and providing an effective date.
**ASSIGNED RESOLUTION NO. 22-1224**

There were no online registrations or call-ins on the item.

The item was not presented; however, an overview of the item was detailed. The resolution was read in its entirety by Council Member Watts.

Following commentary, Council Member Watts moved to adopt the item as presented. Motion seconded by Council Member Byrd. Motion carried.

AYES (7): Mayor Hudspeth, Mayor Pro Tem Beck and Council Members Byrd, Davis, Maguire, McGee, and Watts
NAYS (0): None

G.    ID 22-1149 Receive the certification from the City Secretary regarding the petition for the recall of District 4 Council Member Alison Maguire.

There were no online registrations or call-ins on the item.

The item was presented and discussion followed.

Citizen comments received are noted in Exhibit A.

No City Council action was required.

H.    ID 22-1150 Receive the certification from the City Secretary regarding the petition for the decriminalization of marijuana.

There were no online registrations or call-ins on the item.

The item was presented and discussion followed.

Citizen comments received are noted in Exhibit A.

No City Council action was required.

## 8.    **CONCLUDING ITEMS**

Council Members expressed items of interest

With no further business, the meeting was adjourned at 10:55 p.m.

GERARD HUDSPETH
MAYOR
CITY OF DENTON, TEXAS

JESUS SALAZAR
DEPUTY CITY SECRETARY
CITY OF DENTON, TEXAS

MINUTES APPROVED ON:  June 28, 2022

20
MR 0080

After determining that a quorum was present, the City Council of the City of Denton, Texas convened in a Work Session on Tuesday, July 19, 2022, at 2:00 p.m. in the Council Work Session Room at City Hall, 215 E. McKinney Street, Denton, Texas.

PRESENT IN PERSON:     Mayor Gerard Hudspeth, Mayor Pro Tem Brian Beck (virtual) and Council Members Vicki Byrd, Jesse Davis, Alison Maguire, Brandon Chase McGee, and Chris Watts

ABSENT:                        None

Also present were City Manager Sara Hensley and City Attorney Mack Reinwand.

**The posted agenda noted the registration process for in-person, call-in, and virtual public participation at this meeting. While citizen commentary received via the online registration process was not read, each member for the City Council received each online commentary as it was submitted. In-person, call-in, and online comments received are reflected in the exhibit to the minutes of this meeting.**

## WORK SESSION

1. **Citizen Comments on Consent Agenda Items**

   None

2. **Requests for clarification of agenda items listed on this agenda.**

   - Clarification was requested on the following items:
     o Council Member Byrd: Item 4.H (22-830)
     o Council Member Watts: Item 4.H (22-830)

   - The following item was Pulled for Individual Consideration:
     o Council Member Maguire: Item 4.F (22-1398)

3. **Work Session Reports**

A.    ID 22-247 Receive a report, hold a discussion, and give staff direction regarding FY 2022-23 departmental budget presentations for Customer Service, Water & Wastewater, Environmental Services & Sustainability, Electric, and Solid Waste. [Estimated Presentation/Discussion Time: 3 hours]

   The item was presented and discussion followed.

Following discussion, there was no direction provided. Additional budget presentations to be made at upcoming meetings until final adoption of the FY 2022-23 Budget, scheduled for the September 27, 2022 Meeting.

The work session was recessed for a short break at 4:40 p.m. and reconvened at 4:56 p.m.

B. ID 22-1433 Receive a report, hold a discussion, and give staff direction regarding the procedure for call-in comments at public meetings. [Estimated Presentation/Discussion Time: 30 minutes]

The item was presented and discussion followed.

Following discussion, City Council consensus was to shift to a pre-registration-only format for call-in comments for City Council and Planning and Zoning Commission meetings. As much time as possible is to be provided for the pre-registration process. Staff will determine the best time to end the pre-registration process once the technology vendor for the Tele-Townhall system is consulted while also working to give the public sufficient notice.

C. ID 21-2805 Receive an update regarding the Denton County Transit Authority (DCTA) from the City of Denton DCTA Board representative. [Estimated Presentation/Discussion Time: 30 minutes]

The item was presented and discussion followed.

Following discussion, there was no direction provided, with additional information to be being requested of the DCTA in the following areas:

- Opportunity for reduced fee vouchers for social service agencies;
- Dynamics on the accidents being reported; and
- Their position on establishing connectivity up to the multifamily areas that are more in need of a fixed route.

D. ID 22-682 Receive a report, hold a discussion, and give staff direction on pending City Council requests for: 1. A Work Session to discuss an amendment to the Mobility Plan to reflect a direct connection between Windsor Road and Masch Branch Road, north of but separate from Hampton Road. [Estimated Presentation/Discussion Time: 30 minutes]

The item was presented and discussion followed.

Following discussion, City Council consensus was as follows:

- ID 22-682 (1) A Work Session to discuss an amendment to the Mobility Plan to reflect a direct connection between Windsor Road and Masch Branch Road, north of but separate from Hampton Road.
  - o Consensus for a future work session.

E. ID 22-558 Receive a report, hold a discussion, and give staff direction regarding Audit Project 027 - Network Management: Security Controls. [Estimated Presentation/ Discussion Time: 30 minutes]

The item was presented and discussion followed.

The item related to Closed Meeting Item 1.B (22-1407) scheduled for deliberation at the Closed Meeting to follow.

Following discussion, there was no direction provided as the item was for presentation/discussion purposes.

The work session ended at 5:55 p.m.

## CLOSED MEETING

1. The City Council convened into a Closed Meeting at 5:55 p.m. consistent with Chapter 551 of the Texas Government Code, as amended, or as otherwise allowed by law, as follows.

A. ID 22-1299 Consultation with Attorneys - Under Texas Government Code Section 551.071. Consult with the City's attorneys, if needed, regarding the Texas Municipal Power Agency (TMPA) budget process where public discussion of these legal matters would conflict with the duty of the City's attorneys to the City of Denton and the Denton City Council under the Texas Disciplinary Rules of Professional Conduct of the State Bar of Texas, or otherwise compromise the City's legal position.
   **NOT DELIBERATED**

B. ID 22-1407 Deliberations Regarding Security Devices or Security Audits - Under Texas Government Code Section 551.089. Receive a presentation from staff regarding network security information and to Audit Project 027 - Network Management: Security Controls; discuss, deliberate, and provide direction to staff regarding the same.
   **DELIBERATED**

   The item related to Work Session Item 3.E (22-558) discussed earlier in the day.

C. ID 22-1476 Consultation with Attorneys - Under Texas Government Code Section 551.071. Consult with the City's attorneys regarding the "Decriminalize Marijuana" petition where public discussion of these legal matters would conflict with the duty of the City's attorneys to the City of Denton and the Denton City Council under the Texas Disciplinary Rules of Professional Conduct of the State Bar of Texas, or otherwise compromise the City's legal position.
   **DELIBERATED**

   The item related, in part, to Public Hearing Item 5.B (22-1196) scheduled for consideration at the Regular Meeting to follow.

D.  ID 22-1459 Deliberations Regarding Certain Public Power Utilities: Competitive Matters - Under Texas Government Code Section 551.086; Consultation with Attorneys - Under Texas Government Code Section 551.071. Receive information from staff regarding financial matters that include data stemming from public power utility competitive data; discuss, deliberate, and provide direction to staff regarding same; consult with the City's attorneys regarding legal issues associated with the above matter and associated with the "Application of Denton Municipal Electric to Change Rates for Wholesale Transmission Service" pending before the Public Utility Commission of Texas under Docket No. 52715; where public discussion of these legal matters would conflict with the duty of the City's attorneys to the City of Denton and Denton Municipal Electric (DME) under the Texas Disciplinary Rules of Professional Conduct of the State Bar of Texas, or otherwise compromise the City's legal position.
**DELIBERATED**

The closed meeting started at 5:57 p.m. and ended at 6:27 p.m. No votes or actions were taken during the closed meeting.

## REGULAR MEETING

After determining that a quorum was present, the City Council of the City of Denton, Texas convened in a Regular Meeting on Tuesday, July 19, 2022, at 6:33 p.m. in the Council Chambers at City Hall, 215 E. McKinney Street, Denton, Texas.

PRESENT IN PERSON:   Mayor Gerard Hudspeth, Mayor Pro Tem Brian Beck (virtual) and Council Members Vicki Byrd, Jesse Davis, Alison Maguire, Brandon Chase McGee, and Chris Watts

ABSENT:   None

Also present were City Manager Sara Hensley and City Attorney Mack Reinwand.

**The posted agenda noted the registration process for in-person, call-in, and virtual public participation at this meeting. While citizen commentary received via the online registration process was not read, each member for the City Council received each online commentary as it was submitted. In-person, call-in, and online comments received are reflected in the exhibit to the minutes of this meeting.**

1.  **PLEDGE OF ALLEGIANCE**

A. U.S. Flag and B. Texas Flag

2.  **PROCLAMATIONS/PRESENTATIONS**

A.  ID 22-1360 Proclamation: Parks and Recreation Month
    **PRESENTED**

3. **PRESENTATIONS FROM MEMBERS OF THE PUBLIC**

    A. Review of procedures for addressing the City Council.

    B. Reports from members of the public

        1)    Receive Scheduled Citizen Reports from Members of the Public

            a.    ID 22-1382 Mr. Stephen Dillenburg regarding betrayal of public trust, conscious disregard for life, fraudulent inducement of dangerous behavior from fiduciary positions (of trust.)
                 **NOT PRESENTED**

            b.    ID 22-1467 Mr. Steven Leach, 900 Willowwood St., #32, regarding Improving Turnout for City Elections.
                 **PRESENTED**

            c.    ID 22-1468 Mr. Eunice Husband, 316 Fry St., #259, regarding proposed policy changes for potential employees/job seekers who have criminal records.
                 **PRESENTED**

        2) Additional Citizen Reports (Open Microphone)

        Citizen comments received are noted in Exhibit A.

4. **CONSENT AGENDA**

The Consent Agenda consisted of Items 4.A- U. During the Work Session held earlier in the day, Item 4.F (22-1398) was pulled for Individual Consideration by Council Member Maguire.

Council Member Maguire moved to adopt the Consent Agenda, now consisting of Items 4.A-E and G-U. Motion seconded by Council Member Davis. Motion carried.

AYES (7): Mayor Hudspeth, Mayor Pro Tem Beck and Council Members Byrd, Davis, Maguire, McGee, and Watts
NAYS (0): None

    A. ID 22-816 Consider approval of the minutes of June 24, June 25, and June 28, 2022 Meetings.
       **APPROVED**

    B. ID 22-1331 Consider approval of a resolution of the City of Denton excusing the June 6, 2022 meeting absence of a Board of Ethics Member; and declaring an effective date.
       **ASSIGNED RESOLUTION NO. 22-1331**

C. ID 22-1332 Consider approval of a resolution of the City of Denton excusing the June 10, 2022 meeting absence of a Community Services Advisory Committee Member; and declaring an effective date.
**ASSIGNED RESOLUTION NO. 22-1332**

D. ID 22-1330 Consider approval of a resolution of the City of Denton excusing the June 13, 2022 meeting absence of a Public Utilities Board Member; and declaring an effective date.
**ASSIGNED RESOLUTION NO. 22-1330**

E. ID 22-1289 Consider approval of a resolution of the City of Denton providing the June 27, 2022 meeting absence of a Zoning Board of Adjustment Member be excused; and declaring an effective date.
**ASSIGNED RESOLUTION NO. 22-1289**

G. ID 22-694 Consider adoption of an ordinance of the City of Denton authorizing the City Manager to execute a funding agreement between the City of Denton and the Denton Affordable Housing Corporation to provide HOME Investment Partnership Program funds for the rehabilitation of five rental units located at 400 Coronado Drive, Denton, Texas; authorizing the expenditure of funds in an amount not to exceed $100,000.00; and providing an effective date.
**ASSIGNED ORDINANCE NO. 22-694**

H. ID 22-830 Consider adoption of an ordinance of the City of Denton authorizing the City Manager to sign and submit to the Department of Housing and Urban Development a 2022 Action Plan for Housing and Community Development with appropriate certifications, as authorized and required by the Housing and Community Development Act of 1974, as amended, and the National Affordable Housing Act of 1990, as amended; authorizing the Director of Community Services, or designee, to sign releases of liens and subordination agreements upon certain conditions; and providing for an effective date.
**ASSIGNED ORDINANCE NO. 22-830**

I. ID 22-1326 Consider adoption of an ordinance of the City of Denton, a Texas home-rule municipal corporation, authorizing the execution of the first amendment to a funding agreement between the City and Our Daily Bread, Inc., approved by City Council on October 26, 2021; said first amendment to extend the term of the contract, authorize the expenditure of State and Local Fiscal Recovery Funds (SLRF) and expand the scope of services; and providing an effective date.
**ASSIGNED ORDINANCE NO. 22-1326**

J.  ID 22-1265 Consider approval of a resolution of the City of Denton, Texas, adopting the City of Denton's Comprehensive Solid Waste Management Strategy ("CSWMS") to guide the City's future solid waste/materials management system and to develop infrastructure, programs, and policies necessary to manage materials in alignment with the guiding principles of the CSWMS; and providing an effective date. The Public Utilities Board recommends approval (6 - 0).
**ASSIGNED RESOLUTION NO. 22-1265**

K.  ID 22-1295 Consider adoption of an ordinance of the City of Denton, a Texas home-rule municipal corporation, authorizing the City Manager to execute approval documents under the Joint Operating Agreement by and between the Texas Municipal Power Agency, City of Bryan, Texas, the City of Denton, Texas, the City of Garland, Texas, and the City of Greenville, Texas regarding the TMPA budget for the fiscal year 2023; providing for the expenditure of funds therefore; and providing an effective date. The Public Utilities Board recommends approval (6-0).
**ASSIGNED ORDINANCE NO. 22-1295**

L.  ID 22-1302 Consider adoption of an ordinance authorizing the City Manager to execute Amendment No. 3 between the City of Denton, a Texas municipal home-rule corporation, and the Texas Municipal Power Agency, a Texas Joint Powers Agency, that extends the term of the existing agreement to September 1, 2024; authorizing the expenditure of funds; and providing an effective date. The Public Utilities Board recommends approval (6-0).
**ASSIGNED ORDINANCE NO. 22-1302**

M.  ID 22-1373 Consider adoption of an ordinance of the City of Denton, a Texas home-rule municipal corporation, authorizing the approval of a first amendment to a contract between the City of Denton and JRD, LLC dba Maslonka Powerline Services, LLC, amending the contract approved by the City Council on February 23, 2021, in the not-to-exceed amount of $15,880,000.00; said first amendment to provide transmission line emergency services and a cost adjustment due to rising fuel, material, and labor costs for Denton Municipal Electric; providing for the expenditure of funds therefor; and providing an effective date (RFP 7483 - providing for an additional first amendment expenditure amount not-to-exceed $3,776,000.00, with the total contract amount not-to-exceed $19,656,000.00). The Public Utilities Board recommends approval (6 - 0).
**ASSIGNED ORDINANCE NO. 22-1373**

N.  ID 22-1374 Consider adoption of an ordinance of the City of Denton, a Texas home-rule municipal corporation, authorizing the City Manager to execute a Professional Services Agreement with Parkhill, Smith & Cooper, Inc., for engineering services related to the Southwest Booster Pump Station (SWBPS) Ground Storage Tank (GST) Coating project for the Water Production Department as set forth in the contract; providing for the expenditure

of funds therefor; and providing an effective date (RFQ 7574-015 - Professional Services Agreement for engineering services awarded to Parkhill, Smith & Cooper, Inc., in the not-to-exceed amount of $116,500.00). The Public Utilities Board recommends approval (6 - 0).
**ASSIGNED ORDINANCE NO. 22-1374**

O. ID 22-1375 Consider adoption of an ordinance of the City of Denton, a Texas home-rule municipal corporation, authorizing the City Manager to execute a contract with Power Monitors, Inc., for the purchase of pole mounted, ethernet-based three-phase PMI End-of-Line voltage and current recording, monitoring, metering, software, integration, accessories, and devices for Denton Municipal Electric, which is the sole provider of these items, in accordance with Texas Local Government Code 252.022, which provides that procurement of commodities and services that are available from one source are exempt from competitive bidding, and if over $50,000, shall be awarded by the governing body; providing for the expenditure of funds therefor; and providing an effective date (File 8008 - awarded to Power Monitors, Inc., in the three (3) year not-to-exceed amount of $204,643.74). The Public Utilities Board recommends approval (6 - 0).
**ASSIGNED ORDINANCE NO. 22-1375**

P. ID 22-1377 Consider adoption of an ordinance of the City of Denton, a Texas home-rule municipal corporation, authorizing the City Manager to execute a Professional Services Agreement with NewGen Strategies and Solutions, LLC, for the Solid Waste Cost of Service and Rate Design Study for the Solid Waste Department as set forth in the contract; providing for the expenditure of funds therefor; and providing an effective date (RFQ 7997 - Professional Services Agreement for professional services awarded to NewGen Strategies and Solutions, LLC, in the not-to-exceed amount of $89,890.00). The Public Utilities Board recommends approval (6 - 0).
**ASSIGNED ORDINANCE NO. 22-1377**

Q. ID 22-1378 Consider adoption of an ordinance of the City of Denton, a Texas home-rule municipal corporation, authorizing the City Manager to execute a contract with Vulcan, Inc., for traffic signs and accessories for the Warehouse; providing for the expenditure of funds therefor; and providing an effective date (IFB 8001 - awarded to Vulcan, Inc., for one (1) year, with the option for four (4) additional one (1) year extensions, in the total five (5) year not-to-exceed amount of $1,500,000.00).
**ASSIGNED ORDINANCE NO. 22-1378**

R. ID 22-1379 Consider adoption of an ordinance of the City of Denton, a Texas home-rule municipal corporation, authorizing the City Manager to execute a contract with Technology Assets, LLC, dba Global Asset, through the Buy Board Cooperative Purchasing Network Contract # 661-22, for the service of asset recovery and recycling for retired technology assets for the City of Denton; providing for the expenditure of funds therefor; and providing an effective date (File 8017 - awarded to Technology Assets, LLC, dba Global Asset, in the three (3) year term).
**ASSIGNED ORDINANCE NO. 22-1379**

S.   ID 22-1380 Consider adoption of an ordinance of the City of Denton, a Texas home-rule municipal corporation, authorizing the City Manager to execute a contract with Bibliotheca, LLC, for the purchase of CloudLibrary digital services for downloadable ebooks and audiobooks as a companion to CloudLink services for the Denton Public Library, which is the sole provider of this software, in accordance with Texas Local Government Code 252.022, which provides that procurement of commodities and services that are available from one source are exempt from competitive bidding, and if over $50,000, shall be awarded by the governing body; providing for the expenditure of funds therefor; and providing an effective date (File 8021 - awarded to Bibliotheca, LLC, in the seven (7) year not-to-exceed amount of $1,635,318.00).
**ASSIGNED ORDINANCE NO. 22-1380**

T.   ID 22-1381 Consider adoption of an ordinance of the City of Denton, a Texas home-rule municipal corporation, authorizing the City Manager to execute a contract with Solid Border, Inc., through the Department of Information Resources (DIR) Cooperative Purchasing Network Contract No. DIR-CPO-4850, for the purchase of Cybersecurity Software Products and Services; providing for the expenditure of funds therefor; and providing an effective date (File 8044 - awarded to Solid Border, Inc., in the five (5) year not-to-exceed amount of $1,300,000.00).
**ASSIGNED ORDINANCE NO. 22-1381**

U.   ID 22-1400 Consider adoption of an ordinance of the City of Denton, a Texas home-rule municipal corporation, authorizing the City Manager to execute a Professional Services Agreement with Sustainability Solutions Group USA, Inc., for the development of a Climate Action Adaptation Plan; providing for the expenditure of funds therefor; and providing an effective date (RFP 7996 - awarded to Sustainability Solutions Group USA, Inc., in the not-to-exceed amount of $132,000.00).
**ASSIGNED ORDINANCE NO. 22-1400**

## ITEM PULLED FOR INDIVIDUAL CONSIDERATION

F.   ID 22-1398 Consider adoption of an ordinance of the City of Denton authorizing the City Manager to execute an Interlocal Agreement in the Form of a Memorandum of Understanding between the City of Denton and the Denton Independent School District (DISD), for reimbursement to the City in the estimated amount of $811,154 for compensation and benefits of Student Resource Officers (SROs) assigned at DISD for the period of July 1, 2022, through June 30, 2023, and providing an effective date.
**ASSIGNED ORDINANCE NO. 22-1398**

There were no online registrations or call-ins on the item.

The item was Pulled for Individual Consideration by Council Member Maguire.

Council Members Davis and Maguire had a conflict of interest and left the Council Chambers.

The item was not presented and no discussion followed.

Mayor Hudspeth moved to adopt the item as presented. Motion seconded by Council Member Byrd. Motion carried.

AYES (5): Mayor Hudspeth, Mayor Pro Tem Beck and Council Members Byrd, McGee, and Watts
NAYS (0): None
ABSTAINED (2): Council Members Davis and Maguire

## 5. **PUBLIC HEARINGS**

A. DCA22-0002d Hold a public hearing and consider adoption of an ordinance of the City of Denton amending the Denton Development Code, specifically amendments to Subchapter 2 - Administration and Procedures; providing for a penalty in the maximum amount of $2,000.00 for violations thereof; providing a severability clause and an effective date. The Planning and Zoning Commission voted [6-0] to recommend approval of the amendments. (DCA22-0002d, Subchapter 2 Code amendments, Ron Menguita)
**ASSIGNED ORDINANCE NO. DCA22-0002d**

There were no online registrations or call-ins on the item.

The item was presented and no discussion followed.

The public hearing was opened and with no callers in the queue, the public hearing was closed.

Council Member Watts moved to adopt the item as presented. Motion seconded by Council Member Davis. Motion carried.

AYES (7): Mayor Hudspeth, Mayor Pro Tem Beck and Council Members Byrd, Davis, Maguire, McGee, and Watts
NAYS (0): None

B. ID 22-1196 Hold a public hearing pursuant to Article IV, Section 4.07 of the Denton City Charter, have deliberation, and give staff direction regarding the certified initiative petition to adopt an ordinance to eliminate low-level marijuana enforcement by creating Chapter 21, Article V of the Denton City Code to be titled "Marijuana Enforcement".

All members of the City Council received the comments as submitted and had the opportunity to review all submissions prior to the start of the meeting and consider such comments when voting on the item. The summary of public commentary/registrations are noted in Exhibit A.

The item related, in part, to Closed Meeting 1.C (22-1476) deliberated earlier in the day.

The item was presented and discussion followed.

The public hearing was opened and citizen comments received are noted in Exhibit A.

With no other callers on queue, the public hearing was closed.

Following further discussion, City Council directed staff to schedule the ordering of the special election for vote on the initiative petition (Code Amendment) at the November 8, 2022 Uniform Election Date, with the item to be presented for consideration at the July 26, 2022 Meeting.

## 6. ITEMS FOR INDIVIDUAL CONSIDERATION

A.  ID 22-1245 Consider adoption of an ordinance of the City of Denton amending the Code of Ordinances, related to Chapter 2, titled "Administration," Article XI, titled "Ethics," to update the composition requirements of a Panel, clarify what is included in the contents of an accepted Ethics Complaint, and clarify the process for recommending a frivolity hearing; providing for findings of fact; providing severability; providing a repealer clause, providing codification; confirming proper notice and meeting; and providing for an effective date.
**ASSIGNED ORDINANCE NO. 22-1245**

There were no online registrations or call-ins on the item.

The item was presented and discussion followed.

Following discussion, Council Member Byrd moved to adopt the item as presented. Motion seconded by Council Member Watts. Motion carried.

AYES (7): Mayor Hudspeth, Mayor Pro Tem Beck and Council Members Byrd, Davis, Maguire, McGee, and Watts
NAYS (0): None

B.  ID 22-1246 Consider adoption of an ordinance of the City of Denton confirming the proposed amendments to the Board of Ethics' Rules of Procedure as required by the Code of Ordinances, Chapter 2, Article XI, Section 2-227(k) to update the composition requirements of a Panel, clarify what is included in the contents of an accepted Ethics Complaint, clarify the process for recommending a frivolity hearing, and provide guidelines for processing Advisory Opinion requests; providing for severability; and providing an effective date.
**ASSIGNED ORDINANCE NO. 22-1246**

There were no online registrations or call-ins on the item.

The item was presented and discussion followed.

Following discussion, Council Member Watts moved to adopt the item as presented. Motion seconded by Council Member McGee. Motion carried.

AYES (7): Mayor Hudspeth, Mayor Pro Tem Beck and Council Members Byrd, Davis, Maguire, McGee, and Watts
NAYS (0): None

C.  ID 22-1416 Consider approval of a resolution of the City of Denton adopting the 2022-2023 City Council Priorities and Key Focus Areas for the city of Denton; and providing an effective date.
    **ASSIGNED RESOLUTION NO. 22-1416**

There were no online registrations or call-ins on the item.

The item was presented and discussion followed.

Following discussion, Council Member Byrd moved to adopt the item as presented. Motion seconded by Council Member McGee. Motion carried.

AYES (7): Mayor Hudspeth, Mayor Pro Tem Beck and Council Members Byrd, Davis, Maguire, McGee, and Watts
NAYS (0): None

7.  **CONCLUDING ITEMS**

Council Members expressed items of interest.

With no further business, the meeting was adjourned at 8:32 p.m.

GERARD HUDSPETH
MAYOR
CITY OF DENTON, TEXAS

ROSA RIOS
CITY SECRETARY
CITY OF DENTON, TEXAS

MINUTES APPROVED ON: _August 3, 2022_

Speaker Communications/Comments
(Online, Email, Phone)

| Name | Last | Address | City | Agenda Item | Position | Method | Comments |
|---|---|---|---|---|---|---|---|
| Deb | Armonton | 3061 Windyrose Dr. | Denton | 23-1196 | Support | In-Person | Gave comments in support of the item. |
| Stauton | Denoyer | 12 Pines Ln. | Denton | 23-1196 | Support | In-Person | Gave comments in support of the item. |
| Kristine | Doty | 1204 Cordell St. | Denton | Open Mic | N/A | In-Person | Stated DCTA does not operate the Go Zone bus system the way it should be run. Instead standards are worse than coming every 10 minutes, but in Denton it's closer to 45 minutes or more. Ridership is falling due to low standards and routes that don't make sense. Bus stops especially in downtown have no benches, no cover, nothing to accommodate riders. Service is low quality and is falling. Not sustainable. |
| Kristine | Doty | 1204 Cordell St. | Denton | 23-1196 | Support | In-Person | Gave comments in support of the item. |
| James | Carr | 1526 W Hickory St. | Denton | 23-1196 | Support | In-Person | Gave comments in support of the item. |
| Javier | Vazquez Vazquez | 500 Inman St. | Denton | 23-1196 | Support | In-Person | Gave comments in support of the item. |
| Greg | Davis | 1914 Mink Blvd. | Denton | 23-1196 | Support | Caller | Called to express support for the item but did not speak. |
| Alejandro | Aldinga-Juarez | 2525 Northview | Denton | 23-1196 | Support | In-Person | Gave comments in support of the item. |
| Eva | Greco | 802 W Oak St. #5 | Denton | Open Mic | N/A | In-Person | Gave comments on the City bus system. She believes the system has gone completely downhill with Go Zone and the elimination of fixed routes based on Sundays. |
| Eva | Greco | 802 W Oak St. #5 | Denton | 23-1196 | Support | In-Person | Gave comments in support of the item. |
| Everett | Gross | Mimi River | Denton | 23-1196 | Support | In-Person | Gave comments in support of the item. |
| Alexandra | Hayden | 7509 Inwood Rd. | Dallas | Open Mic | N/A | In-Person | Gave comments in opposition to the overpricing of items ... |
| Robert | Hass | 3001 Le Mans | Carrollton | 23-1196 | Support | In-Person | Gave comments in support of the item. |
| Jennifer | Lane | 1526 W Hickory St. | Denton | 23-1196 | Support | In-Person | Gave comments in support of the item. |
| Lynne | Sanchez-Young | 9805 Locust St. | Denton | 23-1196 | Support | In-Person | Gave comments in support of the item. |
| Jared | Franz | 2934 W Hickory St. | Denton | 23-1196 | Support | Caller | Gave comments in support of the item. |
| Morgan | Rawlinson | 2415 W Hickory St. | Denton | 23-1196 | Support | Caller | Gave comments in support of the item. |
| Priya | Smith | 5201 Fair Dr. | Denton | 23-1196 | Support | In-Person | Gave comments in support of the item. |
| David | Crouse | | | 23-1196 | Oppose | eComment | Please do not accept this ordinance. This motion represents the views of activists and not our community as a whole. I use the Go Zone Buses and they do the criteria. You will hear from the silent majority and see that this ordinance is a bad idea and bad for our community. Passing of this ordinance will lead to increased divides within our community and impact our youth and the most vulnerable among our community. |
| Nicholas | Vernon | 417 Spanish St. | Denton | 23-1196 | Support | In-Person | Gave comments in support of the item. |
| Phillip | Young | 264 Prestonne Ct. | Denton | Open Mic | 12-V | In-Person | Gave comments on the City structure and public communications. No longer opposed to the new Chief of Police reporting to an Asst City Manager or the City Manager, and City Council should have a days clarity... in the administration of the City to have a high level of confidence in the past... the local newspaper being used as a means of intimidation, rather than... representing his topics and should have marks with a committee Council. |

NOTE:
- Information contained within this exhibit includes only commentary for Grab Microphone, Consent, Individual Consideration and Public Hearing Items.
- eComments are included in their entirety, as submitted.
- Comments for Living Citizens addressing the City Council are an abbreviated summary.
- Full agenda, meeting video, and system transcript are available by visiting the City of Denton Public Meetings Page at www.cityofdenton.com/242/Public-Meetings-Agendas, going to the Archived Meetings Section, and selecting the applicable meeting date.

# CITY OF DENTON CITY COUNCIL MINUTES
November 22, 2022

After determining that a quorum was present, the City Council of the City of Denton, Texas convened in a Special Called Meeting on Tuesday, November 22, 2022, at 9:00 a.m. in the Council Chambers at City Hall, 215 E. McKinney Street, Denton, Texas.

PRESENT: Mayor Gerard Hudspeth, Mayor Pro Tem Brian Beck and Council Members Vicki Byrd, Jesse Davis, Alison Maguire, Brandon Chase McGee, and Chris Watts

ABSENT: None

Also present were City Manager Sara Hensley and City Attorney Mack Reinwand.

**The posted agenda noted the registration process for in-person, call-in, and virtual public participation at this meeting. While citizen commentary received via the online registration process was not read, each member for the City Council received each online commentary as it was submitted. In-person, call-in, and online comments received are reflected in the exhibit to the minutes of this meeting.**

## 1. ITEMS FOR INDIVIDUAL CONSIDERATION

A. ID 22-2447 Consider adoption of an ordinance of the City of Denton canvassing election returns and declaring results of the Special Elections held on November 8, 2022; and providing an effective date.
**ASSIGNED ORDINANCE NO. 22-2447**

Council Member Maguire had a conflict of interest with Proposition A and left the Council Chambers. Because the item incorporated both propositions on the ballot, the conflict encompassed the entire item.

All members of the City Council received the comments as submitted and had the opportunity to review all submissions prior to the start of the meeting and consider such comments when voting on the item. The summary of public commentary/registrations are noted on Exhibit A.

City Secretary Rios read the final vote totals into the record. The election results reported the following propositions received a favorable majority vote with the result being as indicated:

- Proposition A - Shall Alison Maguire be removed from the City Council by Recall?
  - CARRIED
- Proposition B - Shall an initiative ordinance be approved to eliminate low-level marijuana enforcement?
  - CARRIED

Citizen comments received are noted on Exhibit A.

During citizen comments, Mayor Pro Tem Beck called a Point of Order that speakers be allowed to only speak on items listed on the agenda. Mayor Hudspeth ruled that since others had spoken on more than one issue, he would allow the current speaker to continue. With no objection forthcoming from any member of the City Council, the speaker continued the commentary.

Discussion followed.

During Mayor Pro Tem Beck's commentary regarding Proposition A, Council Member Watts called a Point of Order posing a question to the City Attorney regarding the City's current litigation and how such comments might affect the City's position. City Attorney Reinwand opined Mayor Pro Tem Beck was speaking for himself and his comments were not representative of the City's position in the litigation.

Following discussion, Mayor Hudspeth moved to adopt the item as presented. Motion seconded by Council Member Davis. Motion carried.

AYES (6): Mayor Hudspeth, Mayor Pro Tem Beck and Council Members Byrd, Davis, McGee, and Watts
NAYS (0): None
ABSTENTIONS (1): Council Member Maguire

B. ID 22-2456 Proclamation in appreciation of service to the City of Denton as a City Council Member to Alison Maguire.
**PRESENTED**

There were no online registrations or call-ins on the item.

Citizen comments received are noted on Exhibit A.

[This area of Page 2 has been intentionally left blank.]



## 2. CONCLUDING ITEMS

Council Members expressed items of interest.

With no further business, the meeting was adjourned at 10:26 A.M.

GERARD HUDSPETH
MAYOR
CITY OF DENTON, TEXAS

ROSA RIOS
CITY SECRETARY
CITY OF DENTON, TEXAS

MINUTES APPROVED ON: *January 10, 2023*

MR 0097

ORDINANCE NO. 22-2447

AN ORDINANCE OF THE CITY OF DENTON CANVASSING ELECTION RETURNS AND DECLARING RESULTS OF THE SPECIAL ELECTIONS HELD ON NOVEMBER 8, 2022; AND PROVIDING AN EFFECTIVE DATE.

WHEREAS, the City Council of the City of Denton, Texas ("City") ordered a special election to be held in the City on November 8, 2022 for the for the propositions of (A) determining whether City Council Member Alison Maguire shall be removed from District 4 Seat of the City Council by Recall and (B) amendment to the Denton Code of Ordinances, creating Chapter 21, Article V to be titled "*Marijuana Enforcement*"; and

WHEREAS, the election officers who held the election have duly made the returns of the result thereof, and these returns have been duly delivered to the City Council; and

WHEREAS, the meeting at which this ordinance was passed was open to the public, and public notice of the time, place, and purpose of said meeting was given, all as required by the Texas Government Code, Chapter 551; NOW THEREFORE;

THE CITY COUNCIL OF THE CITY OF DENTON HEREBY ORDAINS:

SECTION 1. The City Council officially finds and determines the election held on November 8, 2022 was duly ordered, proper notice of this election was duly given, proper election officers were duly appointed prior to this election, this election was duly held, the City has complied with the Federal Voting Rights Act and the Texas Election Code, the returns of the result of this election have been made and delivered to the Council, and the City Council has duly canvassed these returns, all in accordance with the law and the ordinance calling this election.

SECTION 2. The official returns of the election officials having been opened, examined, and canvassed and the City Council officially finds and determines 16,270 votes were cast at this election on the submitted PROPOSITION A, and 46,677 votes were cast at this election on the submitted PROPOSITION B by the residents, qualified electors of the City, who voted at the election and that the votes cast for such propositions on the ballot for the election were as follows:

EARLY/ABSENTEE VOTING:

**CITY OF DENTON PROPOSITION A**

Shall Alison Maguire be removed from the City Council by Recall?

FOR 6,836 AGAINST 3,782

**CITY OF DENTON PROPOSITION B**

Shall an initiative ordinance be approved to eliminate low-level marijuana enforcement?

FOR 24,099   AGAINST 10,213

## CITYOF DENTON PROPOSITION A

Shall Alison Maguire be removed from the City Council by Recall?

FOR 1,847 AGAINST 1,116

## CITY OF DENTON PROPOSITION B

Shall an initiative ordinance be approved to eliminate low-level marijuana enforcement?

FOR 8,574 AGAINST 2,915

TOTAL VOTES CAST:

## CITY OF DENTON PROPOSITION A

Shall Alison Maguire be removed from the City Council by Recall?

FOR 8,683 AGAINST 4,898

## CITY OF DENTON PROPOSITION B

Shall an initiative ordinance be approved to eliminate low-level marijuana enforcement?

FOR 32,673 AGAINST 13,128

SECTION 3. The City Council officially declares the result of said special elections to be that PROPOSITIONS A and B so submitted HAVE received a favorable majority vote in all respects and have CARRIED. The City Council finds and declares that Councilmember Alison Maguire is removed from office by Recall. In accordance with Section 2 of Ordinance No. 22-1198, which is incorporated herein by reference and made a part of this ordinance for all purposes, Chapter 21, Article V of the City Code, to be titled "Marijuana Enforcement" has been approved and adopted by a majority of the qualified voters of the City of Denton, and the City Secretary is hereby directed to enter a full copy of Ordinance No. 22-1198 in the official minutes of this meeting and to codify Section 2 of Ordinance No. 22-1198 in the Denton Code of Ordinance.

SECTION 4. The City Council has found and determined the meeting at which this ordinance is considered is open to the public and that notice thereof was given in accordance with provisions of the Texas open meetings law, Texas Government Code Chapter 551, as amended, and a quorum of the City Council was present.

SECTION 5. This ordinance shall become effective immediately upon its passage and approval.

MR 0099

The motion to approve this ordinance was made by _Gerard Hudspeth_ and seconded by _Jesse Davis_ ; the ordinance was passed and approved by the following vote [ 6 - 0 ]:

|                                              | Aye | Nay | Abstain | Absent |
|----------------------------------------------|:---:|:---:|:-------:|:------:|
| Mayor Gerard Hudspeth:                        |  ✓  |     |         |        |
| Vicki Byrd, District 1:                       |  ✓  |     |         |        |
| Brian Beck, District 2:                       |  ✓  |     |         |        |
| Jesse Davis, District 3:                      |  ✓  |     |         |        |
| Alison Maguire, District 4:                   |     |     |    ✓    |        |
| Brandon Chase McGee, At Large Place 5:        |  ✓  |     |         |        |
| Chris Watts, At Large Place 6:                |  ✓  |     |         |        |

PASSED AND APPROVED this the _22nd_ day of _November_ , 2022.

_____
GERARD HUDSPETH, MAYOR

ATTEST:
ROSA RIOS, CITY SECRETARY

BY: _____

APPROVED AS TO LEGAL FORM:
MACK REINWAND, CITY ATTORNEY

BY: _____

MR 0100
40

UNA ORDENANZA DE LA CIUDAD DE DENTON PARA ESCRUTAR RESULTADOS ELECTORALES Y DECLARAR LOS RESULTADOS DE LA ELECCIÓN ESPECIAL CELEBRADA EL 8 DE NOVIEMBRE DE 2022; Y QUE DISPONE UNA FECHA DE ENTRADA EN VIGOR.

POR CUANTO, el Concejo Municipal de la Ciudad de Denton, Texas ("Ciudad"), ordenó la celebración de una elección especial en la Ciudad el día 8 de noviembre de 2022 para las siguientes propuestas: (A) determinar si la concejala Alison Maguire será destituida del escaño del Distrito 4 del Concejo Municipal mediante revocación, y (B) modificar el Código de Ordenanzas de Denton creando el Capítulo 21, artículo V, que se denominará "*Imposición respecto a la marihuana*"; y

POR CUANTO, los funcionarios electorales que celebraron la elección han formulado debidamente las declaraciones de los resultados de las mismas, y dichas declaraciones han sido debidamente entregadas al Concejo Municipal; y

POR CUANTO, la reunión en la que se aprobó esta ordenanza estuvo abierta al público, y se dio aviso público de la hora, el lugar y el propósito de dicha reunión, todo como lo exige el Capítulo 551 del Código de Gobierno de Texas; EN VIRTUD DE LO CUAL;

EL CONCEJO MUNICIPAL DE LA CIUDAD DE DENTON ORDENA LO SIGUIENTE:

SECCIÓN 1. El Concejo Municipal constata y determina de manera oficial que la elección celebrada el día 8 de noviembre de 2022 se ordenó debidamente, se dio aviso oportuno de esta elección, se nombraron adecuadamente funcionarios electorales idóneos antes de esta elección, esta elección se celebró como corresponde, la Ciudad ha acatado tanto la Ley Federal de Derecho al Voto como el Código Electoral de Texas, se formularon y entregaron las declaraciones del resultado de esta elección al Concejo, y el Concejo Municipal ha escrutado debidamente estas declaraciones, todo de conformidad con la ley y la ordenanza que convoca a esta elección.

SECCIÓN 2. Habiéndose abierto, examinado y escrutado las declaraciones oficiales de los funcionarios electorales, y el Concejo Municipal constata y determina de manera oficial que se emitieron 16,270 votos en esta elección sobre la PROPUESTA A presentada, y que se emitieron 46,677 votos en esta elección sobre la PROPUESTA B presentada por parte de los residentes, electores calificados de la Ciudad, que votaron en la elección y que los votos emitidos para dichas propuestas en la boleta electoral para la elección fueron los siguientes:

VOTACIÓN ANTICIPADA/A DISTANCIA:

**CIUDAD DE DENTON PROPUESTA A**

¿Debe destituirse a Alison Maguire del Concejo Municipal mediante revocación?

A FAVOR 6,836    EN CONTRA 3,782

**CIUDAD DE DENTON PROPUESTA B**

¿Se debe aprobar una ordenanza de iniciativa para eliminar la imposición de delitos de bajo nivel relacionados con la marihuana?

A FAVOR 24,099    EN CONTRA 10,213

VOTACIÓN EN EL DÍA DE LA ELECCIÓN:

**CIUDAD DE DENTON PROPUESTA A**

¿Debe destituirse a Alison Maguire del Concejo Municipal mediante revocación?

A FAVOR 1,847    EN CONTRA 1,116

**CIUDAD DE DENTON PROPUESTA B**

¿Se debe aprobar una ordenanza de iniciativa para eliminar la imposición de delitos de bajo nivel relacionados con la marihuana?

A FAVOR 8,574    EN CONTRA 2,915

TOTAL DE VOTOS EMITIDOS:

**CIUDAD DE DENTON PROPUESTA A**

¿Debe destituirse a Alison Maguire del Concejo Municipal mediante revocación?

A FAVOR 8,683    EN CONTRA 4,898

**CIUDAD DE DENTON PROPUESTA B**

¿Se debe aprobar una ordenanza de iniciativa para eliminar la imposición de delitos de bajo nivel relacionados con la marihuana?

A FAVOR 32,673    EN CONTRA 13,128

SECCIÓN 3. El Concejo Municipal declara de manera oficial que el resultado de dichas elecciones especiales es que LAS PROPUESTAS A y B así presentadas HAN recibido un voto mayoritario favorable en todos los aspectos y han GANADO. El Concejo Municipal constata y declara que la concejala Alison Maguire es destituida de su cargo mediante revocación. De conformidad con la Sección 2 de la Ordenanza N.° 22-1198, que se incorpora al presente documento por referencia y forma parte de esta ordenanza para todos los propósitos, se ha aprobado el Capítulo 21, Artículo V del Código de la Ciudad, que se denominará "Imposición respecto a la marihuana", y adoptado por una mayoría de los votantes calificados de la Ciudad de Denton, y por la presente se ordena a la Secretaria Municipal que ingrese una copia completa de la Ordenanza N.° 22-1198 en las actas oficiales de esta reunión y que codifique la Sección 2 de la Ordenanza N.° 22-1198 en el Código de Ordenanzas de Denton.

SECCIÓN 4. El Concejo Municipal constata y determina que la reunión en la que se considera esta ordenanza está abierta al público, y que se notificó de la misma de conformidad con las disposiciones de la Ley de Reuniones Públicas de Texas (Capítulo 551 del Código de Gobierno de Texas), con sus modificaciones, y que hubo *quorum* del Concejo Municipal.

SECCIÓN 5. Esta ordenanza entrará en vigencia inmediatamente después de su promulgación y aprobación.

La moción para aprobar esta ordenanza fue formulada por ___Gerard Hudspeth___ y secundada por ___Jesse Davis___ ; la ordenanza fue promulgada y aprobada por el siguiente voto [ 6 - 0 ]:

|  | Sí | No | Abstención | Ausente |
|---|---|---|---|---|
| Gerard Hudspeth, alcalde: | ✓ | | | |
| Vicki Byrd, Distrito 1: | ✓ | | | |
| Brian Beck, Distrito 2: | ✓ | | | |
| Jesse Davis, Distrito 3: | ✓ | | | |
| Alison Maguire, Distrito 4: | | | ✓ | |
| Brandon Chase McGee, posición en general 5: | ✓ | | | |
| Chris Watts, posición en general 6: | ✓ | | | |

PROMULGADA Y APROBADA el día ___22___ de ___noviembre___ de 2022.

_____
GERARD HUDSPETH, ALCALDE

DOY FE:
ROSA RÍOS, SECRETARIA MUNICIPAL

POR: _____

APROBADO EN CUANTO A LA FORMA JURÍDICA:
MACK REINWAND, ABOGADO DE LA CIUDAD



POR: _____

# PROPOSITION A
## NOVEMBER 8, 2022 SPECIAL ELECTION

**Denton County**

General & Special Elections

11/8/2022

Page 1

## CITY OF DENTON PROPOSITION A

| Precinct | YES | NO | Cast Votes | Undervotes | Overvotes | Absentee Voting Ballots Cast | Early Voting Ballots Cast | Election Day Voting Ballots Cast | Total Ballots Cast | Registered Voters | Turnout Percentage |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 4161 | 680 | 509 | 1,189 | 255 | 2 | 61 | 981 | 404 | 1,446 | 3,122 | 46.32% |
| 4162 | 247 | 166 | 413 | 73 | 0 | 14 | 329 | 143 | 486 | 908 | 53.52% |
| 4164 | 1,090 | 795 | 1,885 | 457 | 0 | 128 | 1,683 | 532 | 2,343 | 4,433 | 52.85% |
| 4179 | 1,046 | 750 | 1,796 | 340 | 4 | 84 | 1,482 | 575 | 2,141 | 3,706 | 57.77% |
| 4180 | 447 | 286 | 733 | 156 | 1 | 55 | 653 | 182 | 890 | 1,394 | 63.85% |
| 4181 | 1,090 | 809 | 1,899 | 427 | 2 | 131 | 1,546 | 652 | 2,329 | 4,380 | 53.17% |
| 4182 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 4 | 0.00% |
| 4183 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0.00% |
| 4184 | 1,232 | 693 | 1,925 | 519 | 2 | 98 | 1,628 | 720 | 2,446 | 4,196 | 58.29% |
| 4185 | 1,130 | 328 | 1,458 | 167 | 1 | 129 | 1,333 | 164 | 1,626 | 1,990 | 81.71% |
| 4186 | 1,721 | 562 | 2,283 | 283 | 0 | 174 | 2,163 | 233 | 2,570 | 3,033 | 84.73% |
| **Totals** | **8,683** | **4,898** | **13,581** | **2,677** | **12** | **874** | **11,798** | **3,605** | **16,277** | **27,166** | **59.92%** |

**Denton County**

General & Special Elections

11/8/2022

Page 2

**Unofficial Results**

**Registered Voters**

16277 of 27166 = 59.92%

**Precincts Reporting**

11 of 11 = 100.00%

*** End of report ***

**City of Denton Dist 4 Cumulative**

**Denton County**

**Unofficial Results**

**Registered Voters**
16277 of 27166 = 59.92%

**Precincts Reporting**
11 of 11 = 100.00%

General & Special Elections

| Run Time | 10:45 AM |
|---|---|
| Run Date | 11/21/2022 |

11/8/2022

Page 1

## CITY OF DENTON PROPOSITION A

| Choice | Party | Absentee Voting | | Early Voting | | Election Day Voting | | Total | |
|---|---|---|---|---|---|---|---|---|---|
| YES | | 459 | 60.63% | 6,377 | 64.67% | 1,847 | 62.34% | 8,683 | 63.93% |
| NO | | 298 | 39.37% | 3,484 | 35.33% | 1,116 | 37.66% | 4,898 | 36.07% |
| Cast Votes: | | 757 | 100.00% | 9,861 | 100.00% | 2,963 | 100.00% | 13,581 | 100.00% |
| Undervotes: | | 113 | | 1,925 | | 639 | | 2,677 | |
| Overvotes: | | 0 | | 10 | | 2 | | 12 | |

*** End of report ***

**City of Denton Dist 4 Precinct**

Run Time            10:46 AM
Run Date           11/21/2022

**Denton County**

General & Special Elections

11/8/2022

Page 1

**Unofficial Results**

**Registered Voters**
16277 of 27166 = 59.92%

**Precincts Reporting**
11 of 11 = 100.00%

**4161**                                    1,446 of 3,122 registered voters = 46.32%

## CITY OF DENTON PROPOSITION A

| Choice | Party | Absentee Voting | | Early Voting | | Election Day Voting | | Total | |
|--------|-------|-----------------|---|--------------|---|---------------------|---|-------|---|
| YES | | 35 | 66.04% | 459 | 57.74% | 186 | 54.55% | 680 | 57.19% |
| NO | | 18 | 33.96% | 336 | 42.26% | 155 | 45.45% | 509 | 42.81% |
| | Cast Votes: | 53 | 100.00% | 795 | 100.00% | 341 | 100.00% | 1,189 | 100.00% |
| | Undervotes: | 8 | | 184 | | 63 | | 255 | |
| | Overvotes: | 0 | | 2 | | 0 | | 2 | |

| City of Denton Dist 4 Precinct | Denton County | Unofficial Results |
|---|---|---|

**City of Denton Dist 4 Precinct**

| | |
|---|---|
| Run Time | 10:46 AM |
| Run Date | 11/21/2022 |

**Denton County**

General & Special Elections

11/8/2022

Page 2

**Unofficial Results**

**Registered Voters**

16277 of 27166 = 59.92%

**Precincts Reporting**

11 of 11 = 100.00%

**4162**                                                      486 of 908 registered voters = 53.52%

## CITY OF DENTON PROPOSITION A

| Choice | Party | Absentee Voting | | Early Voting | | Election Day Voting | | Total | |
|---|---|---|---|---|---|---|---|---|---|
| YES | | 7 | 63.64% | 156 | 55.71% | 84 | 68.85% | 247 | 59.81% |
| NO | | 4 | 36.36% | 124 | 44.29% | 38 | 31.15% | 166 | 40.19% |
| Cast Votes: | | 11 | 100.00% | 280 | 100.00% | 122 | 100.00% | 413 | 100.00% |
| Undervotes: | | 3 | | 49 | | 21 | | 73 | |
| Overvotes: | | 0 | | 0 | | 0 | | 0 | |

**City of Denton Dist 4 Precinct**

**Denton County**

**Unofficial Results**

**Registered Voters**
16277 of 27166 = 59.92%

General & Special Elections

**Precincts Reporting**
11 of 11 = 100.00%

Run Time 10:46 AM
Run Date 11/21/2022

11/8/2022
Page 3

**4164**                                                    2,343 of 4,433 registered voters = 52.85%

## CITY OF DENTON PROPOSITION A

| Choice | Party | Absentee Voting | | Early Voting | | Election Day Voting | | Total | |
|---|---|---|---|---|---|---|---|---|---|
| YES | | 50 | 45.87% | 778 | 57.16% | 262 | 63.13% | 1,090 | 57.82% |
| NO | | 59 | 54.13% | 583 | 42.84% | 153 | 36.87% | 795 | 42.18% |
| Cast Votes: | | 109 | 100.00% | 1,361 | 100.00% | 415 | 100.00% | 1,885 | 100.00% |
| Undervotes: | | 18 | | 322 | | 117 | | 457 | |
| Overvotes: | | 0 | | 0 | | 0 | | 0 | |

51
MR 0111

**City of Denton Dist 4 Precinct**

**Denton County**

**Unofficial Results**

**Registered Voters**

16277 of 27166 = 59.92%

**Precincts Reporting**

11 of 11 = 100.00%

General & Special Elections

11/8/2022

Page 4

| Run Time | 10:46 AM |
| Run Date | 11/21/2022 |

**4179**                                                            2,141 of 3,706 registered voters = 57.77%

## CITY OF DENTON PROPOSITION A

| Choice | Party | Absentee Voting | | Early Voting | | Election Day Voting | | Total | |
|--------|-------|----------------:|---|-------------:|---|--------------------:|---|------:|---|
| YES |  | 45 | 58.44% | 726 | 58.50% | 275 | 57.53% | 1,046 | 58.24% |
| NO |  | 32 | 41.56% | 515 | 41.50% | 203 | 42.47% | 750 | 41.76% |
| Cast Votes: |  | 77 | 100.00% | 1,241 | 100.00% | 478 | 100.00% | 1,796 | 100.00% |
| Undervotes: |  | 7 |  | 238 |  | 95 |  | 340 |  |
| Overvotes: |  | 0 |  | 3 |  | 1 |  | 4 |  |

| City of Denton Dist 4 Precinct | Denton County | Unofficial Results |
|---|---|---|
| | | **Registered Voters** |
| | | 16277 of 27166 = 59.92% |
| | General & Special Elections | **Precincts Reporting** |
| | | 11 of 11 = 100.00% |
| Run Time 10:46 AM | 11/8/2022 | |
| Run Date 11/21/2022 | Page 5 | |

**4180**                                           890 of 1,394 registered voters = 63.85%

## CITY OF DENTON PROPOSITION A

| Choice | Party | Absentee Voting | | Early Voting | | Election Day Voting | | Total | |
|---|---|---|---|---|---|---|---|---|---|
| YES | | 27 | 52.94% | 327 | 61.01% | 93 | 63.70% | 447 | 60.98% |
| NO | | 24 | 47.06% | 209 | 38.99% | 53 | 36.30% | 286 | 39.02% |
| | Cast Votes: | 51 | 100.00% | 536 | 100.00% | 146 | 100.00% | 733 | 100.00% |
| | Undervotes: | 4 | | 116 | | 36 | | 156 | |
| | Overvotes: | 0 | | 1 | | 0 | | 1 | |

**City of Denton Dist 4 Precinct**

Run Time 10:46 AM
Run Date 11/21/2022

**Denton County**

General & Special Elections

11/8/2022

Page 6

**Unofficial Results**

**Registered Voters**
16277 of 27166 = 59.92%

**Precincts Reporting**
11 of 11 = 100.00%

**4181**                                                                2,329 of 4,380 registered voters = 53.17%

### CITY OF DENTON PROPOSITION A

| Choice | Party | Absentee Voting | | Early Voting | | Election Day Voting | | Total | |
|--------|-------|-----------------|--|--------------|--|---------------------|--|-------|--|
| YES | | 62 | 56.88% | 697 | 56.26% | 331 | 60.07% | 1,090 | 57.40% |
| NO | | 47 | 43.12% | 542 | 43.74% | 220 | 39.93% | 809 | 42.60% |
| | Cast Votes: | 109 | 100.00% | 1,239 | 100.00% | 551 | 100.00% | 1,899 | 100.00% |
| | Undervotes: | 21 | | 305 | | 101 | | 427 | |
| | Overvotes: | 0 | | 2 | | 0 | | 2 | |

**City of Denton Dist 4 Precinct**

**Denton County**

General & Special Elections

11/8/2022

Page 7

**Unofficial Results**

**Registered Voters**
16277 of 27166 = 59.92%

**Precincts Reporting**
11 of 11 = 100.00%

Run Time      10:46 AM
Run Date      11/21/2022

**4182**           0 of 4 registered voters = 0.00%

## CITY OF DENTON PROPOSITION A

| Choice | Party | Absentee Voting | | Early Voting | | Election Day Voting | | Total | |
|--------|-------|-----------------|-----|--------------|-----|---------------------|-----|-------|-----|
| YES | | 0 | 0.00% | 0 | 0.00% | 0 | 0.00% | 0 | 0.00% |
| NO | | 0 | 0.00% | 0 | 0.00% | 0 | 0.00% | 0 | 0.00% |
| | Cast Votes: | 0 | 0.00% | 0 | 0.00% | 0 | 0.00% | 0 | 0.00% |
| | Undervotes: | 0 | | 0 | | 0 | | 0 | |
| | Overvotes: | 0 | | 0 | | 0 | | 0 | |

| City of Denton Dist 4 Precinct | Denton County | Unofficial Results |
|---|---|---|
| | | **Registered Voters** |
| | | 16277 of 27166 = 59.92% |
| | General & Special Elections | **Precincts Reporting** |
| | | 11 of 11 = 100.00% |
| Run Time | 10:46 AM | 11/8/2022 | |
| Run Date | 11/21/2022 | Page 8 | |

**4183**                                                     0 of 0 registered voters = 0.00%

## CITY OF DENTON PROPOSITION A

| Choice | Party | Absentee Voting | | Early Voting | | Election Day Voting | | Total | |
|---|---|---|---|---|---|---|---|---|---|
| YES | | 0 | 0.00% | 0 | 0.00% | 0 | 0.00% | 0 | 0.00% |
| NO | | 0 | 0.00% | 0 | 0.00% | 0 | 0.00% | 0 | 0.00% |
| | Cast Votes: | 0 | 0.00% | 0 | 0.00% | 0 | 0.00% | 0 | 0.00% |
| | Undervotes: | 0 | | 0 | | 0 | | 0 | |
| | Overvotes: | 0 | | 0 | | 0 | | 0 | |

**City of Denton Dist 4 Precinct**

Run Time 10:46 AM
Run Date 11/21/2022

**Denton County**

General & Special Elections

11/8/2022

Page 9

**Unofficial Results**

**Registered Voters**
16277 of 27166 = 59.92%

**Precincts Reporting**
11 of 11 = 100.00%

**4184**                                                                2,446 of 4,196 registered voters = 58.29%

## CITY OF DENTON PROPOSITION A

| Choice | Party | Absentee Voting | | Early Voting | | Election Day Voting | | Total | |
|--------|-------|-----------------|--|--------------|--|---------------------|--|-------|--|
| YES | | 54 | 65.85% | 819 | 63.74% | 359 | 64.34% | 1,232 | 64.00% |
| NO | | 28 | 34.15% | 466 | 36.26% | 199 | 35.66% | 693 | 36.00% |
| | Cast Votes: | 82 | 100.00% | 1,285 | 100.00% | 558 | 100.00% | 1,925 | 100.00% |
| | Undervotes: | 16 | | 342 | | 161 | | 519 | |
| | Overvotes: | 0 | | 1 | | 1 | | 2 | |

57

MR 0117

| City of Denton Dist 4 Precinct | Denton County | Unofficial Results |
|---|---|---|
| | | **Registered Voters** |
| | | 16277 of 27166 = 59.92% |
| | General & Special Elections | **Precincts Reporting** |
| | | 11 of 11 = 100.00% |
| Run Time 10:46 AM | 11/8/2022 | |
| Run Date 11/21/2022 | Page 10 | |

**4185**                                                    1,626 of 1,990 registered voters = 81.71%

## CITY OF DENTON PROPOSITION A

| Choice | Party | Absentee Voting | | Early Voting | | Election Day Voting | | Total | |
|---|---|---|---|---|---|---|---|---|---|
| YES | | 75 | 65.22% | 948 | 79.33% | 107 | 72.30% | 1,130 | 77.50% |
| NO | | 40 | 34.78% | 247 | 20.67% | 41 | 27.70% | 328 | 22.50% |
| | Cast Votes: | 115 | 100.00% | 1,195 | 100.00% | 148 | 100.00% | 1,458 | 100.00% |
| | Undervotes: | 14 | | 137 | | 16 | | 167 | |
| | Overvotes: | 0 | | 1 | | 0 | | 1 | |

| City of Denton Dist 4 Precinct | | Denton County | Unofficial Results |
| --- | --- | --- | --- |
| | | | **Registered Voters** |
| | | | 16277 of 27166 = 59.92% |
| | | General & Special Elections | **Precincts Reporting** |
| | | | 11 of 11 = 100.00% |
| Run Time | 10:46 AM | 11/8/2022 | |
| Run Date | 11/21/2022 | Page 11 | |

**4186**                                                         2,570 of 3,033 registered voters = 84.73%

## CITY OF DENTON PROPOSITION A

| Choice | Party | Absentee Voting | | Early Voting | | Election Day Voting | | Total | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| YES | | 104 | 69.33% | 1,467 | 76.05% | 150 | 73.53% | 1,721 | 75.38% |
| NO | | 46 | 30.67% | 462 | 23.95% | 54 | 26.47% | 562 | 24.62% |
| | Cast Votes: | 150 | 100.00% | 1,929 | 100.00% | 204 | 100.00% | 2,283 | 100.00% |
| | Undervotes: | 22 | | 232 | | 29 | | 283 | |
| | Overvotes: | 0 | | 0 | | 0 | | 0 | |

*** End of report ***

# PROPOSITION B
## NOVEMBER 8, 2022 SPECIAL ELECTION

**Denton County**

General & Special Elections

11/8/2022

Page 1

## CITY OF DENTON PROPOSITION B

| Precinct | FOR THE ORDINANCE | AGAINST THE ORDINANCE | Cast Votes | Undervotes | Overvotes | Absentee Voting Ballots Cast | Early Voting Ballots Cast | Election Day Voting Ballots Cast | Total Ballots Cast | Registered Voters | Turnout Percentage |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1007 | 26 | 14 | 40 | 1 | 0 | 1 | 25 | 15 | 41 | 76 | 53.95% |
| 1056 | 116 | 68 | 184 | 7 | 0 | 6 | 154 | 31 | 191 | 328 | 58.23% |
| 1057 | 184 | 70 | 254 | 5 | 0 | 3 | 162 | 94 | 259 | 574 | 45.12% |
| 1058 | 880 | 297 | 1,177 | 12 | 1 | 44 | 817 | 331 | 1,192 | 2,670 | 44.64% |
| 1059 | 1,415 | 477 | 1,892 | 23 | 3 | 95 | 1,314 | 512 | 1,921 | 3,311 | 58.02% |
| 1060 | 553 | 245 | 798 | 14 | 0 | 147 | 520 | 147 | 814 | 1,354 | 60.12% |
| 1061 | 1,249 | 424 | 1,673 | 26 | 4 | 68 | 1,207 | 428 | 1,703 | 3,545 | 48.04% |
| 1062 | 1,084 | 292 | 1,376 | 20 | 0 | 81 | 985 | 330 | 1,396 | 2,540 | 54.96% |
| 1063 | 711 | 350 | 1,061 | 18 | 1 | 48 | 805 | 228 | 1,081 | 1,938 | 55.78% |
| 1064 | 1,357 | 521 | 1,878 | 15 | 0 | 129 | 1,386 | 378 | 1,893 | 2,889 | 65.52% |
| 1065 | 417 | 128 | 545 | 8 | 1 | 23 | 363 | 168 | 554 | 1,294 | 42.81% |
| 1066 | 69 | 33 | 102 | 1 | 1 | 5 | 75 | 24 | 104 | 251 | 41.43% |
| 2067 | 377 | 253 | 630 | 14 | 0 | 21 | 482 | 141 | 644 | 1,564 | 41.18% |
| 2069 | 874 | 419 | 1,293 | 15 | 0 | 44 | 895 | 371 | 1,310 | 2,517 | 52.05% |
| 2070 | 94 | 65 | 159 | 2 | 0 | 3 | 119 | 39 | 161 | 272 | 59.19% |
| 4161 | 955 | 444 | 1,399 | 41 | 6 | 61 | 981 | 404 | 1,446 | 3,122 | 46.32% |
| 4162 | 308 | 162 | 470 | 15 | 1 | 14 | 329 | 143 | 486 | 908 | 53.52% |
| 4163 | 997 | 448 | 1,445 | 25 | 3 | 28 | 1,009 | 436 | 1,473 | 3,201 | 46.02% |
| 4164 | 1,477 | 791 | 2,268 | 68 | 6 | 128 | 1,683 | 532 | 2,343 | 4,433 | 52.85% |
| 4165 | 1,815 | 500 | 2,315 | 36 | 1 | 126 | 1,577 | 653 | 2,356 | 6,387 | 36.89% |

MR 0121

**City of Denton Canvass**

Run Time 10:45 AM
Run Date 11/21/2022

**Denton County**

General & Special Elections

11/8/2022

Page 2

**Unofficial Results**

**Registered Voters**
46705 of 92240 = 50.63%

**Precincts Reporting**
45 of 45 = 100.00%

## CITY OF DENTON PROPOSITION B

### CITY OF DENTON PROPOSITION B

| Precinct | FOR THE ORDINANCE | AGAINST THE ORDINANCE | Cast Votes | Undervotes | Overvotes | Absentee Voting Ballots Cast | Early Voting Ballots Cast | Election Day Voting Ballots Cast | Total Ballots Cast | Registered Voters | Turnout Percentage |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 4166 | 698 | 247 | 945 | 8 | 0 | 38 | 648 | 267 | 953 | 2,203 | 43.26% |
| 4167 | 1,492 | 321 | 1,813 | 14 | 1 | 62 | 1,272 | 497 | 1,831 | 4,498 | 40.71% |
| 4168 | 830 | 119 | 949 | 1 | 0 | 26 | 666 | 259 | 951 | 1,902 | 50.00% |
| 4169 | 1,340 | 228 | 1,568 | 22 | 1 | 67 | 1,125 | 399 | 1,591 | 3,012 | 52.82% |
| 4170 | 1,855 | 164 | 2,019 | 22 | 1 | 11 | 1,372 | 660 | 2,043 | 5,048 | 40.47% |
| 4171 | 153 | 20 | 173 | 2 | 0 | 2 | 120 | 53 | 175 | 396 | 44.19% |
| 4172 | 732 | 68 | 800 | 9 | 0 | 5 | 527 | 277 | 809 | 2,176 | 37.18% |
| 4173 | 4 | 1 | 5 | 0 | 0 | 0 | 5 | 0 | 5 | 20 | 25.00% |
| 4174 | 699 | 55 | 754 | 10 | 0 | 5 | 488 | 271 | 764 | 2,091 | 36.54% |
| 4175 | 106 | 14 | 120 | 1 | 0 | 1 | 77 | 43 | 121 | 386 | 31.35% |
| 4176 | 1,072 | 598 | 1,670 | 23 | 4 | 135 | 1,246 | 318 | 1,699 | 2,841 | 59.80% |
| 4177 | 268 | 48 | 316 | 1 | 0 | 4 | 217 | 96 | 317 | 906 | 34.99% |
| 4178 | 783 | 194 | 977 | 14 | 2 | 37 | 670 | 286 | 993 | 2,093 | 47.44% |
| 4179 | 1,339 | 754 | 2,093 | 43 | 4 | 84 | 1,482 | 575 | 2,141 | 3,706 | 57.77% |
| 4180 | 538 | 320 | 858 | 30 | 2 | 55 | 653 | 182 | 890 | 1,394 | 63.85% |
| 4181 | 1,495 | 765 | 2,260 | 64 | 4 | 131 | 1,546 | 652 | 2,329 | 4,380 | 53.17% |
| 4182 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 4 | 0.00% |
| 4183 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0.00% |
| 4184 | 1,362 | 995 | 2,357 | 87 | 2 | 98 | 1,628 | 720 | 2,446 | 4,196 | 58.29% |
| 4185 | 786 | 804 | 1,590 | 33 | 3 | 129 | 1,333 | 164 | 1,626 | 1,990 | 81.71% |

MR 0122

**City of Denton Canvass**

Run Time 10:45 AM
Run Date 11/21/2022

**Denton County**

General & Special Elections

11/8/2022

Page 3

**Unofficial Results**

**Registered Voters**
46705 of 92240 = 50.63%

**Precincts Reporting**
45 of 45 = 100.00%

## CITY OF DENTON PROPOSITION B

| Precinct | FOR THE ORDINANCE | AGAINST THE ORDINANCE | Cast Votes | Undervotes | Overvotes | Absentee Voting Ballots Cast | Early Voting Ballots Cast | Election Day Voting Ballots Cast | Total Ballots Cast | Registered Voters | Turnout Percentage |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 4186 | 1,300 | 1,207 | 2,507 | 56 | 3 | 174 | 2,163 | 233 | 2,570 | 3,033 | 84.73% |
| 4187 | 747 | 117 | 864 | 10 | 0 | 13 | 554 | 307 | 874 | 2,377 | 36.77% |
| 4189 | 110 | 80 | 190 | 5 | 0 | 9 | 124 | 62 | 195 | 390 | 50.00% |
| 4193 | 6 | 2 | 8 | 0 | 0 | 0 | 7 | 1 | 8 | 15 | 53.33% |
| 4197 | 0 | 6 | 6 | 0 | 0 | 1 | 5 | 0 | 6 | 9 | 66.67% |
| **Totals** | **32,673** | **13,128** | **45,801** | **821** | **55** | **2,162** | **32,816** | **11,727** | **46,705** | **92,240** | **50.63%** |

63

MR 0123

**Denton County**

General & Special Elections

11/8/2022

Page 4

Unofficial Results

**Registered Voters**
46705 of 92240 = 50.63%

**Precincts Reporting**
45 of 45 = 100.00%

*** End of report ***

| City of Denton Cumulative | Denton County | Unofficial Results |
|---|---|---|
| | | **Registered Voters** |
| | | 46705 of 92240 = 50.63% |
| | General & Special Elections | **Precincts Reporting** |
| | | 45 of 45 = 100.00% |
| Run Time 10:36 AM | 11/8/2022 | |
| Run Date 11/21/2022 | Page 1 | |

## CITY OF DENTON PROPOSITION B

| Choice | Party | Absentee Voting | | Early Voting | | Election Day Voting | | Total | |
|---|---|---|---|---|---|---|---|---|---|
| FOR THE ORDINANCE | | 1,343 | 64.51% | 22,756 | 70.61% | 8,574 | 74.63% | 32,673 | 71.34% |
| AGAINST THE ORDINANCE | | 739 | 35.49% | 9,474 | 29.39% | 2,915 | 25.37% | 13,128 | 28.66% |
| | Cast Votes: | 2,082 | 100.00% | 32,230 | 100.00% | 11,489 | 100.00% | 45,801 | 100.00% |
| | Undervotes: | 57 | | 544 | | 220 | | 821 | |
| | Overvotes: | 0 | | 39 | | 16 | | 55 | |

*** End of report ***

**City of Denton Precinct**

General & Special Elections

11/8/2022

Page 1

| Run Time | 10:36 AM |
|---|---|
| Run Date | 11/21/2022 |

**Denton County**

**Unofficial Results**

**Registered Voters**
46705 of 92240 = 50.63%

**Precincts Reporting**
45 of 45 = 100.00%

**1007**                                            41 of 76 registered voters = 53.95%

## CITY OF DENTON PROPOSITION B

| Choice | Party | Absentee Voting | | Early Voting | | Election Day Voting | | Total | |
|---|---|---|---|---|---|---|---|---|---|
| FOR THE ORDINANCE | | 1 | 100.00% | 14 | 56.00% | 11 | 78.57% | 26 | 65.00% |
| AGAINST THE ORDINANCE | | 0 | 0.00% | 11 | 44.00% | 3 | 21.43% | 14 | 35.00% |
| Cast Votes: | | 1 | 100.00% | 25 | 100.00% | 14 | 100.00% | 40 | 100.00% |
| Undervotes: | | 0 | | 0 | | 1 | | 1 | |
| Overvotes: | | 0 | | 0 | | 0 | | 0 | |

| City of Denton Precinct | Denton County | Unofficial Results |
|---|---|---|
| | | **Registered Voters** |
| | | 46705 of 92240 = 50.63% |
| | General & Special Elections | **Precincts Reporting** |
| | | 45 of 45 = 100.00% |
| Run Time 10:36 AM | 11/8/2022 | |
| Run Date 11/21/2022 | Page 2 | |

**1056**                                                                        191 of 328 registered voters = 58.23%

## CITY OF DENTON PROPOSITION B

| Choice | Party | Absentee Voting | | Early Voting | | Election Day Voting | | Total | |
|---|---|---|---|---|---|---|---|---|---|
| FOR THE ORDINANCE | | 4 | 66.67% | 92 | 62.59% | 20 | 64.52% | 116 | 63.04% |
| AGAINST THE ORDINANCE | | 2 | 33.33% | 55 | 37.41% | 11 | 35.48% | 68 | 36.96% |
| | Cast Votes: | 6 | 100.00% | 147 | 100.00% | 31 | 100.00% | 184 | 100.00% |
| | Undervotes: | 0 | | 7 | | 0 | | 7 | |
| | Overvotes: | 0 | | 0 | | 0 | | 0 | |

| City of Denton Precinct | | Denton County | Unofficial Results |
| --- | --- | --- | --- |
| | | | **Registered Voters** |
| | | | 46705 of 92240 = 50.63% |
| | | General & Special Elections | **Precincts Reporting** |
| | | | 45 of 45 = 100.00% |
| | | 11/8/2022 | |
| Run Time | 10:36 AM | Page 3 | |
| Run Date | 11/21/2022 | | |

**1057**                                                    259 of 574 registered voters = 45.12%

## CITY OF DENTON PROPOSITION B

| Choice | Party | Absentee Voting | | Early Voting | | Election Day Voting | | Total | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| FOR THE ORDINANCE | | 1 | 33.33% | 117 | 74.05% | 66 | 70.97% | 184 | 72.44% |
| AGAINST THE ORDINANCE | | 2 | 66.67% | 41 | 25.95% | 27 | 29.03% | 70 | 27.56% |
| | Cast Votes: | 3 | 100.00% | 158 | 100.00% | 93 | 100.00% | 254 | 100.00% |
| | Undervotes: | 0 | | 4 | | 1 | | 5 | |
| | Overvotes: | 0 | | 0 | | 0 | | 0 | |

| City of Denton Precinct | Denton County | Unofficial Results |
|---|---|---|
| | | **Registered Voters** |
| | | 46705 of 92240 = 50.63% |
| | General & Special Elections | **Precincts Reporting** |
| | | 45 of 45 = 100.00% |
| Run Time 10:36 AM | 11/8/2022 | |
| Run Date 11/21/2022 | Page 4 | |

**1058**                                                1,192 of 2,670 registered voters = 44.64%

## CITY OF DENTON PROPOSITION B

| Choice | Party | Absentee Voting | | Early Voting | | Election Day Voting | | Total | |
|---|---|---|---|---|---|---|---|---|---|
| FOR THE ORDINANCE | | 27 | 62.79% | 607 | 75.12% | 246 | 75.46% | 880 | 74.77% |
| AGAINST THE ORDINANCE | | 16 | 37.21% | 201 | 24.88% | 80 | 24.54% | 297 | 25.23% |
| Cast Votes: | | 43 | 100.00% | 808 | 100.00% | 326 | 100.00% | 1,177 | 100.00% |
| Undervotes: | | 0 | | 8 | | 4 | | 12 | |
| Overvotes: | | 0 | | 1 | | 0 | | 1 | |

| City of Denton Precinct | Denton County | Unofficial Results |
|---|---|---|

**Denton County**

General & Special Elections

11/8/2022

Page 5

**Registered Voters**

46705 of 92240 = 50.63%

**Precincts Reporting**

45 of 45 = 100.00%

Run Time 10:36 AM

Run Date 11/21/2022

**1059** 1,921 of 3,311 registered voters = 58.02%

## CITY OF DENTON PROPOSITION B

| Choice | Party | Absentee Voting | | Early Voting | | Election Day Voting | | Total | |
|---|---|---|---|---|---|---|---|---|---|
| FOR THE ORDINANCE | | 56 | 62.92% | 968 | 74.58% | 391 | 77.43% | 1,415 | 74.79% |
| AGAINST THE ORDINANCE | | 33 | 37.08% | 330 | 25.42% | 114 | 22.57% | 477 | 25.21% |
| | Cast Votes: | 89 | 100.00% | 1,298 | 100.00% | 505 | 100.00% | 1,892 | 100.00% |
| | Undervotes: | 3 | | 14 | | 6 | | 23 | |
| | Overvotes: | 0 | | 2 | | 1 | | 3 | |

| City of Denton Precinct | Denton County | Unofficial Results |
|---|---|---|
| | | **Registered Voters** |
| | | 46705 of 92240 = 50.63% |
| | General & Special Elections | **Precincts Reporting** |
| | | 45 of 45 = 100.00% |
| Run Time 10:36 AM | 11/8/2022 | |
| Run Date 11/21/2022 | Page 6 | |

**1060**                                                                814 of 1,354 registered voters = 60.12%

## CITY OF DENTON PROPOSITION B

| Choice | Party | Absentee Voting | | Early Voting | | Election Day Voting | | Total | |
|---|---|---|---|---|---|---|---|---|---|
| FOR THE ORDINANCE | | 95 | 67.86% | 352 | 68.62% | 106 | 73.10% | 553 | 69.30% |
| AGAINST THE ORDINANCE | | 45 | 32.14% | 161 | 31.38% | 39 | 26.90% | 245 | 30.70% |
| | Cast Votes: | 140 | 100.00% | 513 | 100.00% | 145 | 100.00% | 798 | 100.00% |
| | Undervotes: | 5 | | 7 | | 2 | | 14 | |
| | Overvotes: | 0 | | 0 | | 0 | | 0 | |

| City of Denton Precinct | Denton County | Unofficial Results |
|---|---|---|
| | | **Registered Voters** |
| | | 46705 of 92240 = 50.63% |
| | General & Special Elections | **Precincts Reporting** |
| | | 45 of 45 = 100.00% |
| Run Time 10:36 AM | 11/8/2022 | |
| Run Date 11/21/2022 | Page 7 | |

**1061**                                                    1,703 of 3,545 registered voters = 48.04%

## CITY OF DENTON PROPOSITION B

| Choice | Party | Absentee Voting | | Early Voting | | Election Day Voting | | | Total | |
|---|---|---|---|---|---|---|---|---|---|---|
| FOR THE ORDINANCE | | 47 | 71.21% | 875 | 73.72% | 327 | 77.86% | | 1,249 | 74.66% |
| AGAINST THE ORDINANCE | | 19 | 28.79% | 312 | 26.28% | 93 | 22.14% | | 424 | 25.34% |
| | Cast Votes: | 66 | 100.00% | 1,187 | 100.00% | 420 | 100.00% | | 1,673 | 100.00% |
| | Undervotes: | 2 | | 18 | | 6 | | | 26 | |
| | Overvotes: | 0 | | 2 | | 2 | | | 4 | |

| City of Denton Precinct | Denton County | Unofficial Results |
|---|---|---|
| | | **Registered Voters** |
| | | 46705 of 92240 = 50.63% |
| | General & Special Elections | **Precincts Reporting** |
| | | 45 of 45 = 100.00% |
| Run Time 10:36 AM | 11/8/2022 | |
| Run Date 11/21/2022 | Page 8 | |

**1062**          1,396 of 2,540 registered voters = 54.96%

## CITY OF DENTON PROPOSITION B

| Choice | Party | Absentee Voting | | Early Voting | | Election Day Voting | | Total | |
|---|---|---|---|---|---|---|---|---|---|
| FOR THE ORDINANCE | | 55 | 71.43% | 771 | 79.00% | 258 | 79.88% | 1,084 | 78.78% |
| AGAINST THE ORDINANCE | | 22 | 28.57% | 205 | 21.00% | 65 | 20.12% | 292 | 21.22% |
| | Cast Votes: | 77 | 100.00% | 976 | 100.00% | 323 | 100.00% | 1,376 | 100.00% |
| | Undervotes: | 4 | | 9 | | 7 | | 20 | |
| | Overvotes: | 0 | | 0 | | 0 | | 0 | |

| City of Denton Precinct | Denton County | Unofficial Results |
|---|---|---|
| | | **Registered Voters** |
| | | 46705 of 92240 = 50.63% |
| | General & Special Elections | **Precincts Reporting** |
| | | 45 of 45 = 100.00% |
| Run Time 10:36 AM | 11/8/2022 | |
| Run Date 11/21/2022 | Page 9 | |

**1063**                                     1,081 of 1,938 registered voters = 55.78%

## CITY OF DENTON PROPOSITION B

| Choice | Party | Absentee Voting | | Early Voting | | Election Day Voting | | Total | |
|---|---|---|---|---|---|---|---|---|---|
| FOR THE ORDINANCE | | 24 | 52.17% | 529 | 66.54% | 158 | 71.82% | 711 | 67.01% |
| AGAINST THE ORDINANCE | | 22 | 47.83% | 266 | 33.46% | 62 | 28.18% | 350 | 32.99% |
| | Cast Votes: | 46 | 100.00% | 795 | 100.00% | 220 | 100.00% | 1,061 | 100.00% |
| | Undervotes: | 1 | | 10 | | 7 | | 18 | |
| | Overvotes: | 0 | | 0 | | 1 | | 1 | |

| City of Denton Precinct | Denton County | Unofficial Results |
|---|---|---|
| | | **Registered Voters** |
| | | 46705 of 92240 = 50.63% |
| | General & Special Elections | **Precincts Reporting** |
| | | 45 of 45 = 100.00% |
| Run Time 10:36 AM | 11/8/2022 | |
| Run Date 11/21/2022 | Page 10 | |

**1064**                                                              1,893 of 2,889 registered voters = 65.52%

## CITY OF DENTON PROPOSITION B

| Choice | Party | Absentee Voting | | Early Voting | | Election Day Voting | | Total | |
|---|---|---|---|---|---|---|---|---|---|
| FOR THE ORDINANCE | | 85 | 66.41% | 998 | 72.58% | 274 | 73.07% | 1,357 | 72.26% |
| AGAINST THE ORDINANCE | | 43 | 33.59% | 377 | 27.42% | 101 | 26.93% | 521 | 27.74% |
| Cast Votes: | | 128 | 100.00% | 1,375 | 100.00% | 375 | 100.00% | 1,878 | 100.00% |
| Undervotes: | | 1 | | 11 | | 3 | | 15 | |
| Overvotes: | | 0 | | 0 | | 0 | | 0 | |

| City of Denton Precinct | Denton County | Unofficial Results |
|---|---|---|
| | | **Registered Voters** |
| | | 46705 of 92240 = 50.63% |
| | General & Special Elections | **Precincts Reporting** |
| | | 45 of 45 = 100.00% |
| Run Time 10:36 AM | 11/8/2022 | |
| Run Date 11/21/2022 | Page 11 | |

**1065**                                            554 of 1,294 registered voters = 42.81%

## CITY OF DENTON PROPOSITION B

| Choice | Party | Absentee Voting | | Early Voting | | Election Day Voting | | Total | |
|---|---|---|---|---|---|---|---|---|---|
| FOR THE ORDINANCE | | 15 | 68.18% | 274 | 76.54% | 128 | 77.58% | 417 | 76.51% |
| AGAINST THE ORDINANCE | | 7 | 31.82% | 84 | 23.46% | 37 | 22.42% | 128 | 23.49% |
| | Cast Votes: | 22 | 100.00% | 358 | 100.00% | 165 | 100.00% | 545 | 100.00% |
| | Undervotes: | 1 | | 4 | | 3 | | 8 | |
| | Overvotes: | 0 | | 1 | | 0 | | 1 | |

| City of Denton Precinct | Denton County | Unofficial Results |
|---|---|---|
| | | **Registered Voters** |
| | | 46705 of 92240 = 50.63% |
| | General & Special Elections | **Precincts Reporting** |
| | | 45 of 45 = 100.00% |
| Run Time 10:36 AM | 11/8/2022 | |
| Run Date 11/21/2022 | Page 12 | |

**1066**                                                                104 of 251 registered voters = 41.43%

## CITY OF DENTON PROPOSITION B

| Choice | Party | Absentee Voting | | Early Voting | | Election Day Voting | | | Total | |
|---|---|---|---|---|---|---|---|---|---|---|
| FOR THE ORDINANCE | | 3 | 60.00% | 52 | 69.33% | 14 | 63.64% | | 69 | 67.65% |
| AGAINST THE ORDINANCE | | 2 | 40.00% | 23 | 30.67% | 8 | 36.36% | | 33 | 32.35% |
| | Cast Votes: | 5 | 100.00% | 75 | 100.00% | 22 | 100.00% | | 102 | 100.00% |
| | Undervotes: | 0 | | 0 | | 1 | | | 1 | |
| | Overvotes: | 0 | | 0 | | 1 | | | 1 | |

| | | |
|---|---|---|
| **City of Denton Precinct** | **Denton County** | **Unofficial Results** |
| | | **Registered Voters** |
| | | 46705 of 92240 = 50.63% |
| | General & Special Elections | **Precincts Reporting** |
| | | 45 of 45 = 100.00% |
| Run Time        10:36 AM | 11/8/2022 | |
| Run Date        11/21/2022 | Page 13 | |

**2067**                                                     644 of 1,564 registered voters = 41.18%

## CITY OF DENTON PROPOSITION B

| Choice | Party | Absentee Voting | | Early Voting | | Election Day Voting | | Total | |
|---|---|---|---|---|---|---|---|---|---|
| FOR THE ORDINANCE | | 9 | 42.86% | 275 | 57.89% | 93 | 69.40% | 377 | 59.84% |
| AGAINST THE ORDINANCE | | 12 | 57.14% | 200 | 42.11% | 41 | 30.60% | 253 | 40.16% |
| | Cast Votes: | 21 | 100.00% | 475 | 100.00% | 134 | 100.00% | 630 | 100.00% |
| | Undervotes: | 0 | | 7 | | 7 | | 14 | |
| | Overvotes: | 0 | | 0 | | 0 | | 0 | |

78

MR 0138

**City of Denton Precinct**

**Denton County**

**Unofficial Results**

**Registered Voters**
46705 of 92240 = 50.63%

**Precincts Reporting**
45 of 45 = 100.00%

General & Special Elections

11/8/2022

Page 14

Run Time 10:36 AM
Run Date 11/21/2022

**2069** 1,310 of 2,517 registered voters = 52.05%

## CITY OF DENTON PROPOSITION B

| Choice | Party | Absentee Voting | | Early Voting | | Election Day Voting | | Total | |
|---|---|---|---|---|---|---|---|---|---|
| FOR THE ORDINANCE | | 29 | 69.05% | 602 | 67.87% | 243 | 66.76% | 874 | 67.59% |
| AGAINST THE ORDINANCE | | 13 | 30.95% | 285 | 32.13% | 121 | 33.24% | 419 | 32.41% |
| | Cast Votes: | 42 | 100.00% | 887 | 100.00% | 364 | 100.00% | 1,293 | 100.00% |
| | Undervotes: | 0 | | 8 | | 7 | | 15 | |
| | Overvotes: | 0 | | 0 | | 0 | | 0 | |

| City of Denton Precinct | Denton County | Unofficial Results |
|---|---|---|
| | | **Registered Voters** |
| | | 46705 of 92240 = 50.63% |
| | General & Special Elections | **Precincts Reporting** |
| | | 45 of 45 = 100.00% |
| Run Time 10:36 AM | 11/8/2022 | |
| Run Date 11/21/2022 | Page 15 | |

**2070**                                                                      161 of 272 registered voters = 59.19%

## CITY OF DENTON PROPOSITION B

| Choice | Party | Absentee Voting | | Early Voting | | Election Day Voting | | Total | |
|---|---|---|---|---|---|---|---|---|---|
| FOR THE ORDINANCE | | 1 | 33.33% | 72 | 61.02% | 21 | 55.26% | 94 | 59.12% |
| AGAINST THE ORDINANCE | | 2 | 66.67% | 46 | 38.98% | 17 | 44.74% | 65 | 40.88% |
| | Cast Votes: | 3 | 100.00% | 118 | 100.00% | 38 | 100.00% | 159 | 100.00% |
| | Undervotes: | 0 | | 1 | | 1 | | 2 | |
| | Overvotes: | 0 | | 0 | | 0 | | 0 | |

| City of Denton Precinct | Denton County | Unofficial Results |
|---|---|---|
| | | **Registered Voters** |
| | | 46705 of 92240 = 50.63% |
| | General & Special Elections | **Precincts Reporting** |
| | | 45 of 45 = 100.00% |
| Run Time 10:36 AM | 11/8/2022 | |
| Run Date 11/21/2022 | Page 16 | |

**4161**                                                          1,446 of 3,122 registered voters = 46.32%

## CITY OF DENTON PROPOSITION B

| Choice | Party | Absentee Voting | | Early Voting | | Election Day Voting | | Total | |
|---|---|---|---|---|---|---|---|---|---|
| FOR THE ORDINANCE | | 35 | 60.34% | 646 | 67.86% | 274 | 70.44% | 955 | 68.26% |
| AGAINST THE ORDINANCE | | 23 | 39.66% | 306 | 32.14% | 115 | 29.56% | 444 | 31.74% |
| | Cast Votes: | 58 | 100.00% | 952 | 100.00% | 389 | 100.00% | 1,399 | 100.00% |
| | Undervotes: | 3 | | 27 | | 11 | | 41 | |
| | Overvotes: | 0 | | 2 | | 4 | | 6 | |

| City of Denton Precinct | Denton County | Unofficial Results |
| --- | --- | --- |
| | | **Registered Voters** |
| | | 46705 of 92240 = 50.63% |
| | General & Special Elections | **Precincts Reporting** |
| | | 45 of 45 = 100.00% |
| Run Time 10:36 AM | 11/8/2022 | |
| Run Date 11/21/2022 | Page 17 | |

**4162**         486 of 908 registered voters = 53.52%

## CITY OF DENTON PROPOSITION B

| Choice | Party | Absentee Voting | | Early Voting | | Election Day Voting | | Total | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| FOR THE ORDINANCE | | 9 | 64.29% | 205 | 64.87% | 94 | 67.14% | 308 | 65.53% |
| AGAINST THE ORDINANCE | | 5 | 35.71% | 111 | 35.13% | 46 | 32.86% | 162 | 34.47% |
| | Cast Votes: | 14 | 100.00% | 316 | 100.00% | 140 | 100.00% | 470 | 100.00% |
| | Undervotes: | 0 | | 12 | | 3 | | 15 | |
| | Overvotes: | 0 | | 1 | | 0 | | 1 | |

| City of Denton Precinct | Denton County | Unofficial Results |
|---|---|---|
| | | **Registered Voters** |
| | | 46705 of 92240 = 50.63% |
| | General & Special Elections | **Precincts Reporting** |
| | | 45 of 45 = 100.00% |
| Run Time 10:36 AM | 11/8/2022 | |
| Run Date 11/21/2022 | Page 18 | |

**4163**                                                            1,473 of 3,201 registered voters = 46.02%

### CITY OF DENTON PROPOSITION B

| Choice | Party | Absentee Voting | | Early Voting | | Election Day Voting | | Total | |
|---|---|---|---|---|---|---|---|---|---|
| FOR THE ORDINANCE | | 23 | 82.14% | 687 | 69.46% | 287 | 67.06% | 997 | 69.00% |
| AGAINST THE ORDINANCE | | 5 | 17.86% | 302 | 30.54% | 141 | 32.94% | 448 | 31.00% |
| | Cast Votes: | 28 | 100.00% | 989 | 100.00% | 428 | 100.00% | 1,445 | 100.00% |
| | Undervotes: | 0 | | 18 | | 7 | | 25 | |
| | Overvotes: | 0 | | 2 | | 1 | | 3 | |

| City of Denton Precinct | Denton County | Unofficial Results |
|---|---|---|
| | | **Registered Voters** |
| | | 46705 of 92240 = 50.63% |
| | General & Special Elections | **Precincts Reporting** |
| | | 45 of 45 = 100.00% |
| Run Time 10:36 AM | 11/8/2022 | |
| Run Date 11/21/2022 | Page 19 | |

**4164**                                              2,343 of 4,433 registered voters = 52.85%

## CITY OF DENTON PROPOSITION B

| Choice | Party | Absentee Voting | | Early Voting | | Election Day Voting | | Total | |
|---|---|---|---|---|---|---|---|---|---|
| FOR THE ORDINANCE | | 76 | 62.81% | 1,044 | 63.97% | 357 | 69.32% | 1,477 | 65.12% |
| AGAINST THE ORDINANCE | | 45 | 37.19% | 588 | 36.03% | 158 | 30.68% | 791 | 34.88% |
| | Cast Votes: | 121 | 100.00% | 1,632 | 100.00% | 515 | 100.00% | 2,268 | 100.00% |
| | Undervotes: | 6 | | 47 | | 15 | | 68 | |
| | Overvotes: | 0 | | 4 | | 2 | | 6 | |

| City of Denton Precinct | Denton County | Unofficial Results |
|---|---|---|
| | | **Registered Voters** |
| | | 46705 of 92240 = 50.63% |
| | General & Special Elections | **Precincts Reporting** |
| | | 45 of 45 = 100.00% |
| Run Time 10:36 AM | 11/8/2022 | |
| Run Date 11/21/2022 | Page 20 | |

**4165**　　　　　　　　　　　　　　　　　　　　　　2,356 of 6,387 registered voters = 36.89%

## CITY OF DENTON PROPOSITION B

| Choice | Party | Absentee Voting | | Early Voting | | Election Day Voting | | Total | |
|---|---|---|---|---|---|---|---|---|---|
| FOR THE ORDINANCE | | 83 | 68.60% | 1,219 | 78.65% | 513 | 79.66% | 1,815 | 78.40% |
| AGAINST THE ORDINANCE | | 38 | 31.40% | 331 | 21.35% | 131 | 20.34% | 500 | 21.60% |
| | Cast Votes: | 121 | 100.00% | 1,550 | 100.00% | 644 | 100.00% | 2,315 | 100.00% |
| | Undervotes: | 1 | | 26 | | 9 | | 36 | |
| | Overvotes: | 0 | | 1 | | 0 | | 1 | |

| City of Denton Precinct | Denton County | Unofficial Results |
|---|---|---|

**City of Denton Precinct**

**Denton County**

General & Special Elections

11/8/2022

Page 21

Run Time 10:36 AM
Run Date 11/21/2022

**Unofficial Results**

**Registered Voters**
46705 of 92240 = 50.63%

**Precincts Reporting**
45 of 45 = 100.00%

**4166**                                                            953 of 2,203 registered voters = 43.26%

## CITY OF DENTON PROPOSITION B

| Choice | Party | Absentee Voting | | Early Voting | | Election Day Voting | | Total | |
|---|---|---|---|---|---|---|---|---|---|
| FOR THE ORDINANCE | | 23 | 62.16% | 486 | 75.58% | 189 | 71.32% | 698 | 73.86% |
| AGAINST THE ORDINANCE | | 14 | 37.84% | 157 | 24.42% | 76 | 28.68% | 247 | 26.14% |
| | Cast Votes: | 37 | 100.00% | 643 | 100.00% | 265 | 100.00% | 945 | 100.00% |
| | Undervotes: | 1 | | 5 | | 2 | | 8 | |
| | Overvotes: | 0 | | 0 | | 0 | | 0 | |

| City of Denton Precinct | Denton County | Unofficial Results |
|---|---|---|
| | | **Registered Voters** |
| | | 46705 of 92240 = 50.63% |
| | General & Special Elections | **Precincts Reporting** |
| | | 45 of 45 = 100.00% |
| Run Time 10:36 AM | 11/8/2022 | |
| Run Date 11/21/2022 | Page 22 | |

**4167**                                        1,831 of 4,498 registered voters = 40.71%

## CITY OF DENTON PROPOSITION B

| Choice | Party | Absentee Voting | | Early Voting | | Election Day Voting | | Total | |
|---|---|---|---|---|---|---|---|---|---|
| FOR THE ORDINANCE | | 37 | 64.91% | 1,041 | 82.55% | 414 | 83.64% | 1,492 | 82.29% |
| AGAINST THE ORDINANCE | | 20 | 35.09% | 220 | 17.45% | 81 | 16.36% | 321 | 17.71% |
| | Cast Votes: | 57 | 100.00% | 1,261 | 100.00% | 495 | 100.00% | 1,813 | 100.00% |
| | Undervotes: | 2 | | 10 | | 2 | | 14 | |
| | Overvotes: | 0 | | 1 | | 0 | | 1 | |

| City of Denton Precinct | Denton County | Unofficial Results |
|---|---|---|
| | | **Registered Voters** |
| | | 46705 of 92240 = 50.63% |
| | General & Special Elections | **Precincts Reporting** |
| | | 45 of 45 = 100.00% |
| Run Time 10:36 AM | 11/8/2022 | |
| Run Date 11/21/2022 | Page 23 | |

**4168**                                                            951 of 1,902 registered voters = 50.00%

## CITY OF DENTON PROPOSITION B

| Choice | Party | Absentee Voting | | Early Voting | | Election Day Voting | | Total | |
|---|---|---|---|---|---|---|---|---|---|
| FOR THE ORDINANCE | | 23 | 92.00% | 583 | 87.54% | 224 | 86.82% | 830 | 87.46% |
| AGAINST THE ORDINANCE | | 2 | 8.00% | 83 | 12.46% | 34 | 13.18% | 119 | 12.54% |
| | Cast Votes: | 25 | 100.00% | 666 | 100.00% | 258 | 100.00% | 949 | 100.00% |
| | Undervotes: | 0 | | 0 | | 1 | | 1 | |
| | Overvotes: | 0 | | 0 | | 0 | | 0 | |

| City of Denton Precinct | Denton County | Unofficial Results |
|---|---|---|
| | | **Registered Voters** |
| | | 46705 of 92240 = 50.63% |
| | General & Special Elections | **Precincts Reporting** |
| | | 45 of 45 = 100.00% |
| Run Time 10:36 AM | 11/8/2022 | |
| Run Date 11/21/2022 | Page 24 | |

**4169**                                                                    1,591 of 3,012 registered voters = 52.82%

## CITY OF DENTON PROPOSITION B

| Choice | Party | Absentee Voting | | Early Voting | | Election Day Voting | | Total | |
|---|---|---|---|---|---|---|---|---|---|
| FOR THE ORDINANCE | | 57 | 86.36% | 954 | 85.56% | 329 | 85.01% | 1,340 | 85.46% |
| AGAINST THE ORDINANCE | | 9 | 13.64% | 161 | 14.44% | 58 | 14.99% | 228 | 14.54% |
| | Cast Votes: | 66 | 100.00% | 1,115 | 100.00% | 387 | 100.00% | 1,568 | 100.00% |
| | Undervotes: | 1 | | 9 | | 12 | | 22 | |
| | Overvotes: | 0 | | 1 | | 0 | | 1 | |

| City of Denton Precinct | | Denton County | Unofficial Results |
|---|---|---|---|
| | | | **Registered Voters** |
| | | | 46705 of 92240 = 50.63% |
| | | General & Special Elections | **Precincts Reporting** |
| | | | 45 of 45 = 100.00% |
| Run Time | 10:36 AM | 11/8/2022 | |
| Run Date | 11/21/2022 | Page 25 | |

**4170**                                                    2,043 of 5,048 registered voters = 40.47%

## CITY OF DENTON PROPOSITION B

| Choice | Party | Absentee Voting | | Early Voting | | Election Day Voting | | Total | |
|---|---|---|---|---|---|---|---|---|---|
| FOR THE ORDINANCE | | 8 | 80.00% | 1,249 | 92.18% | 598 | 91.44% | 1,855 | 91.88% |
| AGAINST THE ORDINANCE | | 2 | 20.00% | 106 | 7.82% | 56 | 8.56% | 164 | 8.12% |
| | Cast Votes: | 10 | 100.00% | 1,355 | 100.00% | 654 | 100.00% | 2,019 | 100.00% |
| | Undervotes: | 1 | | 16 | | 5 | | 22 | |
| | Overvotes: | 0 | | 0 | | 1 | | 1 | |

| City of Denton Precinct | Denton County | Unofficial Results |
|---|---|---|
| | | **Registered Voters** |
| | | 46705 of 92240 = 50.63% |
| | General & Special Elections | **Precincts Reporting** |
| | | 45 of 45 = 100.00% |
| Run Time 10:36 AM | 11/8/2022 | |
| Run Date 11/21/2022 | Page 26 | |

**4171**                                                       175 of 396 registered voters = 44.19%

## CITY OF DENTON PROPOSITION B

| Choice | Party | Absentee Voting | | Early Voting | | Election Day Voting | | Total | |
|---|---|---|---|---|---|---|---|---|---|
| FOR THE ORDINANCE | | 2 | 100.00% | 104 | 87.39% | 47 | 90.38% | 153 | 88.44% |
| AGAINST THE ORDINANCE | | 0 | 0.00% | 15 | 12.61% | 5 | 9.62% | 20 | 11.56% |
| Cast Votes: | | 2 | 100.00% | 119 | 100.00% | 52 | 100.00% | 173 | 100.00% |
| Undervotes: | | 0 | | 1 | | 1 | | 2 | |
| Overvotes: | | 0 | | 0 | | 0 | | 0 | |

| City of Denton Precinct | | Denton County | Unofficial Results |
|---|---|---|---|

**Registered Voters**
46705 of 92240 = 50.63%

**Precincts Reporting**
45 of 45 = 100.00%

General & Special Elections

11/8/2022

Page 27

| Run Time | 10:36 AM |
|---|---|
| Run Date | 11/21/2022 |

**4172**                                          809 of 2,176 registered voters = 37.18%

## CITY OF DENTON PROPOSITION B

| Choice | Party | Absentee Voting | | Early Voting | | Election Day Voting | | Total | |
|---|---|---|---|---|---|---|---|---|---|
| FOR THE ORDINANCE | | 4 | 100.00% | 481 | 92.15% | 247 | 90.15% | 732 | 91.50% |
| AGAINST THE ORDINANCE | | 0 | 0.00% | 41 | 7.85% | 27 | 9.85% | 68 | 8.50% |
| | Cast Votes: | 4 | 100.00% | 522 | 100.00% | 274 | 100.00% | 800 | 100.00% |
| | Undervotes: | 1 | | 5 | | 3 | | 9 | |
| | Overvotes: | 0 | | 0 | | 0 | | 0 | |

| City of Denton Precinct | Denton County | Unofficial Results |
|---|---|---|
| | | **Registered Voters** |
| | | 46705 of 92240 = 50.63% |
| | General & Special Elections | **Precincts Reporting** |
| | | 45 of 45 = 100.00% |
| Run Time 10:36 AM | 11/8/2022 | |
| Run Date 11/21/2022 | Page 28 | |

**4173**                                                     5 of 20 registered voters = 25.00%

## CITY OF DENTON PROPOSITION B

| Choice | Party | Absentee Voting | | Early Voting | | Election Day Voting | | Total | |
|---|---|---|---|---|---|---|---|---|---|
| FOR THE ORDINANCE | | 0 | 0.00% | 4 | 80.00% | 0 | 0.00% | 4 | 80.00% |
| AGAINST THE ORDINANCE | | 0 | 0.00% | 1 | 20.00% | 0 | 0.00% | 1 | 20.00% |
| Cast Votes: | | 0 | 0.00% | 5 | 100.00% | 0 | 0.00% | 5 | 100.00% |
| Undervotes: | | 0 | | 0 | | 0 | | 0 | |
| Overvotes: | | 0 | | 0 | | 0 | | 0 | |

| City of Denton Precinct | Denton County | Unofficial Results |
|---|---|---|
| | | **Registered Voters** |
| | | 46705 of 92240 = 50.63% |
| | General & Special Elections | **Precincts Reporting** |
| | | 45 of 45 = 100.00% |
| Run Time 10:36 AM | 11/8/2022 | |
| Run Date 11/21/2022 | Page 29 | |

**4174**  764 of 2,091 registered voters = 36.54%

## CITY OF DENTON PROPOSITION B

| Choice | Party | Absentee Voting | | Early Voting | | Election Day Voting | | Total | |
|---|---|---|---|---|---|---|---|---|---|
| FOR THE ORDINANCE | | 4 | 80.00% | 449 | 93.54% | 246 | 91.45% | 699 | 92.71% |
| AGAINST THE ORDINANCE | | 1 | 20.00% | 31 | 6.46% | 23 | 8.55% | 55 | 7.29% |
| | Cast Votes: | 5 | 100.00% | 480 | 100.00% | 269 | 100.00% | 754 | 100.00% |
| | Undervotes: | 0 | | 8 | | 2 | | 10 | |
| | Overvotes: | 0 | | 0 | | 0 | | 0 | |

| City of Denton Precinct | Denton County | Unofficial Results |
|---|---|---|
| | | **Registered Voters** |
| | | 46705 of 92240 = 50.63% |
| | General & Special Elections | **Precincts Reporting** |
| | | 45 of 45 = 100.00% |
| Run Time 10:36 AM | 11/8/2022 | |
| Run Date 11/21/2022 | Page 30 | |

**4175**                                                     121 of 386 registered voters = 31.35%

## CITY OF DENTON PROPOSITION B

| Choice | Party | Absentee Voting | | Early Voting | | Election Day Voting | | Total | |
|---|---|---|---|---|---|---|---|---|---|
| FOR THE ORDINANCE | | 0 | 0.00% | 71 | 92.21% | 35 | 83.33% | 106 | 88.33% |
| AGAINST THE ORDINANCE | | 1 | 100.00% | 6 | 7.79% | 7 | 16.67% | 14 | 11.67% |
| Cast Votes: | | 1 | 100.00% | 77 | 100.00% | 42 | 100.00% | 120 | 100.00% |
| Undervotes: | | 0 | | 0 | | 1 | | 1 | |
| Overvotes: | | 0 | | 0 | | 0 | | 0 | |

| City of Denton Precinct | Denton County | Unofficial Results |
|---|---|---|
| | | **Registered Voters** |
| | | 46705 of 92240 = 50.63% |
| | General & Special Elections | **Precincts Reporting** |
| | | 45 of 45 = 100.00% |
| Run Time 10:36 AM | 11/8/2022 | |
| Run Date 11/21/2022 | Page 31 | |

**4176**                                                    1,699 of 2,841 registered voters = 59.80%

## CITY OF DENTON PROPOSITION B

| Choice | Party | Absentee Voting | | Early Voting | | Election Day Voting | | Total | |
|---|---|---|---|---|---|---|---|---|---|
| FOR THE ORDINANCE | | 77 | 59.23% | 753 | 61.42% | 242 | 77.07% | 1,072 | 64.19% |
| AGAINST THE ORDINANCE | | 53 | 40.77% | 473 | 38.58% | 72 | 22.93% | 598 | 35.81% |
| | Cast Votes: | 130 | 100.00% | 1,226 | 100.00% | 314 | 100.00% | 1,670 | 100.00% |
| | Undervotes: | 3 | | 16 | | 4 | | 23 | |
| | Overvotes: | 0 | | 4 | | 0 | | 4 | |

96
MR 0156

| City of Denton Precinct | | Denton County | Unofficial Results |
|---|---|---|---|
| | | | **Registered Voters** |
| | | | 46705 of 92240 = 50.63% |
| | | General & Special Elections | **Precincts Reporting** |
| | | | 45 of 45 = 100.00% |
| Run Time | 10:36 AM | 11/8/2022 | |
| Run Date | 11/21/2022 | Page 32 | |

**4177**                                                          317 of 906 registered voters = 34.99%

## CITY OF DENTON PROPOSITION B

| Choice | Party | Absentee Voting | | Early Voting | | Election Day Voting | | Total | |
|---|---|---|---|---|---|---|---|---|---|
| FOR THE ORDINANCE | | 3 | 75.00% | 181 | 83.41% | 84 | 88.42% | 268 | 84.81% |
| AGAINST THE ORDINANCE | | 1 | 25.00% | 36 | 16.59% | 11 | 11.58% | 48 | 15.19% |
| Cast Votes: | | 4 | 100.00% | 217 | 100.00% | 95 | 100.00% | 316 | 100.00% |
| Undervotes: | | 0 | | 0 | | 1 | | 1 | |
| Overvotes: | | 0 | | 0 | | 0 | | 0 | |

| City of Denton Precinct | | Denton County | Unofficial Results |
| --- | --- | --- | --- |
| | | | **Registered Voters** |
| | | | 46705 of 92240 = 50.63% |
| | | General & Special Elections | **Precincts Reporting** |
| | | | 45 of 45 = 100.00% |
| Run Time | 10:36 AM | 11/8/2022 | |
| Run Date | 11/21/2022 | Page 33 | |

**4178**                                                           993 of 2,093 registered voters = 47.44%

## CITY OF DENTON PROPOSITION B

| Choice | Party | Absentee Voting | | Early Voting | | Election Day Voting | | Total | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| FOR THE ORDINANCE | | 26 | 70.27% | 540 | 81.45% | 217 | 78.34% | 783 | 80.14% |
| AGAINST THE ORDINANCE | | 11 | 29.73% | 123 | 18.55% | 60 | 21.66% | 194 | 19.86% |
| | Cast Votes: | 37 | 100.00% | 663 | 100.00% | 277 | 100.00% | 977 | 100.00% |
| | Undervotes: | 0 | | 5 | | 9 | | 14 | |
| | Overvotes: | 0 | | 2 | | 0 | | 2 | |

| City of Denton Precinct | | Denton County | Unofficial Results |
| --- | --- | --- | --- |
| | | | **Registered Voters** |
| | | | 46705 of 92240 = 50.63% |
| | | General & Special Elections | **Precincts Reporting** |
| | | | 45 of 45 = 100.00% |
| Run Time | 10:36 AM | 11/8/2022 | |
| Run Date | 11/21/2022 | Page 34 | |

**4179**                                                    2,141 of 3,706 registered voters = 57.77%

## CITY OF DENTON PROPOSITION B

| Choice | Party | Absentee Voting | | Early Voting | | Election Day Voting | | | Total | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| FOR THE ORDINANCE | | 47 | 56.63% | 923 | 63.66% | 369 | 65.89% | | 1,339 | 63.98% |
| AGAINST THE ORDINANCE | | 36 | 43.37% | 527 | 36.34% | 191 | 34.11% | | 754 | 36.02% |
| | Cast Votes: | 83 | 100.00% | 1,450 | 100.00% | 560 | 100.00% | | 2,093 | 100.00% |
| | Undervotes: | 1 | | 29 | | 13 | | | 43 | |
| | Overvotes: | 0 | | 3 | | 1 | | | 4 | |

| City of Denton Precinct | Denton County | Unofficial Results |
|---|---|---|
| | | **Registered Voters** |
| | | 46705 of 92240 = 50.63% |
| | | **Precincts Reporting** |
| | General & Special Elections | 45 of 45 = 100.00% |
| Run Time 10:36 AM | 11/8/2022 | |
| Run Date 11/21/2022 | Page 35 | |

**4180**                                            890 of 1,394 registered voters = 63.85%

## CITY OF DENTON PROPOSITION B

| Choice | Party | Absentee Voting | | Early Voting | | Election Day Voting | | Total | |
|---|---|---|---|---|---|---|---|---|---|
| FOR THE ORDINANCE | | 29 | 52.73% | 390 | 61.90% | 119 | 68.79% | 538 | 62.70% |
| AGAINST THE ORDINANCE | | 26 | 47.27% | 240 | 38.10% | 54 | 31.21% | 320 | 37.30% |
| | Cast Votes: | 55 | 100.00% | 630 | 100.00% | 173 | 100.00% | 858 | 100.00% |
| | Undervotes: | 0 | | 21 | | 9 | | 30 | |
| | Overvotes: | 0 | | 2 | | 0 | | 2 | |

| City of Denton Precinct | Denton County | Unofficial Results |
|---|---|---|
| | | **Registered Voters** |
| | | 46705 of 92240 = 50.63% |
| | General & Special Elections | **Precincts Reporting** |
| | | 45 of 45 = 100.00% |
| Run Time 10:36 AM | 11/8/2022 | |
| Run Date 11/21/2022 | Page 36 | |

**4181**                                                    2,329 of 4,380 registered voters = 53.17%

## CITY OF DENTON PROPOSITION B

| Choice | Party | Absentee Voting | | Early Voting | | Election Day Voting | | Total | |
|---|---|---|---|---|---|---|---|---|---|
| FOR THE ORDINANCE | | 83 | 68.03% | 983 | 65.23% | 429 | 67.99% | 1,495 | 66.15% |
| AGAINST THE ORDINANCE | | 39 | 31.97% | 524 | 34.77% | 202 | 32.01% | 765 | 33.85% |
| | Cast Votes: | 122 | 100.00% | 1,507 | 100.00% | 631 | 100.00% | 2,260 | 100.00% |
| | Undervotes: | 8 | | 36 | | 20 | | 64 | |
| | Overvotes: | 0 | | 3 | | 1 | | 4 | |

101
MR 0161

| City of Denton Precinct | Denton County | Unofficial Results |
|---|---|---|
| | | **Registered Voters** |
| | | 46705 of 92240 = 50.63% |
| | General & Special Elections | **Precincts Reporting** |
| | | 45 of 45 = 100.00% |
| Run Time 10:36 AM | 11/8/2022 | |
| Run Date 11/21/2022 | Page 37 | |

**4182** 0 of 4 registered voters = 0.00%

## CITY OF DENTON PROPOSITION B

| Choice | Party | Absentee Voting | | Early Voting | | Election Day Voting | | Total | |
|---|---|---|---|---|---|---|---|---|---|
| FOR THE ORDINANCE | | 0 | 0.00% | 0 | 0.00% | 0 | 0.00% | 0 | 0.00% |
| AGAINST THE ORDINANCE | | 0 | 0.00% | 0 | 0.00% | 0 | 0.00% | 0 | 0.00% |
| Cast Votes: | | 0 | 0.00% | 0 | 0.00% | 0 | 0.00% | 0 | 0.00% |
| Undervotes: | | 0 | | 0 | | 0 | | 0 | |
| Overvotes: | | 0 | | 0 | | 0 | | 0 | |

| City of Denton Precinct | Denton County | Unofficial Results |
|---|---|---|

**Registered Voters**
46705 of 92240 = 50.63%

**Precincts Reporting**
45 of 45 = 100.00%

General & Special Elections

11/8/2022

Page 38

| Run Time | 10:36 AM |
|---|---|
| Run Date | 11/21/2022 |

**4183**                                                    0 of 0 registered voters = 0.00%

## CITY OF DENTON PROPOSITION B

| Choice | Party | Absentee Voting | | Early Voting | | Election Day Voting | | Total | |
|---|---|---|---|---|---|---|---|---|---|
| FOR THE ORDINANCE | | 0 | 0.00% | 0 | 0.00% | 0 | 0.00% | 0 | 0.00% |
| AGAINST THE ORDINANCE | | 0 | 0.00% | 0 | 0.00% | 0 | 0.00% | 0 | 0.00% |
| Cast Votes: | | 0 | 0.00% | 0 | 0.00% | 0 | 0.00% | 0 | 0.00% |
| Undervotes: | | 0 | | 0 | | 0 | | 0 | |
| Overvotes: | | 0 | | 0 | | 0 | | 0 | |

| City of Denton Precinct | | Denton County | Unofficial Results |
|---|---|---|---|
| | | | **Registered Voters** |
| | | | 46705 of 92240 = 50.63% |
| | | General & Special Elections | **Precincts Reporting** |
| | | | 45 of 45 = 100.00% |
| Run Time | 10:36 AM | 11/8/2022 | |
| Run Date | 11/21/2022 | Page 39 | |

**4184**                                              2,446 of 4,196 registered voters = 58.29%

## CITY OF DENTON PROPOSITION B

| Choice | Party | Absentee Voting | | Early Voting | | Election Day Voting | | Total | |
|---|---|---|---|---|---|---|---|---|---|
| FOR THE ORDINANCE | | 49 | 52.13% | 894 | 57.16% | 419 | 59.94% | 1,362 | 57.79% |
| AGAINST THE ORDINANCE | | 45 | 47.87% | 670 | 42.84% | 280 | 40.06% | 995 | 42.21% |
| | Cast Votes: | 94 | 100.00% | 1,564 | 100.00% | 699 | 100.00% | 2,357 | 100.00% |
| | Undervotes: | 4 | | 62 | | 21 | | 87 | |
| | Overvotes: | 0 | | 2 | | 0 | | 2 | |

| City of Denton Precinct | Denton County | Unofficial Results |
|---|---|---|
| | | **Registered Voters** |
| | | 46705 of 92240 = 50.63% |
| | General & Special Elections | **Precincts Reporting** |
| | | 45 of 45 = 100.00% |
| Run Time 10:36 AM | 11/8/2022 | |
| Run Date 11/21/2022 | Page 40 | |

**4185**                                                          1,626 of 1,990 registered voters = 81.71%

## CITY OF DENTON PROPOSITION B

| Choice | Party | Absentee Voting | | Early Voting | | Election Day Voting | | | Total | |
|---|---|---|---|---|---|---|---|---|---|---|
| FOR THE ORDINANCE | | 83 | 65.35% | 633 | 48.58% | 70 | 43.75% | | 786 | 49.43% |
| AGAINST THE ORDINANCE | | 44 | 34.65% | 670 | 51.42% | 90 | 56.25% | | 804 | 50.57% |
| | Cast Votes: | 127 | 100.00% | 1,303 | 100.00% | 160 | 100.00% | | 1,590 | 100.00% |
| | Undervotes: | 2 | | 27 | | 4 | | | 33 | |
| | Overvotes: | 0 | | 3 | | 0 | | | 3 | |

| City of Denton Precinct | Denton County | Unofficial Results |
| --- | --- | --- |
| | | **Registered Voters** |
| | | 46705 of 92240 = 50.63% |
| | General & Special Elections | **Precincts Reporting** |
| | | 45 of 45 = 100.00% |
| Run Time 10:36 AM | 11/8/2022 | |
| Run Date 11/21/2022 | Page 41 | |

**4186**                                                                                    2,570 of 3,033 registered voters = 84.73%

## CITY OF DENTON PROPOSITION B

| Choice | Party | Absentee Voting | | Early Voting | | Election Day Voting | | Total | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| FOR THE ORDINANCE | | 96 | 57.83% | 1,088 | 51.47% | 116 | 51.10% | 1,300 | 51.85% |
| AGAINST THE ORDINANCE | | 70 | 42.17% | 1,026 | 48.53% | 111 | 48.90% | 1,207 | 48.15% |
| | Cast Votes: | 166 | 100.00% | 2,114 | 100.00% | 227 | 100.00% | 2,507 | 100.00% |
| | Undervotes: | 6 | | 45 | | 5 | | 56 | |
| | Overvotes: | 0 | | 2 | | 1 | | 3 | |

| City of Denton Precinct | Denton County | Unofficial Results |
|---|---|---|
| | | **Registered Voters** |
| | | 46705 of 92240 = 50.63% |
| | General & Special Elections | **Precincts Reporting** |
| | | 45 of 45 = 100.00% |
| Run Time 10:36 AM | 11/8/2022 | |
| Run Date 11/21/2022 | Page 42 | |

**4187**                                                          874 of 2,377 registered voters = 36.77%

## CITY OF DENTON PROPOSITION B

| Choice | Party | Absentee Voting | | Early Voting | | Election Day Voting | | Total | |
|---|---|---|---|---|---|---|---|---|---|
| FOR THE ORDINANCE | | 8 | 61.54% | 478 | 87.23% | 261 | 86.14% | 747 | 86.46% |
| AGAINST THE ORDINANCE | | 5 | 38.46% | 70 | 12.77% | 42 | 13.86% | 117 | 13.54% |
| | Cast Votes: | 13 | 100.00% | 548 | 100.00% | 303 | 100.00% | 864 | 100.00% |
| | Undervotes: | 0 | | 6 | | 4 | | 10 | |
| | Overvotes: | 0 | | 0 | | 0 | | 0 | |

| City of Denton Precinct | Denton County | Unofficial Results |
|---|---|---|
| | | **Registered Voters** |
| | | 46705 of 92240 = 50.63% |
| | | **Precincts Reporting** |
| | General & Special Elections | 45 of 45 = 100.00% |
| Run Time 10:36 AM | 11/8/2022 | |
| Run Date 11/21/2022 | Page 43 | |

**4189**                                                      195 of 390 registered voters = 50.00%

## CITY OF DENTON PROPOSITION B

| Choice | Party | Absentee Voting | | Early Voting | | Election Day Voting | | Total | |
|---|---|---|---|---|---|---|---|---|---|
| FOR THE ORDINANCE | | 6 | 66.67% | 67 | 56.30% | 37 | 59.68% | 110 | 57.89% |
| AGAINST THE ORDINANCE | | 3 | 33.33% | 52 | 43.70% | 25 | 40.32% | 80 | 42.11% |
| | Cast Votes: | 9 | 100.00% | 119 | 100.00% | 62 | 100.00% | 190 | 100.00% |
| | Undervotes: | 0 | | 5 | | 0 | | 5 | |
| | Overvotes: | 0 | | 0 | | 0 | | 0 | |

| City of Denton Precinct | Denton County | Unofficial Results |
|---|---|---|
| | | **Registered Voters** |
| | | 46705 of 92240 = 50.63% |
| | | **Precincts Reporting** |
| | General & Special Elections | 45 of 45 = 100.00% |
| Run Time 10:36 AM | 11/8/2022 | |
| Run Date 11/21/2022 | Page 44 | |

**4193**                                               8 of 15 registered voters = 53.33%

## CITY OF DENTON PROPOSITION B

| Choice | Party | Absentee Voting | | Early Voting | | Election Day Voting | | Total | |
|---|---|---|---|---|---|---|---|---|---|
| FOR THE ORDINANCE | | 0 | 0.00% | 5 | 71.43% | 1 | 100.00% | 6 | 75.00% |
| AGAINST THE ORDINANCE | | 0 | 0.00% | 2 | 28.57% | 0 | 0.00% | 2 | 25.00% |
| | Cast Votes: | 0 | 0.00% | 7 | 100.00% | 1 | 100.00% | 8 | 100.00% |
| | Undervotes: | 0 | | 0 | | 0 | | 0 | |
| | Overvotes: | 0 | | 0 | | 0 | | 0 | |

| City of Denton Precinct | Denton County | Unofficial Results |
|---|---|---|
| | | **Registered Voters** |
| | | 46705 of 92240 = 50.63% |
| | General & Special Elections | **Precincts Reporting** |
| | | 45 of 45 = 100.00% |
| Run Time 10:36 AM | 11/8/2022 | |
| Run Date 11/21/2022 | Page 45 | |

**4197**                                                        6 of 9 registered voters = 66.67%

## CITY OF DENTON PROPOSITION B

| Choice | Party | Absentee Voting | | Early Voting | | Election Day Voting | | Total | |
|---|---|---|---|---|---|---|---|---|---|
| FOR THE ORDINANCE | | 0 | 0.00% | 0 | 0.00% | 0 | 0.00% | 0 | 0.00% |
| AGAINST THE ORDINANCE | | 1 | 100.00% | 5 | 100.00% | 0 | 0.00% | 6 | 100.00% |
| | Cast Votes: | 1 | 100.00% | 5 | 100.00% | 0 | 0.00% | 6 | 100.00% |
| | Undervotes: | 0 | | 0 | | 0 | | 0 | |
| | Overvotes: | 0 | | 0 | | 0 | | 0 | |

*** End of report ***

# CITY OF DENTON CITY COUNCIL MINUTES
June 6, 2023

After determining that a quorum was present, the City Council of the City of Denton, Texas convened in a Work Session on Tuesday, June 6, 2023, at 2:00 p.m. in the Council Work Session Room at City Hall, 215 E. McKinney Street, Denton, Texas.

PRESENT:    Mayor Gerard Hudspeth, Mayor Pro Tem Brian Beck and Council Members Vicki Byrd, Paul Meltzer, Brandon Chase McGee, Joe Holland, and Chris Watts

ABSENT:    None

Also present were City Manager Sara Hensley and City Attorney Mack Reinwand.

**The posted agenda noted the registration process for in-person, call-in, and public participation at this meeting. While citizen commentary received via the online registration process was not read, each member for the City Council received each online commentary as it was submitted. In-person, call-in, and online comments received are reflected in the exhibit to the minutes of this meeting**

## WORK SESSION

1. **Citizen Comments on Consent Agenda Items**

    None

2. **Requests for clarification of agenda items listed on this agenda.**

    - Clarification was requested on the following item:
        o Mayor Pro Tem Beck: Consent Items 4.D (23-1030) and 4.E (23-1142)
        o Council Member Byrd: Consent Items 4.G (23-1109)
        o Council Member Byrd: Individual Consent Item 5.A (23-1121)
        o Council Member McGee: Individual Consent Item 5.A (23-1121)

    - The following items were pulled for Individual Consideration:
        o Mayor Pro Tem Beck: Consent Items 4.F (23-931)
        o Council Member McGee: Consent Item 4.G (23-1109)

3. **Work Session Reports**

A.    ID 23-424 Receive a report, hold a discussion, and give staff direction regarding Audit Project 032 - Fleet Services Operations: Fuel Card Administration. [Estimated Presentation/ Discussion Time: 30 minutes]

    The item was presented and discussion followed.

Following discussion, there was no direction provided as the item was for presentation/discussion purposes.

B.  ID 23-375 Receive a report, hold a discussion, and give staff direction regarding an update on the Wastewater Master Plan. [Estimated Presentation/Discussion Time: 45 minutes]

The item was presented and discussion followed.

Following discussion, there was no direction provided as the item was for presentation/discussion purposes.

C.  ID 23-421 Receive a report, hold a discussion, and give staff direction regarding the introduction of the Denton County Transportation Authority (DCTA) staffing updates. [Estimated Presentation/Discussion Time: 30 minutes]

The item was presented and discussion followed.

Following discussion, there was no direction provided as the item was for presentation/discussion purposes.

D.  ID 23-919 Receive a report, hold a discussion and give staff direction regarding the City of Denton and Texas Department of Transportation (TxDOT) collaboration including efforts relating to safety and planning measures. [Estimated Presentation/Discussion Time: 30 minutes]

The item was presented and discussion followed.

Following discussion, there was no direction provided as the item was for presentation/discussion purposes.

E.  ID 23-216 Receive a report, hold a discussion, and give staff direction on pending City Council requests for: 1). Request for staff to research and prepare an Informal Staff Report (ISR) on Community Benefits Ordinances. 2). Request to bring the implementation of a Fair Chance Hiring Ordinance forward for Council consideration during the June 27 City Council meeting. 3). Request for a work session on the creation of a Public Health Official position. [Estimated Presentation/Discussion Time: 30 minutes]

The item was presented and discussion followed.

Following discussion, results were as follows:
•   ID 23-216 (1) Request for staff to research and prepare an Informal Staff Report (ISR) on Community Benefits Ordinances.
    o  Consensus for an Informal Staff Report (ISR).

- ID 23-216 (2) Request to bring the implementation of a Fair Chance Hiring Ordinance forward for Council consideration during the June 27 City Council meeting.
  - Consensus to bring forward a Fair Chance Hiring Ordinance for Council consideration during the June 27 City Council meeting.

- ID 23-216 (3) Request for a work session on the creation of a Public Health Official position.
  - Consensus for a future work session.

## CLOSED MEETING

1. The City Council convened into a Closed Meeting at 5:05 p.m. consistent with Chapter 551 of the Texas Government Code, as amended, or as otherwise allowed by law, as follows:

A. ID 23-1074 Consultation with Attorneys - Under Texas Government Code Section 551.071. Consult with the City's attorneys on the legal status, expenses, strategy and options for resolution of litigation in Cause No. 22-10794-393, styled "Alison Maguire, Keri Caruthers, and Olivia Jeffers v. Gerard Hudspeth, in his Official Capacities as Mayor of the City of Denton, Texas as Presiding Officer of the Final Canvassing Authority for the City of Denton, and as Presiding Officer of Authority Ordering Election" pending in the 393rd District Court, Denton County, Texas and litigation in Cause No. 22-4543-431, styled "Alison Maguire, Keri Caruthers, Tracy Runnels, and Emily Meisner v. Rosa Rios, in her Official Capacity as City Secretary of the City of Denton, Texas, the City of Denton, Texas, Donald Duff, in his Official Capacity as Representative of a Committee of Electors in the City of Denton, Texas; and, Frank Phillips, in his Official Capacity as Denton County Elections Administrator" pending in the 431st District Court, Denton County, Texas; where public discussion of these legal matters would conflict with the duty of the City's attorneys to the City of Denton and the Denton City Council under the Texas Disciplinary Rules of Professional Conduct of the State Bar of Texas, or otherwise compromise the City's legal position in pending litigation. **DELIBERATED**

The closed meeting started at 5:23 p.m. and ended at 6:08 p.m. No votes or actions were taken during the closed meeting.

The work session ended at 6:08 p.m.

## REGULAR MEETING

After determining that a quorum was present, the City Council of the City of Denton, Texas convened in a Regular Meeting on Tuesday, June 6, 2023, at 6:34 p.m. in the Council Chambers at City Hall, 215 E. McKinney Street, Denton, Texas.

PRESENT: Mayor Gerard Hudspeth, Mayor Pro Tem Brian Beck and Council Members Vicki Byrd, Paul Meltzer, Brandon Chase McGee, Joe Holland and Chris Watts

ABSENT: None

Also present were City Manager Sara Hensley and City Attorney Mack Reinwand.

**The posted agenda noted the registration process for in-person, call-in, and public participation at this meeting. While citizen commentary received via the online registration process was not read, each member for the City Council received each online commentary as it was submitted. In-person, call-in, and online comments received are reflected in the exhibit to the minutes of this meeting**

1.  **PLEDGE OF ALLEGIANCE**

    A. U.S. Flag and B. Texas Flag

2.  **PROCLAMATIONS/PRESENTATIONS**

A.  ID 23-881 Proclamation: Elder Abuse Awareness Month
    **PRESENTED**

B.  ID 23-961 Proclamation: Waste and Recycling Workers Week
    **PRESENTED**

C.  ID 23-1145 Proclamation:  Diann Rozell Huber Day
    **PRESENTED**

3.  **PRESENTATIONS FROM MEMBERS OF THE PUBLIC**

    1)  Scheduled Citizen Reports from Members of the Public

        a.  ID 23-1158 Mr. Stephen Dillenberg regarding the practical interpretation of the US Human Capital Index Ranking: #36 overall with the most powerful armed forces and largest economy.
            **CANCELLED**

    2)  Additional Citizen Reports (Open Microphone)

        Citizen comments received are noted in Exhibit A.

4.  **CONSENT AGENDA**

The Consent Agenda consisted of Items 4.A-W. During the Work Session held earlier in the day, Item 4.F (23-931) was pulled for Individual Consideration by Mayor Pro Tem Beck, and Item 4.G (23-1109) was pulled for Individual Consideration by Council Member Chase McGee.

Mayor Pro Tem Beck moved to adopt the Consent Agenda, now consisting of Items 4.A-E and H-W. Motion seconded by Council Member McGee.

Motion carried.

AYES (7): Mayor Hudspeth, Mayor Pro Tem Beck and Council Members Byrd, Meltzer, Holland, McGee, and Watts
NAYS (0): None

A.  ID 23-031 Consider approval of the minutes of the May 2, 2023 Regular, May 16, 2023 Special Called, and May 16, 2023 Regular meetings.
    **APPROVED**

B.  ID 23-061 Consider nominations/appointments to the City's Boards, Commissions, and Committees:  Special Citizens Bond Advisory Committee.
    **APPROVED**

    **APPOINTMENTS LISTED ON EXHIBIT B (or A if no Citizen Comments exhibit)**

C.  ID 23-774 Consider approval of a resolution of the City of Denton, Texas adopting the City of Denton's Vegetation Management Program ("VMP") to provide rules and policies necessary to manage transmission system and distribution providers' vegetation management standards to provide a safe system environment for customers and the general public to minimize tree related outages caused during high wind, snow, and ice storms, and trees losing their branches from disease or old age; and providing an effective date.  The Public Utility Board recommends approval (6-0).
    **ASSIGNED RESOLUTION NO. 23-774**

D.  ID 23-1030 Consider adoption of an ordinance of the City of Denton, a Texas home-rule municipal corporation, ratifying a contract and an extension thereto between the City of Denton and Akimeka, LLC, through March 31, 2024, to provide data related to Denton Municipal Electric's EV chargers in connection with a USDOE Project; and declaring an effective date.
    **ASSIGNED ORDINANCE NO. 23-1030**

E.  ID 23-1142 Consider adoption of an ordinance of the City of Denton, a Texas home-rule municipal corporation, authorizing payment in an amount not to exceed Two Hundred Fifty Thousand Dollars ($250,000) pursuant to an engagement between the City of Denton and Carolyn Ahrens, Attorney at Law approved by the City Attorney on March 11, 2022, to provide legal services to the City of Denton for negotiating water rights, supply contracts, and submitting permit applications; providing for the expenditure of funds therefor; and providing an effective date.
    **ASSIGNED ORDINANCE NO. 23-1142**

H.  ID 23-1029 Consider adoption of an ordinance by the City of Denton ratifying and authorizing the City Manager, or designee, to execute and deliver an Advanced Funding Agreement with the Texas Department of Transportation (TxDOT) for bridge replacement or rehabilitation of the state system project located at Trinity Road at Cooper Creek in the City of Denton; Providing for the use of federal funds for a project of 100% funding with no local match required, in the amount of nine hundred seventy-three thousand and eighty-one

dollars ($973,081.00) for CSJ #0918-46-300; authorizing the expenditure of funds therefor; and providing an effective date.
**ASSIGNED ORDINANCE NO. 23-1029**

I. SED23-0002 Consider approval of a resolution amending the Southeast Denton Area Plan Steering Committee to add members. The Southeast Denton Area Plan is generally bounded by East McKinney Street to the north, South Bell Avenue to the west, Dallas Drive and Shady Oaks Drive to the south, and South Woodrow Lane to the east; and providing an effective date.
**ASSIGNED RESOLUTION NO. SED23-0002**

J. ID 23-998 Consider approval of a resolution of the City of Denton ratifying the submission of an application to the State of Texas, Office of the Governor, 2023 Urban Area Security Initiative (UASI) grant program funded through the US Department of Homeland Security in the amount of $73,087.86 for hazardous material detection equipment; and providing an effective date.
**ASSIGNED RESOLUTION NO. 23-998**

K. ID 23-999 Consider approval of a resolution of the City of Denton ratifying the submission of an application to the State of Texas, Office of the Governor, 2023 Urban Area Security Initiative (UASI) Law Enforcement Terrorism Prevention Activities (LETPA) grant program funded through the US Department of Homeland Security in the Amount of $66,115 for tactical communication equipment and personal protective equipment; and providing an effective date.
**ASSIGNED RESOLUTION NO. 23-999**

L. ID 23-1028 Consider approval of a resolution of the City of Denton ratifying the submission of an application to the U.S. Department of Agriculture - Forest Service Urban and Community Forestry Program in the amount not to exceed $2,000,000 for planting of trees, removal of invasive Chinese Privet, restoring native habitat, and education to the public of these activities; and providing an effective date.
**ASSIGNED RESOLUTION NO. 23-1028**

M. ID 23-1031 Consider adoption of an ordinance by the City of Denton authorizing the City Manager to execute nine (9) agreements for funding under the Denton County Transportation Reinvestment Program (TRiP), providing financial assistance to member cities for transit-supportive projects, through the Denton County Transportation Authority (DCTA) in the amount of $3,980,578 for the Fiscal Year (FY) 2022 funding period.
**ASSIGNED ORDINANCE NO. 23-1031**

N. ID 23-1055 Consider approval of a resolution of the City of Denton ratifying the submission of an application to the North Central Texas Council of Governments (NCTCOG) FY 2024 to 2025 Solid Waste Implementation Grant Program in the amount of $70,850 for a Styrofoam densifier; and providing an effective date.
**ASSIGNED RESOLUTION NO. 23-1055**

O.  ID 23-1008 Consider adoption of an ordinance of the City of Denton, a Texas home-rule municipal corporation, authorizing the City Manager to execute a Professional Services Agreement with Kimley-Horn and Associates, Inc., to provide permitting assistance for two (2) new Wastewater Reclamation Facilities for the Water Utilities Department; providing for the expenditure of funds therefor; and providing an effective date (RFQ 7574-028 - Professional Services Agreement for design services awarded to Kimley-Horn and Associates, Inc., in the not-to-exceed amount of $240,000.00). The Public Utilities Board recommends approval (6 - 0).
    **ASSIGNED ORDINANCE NO. 23-1008**

P.  ID 23-1010 Consider adoption of an ordinance of the City of Denton, a Texas home-rule municipal corporation, rejecting any and all competitive proposals under RFP 8154 for the Emily Fowler Library Remodel for the Facilities Department; and providing an effective date (RFP 8154).
    **ASSIGNED ORDINANCE NO. 23-1010**

Q.  ID 23-1011 Consider adoption of an ordinance of the City of Denton, a Texas home-rule municipal corporation, authorizing the City Manager to execute a contract with Texas Series of Lockton Companies, LLC, for property and casualty insurance brokerage services for Risk Management; providing for the expenditure of funds therefor; and providing an effective date (RFP 8203 - awarded to Texas Series of Lockton Companies, LLC, for three (3) years, with the option for two (2) additional one (1) year extensions, in the total five (5) year not-to-exceed amount of $980,000.00).
    **ASSIGNED ORDINANCE NO. 23-1011**

R.  ID 23-1048 Consider adoption of an ordinance of the City of Denton, a Texas home-rule municipal corporation, authorizing the City Manager to execute a contract with Guidehouse Inc., through the Department of Information Resources (DIR) Cooperative Purchasing Network Contract No. DIR-CPO-4947, for the JD Edwards system upgrade for the Technology Services Department; providing for the expenditure of funds therefor; and providing an effective date (File 8236 - awarded to Guidehouse Inc., in the not-to-exceed amount of $200,000.00).
    **ASSIGNED ORDINANCE NO. 23-1048**

S.  ID 23-1049 Consider adoption of an ordinance of the City of Denton, a Texas home-rule municipal corporation, authorizing the City Manager to execute a contract with Direct Packet, Inc. DBA OneVision Solutions, through the Department of Information Resources (DIR) Cooperative Purchasing Network Contract Number DIR-CPO-5088 for Technology-Based Recording and Conferencing Product and Related Services; through the Buy Board Cooperative Purchasing Network Contract 661-22 for Technology Equipment, Products, Services and Software & Contract and 644-21 for Audio Visual Equipment and Supplies; through The Interlocal Purchasing System (TIPS) Cooperative Program Contract #200105 Technology Solutions, Products and Services & Contract and #21050301 for Networking Equipment, Software, and Services; providing for the expenditure of funds therefor; and providing an effective date (File 8237 - awarded to Direct Packet, Inc. DBA OneVision

Solutions, for one (1) year, with the option for four (4) additional one (1) year extensions, in the total five (5) year not-to-exceed amount of $1,750,000.00).
**ASSIGNED ORDINANCE NO. 23-1049**

T.  ID 23-1090 Consider adoption of an ordinance of the City of Denton, a Texas home-rule municipal corporation, authorizing the City Manager to execute a Professional Services Agreement with Kroll, LLC, for property appraisal services for insurance purposes for Risk Management as set forth in the contract; providing for the expenditure of funds therefor; and providing an effective date (RFQ 8197 - Professional Services Agreement for appraisal services awarded to Kroll, LLC, for three (3) years, with the option for two (2) additional one (1) year extensions, in the total five (5) year not-to-exceed amount of $114,000.00).
**ASSIGNED ORDINANCE NO. 23-1090**

U.  ID 23-1092 Consider adoption of an ordinance of the City of Denton, a Texas home-rule municipal corporation, authorizing the City Manager to authorize the spend for an insurance binder to Archer Contingent Energy Risk, LLC, for forced outage insurance for the Denton Energy Center for the Summer of 2023; providing for the expenditure of funds therefor; and providing an effective date (RFP 8254 - authorizing the spend for Power Plant Forced Outage Insurance Coverage for the Summer of 2023, and awarding such insurance binder to Archer Contingent Energy Risk, LLC, in the not-to-exceed amount of $1,050,000.00).
**ASSIGNED ORDINANCE NO. 23-1092**

V.  ID 23-1107 Consider adoption of an ordinance of the City of Denton, a Texas home-rule municipal corporation, authorizing the City Manager to execute an Interlocal Cooperative Purchasing Agreement with the Town of Flower Mound, under the Texas Government Code Section 791.001, to authorize the Town of Flower Mound and the City of Denton to utilize each entities' solicited contracts for the purchasing of various goods and services; authorizing the expenditure of funds therefor; and declaring an effective date (File 8278 - award an Interlocal Cooperative Purchasing Agreement with the Town of Flower Mound).
**ASSIGNED ORDINANCE NO. 23-1107**

W.  ID 23-1161 Consider adoption of an ordinance of the City of Denton, a Texas home-rule municipal corporation, authorizing the City Manager, or designee, to execute and deliver an Advance Funding Agreement ("AFA") for Highway Safety Improvement Project ("HSIP") off-system between the City of Denton and the Texas Department of Transportation ("TxDOT") providing for the furnishing of traffic signal equipment for the intersections of traffic signals and pedestrian facilities at the intersections of Hickory Street and Fry Street and West Oak Street and Thomas Street in the City of Denton; providing for the expenditure of funds for a total not to exceed $120,199.00 ($34,235.30 for the direct state costs and $85,964.00 for furnishing traffic signal equipment); and providing for an effective date.
**ASSIGNED ORDINANCE NO. 23-1161**

## 5. ITEM(S) FOR INDIVIDUAL CONSIDERATION

A. ID 23-1121 Consider adoption of an ordinance of the City of Denton adopting Chapter 21, Article V, of the City of Denton code of ordinances, titled "Marijuana Enforcement"; providing repealer, cumulative, and severability clauses; and declaring an effective date.
**DENIED**

There were no online registrations or call-ins on the item.

The item was presented and discussion followed.

Citizen comments received are noted on Exhibit A.

Following discussion, Council Member Holland moved to deny the item as presented. Motion seconded by Council Member Watts.

Motion carried.

AYES (4): Mayor Hudspeth, Council Members Byrd, Holland, and Watts
NAYS (3): Mayor Pro Tem Beck, Council Members Meltzer, and McGee

The meeting was recessed for a short break at 9:12 p.m. and reconvened at 9:32 p.m.

## CONSENT ITEMS PULLED FOR INDIVIDUAL CONSIDERATION

F. ID 23-931 Consider adoption of an ordinance of the City of Denton amending the provisions of Ch. 21 Art. 1 Sec 21.6 of the code of ordinances "Prohibited Acts" to include an offense titled "aggressive solicitation" outlining prohibited acts; providing for a severability clause; providing for a savings clause; providing for a penalty; providing for codification; and providing an effective date.
**ASSIGNED ORDINANCE NO. 23-931**

There were no online registrations or call-ins on the item.

Pulled for Individual Consideration by Mayor Pro Tem Beck.

Items 4.F (23-931) and 4.G (23-1109) were collectively read into the record, presented, and discussed, but voted on individually.

Following discussion, Mayor Hudspeth moved to adopt the item as presented. Motion seconded by Council Member Watts.

Motion carried.

AYES (4): Mayor Hudspeth, Council Members Byrd, McGee, and Watts
NAYS (3): Mayor Pro Tem Beck, Council Member Holland and Meltzer.

G. ID 23-1109 Consider adoption of an ordinance of the City of Denton amending the provisions of Ch. 16, Art. III, Sec. 16-72 to remove panhandling from the definition of soliciting; providing for a severability clause; providing for a savings clause; providing for codification; and providing an effective date.
**ASSIGNED ORDINANCE NO. 23-1109**

There were no online registrations or call-ins on the item.

Pulled for Individual Consideration by Council Member Chase-McGee.

Items 4.F (23-931) and 4.G (23-1109) were collectively read into the record, presented, and discussed, but voted on individually.

Following discussion, Mayor Pro Tem Beck moved to adopt the item as presented. Motion seconded by Council Member McGee.

Motion carried.

AYES (7): Mayor Hudspeth, Mayor Pro Tem Beck and Council Members Byrd, Meltzer, Holland, McGee, and Watts
NAYS (0): None

6. **PUBLIC HEARING(S)**

A. ID 23-287 Hold a public hearing inviting citizens to comment on the 2023-2027 Consolidated Plan for Housing and Community Development and 2023 Action Plan.

There were no online registrations or call-ins on the item.

The item was presented and discussion followed.

The public hearing was opened and citizen comments received are noted on Exhibit A.

With no other callers on queue, the public hearing was closed.

Note: There was no action taken as the item was only a public hearing.

7. **ITEM(S) FOR INDIVIDUAL CONSIDERATION - CONTINUED**

B. ID 23-1026 Consider approval of a resolution of the City Council of the City of Denton to appoint a director to the Board of Directors of Hunter Ranch Improvement District No. 1 of Denton County, Texas; and providing an effective date.
**ASSIGNED RESOLUTION NO. 23-1026**

There were no online registrations or call-ins on the item.

Items 7.B (23-1026) and 7.C (23-1027) were collectively read into the record, presented, and discussed, but voted on individually.

Mayor Pro Tem Beck moved to adopt the item as presented. Motion seconded by Council Member Chris Watts.

Motion carried.

AYES (7): Mayor Hudspeth, Mayor Pro Tem Beck and Council Members Byrd, Meltzer, Holland, McGee, and Watts
NAYS (0): None

C.   ID 23-1027 Consider approval of a resolution of the City Council of the City of Denton to appoint a director to the Board of Directors of Cole Ranch Improvement District No. 1 of Denton County, Texas; and providing an effective date.
**ASSIGNED RESOLUTION NO. 23-1027**

There were no online registrations or call-ins on the item.

Items 7.B (23-1026) and 7.C (23-1027) were collectively read into the record, presented, and discussed, but voted on individually.

Mayor Pro Tem Beck moved to adopt the item as presented. Motion seconded by Council Member Meltzer.

Motion carried.

AYES (7): Mayor Hudspeth, Mayor Pro Tem Beck and Council Members Byrd, Meltzer, Holland, McGee, and Watts
NAYS (0): None

D.   ID 23-929 Consider adoption of an ordinance considering all matters incident and related to the issuance, sale and delivery of up to $80,500,000 in principal amount of "City of Denton General Obligation Refunding and Improvement Bonds, Series 2023"; authorizing the issuance of the bonds; delegating the authority to certain City officials to execute certain documents relating to the sale of the bonds; approving and authorizing instruments and procedures relating to said bonds; enacting other provisions relating to the subject; and providing an effective date. The Public Utilities Board recommends approval (6-0).
**ASSIGNED ORDINANCE NO. 23-929**

There were no online registrations or call-ins on the item.

The item was presented and discussion followed.

Following discussion, Council Member Meltzer moved to adopt the item as presented. Motion seconded by Council Member Watts.

Motion carried.

AYES (7): Mayor Hudspeth, Mayor Pro Tem Beck and Council Members Byrd, Meltzer, Holland, McGee, and Watts
NAYS (0): None

E.   ID 23-930 Consider adoption of an ordinance considering all matters incident and related to the issuance, sale and delivery of up to $158,500,000 in principal amount of "City of Denton Certificates of Obligation, Series 2023"; authorizing the issuance of the certificates; delegating the authority to certain city officials to execute certain documents relating to the sale of the certificates; approving and authorizing instruments and procedures relating to said certificates; enacting other provisions relating to the subject; and providing an effective date. The Public Utilities Board recommends approval (6-0).
**ASSIGNED ORDINANCE NO. 23-930**

There were no online registrations or call-ins on the item.

The item was presented and no discussion followed.

Council Member Watts moved to adopt the item as presented. Motion seconded by Council Member Byrd.

Motion carried.

AYES (7): Mayor Hudspeth, Mayor Pro Tem Beck and Council Members Byrd, Meltzer, Holland, McGee, and Watts
NAYS (0): None

F.   ID 23-1007 Consider adoption of an ordinance of the City of Denton, a Texas home-rule municipal corporation, authorizing the City Manager to execute a Professional Services Agreement with Kimley-Horn and Associates, Inc., to provide regulatory permitting/approval support, process evaluation, design services, bidding assistance, and construction phase services for the Pecan Creek Water Reclamation Plant (PCWRP) Expansion to 26MGD Project for the Wastewater Department; providing for the expenditure of funds therefor; and providing an effective date (RFQ 7574-027 - Professional Services Agreement for design services awarded to Kimley-Horn and Associates, Inc., in the not-to-exceed amount of $14,952,000.00). The Public Utilities Board recommends approval (6 - 0).
**ASSIGNED ORDINANCE NO. 23-1007**

There were no online registrations or call-ins on the item.

The item was presented and discussion followed.

Following discussion, Council Member Watts moved to adopt the item as presented. Motion seconded by Mayor Pro Tem Beck.

Motion carried.

AYES (7): Mayor Hudspeth, Mayor Pro Tem Beck and Council Members Byrd, Meltzer, Holland, McGee, and Watts
NAYS (0): None

G.    ID 23-1009 Consider adoption of an ordinance of the City of Denton, a Texas home-rule municipal corporation, authorizing the City Manager to execute a contract with Alamo Transformer Supply Company, for the purchase of refurbished, rebuilt, and salvaged transformers and transformer disposal for Denton Municipal Electric as set forth in the contract; providing for the expenditure of funds therefor; and providing an effective date (RFQ 8192 - contract for transformers awarded to Alamo Transformer Supply Company, in the three (3) year not-to-exceed amount of $10,000,000.00). The Public Utilities Board recommends approval (6 - 0).
      **ASSIGNED ORDINANCE NO. 23-1009**

There were no online registrations or call-ins on the item.

The item was presented and discussion followed.

Following discussion, Mayor Pro Tem Beck moved to adopt the item as presented. Motion seconded by Council Member Watts.

Motion carried.

AYES (7): Mayor Hudspeth, Mayor Pro Tem Beck and Council Members Byrd, Meltzer, Holland, McGee, and Watts
NAYS (0): None

H.    ID 23-1043 Consider adoption of an ordinance of the City of Denton, a Texas home-rule municipal corporation, authorizing the City Manager to execute a contract with Pure Technologies US Inc., for the Transmission Mains Condition Assessment for the Water Utilities Department; providing for the expenditure of funds therefor; and providing an effective date (RFP 8181 - awarded to Pure Technologies US Inc., for three (3) years, with the option for two (2) additional one (1) year extensions, in the total five (5) year not-to-exceed amount of $10,000,000.00). The Public Utilities Board recommends approval (6 - 0).
      **ASSIGNED ORDINANCE NO. 23-1043**

There were no online registrations or call-ins on the item.

The item was presented and discussion followed.

Following discussion, Council Member Watts moved to adopt the item as presented. Motion seconded by Mayor Pro Tem Beck.

Motion carried.

AYES (7): Mayor Hudspeth, Mayor Pro Tem Beck and Council Members Byrd, Meltzer, Holland, McGee, and Watts
NAYS (0): None

I.    ID 23-489 Consider adoption of an ordinance of the City of Denton, a Texas home rule municipal corporation, amending Chapter 18, Article V, "Motor Vehicles and Traffic," of the City of Denton Code of Ordinances, to permit the operation of golf carts and off-highway vehicles on University Campus Streets adjacent to the University of North Texas (UNT) and Texas Woman's University (TWU) campus; providing a repealer clause; providing a severability clause; providing a penalty clause; providing for publication; providing codification; and providing an effective date.
**ASSIGNED ORDINANCE NO. 23-489**

There were no online registrations or call-ins on the item.

The item was presented and discussion followed.

Following discussion, Mayor Hudspeth moved to adopt the item as presented. Motion seconded by Council Member Watts.

Motion carried.

AYES (7): Mayor Hudspeth, Mayor Pro Tem Beck and Council Members Byrd, Meltzer, Holland, McGee, and Watts
NAYS (0): None

## 8. **CONCLUDING ITEMS**

Council Members expressed items of interest.

With no further business, the meeting was adjourned at 10:41 p.m.

GERARD HUDSPETH
MAYOR
CITY OF DENTON, TEXAS

JESUS SALAZAR
INTERIM CITY SECRETARY
CITY OF DENTON, TEXAS

MINUTES APPROVED ON: _____ June 27, 2023 _____

**June 6, 2023 City Council Regular Meeting - EXHIBIT A**

**Citizen Registrations Online, Email, Phone**

| NAME | LAST | ADDRESS | CITY | AGENDA ITEM | POSITION | METHOD |
|------|------|---------|------|-------------|----------|--------|
| Joseph | Adamo | 1710 Linden Dr. | Denton | 23-1121 | Supports | In-Person |
| Max | Anderson | 1708 Linden Dr. | Denton | 23-1121 | Supports | In-Person |
| Deb | Armintor | Not Provided | N/A | 23-1121 | Supports | In-Person |
| Eric | Beckwith | 4205 Aqueduct Dr. | Denton | 23-1121 | Opposed | In-Person |
| Kristine | Bray | 1204 Cordell St. | Denton | Open Mic | N/A | In-Person |
| Daryn | Briggs | 7160 Barthold Rd. | Denton | 23-1121 | Opposed | In-Person |
| Travis | Eaves | 1310 Scripture St. | Denton | 23-1121 | Supports | In-Person |
| Bret | Flores | Not Provided | N/A | 23-1121 | Supports | In-Person |
| Richard | Gladden | 1822 W. Oak St. | Denton | 23-1121 | Supports | In-Person |
| Eva | Grecco | Not Provided | N/A | 23-1121 | Supports | In-Person |
| Richard | Hayner | 3071 Olympia Dr. | Denton | 23-1121 | Supports | In-Person |
| Robert | Head | 2061 Le Mans Dr. | Carrolton | 23-1121 | Supports | In-Person |
| Willie | Hudspeth | Not Provided | Denton | Open Mic | N/A | In-Person |
| Canan | Johnson | 919 Eagle Dr., Apt 1012 | Denton | 23-1121 | Supports | In-Person |
| Mary | Kuhfeldt | 409 Magnolia St. | Denton | 23-1121 | Opposed | Submitted White Card indicating position on the issue. |
| Logan | Larson | Not Provided | Denton | 23-1121 | Supports | In-Person |
| Jeff | Laughlin | Not Provided | N/A | 23-1121 | Opposed | In-Person |
| Dillon | Luna | 3330 Eastpark | Denton | 23-1030 | Supports | eComment |
| Marshall | Lundsberg | 915 S. Welch St. | Denton | 23-1121 | Supports | In-Person |
| Aura | Masters | Not Provided | N/A | 23-1121 | Supports | In-Person |
| Walter | Mcelhinney | 517 Roberts | Denton | 23-1121 | Supports | Submitted White Card indicating position on the issue. |
| Jeannette | McKenzie | Not Provided | Denton | 23-1121 | Supports | In-Person |
| Rawley | McKinney | Not Provided | N/A | 23-1121 | Opposed | In-Person |
| Julie | Oliver | 3500 Werner Ave. | Austin | 23-1121 | Supports | In-Person |
| Jared | Panico | 2413 W Hickory St., #13-108A | Denton | 23-1121 | Supports | In-Person |
| Carson | Parker | 915 S. Welch St. | Denton | 23-1121 | Supports | In-Person |
| Louis | Pizana | Not Provided | Denton | 23-1121 | Opposed | In-Person |
| Madison | Powers | Not Provided | Denton | 23-1121 | Supports | In-Person |
| Rob | Rayner | 607 S. Locust St., #101 | Denton | 23-1121 | Opposed | Submitted White Card indicating position on the issue. |
| Kenny | Severson | 3330 Eastpark Blvd. | Denton | 23-1121 | Supports | In-Person |
| Keith | Shugart | 1326 Princton Ct. | Denton | 23-1121 | Opposed | Submitted White Card indicating position on the issue. |
| Donna | Smith | 3924 Yellowstone | Denton | 23-1121 | Opposed | In-Person |
| Nick | Stevens | 417 Amarillo St. | Denton | 23-1121 | Supports | In-Person |
| Chris | Summitt | 7160 Barthold | Denton | 23-1121 | Opposed | In-Person |
| Donald | Thornton | 8717 Swan Park Dr. | Denton | 23-1121 | Opposed | In-Person |
| Liam | Gaume-Wakefield | 411 Ponder Ave. | Denton | 23-1121 | Supports | In-Person |
| Liam | Gaume-Wakefield | 411 Ponder Ave. | Denton | 23-287 | N/A | In-Person |
| Liam | Gaume-Wakefield | 411 Ponder Ave. | Denton | Open Mic | N/A | In-Person |
| Kirby | Wallace | 100 N. Forest Prk Blvd. | Fort Worth | 23-1121 | Opposed | In-Person |
| Phillip | Young | 2041 Scripture St. | Denton | Open Mic | N/A | In-Person |
| Austin | Zamhariri | Not Provided | N/A | 23-1121 | Supports | In-Person |
| Sage | Not Provided | Not Provided | N/A | 23-1121 | Supports | In-Person |

**NOTES:**

- Information contained within this exhibit includes information regarding citizens who participated in the meeting by giving commentary during Open Microphone, Consent, Individual Consideration and Public Hearing Items, or by submitting eComments in advance.

- Full agenda, meeting video, and system transcript are available by visiting the City of Denton Public Meetings Page at www.cityofdenton.com/242/Public-Meetings-Agendas, going to the Archived Meetings Section, and selecting the applicable meeting date.

- eComments, if submitted, can be found here: https://denton-tx.granicusideas.com/meetings?scope=past

**Agenda Item 4.B (ID 23-061)**

| BOARD/COMMITTEE/COMMISSION | COUNCIL PLACE | NOMINATING AUTHORITY | MEMBER NAME | NEW TERM | STATUS & QUALIFICATION OR PREFERENCE, IF ANY |
|---|---|---|---|---|---|
| Special Citizens Bond Advisory Committee | 3 | Meltzer - City Council | Cynthia Hill | Appointment through August 21, 2023 | New |
| Special Citizens Bond Advisory Committee | BOC-4 | Bond Oversight Committee | Jeff Bowerman | Appointment through August 21, 2023 | New |
| Special Citizens Bond Advisory Committee | BOC-11 | Bond Oversight Committee | Aaron Newquist | Appointment through August 21, 2023 | New |

# EXHIBIT B

MR 0187

# ARTICLE IV. INITIATIVE, REFERENDUM AND RECALL

### Sec. 4.01. Power of initiative.

The electors shall have power to propose any ordinance, except an ordinance appropriating money or authorizing the levy of taxes, and to adopt or reject the proposed ordinance at the polls, such power being known as the initiative. Any initiative ordinance may be submitted to the council by a petition signed by qualified voters of the city equal in number to at least twenty-five percent of the number of votes cast at the last regular municipal election.

### Sec. 4.02. Power of referendum.

The electors shall have power to approve or reject at the polls any ordinance passed by the council or submitted by the council to a vote of the electors, except an ordinance appropriating money, issuing bonds or authorizing the levying of taxes, such power being known as the referendum. Within twenty (20) days after the enactment by the council of any ordinance which is subject to a referendum, a petition signed by qualified voters of the city equal in number to at least twenty-five percent (25%) of the number of votes cast at the last preceding regular municipal election may be filed with the city secretary requesting that any such ordinance be either repealed or submitted to a vote of the electors.

### Sec. 4.03. Form of petition, committee of petitioners.

Initiative petition papers shall contain the full text of the proposed ordinance. Referendum petition papers shall contain the full text of the ordinance which they propose to repeal. The signatures to initiative or referendum petitions need not all be appended to one paper, but to each separate petition there shall be attached a statement of the circulator thereof as provided by this section. Each signer shall sign his name in ink or indelible pencil and shall give after his name his place of residence by street and number, or other description sufficient to identify the place. There shall appear on each petition the names and addresses of the same five (5) electors, who, as a committee of the petitioners, shall be regarded as responsible for the circulation and filing of the petition. Attached to each separate petition paper there shall be an affidavit of the circulator thereof that he, and he only, personally circulated the foregoing paper, that it bears a stated number of signatures, that all the signatures were appended thereto in his presence and that he believes them to be the genuine signatures of the persons whose names they purport to be.

### Sec. 4.04. Filing, examination and certification of petitions.

All papers comprising an initiative or referendum petition shall be assembled and filed with the city secretary as one instrument. Within twenty (20) days after a petition is filed, the city secretary shall determine whether each paper of the petition bears the required affidavit of the circulator and whether the petition is signed by a sufficient number of qualified voters. After completing his examination of the petition, the city secretary shall certify the result thereof to the council at its next regular meeting. If he shall certify that the petition is insufficient he shall set forth in his certificate the particulars in which it is defective and shall at once notify the committee of the petitioners of his findings.

Denton, Texas, Code of Ordinances
(Supp. No. 34)

Created: 2024-05-13 12:42:37 [EST]

Page 1 of 4

MR 0188

## Sec. 4.05. Amendment of petitions.

An initiative or referendum petition may be amended at any time within ten (10) days after the notification of insufficiency has been sent by the city secretary, by filing a supplementary petition upon additional papers signed and filed as provided in the case of an original petition. The city secretary shall within five (5) days after such an amendment is filed, examine the amended petition and, if the petition is still insufficient, he shall file his certificate to that effect in his office and notify the committee of the petitioners of his findings and no further action shall be had on such insufficient petition. The findings of the insufficiency of a petition shall not prejudice the filing of a new petition for the same purpose.

## Sec. 4.06. Effect of certification of referendum petition.

When a referendum petition, or amended petition as defined in section 4.05 of this article, has been certified as sufficient by the city secretary, the ordinance specified in the petition shall not go into effect, or further action thereunder shall be suspended if it shall have gone into effect, until and unless approved by the electors as hereinafter provided.

## Sec. 4.07. Consideration by council.

Whenever the council receives a certified initiative or referendum petition from the city secretary, it shall proceed at once to consider such petition. A proposed initiative ordinance shall be read and provision shall be made for a public hearing upon the proposed ordinance. The council shall take final action on the ordinance within sixty (60) days after the date on which such ordinance was certified to the council by the city secretary. A referred ordinance shall be reconsidered by the council and its final vote upon such reconsideration shall be upon the question, "Shall the ordinance specified in the referendum petition be repealed?"

## Sec. 4.08. Submission of electors.

If the council shall fail to pass an ordinance proposed by initiative petition, or shall pass it in a form different from that set forth in the petition therefor, or if the council shall fail to repeal a referred ordinance, the proposed or referred ordinance shall be submitted to the electors not less than thirty (30) days nor more than sixty (60) days from the date the council takes its final vote thereon. If no regular election is to be held within such period the council shall provide for a special election.

## Sec. 4.09. Form of ballot for initiated and referred ordinances.

Ordinances submitted to a vote of the electors in accordance with the initiative and referendum provisions of this charter shall be submitted by ballot title, which shall be prepared in all cases by the city attorney. The ballot title may be different from the legal title of any such initiated or referred ordinance and shall be a clear, concise statement, without argument or prejudice, descriptive of the substance of such ordinance. If a paper ballot is used it shall have below the ballot title the following propositions, one above the other, in the order indicated: "FOR THE ORDINANCE" and "AGAINST THE ORDINANCE." Any number of ordinances may be voted on at the same election and may be submitted on the same ballot, but any paper ballot used for voting thereon shall be for that purpose only. If voting machines are used, the ballot title shall have below it the same two (2) propositions, one above the other or one preceding the other in the order indicated, and the elector shall be given an opportunity to vote for or against the ordinance.

Created: 2024-05-13 12:42:37 [EST]

MR 0189

## Sec. 4.10. Results of election, publication.

(a)  If a majority of the electors voting on a proposed initiative ordinance shall vote in favor thereof, it shall thereupon be an ordinance of the city. A referred ordinance which is not approved by a majority of the electors voting thereon shall thereupon be deemed repealed.

(b)  Initiative ordinances adopted and referendum ordinances approved by the electors shall be published, and may be amended or repealed by the council in the same manner as other ordinances.

## Sec. 4.11. Recall of councilmen.

Any member of the city council may be removed from office by a recall election.

## Sec. 4.12. Recall petition, committee of petitioners.

Recall petition papers shall contain the name of the councilman (or names of the councilmen) whose removal is sought, and a clear and concise statement of the grounds for his (or their) removal. There shall appear at the head of each petition the names and addresses of five electors, who, as a committee of the petitioners shall be regarded as responsible for the circulation and filing of the petition. Each signer of any petition paper shall sign his name in ink or indelible pencil and give after his name his place of residence by street and number, or other description sufficient to identify the place, and the date his signature was affixed. No signature to such petition shall remain effective or be counted which was placed thereon more than forty-five (45) days prior to the filing of such petition with the city secretary. The signatures to a recall petition need not all be appended to one paper, but to each separate petition there shall be attached an affidavit of the circulator thereof that he, and he only, personally circulated the foregoing paper, that it bears a stated number of signatures, that all signatures were appended thereto in his presence and that he believes them to be the genuine signatures of the persons whose names they purport to be.

## Sec. 4.13. Filing and certification of petitions, recall election.

(a)  All papers comprising a recall petition shall be assembled and filed with the city secretary as one instrument. Within seven (7) days after a petition is filed, the city secretary shall determine whether each paper bears the names of five (5) electors who constitute a committee of the petitioners, and the required affidavit of the circulator thereof, and whether the petition is signed by qualified voters of the constituency of the councilmember whose removal is sought equal in number to at least twenty-five (25) percent of the number of the votes cast for that councilmember and all of his opponents in the last preceding general municipal election in which he was a candidate. As used herein "constituency" shall mean the qualified voters eligible to vote for the councilmember whose removal is sought, either by geographical district or at large, as the case may be.

(b)  If the city secretary finds the petition insufficient he shall return it to the committee of the petitioners, without prejudice, however, to the filing of a new petition based upon new and different grounds, but not upon the same grounds. If the city secretary finds the petition sufficient and in compliance with the provisions of this Article of the Charter he shall submit the petition and his certificate of its sufficiency to the council at its next regular meeting and immediately notify the councilman whose removal is sought of such action.

(c)  If the councilman whose removal is sought does not resign within seven (7) days after such notice the city council shall thereupon order and fix a date for holding a recall election not less than thirty (30) nor more than sixty (60) days after the petition has been presented to the council. If no general election is to be held within this time the council shall provide for a special election.

Created: 2024-05-13 12:42:37 [EST]

MR 0190

(Ord. No. 79-86, § 2, 12-11-79, ratified 1-19-80)

## Sec. 4.14. Recall election ballots.

Ballots used at recall elections shall conform to the following requirements:

(a)  With respect to each person whose removal is sought the question shall be submitted: "SHALL (name of person) BE REMOVED FROM THE CITY COUNCIL BY RECALL?"

(b)  Immediately below each such question shall be printed the two following propositions, one above the other, in the order indicated:

"YES"

"NO"

## Sec. 4.15. Results of recall election.

If a majority of the votes cast at a recall election shall be against the recall of the councilman named on the ballot, he shall continue in office. If a majority of the votes cast at a recall election be for the recall of the councilman named on the ballot, he shall be deemed removed from office and the vacancy shall be filled in the manner prescribed in Article II, section 2.04 of this charter.

## Sec. 4.16. Limitations on recalls.

No petition shall be filed against a councilmember within six (6) months after he takes office nor against a councilmember who has been subjected to a recall election and not removed thereby until at least six (6) months after such election. Should a regular election occur during the time when a recall petition is current and should the person(s) being recalled be reelected, the recall petition shall be null and void.

(Ord. No. 79-86, § 2, 12-11-79, ratified 1-19-80)

## Sec. 4.17. District judge may order election.

Should the city council fail or refuse to order any recall election when all of the requirements for such election have been complied with by the petitioning electors in conformity with this Article of the charter, then it shall be the duty of the District Judge of Denton County, upon proper application therefor, to order such election and effectuate the provisions of this Article of the charter.

MR 0191

# EXHIBIT C

MR 0192



**City Manager's Office**

215 E. McKinney St., Denton, TX 76201 • (940) 349-8307

TO:          City Council

FROM:    Sara Hensley, City Manager

**RE:          Proposition B Implementation**

DATE:      Nov. 9, 2022

In yesterday's election, an ordinance relating to marijuana enforcement, Proposition B, was approved by voters. This ordinance will become effective after the election is canvassed by the City Council, currently scheduled to be considered during a Special Meeting on Friday, Nov. 18.

Implementation Considerations for Proposition B
While we continue to be dedicated to serving the community by making marijuana possession a low priority and recognize the statement expressed by voters regarding marijuana enforcement, the passage of Proposition B presents a challenge to the City regarding our ability to implement its provisions. These issues have previously been described in briefings to the City Council but can essentially be reduced to the issue of certain provisions of Proposition B being in direct conflict with state law. Chapter 370.003 of the Texas Local Government Code prohibits the City Council and Police Department from adopting a policy that does not fully enforce state and federal laws relating to drugs, including marijuana. While Proposition B imposes explicit prohibitions on the Denton Police Department's ability to enforce laws related to low-level marijuana possession, **those prohibitions are in direct conflict with, and are superseded by, the Texas Code of Criminal Procedure**, which vests police officers with the authority and duty to enforce state law, including the ability to use the smell of marijuana as probable cause to conduct a search or seizure, the right to make an arrest, and where appropriate, the right to issue a citation for the possession of marijuana or drug paraphernalia, regardless of the quantity of marijuana. **In short, the City does not have the authority to implement some provisions of Proposition B** without changes to current drug laws by Congress and the Texas Legislature.

In practice, a Denton Police Officer will continue to have the authority to enforce state laws relating to marijuana. Neither the City, the City Manager, nor the Chief of Police has the authority to direct officers to do otherwise or to discipline an officer when they are acting in accordance with state law.

Proposition B further prescribes obligations on the part of the City Manager. In Section 21-84(b) of the ordinance, the City Manager is directed, along with the Chief of Police, to "update city policies and internal operating procedures in accordance with this ordinance" including updates to the Denton Police Department General Orders. The Chief of Police cannot adopt a General Order that is in conflict with state law and I, as the City Manager to whom the Chief of Police reports, do not have the authority to direct him to act in violation of state law.

**EXHIBIT**

**1**

MR 0193

Copy from re:SearchTX

In addition, Proposition B prohibits the City from using City funds or personnel to request, conduct, or obtain THC testing of any cannabis-related substance. While Council has budgetary authority, this provision of Proposition B is in direct conflict with the City Charter, which expressly excludes the appropriation of money from an initiative ordinance, though the Council may choose to amend the budget at its discretion. The passage of Proposition B will also not impact the city's existing employee drug testing policies.

Public Statement Regarding Proposition B
Given the above challenges in implementation, the recognition that other law enforcement agencies are not subject to Proposition B, and the legal distinctions between marijuana and other THC derivatives, the City has drafted and released the **attached** public statement.

I am and City staff are concerned with the potential for incorrect information regarding the applicability and enforceability of Proposition B to quickly spread in the community, which could lead to a confrontation between the police and a member of the community should an officer act in accordance with State law, while the community member mistakenly believes that action violates Proposition B. Therefore, staff have shared this statement with the media and community stakeholders in order to mitigate the negative effects stemming from incorrect information.

Ongoing Approach to Marijuana Enforcement
Prior to the passing of Proposition B, the City of Denton Police Department already significantly revised its marijuana enforcement policy and practices which are enumerated in its General Orders. Between June 2021 and July 2022, of the 65 arrests that the Denton Police Department made for marijuana possession under 4 ounces, 15 of these charges accompanied other controlled substances unrelated to marijuana, and weapons were involved in 31 of these cases.

Going forward, Chief Shoemaker has affirmed that enforcement of marijuana possession will continue to be a low priority for the Denton Police Department. However, public safety requires the Police Department's ability to use the smell and possession of marijuana, regardless of the amount, as well as the possession of drug paraphernalia, as probable cause to conduct further investigation, which as noted above, may lead to more serious crimes being charged, including the possession of a firearm and crimes of violence against members of our community.

Next Steps
In accordance with Section 21-86 of the ordinance, I will report to Council within three months' time regarding its implementation.


Attachment

CC:   Mack Reinwand, City Attorney
      Frank Dixon, Assistant City Manager
      Doug Shoemaker, Chief of Police
      City Manager's Office

2

MR 0194

Copy from re:SearchTX

# Information on the Passing of Proposition B, Relating to Marijuana Possession

**DENTON, TX, Nov. 9, 2022** – Following the passage of Proposition B, which outlines actions to be taken regarding marijuana possession in the City of Denton, there is important information to share to help understand what this means for the Denton community. This ordinance, which was approved by voters, will become effective after the election is canvassed by the City Council, currently scheduled to be considered during a Special Meeting on Friday, Nov. 18.

## Current Practices

Prior to the passage of Proposition B, the City of Denton Police Department already significantly revised its marijuana enforcement policy and practices which are enumerated in its general orders. Between June 2021 and July 2022, of the 65 arrests that the Denton Police Department made for marijuana possession under 4 ounces, 15 of these charges accompanied other controlled substances unrelated to marijuana, and weapons were involved in 31.

The existing policy leaves officers with the discretion to continue an investigation after the discovery of marijuana if other crimes are suspected, such as driving while impaired, unlawful carrying of a weapon, or possession of a controlled substance in a drug-free zone (such as a school, park, or daycare).

"As a forward-thinking agency, marijuana possession alone has not been a priority for the Denton Police Department for several years," said Police Chief Doug Shoemaker. "This will continue to be the case. With that said, officers must maintain discretion to be able to keep our community safe from harm. When marijuana possession pairs with other crimes that affect public safety, including offenses such as driving while intoxicated or firearms violations, such acts cannot and will not be ignored."

## Implementation

With the voter approval of Proposition B, City staff has been working to determine which portions of the ordinance will be incorporated into the Police Department's General Orders, also known as department policies. This review is necessary since Chapter 370.003 of the Texas Local Government Code prohibits the City Council and Police Department from adopting a policy that does not fully enforce state and federal laws relating to drugs, including marijuana, as well as the Texas Code of Criminal Procedure which vests police officers with the authority and duty to enforce state law, including the possession of marijuana. Because portions of Proposition B conflict with and may be superseded by existing state and federal laws, some provisions of Proposition B may not be implemented without changes to those laws by the United States Congress and Texas Legislature.

MR 0195

Copy from re:SearchTX

It is also important to note, especially for students and visitors, that City policies and the Denton Police Department's General Orders do not apply to the other law enforcement agencies that have jurisdiction to enforce state law within the City of Denton. These agencies include, but are not limited to, the University of North Texas Police Department, Texas Woman's University Department of Public Safety, the Denton County Sheriff's Office, and the Texas Department of Public Safety, which all have their own policies and practices when it comes to marijuana investigations and arrests and are not subject to Proposition B.

Another important distinction is that the possession of marijuana and the possession of THC products are entirely different offenses. Per Texas state law, possessing any amount of THC, which is often the substance in edibles or vape cartridges, is a felony offense and this is not covered by Proposition B. As a result, possessing a single vape cartridge or a single edible would be classified as a felony. Also, when THC is added to any other substance, such as brownies or cookies, state law takes the total weight of the combined substances into consideration rather than the pure weight of the added THC. Meaning, per state law, if you bake a small amount of THC into a pound of brownies, you could be charged with possessing a pound of THC, a first-degree felony.

The Denton Police Department is dedicated to serving the community in a fair and safe manner. The department understands that, with the voter approval of Proposition B, voters wish to reduce punishments for low-level marijuana possession. The department is committed to continuing the innovative policies that are in place, which have resulted in a significant reduction in arrests since implemented in 2019 and updated in 2022, but must do so within the parameters of state and federal law. The Police Department will continue to assess all aspects of this ordinance, as passed by voters, to determine what may be implemented in accordance with both the current law as well as the voices of the population we serve.

### 

Visit www.cityofdenton.com for more news and to stay updated.

2

Copy from re:SearchTX

MR 0196

# EXHIBIT D

MR 0197

| | | |
|---|---|---|
| THE STATE OF TEXAS, *Plaintiff,* | § § § | IN THE DISTRICT COURT |
| v. | § § | |
| CITY OF DENTON; GERARD HUDSPETH, Mayor of Denton; BRIAN BECK, Mayor Pro Tem of Denton, VICKI BYRD, PAUL MELTZER, JOE HOLLAND, BRANDON CHASE McGEE, and CHRIS WATTS, Members of the City Council of Denton; SARA HENSLEY, City Manager of Denton; and DOUG SHOEMAKER, Chief of Police of Denton, in their official capacities, *Defendants.* | § § § § § § § § § § § § § § § | DENTON COUNTY, TEXAS  481st JUDICIAL DISTRICT |

## DECLARATION OF CITY MANAGER SARA HENSLEY

1.    "My name is Sara Hensley, and I am the current City Manager for the City of Denton, Texas. I am over the age of eighteen years, am of sound mind, am competent in all respects to make this declaration, and the following facts are true and correct and within my personal knowledge as the City Manager for the City of Denton.

2.    I have more than 20 years of public service and leadership experience. Before joining the City of Denton, I served as the Parks and Recreation Director for the City of Austin and also served as Interim Assistant City Manager for two years. I led large-scale teams in multiple program and service areas and operations, served as the executive lead for several citywide cross-departmental efforts, and had frequent interaction with elected officials, community stakeholders, and residents.

3.    I joined the City of Denton in May 2019 as the Assistant City Manager, was promoted to Deputy City Manager in July 2020, then to Interim City Manager in February 2021, and was then appointed City Manager in March 2022.

4.    As City Manager, I am responsible for the implementation of Council policies and priorities. Together with my team, I provide leadership and direction to all departments of the City, coordinate the official business of the City Council, submit and administer the annual budget and capital improvement programs, and act as liaisons among the City Council, citizens, and the City organization. My

MR 0198

authority as City Manager is described in Article V, Section 5.03 of the City of Denton's Charter.

5.     In the State's petition, the State cites the memo I sent to the Denton City Council on November 9, 2022, discussing the potential implementation of Proposition B. Orig. Pet.¶ 20–21. In this memo, I explained that the voters of the City of Denton had approved and passed Proposition B in the November 8, 2022 election. Exh. 1, City Manager Memo, at 1. I also state, not that the City is adopting or shall adopt a specific policy, but that the City would "not have the authority to implement some of the provisions of Proposition B." *Id.* Ultimately, I stated my conclusion that the Denton City Police Officers will continue to have authority enforce state laws relating to marijuana.

6.     This memo does not establish and is not a "policy" by which the City of Denton "will not fully enforce laws relating to drugs," as discussed in Texas Local Government Code § 370.003. As explained above, this memo discusses the issues regarding any potential implementation of Proposition B, which was approved and passed by the voters of the City of Denton on November 8, 2022, but does not set or adopt any policy for the City.

7.     Article II, Section 2-28(c) of the City of Denton Code of Ordinances does authorize me to issue policies, including any policy for how city personnel should handle marijuana related offenses. Specifically, Section 2-28(c) provides that:

> The city manager is hereby authorized to issue such administrative procedures and directives as he deems necessary to implement approved policies relating to personnel and internal operational matters. Such procedures and directives shall be contained in a manual available for inspection by city employees.

8.     I have not, as City Manager or otherwise, promulgated a policy not to fully enforce laws relating to drugs in response to or in connection with the Ordinance, and I do not plan to do so."

My name is ___Sara_____Lynn_____Hensley_____,
                     (First)        (Middle)       (Last)

and I am an employee of the following governmental agency: the City of Denton.

I am executing this declaration as part of my assigned duties and responsibilities.

I declare under penalty of perjury that the foregoing is true and correct.

MR 0199

Executed in Denton County, State of Texas, on the _16_ day of _May_____,
2024.

_____
Declarant

3

# EXHIBIT E

MR 0201

| | | |
|---|---|---|
| THE STATE OF TEXAS, *Plaintiff,* | § § § § § | IN THE DISTRICT COURT |
| v. | § § | |
| CITY OF DENTON; GERARD HUDSPETH, Mayor of Denton; BRIAN BECK, Mayor Pro Tem of Denton, VICKI BYRD, PAUL MELTZER, JOE HOLLAND, BRANDON CHASE McGEE, and CHRIS WATTS, Members of the City Council of Denton; SARA HENSLEY, City Manager of Denton; and DOUG SHOEMAKER, Chief of Police of Denton, in their official capacities, *Defendants.* | § § § § § § § § § § § § § § § | DENTON COUNTY, TEXAS  481st JUDICIAL DISTRICT |

## DECLARATION OF INTERIM CHIEF OF POLICE JESSICA ROBLEDO

1.      "My name is Jessica Robledo, and I am the Interim Chief of Police for the City of Denton, Texas.

2.      I am over the age of eighteen years, am of sound mind, am competent in all respects to make this declaration, and the following facts are true and correct and within my personal knowledge as the Interim Chief of Police for the City of Denton.

3.      I was appointed Interim Chief of Police for the City of Denton in April 2024, replacing Acting Chief Bryan Cose, who served as Acting Chief of Police following the resignation of Chief Doug Shoemaker.

4.      I have 34 years of public safety experience and last served as chief of the Pflugerville Police Department until 2021. Before that, I served as an assistant chief for the Austin Police Department until 2016.

5.      As the Interim Chief of Police for the City of Denton, I have the powers, rights, duties, and jurisdiction granted to and imposed on me by the laws of the State of Texas. As Interim Chief of Police, all general orders and policies for the City of Denton Police Department must be approved by me. Furthermore, I have both the authority to publish directives and an obligation to follow the laws of the State of Texas. The City Manager, therefore, cannot abrogate my obligations to

MR 0202

comply with the law, and has not done so. So, to the extent that I have the authority to publish directives, I have not issued and will not issue a policy inconsistent with Section 370.003 of the Texas Local Government Code. Additionally, neither the Denton Police Department nor either of my immediate predecessors, Chief Shoemaker and Acting Chief Cose, adopted any policy or issued any directive by which the Denton Police Department would not fully enforce federal or state laws relating to drugs.

6. As the Interim Chief of Police, I also report directly to the City of Denton City Manager, Sara Hensley. Under the supervision of the Denton City Manager, I likewise have not adopted and do not intend to adopt any policy under which the police department will not fully enforce federal or state laws relating to drugs.

7. Thus, no policy of the City of Denton or of the Denton Police Department has been adopted that would change the pre-existing discretion of Denton police officers to enforce drug laws, as that pre-existing discretion was summarized by then-Chief Shoemaker in his public statement on November 9, 2022 found at Exhibit 1 of Plaintiff's Original Petition."

My name is ___Jessica___ ___J.___ ___Robledo___ ,
         (First)    (Middle)    (Last)

and I am an employee of the following governmental agency: the City of Denton.

I am executing this declaration as part of my assigned duties and responsibilities.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Denton County, State of Texas, on the _20_ day of _May_, 2024.

_____
                Declarant

2

MR 0203

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Cathy Daniels on behalf of Jose de la Fuente
Bar No. 00793605
cdaniels@lglawfirm.com
Envelope ID: 87929221
Filing Code Description: Plea to Jurisdiction
Filing Description: Defendants' Plea to the Jurisdiction
Status as of 5/21/2024 8:37 AM CST

Associated Case Party: The State Of Texas

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Johnathan Stone | 24071779 | Johnathan.Stone@oag.texas.gov | 5/20/2024 3:18:49 PM | SENT |
| Jacob Przada | 24125371 | jacob.przada@oag.texas.gov | 5/20/2024 3:18:49 PM | SENT |
| Tamera Martinez | | tamera.martinez@oag.texas.gov | 5/20/2024 3:18:49 PM | SENT |

Associated Case Party: Decriminalize Denton

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Richard Gladden | | richscot1@hotmail.com | 5/20/2024 3:18:49 PM | SENT |

Associated Case Party: Deb Armintor

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Richard Gladden | | richscot1@hotmail.com | 5/20/2024 3:18:49 PM | SENT |

Associated Case Party: The City Of Denton, Texas

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Amy Hoffee | | amy.hoffee@cityofdenton.com | 5/20/2024 3:18:49 PM | SENT |
| Mack Reinwand | | mack.reinwand@cityofdenton.com | 5/20/2024 3:18:49 PM | SENT |
| Jose E.de la Fuente | | jdelafuente@lglawfirm.com | 5/20/2024 3:18:49 PM | SENT |
| James F.Parker | | jparker@lglawfirm.com | 5/20/2024 3:18:49 PM | SENT |
| Gabrielle C.Smith | | gsmith@lglawfirm.com | 5/20/2024 3:18:49 PM | SENT |
| Sydney P.Sadler | | ssadler@lglawfirm.com | 5/20/2024 3:18:49 PM | SENT |

Case Contacts

MR 0204

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Cathy Daniels on behalf of Jose de la Fuente
Bar No. 00793605
cdaniels@lglawfirm.com
Envelope ID: 87929221
Filing Code Description: Plea to Jurisdiction
Filing Description: Defendants' Plea to the Jurisdiction
Status as of 5/21/2024 8:37 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Sharon Murray | | sharon.murray@oag.texas.gov | 5/20/2024 3:18:49 PM | SENT |

Associated Case Party: Doug Shoemaker

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Devin Q.Alexander | | Devin.Alexander@cityofdenton.com | 5/20/2024 3:18:49 PM | SENT |

MR 0205

| | | |
|---|---|---|
| THE STATE OF TEXAS, | § | In the District Court of |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| CITY OF DENTON; GERARD | § | |
| HUDSPETH, Mayor of Denton; BRIAN | § | |
| BECK, Mayor Pro Tem of Denton; VICKI | § | Denton County, Texas |
| BYRD, PAUL MELTZER, JOE | § | |
| HOLLAND, BRANDON CHASE | § | |
| McGEE, and CHRIS WATTS, Members of | § | |
| the City Council of Denton; SARA | § | |
| HENSLEY, City Manager of Denton; and | § | |
| DOUG SHOEMAKER, Chief of Police of | § | |
| Denton; in their official capacities, | § | 481st Judicial District |
| *Defendants.* | § | |

### PLAINTIFF THE STATE OF TEXAS'S RESPONSE TO CITY DEFENDANTS' PLEA TO THE JURISDICTION

Plaintiff the State of Texas ("Texas"), by and through the Office of the Attorney General of Texas, files its Response City Defendants' Plea to the Jurisdiction. In support thereof, Texas respectfully states as follows:

City Defendants challenge this Court's jurisdiction on four bases. ***First,*** Defendants argue that Texas "has not pleaded, and cannot as a matter of law, plead a valid *ultra-vires* claim because it does not allege any act taken by any Defendant outside of their legal authority." *City Defendants' Plea to the Jurisdiction* at 2.[1] ***Second***, City Defendants argue that "neither the City Council nor any

---

[1] Defendants seem to argue that the City did not "adopt" the unconstitutional ordinance in violation of Section 370.003. But as discussed in more detail below, Texas disagrees because Defendants' characterizations contravene the facts included in their own response—facts that show the City Council "passed and approved" the ordinance after voters "adopted" the ordinance. *See* Ex. A, *City Defendants' Plea to the Jurisdiction*, at 34–33, 39–40. Thus, throughout this response, Texas uses the word "adopt" to comport with Section 370.003 and to refer to what

Official has adopted a policy," even though the ordinance is "on the books" in "the City's official Code of Ordinances," and "the absence of any act by Defendants renders any opinion the Court could render in this case advisory;" hence, Texas lacks Article III standing. *Id.* at 2, 14. **Third,** City Defendants argue that Texas's interpretation of Section 370.003 of the Texas Local Government Code would violates the separation of powers doctrine and should thus be rejected because Texas's ultimate relief would purportedly hinder prosecutorial discretion afforded to law enforcement. *Id.* at 20-22. **Fourth,** and finally, City Defendants claim that Texas is not entitled to relief for City Defendants' *ultra vires* actions. *Id.* at 27–28.

City Defendants' arguments fail as a matter of law. **First,** codification of an unconstitutional ordinance decriminalizing marijuana in conflict with state law—constitute *ultra vires* actions. Defendants' *ultra vires* actions—codifying an unconstitutional ordinance decriminalizing marijuana in conflict with state law—have injured Texas. *Houston Belt & Terminal Railway Co. v. City of Houston*, 487, S.W.3d 154, 158 (Tex. 2016) (noting that government officers act without legal authority if they exceed the bounds of their granted authority); *Creedmoor-Maha Water Supply Corp. v. Texas Comm'n on Env't Quality*, 307 S.W.3d 505, 515–16 (Tex. App.—Austin 2010, no pet.) (noting that "if the claimant is attempting to restrain a state officer's conduct on the grounds that it is unconstitutional," the plaintiff must plead a "constitutional violation" to fall within the *ultra vires* exception). Texas has pled a violation.

**Second**, Defendants' *ultra vires* actions confer standing upon Texas because Texas has an interest in ensuring State law has not been undermined by conflicting local law. *See State v. El Paso*

---

the City Council *actually* accomplished through its approval and passage of an unconstitutional ordinance.

2

*Cnty.*, 618 S.W.3d 812, 826 (Tex. App.—El Paso, 2020), *overruled on other grounds [2]by Abbott v. City of El Paso*, 668 S.W.3d 800 (Tex. App.—El Paso 2023) (citations omitted) (observing that a state has interests in "safeguarding [even] theoretical interests in the hierarchy of a governmental structure.").

***Third***, City Defendants' separation-of-powers arguments fail as a matter of law. Since Texas pled *ultra vires* action in the form of codifying an unconstitutional ordinance, for which it seeks prospective relief, conferring Article III standing, an advisory opinion would not result. *Hewitt v. Helms*, 482 U.S. 755, 761 (1987) (emphasis in original) ("[t]he real value of the judicial pronouncement—what makes it a proper judicial resolution of a case or controversy rather than an advisory opinion—is in the settling of some dispute *which affects the behavior of the defendant towards the plaintiff.*"). And while Defendants argue that Section 370.003 of the Local Government Code ("Section 370.003") should be read to violate the constitution, *see City Defendants' Plea to the Jurisdiction* at 20, Defendants ignore the fact that Texas's use of that provision does not violate constitution. What's more, Defendants' interpretation cannot be reconciled with the presumption of validity doctrine, which requires the parties read Section 370.003 narrowly and not to infringe on other branches of government. *Smith v. Davis,* 426 S.W.2d 827, 831 (Tex.1968); Tex. Local Gov't Code § 370.003.

Moreover, City Defendants prosecutorial discretion argument fails as a blanket prohibition on the enforcement of the Texas Penal Code pertaining to marijuana conflicts with a law

---

[2] Although Texas has included the above subsequent history, the opinion overruling *State v. El Paso Cnty* on other grounds was vacated by the Supreme Court of Texas. *See Abbott v. City of El Paso*, 677 S.W.3d 914, 915 (Tex. 2023).

enforcement officer's "duty to stop crime *whenever* it occurs." *Pardo v. Iglesias*, 672 S.W.3d 428, 433 (Tex. App.—Houston [14th Dist.] 2023, pet. den'd). That is, the Texas Code of Criminal Procedure, Section 2.13 indicates that "[i]t is the duty of every peace officer to preserve the peace within the officer's jurisdiction." *Moore v. Barker*, No. 14-17-00065-CV, 2017 WL 4017747, at *4 (Tex. App.—Houston [14th Dist.] 2017) (citing Tex. Code Crim. Proc. art. 2.13(a)).

*Fourth,* Texas is entitled to relief for City Defendants' *ultra vires* actions. *City of Beaumont v. Boullion*, 896 S.W.2d 143, 149 (Tex. 1995); *City of Elsa v. MAL*, 226 S.W.3d 390, 381 (Tex. 2007) ("In this case we reaffirm . . . governmental entities may be sued for injunctive relief under the Texas Constitution.").

## PROCEDURAL BACKGROUND

On January 31, 2024, following the City of Denton's codification of an unconstitutional ordinance decriminalizing marijuana, Texas sued the City of Denton and applicable city officials, alleging Defendants' codification of the ordinance violated Article XI, Section 5 of the Texas Constitution, and Section 370.003 of the Local Government Code. *Plaintiff's Original Verified Petition, Application for Temporary Injunction and Permanent Injunction* ("Petition") at 1-3, 5. Texas seeks declaratory and injunctive relief, including a temporary injunction and a permanent injunction. *See id.*

Shortly thereafter, on February 5, 2024, Intervenor-Defendants' Deb Armintor, in her personal capacity, and in her official capacity as Chairperson on behalf of Decriminalize Denton, and Decriminalize Denton, a Nonprofit, Unincorporated Political Action Committee, filed their Petition in Intervention. *Petition in Intervention.* Texas then filed its Motion to Strike Intervenor-Defendants' Petition in Intervention, to which Intervenor-Defendants responded. *Motion to Strike*

4

MR 0209

*Intervenor-Defendants' Petition in Intervention; Response to Motion to Strike Intervenor-Defendants'*

*Petition in Intervention.* After City Defendants filed their Plea to the Jurisdiction on May 20, 2024,

Texas now responds. *See City Defendants Plea to the Jurisdiction.*

**RESPONSE TO PLEA TO THE JURISDICTION**

## I. Standard of Review

A plea to the jurisdiction challenges the court's authority to determine the subject matter of the controversy. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553–54 (Tex. 2000). "Subject-matter jurisdiction is a multiple choice question with only two answers: yes or no." *City of Anson v. Harper*, 216 S.W.3d 384, 390 (Tex. App.—Eastland 2006, no pet.). "When a plea to the jurisdiction challenges the pleadings, [the court] determine[s] if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause." *Tex. Dep't. of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

## II. City Defendants' Plea to the Jurisdiction is facially flawed.

City Defendants' Plea to the Jurisdiction fails as a matter of law for four reasons: (1) adoption of an unconstitutional ordinance decriminalizing marijuana in conflict with state law constitute *ultra vires* actions; (2) Defendants' *ultra vires* actions confer standing upon Texas, as Texas has an interest in ensuring State law has not been undermined by conflicting local law; (3) Texas seeks proper relief in response to City Defendants' ongoing, unlawful actions that do not implicate separation-of-powers concerns; and (4) Texas is entitled to relief for City Defendants' *ultra vires* actions.

### A. Defendants' adoption of an unlawful ordinance constitutes *ultra vires* actions, thus removing any claim to sovereign immunity.

City Defendants ask this Court to shield them with sovereign immunity for activity by

5

government officials that directly conflict with the Texas Constitution and Local Government Code. *See City Defendants' Plea to the Jurisdiction* at 10. Specifically, City Defendants argue that "the State identifies no act by the Officials that actually violates Section 370.003, and accordingly, the State's suit does not fall within the *ultra-vires* exception to the Officials' immunity," *id.*

Defendants are wrong. Defendants' *ultra vires* actions of adopting an unconstitutional ordinance decriminalizing marijuana in conflict with state law confers a waiver of immunity. *Houston Belt & Terminal Railway Co.*, 487, S.W.3d at 158 (Tex. 2016) (noting that government officers act without legal authority if they exceed the bounds of their granted authority); *Creedmoor-Maha Water Supply Corp.*, 307 S.W.3d at 515–16 (Tex. App.—Austin 2010, no pet.) (noting that "if the claimant is attempting to restrain a state officer's conduct on the grounds that it is unconstitutional," the plaintiff must plead a "constitutional violation" to fall within the *ultra vires* exception).

And despite Defendants' assertions to the contrary, *see City Defendants' Plea to the Jurisdiction* at 5 (citing *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009)), sovereign immunity does not bar an *ultra vires* suit seeking prospective injunctive relief against a state official in their official capacity for acting unlawfully. *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372–73 (Tex. 2009). "To fall within this *ultra vires* exception, a suit . . . must allege, and ultimately prove, that the officer acted without legal authority or failed to perform a purely ministerial act." *Id.* at 372; *Hall v. McRaven*, 508 S.W.3d 232, 240–41 (Tex. 2017) (holding that the official capacity defendant acted within his legal authority and was therefore still entitled to sovereign immunity). "[A]ctions taken 'without legal authority' has two fundamental components: (1) authority giving the official some (but not absolute) discretion to act and (2) conduct outside of that authority."

6

*Hall v. McRaven*, 508 S.W.3d 232, 239 (Tex. 2017). A government officers acts without legal authority if he exceeds the bounds of his granted authority or if his acts conflict with the law itself. *Houston Belt & Terminal Railway Co. v. City of Houston*, 487, S.W.3d 154, 158 (Tex. 2016). "Although only exercises of absolute discretion are absolutely protected, whether a suit attacking an exercise of limited discretion will be barred is dependent upon the grant of authority at issue in any particular case." *Id.* at 164.

Ultimately, here, City Defendants were not provided discretion as to how to act. First, Texas has alleged that Chapter 481 of the Penal Code prohibits possession of marijuana and related paraphernalia and that Section 370.003 of the Local Government Code forbids "[t]he governing body of a municipality [or a] municipal police department" to "adopt a policy under which the entity will not fully enforce laws relating to drugs, including Chapters 481 and 483, Health and Safety Code, and federal law." Tex. Local Gov't Code § 370.003; Tex. Health and Safety Code §§ 481.121, 481.125.

City Defendants were not permitted to adopt the unlawful ordinance. *See Texas Ass'n of Bus. v. City of Austin, Texas*, 565 S.W.3d 425, 441 (Tex. App.—Austin, 2018, reh'g denied) (citing Tex. Const. art. XI § 5) (citing *Abbott v. Perez*, 138 S.Ct. 2305, 2324 n.17 (2018)). City Defendants admit that it has an Ordinance in its City Code of Ordinances, which Texas contends violates Section 370.003, but City Defendants claimed that the City Council's approval and passage of the ordinance—and hence, the act of the Ordinance being placed in the City Code of Ordinances—is not an action for the purposes of *ultra vires* actions, citing to the Denton City Charter. Denton, Tex., Code of Ordinances pt. 1, art. IV, § 4.10 (1959) (emphasis added); *see also City Defendants Plea to the Jurisdiction* at 13. Yet, City Defendants don't explain how the Ordinance ended up in

7

its Code of Ordinance, while seemingly raising the defense that it had to be placed in the Code pursuant to Code of Ordinances pt. 1, art. IV, § 4.10.

City Defendants here, in relevant part, ignore the preemption language of the Texas Constitution. The Texas Constitution requires that "no…ordinance passed under [Denton's] charter shall contain any provision inconsistent with the Constitution of the State, or of the general laws enacted by the Legislature of this State." Tex. Const. art. XI, § 5. Courts have found that when a "provision [is] inconsistent with the . . . general laws enacted by the Legislature of this State. . . . [t]he 'inability [of a state] to enforce its duly enacted [laws] clearly inflicts irreparable harm on the State.'" *Texas Ass'n of Bus.*, 565 S.W.3d at 441 (citations omitted).

Nevertheless, citing to their City Code of Ordinances, City Defendants claim that they have not committed any act. City Defendants cannot claim it correctly chose to follow its Code of Ordinances and disclaim Texas Constitutional preemption or the Texas Government Code, particularly in light of its own charter language stating its rules and regulations are "subject [] to the limitations imposed by the state Constitution." Charter of the City of Denton art. I, § 1.04

Nor would the City Police Defendant be permitted to decline to follow the state's drug laws, thus providing an *ultra vires* exception to sovereign immunity. That is, a blanket prohibition on the enforcement of the Texas Penal Code pertaining to marijuana conflicts with a law enforcement officer's duty under the Texas Civil Practice and Remedies Code "to stop crime *whenever* it occurs." *Pardo*, 672 S.W.3d at 433. What's more , the Texas Code of Criminal Procedure, Section 2.13 of the Texas Code of Criminal Procedure indicates that "[i]t is the duty of every peace officer to preserve the peace within the officer's jurisdiction." *Moore v. Barker*, No. 14-17-00065-CV, 2017 WL 4017747, at *4 (Tex. App. Sept. 12, 2017) (citing Tex. Code Crim. Proc.

8

art. 2.13(a)).

Furthermore, *ultra vires* actions can be maintained against entities for violation of constitutional rights against an entity. *Texas A&M Univ. v. Carapia*, 494 S.W.3d 201, 205 (Tex. App.—Waco 2015, pet. denied) (noting that "'suits for injunctive relief' may be maintained against governmental entities to remedy violations of the Texas Constitution."). Here, Texas has also sued the City of Denton, to which it is entitled to sue.

Ultimately, Texas has pled a waiver of sovereign immunity for *ultra vires* actions and its claims must proceed.

### B. Defendants' *ultra vires* confer standing.

City Defendants proceed to contest every element of the standing inquiry. First, City Defendants argue that Texas suffers no harm because "[t]he Ordinance was self-enacting by function of the Denton City Charter and the petition and vote of the people . . . has not been enforced, and no Defendant intends to enforce it." *City Defendants' Plea to the Jurisdiction* at 16. Second, to the extent they concede injury, City Defendants challenge, causation, arguing that "as shown by the undisputed facts above, that act—the act of the City Council or Denton's police department adopting such a policy—has not happened," thus challenging causation. *Id.* at 13. Third, and finally, City Defendants' assert State's suit is also non-jurisdictional because it does not present a live case or controversy, but instead seeks an impermissible advisory opinion.*" Id.* at 6. City Defendants' flagrant contravention of state law, as discussed *infra* I.A., provides a clear pathway to the conclusion that Texas in fact has standing.

Because "Texas's test for constitutional standing parallels the federal test for Article III standing," Texas courts may "look to federal standing jurisprudence for guidance" unless

9

specifically contradicted by state law. *Pike v. Tex. EMC Mgmt., LLC*, 610 S.W.3d 763, 776 (Tex. 2020).

To establish standing, a plaintiff must plead and ultimately prove (1) an actual or imminent injury in fact that is (2) fairly traceable to the defendant's challenged conduct and (3) likely to be redressed by the plaintiff's requested remedy. *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 154–55 (Tex. 2012) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)).

### i.    Injury-in-Fact

Defendants' *ultra vires* actions—adopting an unconstitutional ordinance decriminalizing marijuana in conflict with state law—have caused Texas an injury. *See State v. Hollins,* 620 S.W.3d 400, 410 (Tex. 2020) (holding that the State in injured by local ultra vires actions "as a matter of law"). Actions taken by local officials that facially contravene State law are ultra vires. *See Houston Belt & Terminal Railway Co.*, 487, S.W.3d at 158 (noting that government officers act without legal authority if they exceed the bounds of their granted authority or if their acts conflict with the law itself); *Creedmoor-Maha Water Supply Corp.*, 307 S.W.3d 505, 515–16 (Tex. App.—Austin 2010, no pet.) (noting that "if the claimant is attempting to restrain a state officer's conduct on the grounds that it is unconstitutional, it must allege facts that actually constitute a constitutional violation" to fall within the *ultra vires* exception);

The act of adopting a preempted ordinance injures Texas. *See Texas Ass'n of Bus,* 565 S.W.3d at 441 (citing Tex. Const. art. XI § 5) (citing *Perez*, 138 S.Ct. at 2324 n.17). Courts have applied the Constitutional principles set out in Article XI, Section 5 to claims brought by Texas for the purposes of the standing inquiry. In *Texas Association of Business,* Texas challenged a city's decision to adopt an ordinance that directly conflicted with State law. *See generally id.* The Court

10

found that when a "provision [is] inconsistent with the . . . general laws enacted by the Legislature of this State. . . . [t]he 'inability [of a state] to enforce its duly enacted [laws] clearly inflicts irreparable harm on the State.'" *Id.* at 441 (citations omitted). In mounting a facial challenge against the Ordinance, Texas need only prove "that the [ordinance], *by its terms*, always operates unconstitutionally." *Tex. Workers' Comp. Comm'n v. Garcia*, 893 S.W.2d 504, 518 (Tex. 1995) (emphasis added).

In *El Paso Cnty.,* the Court noted that when Texas sues local officials for acting contrary to State law, Texas "is safeguarding its theoretical interests in the hierarchy of a governmental structure." 618 S.W.3d at 826 (citations omitted). The Constitution clearly subordinates municipal law to the State's "general statutes." Tex. Const. art. XI sec. 5; *see also Yett v. Cook*, 115 Tex. 205, 281 S.W. 837, 842 (1926) (municipalities are "agencies of the state, and subject to state control"). In this instance, adopting the ordinance has caused injury because the ordinance facially conflicts with State law. *See Hollins*, 620 S.W.3d 400, 410 (Tex. 2020) (noting that "[w]e have explained that where those laws are being defied or misapplied by a local official, an *ultra vires* suit is a tool 'to reassert the control of the state,'" that would "be useless—and our language null—if the State were required to demonstrate additional, particularized harm arising from a local official's specific unauthorized actions.").

Here, as in *El Paso Cnty.*, the Ordinance undeniably conflicts with State law and would deprive the State of its ability "to enforce its duly enacted laws" *Tex. Ass'n of Bus.*, 565 S.W.3d at 441 (Tex. App.—Austin 2018, pet. denied). By adopting a conflicting ordinance, the City has upended the constitutional "hierarchy of [] governmental structure" between the State and municipalities. Because the Ordinance as written so clearly injures Texas's sovereignty, the State

11

has standing to challenge it prior to enforcement. Put another way, the State suffers an injury because the City has attempted to create two sets of rules: (1) one for the City of Denton and (2) one for the rest of Texas. "[T]he public cannot have two sets of rules to live by." *El Paso Cnty.*, 618 S.W.3d at 826.

The Ordinance undeniably conflicts with state law and would deprive the State of its ability "to enforce its duly enacted laws" *Tex. Ass'n of Bus.*, 565 S.W.3d at 441 (Tex. App.—Austin 2018, pet. denied). Texas has pled that Chapter 481 of the Penal Code prohibits possession of marijuana and related paraphernalia and that Section 370.003 of the Local Government Code forbids "[t]he governing body of a municipality [or a] municipal police department" to "adopt a policy under which the entity will not fully enforce laws relating to drugs, including Chapters 481 and 483, Health and Safety Code, and federal law." Tex. Local Gov't Code § 370.003; Tex. Health and Safety Code §§ 481.121, 481.125. *See Petition* at 7-9. State law not only criminalizes conduct the Ordinance condones, it expressly preempts local discretion by prohibiting any municipal regulation that loosens drug enforcement. *See id.* The Legislature could hardly have made its intent any clearer: local government has no authority to create its own lax marijuana policy. Because the Ordinance as written so clearly injures Texas's sovereignty, the State has standing to challenge it prior to enforcement.

Ultimately, Intervenor-Defendants' standing arguments fail for two key reasons: (1) the controversy is ripe, and (2) *Hollins* and its progeny clearly establish that local ordinances violating State law injure Texas.

*First*, Texas's injury is ripe—an unconstitutional ordinance adopted by the City Defendants is still on the City's books. "Under the ripeness doctrine, [the court] consider[s]

12

whether, *at the time a lawsuit is filed*, the facts are sufficiently developed so that an injury has occurred or is likely to occur, rather than being contingent or remote." *Waco Indep. Sch. Dist. v. Gibson*, 22 S.W.3d 849, 851–52 (Tex. 2000) (emphasis in original, internal quotations omitted). "A case is not ripe when determining whether the plaintiff has a concrete injury depends on contingent or hypothetical facts, or upon events that have not yet come to pass." *Id.* at 852. Like standing, ripeness is a component of subject matter jurisdiction. *Id.* at 850.

Here, Chapter 481 makes possession of marijuana and drug paraphernalia an offense. Thus, the ordinance and any corresponding Denton Police Department general order or directive violate and are preempted by section 370.003 of the Texas Local Government Code: "The governing body of a municipality [or a] municipal police department . . . may not adopt a policy under which the entity will not fully enforce laws relating to drugs, including Chapters 481 and 483, Health and Safety Code, and federal law." The ordinance is also unconstitutional. "[N]o . . . ordinance passed under [Denton's] charter shall contain any provision inconsistent with the Constitution of the State, or of the general laws enacted by the Legislature of this State." Tex. Const. art. XI, § 5.

Moreover, generally, an ordinance that conflicts with provisions of the Constitution or state statutes and code provisions is void, not voidable. Because the Ordinance conflicts with Section 370.003, the Ordinance would be void and of no legal effect. *See Hotze v. Turner*, 672 S.W.3d 380, 388 (Tex. 2023), *reh'g denied* (Sept. 1, 2023) (holding an ordinance's primacy clause would be "void because it conflicts with state law."); *see also Ex parte Farley*, 65 Tex.Cr.R. 405, 144 S.W. 530 (1912) ("If the ordinance is in conflict with the state law, it will be held invalid.") (citations omitted) (emphasis added); *Honeycutt v. State*, 627 S.W.2d 417, 420 (Tex. Crim. App. 1981); *Abrams v. State*, 563 S.W.2d 610 (1978) (declaring a speeding ordinance of the City of Arlington

13

MR 0218

null and void because it was contrary to the state statute regulating the permissible speed of motor vehicles). Overall, the case is ripe in light of City Defendants' adoption of an unlawful ordinance—an ordinance that remains on the books and that continues to upend the hierarchy of government.

***Second***, *Hollins* and its progeny clearly establish that even *proposed ultra vires* actions that conflict with State law injure Texas. In *Hollins*, the Court held that in a challenge brought by the State of Texas against local government for its *ultra vires **proposed*** mailing of unsolicited ballots to all registered voters under 65 years of age, when the election code did not authorize the county clerk's proposal, constituted an *ultra vires* action. *El Paso Cnty*, 618 S.W.3d at 826 (citing *Hollins*, 620 S.W.3d at 410) (finding that *Hollins* also applies to *ultra vires* matters unrelated to election law).

The Court reasoned that Texas holds a "justiciable interest in its sovereign capacity in the maintenance and operation of its municipal corporation in accordance with law." *Hollins*, 620 S.W.3d at 410 (internal quotation marks omitted). Texas has been injured.

### ii. Causation

Texas has pled causation. *See Petition* at 1, 3–5, 6–9. City Defendants' actions have resulted in the adoption of an ordinance that conflicts with State law and the Texas Constitution, which expressly states that home rule cities are not authorized to enact ordinances that contravene state statute. *See* Tex. Const. art. XI, § 5 ("no charter or any ordinance passed under said charter shall contain any provision inconsistent with . . . the general laws enacted by the Legislature of this State."). Cities that flout this constitutional limit exceed their home-rule powers; they adopt ordinances that, per the Constitution, they have no authority to enact. *See* Tex. Const. art. XI, § 5; *see also* Tex. Local Gov't Code § 370.003; Tex. Health and Safety Code §§ 481.121, 481.125.

14

MR 0219

Defendants, not any third parties, have adopted the ordinance, and *their* actions have caused injury.

### iii.    Redressability

When the Texas legislature passes laws that are subsequently enacted, a city official's *ultra vires* actions in adopting an unconstitutional ordinance can be remedied by the relief requested by Texas—enjoining and removing the unconstitutional ordinance from "the books." *See Petition* at 11. On the issue of redressability, Texas's' injuries are ripe and can be redressed by the relief requested. *Compare*, *City Defendants' Plea to the Jurisdiction* at 6, *with*, *Petition* at 7-9. Texas' injury is ongoing and can be redressed by the injunction, and declaratory relief. Texas has standing.

### C. Texas's suit does not violate the separation-of-powers doctrine.

City Defendants' separation-of-powers arguments fail for three reasons: (1) a ruling from this Court would not result in advisory opinion, as City Defendants' unconstitutional actions have created a live controversy from which this Court may provide relief; (2) City Defendants' reading of Section 370.003 is implausible, particularly in light of presumption of validity doctrine, which requires the parties read Section 370.003 narrowly and with a presumption of validity; and (3) blanket bans on law enforcement's ability to apply Texas Penal Code provisions relating to marijuana laws infringe on prosecutorial discretion, whereas Texas's suit would empower Denton law enforcement to enforce the law.

"The powers of the Government of the State of Texas shall be divided into three distinct departments, each of which shall be confided to a separate body of magistracy, to wit: Those which are Legislative to one; those which are Executive to another, and those which are Judicial to another; and no person, or collection of persons, being of one of these departments, shall exercise any power properly attached to either of the others, except in the instances herein expressly

15

permitted." Tex. Const. art. II, § 1. The Texas Constitution, like the U.S. Constitution, divides the powers of government into legislative, executive, and judicial departments, "and no person, or collection of persons, being of one of these departments, shall exercise any power properly attached to either of the others, except in the instances herein expressly permitted." Tex. Const. art. II, § 1. "The separation of powers doctrine prohibits one branch of state government from exercising power inherently belonging to another branch of state government." *Hotze v. City of Houston*, 339 S.W.3d 809, 818 (Tex. App.— Austin 2011, no pet.).

"The Separation of Powers Clause is violated (1) when one branch of government assumes power more properly attached to another branch or (2) when one branch unduly interferes with another branch so that the other cannot effectively exercise its constitutionally assigned powers." *In re D.W.*, 249 S.W.3d 625, (Tex. App.—Fort Worth 2008, pet. denied); *see also Black v. Dallas Cnty. Bail Bond Bd.*, 882 S.W.2d 434, 438 (Tex. App.—Dallas 1994, no writ) (same); *Tex. Dep't of Family & Protec. Servs. v. Dickensheets*, 274 S.W.3d 150, 156 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (same). "To determine whether a separation of powers violation involving 'undue interference' has occurred, [courts] engage in a two-part inquiry." *Tex. Comm'n on Env'l Quality v. Abbott*, 311 S.W.3d 663, 672 (Tex. App.—Austin 2010, pet. denied). Courts first look to the scope of the powers constitutionally assigned to the first governmental actor and then to the impact on those powers imposed by the second. *See id.*

And generally, "[c]ourts [] traditionally take a 'flexible approach' in determining whether a separation of powers violation has occurred, and will uphold 'statutory provisions that to some degree commingle the functions of the Branches, but that pose no danger of either aggrandizement or encroachment.'" *Martinez v. State*, 503 S.W.3d 728, 734 (Tex. App.—El Paso 2016, pet. ref'd)

16

(quoting *Tex. Com'n on Env'tl. Quality v. Abbott*, 311 S.W.3d 663, 671–72 (Tex. App.—Austin pet. denied)).

***First***, this Court's ruling would not result in an advisory opinion because City Defendants' unconstitutional actions have created a live controversy from which this Court may provide relief. City Defendants argue that Texas's relief would violate the **"separation-of-powers doctrine" since "**there has been no *ultra-vires* act" and "the absence of any act by Defendants renders any opinion the Court could render in this case advisory." *Petition* at 14.

Texas has identified the *ultra vires* act: City Defendants' codification of an unlawful statute. *See Houston Belt & Terminal Railway Co.*, 487, S.W.3d at 158 (Tex. 2016). Notably, this State's standing doctrine "derives from the Texas Constitution's provision for separation of powers among the branches of government." *In re Abbott*, 601 S.W.3d 802, 805 (Tex. 2020) (orig. proceeding) (per curiam). The separation of powers "prohibit[s] courts from issuing advisory opinions because such is the function of the executive rather than judicial department." *Tex. Ass'n of Bus. v. Tex. Air Traffic Control Bd.*, 852 S.W.2d 440, 444 (Tex. 1993). "The distinctive feature of an advisory opinion is that it decides an abstract question of law without binding the parties." *Id.* A district court can issue opinions when there is a case or controversy. *See id.*; TEX. GOV'T CODE § 402.042.

Here, adoption of an unlawful ordinance presents a live case or controversy, to be resolved by the relief requested in this suit. *Petition* at 9-11. City Defendants cite to *City of El Paso v. Heinrich*, for the assertion that "[a] plaintiff in an *ultra-vires* suit 'must allege, and ultimately prove, that the officer acted without legal authority or failed to perform a purely ministerial act.'" *City Defendants' Plea to the Jurisdiction* at 14 (citing 284 S.W.3d 366, 378 (Tex. 2009)). However, at this stage

17

"[w]hen a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause. We construe the pleadings liberally in favor of the plaintiffs and look to the pleaders' intent." *Id.* (citing *Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 226 (Tex.2004). Texas has pled the *ultra vires* action, as stated *supra*, which is ongoing. Thus, this Court's ruling would provide Texas meaningful relief and would not constitute an advisory opinion.

**Second**, City Defendants' reading of Section 370.003 cannot be reconciled with the presumption of validity doctrine, which requires the parties read Section 370.003 narrowly and not to infringe on other branches of government. City Defendants contend that "The State's overbroad interpretation of Section 370.003 would violate the separation-of-powers doctrine" because "[t]he State presumably wants Section 370.003 to bar local governmental entities from having any ordinance or policy requiring anything less than full enforcement of the state's drug laws." *Petition* at 20. While City Defendants seek to have this Court broadly interpret Section 370.003 to extend into the province of another branch of government, such a reading does not comport with the state's presumption of validity doctrine. That is, a duly enacted state statute is entitled to a "strong presumption of validity." *See, e.g.*, *Dobbs v. Jackson Women's Health Org.*, 597 U.S. 215, 301 (2022). Take *Smith v. Davis* for example:

> Courts in Texas recognized that [i]n passing upon the constitutionality of a statute, we begin with a presumption of validity. It is to be presumed that the Legislature has not acted unreasonably or arbitrarily; and a mere difference of opinion, where reasonable minds could differ, is not a sufficient basis for striking down legislation as arbitrary or unreasonable.

*Smith,* 426 S.W.2d at 831 (citing *Sax v. Votteler,* 648 S.W.2d 661, 664 (Tex.1983)) (internal citations omitted); *see also Ex parte Benavides,* 801 S.W.2d 535, 537 (Tex.App.—Houston [1st Dist.] 1990, writ dismissed w.o.j.) ("All laws carry a presumption of validity.").

MR 0223

City Defendants' intended reading cannot be reconciled with Texas's interpretation of Section 370.003, which requires cities permit law enforcement to fully enforce the Texas Penal Code provisions, pertaining to marijuana, not to require that law enforcement always ticket or arrest individuals in violation of the provisions. Thus, City Defendants interpretation should be rejected.

***Third***, City Defendants cannot plausibly raise prosecutorial discretion in defense of their unlawful ordinance, when the Ordinance itself provides a blanket ban on enforcement of the Texas Penal Code provisions relating to marijuana usage. Here, City Defendants argue that Section 370.003 constitutes "legislative infringement on prosecutorial discretion," and the "[s]eparation of powers bars the legislative branch from passing laws that would infringe on police and prosecutorial discretion." *City Defendants' Plea to the Jurisdiction* at 24.

"Prosecutorial discretion" refers to the "prosecutor's power to choose from the options available in a criminal case, such as filing charges, prosecuting, not prosecuting, plea-bargaining, and recommending a sentence to the court." *Prosecutorial Discretion*, *Black's Law Dictionary* (10th ed. 2014). Notably, "[i]n our system, so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion." *Bordenkircher v. Hayes,* 434 U.S. 357, 364 (1978); *Neal v. State*, 150 S.W.3d 169, 173 (Tex. Crim. App. 2004) (internal quotation marks and citation omitted) ("Thus, if the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether to prosecute and what charge to file generally rests entirely within his or her discretion.").

19

MR 0224

However, City Defendants have usurped prosecutorial discretion. To the extent that the City Defendants now claim that the ordinance comports with the principle of prosecutorial discretion, it does the exact opposite. That is, the ordinance, after a "motion to approve . . . was made by [Defendant Mayor] Gerard Hudspeth and seconded by [Defendant] Jesse Davis; the ordinance was passed and approved by the following vote [6-0]," by the City Council," which requires that:

> Denton Police Officers shall not issue citations or make arrests for class A or class B misdemeanor possession of marijuana offenses, except in the limited circumstances described in subsection (b) : The only circumstances in which Denton Police Officers are permitted to issue citations or make arrests for class A or class B misdemeanor possession of marijuana are when such citations or arrests are part of (1) the investigation of a felony level narcotics case that has been designated as a high priority investigation by a Denton Police Commander, assistant chief of police, or chief of police; and/or (2) the investigation of a violent felony.

*Petition* at 19; *City Defendants' Plea to the Jurisdiction* at 72.

For over one-hundred years, Texas Courts have held that an ordinance in "direct conflict with the Penal Code," cannot be valid. *McClain v. State*, 31 Tex. Crim. 558, 561, 21 S.W. 365, 365 (1893).

The same holds with the Texas Code of Criminal Procedure. *See Austin Police Ass'n v. City of Austin*, 71 S.W.3d 885, 888 (Tex. App. 2002) (holding that "no city ordinance or charter provision "shall contain any provision inconsistent with the Constitution of the State, or of the general laws enacted by the Legislature of this State."); Tex. Const. art. XI, § 5. That is, the Texas Code of Criminal Procedures provides law enforcement the ability to arrest individuals without a warrant for offenses committed within their presence. Because the Texas Code of Criminal Procedure requires that individuals who have committed a Class A or Class B Misdemeanor be

20

arrested and taken before a Magistrate Judge, if the individual does not live in the County where the offense has occurred, the Ordinance conflicts with the Texas Code of Criminal Procedure. *Compare* Tex. Code of Crim. Proc. art. 14.06 (stating that "***[i]f the person resides in the county where the offense occurred***, a peace officer who is charging a person with committing an offense that is a Class A or B misdemeanor may, instead of taking the person before a magistrate, issue a citation to the person.") (emphasis added) *with* Chapter 21 – Offenses, Article V - Marijuana Enforcement, Section 21-80 (requiring that police do not make arrest for crimes specified under Article 14.06, when the individual does not live in the county); *compare*, Chapter 21 – Offenses, Article V - Marijuana Enforcement, Section 21-81 ( "[a]class C misdemeanor citation for possession of drug residue or drug paraphernalia shall not be issued in lieu of a possession of marijuana charge.") *with*, *Neal*, 150 S.W.3d at 173 (Tex. Crim. App. 2004); *see also* Chapter 21 – Offenses, Article V - Marijuana Enforcement, Section 21-82-21-86).

Nor may "Denton Police shall not consider the odor of marijuana or hemp to constitute probable cause for any search or seizure, except in the limited circumstances of a police investigation pursuant to subsection 21-80" *Compare with*, *Matter of X.H.*, No. 14-23-00187-CV, 2023 WL 4196557, at *2 (Tex. App.—Houston [14th Dist.] June 27, 2023, no pet.) (Courts have held that while not statutorily defined probable cause exists when there exists "sufficient facts and circumstances to warrant a prudent man to believe that the suspect had committed or was committing an offense."); *State v. Ninety Thousand Two Hundred Thirty-Five Dollars & No Cents in U.S. Currency ($90,235)*, 390 S.W.3d 289, 293 (Tex. 2013) (citing *$14,832.00 United States Currency v. State*, No. 04-21-00044-CV, 2022 WL 1230294, at *2 (Tex. App. Apr. 27, 2022)

21

((finding that probably cause would be "a reasonable belief that 'a substantial connection exists between the property to be forfeited and the criminal activity defined by the statute.'").

And the City then subjects its officers to disciplinary action, should they follow the Texas Penal Code. Section 21-85 indicates that "[a]ny violation of this chapter may subject a Denton Police Officer to discipline as provided by the Texas Local Government Code or as provided in city policy." This would open up law enforcement to discipline where they choose to follow the Texas Code of Criminal Procedure, the Texas Penal Code, or State common law, which thus squarely conflicts with state law and state code provisions.

The doctrine of prosecutorial discretion does not mean that the State of Texas cannot create criminal laws or code provisions that provide duties to law enforcement officers. Such a reading would be impractical, and it would provide local governments the provenance to generate their own criminal law system, outside the purview of the state—stripping district and county attorneys of their power as an executive office, creating a patchwork of judicial enforcement, and ultimately stripping judges of their ability to rely on the Texas Penal Code and Government Code provisions.

Rather than Texas affecting prosecutorial discretion, City Defendants' Ordinance would provide law enforcement no discretion to enforce the law. Because this reading fails as a matter of law, City Defendants' attempt to usurp law enforcement discretion through a blanket ban on enforcing Texas Penal Code provisions relating to marijuana should fail. *Cf. Bordenkircher,* 434 U.S. at 364 (1978); *Neal*, 150 S.W.3d at 173.

Ultimately, the Texas Penal Code, the Texas Code of Criminal Procedure, and Texas Local Government Code proscribe different duties for either city officials or law enforcement. For the

22

ordinance to abrogate those duties or to force law enforcement to choose between adhering to state law or unlawful local ordinances itself undermines prosecutorial discretion and even violates the separation of powers doctrine to the extent that it allows a home-rule city to regulate the executive branch through its legislative function of law-making. Texas, through its suit and interpretation of Section 370.003, based on its plain language poses no separation of powers concerns.

### D. Texas is entitled to relief for City Defendants' *ultra vires* actions.

Finally, Texas is entitled to relief for City Defendants' *ultra vires* actions. City Defendants nevertheless contend that: (1) Texas has not identified any prospective relief; (2) Texas may only seek an injunction barring City Defendants from following those policies that violate Section 370.003; (3) Section 370.003—though it requires that City Defendants' not adopt policies that decline to fully enforce state drug laws—an Ordinance declining to fully enforce state drug laws is not void or illegal; and (4) Section 370.003 does not require that City Defendants fully enforce state drug laws. *See City Defendants' Plea to the Jurisdiction* at 27-28.

Despite City Defendants' assertions to the contrary, every claim for relief brought by Texas would be prospective. *See Petition* at 9-11. In support of the contention that Texas's requested relief would not be prospective, City Defendants cite *Heinrich*, for the assertion that the *ultra vires* exception only allows suits requiring officials to "to *comply* with statutory or constitutional provisions." 284 S.W.3d at 372 (emphasis added). Leaving an ordinance in place that declines to fully enforce state drug laws, when 370.003 of the Local Government Code forbids "[t]he governing body of a municipality [or a] municipal police department" to "adopt a policy under which the entity will not fully enforce laws relating to drugs, including Chapters 481 and 483, Health and Safety Code, and federal law," provides for prospective relief requested by Texas. Tex.

23

Local Gov't Code § 370.003. Texas seeks prospective relief, including injunctive relief afforded to bar City Defendants from continuing to leave the Ordinance in place that violates Section 370.003.

Moreover, the Texas Constitution, "suits for equitable remedies for violation of constitutional rights are not prohibited" because a law contrary to a constitutional provision is void. *City of Beaumont*, 896 S.W.2d at 149; *City of Elsa v. MAL*, 226 S.W.3d at 381 ("In this case we reaffirm . . . governmental entities may be sued for injunctive relief under the Texas Constitution."). The Ordinance, which declines to fully enforce state drug laws, is void as it directly conflicts with Section 370.003, which requires that a City not adopt an ordinance that declines to fully enforce state drug laws.

## CONCLUSION

Plaintiff, the State of Texas, by and through the Office of the Attorney General, asks that this Court deny City Defendants' Plea to the Jurisdiction.

24

MR 0229

Date: May 30, 2024

Respectfully submitted.

**KEN PAXTON**
Attorney General

*/S/ JACOB PRZADA*
**JACOB PRZADA**
Special Counsel
Tex. State Bar No. 24125371

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy Attorney General for Legal Strategy

**JOHNATHAN STONE**
Special Counsel
Tex. State Bar No. 24071779

**RYAN D. WALTERS**
Chief, Special Litigation Division

OFFICE OF THE ATTORNEY GENERAL OF TEXAS
Special Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Tel.: (512) 463-2100
Johnathan.Stone@oag.texas.gov
Jacob.Przada@oag.texas.gov

**COUNSEL FOR PLAINTIFF**

25

MR 0230

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the above and foregoing has been served has been served on all counsel of record in accordance with File and Serve Texas System of Denton County, Texas.

*/s/ Jacob E. Przada*
Jacob E. Przada

MR 0231

CAUSE NO. 24-1005-481

| | | |
|---|---|---|
| THE STATE OF TEXAS, *Plaintiff*, | §<br>§<br>§ | IN THE DISTRICT COURT |
| v. | §<br>§ | |
| CITY OF DENTON; GERARD HUDSPETH, Mayor of Denton; BRIAN BECK, Mayor Pro Tem of Denton, VICKI BYRD, PAUL MELTZER, JOE HOLLAND, BRANDON CHASE McGEE, and CHRIS WATTS, Members of the City Council of Denton; SARA HENSLEY, City Manager of Denton; and DOUG SHOEMAKER, Chief of Police of Denton, in their official capacities, *Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | DENTON COUNTY, TEXAS<br><br><br><br><br><br>481st JUDICIAL DISTRICT |

## DEFENDANTS' REPLY IN SUPPORT OF THEIR PLEA TO THE JURISDICTION

The City of Denton (the "City") and Gerard Hudspeth, Mayor of Denton, Brian Beck, Mayor Pro Tem of Denton, Vicki Byrd, Paul Meltzer, Joe Holland, Brandon Chase McGee and Chris Watts, Members of the City Council of Denton, Sara Hensley, City Manager of Denton, and Doug Shoemaker, Chief of Police of Denton[1] (the "Officials" and together with the City, the "Defendants"), file this their Reply in Support of Their Plea to the Jurisdiction as follows:

---

[1] Doug Shoemaker is no longer the Chief of Police of Denton, and thus is not a proper defendant. The current Interim Chief of Police of Denton is Jessica Robledo.

MR 0232

## EXECUTIVE SUMMARY

The State's position is predicated on a statute that does not actually exist. In the pleaded case, Local Government Code Section 370.003 can be violated in <u>only two possible ways</u>:

1. *"The governing body of a municipality" (i.e., the City Council) "adopt[s] a policy under which the entity will not fully enforce laws relating to drugs," or*

2. *A "municipal police department . . . adopt[s] a policy under which the entity will not fully enforce laws relating to drugs . . ."*

Neither thing has happened here. Per the City Charter, the Ordinance was adopted by the people, and was enacted the moment their votes in favor were confirmed. No further ministerial action (like publishing the results of the vote in the minutes of council meetings, or posting the Ordinance in the City's Code of Ordinances) had any legal effect or consequence. There is no violation of the law by any Defendant. And absent a violation of the law, there is no dispute, and no jurisdictional claim before the Court.

## ARGUMENTS & AUTHORITIES

The Court should grant the City's Plea to the Jurisdiction because the City's immunity from suit has not been waived nor has the State established the requisite elements of standing. Without both a clear and unambiguous waiver of immunity and standing, the court "does not have jurisdiction to proceed at all." *Abbott v. Mexican Am. Legis. Caucus*, 647 S.W.3d 681, 693 (Tex. 2022); *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 695 (Tex. 2003).

2

**A.** **The State has not established a valid waiver of or exception to the Defendants' immunity.**

To maintain a suit against Defendants for an *ultra-vires* act, the State must allege, and ultimately prove, that (1) the Defendants committed an act (2) without legal authority. *See City of El Paso v. Heinrich,* 284 S.W.3d 366, 372 (Tex. 2009). The State has not pleaded such an act, and the undisputed evidence before this Court demonstrates that there is no such act. (*See* Pl.'s Orig. Pet.; *see also* Defs.' Plea to the Jurisdiction Exs. D and E.)

Instead, the State claims—for the very first time in its Response—"codification . . . constitute[s] *ultra vires* actions." (*See* Pl.'s Resp. at 2.) But "codification" of an ordinance that has *already been enacted and adopted by a vote of the people* is not an adoption, and neither of the cases cited by the State support the claim that merely <u>codifying</u> the Ordinance was an *ultra-vires* act. *See Creedmoor-Maha Water Supply Corp. v. Tex. Comm'n on Env't Quality*, 307 S.W.3d 505, 517-18 (Tex. App.—Austin 2010, no pet.) (holding that TCEQ did not act *ultra-vires* by granting the petition and issuing an order); *Houston Belt & Terminal Ry. Co. v. City of Houston,* 487 S.W.3d 154, 169 (Tex. 2016) (holding that the Director of Public Works and Engineering acted without legal authority when making "his 'benefitted property' and 'impervious surface' determinations").

Rather, the law consistently supports the opposite conclusion: publishing—*i.e.*, codifying—an ordinance is not an *ultra-vires* act. In *Glass v. Smith*, the Texas Supreme Court stated that "[o]nce the people have properly invoked their right to act legislatively under valid initiative provisions of a city charter . . . the City Council

3

and other municipal officers should be compelled by the courts to perform their ministerial duties . . . though that product may later prove to be unwise or even invalid." 244 S.W.2d 645, 654 (1951). There, the city's charter required the publication of ordinances by the City Clerk. *Id.* In concluding that publishing was not just permitted but mandatory, the Court stated: "If the City Council should pass a penal ordinance, can it be thought that the courts would stand idly [sic] by and permit the City Clerk to interrupt the legislative process by refusing to publish the ordinance because he thought it invalid? We think not."). *Id.* In other words, the mere act of codifying or publishing an ordinance is a mandatory or nondiscretionary duty that cannot be deemed an *ultra-vires* act. *See In re Rogers*, No. 23-0595, 2024 LEXIS 386, at *10 (Tex. May 24, 2024) ("[T]he Board has a ministerial, nondiscretionary duty to call an election based on a petition with the statutorily required number of signatures.").

The same ministerial, nondiscretionary duty is present here. Section 4.10(b) of the Denton City Charter provides that: "Initiative ordinances adopted and referendum ordinances approved by the electors <u>shall be published</u>." Denton, Tex., Charter art. IV, § 4.10(b) (emphasis added). Consequently, the Ordinance ended up in the Code of Ordinances because Denton's Charter provides that once "a majority of the electors voting on a proposed initiative ordinance . . .vote in favor thereof, it shall thereupon be an ordinance of the city," and it "shall be published"—*i.e.,* codified. Denton, Tex., Charter art. IV, § 4.10. Thus, the City is being sued—not for an *ultra-vires* act—but for performing a ministerial, nondiscretionary duty.

4

What is more is that Section 370.003 does not forbid "publishing" or "codifying" an ordinance that was passed by someone not subject to Section 370.003—*e.g.*, voters. *See* Tex. Loc. Gov't Code § 370.003. Instead, the Legislature made it clear that only "[t]he governing body of a municipality, the commissioners court of a county, or a sheriff, municipal police department, municipal attorney, county attorney, district attorney, or criminal district attorney" are prohibited from adopting a policy. *Id.* And importantly, the sole act covered by Section 370.003—the act of "adopting a policy," to the extent that passing/enacting the Ordinance is deemed to be such an act—had already happened when the City published the result of that enactment/adoption. Whether or not the City published the Ordinance passed by the people had no additional legal effect or consequence; by the plain terms of the Charter, once the citizens voted in favor, Proposition B was "an ordinance of the City." If the City had not published the Ordinance, it would remain "an ordinance of the City." If the City somehow "unpublished" the Ordinance, it would remain "an ordinance of the City." The City Council did not "adopt" anything. It simply sent the results of the people's adoption to the printer's office.

Because the State has alleged that "codification" was the only *ultra-vires* act, and codification is a ministerial, nondiscretionary duty as a matter of law, and was a duty which had no further legal effect or consequence, the State's *ultra-vires* suit fails to overcome Defendants' immunity. Because the State cannot amend its pleadings to clearly and unambiguously waive the Defendants' immunity, the Court should grant the Defendants' Plea to the Jurisdiction.

5

MR 0236

**B.     The State also does not have standing to assert claims arising from the Ordinance because the State cannot establish an "injury in fact" or the "redressability" requirement.**

To establish standing, the State acknowledges that it must plead and ultimately prove that an actual or imminent injury fairly traceable to the defendant's challenged conduct is likely to be redressed by the plaintiff's requested remedy. (Pl.'s Resp. at 10.) The State, however, cannot meet its burden to establish standing.

To establish the first element of standing—referred to as "injury-in-fact—the State must have suffered an injury that is "concrete and particularized," and "actual or imminent," not conjectural or hypothetical. *In re Abbott*, 601 S.W.3d 802, 808 (Tex. 2020); *Tex. Ass'n of Bus. v. City of Austin*, 565 S.W.3d 425, 432 (Tex. App.—Austin 2018, pet. denied) ("[A] plaintiff 'must demonstrate a <u>realistic</u> danger of sustaining a direct injury as a result of the statute's <u>operation</u> or <u>enforcement"</u>) (*citing Pennell v. City of San Jose*, 485 U.S. 1, 4 (1988) (emphasis added). The State cannot demonstrate any realistic danger of any injury arising from the Ordinance's operation or enforcement <u>because it has not and is not being enforced</u>.

The State instead claims an injury-in-fact by claiming that the "act of adopting a preempted ordinance injures Texas." (Pl.'s Resp. at 10.) That alleged "act" (simply passing an ordinance, in this case by direct vote of the people) does not support a claim of injury. Courts have made clear that "[t]he fact that an ordinance is void alone works no injury." *In re Spiritas Ranch Enters.*, L.L.P., 218 S.W.3d 887, 900 (Tex. App.—Fort Worth 2007, no pet.); *City of Cleveland v. Keep Cleveland Safe*, 500 S.W.3d 438, 450 (Tex. App.—Beaumont 2016, no pet.). Instead, Courts have held that the basis for relief exists "only after acts are impending or steps are already

6

MR 0237

being taken to directly cause harm." *City of Cleveland*, 500 S.W.3d at 450. In this case, the City of Denton has not adopted a policy in violation of Section 370.003. The City has no plans to adopt a policy in violation of Section 370.003. Consequently, the State cannot allege that the City has (or will) adopt a policy in violation of Section 370.003 because the evidence completely refutes this. (*See* Defs.' Plea to the Jurisdiction Exs. D and E.)

Contrary to the State's assertion that merely adopting a preempted ordinance injures Texas, the law consistently requires an actual or imminent enforcement or violation to give rise to the "actual injury" element of standing. Indeed, every case cited by the State in its Response dealt with an actual or imminent injury where the law was either already being violated or enforced or was likely to be violated or enforced. *See Tex. Ass'n of Bus.*, 565 S.W.3d at 432 ("[T]he City does not dispute . . . [that] the City would likely enforce the Ordinance against the Private Parties.") (emphasis added); *State v. El Paso Cnty.*, 618 S.W.3d 812, 843–44 (Tex. App.—El Paso 2020, no pet.) (Rodriguez, J., dissenting) ("[T]he county sheriff's department enforced the County's [stay-at-home] order based on the County's determination that it still retained emergency authority" during the COVID-19 pandemic.) (emphasis added); *State v. Hollins*, 620 S.W.3d 400, 405 (Tex. 2020) (noting that the State sued Hollins only after Hollins *refused to sign a retraction* as ordered to by the Director of Elections for the Secretary of State and said he would still send the ballots) (emphasis added). Unlike the actors in each of these cases, the City has explicitly stated it will not adopt or enforce any policy in violation of Section 370.003. In short, the State has not

7

established an "injury-in-fact" because the Ordinance is not being enforced nor is it likely to be enforced. Rather, any injury is entirely conjectural or hypothetical.

The State also cannot establish the third requirement of standing—often referred to as "redressability"—because the State cannot show that "there is a substantial likelihood that the requested relief will remedy the alleged injury." *Meyers v. JDC/Firethorne, Ltd.*, 548 S.W.3d 477, 485 (Tex. 2018). Here, the State claims that "a city official's ultra vires actions in adopting an unconstitutional ordinance can be remedied by . . . enjoining and removing the unconstitutional ordinance from 'the books.'" (Pl.'s Resp. at 15 (emphasis added).)

But neither of the State's requests for relief will remedy the alleged injury. The State's request for an injunction will not remedy any alleged injury because there are no *ultra-vires* "acts" of officials to enjoin. Likewise, the State's request that the ordinance be removed from "the books" cannot remedy any alleged injury because removing a law from "the books" is not (and never has been) an available remedy. Consequently, the State cannot meet its burden of establishing the redressability requirement of standing.

### 1. The State cannot seek injunctive relief because there are no *ultra-vires* acts of the officials to enjoin.

As briefed in the City's Plea to the Jurisdiction, no Official acted *ultra-vires*. (*See* Defs.' Plea to the Jurisdiction at 7–9.) Rather, the self-enacting Ordinance was proposed via a petition signed by the voters of Denton, which was passed and approved by the voters of Denton and became law automatically by operation of the terms of the Charter. The Defendants' only act at issue—*i.e.,* codifying and

8

publishing the Ordinance—was actually a "ministerial, nondiscretionary duty," as fully briefed by the City in its Plea to the Jurisdiction and as was reiterated by the Texas Supreme Court just last week. *See In re Rogers*, 2024 LEXIS 386, at \*9 (agreeing that the governing body's decision to reject the voters' petition was improper because it had a ministerial, nondiscretionary duty to call an election).

In fact, had the Defendants not performed these ministerial, nondiscretionary duties, the voters could have sought a writ of mandamus compelling the Defendants to comply with the City Charter by codifying and publishing the Ordinance. *See In re Rogers*, 2024 LEXIS 386, at \*1, \*14 (granting mandamus to compel the governing body to perform its ministerial duty of determining whether the petition satisfied the requirements to be placed on the ballot and directing the governing body to call an election if so).

Here, the State failed to allege a valid *ultra-vires* claim constituting an exception to the City's immunity because the State has not alleged, and cannot ultimately prove, any act of any Defendant that violated Section 370.003. *See Heinrich*, 284 S.W.3d at 372 (holding that an *ultra-vires* claimant must allege, and ultimately prove, that each official acted without legal authority or failed to perform a purely ministerial act).

> **2.** **The State cannot seek removal of the Ordinance because even when a law is declared unconstitutional, the remedy has never been removing the law from "the books."**

*"Written laws do not simply vanish from existence . . ."*[2]

---

[2] *Ex parte E.H.*, 602 S.W.3d 486, 494 n. 10 (Tex. 2020).

MR 0240

The State contends that the adoption of an unconstitutional ordinance can be remedied by "removing the unconstitutional ordinance from 'the books.'" (Pl.'s Resp. at 15.) The State, however, does not cite support for this proposition. (*Id.*) And there is no such support to cite because Courts have consistently ruled that unconstitutional laws <u>remain on the books</u>. *See Pool v. City of Houston*, 978 F.3d 307, 309 (5th Cir. 2020) ("It is often said that courts 'strike down' laws when ruling them unconstitutional. That's not quite right. Courts hold laws unenforceable; they do not erase them."); *Pidgeon v. Turner*, 538 S.W.3d 73, 88 n. 20 (Tex. 2017) ("When a court declares a law unconstitutional, the law remains in place unless and until the body that enacted it repeals it, even though the government may no longer constitutionally enforce it.").

In fact, multiple unconstitutional provisions remain on "the books" in Texas despite the courts holding them unconstitutional. Take, for example, the anti-sodomy statute codified in Texas Penal Code Section 21.06, which was declared unconstitutional by *Lawrence v. Texas*, 539 U.S. 558 (2003). That statute—passed by the State of Texas, the plaintiff in the present case—has remained on the books despite bipartisan efforts to repeal it.[3]

> Section 21.06 was declared unconstitutional by Lawrence v. Texas, 123 S.Ct. 2472.
>
> Sec. 21.06. HOMOSEXUAL CONDUCT. (a) A person commits an offense if he engages in deviate sexual intercourse with another individual of the same sex.
> (b) An offense under this section is a Class C misdemeanor.
>
> Acts 1973, 63rd Leg., p. 883, ch. 399, Sec. 1, eff. Jan. 1, 1974. Amended by Acts 1993, 73rd Leg., ch. 900, Sec. 1.01, eff. Sept. 1, 1994.

---

[3] Alex Nguyen, *Texas Sodomy Ban Repeal Bill*, THE TEXAS TRIBUNE (May 11, 2023), https://www.texastribune.org/2023/05/11/texas-sodomy-ban-repeal-bill/.

10

Or consider the anti-flag-burning statute codified in Texas Penal Code Section 42.11, which remains on the books despite being declared unconstitutional in *State v. Johnson*, 475 S.W.3d 860, 862 (Tex. Crim. App. 2015).

> Sec. 42.11. DESTRUCTION OF FLAG. (a) A person commits an offense if the person intentionally or knowingly damages, defaces, mutilates, or burns the flag of the United States or the State of Texas.

And only a few years ago, the Third Court of Appeals held that City of Austin Ordinance No. 20180215-049 requiring private employers in the City of Austin to provide paid sick leave to employees was unconstitutional. *See Tex. Ass'n of Bus. v. City of Austin*, 565 S.W.3d 425, 440 (Tex. App.—Austin 2018, pet. denied) ("We hold that . . . the Ordinance [is] unconstitutional.). Yet the ordinance discussed in *City of Austin*—a case repeatedly cited by the State—remains in the City of Austin's Code of Ordinances, codified in Title 4, Chapter 4-19 without any notation of unconstitutionality.[4] The list of unconstitutional provisions remaining on "the books" goes on.[5]

So, even if the Ordinance enacted by the citizens of Denton is void—which it is not—the State's remedy would never be the "removal of the unconstitutional

---

[4]    Austin, Tex., Code of Ordinances, ch. 4-19 (2018), https://library.municode.com/tx/austin/codes/code_of_ordinances?nodeId=TIT4BUREPERE_CH4-19EASITI.

[5]    The most well-known are the statutes criminalizing abortion, which have remained on the books despite once being held unconstitutional. And in the case of the Texas "Heartbeat Bill" (S.B. 8), this unconstitutional statute was passed and placed on the books by the State (codified in Tex. Health & Safety Code § 171.204), so that it would be triggered if the United States Supreme Court ever overruled *Roe v. Wade*. Consequently, when the Court issued its opinion in *Dobbs v. Jackson Women's Health Org.*, 597 U.S. 215 (2022), reversing *Roe*, those previously "unconstitutional" statutes became constitutional and enforceable.

MR 0242

ordinance" as it requests. (Pl.'s Resp. at 15.) Instead, when an ordinance is found to be unconstitutional, the remedy is to bar enforcement, not to strike the text from the books. This legal truth reveals the absurdity of the State's position; merely publishing or maintaining the text of a prior legislative action (in this case, a legislative action of the people themselves acting as sovereign) is not an illegal act; if that were the case, the State of Texas would be acting illegally in contempt of the Supreme Court of the United States by keeping its (unconstitutional) anti-sodomy statute on the books. The State is not acting illegally in that instance. It is not acting at all. "Publishing" is not an act of legal effect or consequence.

But again, the remedy of "barring enforcement" is not available here because neither the Denton City Council nor the Denton Police Department is enforcing the Ordinance nor is there any imminent threat of its enforcement. Rather, the facts of this case establish just the opposite. Ultimately, the redressability element is not satisfied because (1) there is no unlawful act to enjoin and (2) even if there was an unlawful act, removing the Ordinance from the books is not an available remedy.

Thus, the Court should find that the State's injury is not redressable because the State seeks relief that courts cannot grant.

## CONCLUSION

Because the State has failed both to waive the Defendants' immunity and plead facts sufficient to meet its burden of establishing the elements of standing, the Defendants ask the Court to dismiss all claims against them with prejudice for lack of subject-matter jurisdiction. Defendants further ask the Court, pursuant to Section 37.009 of the Civil Practice & Remedies Code to award them costs and

12

reasonable and necessary attorneys' fees as are just and equitable and to grant them

such other and further relief to which they may be justly entitled.

MR 0244

Respectfully submitted,

DEVIN Q. ALEXANDER
Denton City Attorney's Office
215 East McKinney
Denton, Texas 76201
(940) 349-8333
(940) 382-7923 Facsimile
For email contact and service regarding this case, please include email addresses for all listed attorneys in the To: field, and include amy.hoffee@cityofdenton.com in the cc: field, until requested otherwise.

Mack Reinwand
City Attorney
State Bar No. 24056195
mack.reinwand@cityofdenton.com

Devin Alexander
Deputy City Attorney
State Bar No. 24104554
devin.alexander@cityofdenton.com

**LLOYD GOSSELINK**
  **ROCHELLE & TOWNSEND, P.C.**
816 Congress Avenue, Suite 1900
Austin, Texas 78701
Telephone:   (512) 322-5800
Facsimile:    (512) 472-0532

By:     */s/ Jose E. de la Fuente*
        JOSE E. de la FUENTE
        (Attorney-in-Charge)
        State Bar No. 00793605
        jdelafuente@lglawfirm.com
        JAMES F. PARKER
        State Bar No. 24027591
        jparker@lglawfirm.com
        GABRIELLE C. SMITH
        State Bar No. 24093172
        gsmith@lglawfirm.com
        SYDNEY P. SADLER
        State Bar No. 24117905
        ssadler@lglawfirm.com

**ATTORNEYS FOR DEFENDANTS**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document has been forwarded to the following attorneys via the Court's electronic filing case management system and electronic mail on this 31st day of May, 2024:

Ken Paxton
Attorney General

Brent Webster
First Assistant Attorney General

Grant Dorfman
Deputy First Assistant Attorney General

Ralph Molina
Deputy Attorney General for Legal Strategy

Ryan D. Walters
Chief, Special Litigation Division

Jacob Przada
Jacob.Przada@oag.texas.gov
Special Counsel
Kyle Tebo
Kyle.tebo@oag.texas.gov
Special Counsel
Johnathan Stone
Johnathan.Stone@oag.texas.gov
Special Counsel
Ethan Szumanski
Ethan.Szumanski@oag.texas.gov

OFFICE OF THE ATTORNEY GENERAL OF TEXAS
Special Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
**ATTORNEYS FOR PLAINTIFF**

Richard Gladden
Richscot1@hotmail.com
Law Office of Richard Gladden
1204 W. University Dr., Suite 307
Denton, Texas 76201
**ATTORNEYS FOR INTERVENOR-DEFENDANTS DEB ARMINTOR AND DECRIMINALIZE DENTON**

*/s/ Jose E. de la Fuente*
JOSE E. de la FUENTE

15

MR 0246

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Cathy Daniels on behalf of Jose de la Fuente
Bar No. 00793605
cdaniels@lglawfirm.com
Envelope ID: 88293336
Filing Code Description: Reply
Filing Description: Defendants' Reply in Support of Their Plea to the Jurisdiction
Status as of 5/31/2024 8:27 AM CST

Associated Case Party: The State Of Texas

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Johnathan Stone | 24071779 | Johnathan.Stone@oag.texas.gov | 5/31/2024 8:02:04 AM | SENT |
| Amaireny Rodriguez | | amaireny.rodriguez@oag.texas.gov | 5/31/2024 8:02:04 AM | SENT |
| Jacob Przada | 24125371 | jacob.przada@oag.texas.gov | 5/31/2024 8:02:04 AM | SENT |
| Tamera Martinez | | tamera.martinez@oag.texas.gov | 5/31/2024 8:02:04 AM | SENT |
| Ethan Szumanski | | ethan.szumanski@oag.texas.gov | 5/31/2024 8:02:04 AM | SENT |
| Kyle Tebo | | Kyle.Tebo@oag.texas.gov | 5/31/2024 8:02:04 AM | SENT |

Associated Case Party: Decriminalize Denton

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Richard Gladden | | richscot1@hotmail.com | 5/31/2024 8:02:04 AM | SENT |

Associated Case Party: Deb Armintor

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Richard Gladden | | richscot1@hotmail.com | 5/31/2024 8:02:04 AM | SENT |

Associated Case Party: The City Of Denton, Texas

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Amy Hoffee | | amy.hoffee@cityofdenton.com | 5/31/2024 8:02:04 AM | SENT |
| Mack Reinwand | | mack.reinwand@cityofdenton.com | 5/31/2024 8:02:04 AM | SENT |
| Jose E.de la Fuente | | jdelafuente@lglawfirm.com | 5/31/2024 8:02:04 AM | SENT |

MR 0247

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Cathy Daniels on behalf of Jose de la Fuente
Bar No. 00793605
cdaniels@lglawfirm.com
Envelope ID: 88293336
Filing Code Description: Reply
Filing Description: Defendants' Reply in Support of Their Plea to the Jurisdiction
Status as of 5/31/2024 8:27 AM CST

Associated Case Party: The City Of Denton, Texas

| | | | | |
|---|---|---|---|---|
| Jose E.de la Fuente | | jdelafuente@lglawfirm.com | 5/31/2024 8:02:04 AM | SENT |
| James F.Parker | | jparker@lglawfirm.com | 5/31/2024 8:02:04 AM | SENT |
| Gabrielle C.Smith | | gsmith@lglawfirm.com | 5/31/2024 8:02:04 AM | SENT |
| Sydney P.Sadler | | ssadler@lglawfirm.com | 5/31/2024 8:02:04 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Sharon Murray | | sharon.murray@oag.texas.gov | 5/31/2024 8:02:04 AM | SENT |

Associated Case Party: Doug Shoemaker

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Devin Q.Alexander | | Devin.Alexander@cityofdenton.com | 5/31/2024 8:02:04 AM | SENT |

MR 0248

FILED: 9/27/2024 2:40 PM
David Trantham
Denton County District Clerk
By: Jacquelyn Kubach, Deputy

## CAUSE NO. 24-1005-481

| | | |
|---|---|---|
| THE STATE OF TEXAS, | § | IN THE DISTRICT COURT |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | |
| CITY OF DENTON; GERARD | § | |
| HUDSPETH, Mayor of Denton; | § | |
| BRIAN BECK, Mayor Pro Tem of | § | |
| Denton, VICKI BYRD, PAUL | § | |
| MELTZER, JOE HOLLAND, | § | DENTON COUNTY, TEXAS |
| BRANDON CHASE McGEE, and | § | |
| CHRIS WATTS, Members of the | § | |
| City Council of Denton; SARA | § | |
| HENSLEY, City Manager of | § | |
| Denton; and DOUG SHOEMAKER, | § | |
| Chief of Police of Denton, in their | § | |
| official capacities, | § | |
| *Defendants.* | § | 481st JUDICIAL DISTRICT |

## DEFENDANTS' MOTION FOR PROTECTIVE ORDER

TO THE HONORABLE JUDGE OF SAID COURT:

The City of Denton (the "City") and Gerard Hudspeth, Mayor of Denton, Brian Beck, Mayor Pro Tem of Denton, Vicki Byrd, Paul Meltzer, Joe Holland, Brandon Chase McGee and Chris Watts, Members of the City Council of Denton, Sara Hensley, City Manager of Denton, and Doug Shoemaker, Chief of Police of Denton[1] (the "Officials" and together with the City, the "Defendants") file this Motion for Protective Order ("Motion") pursuant to Texas Rule of Civil Procedure 192.6 and would respectfully show the Court as follows:

---

[1]    Doug Shoemaker is no longer the Chief of Police of Denton.

MR 0249

# I.
# EXECUTIVE SUMMARY

The State served written discovery on Defendants months after the original setting for the hearing on Defendants' Plea to the Jurisdiction. Claiming the need for "jurisdictional discovery," the written requests served were not narrowly tailored or targeted to any jurisdictional facts at issue to resolve the case. That defect in the State's discovery requests is understandable because there are no disputed facts needed to resolve this case. This is a case that is a matter of public record—public record that was provided to the State four months ago attached to Defendants' Plea to the Jurisdiction and easily accessible on the City's website.[2] The State's claim is clearly pleaded, and likewise the State's claim clearly fails for want of subject-matter jurisdiction.

Because the claims against Defendants are not viable, and in the interest of avoiding undue litigation burden and expense, Defendants ask the Court to grant protection from responding to discovery, staying discovery by Plaintiff unless the Court denies Defendants' Plea to the Jurisdiction.[3]

---

[2] A copy of the City Council meeting agendas, minutes, and video can be found at https://www.cityofdenton.com/242/Public-Meetings-Agendas.

[3] Defendants submit this Motion in addition to asserting certain stated objections to Plaintiff's written discovery requests. While Defendants believe their objections to written discovery to be sufficient to preserve their rights consistent with the provisions of Rule 192.6, in light of the broad dispute as to whether any discovery is appropriate prior to the Court's decision on Defendants' Plea to the Jurisdiction, Defendants submit this Motion to the extent necessary to preserve their rights. Defendants further note that pursuant to Rule 192.6, the filing of this motion does not waive any objection asserted by Defendants, and Defendants affirmatively represent to the court do not waive any of their written objections, which they hereby incorporate by reference as if fully set forth herein.

2

MR 0250

## II.
## BACKGROUND

The State of Texas sued the City of Denton, the Mayor, the City Council, the City Manager, and the Chief of Police on January 31, 2024 for temporary and permanent injunctive relief. The basis of the State's claims was the passage of Chapter 21 – Offenses, Article V – Marijuana Enforcement of the City's Code of Ordinances ("Ordinance") by Denton voters during the November 8, 2022 Special Election. The State sued the City of Denton and each of the Officials in their official capacity for allegedly acting in violation of Section 370.003 of the Texas Local Government Code.

Because none of the acts alleged by the State constitute a violation of Section 370.003, the City and the Officials are immune from suit, and accordingly, they filed a plea to the jurisdiction on May 20, 2024. Defendants' Plea to the Jurisdiction and the State's Request for Temporary Injunction were set to be heard on May 31, 2024.[4] No party requested discovery prior to setting that hearing.

Plaintiff served written discovery on Defendants on August 30, 2024. Plaintiff's Requests for Admission, Requests for Production, and Interrogatories are attached as **Exhibits A**, **B**, and **C** to this Motion.

---

[4] Intervenors in this matter, Deb Armintor and Decriminalize Denton, have been struck from this case. The State's Motion to Strike Intervenor's Plea in Intervention and Intervenors' Plea to the Jurisdiction were also set for hearing on May 31, 2024. The Court only heard and decided the Motion to Strike due to time constraints.

3

# III.
# ARGUMENT AND AUTHORITIES

This motion is timely pursuant to Texas Rule of Civil Procedure 192.6, as written responses are due by the end of the day on September 30, 2024, and this motion is filed in advance of the deadline to respond.

Defendants move for a protective order from discovery sought by the State pursuant to Texas Rule of Civil Procedure 192.6. The State's request for discovery would subject the Defendants to "undue burden, unnecessary expense, harassment, annoyance" and protecting Defendants from compliance is "in the interest of justice." Tex. R. Civ. P. 192.6. Defendants are seeking protection from responding to discovery while their Plea to the Jurisdiction is pending. In the interest of avoiding unnecessary litigation burden and expense, or potential discovery disputes on claims which should be dismissed, Defendants are seeking protection from responding to Plaintiff's requests in their entirety, and are asking for a stay of discovery from Plaintiff accordingly pending a ruling on the Plea.

## 1. The discovery sought is not relevant to the issues in this case.

"Targeted discovery **cannot be allowed** unless—and only to the extent that— it is **essential** to the resolution of a jurisdictional question." *Tex. S. Univ. v. Young*, 682 S.W.3d 886, 889 (Tex. 2023) (Young, J. concurring) (emphasis added). The State of Texas filed suit claiming the Ordinance violated and was preempted by Section 370.003 of the Texas Local Government Code, and specifically brought a claim against each of the Defendants asserting that Defendants acted *ultra vires* by "adopting" the

4

MR 0252

Ordinance.  The relevant statutory provision that the State alleges was violated by each Defendant states:

> The governing body of a municipality, the commissioners court of a county, or a sheriff, municipal police department, municipal attorney, county attorney, district attorney, or criminal district attorney may not adopt a policy under which the entity will not fully enforce laws relating to drugs, including Chapters 481 and 483, Health and Safety Code, and federal law.

Tex. Loc. Gov't Code § 370.003.  The dispositive questions in determining Defendants' jurisdictional challenge and the State's claims are addressed by "yes or no" answers concerning formal acts of government officials and public employees; no "jurisdictional facts" (or any other facts) are at issue other than the acts that the State alleges the Defendants committed.

The only actionable act pleaded in this case is the act of alleged <u>adoption</u> of a policy by either the Denton City Council or the Denton Police Department under which the State's laws relating to drugs will not be fully enforced.  Tex. Loc. Gov't Code § 370.003 ("The governing body of a municipality . . . [or] municipal police department . . . may not adopt a policy under which the entity will not fully enforce laws relating to drugs . . .")  "Implementation," "enforcement," and other verbs that are not stated in the plain language of the sole statute upon which the State bases its claim are not at issue.  The questions for this Court to consider in deciding the Parties' pleadings can only consider official acts by government officials or employees.  In the State's written discovery requests, it acknowledges that formal action is required as it defines "adoption" as "passage of a measure into law."  **Exhibit A,** Pl.'s First Reqs.

5

for Admis. to Defs. at 5.[5] Discovery about inaction, the wisdom of the citizen-initiative Marijuana Ordinance, or the discretion exercised by officers in the normal course of police work are of no consequence to the sole legal issue (did the city council or police department commit the act of adopting a policy not to fully enforce drug laws?) and thus are of no use to this Court in determining whether it has jurisdiction.

**2.      The Texas Rules of Civil Procedure permit the Court to limit the discovery sought here.**

"The discovery methods permitted by these rules should be limited by the court if . . . the discovery sought is unreasonably cumulative or duplicative, or is obtainable form some other source that is more convenient, less burdensome, or less expensive." Tex. R. Civ. P. 192.4(a).  As outlined above, the facts relevant to the sole dispositive jurisdictional question (did the city council or police department adopt a policy not to fully enforce drug laws?) are undisputed, and all evidence of such facts has long been available to the State.

The City's Council's votes in connection with the Ordinance passed by the voters are a matter of public record.

> A.   ID 22-2447 Consider adoption of an ordinance of the City of Denton canvassing election returns and declaring results of the Special Elections held on November 8, 2022; and providing an effective date.

Defs.' Plea to the Jurisd. at Ex. A at 34.

---

[5]    Defendants do not necessarily agree with this definition as a whole, but do agree that the only "acts" that could be actionable as *ultra-vires* acts contrary to Section 370.003 are 1) official acts of the city council and/or municipal police department 2) to adopt a policy not to fully enforce drug laws.

6

On November 22, 2022, Council only voted on adoption of an ordinance "canvassing the election returns and declaring results of the Special Elections." And when presented with the opportunity to actually adopt the Ordinance by City Council vote, that action was voted down.

> A. ID 23-1121 Consider adoption of an ordinance of the City of Denton adopting Chapter 21, Article V, of the City of Denton code of ordinances, titled "Marijuana Enforcement"; providing repealer, cumulative, and severability clauses; and declaring an effective date.
> **DENIED**

Defs.' Plea to the Jurisd. at Ex. A at 119.

The discovery sought is best obtained not from overbroad and overreaching written discovery requests, but from the relevant public records (which the State already has). The discovery sought here should be limited in its entirety as the burden and expense of substantive responses and potential for additional discovery requests and discovery disputes regarding same outweighs the likely benefit given the needs of the case and the limited scope of the questions before this Court. *See* Tex. R. Civ. P. 192.4(b).

Defendants filed an evidentiary plea to the jurisdiction. The State has the burden to plead a claim for which the City's and Officials' immunity is waived. Here, the State must plead a specific act by a person or entity identified in the statute that would violate Section 370.003 of the Texas Local Government Code. The State hasn't pleaded any acts by a person or entity identified in Section 370.003 or facts to support any alleged acts, only legal conclusions. Legal conclusions (especially when they are wrong) do not support a claim; factual allegations do.

7

Here, the relevant facts regarding any action, or inaction, by the Defendants are already fully before the Court. The State did not previously seek a continuance or serve discovery with respect to the City's Plea to the Jurisdiction—it filed a response and asked the Court to rule. *See* Pl.'s Resp. to Defs.' Plea to the Jurisd. at 24 ("Plaintiff, the State of Texas, by and through the Office of the Attorney General, asks that this Court deny City Defendants' Plea to the Jurisdiction."). The only reason that the question of jurisdiction has not already been fully presented to and decided by the Court is because the proceedings ran long on May 31, 2024, leaving the hearing on City's Plea to the Jurisdiction to be continued to a later date. There is no material or relevant discovery needed to determine the pending jurisdictional question.

**3.** **The State's request for discovery is intended to harass Defendants and drive up litigation expense.**

The Ordinance was passed on November 8, **2022**. The hearing on Defendants' jurisdictional plea and the State's Request for Temporary Injunction were originally set to be heard on May 31, **2024**. All facts relating to the passage of the Ordinance by the voters and the City's official actions subsequent thereto have been known for well over a year, and are pleaded in the State's Petition. While the Parties communicated often in the weeks and months leading up to the May 31 hearing date, no written discovery was served by either party. Not only did the parties not seek written discovery prior to that hearing, the parties entered into a written agreement via e-mail not to exchange even initial disclosures until *after* those hearings were set to have occurred. **Exhibit D,** Scheduling Email Correspondence. Due to time

8

constraints created by a lengthy hearing on the State's Motion to Strike Plea in Intervention on May 31, the State requested that the Court continue the hearing on Defendants' Plea to the Jurisdiction and State's Request for Temporary Injunction. Defendants' evidentiary Plea to the Jurisdiction included witness statements and certified public records, but the State did not identify the need to conduct discovery to address the Plea to the Jurisdiction. No pleadings have changed, and no facts have changed in the intervening four months. The facts regarding the passage of the Ordinance and all official acts of the City and any of its officials in connection with same are a matter of public record, and Defendants affirmatively supplied those records to the State as part of their jurisdictional challenge. In fact, the only change that has occurred since the original May 31 hearing date is that district court judges in Hays and Travis Counties *granted* pleas to the jurisdiction filed by other cities and officials dismissing nearly identical claims brought by the State against cities in those jurisdictions whose citizens passed similar initiatives. *See* **Exhibit E**, Order Granting the City of Austin's Plea to the Jurisdiction; *see also* **Exhibit F**, Order Granting the City of San Marcos's Plea to the Jurisdiction.

Jurisdictional discovery is not needed in this case. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), *aff'd*, 458 S.W.3d 1 (Tex. 2015) (the trial court did not abuse its discretion in denying the request for continuance to seek jurisdictional discovery where "[n]one of the discovery mentioned by Plaintiffs could have raised a fact issue material to the determination of the jurisdictional plea."); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283

9

MR 0257

(Tex. App.—Houston [14th Dist.] 2014, no pet.) (trial court did not abuse discretion in denying discovery "based on purported need for jurisdictional discovery" where party could not show discovery sought "would be material to the trial court's assessment of the City's plea to the jurisdiction"). The State has not articulated a reason it now needs this discovery, because there is no good reason for delaying a decision on the issue of immunity implicated by the pending pleadings. The goal of a plea to the jurisdiction "is to defeat a cause of action for which the state has not waived sovereign immunity (usually before the state has incurred the full costs of litigation)." *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004). Immunity serves "to shield the public from the costs and consequences of improvident actions of their governments." *Tooke v. City of Mexia*, 197 S.W.3d 325, 332 (Tex. 2006).

Reviewing the written discovery requests, it is clear there is no need for the supposedly "jurisdictional discovery" the State seeks. The legal question is "did any of the Defendants adopt a policy in violation of Section 370.003 of the Texas Local Government Code?" The only "policy" the State identifies in its pleading is the Marijuana Ordinance. So, then the question is "did any of the Defendants adopt the Marijuana Ordinance?" The answer to that based on public records attached to Defendants' Plea to the Jurisdiction is "no." Defs.' Plea to the Jurisd. at Ex. A. The Marijuana Ordinance was adopted by the voters of the City of Denton. The written requests served by the State are not aimed at answering that question; relevant examples of these improper requests are provided below:

10

TO DEFENDANT: The City of Denton, Gerard Hudspeth Brian Beck, Vicki Byrd, Paul Meltzer, Joe Holland, Brandon Chase McGee, Jill Jester, Sara Hensley, and Jessica Robledo

INTERROGATORY 7: Identify any documented changes in Marijuana use since the Marijuana Ordinance took effect, including but not limited to any documented changes occurring at the Denton Independent School District, or in connection to City of Denton Police citations and arrests or traffic and pedestrian stops.

Answer: _____

_____


TO DEFENDANTS: Jessica Robledo

INTERROGATORY 8: Identify how many times the Marijuana Ordinance has been enforced and identify the individuals whom the Marijuana Ordinance has been enforced against.

Answer: _____

_____


TO DEFENDANTS: Sara Hensley and Jessica Robledo

INTERROGATORY 9: Identify all jobs to which you have applied from August 30, 2022 to Present, including the name of the employer, its location, and the ultimate outcome of your application for that job.

Answer: _____

_____

Ex. B, Pl.'s Interrogatories to Defs.

11

MR 0259

None of these requests speak to <u>adoption</u> of a policy not to fully enforce drug laws of this State. Implementation and methods and means of enforcement are not the subject of Section 370.003. What any of the Defendants did in other cities or their individual thoughts about the Ordinance has no bearings on what official action was taken. The discovery sought isn't to establish jurisdiction, it's a fishing expedition and an attempt to distract from the straightforward question before this Court.

As stated above and out of an abundance of caution, Defendants are also providing Plaintiff with written objections and responses to Plaintiff's requests. Where Defendants could respond to questions as worded by pointing to relevant documents or providing short and direct answers, they have done so. Defendants have no intent to hide the obvious (after all, the City Council's actions are a matter of public record, to which the Plaintiff has had access at all times), but ask this Court to protect them from unnecessary expenditure of taxpayer dollars trying to prove a negative when the City and Officials do not have the burden of proof in this case. Thus, Defendants ask the Court to protect them from compliance with written discovery while the Plea to the Jurisdiction is pending.

## IV.
## CONCLUSION & PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant prays the Court protect Defendants from discovery propounded, that discovery by Plaintiff be abated pending the ruling on the Defendants' Plea to the Jurisdiction, and grant such other and further relief to which Defendants may be justly entitled.

12

MR 0260

Respectfully submitted,

DEVIN Q. ALEXANDER
Denton City Attorney's Office
215 East McKinney
Denton, Texas 76201
(940) 349-8333
(940) 382-7923 Facsimile
For email contact and service regarding this case, please include email addresses for all listed attorneys in the To: field, and include amy.hoffee@cityofdenton.com in the cc: field, until requested otherwise.

Mack Reinwand
City Attorney
State Bar No. 24056195
mack.reinwand@cityofdenton.com

Devin Alexander
Deputy City Attorney
State Bar No. 24104554
devin.alexander@cityofdenton.com

**LLOYD GOSSELINK**
  **ROCHELLE & TOWNSEND, P.C.**
816 Congress Avenue, Suite 1900
Austin, Texas 78701
Telephone:     (512) 322-5800
Facsimile:      (512) 472-0532

By:     */s/ Jose E/. de la Fuente*
        JOSE E. de la FUENTE
        (Attorney-in-Charge)
        State Bar No. 00793605
        jdelafuente@lglawfirm.com
        JAMES F. PARKER
        State Bar No. 24027591
        jparker@lglawfirm.com
        GABRIELLE C. SMITH
        State Bar No. 24093172
        gsmith@lglawfirm.com
        SYDNEY P. SADLER
        State Bar No. 24117905
        ssadler@lglawfirm.com

**ATTORNEYS FOR DEFENDANTS**

13

MR 0261

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to the following attorneys via the Court's electronic filing case management system and electronic mail on this 27th day of September, 2024:

Ken Paxton
Attorney General

Brent Webster
First Assistant Attorney General

Grant Dorfman
Deputy First Assistant Attorney
General

Ralph Molina
Deputy Attorney General for Legal
Strategy

Ryan D. Walters
Chief, Special Litigation Division

Jacob Przada
Jacob.Przada@oag.texas.gov
Special Counsel
Johnathan Stone
Johnathan.Stone@oag.texas.gov
Special Counsel

OFFICE OF THE ATTORNEY
GENERAL OF TEXAS
Special Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
**ATTORNEYS FOR PLAINTIFF**

/s/ Jose E. de la Fuente
JOSE E. de la FUENTE

14

MR 0262

# EXHIBIT A

MR 0263

| | | |
|---|---|---|
| THE STATE OF TEXAS,<br>　　*Plaintiff,* | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| v. | §<br>§ | |
| CITY OF DENTON; GERARD<br>HUDSPETH, Mayor of Denton; BRIAN<br>BECK, Mayor Pro Tem of Denton; VICKI<br>BYRD, PAUL MELTZER, JOE<br>HOLLAND, BRANDON CHASE<br>McGEE, and JILL JESTER, Members of<br>the City Council of Denton; SARA<br>HENSLEY, City Manager of Denton; and<br>JESSICA ROBLEDO, Interim Chief of<br>Police of Denton; in their official capacities,<br>　　*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | DENTON COUNTY, TEXAS<br><br><br><br>481ST JUDICIAL DISTRICT |

### PLAINTIFF'S FIRST REQUESTS FOR ADMISSION TO DEFENDANTS

To:　Defendants, The City of Denton, Gerard Hudspeth, Brian Beck, Vicki Byrd, Paul Meltzer, Joe Holland, Brandon Chase McGee, Jill Jester, Sara Hensley, and Jessica Robledo, by and through their counsel of record, Jose E. De la Fuente, James F. Parker, Gabrielle C. Smith, and Sydney P. Sadler, of LLOYD GOSSELINK ROCHELE & TOWNSEND, P.C., 816 Congress Avenue, Suite 1900, Austin, Texas 78701.

Plaintiff, the State of Texas, serves these Requests for Admission on Defendants, as allowed by Texas Rule of Civil Procedure 198. Defendants must respond to the following Requests for Admission within thirty (30) days after service and supplement all responses in accordance with the Texas Rules of Civil Procedure.

.

MR 0264

Date: August 30, 2024

Respectfully Submitted,

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy First Assistant Attorney General

**AUSTIN KINGHORN**
Deputy Attorney General for Legal Strategy

**RYAN D. WALTERS**
Chief, Special Litigation Division

*/S/ Jacob Przada*

**JACOB PRZADA**
Special Counsel
Tex. State Bar No. 24125371

OFFICE OF THE ATTORNEY GENERAL OF
TEXAS
Special Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 463-2100
Jacob.Przada@oag.texas.gov

**COUNSEL FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2024, a true and correct copy of this document has been served via electronic service and/or email to the following:

**Counsel for Defendants:**

| | |
|---|---|
| Jose (Joe) de la Fuente | jdelafuente@lglawfirm.com |
| James Parker | jparker@lglawfirm.com |
| Gabrielle Smith | gsmith@lglawfirm.com |
| Catherine Daniels | cdaniels@lglawfirm.com |
| Sydney Sadler | ssadler@lglawfirm.com |
| Devin Alexander | devin.alexander@cityofdenton.com |

*/S/ Jacob Przada*

**JACOB PRZADA**
Special Counsel

2

MR 0265

## INSTRUCTIONS

1. Unless otherwise specified, the time period covered by any Request for Admission ("admission" or "admissions," as applicable) is from November 2, 2021, through the present.

2. Pursuant to Rule 198 of the Texas Rules of Civil Procedure (TRCP) you are required to serve a separate response to each of the following Requests for Admission. Each matter is admitted without the necessity of a court order, unless, on or before thirty (30) days after service of these requests, you serve upon attorneys for Plaintiff a written answer or objection addressed to each request, signed by you or your attorney.

3. If you deny a matter on which an admission is requested, your denial must fairly meet the substance of the requested admission, and when good faith requires you to qualify your answer or deny only the part of the matter on which the admission is requested, you must specify so much of the matter as is true and qualify or deny the remainder. You may not give lack of information or knowledge as a reason for failing to admit or deny a matter unless you state that you have made reasonable inquiry and that the information known or easily obtainable by you is insufficient to enable you to admit or deny the matter.

4. The singular shall be construed to include the plural, and the plural shall be construed to include the singular, as necessary to bring within the scope of each Request all responses that might otherwise be construed outside its scope.

5. The connectives "and" and "or" and the phrase "and/or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of each Request all responses that might otherwise be construed outside its scope.

6. The use of any past, present, or future tense of any verb shall not be construed to limit or otherwise modify the time period covered by these Requests. Each Request should be read to include the past, present, or future tense of any verb as necessary to bring within the scope of each Request all responses that might otherwise be construed outside its scope.

3

MR 0266

1.  "Plaintiff" or "defendant," as well as a party's full or abbreviated name or a pronoun referring to a party, means the party, and when applicable, the party's agents, representatives, officers, directors, employees, partners, corporate agents, subsidiaries, affiliates, or any other person acting in concert with the party or under the party's control, whether directly or indirectly, including any attorney.

2.  "You" or "your" means: (1) The City of Denton, (2) Defendant Gerard Hudspeth, the Mayor of Denton, (3) Defendant Brian Beck, the Mayor Pro Tem of Denton and Councilmember for District #2, (4) Defendant Vicki Byrd, Councilmember for District #1, (5) Defendant Paul Meltzer, Councilmember for District #3, (6) Defendant Joe Holland, Councilmember for District #4, (7) Defendant Brandon Chase McGee, Councilmember At-Large, (8) Defendant Jill Jester, Councilmember At-Large, (9) Defendant Sara Hensley, City Manager of Denton, and (10) Defendant Jessica Robledo, Interim-Chief of Police of Denton as well as, successors, predecessors, divisions, subsidiaries, present and former officers, agents, employees, and all other persons acting on behalf of the successors, predecessors, divisions, and subsidiaries.

3.  "Communication" means any exchange or transmission of words or ideas to another person or an entity, including without limitation, conversations, discussions, letters, memoranda, interoffice communication platforms, social media platforms, instant messaging programs, meetings, notes, speeches, or other transfers of information, whether written, oral, or by any other means, whether direct or indirect, formal or informal, and includes any document which abstracts, digests, transcribes, or records any such communication.

4.  "And/or," "and," and "or" refer to all listed categories inclusively, not exclusively (i.e., not the option of producing one group of documents, or another, nor of producing documents for one group of the listed persons or entities, but not others).

5.  "Document" and "documents" mean all documents and tangible things, in the broadest sense allowed by Rule 192.3(b) and comment 2 of the Texas Rules of Civil Procedure.

6.  "Possession" means actual care, custody, control, or management.

7.  "Marijuana" means the plant Cannabis sativa L., and any preparation thereof, excluding Hemp.

8.  "Paraphernalia" means equipment, a product, or material that is used or intended for use in planting, propagating, cultivating, growing, harvesting, manufacturing, compounding, converting, producing, processing, preparing, testing, analyzing, packaging, repackaging, storing, containing, or concealing a controlled substance in violation of Chapter 481 of the Texas Health and Safety Code, or in injecting, ingesting, inhaling, or otherwise introducing into the human body a controlled substance in violation of Chapter 481 of the Texas Health and Safety Code.

MR 0267

9. "Memorandum" means a brief written message or report from one person or department in an organization to another.

10. "Codification" means the process of collecting, organizing, and consolidating local government ordinances and regulations into a comprehensive document.

11. "Adoption" means passage of a measure into law.

12. "Implementation" means placing an ordinance into effect.

13. "City Council" means: (1) Defendant Gerard Hudspeth, the Mayor of Denton, (2) Defendant Brian Beck, the Mayor Pro Tem of Denton and Councilmember for District #2, (3) Defendant Vicki Byrd, Councilmember for District #1, (4) Defendant Paul Meltzer, Councilmember for District #3, (5) Defendant Joe Holland, Councilmember for District #4, (6) Defendant Brandon Chase McGee, Councilmember At-Large, (7) Defendant Jill Jester, Councilmember At-Large, as well as successors, predecessors, divisions, subsidiaries, present and former officers, agents, employees, and all other persons acting on behalf of the successors, predecessors, divisions, and subsidiaries.

14. "City of Denton Police Department" means the City of Denton Police Department, located at 601 E Hickory St, Denton, TX 76205.

15. "The Marijuana Ordinance" means Chapter 21 – Offenses, Article V - Marijuana Enforcement of the City of Denton Code of Ordinance, Proposition B to the November 8, 2022, City of Denton Election, and the Voter Initiative Petition preceding the Proposition.

16. All undefined terms and phrases have not only the meaning ascribed to them by ordinary custom and usage, but also the meaning ascribed to them by Merriam-Webster's Collegiate Dictionary.

MR 0268

**TO DEFENDANTS:** The City of Denton, Gerard Hudspeth, Brian Beck, Vicki Byrd, Paul Meltzer, Joe Holland, Brandon Chase McGee, Jill Jester, and Sara Hensley

**Request 1.**     Admit that the Marijuana Ordinance was adopted on November 22, 2022, following a vote by the City of Denton City Council.

ADMIT     OR     DENY

If "Deny" provide explanation: _____

_____

**TO DEFENDANTS:** The City of Denton, Gerard Hudspeth, Brian Beck, Vicki Byrd, Paul Meltzer, Joe Holland, Brandon Chase McGee, Jill Jester, and Sara Hensley

**Request 2.**     Admit that following a vote on November 22, 2022, the Marijuana Ordinance became operational by law.

ADMIT     OR     DENY

If "Deny" provide explanation: _____

_____

**TO DEFENDANTS:** The City of Denton, Gerard Hudspeth, Brian Beck, Vicki Byrd, Paul Meltzer, Joe Holland, Brandon Chase McGee, Jill Jester, and Sara Hensley

**Request 3.**     Admit that the June 6, 2023 vote on the Marijuana Ordinance only related to budgetary authorization for the Marijuana Ordinance.

ADMIT     OR     DENY

If "Deny" provide explanation: _____

_____

**TO DEFENDANTS:** The City of Denton, Gerard Hudspeth, Brian Beck, Vicki Byrd, Paul Meltzer, Joe Holland, Brandon Chase McGee, Jill Jester, and Sara Hensley

**Request 4.**     Admit that during the June 6, 2023 vote on the Marijuana Ordinance, the City of Denton City Council considered a duplicate of the Marijuana Ordinance, already adopted on November 22, 2022.

ADMIT     OR     DENY

MR 0269

If "Deny" provide explanation:_____

_____

**TO DEFENDANTS:** The City of Denton, Gerard Hudspeth, Brian Beck, Vicki Byrd, Paul Meltzer, Joe Holland, Brandon Chase McGee, Jill Jester, and Sara Hensley

**Request 5.**     Admit that following a vote on the Marijuana Ordinance on June 6, 2023, the Marijuana Ordinance remained in the Code of Ordinances.

ADMIT     OR     DENY

If "Deny" provide explanation:_____

_____

**TO DEFENDANTS:** The City of Denton and Jessica Robledo

**Request 6.**     Admit that employees of the City of Denton Police Department have been directed not to cite or arrest individuals for misdemeanor levels of marijuana and misdemeanor possession of marijuana paraphernalia.

ADMIT     OR     DENY

If "Deny" provide explanation:_____

_____

**TO DEFENDANTS:** The City of Denton, Gerard Hudspeth, Brian Beck, Vicki Byrd, Paul Meltzer, Joe Holland, Brandon Chase McGee, Jill Jester, and Sara Hensley

**Request 7.**     Admit that the Marijuana Ordinance conflicts with Texas Local Government Code 370.003.

ADMIT     OR     DENY

If "Deny" provide explanation:_____

_____

**TO DEFENDANTS:** The City of Denton and Jessica Robledo

**Request 8.**     Admit that City of Denton Police Department citations and arrests for misdemeanor levels of marijuana have decreased by over 50 percent since November 22, 2022.

7

ADMIT     OR     DENY

If "Deny" provide explanation: _____

_____

**TO DEFENDANTS:** The City of Denton and Jessica Robledo

**Request 9.** Admit that City of Denton Police Department citations and arrests for misdemeanor possession of marijuana paraphernalia have decreased by over 50 percent since November 22, 2022.

ADMIT     OR     DENY

If "Deny" provide explanation: _____

_____

**TO DEFENDANTS:** The City of Denton and Jessica Robledo

**Request 10.** Admit that you did not send out a document or communication to employees of the City of Denton Police Department that the Marijuana Ordinance has not been implemented.

ADMIT     OR     DENY

If "Deny" provide explanation: _____

_____

**TO DEFENDANTS:** The City of Denton, Gerard Hudspeth, Brian Beck, Vicki Byrd, Paul Meltzer, Joe Holland, Brandon Chase McGee, Jill Jester, and Sara Hensley

**Request 11.** Admit that you received a document or communication from the City of Denton Police Department that the Marijuana Ordinance has been implemented.

ADMIT     OR     DENY

If "Deny" provide explanation: _____

_____

**TO DEFENDANTS:** The City of Denton and Jessica Robledo

**Request 12.** Admit that you directed the City of Denton Police Department not to use the smell of marijuana for probable cause.

MR 0271

ADMIT    OR    DENY

If "Deny" provide explanation: _____

_____

**TO DEFENDANTS:** The City of Denton and Jessica Robledo

**Request 13.**    Admit that employees of the City of Denton Police Department have received training on the Marijuana Ordinance.

ADMIT    OR    DENY

If "Deny" provide explanation: _____

_____

**TO DEFENDANTS:** The City of Denton, Gerard Hudspeth, Brian Beck, Vicki Byrd, Paul Meltzer, Joe Holland, Brandon Chase McGee, Jill Jester, and Sara Hensley

**Request 14.**    Admit that the City of Denton City Council could change a City of Denton policy relating to the implementation of the Marijuana Ordinance.

ADMIT    OR    DENY

If "Deny" provide explanation: _____

_____

**TO DEFENDANTS:** The City of Denton, Gerard Hudspeth, Brian Beck, Vicki Byrd, Paul Meltzer, Joe Holland, Brandon Chase McGee, Jill Jester, and Sara Hensley

**Request 15.**    Admit that a new City Manager could change a City of Denton policy relating to the implementation of the Marijuana Ordinance.

ADMIT    OR    DENY

If "Deny" provide explanation: _____

_____

9

# EXHIBIT B

MR 0273

| | | |
|---|---|---|
| THE STATE OF TEXAS,<br>    *Plaintiff,* | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| v. | §<br>§ | |
| CITY OF DENTON; GERARD<br>HUDSPETH, Mayor of Denton; BRIAN<br>BECK, Mayor Pro Tem of Denton; VICKI<br>BYRD, PAUL MELTZER, JOE<br>HOLLAND, BRANDON CHASE<br>McGEE, and JILL JESTER, Members of<br>the City Council of Denton; SARA<br>HENSLEY, City Manager of Denton; and<br>JESSICA ROBLEDO, Interim Chief of<br>Police of Denton; in their official capacities,<br>    *Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | DENTON COUNTY, TEXAS<br><br><br><br>481ST JUDICIAL DISTRICT |

## PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION TO DEFENDANTS

To:    Defendants, The City of Denton, Gerard Hudspeth, Brian Beck, Vicki Byrd, Paul Meltzer, Joe Holland, Brandon Chase McGee, Jill Jester, Sara Hensley, and Jessica Robledo, by and through their counsel of record, Jose E. De la Fuente, James F. Parker, Gabrielle C. Smith, and Sydney P. Sadler, of LLOYD GOSSELINK ROCHELE & TOWNSEND, P.C., 816 Congress Avenue, Suite 1900, Austin, Texas 78701.

Plaintiff, the State of Texas, serves these Requests for Production on Defendants, as allowed by Texas Rule of Civil Procedure 196. Defendants must produce all requested documents (as they are kept in the ordinary course of business or organized and labeled to correspond with categories in each request) for inspection and copying, not more than 30 days after service, at P.O. Box 12548, Capitol Station, Austin, Texas 78711-2548.

.

Date: August 30, 2024

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy First Assistant Attorney General

**AUSTIN KINGHORN**
Deputy Attorney General for Legal Strategy

**RYAN D. WALTERS**
Chief, Special Litigation Division

Respectfully Submitted,

*/S/ Jacob Przada*

**JACOB PRZADA**
Special Counsel
Tex. State Bar No. 24125371

OFFICE OF THE ATTORNEY GENERAL OF
TEXAS
Special Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone.: (512) 463-2100
Jacob.Przada@oag.texas.gov

**COUNSEL FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2024, a true and correct copy of this document has been served via electronic service and/or email to the following:

**Counsel for Defendants:**

| | |
|---|---|
| Jose ( Joe) de la Fuente | jdelafuente@lglawfirm.com |
| James Parker | jparker@lglawfirm.com |
| Gabrielle Smith | gsmith@lglawfirm.com |
| Catherine Daniels | cdaniels@lglawfirm.com |
| Sydney Sadler | ssadler@lglawfirm.com |
| Devin Alexander | devin.alexander@cityofdenton.com |

*/S/ Jacob Przada*

**JACOB PRZADA**
Special Counsel

2

1. Answer each request for documents separately by listing the documents and by describing them as defined below. If documents produced in response to this request are numbered for production, in each response provide both the information that identifies the document and the document's number.

2. For a document that no longer exists or that cannot be located, identify the document, state how and when it passed out of existence or could no longer be located, and the reasons for the disappearance. Also, identify each person having knowledge about the disposition or loss of the document, and identify any other document evidencing the lost document's existence or any facts about the lost document.

    a.    When identifying the document, you must state the following:

        (1)    The nature of the document (e.g., letter, handwritten note).

        (2)    The title or heading that appears on the document.

        (3)    The date of the document and the date of each addendum, supplement, or other addition or change.

        (4)    The identities of the author, signer of the document, and person on whose behalf or at whose request or direction the document was prepared or delivered.

    b.    When identifying the person, you must state the following:

        (1)    The full name.

        (2)    The present or last known address and telephone number.

3. These requests for Production are deemed to be continuing and you have a duty under the Texas Rules of Civil Procedure to amend your responses to these requests if you obtain information upon the basis of which: (1) you know that an answer was incorrect when made, or (2) you know that any answer, though correct when made, is no longer correct, true or complete, and circumstances are such that a failure to amend the answer is in substance a knowing concealment.

4. If you believe that any written discovery is requesting privileged information, pursuant to Texas Rule of Civil Procedure 193, the party must state: (1) that the information or material responsive to request has been withheld, (2) the request to which the information or material relates, (3) the privilege or privileges asserted, and (4) a description of the documents, communications, or tangible things not being disclosed.

5. These Requests for Production are directed to all Defendants named in this lawsuit.

MR 0276

1. "Plaintiff" or "Defendant," as well as a party's full or abbreviated name or a pronoun referring to a party, means the party, and when applicable, the party's agents, representatives, officers, directors, employees, partners, corporate agents, subsidiaries, affiliates, or any other person acting in concert with the party or under the party's control, whether directly or indirectly, including any attorney.

2. "You" or "your" means: (1) The City of Denton, (2) Defendant Gerard Hudspeth, the Mayor of Denton, (3) Defendant Brian Beck, the Mayor Pro Tem of Denton and Councilmember for District #2, (4) Defendant Vicki Byrd, Councilmember for District #1, (5) Defendant Paul Meltzer, Councilmember for District #3, (6) Defendant Joe Holland, Councilmember for District #4, (7) Defendant Brandon Chase McGee, Councilmember At-Large, (8) Defendant Jill Jester, Councilmember At-Large, (9) Defendant Sara Hensley, City Manager of Denton, and (10) Defendant Jessica Robledo, Interim-Chief of Police of Denton, as well as successors, predecessors, divisions, subsidiaries, present and former officers, agents, employees, and all other persons acting on behalf of the successors, predecessors, divisions, and subsidiaries.

3. "Document" means all written, typed, or printed matter and all magnetic, electronic, or other records or documentation of any kind or description in your actual possession, custody, or control, including those in the possession, custody, or control of any and all present or former directors, officers, employees, consultants, accountants, attorneys, or other agents, whether or not prepared by you, that constitute or contain matters relevant to the subject matter of the action. "Document" includes, but is not limited to, the following: letters, reports, charts, diagrams, correspondence, telegrams, memoranda, notes, records, minutes, contracts, agreements, records or notations of telephone or personal conversations or conferences, interoffice communications, e-mail, microfilm, bulletins, circulars, pamphlets, photographs, faxes, invoices, tape recordings, computer printouts, drafts, résumés, logs, and worksheets.

4. "Communication" means any oral or written communication of which Defendants have knowledge, information, or belief.

5. "Electronic or magnetic data" means electronic information that is stored in a medium from which it can be retrieved and examined. The term refers to the original (or identical duplicate when the original is not available) and any other copies of the data that may have attached comments, notes, marks, or highlighting of any kind. Electronic or magnetic data includes, but is not limited to, the following: computer programs; operating systems; computer activity logs; programming notes or instructions; e-mail receipts, messages, or transmissions; output resulting from the use of any software program, including word-processing documents, spreadsheets, database files, charts, graphs, and outlines; metadata; PIF and PDF files; batch files; deleted files; temporary files; Internet- or web-browser-generated information stored in textual, graphical, or audio format, including history files, caches, and cookies; and any miscellaneous files or file fragments. Electronic or magnetic data includes any items stored on magnetic, optical, digital, or other electronic-storage media, such as hard drives, floppy disks,

MR 0277

CD-ROMs, DVDs, tapes, smart cards, integrated-circuit cards (e.g., SIM cards), removable media (e.g., Zip drives, Jaz cartridges), microfiche, punched cards. Electronic or magnetic data also includes the file, folder, tabs, containers, and labels attached to or associated with any physical storage device with each original or copy.

6. "Possession, custody, or control" of an item means that the person either has physical possession of the item or has a right to possession equal or superior to that of the person who has physical possession of the item.

7. "Person" means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity, and all predecessors or successors.

8. "Mobile device" means any cellular telephone, satellite telephone, pager, personal digital assistant, handheld computer, walkie-talkie, or any combination of these devices.

9. "The Cities" means, when applicable, a municipality, including agents, representatives, officers, directors, employees, partners, corporate agents, subsidiaries, affiliates, or any other person acting in concert with the party or under the party's control, whether directly or indirectly, including any attorney.

10. "Law Enforcement" means a public agency charged with policing functions, including any of its component bureaus, and when applicable, the party's agents, representatives, officers, directors, employees, partners, corporate agents, subsidiaries, affiliates, or any other person acting in concert with the party or under the party's control, whether directly or indirectly, including any attorney.

11. "City Council" means: (1) Defendant Gerard Hudspeth, the Mayor of Denton, (2) Defendant Brian Beck, the Mayor Pro Tem of Denton and Councilmember for District #2, (3) Defendant Vicki Byrd, Councilmember for District #1, (4) Defendant Paul Meltzer, Councilmember for District #3, (5) Defendant Joe Holland, Councilmember for District #4, (6) Defendant Brandon Chase McGee, Councilmember At-Large, (7) Defendant Jill Jester, Councilmember At-Large, as well as successors, predecessors, divisions, subsidiaries, present and former officers, agents, employees, and all other persons acting on behalf of the successors, predecessors, divisions, and subsidiaries.

12. "Marijuana" means the plant Cannabis sativa L., and any preparation thereof, excluding Hemp.

13. "The Marijuana Ordinance" means Chapter 21 – Offenses, Article V - Marijuana Enforcement of the City of Denton Code of Ordinance, Proposition B to the November 8, 2022 City of Denton Election, and the Voter Initiative Petition preceding the Proposition.

14. "Public Health Statistics" mean numbers that summarize information related to health.

MR 0278

15. "Disciplinary Statistics" mean numbers that summarize information related to officer discipline.

16. "Enforcement" means ensuring that individuals obey a law.

17. "Policy" means a law, regulation, procedure, administrative action, incentive, or voluntary practice of governments and other institutions.

18. "Memorandum" means a brief written message or report from one person or department in an organization to another.

19. "Public" means individuals within the City of Denton.

20. "Police Directive" or "General Order" means an official written order or instruction by the City of Denton Police Department, its Chief, or Police Administration.

21. "Social Media Posts" refer to a short-form message or content that is published on social media platforms on the official or personal account of any Defendant, including but not limited to Instagram, Facebook, Meta, Twitter, X, TikTok, YouTube, LinkedIn and Reddit.

22. "Demonstrative" means a visual, graphic, or sound aid used to explain or illustrate a witness's testimony or presentation.

23. "Violation" means an action that breaks or goes against a law, regulation, ordinance, policy, or memorandum, including the Marijuana Ordinance or any related policy or memorandum.

24. "Ground Game Texas" refers to the dismissed Intervenor-Defendant in *State of Texas v. City of Austin, et. al.*, D-1-GN-24-000586 (419th Dist. Ct., Travis County, Tex., Jun. 12, 2024), and the party's agents, representatives, officers, directors, employees, partners, corporate agents, subsidiaries, affiliates, or any other person acting in concert with the parties or under the parties' control, whether directly or indirectly, including any attorney.

25. "Decriminalize Denton" refers to the dismissed Intervenor-Defendants in this suit and the parties' agents, representatives, officers, directors, employees, partners, corporate agents, subsidiaries, affiliates, or any other person acting in concert with the parties or under the parties' control, whether directly or indirectly, including any attorney.

26. "Supporting" means seek to influence a politician or government official on an issue.

27. "Paraphernalia" means equipment, a product, or material that is used or intended for use in planting, propagating, cultivating, growing, harvesting, manufacturing, compounding, converting, producing, processing, preparing, testing, analyzing, packaging, repackaging, storing, containing, or concealing a controlled substance in violation of Chapter 481 of the Texas Health

6

MR 0279

and Safety Code, or in injecting, ingesting, inhaling, or otherwise introducing into the human body a controlled substance in violation of Chapter 481 of the Texas Health and Safety Code.

28. "Marijuana use" means the smoking, eating, drinking, or inhaling of marijuana.

29. **"**Tetrahydrocannabinol" (hereinafter, "THC"), means the primary psychoactive component in marijuana, hashish, and other preparations derived from cannabis plants, especially Cannabis sativa, or produced synthetically.

30. "Codification" means the process of collecting, organizing, and consolidating local government ordinances and regulations into a comprehensive document.

31. "Adoption" means passage of a measure into law.

32. "Implementation" means placing an ordinance into effect.

33. "Media" means members of the media and press, associated with broadcast and narrowcast mediums, including radio, television, newspapers, magazines, journals, and the internet.

34. "Reprioritization" means the process of rearranging priorities based on their importance and urgency.

35. All undefined terms and phrases have not only the meaning ascribed to them by ordinary custom and usage, but also the meaning ascribed to them by Merriam-Webster's Collegiate Dictionary.

MR 0280

**REQUEST 1**: Produce all communications and documents sent or received by you, from November 2, 2021 to Present, regarding codification, adoption, or implementation of the Marijuana Ordinance, including communications in which you were copied.

**REQUEST 2**: Produce all policies or memoranda created by you, from November 2, 2021 to Present, regarding codification, adoption, or implementation of the Marijuana Ordinance.

**REQUEST 3**: Produce all communications and documents sent to or received from, or exchanged by and between you and citizens groups, including Ground Game Texas, Decriminalize Denton, any parties supporting the Marijuana Ordinance, or their agents, employees, or representatives, regarding codification, adoption, or implementation of the Marijuana Ordinance from November 2, 2021 to Present.

**REQUEST 4**: Produce all communications and documents sent to or received from, or exchanged by and between you and the public relating to enforcement of the Marijuana Ordinance and the Marijuana laws of the State of Texas.

**REQUEST 5**: Produce all communications and documents sent to or received from, or exchanged by and between you and law enforcement or their agents, employees, or representatives regarding codification, adoption, or implementation of the Marijuana Ordinance from November 2, 2021 to Present.

**REQUEST 6**: Produce all communications and documents sent to or received from, or exchanged by and between you and the Cities of San Antonio, Elgin, Harker Heights, Killen, Austin, and San Marcos or their agents, employees, or representatives regarding codification, adoption, or implementation of the Marijuana Ordinance from November 2, 2021 to Present.

**REQUEST 7**: Produce all communications and documents sent to or received from, or exchanged by and between you and the Cities of San Antonio, Elgin, Harker Heights, Killen, Austin, and San Marcos or their agents, employees, or representatives regarding codification, adoption, or implementation of a Marijuana Ordinance by the Cities of San Antonio, Elgin, Harker Heights, Killen, Austin, and San Marcos from November 2, 2021 to Present.

**REQUEST 8**: Produce all communications and documents sent to or received from, or exchanged by and between you and the Denton Independent School District, or their agents, employees, or representatives regarding codification, adoption, or implementation of the Marijuana Ordinance from November 2, 2021 to Present.

**REQUEST 9**: Produce all disciplinary statistics relating to violations of the Marijuana Ordinance or any related policy or memorandum by employees of the City of Denton Police Department from November 22, 2022 to Present.

MR 0281

**REQUEST 10**: Produce all communications and documents sent to or received from, or exchanged by and between you and employees of the City of Denton Police Department or their agents, and representatives regarding reprioritization of Marijuana enforcement, including misdemeanor marijuana possession or misdemeanor possession of marijuana paraphernalia offenses from November 2, 2021 to Present.

**REQUEST 11**: Produce all copies of communications or documents within your possession relating to the City of Denton Police Administration's demonstrative of marijuana at a City Council meeting from November 2, 2021 to Present.

**REQUEST 12**: Produce all communications and documents sent to or received from, or exchanged by and between you and the Denton County Public Health District or their agents, employees, or representatives regarding marijuana use in the City of Denton from November 2, 2021 to Present.

**REQUEST 13:** Produce all communications or documents within your possession, relating to funding by the City of Denton or the City of Denton Police Department for THC testing from February 13, 2021 to November 22, 2022.

**REQUEST 14**: Produce all communications or documents within your possession, relating to funding by the City of Denton or the City of Denton Police Department for THC testing from November 22, 2022 to Present.

**REQUEST 15**: Produce all communications or documents within your possession, relating to citations or arrests for Class A or Class B misdemeanor possession of marijuana offenses, and for misdemeanor possession of marijuana paraphernalia from February 13, 2021 to November 22, 2022.

**REQUEST 16**: Produce all communications or documents within your possession, relating to citations or arrests for Class A or Class B misdemeanor possession of marijuana offenses, and for misdemeanor possession of marijuana paraphernalia from November 22, 2022 to Present.

**REQUEST 17**: Produce all communications or documents within your possession, relating to training on the Marijuana Ordinance from February 13, 2021 to November 22, 2022.

**REQUEST 18**: Produce all communications or documents within your possession, relating to training on the Marijuana Ordinance from November 22, 2022 to Present.

**REQUEST 19**: Produce all communications or documents within your possession, relating to use of the smell of marijuana for probable cause from February 13, 2021 to November 22, 2022.

**REQUEST 20**: Produce all communications or documents within your possession, relating to use of the smell of marijuana for probable cause from November 22, 2022 to Present.

MR 0282

**REQUEST 21**: Produce all communications or documents within your possession, relating to citations or arrests for felony-level marijuana offenses from February 13, 2021 to November 22, 2022.

**REQUEST 22**: Produce all communications or documents within your possession, relating to citations or arrests for felony-level marijuana offenses from November 22, 2022 to Present.

**REQUEST 23**: Produce all communications or documents within your possession, relating to citations or arrests for misdemeanor possession of marijuana offenses, and for misdemeanor possession of marijuana paraphernalia, where the subject expressed that they thought it was lawful to possess marijuana or marijuana paraphernalia, from November 22, 2022 to Present.

**REQUEST 24**: Produce all communications and documents sent by you, your attorneys, or agents, employees, or representatives to the media regarding the Marijuana Ordinance or this lawsuit from November 2, 2021 to Present.

MR 0283

# EXHIBIT C

MR 0284

| | | |
|---|---|---|
| THE STATE OF TEXAS, | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| CITY OF DENTON; GERARD | § | |
| HUDSPETH, Mayor of Denton; BRIAN | § | |
| BECK, Mayor Pro Tem of Denton; VICKI | § | DENTON COUNTY, TEXAS |
| BYRD, PAUL MELTZER, JOE | § | |
| HOLLAND, BRANDON CHASE | § | |
| McGEE, and JILL JESTER, Members of | § | |
| the City Council of Denton; SARA | § | |
| HENSLEY, City Manager of Denton; and | § | |
| JESSICA ROBLEDO, Interim Chief of | § | |
| Police of Denton; in their official capacities, | § | 481ST JUDICIAL DISTRICT |
| *Defendants.* | § | |

### PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS

To:    Defendants, The City of Denton, Gerard Hudspeth, Brian Beck, Vicki Byrd, Paul Meltzer, Joe Holland, Brandon Chase McGee, Jill Jester, Sara Hensley, and Jessica Robledo, by and through their counsel of record, Jose E. De la Fuente, James F. Parker, Gabrielle C. Smith, and Sydney P. Sadler, of LLOYD GOSSELINK ROCHELE & TOWNSEND, P.C., 816 Congress Avenue, Suite 1900, Austin, Texas 78701.

Plaintiff, the State of Texas, serves these Interrogatories on Defendants, as allowed by Texas Rule of Civil Procedure 197. Defendants must answer each interrogatory separately, fully, in writing, and under oath, within 30 days after service.

Date: August 30, 2024

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy First Assistant Attorney General

**AUSTIN KINGHORN**
Deputy Attorney General for Legal Strategy

**RYAN D. WALTERS**
Chief, Special Litigation Division

Respectfully Submitted,

*/S/ Jacob Przada*

**JACOB PRZADA**
Special Counsel
Tex. State Bar No. 24125371

OFFICE OF THE ATTORNEY GENERAL OF TEXAS
Special Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 463-2100
Jacob.Przada@oag.texas.gov

**COUNSEL FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2024, a true and correct copy of this document has been served via electronic service and/or email to the following:

**Counsel for Defendants**:

| | |
|---|---|
| Jose ( Joe) de la Fuente | jdelafuente@lglawfirm.com |
| James Parker | jparker@lglawfirm.com |
| Gabrielle Smith | gsmith@lglawfirm.com |
| Catherine Daniels | cdaniels@lglawfirm.com |
| Sydney Sadler | ssadler@lglawfirm.com |
| Devin Alexander | devin.alexander@cityofdenton.com |

*/S/ Jacob Przada*

**JACOB PRZADA**
Special Counsel

MR 0286

## INSTRUCTIONS

For any requested information about a document that no longer exists or cannot be located, identify the document, state how and when it passed out of existence or when it could no longer be located, and give the reasons for the disappearance. Also, identify each person having knowledge about the disposition or loss, and identify each document evidencing the existence or nonexistence of each document that cannot be located.

## DEFINITIONS

1.      "Plaintiff," or "Defendant," as well as a party's full or abbreviated name or a pronoun referring to a party, means the party, and when applicable, the party's agents, representatives, officers, directors, employees, partners, corporate agents, subsidiaries, affiliates, or any other person acting in concert with the party or under the party's control, whether directly or indirectly, including any attorney.

2.      "You" or "your" means: (1) The City of Denton, (2) Defendant Gerard Hudspeth, the Mayor of Denton, (3) Defendant Brian Beck, the Mayor Pro Tem of Denton and Councilmember for District #2, (4) Defendant Vicki Byrd, Councilmember for District #1, (5) Defendant Paul Meltzer, Councilmember for District #3, (6) Defendant Joe Holland, Councilmember for District #4, (7) Defendant Brandon Chase McGee, Councilmember At-Large, (8) Defendant Jill Jester, Councilmember At-Large, (9) Defendant Sara Hensley, City Manager of Denton, and (10) Defendant Jessica Robledo, Interim-Chief of Police of Denton, as well as successors, predecessors, divisions, subsidiaries, present and former officers, agents, employees, and all other persons acting on behalf of the successors, predecessors, divisions, and subsidiaries.

3

3.     "Document" means any writing of any kind, source, or authorship, regardless of how it may be recorded, stored, or reproduced. The term includes both originals and all non-identical copies thereof, as well as all drafts, revisions, and amendments, regardless of whether adopted. The term also includes but is not limited to handwritten, typewritten, printed, photocopied, photographic, and electronically recorded matter. For purposes of illustration and not limitation, the term includes: contracts, agreements, communications, reports, charges, complaints, correspondence, letters, emails, social media postings, telegrams, memoranda, applications, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, journals, diaries, schedules, charts, graphs, worksheets, spreadsheets, reports, notebooks, note charts, handwritten notes, plans, drawings, sketches, maps, brochures, pamphlets, advertisements, circulars, press releases, summaries or records of meetings or conferences, summaries or reports or records of investigations or negotiations, opinions or reports of consultants, bills, statements, invoices, affidavits, schedules, audio recordings, video recordings, transcriptions, and photographs.

4.     "Statement" means any written or graphic assertion or representation signed, adopted, or approved by the person making it, or any stenographic, mechanical, electronic, or other record or transcription that is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

5.     "Communication" means any conveyance or transfer of any information from one person to another by any means or in any form, including but not limited to all types of documents, oral communications, and online resources such as social media.

6.     "Electronic or magnetic data" means electronic information that is stored in a medium from which it can be retrieved and examined. The term refers to the original (or identical duplicate when the original is not available) and any other copies of the data that may have attached comments, notes, marks, or highlighting of any kind. Electronic or magnetic data includes, but is not limited to, the following: computer programs; operating systems; computer activity logs; programming notes or instructions; e-mail receipts, messages, or transmissions; output resulting from the use of any software program, including word-processing documents, spreadsheets, database files, charts, graphs, and outlines; metadata; PIF and PDF files; batch files; deleted files; temporary files; Internet- or web-browser-generated information stored in textual, graphical, or

4

audio format, including history files, caches, and cookies, and any miscellaneous files or file fragments. Electronic or magnetic data includes any items stored on magnetic, optical, digital, or other electronic-storage media, such as hard drives, floppy disks, CD-ROMs, DVDs, tapes, smart cards, integrated-circuit cards (e.g., SIM cards), removable media (e.g., Zip drives, Jaz cartridges), microfiche, punched cards. Electronic or magnetic data also includes the file, folder, tabs, containers, and labels attached to or associated with any physical storage device with each original or copy.

7.     "Possession, custody, or control" of an item means that the person either has physical possession of the item or has a right to possession equal or superior to that of the person who has physical possession of the item.

8.     "Person" means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity, and all predecessors or successors in interest.

9.     "Mobile device" means any cellular telephone, satellite telephone, pager, personal digital assistant, handheld computer, walkie-talkie, or any combination of these devices.

10.    "Police Directive" or "General Order" means an official written order or instruction by the City of Denton Police Department, its Chief, or Police Administration.

11.    "Identify" or "describe," when referring to a person, means you must state the following:

1.  The full name.

2.  The present or last known office address and office telephone number.

3.  The occupation, job title, employer, and employer's address at the time of the event or period referred to in each particular interrogatory.

4.  In the case of any entity, the identity of the officer, employee, or agent most closely connected with the subject matter of the interrogatory and the officer who is responsible for supervising that officer or employee.

12.    "Identify" "describe," or "explain" when referring to document or policy, means you must state the following:

1.     The nature of the document (e.g., letter, handwritten note).

5

MR 0289

2. The title or heading that appears on the document.

3. The date of the document and the date of each addendum, supplement, or other addition or change.

4. The identities of the author, signer of the document, and person on whose behalf or at whose request or direction the document was prepared or delivered.

5. The present location of the document and the name, address, position or title, and telephone number of the person or persons having custody of the document.

6. A summary of the contents of the document.

13. **"**Tetrahydrocannabinol" (hereinafter, "THC"), means the primary psychoactive component in marijuana, hashish, and other preparations derived from cannabis plants, especially Cannabis sativa, or produced synthetically.

14. "Marijuana" means the plant Cannabis sativa L., and any preparation thereof, excluding Hemp.

15. "Codification" means the process of collecting, organizing, and consolidating local government ordinances and regulations into a comprehensive document.

16. "Adoption" means passage of a measure into law.

17. "Implementation" means placing an ordinance into effect.

18. "Policy" means a law, regulation, procedure, administrative action, incentive, or voluntary practice of governments and other institutions, written or unwritten.

19. "City Staff" means all employees of the City.

20. "City of Denton" means the City of Denton, located at 601 East Hickory Street, Denton, Texas 76205, and all agents, representatives, officers, directors, employees, partners, corporate agents, subsidiaries, affiliates, or any other person acting in concert with the party or under its control, whether directly or indirectly, including any attorney

21. "Enforce" means compel observance of or compliance with a law, rule, or obligation.

22. "Media Personnel" means members of the media and press, associated with broadcast and narrowcast mediums, including radio, television, newspapers, magazines, journals, and the internet.

6

23.	"The Cities" means, when applicable, a municipality, including agents, representatives, officers, directors, employees, partners, corporate agents, subsidiaries, affiliates, or any other person acting in concert with the party or under the party's control, whether directly or indirectly, including any attorney.

24.	"City Council" means: (1) Defendant Gerard Hudspeth, the Mayor of Denton, (2) Defendant Brian Beck, the Mayor Pro Tem of Denton and Councilmember for District #2, (3) Defendant Vicki Byrd, Councilmember for District #1, (4) Defendant Paul Meltzer, Councilmember for District #3, (5) Defendant Joe Holland, Councilmember for District #4, (6) Defendant Brandon Chase McGee, Councilmember At-Large, (7) Defendant Jill Jester, Councilmember At-Large, as well as successors, predecessors, divisions, subsidiaries, present and former officers, agents, employees, and all other persons acting on behalf of the successors, predecessors, divisions, and subsidiaries.

25.	All undefined terms and phrases have not only the meaning ascribed to them by ordinary custom and usage, but also the meaning ascribed to them by Merriam-Webster's Collegiate Dictionary.

MR 0291

**TO DEFENDANTS:** The City of Denton, Gerard Hudspeth Brian Beck, Vicki Byrd, Paul Meltzer, Joe Holland, Brandon Chase McGee, Jill Jester, Sara Hensley, and Jessica Robledo

    **INTERROGATORY 1:** Identify all documents utilized to assist in any way with the preparation of the answers to each of the interrogatories.

Answer: _____

_____

**TO DEFENDANTS:** The City of Denton, Gerard Hudspeth Brian Beck, Vicki Byrd, Paul Meltzer, Joe Holland, Brandon Chase McGee, Jill Jester, Sara Hensley, and Jessica Robledo

    **INTERROGATORY 2:** Explain the process to change, adopt, or implement a different policy or ordinance than a policy or ordinance currently codified, adopted, or implemented by the City of Denton.

Answer: _____

_____

**TO DEFENDANTS:** The City of Denton, Gerard Hudspeth Brian Beck, Vicki Byrd, Paul Meltzer, Joe Holland, Brandon Chase McGee, Jill Jester, Sara Hensley, and Jessica Robledo

    **INTERROGATORY 3:** Identify every person who has firsthand factual information about this case, rebuttal or impeachment evidence in this case, or who is expected testify in this case, including your experts or rebuttal witnesses, and provide a brief statement of each individual's connection with the case. *See* Tex. R. Civ. P. 192.

Answer: _____

_____

**TO DEFENDANTS:** The City of Denton, Gerard Hudspeth Brian Beck, Vicki Byrd, Paul Meltzer, Joe Holland, Brandon Chase McGee, Jill Jester, Sara Hensley, and Jessica Robledo

    **INTERROGATORY 4:** State the legal theories and describe in general the factual bases for your defenses. *See* Tex. R. Civ. P. 192.3(j), 197.1.

Answer: _____

_____

**TO DEFENDANTS:** The City of Denton, Gerard Hudspeth Brian Beck, Vicki Byrd, Paul

8

Meltzer, Joe Holland, Brandon Chase McGee, Jill Jester, Sara Hensley, and Jessica Robledo

>**INTERROGATORY 5:** Identify any City of Denton employees and third-parties, including the Cities of San Antonio, Elgin, Harker Heights, Killen, Austin, and San Marcos, and media personnel with whom you discussed codification, adoption, or implementation of the Marijuana Ordinance from November 2, 2021 to Present.

Answer: _____

_____

**TO DEFENDANTS:** The City of Denton, Gerard Hudspeth Brian Beck, Vicki Byrd, Paul Meltzer, Joe Holland, Brandon Chase McGee, Jill Jester, Sara Hensley, and Jessica Robledo

>**INTERROGATORY 6:** If you contend that the Marijuana Ordinance can, or cannot be changed to comply with the City Charter, Ordinance, or a policy, state the factual basis for your claim and identify all documents relied on for your response.

Answer: _____

_____

**TO DEFENDANT:** The City of Denton, Gerard Hudspeth Brian Beck, Vicki Byrd, Paul Meltzer, Joe Holland, Brandon Chase McGee, Jill Jester, Sara Hensley, and Jessica Robledo

>**INTERROGATORY 7:** Identify any documented changes in Marijuana use since the Marijuana Ordinance took effect, including but not limited to any documented changes occurring at the Denton Independent School District, or in connection to City of Denton Police citations and arrests or traffic and pedestrian stops.

Answer: _____

_____

**TO DEFENDANTS:** Jessica Robledo

>**INTERROGATORY 8:** Identify how many times the Marijuana Ordinance has been enforced and identify the individuals whom the Marijuana Ordinance has been enforced against.

Answer: _____

_____

**TO DEFENDANTS:** Sara Hensley and Jessica Robledo

9

MR 0293

**INTERROGATORY 9:** Identify all jobs to which you have applied from August 30, 2022 to Present, including the name of the employer, its location, and the ultimate outcome of your application for that job.

Answer: _____

_____

**TO DEFENDANT:** Jessica Robledo

**INTERROGATORY 10:** Explain the written or unwritten City of Denton Police Department policy, practice, or procedure relating to funding for THC testing that was in effect during the period spanning February 13, 2021, to November 22, 2022.

Answer: _____

_____

**TO DEFENDANT:** Jessica Robledo

**INTERROGATORY 11:** Explain the written or unwritten City of Denton Police Department policy, practice, or procedure relating to funding for THC testing that has been in effect during the period spanning November 22, 2022, to Present.

Answer: _____

_____

**TO DEFENDANT:** Jessica Robledo

**INTERROGATORY 12:** Explain the written or unwritten City of Denton Police Department policy, practice, or procedure relating to the use of the smell of marijuana for probable cause that was in effect during the period spanning February 13, 2021, to November 22, 2022.

Answer: _____

_____

**TO DEFENDANT:** Jessica Robledo

**INTERROGATORY 13:** Explain the written or unwritten City of Denton Police Department policy, practice, or procedure relating to the use of the smell of marijuana for probable cause that has been in effect during the period spanning November 22, 2022, to Present.

10

MR 0294

Answer:  _____

_____

**TO DEFENDANT:** Jessica Robledo

**INTERROGATORY 14:** Explain the written or unwritten City of Denton Police Department policy, practice, or procedure relating to citations or arrests for Class A or Class B misdemeanor possession of marijuana offenses, and for misdemeanor possession of marijuana paraphernalia that was in effect from February 13, 2021, to November 22, 2022.

Answer:  _____

_____

**TO DEFENDANT:** Jessica Robledo

**INTERROGATORY 15:** Explain the written or unwritten City of Denton Police Department policy, practice, or procedure relating to citations or arrests for Class A or Class B misdemeanor possession of marijuana offenses, and for misdemeanor possession of marijuana paraphernalia that has been in effect from November 22, 2022, to Present.

Answer:  _____

_____

**TO DEFENDANT:** Jessica Robledo

**INTERROGATORY 16:** Explain the written or unwritten City of Denton Police Department policy, practice, or procedure relating to training on the Marijuana Ordinance that was in effect from February 13, 2021, to November 22, 2022.

Answer:  _____

_____

**TO DEFENDANT:** Jessica Robledo

**INTERROGATORY 17:** Explain the written or unwritten City of Denton Police Department policy, practice, or procedure relating to training on the Marijuana Ordinance that has been in effect from November 22, 2022, to Present.

Answer:  _____

_____

11

**TO DEFENDANT:** Jessica Robledo

    **INTERROGATORY 18:** Explain the written or unwritten City of Denton Police Department policy, practice, or procedure relating to citations or arrests for felony-level marijuana offenses that was in effect from February 13, 2021, to November 22, 2022.

Answer: _____

_____

**TO DEFENDANT:** Jessica Robledo

    **INTERROGATORY 19:** Explain the written or unwritten City of Denton Police Department policy, practice, or procedure relating to citations or arrests for felony-level marijuana offenses that has been in effect from November 22, 2022, to Present.

Answer: _____

_____

**TO DEFENDANT:** The City of Denton, Gerard Hudspeth Brian Beck, Vicki Byrd, Paul Meltzer, Joe Holland, Brandon Chase McGee, Jill Jester, Sara Hensley, and Jessica Robledo

    **INTERROGATORY 20:** Identify all inquiries by the public about confusion relating to codification, implementation, or adoption of the City of Denton's Marijuana Ordinance.

Answer: _____

_____

**TO DEFENDANT:** Sara Hensley and Jessica Robledo

    **INTERROGATORY 21:** Identify all documents relied upon in developing the current City of Denton Police Department Policy and Police Directive or General Orders relating to misdemeanor-level marijuana offenses.

Answer: _____

_____

**TO DEFENDANTS:** Gerard Hudspeth Brian Beck, Vicki Byrd, Paul Meltzer, Joe Holland, Brandon Chase McGee, Jill Jester, Sara Hensley, and Jessica Robledo

    **INTERROGATORY 22:** If you have ever been convicted of a felony or a crime involving moral turpitude, state the nature of the charge and the date and place of arrest and conviction. *See* Tex. R. Evid. 404(a)(2)(B), 609(a).

MR 0296

Answer:

# EXHIBIT D

MR 0298

| From: | Richard Gladden <richscot1@hotmail.com> |
| --- | --- |
| Sent: | Tuesday, May 21, 2024 8:52 AM |
| To: | Jose de la Fuente; Jacob Przada |
| Cc: | Johnathan Stone; Catherine Daniels; Gabrielle C. Smith |
| Subject: | Re: Cause No. 24-1005-481; State of Texas v. City of Denton et al - scheduling communication |

Jacob and Jose,

My clients agree to this proposal.

---



**From:** Jose de la Fuente <jdelafuente@lglawfirm.com>
**Sent:** Monday, May 20, 2024 5:55 PM
**To:** Jacob Przada <Jacob.Przada@oag.texas.gov>; Richard Gladden <richscot1@hotmail.com>
**Cc:** Johnathan Stone <Johnathan.Stone@oag.texas.gov>; Catherine Daniels <cdaniels@lglawfirm.com>; Gabrielle Smith <gsmith@lglawfirm.com>
**Subject:** RE: Cause No. 24-1005-481; State of Texas v. City of Denton et al - scheduling communication

Jacob,

The City agrees to this proposal.

Joe de la Fuente



  

**JOSE DE LA FUENTE**

Litigation Practice Group Chair

512-322-5849   Direct

512-844-9078

Lloyd Gosselink Rochelle & Townsend, P.C.
816 Congress Ave., Suite 1900, Austin, TX 78701
www.lglawfirm.com  |  512-322-5800

---

****ATTENTION TO PUBLIC OFFICIALS AND OFFICIALS WITH OTHER INSTITUTIONS SUBJECT TO THE OPEN MEETINGS ACT ****

A "REPLY TO ALL" OF THIS EMAIL COULD LEAD TO VIOLATIONS OF THE TEXAS OPEN MEETINGS ACT. PLEASE REPLY ONLY TO LEGAL COUNSEL.

CONFIDENTIALITY NOTICE:
This email (and all attachments) is confidential, legally privileged, and covered by the Electronic Communications Privacy Act. Unauthorized use or dissemination is prohibited. If you have received this message in error please delete it immediately. For more detailed information click http://www.lglawfirm.com/email-disclaimer/ .

MR 0299

NOT AN E-SIGNATURE:
No portion of this email is an "electronic signature" and neither the author nor any client thereof will be bound by this e-mail unless expressly designated as such as provided in more detail at www.lglawfirm.com/electronic-signature-disclaimer/ .

**From:** Jacob Przada <Jacob.Przada@oag.texas.gov>
**Sent:** Monday, May 20, 2024 5:01 PM
**To:** Jose de la Fuente <jdelafuente@lglawfirm.com>; Richard Gladden <richscot1@hotmail.com>
**Cc:** Johnathan Stone <Johnathan.Stone@oag.texas.gov>
**Subject:** RE: Cause No. 24-1005-481; State of Texas v. City of Denton et al - scheduling communication

Hi all,

I hope you are well. Would counsel be willing to stipulate to service of disclosures on June 21, 2024? Finally, would counsel agree to exchanging Exhibit and Witness lists for the hearing by Tuesday, May 28, 2024?

Best,

**Jacob E. Przada**
Special Counsel
Special Litigation Division
Office of the Attorney General of Texas
Telephone: (512) 936-2669
Email: jacob.przada@oag.texas.gov

**From:** Jacob Przada
**Sent:** Tuesday, April 16, 2024 10:30 AM
**To:** Jose de la Fuente <jdelafuente@lglawfirm.com>; Richard Gladden <richscot1@hotmail.com>
**Subject:** RE: Cause No. 24-1005-481; State of Texas v. City of Denton et al - scheduling communication

Hi Joe,

We will do that. Thanks for reaching out.

Best,

**Jacob E. Przada**
Special Counsel
Special Litigation Division
Office of the Attorney General of Texas
Telephone: (512) 936-2669
Email: jacob.przada@oag.texas.gov

**From:** Jose de la Fuente <jdelafuente@lglawfirm.com>
**Sent:** Tuesday, April 16, 2024 10:28 AM
**To:** Jacob Przada <Jacob.Przada@oag.texas.gov>; Richard Gladden <richscot1@hotmail.com>
**Subject:** RE: Cause No. 24-1005-481; State of Texas v. City of Denton et al - scheduling communication

Jacob and Richard,

Per the court's email this morning, we will be serving a notice of hearing for the two matters Denton wants heard (our PTJ and Special Exceptions); y'all should do the same for the matters you want heard on your behalf.

2

MR 0300

Joe

**JOSE DE LA FUENTE**
Litigation Practice Group Chair
512-322-5849   Direct
512-844-9078
Lloyd Gosselink Rochelle & Townsend, P.C.
816 Congress Ave., Suite 1900, Austin, TX 78701
www.lglawfirm.com  |  512-322-5800

  

---

****ATTENTION TO PUBLIC OFFICIALS AND OFFICIALS WITH OTHER INSTITUTIONS SUBJECT TO THE OPEN MEETINGS ACT ****

A "REPLY TO ALL" OF THIS EMAIL COULD LEAD TO VIOLATIONS OF THE TEXAS OPEN MEETINGS ACT. PLEASE REPLY ONLY TO LEGAL COUNSEL.

CONFIDENTIALITY NOTICE:
This email (and all attachments) is confidential, legally privileged, and covered by the Electronic Communications Privacy Act. Unauthorized use or dissemination is prohibited. If you have received this message in error please delete it immediately. For more detailed information click http://www.lglawfirm.com/email-disclaimer/ .

NOT AN E-SIGNATURE:
No portion of this email is an "electronic signature" and neither the author nor any client thereof will be bound by this e-mail unless expressly designated as such as provided in more detail at www.lglawfirm.com/electronic-signature-disclaimer/ .

**From:** Jacob Przada <Jacob.Przada@oag.texas.gov>
**Sent:** Monday, April 15, 2024 10:35 AM
**To:** Richard Gladden <richscot1@hotmail.com>; Jose de la Fuente <jdelafuente@lglawfirm.com>
**Subject:** RE: Cause No. 24-1005-481; State of Texas v. City of Denton et al - scheduling communication

Thanks, Joe. It sounds like May 31st works for the Pleas to the Jurisdiction, Motion to Strike, and Temporary Injunction to be heard at the same time, with the Court to likely carry rulings until all argument has been heard. Although Mr. Gladden referenced Denton's Special Exceptions, we are unopposed to that being heard on the 31st as well.

Best,

**Jacob E. Przada**
Special Counsel
Special Litigation Division
Office of the Attorney General of Texas
Telephone: (512) 936-2669
Email: jacob.przada@oag.texas.gov

---

**From:** Richard Gladden <richscot1@hotmail.com>
**Sent:** Friday, April 12, 2024 5:01 PM
**To:** Jose de la Fuente <jdelafuente@lglawfirm.com>
**Cc:** Jacob Przada <Jacob.Przada@oag.texas.gov>
**Subject:** Re: Cause No. 24-1005-481; State of Texas v. City of Denton et al - scheduling communication

Exactly Jose. This is all good with my clients.

MR 0301

Sent from my iPhone

On Apr 12, 2024, at 4:58 PM, Jose de la Fuente <jdelafuente@lglawfirm.com> wrote:

Richard,

With that clarification (I was going to remind you of it in any case, as the AG is entitled to have their TI hearing go into the queue – I'm sure the court will carry any rulings until all of the various motions have been presented), Denton is fine with that. Bottom line – everything set for hearing, jurisdiction goes first (as it does), and then the remaining items are stacked for the court to take up in due order.

If we can nail down this agreement, we'll let the court know ASAP to hold that date, and we'll list the items to be heard. The notices of hearing can then issue once the court makes the setting.

Joe

**JOSE DE LA FUENTE**
Litigation Practice Group Chair
512-322-5849   Direct
512-844-9078
Lloyd Gosselink Rochelle & Townsend, P.C.
816 Congress Ave., Suite 1900, Austin, TX 78701
 www.lglawfirm.com  |  512-322-5800

****ATTENTION TO PUBLIC OFFICIALS AND OFFICIALS WITH OTHER INSTITUTIONS SUBJECT TO THE OPEN MEETINGS ACT ****

A "REPLY TO ALL" OF THIS EMAIL COULD LEAD TO VIOLATIONS OF THE TEXAS OPEN MEETINGS ACT. PLEASE REPLY ONLY TO LEGAL COUNSEL.

CONFIDENTIALITY NOTICE:
This email (and all attachments) is confidential, legally privileged, and covered by the Electronic Communications Privacy Act. Unauthorized use or dissemination is prohibited. If you have received this message in error please delete it immediately. For more detailed information click http://www.lglawfirm.com/email-disclaimer/ .

NOT AN E-SIGNATURE:
No portion of this email is an "electronic signature" and neither the author nor any client thereof will be bound by this e-mail unless expressly designated as such as provided in more detail at www.lglawfirm.com/electronic-signature-disclaimer/ .

**From:** Richard Gladden <richscot1@hotmail.com>
**Sent:** Friday, April 12, 2024 4:54 PM
**To:** Jose de la Fuente <jdelafuente@lglawfirm.com>; Jacob Przada <Jacob.Przada@oag.texas.gov>
**Subject:** Re: Cause No. 24-1005-481; State of Texas v. City of Denton et al - scheduling communication

I neglected to mention Mr. Paxton's application for a temporary injunction. Assuming we agree that it will be heard after the please to jurisdiction are first heard by the Court, my agreement sent in my last email stands as stated.

4

MR 0302

**From:** Richard Gladden <richscot1@hotmail.com>
**Sent:** Friday, April 12, 2024 4:51 PM
**To:** Jose de la Fuente <jdelafuente@lglawfirm.com>; Jacob Przada <Jacob.Przada@oag.texas.gov>
**Subject:** Re: Cause No. 24-1005-481; State of Texas v. City of Denton et al - scheduling communication

Gentlemen,

The Defendant-Intervenors agree to setting the hearing for May 31, 2024, provided the pleas to jurisdiction of the Defendant-Intervenors and the City of Denton are heard first, and the City's special exceptions and Mr. Paxton's motion to strike being heard on the same date and at the same time thereafter.

If all parties are in agreement, Defendant-Intervenors authorize either of you (Mr. Przada or Mr. De La Fuente) to inform the Court's coordinator of this agreement via email, provided counsel for all parties, including me, are included on the said email communication to the Court.

---

**From:** Jose de la Fuente <jdelafuente@lglawfirm.com>
**Sent:** Friday, April 12, 2024 4:20 PM
**To:** Jacob Przada <Jacob.Przada@oag.texas.gov>; Richard Gladden <richscot1@hotmail.com>
**Subject:** FW: Cause No. 24-1005-481; State of Texas v. City of Denton et al - scheduling communication

Jacob and Richard,

Taking this offline so we just confer among counsel . . . May 31st works for me.  So long as we make it clear to the court that it's a half day for 1) our two PTJs, 2) the AG's TI, and 3) the AG's Motion to Strike (all of which can be heard in a half-day window), then can we agree on that date?  Otherwise, we're looking at June 25th.

Joe

### JOSE DE LA FUENTE

Litigation Practice Group Chair

512-322-5849   Direct

512-844-9078

   Lloyd Gosselink Rochelle & Townsend, P.C.
816 Congress Ave., Suite 1900, Austin, TX 78701
www.lglawfirm.com  |  512-322-5800

---

****ATTENTION TO PUBLIC OFFICIALS AND OFFICIALS WITH OTHER INSTITUTIONS SUBJECT TO THE OPEN MEETINGS ACT ****

MR 0303

A "REPLY TO ALL" OF THIS EMAIL COULD LEAD TO VIOLATIONS OF THE TEXAS OPEN MEETINGS ACT. PLEASE REPLY ONLY TO LEGAL COUNSEL.

CONFIDENTIALITY NOTICE:
This email (and all attachments) is confidential, legally privileged, and covered by the Electronic Communications Privacy Act. Unauthorized use or dissemination is prohibited. If you have received this message in error please delete it immediately. For more detailed information click http://www.lglawfirm.com/email-disclaimer/ .

NOT AN E-SIGNATURE:
No portion of this email is an "electronic signature" and neither the author nor any client thereof will be bound by this e-mail unless expressly designated as such as provided in more detail at www.lglawfirm.com/electronic-signature-disclaimer/ .

**From:** Tina Lopez <Tina.Lopez@dentoncounty.gov>
**Sent:** Friday, April 12, 2024 4:10 PM
**To:** Jacob Przada <Jacob.Przada@oag.texas.gov>; Richard Gladden <richscot1@hotmail.com>; Jose de la Fuente <jdelafuente@lglawfirm.com>
**Cc:** Heather Dyer <Heather.Dyer@oag.texas.gov>; Tamera Martinez <Tamera.Martinez@oag.texas.gov>; Emily Bratton <Emily.Bratton@oag.texas.gov>; Catherine Daniels <cdaniels@lglawfirm.com>; James Parker <jparker@lglawfirm.com>; Gabrielle Smith <gsmith@lglawfirm.com>; Alexander, Devin Q <Devin.Alexander@cityofdenton.com>; Hoffee, Amy <Amy.Hoffee@cityofdenton.com>
**Subject:** RE: Cause No. 24-1005-481; State of Texas v. City of Denton et al - scheduling communication

Good afternoon,

The hearing set on May 10th has been removed.
Here are dates available for ½ day for your motion to strike:
5/2 at 9:30am
5/31 at 9:30am
6/25 at 1:30pm
Please confer with all parties and submit agreed date and time.

Sincerely,

*Tina Lopez*
481st District Court Administrator
1450 E. McKinney, 4th Floor
Denton, TX 76209
Tina.Lopez@DentonCounty.gov
481st Website: https://www.dentoncounty.gov/1574/481st-District-Court
You may review case records or court dockets here.
All hearings in the 481st District Court are held in person.

**From:** Jacob Przada <Jacob.Przada@oag.texas.gov>
**Sent:** Friday, April 12, 2024 3:17 PM
**To:** Richard Gladden <richscot1@hotmail.com>; Jose de la Fuente <jdelafuente@lglawfirm.com>; Tina Lopez <Tina.Lopez@dentoncounty.gov>

6

MR 0304

**Cc:** Heather Dyer <Heather.Dyer@oag.texas.gov>; Tamera Martinez <Tamera.Martinez@oag.texas.gov>; Emily Bratton <Emily.Bratton@oag.texas.gov>; Catherine Daniels <cdaniels@lglawfirm.com>; James Parker <jparker@lglawfirm.com>; Gabrielle Smith <gsmith@lglawfirm.com>; Alexander, Devin Q <Devin.Alexander@cityofdenton.com>; Hoffee, Amy <Amy.Hoffee@cityofdenton.com>
**Subject:** RE: Cause No. 24-1005-481; State of Texas v. City of Denton et al - scheduling communication

**CAUTION:** This email originated from outside the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe. Never enter your password or other sensitive information on linked web pages contained in emails unless you are certain the web pages are safe. If you have questions or need assistance, please contact the Help Desk.

Ms. Lopez,

Thank you so much for your responsiveness and for working with us on these dates. As you and I discussed, the May 10, 2024 date was placed on hold, not set, and was subsequently determined to not work for all parties. At that point, we notified Court Administration of the same.

Despite Mr. Gladden's misunderstanding of this situation, and my previous email this week to him and all counsel, where we indicated that Court staff would be notified that the May 10, 2024 date did not work, we look forward to working with him to identify a hearing date. Thank you again for your time.

Best regards,

**Jacob E. Przada**
Special Counsel
Special Litigation Division
Office of the Attorney General of Texas
Telephone: (512) 936-2669
Email: jacob.przada@oag.texas.gov

**From:** Richard Gladden <richscot1@hotmail.com>
**Sent:** Friday, April 12, 2024 2:37 PM
**To:** Jose de la Fuente <jdelafuente@lglawfirm.com>; Tina.Lopez@dentoncounty.gov
**Cc:** Jacob Przada <Jacob.Przada@oag.texas.gov>; Heather Dyer <Heather.Dyer@oag.texas.gov>; Tamera Martinez <Tamera.Martinez@oag.texas.gov>; Emily Bratton <Emily.Bratton@oag.texas.gov>; Catherine Daniels <cdaniels@lglawfirm.com>; James Parker <jparker@lglawfirm.com>; Gabrielle Smith <gsmith@lglawfirm.com>; Alexander, Devin Q <Devin.Alexander@cityofdenton.com>; Hoffee, Amy <Amy.Hoffee@cityofdenton.com>
**Subject:** Re: Cause No. 24-1005-481; State of Texas v. City of Denton et al - scheduling communication

Ms. Lopez,

I represent the Defendant-Intervenors in the above-referenced case.

7

MR 0305

Earlier this week I discovered one of the other attorneys in this case apparently caused the pending matters to be scheduled for a half-day hearing on May 10, 2024. I then expressed my objection to that date to all opposing counsel. However, I now see that Mr. Prazda, without further conference with me, has apparently scheduled his client's motion to strike for the same date, May 10, 20024.

I realize Mr. Przada is a relatively inexperienced attorney and that he may not be familiar with the local Uniform Rules of Denton County, particularly those that require him to confer with opposing counsel before causing a hearing to be set, and that require him to include opposing counsel on all email communications he has with you or the Court. Regardless of these circumstances, at this juncture I would appreciate it if you would remove from the Court's calendar any hearing on any pending pleadings filed by any party currently scheduled for any hearing May 10, 20024. No hearing for that date has ever been agreed to by any attorney in this case, other than Mr. Przada, and all other counsel informed Mr. Przada of this fact last week.

All attorneys for the parties agreed last week that the May 10, 2024, hearing date would be canceled, and we further mutually agreed we would all attempt to agree on a new date for all pending pleadings in the next few days. I expect we will be able to do so.

Thank you.

---

**From:** Jose de la Fuente <jdelafuente@lglawfirm.com>
**Sent:** Friday, April 12, 2024 2:06 PM
**To:** Tina.Lopez@dentoncounty.gov <Tina.Lopez@dentoncounty.gov>
**Cc:** Jacob Przada <Jacob.Przada@oag.texas.gov>; Heather Dyer <Heather.Dyer@oag.texas.gov>; Richard Gladden <richscot1@hotmail.com>; Tamera Martinez <Tamera.Martinez@oag.texas.gov>; Emily Bratton <Emily.Bratton@oag.texas.gov>; Catherine Daniels <cdaniels@lglawfirm.com>; James Parker <jparker@lglawfirm.com>; Gabrielle Smith <gsmith@lglawfirm.com>; Alexander, Devin Q <Devin.Alexander@cityofdenton.com>; Hoffee, Amy <Amy.Hoffee@cityofdenton.com>
**Subject:** Cause No. 24-1005-481; State of Texas v. City of Denton et al - scheduling communication

Dear Ms. Lopez,

Thank you so much for your responsiveness to our recent scheduling inquiries.  And, as you requested, we are including counsel for all parties in this email and any other similar communications going forward.

All parties appreciate the demands on the court's calendar, as well as your notification to us last week that the first available date for a ½ day hearing slot in this matter would be July 3rd.  In discussing that option among the parties, the Office of the Attorney General would like to see if there are any earlier options available, and we of course would like to do what we can to accommodate their scheduling preferences; perhaps an earlier slot has opened up since our prior communication?

MR 0306

Again, we appreciate the demands on the court's calendar, and we appreciate your efforts thus far to accommodate the parties' request for a ½ day hearing. We likewise appreciate any other information you can provide and any alternate/additional dates, should any now be available.

Thank you for your attention to this matter,

Jose de la Fuente
Counsel for the City of Denton

**JOSE DE LA FUENTE**
Litigation Practice Group Chair
512-322-5849   Direct
512-844-9078
Lloyd Gosselink Rochelle & Townsend, P.C.
816 Congress Ave., Suite 1900, Austin, TX 78701
www.lglawfirm.com  |  512-322-5800

  

****ATTENTION TO PUBLIC OFFICIALS AND OFFICIALS WITH OTHER INSTITUTIONS SUBJECT TO THE OPEN MEETINGS ACT ****

A "REPLY TO ALL" OF THIS EMAIL COULD LEAD TO VIOLATIONS OF THE TEXAS OPEN MEETINGS ACT. PLEASE REPLY ONLY TO LEGAL COUNSEL.

CONFIDENTIALITY NOTICE:
This email (and all attachments) is confidential, legally privileged, and covered by the Electronic Communications Privacy Act. Unauthorized use or dissemination is prohibited. If you have received this message in error please delete it immediately. For more detailed information click http://www.lglawfirm.com/email-disclaimer/ .

NOT AN E-SIGNATURE:
No portion of this email is an "electronic signature" and neither the author nor any client thereof will be bound by this e-mail unless expressly designated as such as provided in more detail at www.lglawfirm.com/electronic-signature-disclaimer/ .

Jacob and

MR 0307

# EXHIBIT E

MR 0308

CAUSE NO. D-1-GN-24-000586

| | | |
|---|---|---|
| THE STATE OF TEXAS, *Plaintiff,* | § § § § § | IN THE DISTRICT COURT |
| v. | § § | |
| CITY OF AUSTIN; KIRK PRESTON WATSON, Mayor of Austin; PAIGE ELLIS, Mayor Pro Tem of Austin; NATASHA HARPER-MADISON, VANESSA FUENTES, JOSE VELASQUEZ, JOSE "CHITO" VELA, RYAN ALTER, MACKENZIE KELLY, LESLIE POOL, ZOHAIB "ZO" QADRI, and ALISON ALTER, Members of the City Council of Austin; JESUS GARZA, Interim City Manager of Austin; and ROBIN HENDERSON, Interim Chief of Police of Austin, in their official capacities, *Defendants,* | § § § § § § § § § § § § § § § § | OF TRAVIS COUNTY, TEXAS |
| GROUND GAME TEXAS, Intervenor-Defendant. | § § § | 419TH JUDICIAL DISTRICT |

## ORDER GRANTING DEFENDANTS' PLEA TO THE JURISDICTION

CAME TO BE HEARD on June 10, 2024, Defendants' Plea to the Jurisdiction. Having considered the pleadings, responses, as well as the arguments of counsel and the applicable law, the Court is of the opinion that Defendants' Plea should be and accordingly is GRANTED.

Plaintiff's claims against Defendants asserted in this cause are hereby DISMISSED WITH PREJUDICE, without leave to amend.

SIGNED on June 11, 2024.

_____
Jan Soifer, Judge Presiding

MR 0309

# EXHIBIT F

MR 0310

CAUSE NO. 24-0267

| | | |
|---|---|---|
| THE STATE OF TEXAS,<br>*Plaintiff,* | § <br> § <br> § | IN THE DISTRICT COURT<br>HAYS COUNTY, TEXAS<br>at 3:58 o'clock P M. |
| v. | § <br> § | JUL 22 2024 |
| CITY OF SAN MARCOS, JANE<br>HUGHSON, Mayor of San Marcos,<br>MATTHEW MENDOZA, SAUL<br>GONZALES, ALYSSA GARZA,<br>SHANE SCOTT, MARK GLEASON,<br>and JUDE PRATHER, Members of<br>the City Council of San Marcos;<br>STEPHANIE REYES, City<br>Manager of San Marcos; and STAN<br>STANDRIDGE, Chief of Police of<br>San Marcos, in their official<br>capacities,<br>*Defendants.* | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | , DISTRICT CLERK<br><br>HAYS COUNTY, TEXAS<br><br><br><br>207th JUDICIAL DISTRICT |

## ORDER GRANTING PLEA TO THE JURISDICTION

On June 27, 2024, came on to be heard the City of San Marcos (the "City") and Jane Hughson, Mayor of San Marcos, Matthew Mendoza, Saul Gonzales, Alyssa Garza, Shane Scott, Mark Gleason, and Jude Prather, Members of the City Council of San Marcos; Stephanie Reyes, City Manager of San Marcos; and Stan Standridge, Chief of Police of San Marcos; in their official capacities (the "Officials" and together with the City, the "Defendants") (the "Officials" and together with the City, the "Defendants") Plea to the Jurisdiction ("Plea"). The Court, having reviewed the Plea and the argument of counsel, is of the opinion that Defendants' Plea should be, and therefore is, GRANTED.

It is therefore ORDERED that Plaintiff's claims are DISMISSED with prejudice to refiling.

MR 0311

SIGNED this 22 day of July, 2024.

_____
JUDGE PRESIDING

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Cathy Daniels on behalf of Jose de la Fuente
Bar No. 00793605
cdaniels@lglawfirm.com
Envelope ID: 92547645
Filing Code Description: Motion/Application for Protective Order (quash subpoena)
Filing Description: Defendants'
Status as of 9/27/2024 3:14 PM CST

Associated Case Party: The State Of Texas

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Johnathan Stone | 24071779 | Johnathan.Stone@oag.texas.gov | 9/27/2024 2:40:37 PM | SENT |
| Amaireny Rodriguez | | amaireny.rodriguez@oag.texas.gov | 9/27/2024 2:40:37 PM | SENT |
| Jacob Przada | 24125371 | jacob.przada@oag.texas.gov | 9/27/2024 2:40:37 PM | SENT |
| Tamera Martinez | | tamera.martinez@oag.texas.gov | 9/27/2024 2:40:37 PM | SENT |
| Ethan Szumanski | | ethan.szumanski@oag.texas.gov | 9/27/2024 2:40:37 PM | ERROR |
| Kyle Tebo | | Kyle.Tebo@oag.texas.gov | 9/27/2024 2:40:37 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Richard Gladden | | richscot1@hotmail.com | 9/27/2024 2:40:37 PM | SENT |
| Richard Gladden | | richscot1@hotmail.com | 9/27/2024 2:40:37 PM | SENT |
| Sharon Murray | | sharon.murray@oag.texas.gov | 9/27/2024 2:40:37 PM | SENT |
| Bonnie Freymuth | | bonnie.freymuth@oag.texas.gov | 9/27/2024 2:40:37 PM | SENT |

Associated Case Party: The City Of Denton, Texas

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Amy Hoffee | | amy.hoffee@cityofdenton.com | 9/27/2024 2:40:37 PM | SENT |
| Mack Reinwand | | mack.reinwand@cityofdenton.com | 9/27/2024 2:40:37 PM | SENT |
| Jose E.de la Fuente | | jdelafuente@lglawfirm.com | 9/27/2024 2:40:37 PM | SENT |
| James F.Parker | | jparker@lglawfirm.com | 9/27/2024 2:40:37 PM | SENT |
| Gabrielle C.Smith | | gsmith@lglawfirm.com | 9/27/2024 2:40:37 PM | SENT |

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Cathy Daniels on behalf of Jose de la Fuente
Bar No. 00793605
cdaniels@lglawfirm.com
Envelope ID: 92547645
Filing Code Description: Motion/Application for Protective Order (quash subpoena)
Filing Description: Defendants'
Status as of 9/27/2024 3:14 PM CST

Associated Case Party: The City Of Denton, Texas

| | | | | |
|---|---|---|---|---|
| Gabrielle C.Smith | | gsmith@lglawfirm.com | 9/27/2024 2:40:37 PM | SENT |
| Sydney P.Sadler | | ssadler@lglawfirm.com | 9/27/2024 2:40:37 PM | SENT |

Associated Case Party: Doug Shoemaker

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Devin Q.Alexander | | Devin.Alexander@cityofdenton.com | 9/27/2024 2:40:37 PM | SENT |

FILED: 10/17/2024 9:35 PM
David Trantham
Denton County District Clerk
By: Alyssa Gongora, Deputy

CAUSE NO. 24-1005-481

| | | |
|---|---|---|
| THE STATE OF TEXAS, | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| CITY OF DENTON; GERARD | § | |
| HUDSPETH, Mayor of Denton; BRIAN | § | DENTON COUNTY, TEXAS |
| BECK, Mayor Pro Tem of Denton; VICKI | § | |
| BYRD, PAUL MELTZER, JOE | § | |
| HOLLAND, BRANDON CHASE McGEE, | § | |
| and CHRIS WATTS, Members of the City | § | |
| Council of Denton; SARA HENSLEY, City | § | |
| Manager of Denton; and DOUG | § | |
| SHOEMAKER, Chief of Police of Denton; | § | |
| in their official capacities, | § | |
| *Defendants.* | § | 481ST JUDICIAL DISTRICT |

---

**TEXAS'S MOTION TO COMPEL DEPOSITIONS AND WRITTEN DISCOVERY AND RESPONSE TO DEFENDANTS' MOTION TO QUASH AND MOTIONS FOR PROTECTIVE ORDER**

---

Pursuant to Tex. R. Civ. P. 215.1, the State of Texas (Texas) files this Motion to Compel both the oral depositions of Defendants: (1) Councilmember Brian Beck, (2) Councilmember Joe Holland, (3) City Manager Sara Hensley, (4) Police Chief Jessica Robledo, (5) City of Denton Police Sgt. Daryn Briggs, and (6) City of Denton Police Lt. Chris Summitt, and Defendants' written discovery responses to Texas's discovery requests. Texas also responds to Defendants' Motion to Quash and Motion for Protection from Deposition Notices and Defendants' Motion for Protective Order as to Texas's written discovery. Tex. R. Civ. P. 192.6, 199.4.

MR 0315

# TABLE OF CONTENTS

Table of Contents ...........................................................................................................ii

Background ..................................................................................................................... 1

Standard of Review ........................................................................................................ 3

Summary of the Argument ............................................................................................. 5

Argument ........................................................................................................................ 6

    A.  Texas's discovery is relevant and will resolve the jurisdictional question. ......................... 6

         Discovery will clarify an ambiguous public record ...................................................... 7

    B.  Courts cannot grant a Plea to the Jurisdiction that is based on uncertain jurisdictional facts. ...................................................................................................... 9

    C.  This Court should compel Defendants to produce the noticed deponents. ...................... 10

    D.  This Court should compel Defendants to respond to Texas's written discovery. ........... 12

    E.  Defendants have refused to meaningfully confer regarding their opposition to written discovery. ............................................................................................................ 19

    F.  Defendants' Motion for Protective Order and Motion to Quash is defective because Defendants did not propose alternative dates. ............................................................. 20

    G.  Defendants' protective motions fail to show undue burden. ......................................... 21

Prayer ........................................................................................................................... 27

Certificate of Conference ............................................................................................. 28

Certificate of Service .................................................................................................... 28

Index of Exhibits .......................................................................................................... 29

MR 0316

On January 31, 2024, following the City of Denton's adoption of an unconstitutional ordinance decriminalizing marijuana, Texas sued the City of Denton and relevant city officials, alleging the Ordinance conflicts with Texas's statutory prohibition of marijuana possession. *See* Pl.'s Orig. Pet., Appl. for Temp. Inj. and Perm. Inj. (Orig. Pet.) at 1–5. Texas further alleged that by adopting the Ordinance, Defendants violated Article XI, Section 5 of the Texas Constitution and § 370.003 of the Local Government Code, which respectively prohibit home rule cities from enacting any local ordinance "inconsistent with…the general laws enacted by the Legislature of this State" and forbid "[t]he governing body of a municipality,…municipal police department, [from] adopt[ing] a policy under which the entity will not fully enforce laws relating to drugs." *Id.*; Tex. Const. art. XI, § 5(a); Tex. Loc. Gov't Code Ann. § 370.003. To put an end to Defendants' *ultra vires* conduct, adopting and implementing marijuana decriminalization, Texas seeks declaratory and injunctive relief, including temporary and permanent injunction. Orig. Pet. at 10–11.

On May 20, 2024, Defendants filed a Plea to the Jurisdiction with an extensive factual record and asked this Court to determine its subject matter jurisdiction in light of the facts they presented. *See* City of Denton's Plea to the Jurisdiction (PTJ). Included in the more than 140 pages of detailed exhibits were statements by the City Manager and other city officials claiming that Defendants would refrain from implementing the Ordinance. *See* PTJ Exs. D, E. In light of these disavowals, Defendants' Plea to the Jurisdiction argued that no city official had "yet taken any action" to "adopt[] a policy under which the [City] will not fully enforce laws relating to drugs," PTJ at 16–17 (quoting Tex. Loc. Gov't Code § 370.003), and that therefore city officials could not possibly have acted *ultra vires*. *See id.* Defendants dodged the awkward fact that Denton's city

1

MR 0317

council voted the Ordinance into law on November 22, 2022, by describing that vote as a "purely ministerial dut[y]" that Denton's City Charter left them no choice but to take. PTJ at 18–19. On Defendants' creative description, the Ordinance was "self-enacting" and issued into the City's law books without action by any city official who can be enjoined pursuant to § 370.003. *Id*. at 18.

This convenient story, if accepted at face value, obscures the clear-cut case of local law preempted by state statute that Texas originally pleaded by introducing fact issues as to whether city officials have truly taken no action over the Ordinance. Orig. Pet. at 1, 4–11. Defendants' Plea to the Jurisdiction is *based on evidence* claiming to show the inaction of local officials. *See* PTJ at 2–3. Accordingly, to get to the bottom of the City's conduct *vis a vis* the Ordinance, Texas conferenced serving written and oral discovery with counsel for Defendants on August 22. *See* Exs. M, O, P.

Although Defendants' Plea to the Jurisdiction relies on statements by Denton officials to argue that the Ordinance is not enforced, Defendants refuse to allow Texas to question any relevant city officials. On September 13, 2024, Texas served depositions notices upon the following Denton officials and employees: (1) Councilmember Brian Beck, (2) Councilmember Joe Holland, (3) City Manager Sara Hensley, (4) Police Chief Jessica Robledo, (5) City of Denton Police Sgt. Daryn Briggs, and (6) City of Denton Police Lt. Chris Summitt. *See* Exs. G, H, I, J, K, and L. But on September 18, 2024, Defendants filed their Motion to Quash and Motion for Protection from Deposition Notices. *See* Mot. to Quash and Mot. for Protection from Dep. Notices.

Doubling down on their obstructionism, on September 27, 2024, Defendants filed their Motion for Protective Order, as to Texas's written discovery. *See* Mot. for Protective Order. The following business day, Defendants served responses to Texas's written discovery refusing to

2

answer any of Texas's discovery questions or to produce new information in response to Texas's requests for production. *See* Exs. A, B, and C.

Thus, at this point, the Court has only the factual record that Defendants attached to their Plea to the Jurisdiction before it. Because Texas thinks that is unfair, it now asks the Court to allow development of the facts to elucidate: 1) whether any City of Denton officials are currently implementing the Ordinance, and 2) whether the city council members exercised discretion when they voted in the Ordinance.

### STANDARD OF REVIEW

Three different standards apply here: (1) the Motion to Compel standard, (2) the Motion to Quash standard, and (3) the Motion for Protective Order standard.

*The Motion to Compel standard*. "Generally, requested information is discoverable absent a valid objection. Thus, the party seeking to exclude documents from discovery must specifically plead the particular privilege or immunity claimed and provide evidence to support the claim." *Texaco, Inc. v. Dominguez*, 812 S.W.2d 451, 456 (Tex. App.—San Antonio 1991, no writ) (citation omitted). The party seeking discovery may move the court for an order compelling discovery. Tex. R. Civ. P. 215.1(b).

Moreover, "[t]he party seeking discovery has several potential remedies under the Texas Rules of Civil Procedure when a deponent" fails to provide a complete deposition. *In re White*, 227 S.W.3d 234, 236 (Tex. App. 2007—San Antonio, no pet.). "[T]he discovering party may move for an order compelling an answer." Here, the movant may seek to compel oral discovery when a party fails "to appear before the officer who is to take his deposition, after being served with a proper notice." Tex. R. Civ. P. 215(1)(2)(a)–(1)(2)(d).

3

Though Texas does not seek sanctions, "[r]ule 215.1(b) [even] permits the discovering party to apply for sanctions when a party fails 'to appear before the officer who is to take his deposition, after being served with a proper notice....'" *Stromberger v. Turley L. Firm*, 315 S.W.3d 921, 922 (Tex. App.—Dallas 2010, no pet.) (citing Tex. R. Civ. P. 215.1(b)(2)(A)).

*The Motion for Protective Order Standard*. "A party seeking to avoid discovery must show particular, specific, and demonstrable injury by facts sufficient to justify protection from discovery." *Martinez v. Martinez*, 52 S.W.3d 429, 432 (Tex. App.—Fort Worth 2001, subsequent history omitted) (citations omitted); *Masinga v. Whittington,* 792 S.W.2d 940, 940–41 (Tex.1990). A party or non-party resisting discovery may file a motion for protective order in response to a discovery request. Tex. R. Civ. P. 176.6(e), 192.6(a). A court has discretion to issue a protective order to protect a party from undue burden, unnecessary expense, harassment, or annoyance. *See* Tex. R. Civ. P. 192.6(b). A court may issue a protective order to prevent or limit testimony because of a privilege. *See* Tex. R. Civ. P. 192.6, 199.4. A court has the authority to limit the scope of discovery based on the needs and circumstances of the case. *See* Tex. R. Civ. P. 192 cmt. 7.

*The Motion to Quash Standard.* A motion to quash is a type of motion for protective order that seeks to cancel completely the relevant pleading, order, or notice. *See In re Berrenberg*, 605 S.W.3d 922, 927 (Tex. App.—El Paso 2020, no pet.). "The party seeking to avoid a deposition is required to show particular, specific, and demonstrable injury by facts sufficient to justify a *protective order* . . . . Thus, to prevail on *its motion to quash*, [movant] was required to show that the deposition would cause [noticed deponent] to suffer undue burden, unnecessary expense, harassment, or an invasion of protected rights."). *In re Titus Cnty.*, 412 S.W.3d 28, 33 (Tex. App.—Texarkana 2013, no pet.).

MR 0320

Defendants have filed an evidence-based Plea to the Jurisdiction. To fully respond to this Plea, Texas needs to inquire into the facts surrounding Denton officials' adoption and implementation of the Ordinance as these issues are essential to the Court's jurisdiction.

First, this Court should grant Texas's Motion to Compel, because Texas's requests for the depositions of six Denton officials as well as its written discovery requests are reasonably calculated to reveal whether the City and any of its officials adopted or implemented the Ordinance and therefore are appropriately limited to the jurisdictional issue the Court should decide as soon as practicable.

Defendants' discovery responses rely on boilerplate objections and do not engage with Texas's discovery requests. Under the Rules, "when responding to written discovery, a party must make a complete response, based on all information reasonably available to the responding party," Tex. R. Civ. P. 193.1, and caselaw does not tolerate generic objections. *In re Shipmon*, 68 S.W.3d 815, 821 (Tex. App.—Amarillo 2001, no pet.). To deprive Texas of jurisdictional discovery, while simultaneously taking up Defendants' evidence-based Plea to the Jurisdiction would provide Defendants an unfair advantage and ignore precedent. Accordingly, this Court should compel Defendants to comply with Texas's written discovery.

Second, Defendants' Motion to Quash and Motions for Protective Order should be denied. Defendants argue that discovery is impermissible because this Court's jurisdiction only involves matters of law, not fact. But Defendants themselves have placed fact issues at the center of their jurisdictional challenge by offering the Court (dubious) evidence that Defendants are treating the Ordinance as if it were null and void. Texas's discovery is calculated to investigate these claims that the Ordinance sits idly in the municipal code unenforced and (somehow) unadopted.

Therefore, Texas respectfully requests that the Court issue an order: (1) compelling Defendants to submit to the noticed depositions on a date to be set by the court, (2) overruling Defendants' objections, and (3) requiring Defendants to fully respond to Texas's written discovery requests. Texas also requests that Defendants' Motion to Quash and Motions for Protective Order be denied. Ultimately, Defendants' dilatory and obstructionist behavior should not be rewarded by providing Defendants relief from jurisdictional discovery.

## ARGUMENT

### A. Texas's discovery is relevant and will resolve the jurisdictional question.

Texas needs the limited discovery it has requested to resolve the fact-based question of this Court's subject matter jurisdiction that Defendants raised in their Plea to the Jurisdiction. "[A] court deciding a plea to the jurisdiction . . . may consider evidence and *must* do so when necessary to resolve the jurisdictional issues." *Vernco Constr., Inc. v. Nelson*, 460 S.W.3d 145, 149 (Tex. 2015) (citation omitted) (emphasis added). "[T]rial courts considering a plea to the jurisdiction have broad discretion to allow reasonable opportunity for targeted discovery." *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 642–43 (Tex. 2012).

Preliminary discovery is especially appropriate "[w]hen the consideration of a trial court's subject matter jurisdiction requires the examination of evidence." *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227 (Tex. 2004). And if a jurisdictional plea attacks jurisdiction by challenging "the existence of jurisdictional facts, we must move beyond the pleadings and consider evidence when necessary to resolve the jurisdictional issues." *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 770 (Tex. 2018). Therefore, when development of the factual record would help the court decide its jurisdiction, caselaw permits "targeted discovery...to illuminate jurisdictional facts." *Hearts Bluff Game Ranch, Inc. v. State*, 381 S.W.3d 468, 491 (Tex. 2012).

6

Here, the parties dispute the *existence* of two key jurisdictional facts: 1) that any City of Denton officials are currently implementing the Ordinance, and 2) that the city council members exercised discretion when they voted on the Ordinance. Texas alleged both these facts in its Original Petition. Orig. Pet. at 1-5.

However, Defendants contend that the City has taken no action to adopt or implement the Ordinance, despite appearances to the contrary, and that City councilmembers had no discretion over the vote they took on November 22. Def. PTJ at 16-19. To prove up these allegations, Defendants attached the signed affidavits of the City Manager and Interim Police Chief, declaring that they had not and would not implement the Ordinance or otherwise refrain from fully enforcing the State's drug laws. *See* Def. PTJ Ex. D, E. Defendants produced numerous other exhibits as well. Instead of challenging this Court's jurisdiction based on Texas's pleadings, Defendants have done so by alleging new facts designed to controvert Texas's allegations of *ultra vires* conduct by City officials. Defendants put these facts at issue, and Texas is entitled to test them with discovery. Accordingly, Texas should be allowed to inquire into the facts surrounding the Ordinance.

### *Discovery will clarify an ambiguous public record*

Texas has good reason to suspect that at least some City officials are carrying the Ordinance into effect, and preliminary discovery will establish whether that suspicion is correct. Many city officials have made public statements that belie Defendants' claim that the Ordinance has not been implemented. At a recent city council session, Mayor Hudspeth stated that the City is "not enforcing marijuana laws," referring to State and federal marijuana laws. City Council Sess. Sept. 24, 2024, Tr. at 01:00:03. He then—understandably—asked Denton's City Attorney if "that violate [sic] the law?" *Id*. In an earlier session, Councilman Beck announced that "the initiative is effective today" as an operational ordinance and implied that police officers could be disciplined

7

under the Ordinance. City Council Sess. Jun. 6, 2023, Tr. at 05:18:20 (reassuring the public that despite the Ordinance's content the city council has no "taste" for disciplining officers). During another session, a different Councilmember called the Ordinance a "policy" that might "be in conflict with Texas Local Government Code 370.003." City Council Sess. Feb. 21, 2023, Tr. at 2:51:11. And immediately following the November 22 council vote that adopted the Ordinance, City Manager Hensley explained that the effect of the Ordinance is that "marijuana laws can still be enforced by peace officers from various law enforcement agencies in Denton, *not necessarily the City of Denton police officers*, but any other police officer in the City of Denton." City Council Sess. Nov. 22, 2022, Tr. at 55:43 (emphasis added).

At the same time these public statements were made, marijuana enforcement by the Denton police department declined precipitously. In the period immediately following adoption of the Ordinance, Denton police officers made 0 arrests for possession of marijuana or marijuana paraphernalia as a standalone offense. *See* Orig. Pet. at 16. And over the entirety of 2023, only three arrests were made in Denton solely for possession of marijuana, a steep decrease from nineteen arrests during June 2021 to July 2022. *Id*.[1] These statistics show effective possession enforcement during 2022 before a steep decline following enactment of the Ordinance.

Likewise, publicly available information undermines Defendants' claim that the November 22 city council vote was a purely ministerial act. For example, during the November 22, 2022, City

---

[1] Denton Record-Chronicle Website is subject to judicial notice because this information is publicly available online and can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. *See* Tex. R. Evid. 201. Denton Police Report 2023 Had Lowest Violent Crime Rate In Five Years (Apr. 7, 2024), *available at* https://dentonrc.com/news/denton-police-report-2023-had-lowest-violent-crime-rate-in-five-years/article_402946d2-6378-5284-a445-7b3d225ab86b.html.

MR 0324

Council session, the City Council actively debated whether to adopt Proposition A, the other of the two voter-initiated measures passed in 2022. *See* City Council Sess. Nov. 22, 2022, Tr. at 41:48. That debate revealed a divide amongst councilmembers, one of whom regarded the vote to be "purely ministerial" while others viewed it as an opportunity to deliberate the validity of the ballot items. *See id.* The fact that some Councilmembers saw fit to debate the merits of one of the initiatives shows that the November 22, 2022, Council vote was an opportunity to avoid adopting an unlawful ordinance. *See id.*

Discovery into Denton's local legislative practices will clarify whether the City Charter truly imposes a ministerial duty for council members to adopt initiative proposals approved by a majority of the voting public. *Cf. City of Houston v. Aspenwood Apartment Corp.*, 1999 WL 681939 at *7 (Tex. App.—Houston [1st Dist.] Aug. 27, 1999) (stating that "local...custom and usage" is relevant for deciding whether local officials have exercised "policymaking authority"). Discovery into the City's marijuana enforcement, internal and external discussions regarding the Ordinance, and conduct regarding the Ordinance will clarify whether Defendants have taken any action towards implementing the Ordinance in contravention of State law.

## B. Courts cannot grant a Plea to the Jurisdiction that is based on uncertain jurisdictional facts.

Where a jurisdictional challenge turns on the existence of disputed facts, "a trial court's review of a plea to the jurisdiction mirrors that of a traditional summary judgment motion." *Mission*, 372 S.W.3d at 635. Only "if the relevant evidence is undisputed or the plaintiff fails to raise a fact question on the jurisdictional issue," can the trial court "rule[] on the plea as a matter of law." *Id*. Otherwise, "[i]f a fact issue exists, the trial court should deny the plea." *Id*. (citation omitted). A "fact question regarding the jurisdictional issue" means that "the trial court cannot

9

grant the plea to the jurisdiction, and the fact issue will be resolved by the fact finder." *Miranda*, 133 S.W.3d at 227-28.

There is no doubt that Defendants have based their Plea on assertions of fact—the crux of their contention that the City has taken no action relies on signed affidavits—and similarly no doubt that Texas disputes these factual assertions. Moreover, the public record complicates Defendants' simple story of "no action taken." Accordingly, the facts that would be required to grant Defendants' Plea are in credible dispute. Because "fact question[s] regarding the jurisdictional issue" persist, Defendants cannot have their Plea to the Jurisdiction granted at this time. Consequently, the Court must either deny or carry Defendant's Plea. *Mission*, 372 S.W.3d at 635, 643 (stating that "[i]f a fact issue exists, the trial court should deny the plea" or "allow reasonable opportunity for targeted discovery") (citation omitted).

Given these alternatives, Defendants principal basis for both their protective motions and their discovery objections melts away. Defendants have nothing to gain from delaying discovery until their Plea can be resolved, because a bona fide dispute over jurisdictional facts prevents the Court from granting a jurisdictional plea. On the other hand, there is much to be gained from allowing the State to take discovery. Doing so will reveal the full picture of the City's conduct adopting and implementing the Ordinance and thereby advance the litigation of this case.

## C. This Court should compel Defendants to produce the noticed deponents.

"A party may take the testimony of any person or entity by deposition on oral examination before any officer authorized by law to take depositions." *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 790 (Tex. 2021) (citing Tex. R. Civ. P. 199.1(a)). Specifically, "the rules generally allow 'discovery regarding any matter that is not privileged and is relevant to the subject matter of the pending action" and confirm that "[i]t is not a ground for objection that the information sought

10

will be inadmissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.'" *In re USAA*, 624 S.W.3d at 790–91 (citing Tex. R. Civ. P. 192.3(a)).

Here, the depositions that Texas noticed were reasonably calculated to discover facts about the Ordinance's adoption and implementation. Texas seeks to depose two city council members, the City Manager, the Police Chief and two senior members of Denton's Police Department. Each of these six deponents likely has knowledge concerning the Ordinance's status and is therefore able to aid this Court's determination of its subject matter jurisdiction.

The city council members likely have knowledge about local legislative practices, particularly whether council votes on ballot measures are discretionary under Denton's charter. They will also be able to testify concerning communications between council, the City Manager and the police department regarding the Ordinance, amongst others.

Defendants argue that the councilmembers cannot be deposed because they are protected by legislative privilege. However, when a governmental entity has made allegations about its legislative practices that "place the actions of their representatives at the center of a lawsuit," courts do not allow it to "shield those same representatives from all inquiry by invoking legislative privilege." *In Re TXU Elec. Co.,* 2001 WL 688128 at *1 (Tex. App.—Dallas June 20, 2001, no pet.).

Here, Defendants are contesting the jurisdiction of this Court by making allegations about the nature of the City Council's November 22 vote and the City's subsequent actions. Therefore, to the extent legislative privilege applies, Defendant city councilmembers should not be allowed to duck Texas's depositions when their own statements to the Court have created a need for jurisdictional discovery. The discovery Texas served does not inquire into communications or

11

events that predate enactment and instead delves into public statements and actions that the City Council took in regard to the Ordinance. Finally, the legislative privilege extends to legislative matters but no further, so Texas can question Councilmembers Beck and Holland about their knowledge of post-enactment municipal conduct without nearing privileged territory.

The members of Denton's police department are able to testify regarding whether their department has discontinued enforcement of Chapter 481 of the Texas Health and Safety Code. All three deponents know whether the steep drop off in marijuana possession arrests and citations is due to the Ordinance. As the Police Chief, Chief Robledo can testify regarding current departmental policy and whether the department has altered any of its policies because of the Ordinance. Further, as chief, she is privy to information about the Ordinance's impact that police officers are not. Sgt. Briggs and Lt. Summitt are two long-serving officers on Denton's police force. Unlike Chief Robledo, whose tenure has lasted less than two years, they will be able to testify whether the department's approach to marijuana enforcement changed during the period immediately after the Ordinance's adoption.

Finally, Texas needs to depose Sara Hensley, the City Manager, because Defendants heavily rely on her statements that the City has not and will not implement the Ordinance. *See e.g.* PTJ at 1–2, 8–9, 18; Mot. to Quash and for Protective Order at 9. Additionally, because the Ordinance directs the City Manager to monitor the police department's compliance with the Ordinance's substantive provisions, the City Manager is in a position to know whether any steps to effectuate the Ordinance have been taken.

### D. This Court should compel Defendants to respond to Texas's written discovery.

Defendants have impeded Texas's ability to conduct meaningful discovery by refusing to provide substantive responses to Texas's Requests for Production, Interrogatories, and Requests

12

MR 0328

for Admissions. Defendants objected to every definition and discovery request with boilerplate objections. *Shipmon*, 68 S.W.3d at 821 (stating that the Rules call for "reasonably tailored responses to discovery requests" rather than "boiler plate discovery . . . responses.").

The Parties conferred but were unable to resolve their disagreements. Defendants were willing to let go of a single objection to only one of Texas's requests. Texas therefore asks this Court to overrule Defendants' objections and compel adequate responses.

Defendants objections and responses are deficient in seven respects, as they are: (1) boilerplate objections to the propriety of jurisdictional discovery, (2) overbroad, unduly burdensome, vague, and ambiguous objections, made with zero explanation, (3) improper definition objections, (4) misleading "subject to and without waiving the foregoing objections" language, (5) improper assertions of the common interest privilege, (6) boilerplate criminal and judicial records objections, and (7) objections to clear instructions as to what "Explain" means for interrogatories. To assist with reviewing these objections, Texas provides the following table listing each of the above categories of objections indexed to the request they respond to:

| Jurisdictional Discovery Objection | Interrogatories: 1–22 (all) Requests for Production: 1–24 (all) Requests for Admission: 1–15 (all) |
|---|---|
| Overbroad Objection | Interrogatories 7, 20, 21, and Requests for Production 1, 3, 4, 8, 10, 11, 12, 13, 14 |
| Unduly Burdensome Objection | Interrogatories 7, 20, 21, and Requests for Production 1, 3, 4, 8, 10, 11, 12, 13, 14. |
| Vague Objection | Interrogatories: 2, 7, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21 Requests for Production: 9, 11, 15, 16, 17, 18, 19, 20, 21, 22, 23 Requests for Admission: 1, 4, 6, 11, 12, 13, 14, 15 |

13

MR 0329

| Ambiguous Objection | Interrogatories: 10, 11, 12, 13, 14, 15, 16, 17, 18, 19 |
| | Requests for Production: 11, 15, 16, 17, 18, 19, 20, 21, 22, 23 |
| Definitions Objections | Request for Production 17, 18 |
| | Request for Admissions 13 |
| Subject to and Without Waiving the Foregoing Objections Language | Interrogatories: 3, 4 |
| | Requests for Production: 1, 2, 4, 15, 16, 18, 21, 22, 23, 24 |
| | Requests for Admissions: 1, 2, 3, 4, 6, 10, 11, 12, 13, 14, 15 |
| The Common Interest Privilege Objections | Interrogatories: 5, 7 |
| | Requests for Production: 6 |
| Criminal and Judicial Records Objections | Requests for Production: 15, 16, 21, 22, 23 |
| Third Parties Objections | Interrogatories: 7[2] |

*First*, Defendants raise the same general objection to every single discovery request propounded by Texas, refusing to respond because they have a pending Plea to the Jurisdiction that asserts sovereign immunity. *See Table.*

> Defendants object to this Interrogatory as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), aff'd, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The State's claim in this case solely concerns official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4. Defendants also object that the information sought by this Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3.

*See generally*, Defs.' Responses to Texas's 1st Interrog., Req. for Produc., and Req. for Admis.

---

[2] Defendants withdrew this objection following conference. It is the one agreement to withdraw an objection that Defendants have made at the time this Motion was filed.

MR 0330

Texas's jurisdictional discovery is unobjectionable, as "[t]rial courts considering a plea to the jurisdiction have broad discretion to allow "reasonable opportunity for targeted discovery" *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 642–43 (Tex. 2012). Defendants do not have a protective order in place shielding it from Texas's written discovery, and the mere fact it has moved for one—twenty-eight days after being served—does not shield them from discovery. Defendants must comply with their "duty to make a complete response" Tex. R. Civ. P. 193.1, to Texas's discovery, and should be compelled to *fully* answer the discovery requests with all of the information requested so Texas can prepare its case.

**Second**, Defendants' overbroad, unduly burdensome, vague, and ambiguous objections fail, as a party asserting an objection on this basis must provide specific reasons in support of the objection. Defendants objected to dozens of discovery requests in this manner. *See Table*.

Notably, "a responding party who objects to a request for production because is it overbroad, unduly burdensome, vague, ambiguous, or unreasonably cumulative or duplicative should explain why the discovery request suffers from each asserted deficiency." *In re Park Cities Bank*, 409 S.W.3d 859, 876–77 (Tex. App.—Tyler 2013, no pet.); *see also In re K & L Auto Crushers, LLC*, 627 S.W.3d 239, 253 (Tex. 2021) (stating "a party resisting discovery must do more than make conclusory allegations that the requested discovery is unduly burdensome") (citation omitted); *In re Volt Power, LLC*, No. 12-23-00047-CV, 2023 WL 2804430, at *7 (Tex. App.—Tyler Apr. 5, 2023) (citation omitted)).

Because Defendants did no more than assert these objections without further explanation, Texas has not received adequate discovery responses. Defendants however have not described the burdens that compliance would create nor explained how the requests are disproportionate to the

15

needs of the case. *See generally*, Exs. D, E, and F. In fact, Defendants have provided no valid explanation whatsoever to support these objections. Defendants should be compelled to respond to the discovery requests.

**Third**, Defendants' improper definition objections to terms which practically all use the plain meaning of the word. *See Table*. Defendants objected to definitions pulled from online dictionaries on the basis that they gave the terms "legal significance" and were "in conflict with the plain meaning." To the extent Defendants have refused to answer requests based on their objections to definitions, Defendants have shirked their responsibility of a good faith response to written discovery.

Additionally, Defendants objected to Request for Admissions 13, because it was "vague and overbroad as to the term training." Exhibit F at 11. As with Defendants' other objections, Defendants did not explain how "training" is objectionable. Exhibit D at 14–15; Exhibit E at 16–17; Exhibit F at 10–11. The word is used in its ordinary sense in Request for Admissions 13, so it is not vague. Tellingly, Defendants understood the meaning of "training" in Request for Production 17 and 18, where it appears in nearly identical contexts as Request for Admissions 13. Nor is the term overbroad just because its plain meaning encompasses a wide range of responsive information—assuming that is the missing explanation for Defendants' missing answer. *See In re Alford Chevrolet-Geo*, 997 S.W.2d 173, 180 n.1 ("the sheer volume of a discovery request does not in itself render the request irrelevant or overbroad."). Defendants should be compelled to completely answer all the information Texas has requested.

**Fourth**, Defendants' misleading use of the "subject to and without waiving the foregoing objections" objections language prevents Texas from understanding the scope and completeness

16

of Defendants' response. Defendants' responses that are "subject to and without waiving the foregoing objections" violate Texas Rule of Civil Procedure 193.2, as they do not "state . . . the extent to which the party is refusing to comply with the request" and state the "factual basis for the objection," since they hide necessary context about what information or material is being provided or withheld. Tex R. Civ. P. 193.2(a), (c). Defendants should be compelled to answer the discovery requests with all of the information requested by Texas.

*Fifth*, Defendants' assertions of the common interest privilege are improper, as public records demonstrate that Defendants engaged in communications responsive to the discovery requests that are not privileged, but Defendants declined to produce relevant discovery responses.

The common interest privilege only extends to communications between attorneys concerning litigation. "[T]he rule, as one of its objectives, creates a privilege for a client to prevent the disclosure of confidential communications made for the purpose of facilitating the rendering of professional legal services, when such communications are made by the client′s lawyer to a lawyer representing another party in a pending action and concerning a matter of common interest." *In re Seigel*, 198 S.W.3d 21, 27 (Tex. App.—El Paso 2006, mandamus, den'd); *In re Skiles,* 102 S.W.3d 323, 326–27 (Tex.App.—Beaumont 2003, orig. proceeding); *In re XL Specialty Ins. Co.*, 373 S.W.3d 46, 53 (Tex. 2012).

Texas does not seek attorney-to-attorney communications concerning legal representation. Instead, Texas seeks party-to-party communications concerning relevant facts. That is, City Manager Sara Hensley indicated that *she* had communicated with city officials regarding the Ordinance. *See* City Council Meeting Transcript, Feb. 21, 2023, 2:56:25–2:58:00 (discussing meetings between City Manager Hensley and City Managers of Harker Heights, Killeen, and

17

MR 0333

Austin, in addition to meetings between City of Denton Police Officials and San Marcos officials relating to the Ordinance). These communications are not subject to the common interest privilege. *See id.* Moreover, any other communications that are not between lawyers in a pending action are not subject to the common interest privilege. *See id.* Defendants should be compelled to respond to Texas's discovery requests.

*Sixth*, Defendants improperly declined to respond to Texas's written discovery requests, based on objections to requests for criminal and judicial records, despite Texas notifying Defendants that it does not seek such records.

After counsel for Texas expressed this clarification to Defendants via a letter of conferral and video call, Defendants declined to respond to the discovery requests. *See* Exs. O, P. Defendants should be compelled to respond.

*Seventh*, Defendants' objections to Texas's Interrogatories to Defendants on the basis that it would be vague and ambiguous to require Defendants to "Explain" a policy or similar matter fail as a matter of law, as Texas provided clear guidelines as to what "Explain" means, and attempted to conference any issues regarding these instructions (Ex. E), but Defendants declined to respond. *See* Ex. P.

Defendants' failure to meaningfully respond to Texas's discovery requests through boilerplate objections should not be rewarded. Defendants produced no records, and failed to meaningfully respond to a single Interrogatory, Request for Production, or Request for Admission. This Motion to Compel should be granted.

MR 0334

**E. Defendants have refused to meaningfully confer regarding their opposition to written discovery.**

"[P]arties and their attorneys are expected to cooperate in discovery and to make any agreements reasonably necessary for the efficient disposition of the case.'" *In re BP Prod. N. Am., Inc.*, 244 S.W.3d 840, 847–48 (Tex. 2008) (citing Tex. R. Civ. P. 191.2); *In re Scherer*, 684 S.W.3d 875, 882 (Tex. App. 2024). "Toward that end, prior to filing a motion to compel or a similar discovery motion, the parties to the underlying litigation should confer and engage in reasonable efforts to resolve their disputes without the necessity of, and before seeking, trial court intervention." *In re Scherer*, 684 S.W.3d 875, 882 (Tex. App.—Eastland 2024, no pet.). "This requirement should not be ignored, *nor should it be observed in a pro forma fashion*." *Id.* at 882 (emphasis added).

Notably, "[t]he Rule also provides that, when requesting a hearing relating to discovery or when filing a discovery motion, a party must certify 'that a reasonable effort has been made to resolve the dispute without the necessity of court intervention and the effort failed.'" *Id.* (citations omitted)*; see also Clark v. Clark*, 546 S.W.3d 268, 273 (Tex. App.—El Paso 2017, no pet.) (ruling that "all discovery motions must contain a certificate of conference stating that 'reasonable efforts' were used to resolve the pending dispute without the need for court intervention."). Here, Defendants declined to meaningfully confer in two respects.

*First*, Defendants did not attempt to meet and confer regarding Defendants' Motion to Quash and Motion for Protection from Deposition Notices. Instead, they broadly asserted that jurisdictional discovery would not be appropriate, so "we do not see the need for further discussion of schedule or logistics as to the depositions the plaintiff may seek." *See* Ex. N. Failing to meet and confer, Defendants asserted that no jurisdictional discovery would be appropriate. *See id.*

19

As to the depositions, Defendants failed to provide alternative dates. When a party seeks protection from the time or place of discovery, "the person must state a reasonable time and place for discovery with which the person will comply." *In re Mulacek*, No. 09-22-00341-CV, 2023 WL 313218, at *6 (Tex. App.—Beaumont Jan. 19, 2023, no pet.). Defendants did not do so. Instead, they avoided this requirement to meet and confer, indicating that "Defendants are unavailable to attend the Depositions at the times on which these Depositions have been set." *See* Defs.' Mot. to Quash and Mot. for Protection from Dep. Notices at 14.

***Second***, Defendants did not conference any of their motions with Texas. Because they never attempted to meet and confer, Defendants did not include a certificate of conference with either motion, notifying the Court that it made "a reasonable effort . . . to resolve the dispute without the necessity of court intervention." *In re BP Prod. N. Am., Inc.*, 244 S.W.3d 840, 848 (Tex. 2008) (citing Tex. R. Civ. P. 191.2). This failure renders these motions defective and adds another reason for this Court to grant the State's Motion to Compel and deny Defendants' Motion to Quash and Motions for Protective Order.

### F. Defendants' Motion for Protective Order and Motion to Quash is defective because Defendants did not propose alternative dates.

In their *Motion to Quash and Motion for Protection from Deposition Notices,* Defendants rely on Rule 199.4's automatic stay provision to suspend Texas's depositions without proposing alternative dates for the depositions. Rule 199.4 automatically freezes depositions when the noticed parties "object to the time and place designated for an oral deposition." Tex. R. Civ. P. 199.4.

However, Defendants failed to identify "a reasonable time and place for discovery with which the person will comply" as required by Rule 192.6 whenever "a person seeks protection regarding the time or place of discovery". Tex. R. Civ. P. 192.6(b). "A movant seeking protection

20

regarding the time or place of discovery must state a reasonable time and place for discovery with which it will comply." *In re Berrenberg*, 605 S.W.3d 922, 927 (Tex. App.—El Paso 2020); *Mulacek*, No. 09-22-00341-CV, 2023 WL 313218 at \*6. And the Rule's requirement to offer alternate dates still applies when a party styles its protective motion a "motion to quash." *See e.g., Grass v. Golden*, 153 S.W.3d 659, 662–63 (Tex. App.—Tyler 2004); *Medlin v. King*, No. 08-24-00001-CV, 2024 WL 3845970 at \*7 (Tex. App.—El Paso 2024, no pet.).

Defendants objected "to the date and time for the Depositions because counsel for the Defendants are unavailable to attend the Depositions at the times on which these Depositions have been set," but did not provide substitute dates. *Motion to Quash and for Protective Order* at 14. Consequently, their Motion fails Rule 192.6. Failure to propose replacement dates and times is an independent reason to deny Defendants' Motion. *Cf. Grass v. Golden*, 153 S.W.3d at 663; *see also Carswell v. Christus Health*, No. 2005-36179 165th Dist. Ct., Harris County, Tex. Jan 19, 2006) (ordering production of witnesses for deposition because "Defendant's motions to Quash . . . fail to comply with Tex. R. Civ. P. 192.6(a) in that they fail to state a reasonable time or place for the deposition with which the party will comply.").

Defendants' Motion has stymied Texas's efforts to investigate the claims raised in their Jurisdictional Plea without even complying with the Rules. The Court should deny Defendants' defective Motion.

## G. Defendants' protective motions fail to show undue burden.

Generally, the party requesting a protective order holds the burden of demonstrating a particularized or identifiable injury through specific facts in support thereof. Specifically, "a party resisting discovery cannot prevail simply by making conclusory allegations that the requested

21

discovery is unduly burdensome or unnecessarily harassing." *In Matter of Issuance of Subpoenas Depositions of Bennett*, 502 S.W.3d 373, 380 (Tex. App.—Houston [14th Dist.] 2016) (citing *Garcia v. Peeples*, 734 S.W.2d 343, 345 (Tex.1987)); *Martinez*, 52 S.W.3d at 432; *Masinga,* 792 S.W.2d at 940–41. A court has discretion to issue a protective order to protect a party from undue burden, unnecessary expense, harassment, or annoyance. *See* Tex. R. Civ. P. 192.6(b).

Here, Defendants *filed an evidence-based plea to the jurisdiction*, utilizing hand-selected jurisdictional evidence *to persuade this court that it does not have jurisdiction*, *but at the same time, asks this court to prevent Texas from seeking its jurisdictional discovery*. They provide no evidence-based reasoning as to why jurisdictional discovery should not be permitted.

Defendants raise five arguments that all fail to satisfy the standard for a protective order: (1) jurisdictional questions are undisputed, (2) "[t]he discovery sought is best obtained not from the testimony of any individual councilmember, the City Manager, the Chief of Police, or the individual police officers, but from the relevant public records," (3) "[t]he burden and expense of preparing witnesses for depositions and defending same outweighs the likely benefit given the needs of the case and the limited scope of the questions before this court," (4) because "[d]efendants filed an evidentiary plea to the jurisdiction, [t]he State has the burden to plead a claim for which the City's and Officials' immunity is waived," and (5) that Defendants have not pled *ultra vires* actions, so "there is no good reason for delaying a decision on the issue of immunity implicated by the pending pleadings."

*First,* despite Defendants' contentions, jurisdictional facts are disputed. In fact, Defendants have placed them in dispute by alleging that Denton and its officials have not taken any action to decriminalize marijuana, despite having a decriminalization ordinance on the books.

MR 0338

Texas has served discovery, for example, concerning the: (1) sharp decline in marijuana enforcement in the City of Denton in 2023, (2) public statements by city council that the City of Denton Ordinance is effective, and (3) public statements from the City of Denton Mayor even as recent as September, stating that the City of Denton has decriminalized marijuana through the Ordinance. City Council Sess. Nov. 22, 2022, Tr. at 41:48, 55:43; Council Sess. Feb. 21, 2023, Tr. at 2:51:11; City Council Sess. Jun. 6, 2023, Tr. at 05:18:20; City Council Sess. Sept. 24, 2024, Tr. at 01:00:03.

Since jurisdictional facts are hotly contested, seeking discovery that inquires into jurisdictional facts cannot by itself be objectionable, so Defendants' first argument fails.

*Second*, Defendants' argument that "the discovery sought is best obtained not from the testimony of any individual councilmember, the City Manager, the Chief of Police, or the individual police officers, but from the relevant public records," fails for two key reasons. *First*, Texas seeks discovery of jurisdictional facts beyond the municipal records and affidavits produced by Defendants in this case. *See* Exs. A, B, C, G, H, I, J, K, and L. Texas seeks to determine, inter alia, the factual basis behind Denton's dramatic decline in post-ordinance marijuana possession, and both the mayor and a council member's statements indicating that the Ordinance has been adopted and is currently being implemented. *See* Exs. A, B, and C. *Second*, Texas seeks depositions to test the allegations in Defendants' carefully curated declarations. The need for these depositions is sharpened by the inconsistency in public statements made by Denton officials, including several defendants, concerning the status of the Ordinance. Defendants should not be able to substitute an incomplete factual record for Texas's sought depositions.

MR 0339

*Third,* Defendants' argument that the "burden and expense of preparing witnesses for depositions and defending same outweighs the likely benefit given the needs of the case and the limited scope of the questions before this court," does not speak to the standard for seeking discovery protection. Defendants must show that the discovery sought is "only for an improper purpose," because "unless [discovery] is an undue burden, the trial court cannot limit the deposition on these bases." *Bennett*, 502 S.W.3d at 380–81 (citing *In re Amaya*, 34 S.W.3d 354, 358 (Tex.App.--Waco 2001, orig. proceeding)). Nor are conclusory recitations of undue burden or expense, annoyance, improper purpose, or harassment sufficient to obtain a protective order. *See* Tex. R. Civ. P. 192.6(b). "The Supreme Court of Texas has made it clear that supporting evidence is essential." *Bennett*, 502 S.W.3d at 81.

However, Defendants base their requests for protection almost entirely on their objection to the relevance of jurisdictional discovery without advancing separate reasons why Texas's discovery is improper. Defendants filed a jurisdiction motion based on evidence and now refuse to provide responses to jurisdictional discovery requests. Any burden or expense of preparing for depositions and defending them are greatly outweighed by the need for this discovery, particularly in light of Defendants' actions and statements regarding implementation.

*Fourth,* Defendants contend that because they "filed an evidentiary plea to the jurisdiction, [t]he State has the burden to plead a claim for which the City's and Officials' immunity is waived and Texas has not pled facts overcoming the Plea," so jurisdictional discovery should not be permitted.

Plaintiffs do have an initial burden to plead sufficient facts to overcome a governmental defendant's sovereign immunity. *See Mission*, 372 S.W.3d at 635. And Texas did so by alleging that

24

"[t]he City of Denton.. adopted an ordinance designed to eliminate marijuana enforcement, knowing full well that 'the City does not have the authority to implement' the Ordinance," and that "[t]he Denton City Council codified and published the ordinance." Orig. Pet. at 14. Texas noted that "[b]ecause the Ordinance violates section 370.003 of the Local Government Code, Defendants 'may not adopt' it." *Id.* at 8. Texas also included statements from the City Manager, indicating that "[t]he Police Department will continue to assess all aspects of this Ordinance, as passed by voters, to determine what may be implemented," as well as the City Manager, who promised to "report to Council within three months' time regarding its implementation. Orig. Pet. at 16,18.

Then, Defendants contested Texas's allegations by filing an evidence-based Plea to the Jurisdiction. "[C]ourts should allow [a] reasonable opportunity for targeted discovery if necessary to illuminate jurisdictional facts in a plea to the jurisdiction." *Hearts Bluff Game Ranch, Inc. v. State*, 381 S.W.3d 468, 491 (Tex. 2012). Defendants have ensured that such is the case here.

*Fifth,* because jurisdictional facts are in dispute, the Court should not heed Defendants' suggestion that their sovereign immunity must be decided now. Defendants provide little reasoning to support this argument.

Texas has brought claims against Defendants for *ultra vires* actions, which constitute an exception to Defendants' sovereign immunity, so both the *ultra vires* acts and the sovereign immunity defense are subject to jurisdictional discovery. *See e.g., Mission*, 372 S.W.3d at 635-37, 643 (holding that discovery targeted to the question of sovereign immunity was proper).

The Rules place the burden on the party resisting discovery, here Defendants, to demonstrate an undue burden, unnecessary expense, harassment, or annoyance. *See* Tex. R. Civ.

25

P. 192.6(b). Defendants have failed to do so. As a result, Texas should be afforded its discovery, and the Motions for Protective Order should be denied.

## PRAYER

Defendants have and continue to impede Texas's ability to investigate jurisdictional facts by refusing to submit to oral and written jurisdictional discovery. Plaintiff, the State of Texas, by and through the Office of the Attorney General, asks that this Court compel the depositions of: (1) Councilmember Brian Beck, (2) Councilmember Joe Holland, (3) City Manager Sara Hensley, (4) Police Chief Jessica Robledo, (5) City of Denton Police Sgt. Daryn Briggs, and (6) City of Denton Police Lt. Chris Summitt, and Defendants' written discovery responses.

Texas also prays that (1) Defendants' objections to Texas's discovery requests be overruled, (2) that Defendants' Motion to Quash and Motions for Protective Order be denied, (3) and that the Court order Defendants to fully respond to Texas's discovery requests within seven days.

Date: October 17, 2024

Respectfully submitted,

KEN PAXTON
Attorney General

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

AUSTIN KINGHORN
Deputy Attorney General for Legal Strategy

RYAN D. WALTERS
Chief, Special Litigation Division

*/s/ Jacob E. Przada*
**JACOB PRZADA**
Special Counsel
Tex. State Bar No. 24125371

**KYLE S. TEBO**

26

MR 0342

Special Counsel
Texas State Bar No. 24137691

OFFICE OF THE ATTORNEY GENERAL OF TEXAS
Special Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Tel.: (512) 463-2100
Jacob.Przada@oag.texas.gov
Kyle.Tebo@oag.texas.gov

COUNSEL FOR PLAINTIFF

MR 0343

**CERTIFICATE OF CONFERENCE**

I hereby certify that on October 17, 2024, the undersigned attorney conferred with Mr. Joe De La Fuente, counsel for defendants via electronic mail regarding the substance of this Motion. Defendants are opposed to Texas's Motion.

*/s/ Jacob E. Przada*
JACOB E. PRZADA
Special Counsel


**CERTIFICATE OF SERVICE**

I hereby certify that on October 17, 2024, a true and correct copy of the above and forgoing document has been served via electronic service and/or email to the following:

**Counsel for Defendants:**

| | |
|---|---|
| Devin Alexander | devin.alexander@cityofdenton.com |
| Jose (Joe) de la Fuente | jdelafuente@lglawfirm.com |
| James Parker | jparker@lglawfirm.com |
| Gabrielle Smith | gsmith@lglawfirm.com |
| Sydney Sadler | ssadler@lglawfirm.com |
| Mack Reinwand | mackreinwand@cityofdenton.com |
| Devin Alexander | devin.alexander@cityofdenton.com |

*/s/ Jacob E. Przada*
JACOB E. PRZADA
Special Counsel

MR 0344

**INDEX OF EXHIBITS**

**Exhibit A**    Texas's Interrogatories to Defendants, August 30, 2024

**Exhibit B**    Texas's Requests for Production to Defendants, August 30, 2024

**Exhibit C**    Texas's Requests for Admissions to Defendants, August 30, 2024

**Exhibit D**    Defendants' Responses to Texas's Interrogatories to Defendants, September 30, 2024

**Exhibit E**    Defendants' Responses to Texas's Requests for Production to Defendants, September 30, 2024

**Exhibit F**    Defendants' Responses to Texas's Requests for Admissions to Defendants, September 30, 2024

**Exhibit G**    Deposition Notice – Brian Beck, September 13, 2024

**Exhibit H**    Deposition Notice – Joe Holland, September 13, 2024

**Exhibit I**    Deposition Notice – Sara Hensley, September 13, 2024

**Exhibit J**    Deposition Notice – Jessica Robledo, September 13, 2024

**Exhibit K**    Deposition Notice – Daryn Briggs, September 13, 2024

**Exhibit L**    Deposition Notice – Chris Summit, September 13, 2024

**Exhibit M**    Email from Defense Counsel, August 22, 2024

**Exhibit N**    Email from Defense Counsel, September 13, 2024

**Exhibit O**    Texas's Discovery Deficiency Letter to Defendants, October 4, 2024

**Exhibit P**    Email from Defense Counsel, October 14, 2024

MR 0345

# Exhibit A

Texas's Interrogatories to Defendants

August 30, 2024

MR 0346

Cause No. 24-1005-481

| | | |
|---|---|---|
| THE STATE OF TEXAS, *Plaintiff*, | § § § | IN THE DISTRICT COURT OF |
| v. | § § | |
| CITY OF DENTON; GERARD HUDSPETH, Mayor of Denton; BRIAN BECK, Mayor Pro Tem of Denton; VICKI BYRD, PAUL MELTZER, JOE HOLLAND, BRANDON CHASE McGEE, and JILL JESTER, Members of the City Council of Denton; SARA HENSLEY, City Manager of Denton; and JESSICA ROBLEDO, Interim Chief of Police of Denton; in their official capacities, *Defendants*. | § § § § § § § § § § § § | DENTON COUNTY, TEXAS

481ST JUDICIAL DISTRICT |

### PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS

To:     Defendants, The City of Denton, Gerard Hudspeth, Brian Beck, Vicki Byrd, Paul Meltzer, Joe Holland, Brandon Chase McGee, Jill Jester, Sara Hensley, and Jessica Robledo, by and through their counsel of record, Jose E. De la Fuente, James F. Parker, Gabrielle C. Smith, and Sydney P. Sadler, of LLOYD GOSSELINK ROCHELE & TOWNSEND, P.C., 816 Congress Avenue, Suite 1900, Austin, Texas 78701.

Plaintiff, the State of Texas, serves these Interrogatories on Defendants, as allowed by Texas Rule of Civil Procedure 197. Defendants must answer each interrogatory separately, fully, in writing, and under oath, within 30 days after service.

Date: August 30, 2024

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy First Assistant Attorney General

**AUSTIN KINGHORN**
Deputy Attorney General for Legal Strategy

**RYAN D. WALTERS**
Chief, Special Litigation Division

Respectfully Submitted,

*/S/ Jacob Przada*

**JACOB PRZADA**
Special Counsel
Tex. State Bar No. 24125371

OFFICE OF THE ATTORNEY GENERAL OF
TEXAS
Special Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 463-2100
Jacob.Przada@oag.texas.gov

**COUNSEL FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that on August 30, 2024, a true and correct copy of this document has been served via electronic service and/or email to the following:

**Counsel for Defendants**:

Jose ( Joe) de la Fuente          jdelafuente@lglawfirm.com
James Parker                      jparker@lglawfirm.com
Gabrielle Smith                   gsmith@lglawfirm.com
Catherine Daniels                 cdaniels@lglawfirm.com
Sydney Sadler                     ssadler@lglawfirm.com
Devin Alexander                   devin.alexander@cityofdenton.com

*/S/ Jacob Przada*

**JACOB PRZADA**
Special Counsel

2

MR 0348

## INSTRUCTIONS

For any requested information about a document that no longer exists or cannot be located, identify the document, state how and when it passed out of existence or when it could no longer be located, and give the reasons for the disappearance. Also, identify each person having knowledge about the disposition or loss, and identify each document evidencing the existence or nonexistence of each document that cannot be located.

## DEFINITIONS

1.      "Plaintiff," or "Defendant," as well as a party's full or abbreviated name or a pronoun referring to a party, means the party, and when applicable, the party's agents, representatives, officers, directors, employees, partners, corporate agents, subsidiaries, affiliates, or any other person acting in concert with the party or under the party's control, whether directly or indirectly, including any attorney.

2.      "You" or "your" means: (1) The City of Denton, (2) Defendant Gerard Hudspeth, the Mayor of Denton, (3) Defendant Brian Beck, the Mayor Pro Tem of Denton and Councilmember for District #2, (4) Defendant Vicki Byrd, Councilmember for District #1, (5) Defendant Paul Meltzer, Councilmember for District #3, (6) Defendant Joe Holland, Councilmember for District #4, (7) Defendant Brandon Chase McGee, Councilmember At-Large, (8) Defendant Jill Jester, Councilmember At-Large, (9) Defendant Sara Hensley, City Manager of Denton, and (10) Defendant Jessica Robledo, Interim-Chief of Police of Denton, as well as successors, predecessors, divisions, subsidiaries, present and former officers, agents, employees, and all other persons acting on behalf of the successors, predecessors, divisions, and subsidiaries.

3

3.     "Document" means any writing of any kind, source, or authorship, regardless of how it may be recorded, stored, or reproduced. The term includes both originals and all non-identical copies thereof, as well as all drafts, revisions, and amendments, regardless of whether adopted. The term also includes but is not limited to handwritten, typewritten, printed, photocopied, photographic, and electronically recorded matter. For purposes of illustration and not limitation, the term includes: contracts, agreements, communications, reports, charges, complaints, correspondence, letters, emails, social media postings, telegrams, memoranda, applications, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, journals, diaries, schedules, charts, graphs, worksheets, spreadsheets, reports, notebooks, note charts, handwritten notes, plans, drawings, sketches, maps, brochures, pamphlets, advertisements, circulars, press releases, summaries or records of meetings or conferences, summaries or reports or records of investigations or negotiations, opinions or reports of consultants, bills, statements, invoices, affidavits, schedules, audio recordings, video recordings, transcriptions, and photographs.

4.     "Statement" means any written or graphic assertion or representation signed, adopted, or approved by the person making it, or any stenographic, mechanical, electronic, or other record or transcription that is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

5.     "Communication" means any conveyance or transfer of any information from one person to another by any means or in any form, including but not limited to all types of documents, oral communications, and online resources such as social media.

6.     "Electronic or magnetic data" means electronic information that is stored in a medium from which it can be retrieved and examined. The term refers to the original (or identical duplicate when the original is not available) and any other copies of the data that may have attached comments, notes, marks, or highlighting of any kind. Electronic or magnetic data includes, but is not limited to, the following: computer programs; operating systems; computer activity logs; programming notes or instructions; e-mail receipts, messages, or transmissions; output resulting from the use of any software program, including word-processing documents, spreadsheets, database files, charts, graphs, and outlines; metadata; PIF and PDF files; batch files; deleted files; temporary files; Internet- or web-browser-generated information stored in textual, graphical, or

MR 0350

audio format, including history files, caches, and cookies, and any miscellaneous files or file fragments. Electronic or magnetic data includes any items stored on magnetic, optical, digital, or other electronic-storage media, such as hard drives, floppy disks, CD-ROMs, DVDs, tapes, smart cards, integrated-circuit cards (e.g., SIM cards), removable media (e.g., Zip drives, Jaz cartridges), microfiche, punched cards. Electronic or magnetic data also includes the file, folder, tabs, containers, and labels attached to or associated with any physical storage device with each original or copy.

7.      "Possession, custody, or control" of an item means that the person either has physical possession of the item or has a right to possession equal or superior to that of the person who has physical possession of the item.

8.      "Person" means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity, and all predecessors or successors in interest.

9.      "Mobile device" means any cellular telephone, satellite telephone, pager, personal digital assistant, handheld computer, walkie-talkie, or any combination of these devices.

10.      "Police Directive" or "General Order" means an official written order or instruction by the City of Denton Police Department, its Chief, or Police Administration.

11.      "Identify" or "describe," when referring to a person, means you must state the following:

1.   The full name.

2.   The present or last known office address and office telephone number.

3.   The occupation, job title, employer, and employer's address at the time of the event or period referred to in each particular interrogatory.

4.   In the case of any entity, the identity of the officer, employee, or agent most closely connected with the subject matter of the interrogatory and the officer who is responsible for supervising that officer or employee.

12.      "Identify" "describe," or "explain" when referring to document or policy, means you must state the following:

1.      The nature of the document (e.g., letter, handwritten note).

5

MR 0351

2.	The title or heading that appears on the document.

3.	The date of the document and the date of each addendum, supplement, or other addition or change.

4.	The identities of the author, signer of the document, and person on whose behalf or at whose request or direction the document was prepared or delivered.

5.	The present location of the document and the name, address, position or title, and telephone number of the person or persons having custody of the document.

6.	A summary of the contents of the document.

13.	**"**Tetrahydrocannabinol" (hereinafter, "THC"), means the primary psychoactive component in marijuana, hashish, and other preparations derived from cannabis plants, especially Cannabis sativa, or produced synthetically.

14.	"Marijuana" means the plant Cannabis sativa L., and any preparation thereof, excluding Hemp.

15.	"Codification" means the process of collecting, organizing, and consolidating local government ordinances and regulations into a comprehensive document.

16.	"Adoption" means passage of a measure into law.

17.	"Implementation" means placing an ordinance into effect.

18.	"Policy" means a law, regulation, procedure, administrative action, incentive, or voluntary practice of governments and other institutions, written or unwritten.

19.	"City Staff" means all employees of the City.

20.	"City of Denton" means the City of Denton, located at 601 East Hickory Street, Denton, Texas 76205, and all agents, representatives, officers, directors, employees, partners, corporate agents, subsidiaries, affiliates, or any other person acting in concert with the party or under its control, whether directly or indirectly, including any attorney

21.	"Enforce" means compel observance of or compliance with a law, rule, or obligation.

22.	"Media Personnel" means members of the media and press, associated with broadcast and narrowcast mediums, including radio, television, newspapers, magazines, journals, and the internet.

MR 0352

23. "The Cities" means, when applicable, a municipality, including agents, representatives, officers, directors, employees, partners, corporate agents, subsidiaries, affiliates, or any other person acting in concert with the party or under the party's control, whether directly or indirectly, including any attorney.

24. "City Council" means: (1) Defendant Gerard Hudspeth, the Mayor of Denton, (2) Defendant Brian Beck, the Mayor Pro Tem of Denton and Councilmember for District #2, (3) Defendant Vicki Byrd, Councilmember for District #1, (4) Defendant Paul Meltzer, Councilmember for District #3, (5) Defendant Joe Holland, Councilmember for District #4, (6) Defendant Brandon Chase McGee, Councilmember At-Large, (7) Defendant Jill Jester, Councilmember At-Large, as well as successors, predecessors, divisions, subsidiaries, present and former officers, agents, employees, and all other persons acting on behalf of the successors, predecessors, divisions, and subsidiaries.

25. All undefined terms and phrases have not only the meaning ascribed to them by ordinary custom and usage, but also the meaning ascribed to them by Merriam-Webster's Collegiate Dictionary.

MR 0353

**INTERROGATORIES**

**TO DEFENDANTS:** The City of Denton, Gerard Hudspeth Brian Beck, Vicki Byrd, Paul Meltzer, Joe Holland, Brandon Chase McGee, Jill Jester, Sara Hensley, and Jessica Robledo

**INTERROGATORY 1:** Identify all documents utilized to assist in any way with the preparation of the answers to each of the interrogatories.

Answer: _____

_____

**TO DEFENDANTS:** The City of Denton, Gerard Hudspeth Brian Beck, Vicki Byrd, Paul Meltzer, Joe Holland, Brandon Chase McGee, Jill Jester, Sara Hensley, and Jessica Robledo

**INTERROGATORY 2:** Explain the process to change, adopt, or implement a different policy or ordinance than a policy or ordinance currently codified, adopted, or implemented by the City of Denton.

Answer: _____

_____

**TO DEFENDANTS:** The City of Denton, Gerard Hudspeth Brian Beck, Vicki Byrd, Paul Meltzer, Joe Holland, Brandon Chase McGee, Jill Jester, Sara Hensley, and Jessica Robledo

**INTERROGATORY 3:** Identify every person who has firsthand factual information about this case, rebuttal or impeachment evidence in this case, or who is expected testify in this case, including your experts or rebuttal witnesses, and provide a brief statement of each individual's connection with the case. *See* Tex. R. Civ. P. 192.

Answer: _____

_____

**TO DEFENDANTS:** The City of Denton, Gerard Hudspeth Brian Beck, Vicki Byrd, Paul Meltzer, Joe Holland, Brandon Chase McGee, Jill Jester, Sara Hensley, and Jessica Robledo

**INTERROGATORY 4:** State the legal theories and describe in general the factual bases for your defenses. *See* Tex. R. Civ. P. 192.3(j), 197.1.

Answer: _____

_____

**TO DEFENDANTS:** The City of Denton, Gerard Hudspeth Brian Beck, Vicki Byrd, Paul

MR 0354

Meltzer, Joe Holland, Brandon Chase McGee, Jill Jester, Sara Hensley, and Jessica Robledo

    **INTERROGATORY 5:** Identify any City of Denton employees and third-parties, including the Cities of San Antonio, Elgin, Harker Heights, Killen, Austin, and San Marcos, and media personnel with whom you discussed codification, adoption, or implementation of the Marijuana Ordinance from November 2, 2021 to Present.

Answer: _____

_____

**TO DEFENDANTS:** The City of Denton, Gerard Hudspeth Brian Beck, Vicki Byrd, Paul Meltzer, Joe Holland, Brandon Chase McGee, Jill Jester, Sara Hensley, and Jessica Robledo

    **INTERROGATORY 6:** If you contend that the Marijuana Ordinance can, or cannot be changed to comply with the City Charter, Ordinance, or a policy, state the factual basis for your claim and identify all documents relied on for your response.

Answer: _____

_____

**TO DEFENDANT:** The City of Denton, Gerard Hudspeth Brian Beck, Vicki Byrd, Paul Meltzer, Joe Holland, Brandon Chase McGee, Jill Jester, Sara Hensley, and Jessica Robledo

    **INTERROGATORY 7:** Identify any documented changes in Marijuana use since the Marijuana Ordinance took effect, including but not limited to any documented changes occurring at the Denton Independent School District, or in connection to City of Denton Police citations and arrests or traffic and pedestrian stops.

Answer: _____

_____

**TO DEFENDANTS:** Jessica Robledo

    **INTERROGATORY 8:** Identify how many times the Marijuana Ordinance has been enforced and identify the individuals whom the Marijuana Ordinance has been enforced against.

Answer: _____

_____

**TO DEFENDANTS:** Sara Hensley and Jessica Robledo

9

MR 0355

**INTERROGATORY 9:** Identify all jobs to which you have applied from August 30, 2022 to Present, including the name of the employer, its location, and the ultimate outcome of your application for that job.

Answer: _____

_____

**TO DEFENDANT:** Jessica Robledo

**INTERROGATORY 10:** Explain the written or unwritten City of Denton Police Department policy, practice, or procedure relating to funding for THC testing that was in effect during the period spanning February 13, 2021, to November 22, 2022.

Answer: _____

_____

**TO DEFENDANT:** Jessica Robledo

**INTERROGATORY 11:** Explain the written or unwritten City of Denton Police Department policy, practice, or procedure relating to funding for THC testing that has been in effect during the period spanning November 22, 2022, to Present.

Answer: _____

_____

**TO DEFENDANT:** Jessica Robledo

**INTERROGATORY 12:** Explain the written or unwritten City of Denton Police Department policy, practice, or procedure relating to the use of the smell of marijuana for probable cause that was in effect during the period spanning February 13, 2021, to November 22, 2022.

Answer: _____

_____

**TO DEFENDANT:** Jessica Robledo

**INTERROGATORY 13:** Explain the written or unwritten City of Denton Police Department policy, practice, or procedure relating to the use of the smell of marijuana for probable cause that has been in effect during the period spanning November 22, 2022, to Present.

MR 0356

Answer: _____

_____

**TO DEFENDANT:** Jessica Robledo

**INTERROGATORY 14:** Explain the written or unwritten City of Denton Police Department policy, practice, or procedure relating to citations or arrests for Class A or Class B misdemeanor possession of marijuana offenses, and for misdemeanor possession of marijuana paraphernalia that was in effect from February 13, 2021, to November 22, 2022.

Answer: _____

_____

**TO DEFENDANT:** Jessica Robledo

**INTERROGATORY 15:** Explain the written or unwritten City of Denton Police Department policy, practice, or procedure relating to citations or arrests for Class A or Class B misdemeanor possession of marijuana offenses, and for misdemeanor possession of marijuana paraphernalia that has been in effect from November 22, 2022, to Present.

Answer: _____

_____

**TO DEFENDANT:** Jessica Robledo

**INTERROGATORY 16:** Explain the written or unwritten City of Denton Police Department policy, practice, or procedure relating to training on the Marijuana Ordinance that was in effect from February 13, 2021, to November 22, 2022.

Answer: _____

_____

**TO DEFENDANT:** Jessica Robledo

**INTERROGATORY 17:** Explain the written or unwritten City of Denton Police Department policy, practice, or procedure relating to training on the Marijuana Ordinance that has been in effect from November 22, 2022, to Present.

Answer: _____

_____

MR 0357

**TO DEFENDANT:** Jessica Robledo

    **INTERROGATORY 18:** Explain the written or unwritten City of Denton Police Department policy, practice, or procedure relating to citations or arrests for felony-level marijuana offenses that was in effect from February 13, 2021, to November 22, 2022.

Answer: _____

_____

**TO DEFENDANT:** Jessica Robledo

    **INTERROGATORY 19:** Explain the written or unwritten City of Denton Police Department policy, practice, or procedure relating to citations or arrests for felony-level marijuana offenses that has been in effect from November 22, 2022, to Present.

Answer: _____

_____

**TO DEFENDANT:** The City of Denton, Gerard Hudspeth Brian Beck, Vicki Byrd, Paul Meltzer, Joe Holland, Brandon Chase McGee, Jill Jester, Sara Hensley, and Jessica Robledo

    **INTERROGATORY 20:** Identify all inquiries by the public about confusion relating to codification, implementation, or adoption of the City of Denton's Marijuana Ordinance.

Answer: _____

_____

**TO DEFENDANT:** Sara Hensley and Jessica Robledo

    **INTERROGATORY 21:** Identify all documents relied upon in developing the current City of Denton Police Department Policy and Police Directive or General Orders relating to misdemeanor-level marijuana offenses.

Answer: _____

_____

**TO DEFENDANTS:** Gerard Hudspeth Brian Beck, Vicki Byrd, Paul Meltzer, Joe Holland, Brandon Chase McGee, Jill Jester, Sara Hensley, and Jessica Robledo

    **INTERROGATORY 22:** If you have ever been convicted of a felony or a crime involving moral turpitude, state the nature of the charge and the date and place of arrest and conviction. *See* Tex. R. Evid. 404(a)(2)(B), 609(a).

12

MR 0358

Answer: _____

_____

MR 0359

# Exhibit B

Texas's Requests for Production to Defendants

August 30, 2024

MR 0360

Cause No. 24-1005-481

| | | |
|---|---|---|
| THE STATE OF TEXAS,<br> *Plaintiff,* | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| v. | §<br>§ | |
| CITY OF DENTON; GERARD<br>HUDSPETH, Mayor of Denton; BRIAN<br>BECK, Mayor Pro Tem of Denton; VICKI<br>BYRD, PAUL MELTZER, JOE<br>HOLLAND, BRANDON CHASE<br>McGEE, and JILL JESTER, Members of<br>the City Council of Denton; SARA<br>HENSLEY, City Manager of Denton; and<br>JESSICA ROBLEDO, Interim Chief of<br>Police of Denton; in their official capacities,<br> *Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | DENTON COUNTY, TEXAS<br><br><br>481ST JUDICIAL DISTRICT |

### PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION TO DEFENDANTS

To: Defendants, The City of Denton, Gerard Hudspeth, Brian Beck, Vicki Byrd, Paul Meltzer, Joe Holland, Brandon Chase McGee, Jill Jester, Sara Hensley, and Jessica Robledo, by and through their counsel of record, Jose E. De la Fuente, James F. Parker, Gabrielle C. Smith, and Sydney P. Sadler, of LLOYD GOSSELINK ROCHELE & TOWNSEND, P.C., 816 Congress Avenue, Suite 1900, Austin, Texas 78701.

Plaintiff, the State of Texas, serves these Requests for Production on Defendants, as allowed by Texas Rule of Civil Procedure 196. Defendants must produce all requested documents (as they are kept in the ordinary course of business or organized and labeled to correspond with categories in each request) for inspection and copying, not more than 30 days after service, at P.O. Box 12548, Capitol Station, Austin, Texas 78711-2548.

.

MR 0361

Date: August 30, 2024

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy First Assistant Attorney General

**AUSTIN KINGHORN**
Deputy Attorney General for Legal Strategy

**RYAN D. WALTERS**
Chief, Special Litigation Division

Respectfully Submitted,

*/s/ Jacob Przada*

**JACOB PRZADA**
Special Counsel
Tex. State Bar No. 24125371

OFFICE OF THE ATTORNEY GENERAL OF
TEXAS
Special Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone.: (512) 463-2100
Jacob.Przada@oag.texas.gov

**COUNSEL FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that on August 30, 2024, a true and correct copy of this document has been served via electronic service and/or email to the following:

**Counsel for Defendants**:

Jose (Joe) de la Fuente        jdelafuente@lglawfirm.com
James Parker                   jparker@lglawfirm.com
Gabrielle Smith                gsmith@lglawfirm.com
Catherine Daniels              cdaniels@lglawfirm.com
Sydney Sadler                  ssadler@lglawfirm.com
Devin Alexander                devin.alexander@cityofdenton.com

*/s/ Jacob Przada*

**JACOB PRZADA**
Special Counsel

2

MR 0362

## INSTRUCTIONS

1. Answer each request for documents separately by listing the documents and by describing them as defined below. If documents produced in response to this request are numbered for production, in each response provide both the information that identifies the document and the document's number.

2. For a document that no longer exists or that cannot be located, identify the document, state how and when it passed out of existence or could no longer be located, and the reasons for the disappearance. Also, identify each person having knowledge about the disposition or loss of the document, and identify any other document evidencing the lost document's existence or any facts about the lost document.

  a.  When identifying the document, you must state the following:

  (1)  The nature of the document (e.g., letter, handwritten note).

  (2)  The title or heading that appears on the document.

  (3)  The date of the document and the date of each addendum, supplement, or other addition or change.

  (4)  The identities of the author, signer of the document, and person on whose behalf or at whose request or direction the document was prepared or delivered.

  b.  When identifying the person, you must state the following:

  (1)  The full name.

  (2)  The present or last known address and telephone number.

3. These requests for Production are deemed to be continuing and you have a duty under the Texas Rules of Civil Procedure to amend your responses to these requests if you obtain information upon the basis of which: (1) you know that an answer was incorrect when made, or (2) you know that any answer, though correct when made, is no longer correct, true or complete, and circumstances are such that a failure to amend the answer is in substance a knowing concealment.

4. If you believe that any written discovery is requesting privileged information, pursuant to Texas Rule of Civil Procedure 193, the party must state: (1) that the information or material responsive to request has been withheld, (2) the request to which the information or material relates, (3) the privilege or privileges asserted, and (4) a description of the documents, communications, or tangible things not being disclosed.

5. These Requests for Production are directed to all Defendants named in this lawsuit.

3

MR 0363

## DEFINITIONS

1.      "Plaintiff" or "Defendant," as well as a party's full or abbreviated name or a pronoun referring to a party, means the party, and when applicable, the party's agents, representatives, officers, directors, employees, partners, corporate agents, subsidiaries, affiliates, or any other person acting in concert with the party or under the party's control, whether directly or indirectly, including any attorney.

2.      "You" or "your" means: (1) The City of Denton, (2) Defendant Gerard Hudspeth, the Mayor of Denton, (3) Defendant Brian Beck, the Mayor Pro Tem of Denton and Councilmember for District #2, (4) Defendant Vicki Byrd, Councilmember for District #1, (5) Defendant Paul Meltzer, Councilmember for District #3, (6) Defendant Joe Holland, Councilmember for District #4, (7) Defendant Brandon Chase McGee, Councilmember At-Large, (8) Defendant Jill Jester, Councilmember At-Large, (9) Defendant Sara Hensley, City Manager of Denton, and (10) Defendant Jessica Robledo, Interim-Chief of Police of Denton, as well as successors, predecessors, divisions, subsidiaries, present and former officers, agents, employees, and all other persons acting on behalf of the successors, predecessors, divisions, and subsidiaries.

3.      "Document" means all written, typed, or printed matter and all magnetic, electronic, or other records or documentation of any kind or description in your actual possession, custody, or control, including those in the possession, custody, or control of any and all present or former directors, officers, employees, consultants, accountants, attorneys, or other agents, whether or not prepared by you, that constitute or contain matters relevant to the subject matter of the action. "Document" includes, but is not limited to, the following: letters, reports, charts, diagrams, correspondence, telegrams, memoranda, notes, records, minutes, contracts, agreements, records or notations of telephone or personal conversations or conferences, interoffice communications, e-mail, microfilm, bulletins, circulars, pamphlets, photographs, faxes, invoices, tape recordings, computer printouts, drafts, résumés, logs, and worksheets.

4.      "Communication" means any oral or written communication of which Defendants have knowledge, information, or belief.

5.      "Electronic or magnetic data" means electronic information that is stored in a medium from which it can be retrieved and examined. The term refers to the original (or identical duplicate when the original is not available) and any other copies of the data that may have attached comments, notes, marks, or highlighting of any kind. Electronic or magnetic data includes, but is not limited to, the following: computer programs; operating systems; computer activity logs; programming notes or instructions; e-mail receipts, messages, or transmissions; output resulting from the use of any software program, including word-processing documents, spreadsheets, database files, charts, graphs, and outlines; metadata; PIF and PDF files; batch files; deleted files; temporary files; Internet- or web-browser-generated information stored in textual, graphical, or audio format, including history files, caches, and cookies; and any miscellaneous files or file fragments. Electronic or magnetic data includes any items stored on magnetic, optical, digital, or other electronic-storage media, such as hard drives, floppy disks,

4

CD-ROMs, DVDs, tapes, smart cards, integrated-circuit cards (e.g., SIM cards), removable media (e.g., Zip drives, Jaz cartridges), microfiche, punched cards. Electronic or magnetic data also includes the file, folder, tabs, containers, and labels attached to or associated with any physical storage device with each original or copy.

6.      "Possession, custody, or control" of an item means that the person either has physical possession of the item or has a right to possession equal or superior to that of the person who has physical possession of the item.

7.      "Person" means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity, and all predecessors or successors.

8.      "Mobile device" means any cellular telephone, satellite telephone, pager, personal digital assistant, handheld computer, walkie-talkie, or any combination of these devices.

9.      "The Cities" means, when applicable, a municipality, including agents, representatives, officers, directors, employees, partners, corporate agents, subsidiaries, affiliates, or any other person acting in concert with the party or under the party's control, whether directly or indirectly, including any attorney.

10.     "Law Enforcement" means a public agency charged with policing functions, including any of its component bureaus, and when applicable, the party's agents, representatives, officers, directors, employees, partners, corporate agents, subsidiaries, affiliates, or any other person acting in concert with the party or under the party's control, whether directly or indirectly, including any attorney.

11.     "City Council" means: (1) Defendant Gerard Hudspeth, the Mayor of Denton, (2) Defendant Brian Beck, the Mayor Pro Tem of Denton and Councilmember for District #2, (3) Defendant Vicki Byrd, Councilmember for District #1, (4) Defendant Paul Meltzer, Councilmember for District #3, (5) Defendant Joe Holland, Councilmember for District #4, (6) Defendant Brandon Chase McGee, Councilmember At-Large, (7) Defendant Jill Jester, Councilmember At-Large, as well as successors, predecessors, divisions, subsidiaries, present and former officers, agents, employees, and all other persons acting on behalf of the successors, predecessors, divisions, and subsidiaries.

12.     "Marijuana" means the plant Cannabis sativa L., and any preparation thereof, excluding Hemp.

13.     "The Marijuana Ordinance" means Chapter 21 – Offenses, Article V - Marijuana Enforcement of the City of Denton Code of Ordinance, Proposition B to the November 8, 2022 City of Denton Election, and the Voter Initiative Petition preceding the Proposition.

14.     "Public Health Statistics" mean numbers that summarize information related to health.

MR 0365

15.     "Disciplinary Statistics" mean numbers that summarize information related to officer discipline.

16.     "Enforcement" means ensuring that individuals obey a law.

17.     "Policy" means a law, regulation, procedure, administrative action, incentive, or voluntary practice of governments and other institutions.

18.     "Memorandum" means a brief written message or report from one person or department in an organization to another.

19.     "Public" means individuals within the City of Denton.

20.     "Police Directive" or "General Order" means an official written order or instruction by the City of Denton Police Department, its Chief, or Police Administration.

21.     "Social Media Posts" refer to a short-form message or content that is published on social media platforms on the official or personal account of any Defendant, including but not limited to Instagram, Facebook, Meta, Twitter, X, TikTok, YouTube, LinkedIn and Reddit.

22.     "Demonstrative" means a visual, graphic, or sound aid used to explain or illustrate a witness's testimony or presentation.

23.     "Violation" means an action that breaks or goes against a law, regulation, ordinance, policy, or memorandum, including the Marijuana Ordinance or any related policy or memorandum.

24.     "Ground Game Texas" refers to the dismissed Intervenor-Defendant in *State of Texas v. City of Austin, et. al.*, D-1-GN-24-000586 (419th Dist. Ct., Travis County, Tex., Jun. 12, 2024), and the party's agents, representatives, officers, directors, employees, partners, corporate agents, subsidiaries, affiliates, or any other person acting in concert with the parties or under the parties' control, whether directly or indirectly, including any attorney.

25.     "Decriminalize Denton" refers to the dismissed Intervenor-Defendants in this suit and the parties' agents, representatives, officers, directors, employees, partners, corporate agents, subsidiaries, affiliates, or any other person acting in concert with the parties or under the parties' control, whether directly or indirectly, including any attorney.

26.     "Supporting" means seek to influence a politician or government official on an issue.

27.     "Paraphernalia" means equipment, a product, or material that is used or intended for use in planting, propagating, cultivating, growing, harvesting, manufacturing, compounding, converting, producing, processing, preparing, testing, analyzing, packaging, repackaging, storing, containing, or concealing a controlled substance in violation of Chapter 481 of the Texas Health

MR 0366

and Safety Code, or in injecting, ingesting, inhaling, or otherwise introducing into the human body a controlled substance in violation of Chapter 481 of the Texas Health and Safety Code.

28. "Marijuana use" means the smoking, eating, drinking, or inhaling of marijuana.

29. **"**Tetrahydrocannabinol" (hereinafter, "THC"), means the primary psychoactive component in marijuana, hashish, and other preparations derived from cannabis plants, especially Cannabis sativa, or produced synthetically.

30. "Codification" means the process of collecting, organizing, and consolidating local government ordinances and regulations into a comprehensive document.

31. "Adoption" means passage of a measure into law.

32. "Implementation" means placing an ordinance into effect.

33. "Media" means members of the media and press, associated with broadcast and narrowcast mediums, including radio, television, newspapers, magazines, journals, and the internet.

34. "Reprioritization" means the process of rearranging priorities based on their importance and urgency.

35. All undefined terms and phrases have not only the meaning ascribed to them by ordinary custom and usage, but also the meaning ascribed to them by Merriam-Webster's Collegiate Dictionary.

MR 0367

## REQUESTS FOR PRODUCTION

**REQUEST 1**: Produce all communications and documents sent or received by you, from November 2, 2021 to Present, regarding codification, adoption, or implementation of the Marijuana Ordinance, including communications in which you were copied.

**REQUEST 2**: Produce all policies or memoranda created by you, from November 2, 2021 to Present, regarding codification, adoption, or implementation of the Marijuana Ordinance.

**REQUEST 3**: Produce all communications and documents sent to or received from, or exchanged by and between you and citizens groups, including Ground Game Texas, Decriminalize Denton, any parties supporting the Marijuana Ordinance, or their agents, employees, or representatives, regarding codification, adoption, or implementation of the Marijuana Ordinance from November 2, 2021 to Present.

**REQUEST 4**: Produce all communications and documents sent to or received from, or exchanged by and between you and the public relating to enforcement of the Marijuana Ordinance and the Marijuana laws of the State of Texas.

**REQUEST 5**: Produce all communications and documents sent to or received from, or exchanged by and between you and law enforcement or their agents, employees, or representatives regarding codification, adoption, or implementation of the Marijuana Ordinance from November 2, 2021 to Present.

**REQUEST 6**: Produce all communications and documents sent to or received from, or exchanged by and between you and the Cities of San Antonio, Elgin, Harker Heights, Killen, Austin, and San Marcos or their agents, employees, or representatives regarding codification, adoption, or implementation of the Marijuana Ordinance from November 2, 2021 to Present.

**REQUEST 7**: Produce all communications and documents sent to or received from, or exchanged by and between you and the Cities of San Antonio, Elgin, Harker Heights, Killen, Austin, and San Marcos or their agents, employees, or representatives regarding codification, adoption, or implementation of a Marijuana Ordinance by the Cities of San Antonio, Elgin, Harker Heights, Killen, Austin, and San Marcos from November 2, 2021 to Present.

**REQUEST 8**: Produce all communications and documents sent to or received from, or exchanged by and between you and the Denton Independent School District, or their agents, employees, or representatives regarding codification, adoption, or implementation of the Marijuana Ordinance from November 2, 2021 to Present.

**REQUEST 9**: Produce all disciplinary statistics relating to violations of the Marijuana Ordinance or any related policy or memorandum by employees of the City of Denton Police Department from November 22, 2022 to Present.

MR 0368

**REQUEST 10**: Produce all communications and documents sent to or received from, or exchanged by and between you and employees of the City of Denton Police Department or their agents, and representatives regarding reprioritization of Marijuana enforcement, including misdemeanor marijuana possession or misdemeanor possession of marijuana paraphernalia offenses from November 2, 2021 to Present.

**REQUEST 11**: Produce all copies of communications or documents within your possession relating to the City of Denton Police Administration's demonstrative of marijuana at a City Council meeting from November 2, 2021 to Present.

**REQUEST 12**: Produce all communications and documents sent to or received from, or exchanged by and between you and the Denton County Public Health District or their agents, employees, or representatives regarding marijuana use in the City of Denton from November 2, 2021 to Present.

**REQUEST 13:** Produce all communications or documents within your possession, relating to funding by the City of Denton or the City of Denton Police Department for THC testing from February 13, 2021 to November 22, 2022.

**REQUEST 14**: Produce all communications or documents within your possession, relating to funding by the City of Denton or the City of Denton Police Department for THC testing from November 22, 2022 to Present.

**REQUEST 15**: Produce all communications or documents within your possession, relating to citations or arrests for Class A or Class B misdemeanor possession of marijuana offenses, and for misdemeanor possession of marijuana paraphernalia from February 13, 2021 to November 22, 2022.

**REQUEST 16**: Produce all communications or documents within your possession, relating to citations or arrests for Class A or Class B misdemeanor possession of marijuana offenses, and for misdemeanor possession of marijuana paraphernalia from November 22, 2022 to Present.

**REQUEST 17**: Produce all communications or documents within your possession, relating to training on the Marijuana Ordinance from February 13, 2021 to November 22, 2022.

**REQUEST 18**: Produce all communications or documents within your possession, relating to training on the Marijuana Ordinance from November 22, 2022 to Present.

**REQUEST 19**: Produce all communications or documents within your possession, relating to use of the smell of marijuana for probable cause from February 13, 2021 to November 22, 2022.

**REQUEST 20**: Produce all communications or documents within your possession, relating to use of the smell of marijuana for probable cause from November 22, 2022 to Present.

MR 0369

**REQUEST 21**: Produce all communications or documents within your possession, relating to citations or arrests for felony-level marijuana offenses from February 13, 2021 to November 22, 2022.

**REQUEST 22**: Produce all communications or documents within your possession, relating to citations or arrests for felony-level marijuana offenses from November 22, 2022 to Present.

**REQUEST 23**: Produce all communications or documents within your possession, relating to citations or arrests for misdemeanor possession of marijuana offenses, and for misdemeanor possession of marijuana paraphernalia, where the subject expressed that they thought it was lawful to possess marijuana or marijuana paraphernalia, from November 22, 2022 to Present.

**REQUEST 24**: Produce all communications and documents sent by you, your attorneys, or agents, employees, or representatives to the media regarding the Marijuana Ordinance or this lawsuit from November 2, 2021 to Present.

# Exhibit C

Texas's Requests for Admissions to Defendants

August 30, 2024

MR 0371

# Exhibit C
## Page 1 of 9

Cause No. 24-1005-481

| | | |
|---|---|---|
| THE STATE OF TEXAS, | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| CITY OF DENTON; GERARD | § | |
| HUDSPETH, Mayor of Denton; BRIAN | § | |
| BECK, Mayor Pro Tem of Denton; VICKI | § | DENTON COUNTY, TEXAS |
| BYRD, PAUL MELTZER, JOE | § | |
| HOLLAND, BRANDON CHASE | § | |
| McGEE, and JILL JESTER, Members of | § | |
| the City Council of Denton; SARA | § | |
| HENSLEY, City Manager of Denton; and | § | |
| JESSICA ROBLEDO, Interim Chief of | § | |
| Police of Denton; in their official capacities, | § | 481ST JUDICIAL DISTRICT |
| *Defendants.* | § | |

## PLAINTIFF'S FIRST REQUESTS FOR ADMISSION TO DEFENDANTS

To:    Defendants, The City of Denton, Gerard Hudspeth, Brian Beck, Vicki Byrd, Paul Meltzer, Joe Holland, Brandon Chase McGee, Jill Jester, Sara Hensley, and Jessica Robledo, by and through their counsel of record, Jose E. De la Fuente, James F. Parker, Gabrielle C. Smith, and Sydney P. Sadler, of LLOYD GOSSELINK ROCHELE & TOWNSEND, P.C., 816 Congress Avenue, Suite 1900, Austin, Texas 78701.

Plaintiff, the State of Texas, serves these Requests for Admission on Defendants, as allowed by Texas Rule of Civil Procedure 198. Defendants must respond to the following Requests for Admission within thirty (30) days after service and supplement all responses in accordance with the Texas Rules of Civil Procedure.

.

**Exhibit C**
**Page 2 of 9**

Date: August 30, 2024

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy First Assistant Attorney General

**AUSTIN KINGHORN**
Deputy Attorney General for Legal Strategy

**RYAN D. WALTERS**
Chief, Special Litigation Division

Respectfully Submitted,

*/S/ Jacob Przada*

**JACOB PRZADA**
Special Counsel
Tex. State Bar No. 24125371

OFFICE OF THE ATTORNEY GENERAL OF
TEXAS
Special Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 463-2100
Jacob.Przada@oag.texas.gov

**COUNSEL FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2024, a true and correct copy of this document has been served via electronic service and/or email to the following:

**Counsel for Defendants**:

| | |
|---|---|
| Jose ( Joe) de la Fuente | jdelafuente@lglawfirm.com |
| James Parker | jparker@lglawfirm.com |
| Gabrielle Smith | gsmith@lglawfirm.com |
| Catherine Daniels | cdaniels@lglawfirm.com |
| Sydney Sadler | ssadler@lglawfirm.com |
| Devin Alexander | devin.alexander@cityofdenton.com |

*/S/ Jacob Przada*

**JACOB PRZADA**
Special Counsel

2

MR 0373

**Exhibit C**
**Page 3 of 9**

## INSTRUCTIONS

1. Unless otherwise specified, the time period covered by any Request for Admission ("admission" or "admissions," as applicable) is from November 2, 2021, through the present.

2. Pursuant to Rule 198 of the Texas Rules of Civil Procedure (TRCP) you are required to serve a separate response to each of the following Requests for Admission. Each matter is admitted without the necessity of a court order, unless, on or before thirty (30) days after service of these requests, you serve upon attorneys for Plaintiff a written answer or objection addressed to each request, signed by you or your attorney.

3. If you deny a matter on which an admission is requested, your denial must fairly meet the substance of the requested admission, and when good faith requires you to qualify your answer or deny only the part of the matter on which the admission is requested, you must specify so much of the matter as is true and qualify or deny the remainder. You may not give lack of information or knowledge as a reason for failing to admit or deny a matter unless you state that you have made reasonable inquiry and that the information known or easily obtainable by you is insufficient to enable you to admit or deny the matter.

4. The singular shall be construed to include the plural, and the plural shall be construed to include the singular, as necessary to bring within the scope of each Request all responses that might otherwise be construed outside its scope.

5. The connectives "and" and "or" and the phrase "and/or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of each Request all responses that might otherwise be construed outside its scope.

6. The use of any past, present, or future tense of any verb shall not be construed to limit or otherwise modify the time period covered by these Requests. Each Request should be read to include the past, present, or future tense of any verb as necessary to bring within the scope of each Request all responses that might otherwise be construed outside its scope.

MR 0374

**Exhibit C**
**Page 4 of 9**

### DEFINITIONS

1. "Plaintiff" or "defendant," as well as a party's full or abbreviated name or a pronoun referring to a party, means the party, and when applicable, the party's agents, representatives, officers, directors, employees, partners, corporate agents, subsidiaries, affiliates, or any other person acting in concert with the party or under the party's control, whether directly or indirectly, including any attorney.

2. "You" or "your" means: (1) The City of Denton, (2) Defendant Gerard Hudspeth, the Mayor of Denton, (3) Defendant Brian Beck, the Mayor Pro Tem of Denton and Councilmember for District #2, (4) Defendant Vicki Byrd, Councilmember for District #1, (5) Defendant Paul Meltzer, Councilmember for District #3, (6) Defendant Joe Holland, Councilmember for District #4, (7) Defendant Brandon Chase McGee, Councilmember At-Large, (8) Defendant Jill Jester, Councilmember At-Large, (9) Defendant Sara Hensley, City Manager of Denton, and (10) Defendant Jessica Robledo, Interim-Chief of Police of Denton as well as, successors, predecessors, divisions, subsidiaries, present and former officers, agents, employees, and all other persons acting on behalf of the successors, predecessors, divisions, and subsidiaries.

3. "Communication" means any exchange or transmission of words or ideas to another person or an entity, including without limitation, conversations, discussions, letters, memoranda, interoffice communication platforms, social media platforms, instant messaging programs, meetings, notes, speeches, or other transfers of information, whether written, oral, or by any other means, whether direct or indirect, formal or informal, and includes any document which abstracts, digests, transcribes, or records any such communication.

4. "And/or," "and," and "or" refer to all listed categories inclusively, not exclusively (i.e., not the option of producing one group of documents, or another, nor of producing documents for one group of the listed persons or entities, but not others).

5. "Document" and "documents" mean all documents and tangible things, in the broadest sense allowed by Rule 192.3(b) and comment 2 of the Texas Rules of Civil Procedure.

6. "Possession" means actual care, custody, control, or management.

7. "Marijuana" means the plant Cannabis sativa L., and any preparation thereof, excluding Hemp.

8. "Paraphernalia" means equipment, a product, or material that is used or intended for use in planting, propagating, cultivating, growing, harvesting, manufacturing, compounding, converting, producing, processing, preparing, testing, analyzing, packaging, repackaging, storing, containing, or concealing a controlled substance in violation of Chapter 481 of the Texas Health and Safety Code, or in injecting, ingesting, inhaling, or otherwise introducing into the human body a controlled substance in violation of Chapter 481 of the Texas Health and Safety Code.

4

**Exhibit C**
**Page 5 of 9**

9.  "Memorandum" means a brief written message or report from one person or department in an organization to another.

10. "Codification" means the process of collecting, organizing, and consolidating local government ordinances and regulations into a comprehensive document.

11. "Adoption" means passage of a measure into law.

12. "Implementation" means placing an ordinance into effect.

13. "City Council" means: (1) Defendant Gerard Hudspeth, the Mayor of Denton, (2) Defendant Brian Beck, the Mayor Pro Tem of Denton and Councilmember for District #2, (3) Defendant Vicki Byrd, Councilmember for District #1, (4) Defendant Paul Meltzer, Councilmember for District #3, (5) Defendant Joe Holland, Councilmember for District #4, (6) Defendant Brandon Chase McGee, Councilmember At-Large, (7) Defendant Jill Jester, Councilmember At-Large, as well as successors, predecessors, divisions, subsidiaries, present and former officers, agents, employees, and all other persons acting on behalf of the successors, predecessors, divisions, and subsidiaries.

14. "City of Denton Police Department" means the City of Denton Police Department, located at 601 E Hickory St, Denton, TX 76205.

15. "The Marijuana Ordinance" means Chapter 21 – Offenses, Article V - Marijuana Enforcement of the City of Denton Code of Ordinance, Proposition B to the November 8, 2022, City of Denton Election, and the Voter Initiative Petition preceding the Proposition.

16. All undefined terms and phrases have not only the meaning ascribed to them by ordinary custom and usage, but also the meaning ascribed to them by Merriam-Webster's Collegiate Dictionary.

MR 0376

**Exhibit C**
**Page 6 of 9**

**PLAINTIFF'S REQUESTS FOR ADMISSION**

**TO DEFENDANTS:** The City of Denton, Gerard Hudspeth, Brian Beck, Vicki Byrd, Paul Meltzer, Joe Holland, Brandon Chase McGee, Jill Jester, and Sara Hensley

**Request 1.**    Admit that the Marijuana Ordinance was adopted on November 22, 2022, following a vote by the City of Denton City Council.

ADMIT    OR    DENY

If "Deny" provide explanation: _____

_____

**TO DEFENDANTS:** The City of Denton, Gerard Hudspeth, Brian Beck, Vicki Byrd, Paul Meltzer, Joe Holland, Brandon Chase McGee, Jill Jester, and Sara Hensley

**Request 2.**    Admit that following a vote on November 22, 2022, the Marijuana Ordinance became operational by law.

ADMIT    OR    DENY

If "Deny" provide explanation: _____

_____

**TO DEFENDANTS:** The City of Denton, Gerard Hudspeth, Brian Beck, Vicki Byrd, Paul Meltzer, Joe Holland, Brandon Chase McGee, Jill Jester, and Sara Hensley

**Request 3.**    Admit that the June 6, 2023 vote on the Marijuana Ordinance only related to budgetary authorization for the Marijuana Ordinance.

ADMIT    OR    DENY

If "Deny" provide explanation: _____

_____

**TO DEFENDANTS:** The City of Denton, Gerard Hudspeth, Brian Beck, Vicki Byrd, Paul Meltzer, Joe Holland, Brandon Chase McGee, Jill Jester, and Sara Hensley

**Request 4.**    Admit that during the June 6, 2023 vote on the Marijuana Ordinance, the City of Denton City Council considered a duplicate of the Marijuana Ordinance, already adopted on November 22, 2022.

ADMIT    OR    DENY

6

MR 0377

**Exhibit C**
**Page 7 of 9**

If "Deny" provide explanation:_____

_____

**TO DEFENDANTS:** The City of Denton, Gerard Hudspeth, Brian Beck, Vicki Byrd, Paul Meltzer, Joe Holland, Brandon Chase McGee, Jill Jester, and Sara Hensley

**Request 5.**     Admit that following a vote on the Marijuana Ordinance on June 6, 2023, the Marijuana Ordinance remained in the Code of Ordinances.

ADMIT     OR     DENY

If "Deny" provide explanation:_____

_____

**TO DEFENDANTS:** The City of Denton and Jessica Robledo

**Request 6.**     Admit that employees of the City of Denton Police Department have been directed not to cite or arrest individuals for misdemeanor levels of marijuana and misdemeanor possession of marijuana paraphernalia.

ADMIT     OR     DENY

If "Deny" provide explanation:_____

_____

**TO DEFENDANTS:** The City of Denton, Gerard Hudspeth, Brian Beck, Vicki Byrd, Paul Meltzer, Joe Holland, Brandon Chase McGee, Jill Jester, and Sara Hensley

**Request 7.**     Admit that the Marijuana Ordinance conflicts with Texas Local Government Code 370.003.

ADMIT     OR     DENY

If "Deny" provide explanation:_____

_____

**TO DEFENDANTS:** The City of Denton and Jessica Robledo

**Request 8.**     Admit that City of Denton Police Department citations and arrests for misdemeanor levels of marijuana have decreased by over 50 percent since November 22, 2022.

MR 0378

**Exhibit C**
**Page 8 of 9**

ADMIT          OR          DENY

If "Deny" provide explanation:_____

_____

**TO DEFENDANTS:** The City of Denton and Jessica Robledo

**Request 9.**      Admit that City of Denton Police Department citations and arrests for misdemeanor possession of marijuana paraphernalia have decreased by over 50 percent since November 22, 2022.

ADMIT          OR          DENY

If "Deny" provide explanation:_____

_____

**TO DEFENDANTS:** The City of Denton and Jessica Robledo

**Request 10.**     Admit that you did not send out a document or communication to employees of the City of Denton Police Department that the Marijuana Ordinance has not been implemented.

ADMIT          OR          DENY

If "Deny" provide explanation:_____

_____

**TO DEFENDANTS:** The City of Denton, Gerard Hudspeth, Brian Beck, Vicki Byrd, Paul Meltzer, Joe Holland, Brandon Chase McGee, Jill Jester, and Sara Hensley

**Request 11.**     Admit that you received a document or communication from the City of Denton Police Department that the Marijuana Ordinance has been implemented.

ADMIT          OR          DENY

If "Deny" provide explanation:_____

_____

**TO DEFENDANTS:** The City of Denton and Jessica Robledo

**Request 12.**     Admit that you directed the City of Denton Police Department not to use the smell of marijuana for probable cause.

8

MR 0379

**Exhibit C**
**Page 9 of 9**

ADMIT     OR     DENY

If "Deny" provide explanation: _____

_____

**TO DEFENDANTS:** The City of Denton and Jessica Robledo

**Request 13.**    Admit that employees of the City of Denton Police Department have received training on the Marijuana Ordinance.

ADMIT     OR     DENY

If "Deny" provide explanation: _____

_____

**TO DEFENDANTS:** The City of Denton, Gerard Hudspeth, Brian Beck, Vicki Byrd, Paul Meltzer, Joe Holland, Brandon Chase McGee, Jill Jester, and Sara Hensley

**Request 14.**    Admit that the City of Denton City Council could change a City of Denton policy relating to the implementation of the Marijuana Ordinance.

ADMIT     OR     DENY

If "Deny" provide explanation: _____

_____

**TO DEFENDANTS:** The City of Denton, Gerard Hudspeth, Brian Beck, Vicki Byrd, Paul Meltzer, Joe Holland, Brandon Chase McGee, Jill Jester, and Sara Hensley

**Request 15.**    Admit that a new City Manager could change a City of Denton policy relating to the implementation of the Marijuana Ordinance.

ADMIT     OR     DENY

If "Deny" provide explanation: _____

_____

MR 0380

# Exhibit D

Defendants Responses to Texas's Interrogatories
to Defendants

September 30, 2024

MR 0381

CAUSE NO. 24-1005-481

| | | |
|---|---|---|
| THE STATE OF TEXAS, *Plaintiff*, | § § § § § | IN THE DISTRICT COURT |
| v. | § § | |
| CITY OF DENTON; GERARD HUDSPETH, Mayor of Denton; BRIAN BECK, Mayor Pro Tem of Denton, VICKI BYRD, PAUL MELTZER, JOE HOLLAND, BRANDON CHASE McGEE, and CHRIS WATTS, Members of the City Council of Denton; SARA HENSLEY, City Manager of Denton; and DOUG SHOEMAKER, Chief of Police of Denton, in their official capacities, *Defendants.* | § § § § § § § § § § § § § § § | DENTON COUNTY, TEXAS 481st JUDICIAL DISTRICT |

### DEFENDANTS' RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

TO:    Plaintiff, the State of Texas, by and through its attorneys of record, Jacob Przada and Johnathan Stone, Office of the Attorney General of Texas, Special Litigation Division, P.O. Box 12548, Austin, Texas 78711-2548.

Pursuant to Rule 197 of the Texas Rules of Civil Procedure, the City of Denton (the "City") and Gerard Hudspeth, Mayor of Denton, Brian Beck, Mayor Pro Tem of Denton, Vicki Byrd, Paul Meltzer, Joe Holland, Brandon Chase McGee and Chris Watts, Members of the City Council of Denton, Sara Hensley, City Manager of Denton, and Doug Shoemaker, Chief of Police of Denton[1] (the "Officials" and together with the City, the "Defendants")  hereby serves their Responses and Objections to Plaintiff the State of Texas's (the "State" or "Plaintiff") First Set of Interrogatories,

---

[1]    Doug Shoemaker is no longer the Chief of Police of Denton.

which responses are attached hereto and incorporated herein by reference for all

purposes.

MR 0383

Respectfully submitted,

DEVIN Q. ALEXANDER
Denton City Attorney's Office
215 East McKinney
Denton, Texas 76201
(940) 349-8333
(940) 382-7923 Facsimile
For email contact and service regarding this
case, please include email addresses for all
listed attorneys in the To: field, and include
amy.hoffee@cityofdenton.com  in the cc: field,
until requested otherwise.

Mack Reinwand
City Attorney
State Bar No. 24056195
mack.reinwand@cityofdenton.com

Devin Alexander
Deputy City Attorney
State Bar No. 24104554
devin.alexander@cityofdenton.com

**LLOYD GOSSELINK**
  **ROCHELLE & TOWNSEND, P.C.**
816 Congress Avenue, Suite 1900
Austin, Texas 78701
Telephone:     (512) 322-5800
Facsimile:      (512) 472-0532

By:      */s/ Jose E. de la Fuente*
          JOSE E. de la FUENTE
          (Attorney-in-Charge)
          State Bar No. 00793605
          jdelafuente@lglawfirm.com
          JAMES F. PARKER
          State Bar No. 24027591
          jparker@lglawfirm.com
          GABRIELLE C. SMITH
          State Bar No. 24093172
          gsmith@lglawfirm.com
          SYDNEY P. SADLER
          State Bar No. 24117905
          ssadler@lglawfirm.com

**ATTORNEYS FOR DEFENDANTS**

3

MR 0384

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to the following attorneys via the Court's electronic filing case management system and electronic mail on this 30th day of September, 2024:

Ken Paxton
Attorney General

Brent Webster
First Assistant Attorney General

Grant Dorfman
Deputy First Assistant Attorney
General

Ralph Molina
Deputy Attorney General for Legal
Strategy

Ryan D. Walters
Chief, Special Litigation Division

Jacob Przada
Jacob.Przada@oag.texas.gov
Special Counsel
Johnathan Stone
Johnathan.Stone@oag.texas.gov
Special Counsel

OFFICE OF THE ATTORNEY
GENERAL OF TEXAS
Special Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
**ATTORNEYS FOR PLAINTIFF**

*/s/ Jose E. de la Fuente*
JOSE E. DE LA FUENTE

4

**Objections to Definitions**

1.  Defendants object to Plaintiff's definition of "Enforce" to the extent it seeks to give legal significance to a term not defined by the relevant statutory authority. Further, Defendants object to this term as defined as it is in conflict with the plain meaning. Defendants will treat the term as having its plain meaning, and as is consistent with any relevant legal authority.

2.  Defendants object to Plaintiff's definition of "The Cities" to the extent it defines municipalities "acting in concert" and implies collusion or some other coordinated effort with undefined entities and undefined acts.

3.  Defendants object to Plaintiff's definition of "Codification" to the extent it seeks to give legal significance to a term not defined by the relevant statutory authority. Further, Defendants object to this term as defined as it is in conflict with the plain meaning. Defendants will treat the term as having its plain meaning, and as is consistent with any relevant legal authority.

4.  Defendants object to Plaintiff's definition of "Adoption" to the extent that it seeks to create a legal definition that is contrary to the relevant legal authority in this case. Defendants will treat the term as having its plain meaning, and as is consistent with any relevant legal authority.

5.  Defendants object to Plaintiff's definition of "Implementation" to the extent it seeks to give legal significance to a term not defined by the relevant statutory authority. Further, Defendants object to this term as defined as it is in conflict with the plain meaning. Defendants will treat the term as having its plain meaning, and as is consistent with any relevant legal authority.

6.  "Defendants object to Plaintiff's definition of "Policy" to the extent it seeks to give legal significance to a term not defined by the relevant statutory authority. Further, Defendants object to this term as defined to the extent it conflicts with the plain meaning of the term and seeks to redefine any documents identified as a "Policy" in City's records. Defendants will treat the term as having its plain meaning, and as is consistent with any relevant legal authority.

Defendants' objection to each of these terms applies to each and every request below that uses such term, and is incorporated therein by this statement.

**OBJECTIONS AND RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 1:** Identify all documents utilized to assist in any way with the preparation of the answers to each of the interrogatories.

5

**RESPONSE:**  See documents attached to Defendants' Plea to the Jurisdiction filed in this case on May 20, 2024.

**INTERROGATORY NO. 2:**  Explain the process to change, adopt, or implement a different policy or ordinance than a policy or ordinance currently codified, adopted, or implemented by the City of Denton.

**OBJECTION:**  Defendants object to this Interrogatory as they are immune from suit.  Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction.  *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), aff'd, 458 S.W.3d 1 (Tex. 2015); see also Quested v. City of Hous., 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.).  The State's claim in this case solely concerns official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff.  Tex. R. Civ. P. 192.4.  Defendants also object that the information sought by this Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence.  Tex. R. Civ. P. 192.3.  Defendants further object that this Interrogatory is overbroad and vague, and not tailored to the issues and claims involved in this case.

**RESPONSE:**  Based on the forgoing objections, the Court does not have jurisdiction to adjudicate the merits of this case, therefore Defendants will refrain from disclosing any merits-related contentions.  For facts supporting the Court's lack of jurisdiction, see Defendants' Plea to the Jurisdiction filed in this case.

**INTERROGATORY NO. 3:**  Identify every person who has firsthand factual information about this case, rebuttal or impeachment evidence in this case, or who is expected testify in this case, including your experts or rebuttal witnesses, and provide a brief statement of each individual's connection with the case. See Tex. R. Civ. P. 192.

**OBJECTION:**  Defendants object to this Interrogatory as they are immune from suit.  Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction.  *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), aff'd, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283

6

(Tex. App.—Houston [14th Dist.] 2014, no pet.).  The State's claim in this case solely concerns official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff.  Tex. R. Civ. P. 192.4.  Defendants also object that the information sought by this Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence.  Tex. R. Civ. P. 192.3.

**RESPONSE:**  Subject to and without waiving the foregoing objections, see Defendants' Initial Disclosures and Defendants' Plea to the Jurisdiction.

**INTERROGATORY NO. 4:**  State the legal theories and describe in general the factual bases for your defenses. See Tex. R. Civ. P. 192.3(j), 197.1.

**OBJECTION:**  Defendants object to this Interrogatory as they are immune from suit.  Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction.  *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), aff'd, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.).  The State's claim in this case solely concerns official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff.  Tex. R. Civ. P. 192.4.  Defendants also object that the information sought by this Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence.  Tex. R. Civ. P. 192.3.

**RESPONSE:**  Subject to and without waiving the foregoing objections, see Defendants' Initial Disclosures and Defendants' Plea to the Jurisdiction.

**INTERROGATORY NO. 5:**  Identify any City of Denton employees and third-parties, including the Cities of San Antonio, Elgin, Harker Heights, Killeen, Austin, and San Marcos, and media personnel with whom you discussed codification, adoption, or implementation of the Marijuana Ordinance from November 2, 2021 to Present.

**OBJECTION:**  Defendants object to this Interrogatory as they are immune from suit.  Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction.  *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), aff'd, 458

MR 0388

S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The State's claim in this case solely concerns official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4. Defendants further object to this request as overbroad to the extent that it would impermissibly seek information protected by the common interest privilege. Defendants also object that the information sought by this Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3.

**RESPONSE:** Based on the foregoing objections, Defendants will refrain from answering this Interrogatory.

**INTERROGATORY NO. 6:** If you contend that the Marijuana Ordinance can, or cannot be changed to comply with the City Charter, Ordinance, or a policy, state the factual basis for your claim and identify all documents relied on for your response.

**OBJECTION:** Defendants object to this Interrogatory as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), aff'd, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The State's claim in this case solely concerns official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4. Defendants further object to this request because it incorporates and assumes an incorrect and impermissible predicate legal conclusion as to the Marijuana Ordinance's legality. Defendants also object that the information sought by this Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3.

**RESPONSE:** Based on the forgoing objections, the Court does not have jurisdiction to adjudicate the merits of this case, therefore Defendants will refrain from disclosing any merits-related contentions.

**INTERROGATORY NO. 7:** Identify any documented changes in Marijuana use since the Marijuana Ordinance took effect, including but not limited to any documented changes occurring at the Denton Independent School District, or in

8

connection to City of Denton Police citations and arrests or traffic and pedestrian stops.

> **OBJECTION:** Defendants object to this Interrogatory as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), aff'd, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The State's claim in this case solely concerns official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4. Defendants further object to the extent that it seeks information regarding third parties that are not within Defendants' control. Defendants also object to this interrogatory as vague, overbroad, and unduly burdensome in its entirety. Defendants also object that the information sought by this Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3.

> **RESPONSE:** Based on the forgoing objections, the Court does not have jurisdiction to adjudicate the merits of this case, therefore Defendants will refrain from disclosing any merits-related contentions. For facts supporting the Court's lack of jurisdiction, see Defendants' Plea to the Jurisdiction filed in this case.

**INTERROGATORY NO. 8:** Identify how many times the Marijuana Ordinance has been enforced and identify the individuals whom the Marijuana Ordinance has been enforced against.

> **OBJECTION:** Defendants object to this Interrogatory as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), aff'd, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The State's claim in this case solely concerns official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4. Defendants also object that the information sought by this Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3.

9

**RESPONSE:** Based on the forgoing objections, the Court does not have jurisdiction to adjudicate the merits of this case, therefore Defendants will refrain from disclosing any merits-related contentions.

**INTERROGATORY NO. 9:** Identify all jobs to which you have applied from August 30, 2022 to Present, including the name of the employer, its location, and the ultimate outcome of your application for that job.

**OBJECTION:** Defendants object to this Interrogatory as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), aff'd, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The State's claim in this case solely concerns official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4. Defendants also object that the information sought by this Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3.

**RESPONSE:** Based on the foregoing objections, Defendants will refrain from answering this Interrogatory.

**INTERROGATORY NO. 10:** Explain the written or unwritten City of Denton Police Department policy, practice, or procedure relating to funding for THC testing that was in effect during the period spanning February 13, 2021, to November 22, 2022.

**OBJECTION:** Defendants object to this Interrogatory as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), aff'd, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The State's claim in this case solely concerns official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4. Defendants further object to this request as vague and ambiguous to

MR 0391

the extent that it asks a party to "explain" a policy or similar matter. Defendants also object that the information sought by this Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3.

**RESPONSE:** Based on the forgoing objections, the Court does not have jurisdiction to adjudicate the merits of this case, therefore Defendants will refrain from disclosing any merits-related contentions.

**INTERROGATORY NO. 11:** Explain the written or unwritten City of Denton Police Department policy, practice, or procedure relating to funding for THC testing that has been in effect during the period spanning November 22, 2022, to Present.

**OBJECTION:** Defendants object to this Interrogatory as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), aff'd, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The State's claim in this case solely concerns official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4. Defendants further object to this request as vague and ambiguous to the extent that it asks a party to "explain" a policy or similar matter. Defendants also object that the information sought by this Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3.

**RESPONSE:** Based on the forgoing objections, the Court does not have jurisdiction to adjudicate the merits of this case, therefore Defendants will refrain from disclosing any merits-related contentions.

**INTERROGATORY NO. 12:** Explain the written or unwritten City of Denton Police Department policy, practice, or procedure relating to the use of the smell of marijuana for probable cause that was in effect during the period spanning February 13, 2021, to November 22, 2022.

**OBJECTION:** Defendants object to this Interrogatory as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension*

11

*Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), aff'd, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The State's claim in this case solely concerns official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4. Defendants further object to this request as vague and ambiguous to the extent that it asks a party to "explain" a policy or similar matter. Defendants also object that the information sought by this Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3.

**RESPONSE:** Based on the forgoing objections, the Court does not have jurisdiction to adjudicate the merits of this case, therefore Defendants will refrain from disclosing any merits-related contentions.

**INTERROGATORY NO. 13:** Explain the written or unwritten City of Denton Police Department policy, practice, or procedure relating to the use of the smell of marijuana for probable cause that has been in effect during the period spanning November 22, 2022, to Present.

**OBJECTION:** Defendants object to this Interrogatory as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), aff'd, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The State's claim in this case solely concerns official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4. Defendants further object to this request as vague and ambiguous to the extent that it asks a party to "explain" a policy or similar matter. Defendants also object that the information sought by this Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3.

**RESPONSE:** Based on the forgoing objections, the Court does not have jurisdiction to adjudicate the merits of this case, therefore Defendants will refrain from disclosing any merits-related contentions.

12

MR 0393

**INTERROGATORY NO. 14:** Explain the written or unwritten City of Denton Police Department policy, practice, or procedure relating to citations or arrests for Class A or Class B misdemeanor possession of marijuana offenses, and for misdemeanor possession of marijuana paraphernalia that was in effect from February 13, 2021, to November 22, 2022.

> **OBJECTION:** Defendants object to this Interrogatory as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), aff'd, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The State's claim in this case solely concerns official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4. Defendants further object to this request as vague and ambiguous to the extent that it asks a party to "explain" a policy or similar matter. Defendants also object that the information sought by this Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3.

> **RESPONSE:** Based on the forgoing objections, the Court does not have jurisdiction to adjudicate the merits of this case, therefore Defendants will refrain from disclosing any merits-related contentions.

**INTERROGATORY NO. 15:** Explain the written or unwritten City of Denton Police Department policy, practice, or procedure relating to citations or arrests for Class A or Class B misdemeanor possession of marijuana offenses, and for misdemeanor possession of marijuana paraphernalia that has been in effect from November 22, 2022, to Present.

> **OBJECTION:** Defendants object to this Interrogatory as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), aff'd, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The State's claim in this case solely concerns official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4. Defendants further object to this request as vague and ambiguous to

13

the extent that it asks a party to "explain" a policy or similar matter. Defendants also object that the information sought by this Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3.

**RESPONSE:** Based on the forgoing objections, the Court does not have jurisdiction to adjudicate the merits of this case, therefore Defendants will refrain from disclosing any merits-related contentions.

**INTERROGATORY NO. 16:** Explain the written or unwritten City of Denton Police Department policy, practice, or procedure relating to training on the Marijuana Ordinance that was in effect from February 13, 2021, to November 22, 2022.

**OBJECTION:** Defendants object to this Interrogatory as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), aff'd, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The State's claim in this case solely concerns official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4. Defendants further object to this request as vague and ambiguous to the extent that it asks a party to "explain" a policy or similar matter. Defendants also object that the information sought by this Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3.

**RESPONSE:** Based on the forgoing objections, the Court does not have jurisdiction to adjudicate the merits of this case, therefore Defendants will refrain from disclosing any merits-related contentions.

**INTERROGATORY NO. 17:** Explain the written or unwritten City of Denton Police Department policy, practice, or procedure relating to training on the Marijuana Ordinance that has been in effect from November 22, 2022, to Present.

**OBJECTION:** Defendants object to this Interrogatory as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), aff'd, 458

MR 0395

S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The State's claim in this case solely concerns official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4. Defendants further object to this request as vague and ambiguous to the extent that it asks a party to "explain" a policy or similar matter. Defendants also object that the information sought by this Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3.

**RESPONSE:** Based on the forgoing objections, the Court does not have jurisdiction to adjudicate the merits of this case, therefore Defendants will refrain from disclosing any merits-related contentions.

**INTERROGATORY NO. 18:** Explain the written or unwritten City of Denton Police Department policy, practice, or procedure relating to citations or arrests for felony-level marijuana offenses that was in effect from February 13, 2021, to November 22, 2022.

**OBJECTION:** Defendants object to this Interrogatory as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), aff'd, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The State's claim in this case solely concerns official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4. Defendants further object to this request as vague and ambiguous to the extent that it asks a party to "explain" a policy or similar matter. Defendants also object that the information sought by this Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3.

**RESPONSE:** Based on the forgoing objections, the Court does not have jurisdiction to adjudicate the merits of this case, therefore Defendants will refrain from disclosing any merits-related contentions.

MR 0396

**INTERROGATORY NO. 19:** Explain the written or unwritten City of Denton Police Department policy, practice, or procedure relating to citations or arrests for felony-level marijuana offenses that has been in effect from November 22, 2022, to Present.

> **OBJECTION:** Defendants object to this Interrogatory as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), aff'd, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The State's claim in this case solely concerns official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4. Defendants further object to this request as vague and ambiguous to the extent that it asks a party to "explain" a policy or similar matter. Defendants also object that the information sought by this Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3.

> **RESPONSE:** Based on the forgoing objections, the Court does not have jurisdiction to adjudicate the merits of this case, therefore Defendants will refrain from disclosing any merits-related contentions.

**INTERROGATORY NO. 20:** Identify all inquiries by the public about confusion relating to codification, implementation, or adoption of the City of Denton's Marijuana Ordinance.

> **OBJECTION:** Defendants object to this Interrogatory as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), aff'd, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The State's claim in this case solely concerns official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4. Defendants further object to this interrogatory as vague, facially overbroad and unduly burdensome to the extent it would require Defendants to review all public inquiries and determine the state of mind of the inquirer. Defendants also object that the information sought by this Interrogatory is not

16

reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3.

**RESPONSE:** Based on the forgoing objections, the Court does not have jurisdiction to adjudicate the merits of this case, therefore Defendants will refrain from disclosing any merits-related contentions.

**INTERROGATORY NO. 21:** Identify all documents relied upon in developing the current City of Denton Police Department Policy and Police Directive or General Orders relating to misdemeanor-level marijuana offenses.

**OBJECTION:** Defendants object to this Interrogatory as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), aff'd, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The State's claim in this case solely concerns official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4. Defendants further object to this interrogatory as vague, facially overbroad, and unduly burdensome in its entirety. Defendants also object that the information sought by this Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3.

**RESPONSE:** Based on the forgoing objections, the Court does not have jurisdiction to adjudicate the merits of this case, therefore Defendants will refrain from disclosing any merits-related contentions.

**INTERROGATORY NO. 22:** If you have ever been convicted of a felony or a crime involving moral turpitude, state the nature of the charge and the date and place of arrest and conviction. See Tex. R. Evid. 404(a)(2)(B), 609(a).

**OBJECTION:** Defendants object to this Interrogatory as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), aff'd, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The State's claim in this case solely concerns official action taken, or rather not taken, by government actors,

17

which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4. Defendants also object that the information sought by this Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3.

**RESPONSE:** Based on the forgoing objections, Defendants refrain from answering this Interrogatory.

MR 0399

# Exhibit E

Defendants Responses to Texas's Requests for
Production to Defendants

September 30, 2024

MR 0400

**CAUSE NO. 24-1005-481**

| | | |
|---|---|---|
| THE STATE OF TEXAS, *Plaintiff*, | § § § | IN THE DISTRICT COURT |
| v. | § § § | |
| CITY OF DENTON; GERARD HUDSPETH, Mayor of Denton; BRIAN BECK, Mayor Pro Tem of Denton, VICKI BYRD, PAUL MELTZER, JOE HOLLAND, BRANDON CHASE McGEE, and CHRIS WATTS, Members of the City Council of Denton; SARA HENSLEY, City Manager of Denton; and DOUG SHOEMAKER, Chief of Police of Denton, in their official capacities, *Defendants.* | § § § § § § § § § § § § § § § | DENTON COUNTY, TEXAS |
| | | 481st JUDICIAL DISTRICT |

**DEFENDANTS' RESPONSES TO PLAINTIFF'S**
**FIRST REQUESTS FOR PRODUCTION**

TO: Plaintiff, the State of Texas, by and through its attorneys of record, Jacob Przada and Johnathan Stone, Office of the Attorney General of Texas, Special Litigation Division, P.O. Box 12548, Austin, Texas 78711-2548.

Pursuant to Rule 196 of the Texas Rules of Civil Procedure, the City of Denton (the "City") and Gerard Hudspeth, Mayor of Denton, Brian Beck, Mayor Pro Tem of Denton, Vicki Byrd, Paul Meltzer, Joe Holland, Brandon Chase McGee and Chris Watts, Members of the City Council of Denton, Sara Hensley, City Manager of Denton, and Doug Shoemaker, Chief of Police of Denton[1] (the "Officials" and together with the City, the "Defendants") hereby serves their Responses and Objections to Plaintiff the State of Texas's (the "State" or "Plaintiff") First Requests for Production,

---

[1] Doug Shoemaker is no longer the Chief of Police of Denton.

which responses are attached hereto and incorporated herein by reference for all

purposes.

MR 0402

Respectfully submitted,

DEVIN Q. ALEXANDER
Denton City Attorney's Office
215 East McKinney
Denton, Texas 76201
(940) 349-8333
(940) 382-7923 Facsimile
For email contact and service regarding this case, please include email addresses for all listed attorneys in the To: field, and include amy.hoffee@cityofdenton.com in the cc: field, until requested otherwise.

Mack Reinwand
City Attorney
State Bar No. 24056195
mack.reinwand@cityofdenton.com

Devin Alexander
Deputy City Attorney
State Bar No. 24104554
devin.alexander@cityofdenton.com

**LLOYD GOSSELINK**
 **ROCHELLE & TOWNSEND, P.C.**
816 Congress Avenue, Suite 1900
Austin, Texas 78701
Telephone:     (512) 322-5800
Facsimile:      (512) 472-0532

By:      */s/ Jose E. de la Fuente*
          JOSE E. de la FUENTE
          (Attorney-in-Charge)
          State Bar No. 00793605
          jdelafuente@lglawfirm.com
          JAMES F. PARKER
          State Bar No. 24027591
          jparker@lglawfirm.com
          GABRIELLE C. SMITH
          State Bar No. 24093172
          gsmith@lglawfirm.com
          SYDNEY P. SADLER
          State Bar No. 24117905
          ssadler@lglawfirm.com

**ATTORNEYS FOR DEFENDANTS**

3

MR 0403

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to the following attorneys via the Court's electronic filing case management system and electronic mail on this 30th day of September, 2024:

Ken Paxton
Attorney General

Brent Webster
First Assistant Attorney General

Grant Dorfman
Deputy First Assistant Attorney
General

Ralph Molina
Deputy Attorney General for Legal
Strategy

Ryan D. Walters
Chief, Special Litigation Division

Jacob Przada
Jacob.Przada@oag.texas.gov
Special Counsel
Johnathan Stone
Johnathan.Stone@oag.texas.gov
Special Counsel

OFFICE OF THE ATTORNEY
GENERAL OF TEXAS
Special Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
**ATTORNEYS FOR PLAINTIFF**

*/s/ Jose E. de la Fuente*
JOSE E. DE LA FUENTE

4

MR 0404

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

1. Defendants object to Plaintiff's definition of "Enforcement" to the extent it seeks to give legal significance to a term not defined by the relevant statutory authority. Further, Defendants object to this term as defined as it is in conflict with the plain meaning. Defendants will treat the term as having its plain meaning, and as is consistent with any relevant legal authority.

2. Defendants object to Plaintiff's definition of "The Cities" to the extent it defines municipalities "acting in concert" and implies collusion or some other coordinated effort with undefined entities and undefined acts.

3. Defendants object to Plaintiff's definition of Supporting" to the extent it seeks to give legal significance to a term not defined by the relevant statutory authority. Further, Defendants object to this term as defined as it is in conflict with the plain meaning. Defendants will treat the term as having its plain meaning, and as is consistent with any relevant legal authority.

4. Defendants object to Plaintiff's definition of "Memorandum" to the extent it conflicts with the plain meaning of the term and seeks to redefine any documents identified as a "Memorandum" in the record. Defendants will treat the term as having its plain meaning, and as is consistent with any relevant legal authority.

5. Defendants object to Plaintiff's definition of "Codification" to the extent it seeks to give legal significance to a term not defined by the relevant statutory authority. Further, Defendants object to this term as defined as it is in conflict with the plain meaning. Defendants will treat the term as having its plain meaning, and as is consistent with any relevant legal authority.

6. Defendants object to Plaintiff's definition of "Adoption" to the extent that it seeks to create a legal definition that is contrary to the relevant legal authority in this case. Defendants will treat the term as having its plain meaning, and as is consistent with any relevant legal authority.

7. Defendants object to Plaintiff's definition of "Implementation" to the extent it seeks to give legal significance to a term not defined by the relevant statutory authority. Further, Defendants object to this term as defined as it is in conflict with the plain meaning. Defendants will treat the term as having its plain meaning, and as is consistent with any relevant legal authority.

8. Defendants object to Plaintiff's definition of "Reprioritization" to the extent it seeks to give legal significance to a term not defined by the relevant statutory

5

authority.  Defendants will treat the term as having its plain meaning, and as is consistent with any relevant legal authority.

Defendants' objection to each of these terms applies to each and every request below that uses such term, and is incorporated therein by this statement.

## RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**  Produce all communications and documents sent or received by you, from November 2, 2021 to Present, regarding codification, adoption, or implementation of the Marijuana Ordinance, including communications in which you were copied.

> **OBJECTION:**  Defendants object to this request as they are immune from suit.  Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction.  *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), *aff'd*, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.).  The State's claim in this case solely concerns official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff.  Tex. R. Civ. P. 192.4. Defendants also object that this request is overbroad and unduly burdensome in its entirety, and that the documents sought by this request are not reasonably calculated to lead to the discovery of admissible evidence.  Tex. R. Civ. P. 192.3.

> **RESPONSE:**  Subject to and without waiving the foregoing objections, see Exhibit 1 to Plaintiff's Original Petition.

**REQUEST FOR PRODUCTION NO. 2:**  Produce all policies or memoranda created by you, from November 2, 2021 to Present, regarding codification, adoption, or implementation of the Marijuana Ordinance.

> **OBJECTION:**  Defendants object to this request as they are immune from suit.  Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction.  *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), *aff'd*, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—

6

Houston [14th Dist.] 2014, no pet.). The State's claim in this case solely concerns official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 124. Defendants also object that the documents sought by this request are not reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3.

**RESPONSE:** Subject to and without waiving the foregoing objections, see Exhibit 1 to Plaintiff's Original Petition.

**REQUEST FOR PRODUCTION NO. 3:** Produce all communications and documents sent to or received from, or exchanged by and between you and citizens groups, including Ground Game Texas, Decriminalize Denton, any parties supporting the Marijuana Ordinance, or their agents, employees, or representatives, regarding codification, adoption, or implementation of the Marijuana Ordinance from November 2, 2021 to Present.

**OBJECTION:** Defendants object to this request as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), *aff'd*, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The State's claim in this case solely concerns official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4. Defendants also object that this request is overbroad and unduly burdensome in its entirety, and that the documents sought by this request are not reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3.

**RESPONSE:** Based on the foregoing objections, and based further on the fact that the Court lacks subject-matter jurisdiction to adjudicate Plaintiff's claims or Defendants' defenses, Defendants will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 4:** Produce all communications and documents sent to or received from, or exchanged by and between you and the public

7

relating to enforcement of the Marijuana Ordinance and the Marijuana laws of the State of Texas.

**OBJECTION:** Defendants object to this request as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), *aff'd*, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The State's claim in this case solely concerns official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4. Defendants also object that this request is overbroad and unduly burdensome in its entirety, and that the documents sought by this request are not reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3.

**RESPONSE:** Subject to and without waiving the foregoing objections, see Exhibit 1 to Plaintiff's Original Petition.

**REQUEST FOR PRODUCTION NO. 5:** Produce all communications and documents sent to or received from, or exchanged by and between you and law enforcement or their agents, employees, or representatives regarding codification, adoption, or implementation of the Marijuana Ordinance from November 2, 2021 to Present.

**OBJECTION:** Defendants object to this request as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), *aff'd*, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The State's claim in this case involves official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4. Defendants also object that this request is overbroad and unduly burdensome in its entirety, and that the documents sought by this request are not reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3.

MR 0408

**RESPONSE:** Based on the foregoing objections, and based further on the fact that the Court lacks subject-matter jurisdiction to adjudicate Plaintiff's claims or Defendants' defenses, Defendants will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 6:** Produce all communications and documents sent to or received from, or exchanged by and between you and the Cities of San Antonio, Elgin, Harker Heights, Killeen, Austin, and San Marcos or their agents, employees, or representatives regarding codification, adoption, or implementation of the Marijuana Ordinance from November 2, 2021 to Present.

**OBJECTION:** Defendants object to this request as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), *aff'd*, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The State's claim in this case involves official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4. Denton City Council did not adopt an ordinance affecting the enforcement of marijuana-related offenses, and actions taken or not taken by other cities are not a part of the claims in this lawsuit. Defendants further object to this request as overbroad to the extent that it seeks documents that would be subject to the common interest privilege. Defendants also object that the documents sought by this request are not reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3.

**RESPONSE:** Based on the foregoing objections, and based further on the fact that the Court lacks subject-matter jurisdiction to adjudicate Plaintiff's claims or Defendants' defenses, Defendants will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 7:** Produce all communications and documents sent to or received from, or exchanged by and between you and the Cities of San Antonio, Elgin, Harker Heights, Killeen, Austin, and San Marcos or their agents, employees, or representatives regarding codification, adoption, or implementation of a Marijuana Ordinance by the Cities of San Antonio, Elgin, Harker Heights, Killeen, Austin, and San Marcos from November 2, 2021 to Present.

MR 0409

**OBJECTION:** Defendants object to this Request as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), *aff'd*, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The State's claim in this case involves official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4. Denton City Council did not adopt an ordinance affecting the enforcement of marijuana-related offenses, and actions taken or not taken by other cities are not a part of the claims in this lawsuit. Defendants further object to this request as overbroad to the extent that it seeks documents that would be subject to the common interest privilege. Defendants also object that the documents sought by this request are not reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3.

**RESPONSE:** Based on the foregoing objections, and based further on the fact that the Court lacks subject-matter jurisdiction to adjudicate Plaintiff's claims or Defendants' defenses, Defendants will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 8:** Produce all communications and documents sent to or received from, or exchanged by and between you and the Denton Independent School District, or their agents, employees, or representatives regarding codification, adoption, or implementation of the Marijuana Ordinance from November 2, 2021 to Present.

**OBJECTION:** Defendants object to this Request as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), *aff'd*, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The State's claim in this case involves official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4. Defendants also object that this request is overbroad and unduly burdensome in its entirety, and that the documents sought by this request are not

10

MR 0410

reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3.

**RESPONSE:** Based on the foregoing objections, and based further on the fact that the Court lacks subject-matter jurisdiction to adjudicate Plaintiff's claims or Defendants' defenses, Defendants will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 9:** Produce all disciplinary statistics relating to violations of the Marijuana Ordinance or any related policy or memorandum by employees of the City of Denton Police Department from November 22, 2022 to Present.

**OBJECTION:** Defendants object to this Request as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), *aff'd*, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The State's claim in this case involves official action taken by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. The State's claim in this case involves official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4. Defendants further object to the Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and fails to identify a document or category of documents with reasonable particularity. Defendants also object that the documents sought by this request are not reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3.

**RESPONSE:** Based on the foregoing objections, and based further on the fact that the Court lacks subject-matter jurisdiction to adjudicate Plaintiff's claims or Defendants' defenses, Defendants will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 10:** Produce all communications and documents sent to or received from, or exchanged by and between you and employees of the City of Denton Police Department or their agents, and representatives regarding reprioritization of Marijuana enforcement, including misdemeanor

11

marijuana possession or misdemeanor possession of marijuana paraphernalia offenses from November 2, 2021 to Present.

**OBJECTION:** Defendants object to this Request as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), *aff'd*, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The State's claim in this case solely concerns official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4. Defendants also object that the documents sought by this request are not reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3. Defendants also object that this request is overbroad and unduly burdensome in its entirety, and that the documents sought by this request are not reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3.

**RESPONSE:** Based on the foregoing objections, and based further on the fact that the Court lacks subject-matter jurisdiction to adjudicate Plaintiff's claims or Defendants' defenses, Defendants will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 11:** Produce all copies of communications or documents within your possession relating to the City of Denton Police Administration's demonstrative of marijuana at a City Council meeting from November 2, 2021 to Present.

**OBJECTION:** Defendants object to this request as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), *aff'd*, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The State's claim in this case solely concerns official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4. Defendants further object to the Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and fails to identify a document or

12

category of documents with reasonable particularity. Defendants also object that the documents sought by this request are not reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3.

**RESPONSE:** Based on the foregoing objections, and based further on the fact that the Court lacks subject-matter jurisdiction to adjudicate Plaintiff's claims or Defendants' defenses, Defendants will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 12:** Produce all communications and documents sent to or received from, or exchanged by and between you and the Denton County Public Health District or their agents, employees, or representatives regarding marijuana use in the City of Denton from November 2, 2021 to Present.

**OBJECTION:** Defendants object to this request as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), *aff'd*, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The State's claim in this case solely concerns official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4. Defendants also object that this request is overbroad and unduly burdensome in its entirety, and that the documents sought by this request are not reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3.

**RESPONSE:** Based on the foregoing objections, and based further on the fact that the Court lacks subject-matter jurisdiction to adjudicate Plaintiff's claims or Defendants' defenses, Defendants will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 13:** Produce all communications or documents within your possession, relating to funding by the City of Denton or the City of Denton Police Department for THC testing from February 13, 2021 to November 22, 2022.

**OBJECTION:** Defendants object to this request as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the

MR 0413

discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), *aff'd*, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The State's claim in this case solely concerns official action taken by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. See Tex. R. Civ. P. 192.4. Defendants also object that this request is overbroad and unduly burdensome in its entirety, and that the documents sought by this request are not reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3.

**RESPONSE:** Based on the foregoing objections, and based further on the fact that the Court lacks subject-matter jurisdiction to adjudicate Plaintiff's claims or Defendants' defenses, Defendants will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 14:** Produce all communications or documents within your possession, relating to funding by the City of Denton or the City of Denton Police Department for THC testing from November 22, 2022 to Present.

**OBJECTION:** Defendants object to this request as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), *aff'd*, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The State's claim in this case solely concerns official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4. Defendants also object that this request is overbroad and unduly burdensome in its entirety, and that the documents sought by this request are not reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3.

**RESPONSE:** Based on the foregoing objections, and based further on the fact that the Court lacks subject-matter jurisdiction to adjudicate Plaintiff's claims or Defendants' defenses, Defendants will not produce documents responsive to this Request.

14

MR 0414

**REQUEST FOR PRODUCTION NO. 15:** Produce all communications or documents within your possession, relating to citations or arrests for Class A or Class B misdemeanor possession of marijuana offenses, and for misdemeanor possession of marijuana paraphernalia from February 13, 2021 to November 22, 2022.

**OBJECTION:** Defendants object to this request as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), *aff'd*, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The State's claim in this case solely concerns official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4. Defendants also object that the documents sought by this request are not reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3. Defendants further object to the Request on the grounds that it is vague, ambiguous, overbroad, and fails to identify a document or category of documents with reasonable particularity. Defendants further object to the extent that this request seeks criminal records or judicial records.

> **RESPONSE:** Subject to and without waiving the foregoing objections, see publicly available data at: [https://data.cityofdenton.com/dataset/denton-crime-data](https://data.cityofdenton.com/dataset/denton-crime-data).

**REQUEST FOR PRODUCTION NO. 16:** Produce all communications or documents within your possession, relating to citations or arrests for Class A or Class B misdemeanor possession of marijuana offenses, and for misdemeanor possession of marijuana paraphernalia from November 22, 2022 to Present.

> **OBJECTION:** Defendants object to this request as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), *aff'd*, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The State's claim in this case solely concerns official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4. Defendants also object that the documents sought by this request are not

MR 0415

reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3. Defendants further object to the Request on the grounds that it is vague, ambiguous, overbroad, and fails to identify a document or category of documents with reasonable particularity. Defendants further object to the extent that this request seeks criminal records or judicial records.

**RESPONSE:** Subject to and without waiving the foregoing objections, see publicly available data at: https://data.cityofdenton.com/dataset/denton-crime-data.

**REQUEST FOR PRODUCTION NO. 17:** Produce all communications or documents within your possession, relating to training on the Marijuana Ordinance from February 13, 2021 to November 22, 2022.

**OBJECTION:** Defendants object to this request as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), *aff'd*, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The State's claim in this case solely concerns official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4. Defendants further object to the Request on the grounds that it is vague, ambiguous, overbroad, and fails to identify a document or category of documents with reasonable particularity. Defendants also object that the documents sought by this request are not reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3.

**RESPONSE:** Based on the foregoing objections, and based further on the fact that the Court lacks subject-matter jurisdiction to adjudicate Plaintiff's claims or Defendants' defenses, Defendants will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 18:** Produce all communications or documents within your possession, relating to training on the Marijuana Ordinance from November 22, 2022 to Present.

**OBJECTION:** Defendants object to this request as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the

MR 0416

discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), *aff'd*, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The State's claim in this case solely concerns official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4. Defendants further object to the Request on the grounds that it is vague, ambiguous, overbroad, and fails to identify a document or category of documents with reasonable particularity. Defendants also object that the documents sought by this request are not reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3.

**RESPONSE:** Subject to and without waiving the foregoing objections, see Exhibit 1 to Plaintiff's Original Petition.

**REQUEST FOR PRODUCTION NO. 19:** Produce all communications or documents within your possession, relating to use of the smell of marijuana for probable cause from February 13, 2021 to November 22, 2022.

**OBJECTION:** Defendants object to this request as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), *aff'd*, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The State's claim in this case solely concerns official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4. Defendants further object to the Request on the grounds that it is vague, ambiguous, overbroad, and fails to identify a document or category of documents with reasonable particularity. Defendants also object that the documents sought by this request are not reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3.

**RESPONSE:** Based on the foregoing objections, and based further on the fact that the Court lacks subject-matter jurisdiction to adjudicate Plaintiff's claims or Defendants' defenses, Defendants will not produce documents responsive to this Request.

MR 0417

**REQUEST FOR PRODUCTION NO. 20:** Produce all communications or documents within your possession, relating to use of the smell of marijuana for probable cause from November 22, 2022 to Present.

> **OBJECTION:** Defendants object to this request as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), *aff'd*, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The State's claim in this case solely concerns official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4. Defendants further object to the Request on the grounds that it is vague, ambiguous, overbroad, and fails to identify a document or category of documents with reasonable particularity. Defendants also object that the documents sought by this request are not reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3.

> **RESPONSE:** Based on the foregoing objections, and based further on the fact that the Court lacks subject-matter jurisdiction to adjudicate Plaintiff's claims or Defendants' defenses, Defendants will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 21:** Produce all communications or documents within your possession, relating to citations or arrests for felony-level marijuana offenses from February 13, 2021 to November 22, 2022.

> **OBJECTION:** Defendants object to this request as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), *aff'd*, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The State's claim in this case solely concerns official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4. Defendants also object that the documents sought by this request are not reasonably calculated to lead to the discovery of admissible evidence. Tex. R.

MR 0418

Civ. P. 192.3. Defendants further object to the Request on the grounds that it is vague, ambiguous, overbroad, and fails to identify a document or category of documents with reasonable particularity. Defendants further object to the extent that this request seeks criminal records or judicial records.

**RESPONSE:** Subject to and without waiving the foregoing objections, see publicly available data at: https://data.cityofdenton.com/dataset/denton-crime-data.

**REQUEST FOR PRODUCTION NO. 22:** Produce all communications or documents within your possession, relating to citations or arrests for felony-level marijuana offenses from November 22, 2022 to Present.

**OBJECTION:** Defendants object to this request as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), *aff'd*, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The State's claim in this case solely concerns official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4. Defendants also object that the documents sought by this request are not reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3. Defendants further object to the Request on the grounds that it is vague, ambiguous, overbroad, and fails to identify a document or category of documents with reasonable particularity. Defendants further object to the extent that this request seeks criminal records or judicial records.

**RESPONSE:** Subject to and without waiving the foregoing objections, see publicly available data at: https://data.cityofdenton.com/dataset/denton-crime-data.

**REQUEST FOR PRODUCTION NO. 23:** Produce all communications or documents within your possession, relating to citations or arrests for misdemeanor possession of marijuana offenses, and for misdemeanor possession of marijuana paraphernalia, where the subject expressed that they thought it was lawful to possess marijuana or marijuana paraphernalia, from November 22, 2022 to Present.

19

MR 0419

**OBJECTION:** Defendants object to this request as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), *aff'd*, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The State's claim in this case solely concerns official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4. Defendants also object that the documents sought by this request are not reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3. Defendants further object to the Request on the grounds that it is vague, ambiguous, overbroad, and fails to identify a document or category of documents with reasonable particularity. Defendants further object to the extent that this request seeks criminal records or judicial records.

**RESPONSE:** Subject to and without waiving the foregoing objections, see publicly available data at: https://data.cityofdenton.com/dataset/denton-crime-data.

**REQUEST FOR PRODUCTION NO. 24:** Produce all communications and documents sent by you, your attorneys, or agents, employees, or representatives to the media regarding the Marijuana Ordinance or this lawsuit from November 2, 2021 to Present.

**OBJECTION:** Defendants object to this request as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), *aff'd*, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The State's claim in this case solely concerns official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4. Defendants also object that the documents sought by this request are not reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3.

**RESPONSE:** Subject to and without waiving the foregoing objections, see Exhibit 1 to Plaintiff's Original Petition.

MR 0420

# Exhibit F

Defendants Responses to Texas's Requests for Admissions to Defendants

September 30, 2024

MR 0421

CAUSE NO. 24-1005-481

| | | |
|---|---|---|
| THE STATE OF TEXAS, | § | IN THE DISTRICT COURT |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | |
| CITY OF DENTON; GERARD | § | |
| HUDSPETH, Mayor of Denton; | § | |
| BRIAN BECK, Mayor Pro Tem of | § | |
| Denton, VICKI BYRD, PAUL | § | |
| MELTZER, JOE HOLLAND, | § | DENTON COUNTY, TEXAS |
| BRANDON CHASE McGEE, and | § | |
| CHRIS WATTS, Members of the | § | |
| City Council of Denton; SARA | § | |
| HENSLEY, City Manager of | § | |
| Denton; and DOUG SHOEMAKER, | § | |
| Chief of Police of Denton, in their | § | |
| official capacities, | § | |
| *Defendants.* | § | 481st JUDICIAL DISTRICT |

**DEFENDANTS' RESPONSES TO PLAINTIFF'S**
**FIRST REQUESTS FOR ADMISSION**

TO:    Plaintiff, the State of Texas, by and through its attorney of record, Jacob Przada and Johnathan Stone, Office of the Attorney General of Texas, Special Litigation Division, P.O. Box 12548, Austin, Texas 78711-2548.

Pursuant to Rule 198 of the Texas Rules of Civil Procedure, the City of Denton (the "City") and Gerard Hudspeth, Mayor of Denton, Brian Beck, Mayor Pro Tem of Denton, Vicki Byrd, Paul Meltzer, Joe Holland, Brandon Chase McGee and Chris Watts, Members of the City Council of Denton, Sara Hensley, City Manager of Denton, and Doug Shoemaker, Chief of Police of Denton[1] (the "Officials" and together with the City, the "Defendants") hereby serves their Responses and Objections to Plaintiff the State of Texas's (the "State" or "Plaintiff") First Requests for Admission.

---

[1]    Doug Shoemaker is no longer the Chief of Police of Denton.

Respectfully submitted,

DEVIN Q. ALEXANDER
Denton City Attorney's Office
215 East McKinney
Denton, Texas 76201
(940) 349-8333
(940) 382-7923 Facsimile
For email contact and service regarding this case, please include email addresses for all listed attorneys in the To: field, and include amy.hoffee@cityofdenton.com in the cc: field, until requested otherwise.

Mack Reinwand
City Attorney
State Bar No. 24056195
mack.reinwand@cityofdenton.com

Devin Alexander
Deputy City Attorney
State Bar No. 24104554
devin.alexander@cityofdenton.com

**LLOYD GOSSELINK**
  **ROCHELLE & TOWNSEND, P.C.**
816 Congress Avenue, Suite 1900
Austin, Texas 78701
Telephone:     (512) 322-5800
Facsimile:     (512) 472-0532

By:     */s/ Jose E. de la Fuente*
        JOSE E. de la FUENTE
        (Attorney-in-Charge)
        State Bar No. 00793605
        jdelafuente@lglawfirm.com
        JAMES F. PARKER
        State Bar No. 24027591
        jparker@lglawfirm.com
        GABRIELLE C. SMITH
        State Bar No. 24093172
        gsmith@lglawfirm.com
        SYDNEY P. SADLER
        State Bar No. 24117905
        ssadler@lglawfirm.com

**ATTORNEYS FOR DEFENDANTS**

2

MR 0423

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to the following attorneys via the Court's electronic filing case management system and electronic mail on this 30th day of September, 2024:

Ken Paxton
Attorney General

Brent Webster
First Assistant Attorney General

Grant Dorfman
Deputy First Assistant Attorney
General

Ralph Molina
Deputy Attorney General for Legal
Strategy

Ryan D. Walters
Chief, Special Litigation Division

Jacob Przada
Jacob.Przada@oag.texas.gov
Special Counsel
Johnathan Stone
Johnathan.Stone@oag.texas.gov
Special Counsel

OFFICE OF THE ATTORNEY
GENERAL OF TEXAS
Special Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
**ATTORNEYS FOR PLAINTIFF**

*/s/ Jose E. de la Fuente*
JOSE E. DE LA FUENTE

3

## OBJECTIONS TO DEFINITIONS

1. Defendants object to Plaintiff's definition of "Memorandum" to the extent it conflicts with the plain meaning of the term and seeks to redefine any documents identified as a "Memorandum" in the record. Defendants will treat the term as having its plain meaning, and as is consistent with any relevant legal authority.

2. Defendants object to Plaintiff's definition of "Codification" to the extent it seeks to give legal significance to a term not defined by the relevant statutory authority. Further, Defendants object to this term as defined as it is in conflict with the plain meaning. Defendants will treat the term as having its plain meaning, and as is consistent with any relevant legal authority.

3. Defendants object to Plaintiff's definition of "Adoption" to the extent that it seeks to create a legal definition that is contrary to the relevant legal authority in this case. Defendants will treat the term as having its plain meaning, and as is consistent with any relevant legal authority.

4. Defendants object to Plaintiff's definition of "Implementation" to the extent it seeks to give legal significance to a term not defined by the relevant statutory authority. Further, Defendants object to this term as defined as it is in conflict with the plain meaning. Defendants will treat the term as having its plain meaning, and as is consistent with any relevant legal authority.

Defendants' objection to each of these terms applies to each and every request below that uses such term, and is incorporated therein by this statement.

## OBJECTIONS AND RESPONSES TO REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:** Admit that the Marijuana Ordinance was adopted on November 22, 2022, following a vote by the City of Denton City Council.

**OBJECTION:** Defendants object to this Request as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), aff'd, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The State's claim in this case solely concerns official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4. Defendants also object that the admission sought by this Request is not

4

MR 0425

reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3. Defendants further object to this request as vague and misleading to the extent that it uses the term "adopted" as Plaintiff would define that term.

**RESPONSE:** Subject to and without waiving the foregoing objections, Defendants deny.

**REQUEST FOR ADMISSION NO. 2:** Admit that following a vote on November 22, 2022, the Marijuana Ordinance became operational by law.

**OBJECTION:** Defendants object to this Request as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), aff'd, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.— Houston [14th Dist.] 2014, no pet.). The State's claim in this case solely concerns official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4. Defendants also object that the admission sought by this Request is not reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3.

**RESPONSE:** Subject to and without waiving the foregoing objections, Defendants deny.

**REQUEST FOR ADMISSION NO. 3:** Admit that the June 6, 2023 vote on the Marijuana Ordinance only related to budgetary authorization for the Marijuana Ordinance.

**OBJECTION:** Defendants object to this Request as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), aff'd, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.— Houston [14th Dist.] 2014, no pet.). The State's claim in this case solely concerns official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4.

MR 0426

Defendants also object that the admission sought by this Request is not reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3.

**RESPONSE:** Subject to and without waiving the foregoing objections, Defendants deny.

**REQUEST FOR ADMISSION NO. 4:** Admit that during the June 6, 2023 vote on the Marijuana Ordinance, the City of Denton City Council considered a duplicate of the Marijuana Ordinance, already adopted on November 22, 2022.

**OBJECTION:** Defendants object to this Request as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), aff'd, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The State's claim in this case solely concerns official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4. Defendants also object that the admission sought by this Request is not reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3. Defendants further object to this request as vague and misleading to the extent that it uses the term "adopted" as Plaintiff would define that term.

**RESPONSE:** Subject to and without waiving the foregoing objections, Defendants deny.

**REQUEST FOR ADMISSION NO. 5:** Admit that following a vote on the Marijuana Ordinance on June 6, 2023, the Marijuana Ordinance remained in the Code of Ordinances.

**OBJECTION:** Defendants object to this Request as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), aff'd, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The State's claim in this case solely concerns official action taken, or rather not taken, by government actors, which

6

MR 0427

is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4. Defendants also object that the admission sought by this Request is not reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3.

**RESPONSE:** Subject to the foregoing objections, Defendants cannot admit or deny the Request as worded, and thus Defendants deny.

**REQUEST FOR ADMISSION NO. 6:** Admit that employees of the City of Denton Police Department have been directed not to cite or arrest individuals for misdemeanor levels of marijuana and misdemeanor possession of marijuana paraphernalia.

**OBJECTION:** Defendants object to this Request as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), aff'd, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The State's claim in this case solely concerns official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4. Defendants also object that the admission sought by this Request is not reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3. Defendants further object to this request as vague, overbroad, and incomprehensible to the extent that it uses the passive voice ("have been directed"), as it does not state by whom such direction may have been given.

**RESPONSE:** Subject to and without waiving the foregoing objections, Defendants deny.

**REQUEST FOR ADMISSION NO. 7:** Admit that the Marijuana Ordinance conflicts with Texas Local Government Code 370.003.

**OBJECTION:** Defendants object to this Request as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), aff'd, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—

7

MR 0428

Houston [14th Dist.] 2014, no pet.). The State's claim in this case solely concerns official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4. Defendants also object that the admission sought by this Request is not reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3. Defendants further object that this Request does not seek admission of a fact but rather a legal contention.

**RESPONSE:** Based on the foregoing objections, and based further on the fact that the Court lacks subject-matter jurisdiction to adjudicate Plaintiff's claims or Defendants' defenses, Defendants will not respond.

**REQUEST FOR ADMISSION NO. 8:** Admit that City of Denton Police Department citations and arrests for misdemeanor levels of marijuana have decreased by over 50 percent since November 22, 2022.

**OBJECTION:** Defendants object to this Request as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), aff'd, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The State's claim in this case solely concerns official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4. Defendants also object that the admission sought by this Request is not reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3.

**RESPONSE:** Based on the foregoing objections, and based further on the fact that the Court lacks subject-matter jurisdiction to adjudicate Plaintiff's claims or Defendants' defenses, Defendants will not respond.

**REQUEST FOR ADMISSION NO. 9:** Admit that City of Denton Police Department citations and arrests for misdemeanor possession of marijuana paraphernalia have decreased by over 50 percent since November 22, 2022.

**OBJECTION:** Defendants object to this Request as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter

8

MR 0429

of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), aff'd, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The State's claim in this case solely concerns official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4. Defendants also object that the admission sought by this Request is not reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3.

**RESPONSE:** Based on the foregoing objections, and based further on the fact that the Court lacks subject-matter jurisdiction to adjudicate Plaintiff's claims or Defendants' defenses, Defendants will not respond.

**REQUEST FOR ADMISSION NO. 10:** Admit that you did not send out a document or communication to employees of the City of Denton Police Department that the Marijuana Ordinance has not been implemented.

**OBJECTION:** Defendants object to this Request as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), aff'd, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The State's claim in this case solely concerns official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4. Defendants also object that the admission sought by this Request is not reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3.

**RESPONSE:** Subject to and without waiving the foregoing objections, Defendants deny.

**REQUEST FOR ADMISSION NO. 11:** Admit that you received a document or communication from the City of Denton Police Department that the Marijuana Ordinance has been implemented.

**OBJECTION:** Defendants object to this Request as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the

9

MR 0430

discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), aff'd, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The State's claim in this case solely concerns official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4. Defendants also object that the admission sought by this Request is not reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3. Defendants further object that this Request is vague, overbroad, and unclear as it is directed to multiple persons.

**RESPONSE:** Subject to and without waiving the foregoing objections, Defendants cannot admit or deny this Request as worded.

**REQUEST FOR ADMISSION NO. 12:** Admit that you directed the City of Denton Police Department not to use the smell of marijuana for probable cause.

**OBJECTION:** Defendants object to this Request as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), aff'd, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The State's claim in this case solely concerns official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4. Defendants also object that the admission sought by this Request is not reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3. Defendants further object that this Request is vague, overbroad, and unclear as it is directed to multiple persons.

**RESPONSE:** Subject to and without waiving the foregoing objections, Defendants deny.

**REQUEST FOR ADMISSION NO. 13:** Admit that employees of the City of Denton Police Department have received training on the Marijuana Ordinance.

**OBJECTION:** Defendants object to this Request as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the

10

MR 0431

discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), aff'd, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The State's claim in this case solely concerns official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4. Defendants also object that the admission sought by this Request is not reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3. Defendants further object that this request is vague and overbroad as to the term "training."

**RESPONSE:** Subject to and without waiving the foregoing objections, Defendants cannot admit or deny this Request as worded.

**REQUEST FOR ADMISSION NO. 14:** Admit that the City of Denton City Council could change a City of Denton policy relating to the implementation of the Marijuana Ordinance.

**OBJECTION:** Defendants object to this Request as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), aff'd, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The State's claim in this case solely concerns official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4. Defendants also object that the admission sought by this Request is not reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3. Defendants further object that this request is overbroad and vague as worded, including the fact that it inquires into a hypothetical. Defendants further object that this Request does not seek admission of a fact but rather a legal conclusion.

**RESPONSE:** Subject to and without waiving the foregoing objections, Defendants cannot admit or deny this Request as worded.

11

MR 0432

**REQUEST FOR ADMISSION NO. 15:** Admit that a new City Manager could change a City of Denton policy relating to the implementation of the Marijuana Ordinance.

> **OBJECTION:** Defendants object to this Request as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), aff'd, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The State's claim in this case solely concerns official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4. Defendants also object that the admission sought by this Request is not reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3. Defendants further object that this request is overbroad and vague as worded, including the fact that it inquires into a hypothetical. Defendants further object that this Request does not seek admission of a fact but rather a legal conclusion.

> **RESPONSE:** Subject to and without waiving the foregoing objections, Defendants cannot admit or deny this Request as worded.

12

# Exhibit G

Deposition Notice – Brian Beck

September 13, 2024

MR 0434

Cause No. 24-1005-481

| | | |
|---|---|---|
| THE STATE OF TEXAS, | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| CITY OF DENTON; GERARD | § | |
| HUDSPETH, Mayor of Denton; BRIAN | § | |
| BECK, Mayor Pro Tem of Denton; VICKI | § | DENTON COUNTY, TEXAS |
| BYRD, PAUL MELTZER, JOE | § | |
| HOLLAND, BRANDON CHASE | § | |
| McGEE, and JILL JESTER, Members of | § | |
| the City Council of Denton; SARA | § | |
| HENSLEY, City Manager of Denton; and | § | |
| JESSICA ROBLEDO, Interim Chief of | § | |
| Police of Denton; in their official capacities, | § | 481ST JUDICIAL DISTRICT |
| *Defendants.* | § | |

## PLAINTIFF'S NOTICE OF INTENT TO TAKE ORAL DEPOSITION OF COUNCILMEMBER BRIAN BECK

To:     Defendants, The City of Denton, Gerard Hudspeth, Brian Beck, Vicki Byrd, Paul Meltzer, Joe Holland, Brandon Chase McGee, Jill Jester, Sara Hensley, and Jessica Robledo, by and through their counsel of record, Devin Q. Alexander and Mack Reinwand of the DENTON CITY ATTORNEY'S OFFICE, 215 East McKinney, Denton, Texas 76201 and Jose E. De la Fuente, James F. Parker, Gabrielle C. Smith, and Sydney P. Sadler, of LLOYD GOSSELINK ROCHELE & TOWNSEND, P.C., 816 Congress Avenue, Suite 1900, Austin, Texas 78701.

PLEASE TAKE NOTICE that pursuant to Texas Rule of Civil Procedure 199.2, Plaintiff, The State of Texas, will take the oral deposition of Defendant, Denton City Councilmember Brian Beck. Please take further notice that the deposition will be conducted remotely, using audio-visual conference technology (Zoom) on **Monday, October 7, 2024** beginning at **9:00 a.m.** The deposition will be recorded by video and stenographic means and will continue for four (4) hours.

Participants are instructed to **register in advance** using the following link, specific to this deposition date:

**https://us02web.zoom.us/meeting/register/tZ0ld-2srT0sGNTMYH7gvxUchSSPp4fo9EPL**.

MR 0435

After registering, participants will receive a confirmation email from Integrity Legal Support Solutions containing information and instructions for logging into this remote deposition.

Date: September 13, 2024

Respectfully Submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

AUSTIN KINGHORN
Deputy Attorney General for Legal Strategy

RYAN D. WALTERS
Chief, Special Litigation Division

/s/ Jacob Przada
**JACOB PRZADA**
Special Counsel
Tex. State Bar No. 24125371

OFFICE OF THE ATTORNEY GENERAL OF TEXAS
Special Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone.: (512) 463-2100
Jacob.Przada@oag.texas.gov

**COUNSEL FOR PLAINTIFF**

2

## CERTIFICATE OF CONFERENCE

I hereby certify that on September 11, 2024, the undersigned attorney sought to confer with counsel for defendants via electronic mail, requesting a response by September 13, 2024, as to whether Councilmember Beck is available for a deposition on October 7, or 15, 2024. On September 13, 2024, counsel for defendants indicated via electronic mail that his clients are opposed to Plaintiff's jurisdictional depositions.

*/s/ Jacob E. Przada*
JACOB E. PRZADA

## CERTIFICATE OF SERVICE

I hereby certify that on September 13, 2024, a true and correct copy of the above and foregoing document has been served via electronic service and/or email to the following:

**Counsel for Defendants:**

| | |
|---|---|
| Devin Alexander | devin.alexander@cityofdenton.com |
| Mack Reinwald | mack.reinwald@cityofdenton.com |
| Jose (Joe) de la Fuente | jdelafuente@lglawfirm.com |
| James Parker | jparker@lglawfirm.com |
| Gabrielle Smith | gsmith@lglawfirm.com |
| Catherine Daniels | cdaniels@lglawfirm.com |
| Sydney Sadler | ssadler@lglawfirm.com |

*/s/ Jacob E. Przada*
Jacob E. Przada

3

MR 0437

# Exhibit H

Deposition Notice – Joe Holland

September 13, 2024

MR 0438

Cause No. 24-1005-481

| | | |
|---|---|---|
| THE STATE OF TEXAS, | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| CITY OF DENTON; GERARD | § | |
| HUDSPETH, Mayor of Denton; BRIAN | § | |
| BECK, Mayor Pro Tem of Denton; VICKI | § | DENTON COUNTY, TEXAS |
| BYRD, PAUL MELTZER, JOE | § | |
| HOLLAND, BRANDON CHASE | § | |
| McGEE, and JILL JESTER, Members of | § | |
| the City Council of Denton; SARA | § | |
| HENSLEY, City Manager of Denton; and | § | |
| JESSICA ROBLEDO, Interim Chief of | § | |
| Police of Denton; in their official capacities, | § | 481ST JUDICIAL DISTRICT |
| *Defendants.* | § | |

**PLAINTIFF'S NOTICE OF INTENT TO TAKE ORAL DEPOSITION OF
COUNCILMEMBER JOE HOLLAND**

To:     Defendants, The City of Denton, Gerard Hudspeth, Brian Beck, Vicki Byrd, Paul Meltzer, Joe Holland, Brandon Chase McGee, Jill Jester, Sara Hensley, and Jessica Robledo, by and through their counsel of record, Devin Q. Alexander and Mack Reinwand of the DENTON CITY ATTORNEY'S OFFICE, 215 East McKinney, Denton, Texas 76201 and Jose E. De la Fuente, James F. Parker, Gabrielle C. Smith, and Sydney P. Sadler, of LLOYD GOSSELINK ROCHELE & TOWNSEND, P.C., 816 Congress Avenue, Suite 1900, Austin, Texas 78701.

PLEASE TAKE NOTICE that pursuant to Texas Rule of Civil Procedure 199.2, Plaintiff, The State of Texas, will take the oral deposition of Defendant, Denton City Councilmember Joe Holland. Please take further notice that the deposition will be conducted remotely, using audio-visual conference technology (Zoom) on **Monday, October 7, 2024** at **2:00 p.m.** The deposition will be recorded by video and stenographic means and will continue for four (4) hours.

Participants are instructed to **register in advance** using the following link, specific to this deposition date:

**https://us02web.zoom.us/meeting/register/tZ0ld-2srT0sGNTMYH7gvxUchSSPp4fo9EPL**.

After registering, participants will receive a confirmation email from Integrity Legal Support Solutions containing information and instructions for logging into this remote deposition.

Date: September 13, 2024

Respectfully Submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

AUSTIN KINGHORN
Deputy Attorney General for Legal Strategy

RYAN D. WALTERS
Chief, Special Litigation Division

*/S/ Jacob Przada*
**JACOB PRZADA**
Special Counsel
Tex. State Bar No. 24125371

OFFICE OF THE ATTORNEY GENERAL OF TEXAS
Special Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone.: (512) 463-2100
Jacob.Przada@oag.texas.gov

**COUNSEL FOR PLAINTIFF**

2

### CERTIFICATE OF CONFERENCE

I hereby certify that on September 11, 2024, the undersigned attorney sought to confer with counsel for defendants via electronic mail, requesting a response by September 13, 2024 as to whether Councilmember Holland is available for a deposition on October 7, or 15, 2024. On September 13, 2024, counsel for defendants indicated via electronic mail that his clients are opposed to Plaintiff's jurisdictional depositions.

*/s/ Jacob E. Przada*
JACOB E. PRZADA

### CERTIFICATE OF SERVICE

I hereby certify that on September 13, 2024, a true and correct copy of the above and foregoing document has been served via electronic service and/or email to the following:

**Counsel for Defendants:**

| | |
|---|---|
| Devin Alexander | devin.alexander@cityofdenton.com |
| Mack Reinwald | mack.reinwald@cityofdenton.com |
| Jose (Joe) de la Fuente | jdelafuente@lglawfirm.com |
| James Parker | jparker@lglawfirm.com |
| Gabrielle Smith | gsmith@lglawfirm.com |
| Catherine Daniels | cdaniels@lglawfirm.com |
| Sydney Sadler | ssadler@lglawfirm.com |

*/s/ Jacob E. Przada*
Jacob E. Przada

MR 0441

# Exhibit I

Deposition Notice – Sara Hensley

September 13, 2024

MR 0442

**Exhibit I**
**Page 1 of 3**

Cause No. 24-1005-481

| | | |
|---|---|---|
| THE STATE OF TEXAS, | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| CITY OF DENTON; GERARD | § | |
| HUDSPETH, Mayor of Denton; BRIAN | § | |
| BECK, Mayor Pro Tem of Denton; VICKI | § | DENTON COUNTY, TEXAS |
| BYRD, PAUL MELTZER, JOE | § | |
| HOLLAND, BRANDON CHASE | § | |
| McGEE, and JILL JESTER, Members of | § | |
| the City Council of Denton; SARA | § | |
| HENSLEY, City Manager of Denton; and | § | |
| JESSICA ROBLEDO, Interim Chief of | § | |
| Police of Denton; in their official capacities, | § | 481ST JUDICIAL DISTRICT |
| *Defendants.* | § | |

**PLAINTIFF'S NOTICE OF INTENT TO TAKE ORAL DEPOSITION OF
CITY MANAGER SARA HENSLEY**

To: Defendants, The City of Denton, Gerard Hudspeth, Brian Beck, Vicki Byrd, Paul Meltzer, Joe Holland, Brandon Chase McGee, Jill Jester, Sara Hensley, and Jessica Robledo, by and through their counsel of record, Devin Q. Alexander and Mack Reinwand of the DENTON CITY ATTORNEY'S OFFICE, 215 East McKinney, Denton, Texas 76201 and Jose E. De la Fuente, James F. Parker, Gabrielle C. Smith, and Sydney P. Sadler, of LLOYD GOSSELINK ROCHELE & TOWNSEND, P.C., 816 Congress Avenue, Suite 1900, Austin, Texas 78701.

PLEASE TAKE NOTICE that pursuant to Texas Rule of Civil Procedure 199.2, Plaintiff, The State of Texas, will take the oral deposition of Defendant, Denton City Manager Sarah Hensley. Please take further notice that the deposition will be conducted remotely, using audio-visual conference technology (Zoom) on **Tuesday, October 8, 2024** at **9:00 a.m.** The deposition will be recorded by video and stenographic means and will continue for four (4) hours.

Participants are instructed to **register in advance** using the following link, specific to this deposition date:

https://us02web.zoom.us/meeting/register/tZcvf-Chpz4rE9L401AivHwZaDd9iS7IBglW.

MR 0443

**Exhibit I**
**Page 2 of 3**

After registering, participants will receive a confirmation email from Integrity Legal Support Solutions containing information and instructions for logging into this remote deposition.

Date: September 13, 2024

Respectfully Submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

AUSTIN KINGHORN
Deputy Attorney General for Legal Strategy

RYAN D. WALTERS
Chief, Special Litigation Division

*/S/ Jacob Przada*
**JACOB PRZADA**
Special Counsel
Tex. State Bar No. 24125371

OFFICE OF THE ATTORNEY GENERAL OF TEXAS
Special Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone.: (512) 463-2100
Jacob.Przada@oag.texas.gov

**COUNSEL FOR PLAINTIFF**

2

**Exhibit I**
**Page 3 of 3**

### CERTIFICATE OF CONFERENCE

I hereby certify that on September 11, 2024, the undersigned attorney sought to confer with counsel for defendants via electronic mail, requesting a response by September 13, 2024 as to whether City Manager Sara Hensley is available for a deposition on October 7, or 15, 2024. On September 13, 2024, counsel for defendants indicated via electronic mail that his clients are opposed to Plaintiff's jurisdictional depositions.

*/s/ Jacob E. Przada*
JACOB E. PRZADA

### CERTIFICATE OF SERVICE

I hereby certify that on September 13, 2024, a true and correct copy of the above and forgoing document has been served via electronic service and/or email to the following:

**Counsel for Defendants:**

| | |
|---|---|
| Devin Alexander | devin.alexander@cityofdenton.com |
| Mack Reinwald | mack.reinwald@cityofdenton.com |
| Jose (Joe) de la Fuente | jdelafuente@lglawfirm.com |
| James Parker | jparker@lglawfirm.com |
| Gabrielle Smith | gsmith@lglawfirm.com |
| Catherine Daniels | cdaniels@lglawfirm.com |
| Sydney Sadler | ssadler@lglawfirm.com |

*/s/ Jacob E. Przada*
Jacob E. Przada

3

MR 0445

# Exhibit J

Deposition Notice – Jessica Robledo

September 13, 2024

MR 0446

Cause No. 24-1005-481

| | | |
|---|---|---|
| THE STATE OF TEXAS,<br>*Plaintiff,*<br><br>v.<br><br>CITY OF DENTON; GERARD HUDSPETH, Mayor of Denton; BRIAN BECK, Mayor Pro Tem of Denton; VICKI BYRD, PAUL MELTZER, JOE HOLLAND, BRANDON CHASE McGEE, and JILL JESTER, Members of the City Council of Denton; SARA HENSLEY, City Manager of Denton; and JESSICA ROBLEDO, Interim Chief of Police of Denton; in their official capacities,<br>*Defendants.* | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | IN THE DISTRICT COURT OF<br><br><br><br>DENTON COUNTY, TEXAS<br><br><br><br>481ST JUDICIAL DISTRICT |

## PLAINTIFF'S NOTICE OF INTENT TO TAKE ORAL DEPOSITION OF INTERIM POLICE CHIEF JESSICA ROBLEDO

To:     Defendants, The City of Denton, Gerard Hudspeth, Brian Beck, Vicki Byrd, Paul Meltzer, Joe Holland, Brandon Chase McGee, Jill Jester, Sara Hensley, and Jessica Robledo, by and through their counsel of record, Devin Q. Alexander and Mack Reinwand of the DENTON CITY ATTORNEY'S OFFICE, 215 East McKinney, Denton, Texas 76201 and Jose E. De la Fuente, James F. Parker, Gabrielle C. Smith, and Sydney P. Sadler, of LLOYD GOSSELINK ROCHELE & TOWNSEND, P.C., 816 Congress Avenue, Suite 1900, Austin, Texas 78701.

PLEASE TAKE NOTICE that pursuant to Texas Rule of Civil Procedure 199.2, Plaintiff, The State of Texas, will take the oral deposition of Defendant, Denton Interim Police Chief Jessica Robledo. Please take further notice that the deposition will be conducted remotely, using audio-visual conference technology (Zoom) on **Tuesday, October 8, 2024** at **2:00 p.m.** The deposition will be recorded by video and stenographic means and will continue for four (4) hours.

Participants are instructed to **register in advance** using the following link, specific to this deposition date:

https://us02web.zoom.us/meeting/register/tZcvf-Chpz4rE9L401AivHwZaDd9iS7IBglW.

MR 0447

After registering, participants will receive a confirmation email from Integrity Legal Support Solutions containing information and instructions for logging into this remote deposition.

Date: September 13, 2024

Respectfully Submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

AUSTIN KINGHORN
Deputy Attorney General for Legal Strategy

RYAN D. WALTERS
Chief, Special Litigation Division

*/S/ Jacob Przada*
**JACOB PRZADA**
Special Counsel
Tex. State Bar No. 24125371

OFFICE OF THE ATTORNEY GENERAL OF TEXAS
Special Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone.: (512) 463-2100
Jacob.Przada@oag.texas.gov

**COUNSEL FOR PLAINTIFF**

MR 0448

## CERTIFICATE OF CONFERENCE

I hereby certify that on September 11, 2024, the undersigned attorney conferred with counsel for defendants via electronic mail, requesting a response by September 13, 2024, as to whether Interim Police Chief Robledo is available for deposition on October 7, or 15, 2024. On September 13, 2024, counsel for defendants indicated via electronic mail that his clients are opposed to Plaintiff's jurisdictional depositions.

*/s/ Jacob E. Przada*
JACOB E. PRZADA

## CERTIFICATE OF SERVICE

I hereby certify that on September 13, 2024, a true and correct copy of the above and foregoing document has been served via electronic service and/or email to the following:

**Counsel for Defendants:**

| | |
|---|---|
| Devin Alexander | devin.alexander@cityofdenton.com |
| Mack Reinwald | mack.reinwald@cityofdenton.com |
| Jose (Joe) de la Fuente | jdelafuente@lglawfirm.com |
| James Parker | jparker@lglawfirm.com |
| Gabrielle Smith | gsmith@lglawfirm.com |
| Catherine Daniels | cdaniels@lglawfirm.com |
| Sydney Sadler | ssadler@lglawfirm.com |

*/s/ Jacob E. Przada*
Jacob E. Przada

3

MR 0449

# Exhibit K

Deposition Notice – Daryn Briggs

September 13, 2024

MR 0450

Cause No. 24-1005-481

| | | |
|---|---|---|
| THE STATE OF TEXAS, | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| CITY OF DENTON; GERARD | § | |
| HUDSPETH, Mayor of Denton; BRIAN | § | |
| BECK, Mayor Pro Tem of Denton; VICKI | § | DENTON COUNTY, TEXAS |
| BYRD, PAUL MELTZER, JOE | § | |
| HOLLAND, BRANDON CHASE | § | |
| McGEE, and JILL JESTER, Members of | § | |
| the City Council of Denton; SARA | § | |
| HENSLEY, City Manager of Denton; and | § | |
| JESSICA ROBLEDO, Interim Chief of | § | |
| Police of Denton; in their official capacities, | § | 481ST JUDICIAL DISTRICT |
| *Defendants.* | § | |

**PLAINTIFF'S NOTICE OF INTENT TO TAKE ORAL DEPOSITION OF
POLICE SERGEANT DARYN BRIGGS**

To:    Defendants, The City of Denton, Gerard Hudspeth, Brian Beck, Vicki Byrd, Paul Meltzer, Joe Holland, Brandon Chase McGee, Jill Jester, Sara Hensley, and Jessica Robledo, by and through their counsel of record, Devin Q. Alexander and Mack Reinwand of the DENTON CITY ATTORNEY'S OFFICE, 215 East McKinney, Denton, Texas 76201 and Jose E. De la Fuente, James F. Parker, Gabrielle C. Smith, and Sydney P. Sadler, of LLOYD GOSSELINK ROCHELE & TOWNSEND, P.C., 816 Congress Avenue,  Suite 1900, Austin, Texas 78701.

PLEASE TAKE NOTICE that pursuant to Texas Rule of Civil Procedure 199.2, Plaintiff, The State of Texas, will take the oral deposition of Denton Police Sgt. Daryn Briggs. Please take further notice that the deposition will be conducted remotely, using audio-visual conference technology (Zoom) on **Wednesday, October 9, 2024** at **9:00 a.m.** The deposition will be recorded by video and stenographic means and will continue for four (4) hours.

Participants are instructed to **register in advance** using the following link, specific to this deposition date:

**https://us02web.zoom.us/meeting/register/tZUtduCgpzIqH9cBwWqdz-55Mg61GYgY0OZJ**

MR 0451

After registering, participants will receive a confirmation email from Integrity Legal Support Solutions containing information and instructions for logging into this remote deposition.

Date: September 13, 2024

Respectfully Submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

AUSTIN KINGHORN
Deputy Attorney General for Legal Strategy

RYAN D. WALTERS
Chief, Special Litigation Division

*/S/ Jacob Przada*
**JACOB PRZADA**
Special Counsel
Tex. State Bar No. 24125371

OFFICE OF THE ATTORNEY GENERAL OF TEXAS
Special Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone.: (512) 463-2100
Jacob.Przada@oag.texas.gov

**COUNSEL FOR PLAINTIFF**

2

MR 0452

**CERTIFICATE OF CONFERENCE**

I hereby certify that on September 11, 2024, the undersigned attorney sought to confer with counsel for defendants via electronic mail, requesting a response by September 13 , 2024, as to whether Sgt. Briggs is available for a deposition on October 7, or 15, 2024. On September 13, 2024, counsel for defendants indicated via electronic mail that his clients are opposed to Plaintiff's jurisdictional depositions.

*/s/ Jacob E. Przada*
JACOB E. PRZADA

**CERTIFICATE OF SERVICE**

I hereby certify that on September 13, 2024, a true and correct copy of the above and forgoing document has been served via electronic service and/or email to the following:

**Counsel for Defendants:**

Devin Alexander          devin.alexander@cityofdenton.com
Mack Reinwald            mack.reinwald@cityofdenton.com
Jose (Joe) de la Fuente  jdelafuente@lglawfirm.com
James Parker             jparker@lglawfirm.com
Gabrielle Smith          gsmith@lglawfirm.com
Catherine Daniels        cdaniels@lglawfirm.com
Sydney Sadler            ssadler@lglawfirm.com

*/s/ Jacob E. Przada*
Jacob E. Przada

MR 0453

# Exhibit L

Deposition Notice – Chris Summit

September 13, 2024

MR 0454

# Exhibit L
## Page 1 of 3

Cause No. 24-1005-481

| | | |
|---|---|---|
| THE STATE OF TEXAS,<br>*Plaintiff,*<br><br>v.<br><br>CITY OF DENTON; GERARD HUDSPETH, Mayor of Denton; BRIAN BECK, Mayor Pro Tem of Denton; VICKI BYRD, PAUL MELTZER, JOE HOLLAND, BRANDON CHASE McGEE, and JILL JESTER, Members of the City Council of Denton; SARA HENSLEY, City Manager of Denton; and JESSICA ROBLEDO, Interim Chief of Police of Denton; in their official capacities,<br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT OF<br><br><br>DENTON COUNTY, TEXAS<br><br><br>481ST JUDICIAL DISTRICT |

**PLAINTIFF'S NOTICE OF INTENT TO TAKE ORAL DEPOSITION OF POLICE LIEUTENANT CHRIS SUMMITT**

To:   Defendants, The City of Denton, Gerard Hudspeth, Brian Beck, Vicki Byrd, Paul Meltzer, Joe Holland, Brandon Chase McGee, Jill Jester, Sara Hensley, and Jessica Robledo, by and through their counsel of record, Devin Q. Alexander and Mack Reinwand of the DENTON CITY ATTORNEY'S OFFICE, 215 East McKinney, Denton, Texas 76201 and Jose E. De la Fuente, James F. Parker, Gabrielle C. Smith, and Sydney P. Sadler, of LLOYD GOSSELINK ROCHELE & TOWNSEND, P.C., 816 Congress Avenue, Suite 1900, Austin, Texas 78701.

PLEASE TAKE NOTICE that pursuant to Texas Rule of Civil Procedure 199.2, Plaintiff, The State of Texas, will take the oral deposition of Denton Police Lt. Chris Summitt. Please take further notice that the deposition will be conducted remotely, using audio-visual conference technology (Zoom) on **Wednesday, October 9, 2024** at **2:00 p.m.** The deposition will be recorded by video and stenographic means and will continue for four (4) hours.

Participants are instructed to **register in advance** using the following link, specific to this deposition date:

**https://us02web.zoom.us/meeting/register/tZUtduCgpzIqH9cBwWqdz-55Mg61GYgY0OZJ**

**Exhibit L**
**Page 2 of 3**

After registering, participants will receive a confirmation email from Integrity Legal Support Solutions containing information and instructions for logging into this remote deposition.

Date: September 13, 2024

Respectfully Submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

AUSTIN KINGHORN
Deputy Attorney General for Legal Strategy

RYAN D. WALTERS
Chief, Special Litigation Division

*/S/ Jacob Przada*
**JACOB PRZADA**
Special Counsel
Tex. State Bar No. 24125371

OFFICE OF THE ATTORNEY GENERAL OF TEXAS
Special Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone.: (512) 463-2100
Jacob.Przada@oag.texas.gov

**COUNSEL FOR PLAINTIFF**

2

**Exhibit L**
**Page 3 of 3**

### CERTIFICATE OF CONFERENCE

I hereby certify that on September 11, 2024, the undersigned attorney sought to confer with counsel for defendants via electronic mail, requesting a response by September 13, 2024, as to whether Lt. Chris Summitt is available for a deposition on October 7, or 15, 2024. On September 13, 2024, counsel for defendants indicated via electronic mail that his clients are opposed to Plaintiff's jurisdictional depositions.

*/s/ Jacob E. Przada*
JACOB E. PRZADA

### CERTIFICATE OF SERVICE

I hereby certify that on September 13, 2024, a true and correct copy of the above and foregoing document has been served via electronic service and/or email to the following:

**Counsel for Defendants:**

Devin Alexander — devin.alexander@cityofdenton.com
Mack Reinwald — mack.reinwald@cityofdenton.com
Jose (Joe) de la Fuente — jdelafuente@lglawfirm.com
James Parker — jparker@lglawfirm.com
Gabrielle Smith — gsmith@lglawfirm.com
Catherine Daniels — cdaniels@lglawfirm.com
Sydney Sadler — ssadler@lglawfirm.com

*/s/ Jacob E. Przada*
Jacob E. Przada

MR 0457

# Exhibit M

Email from Defense Counsel

August 22, 2024

MR 0458

**Jacob Przada**
_____

| | |
|---|---|
| **From:** | Gabrielle Smith <gsmith@lglawfirm.com> |
| **Sent:** | Thursday, August 22, 2024 4:22 PM |
| **To:** | Jacob Przada; Jose de la Fuente |
| **Cc:** | Johnathan Stone |
| **Subject:** | RE: State of Texas v. City of Denton, et al. (24-1005-481) |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Hello Jacob,

Following up on this matter in line with my email this morning. I did want to follow up just a bit more regarding the need for discovery at this juncture. Per the State's petition "this is a case of pure law and discovery is unneeded." That is consistent with the prior setting in this matter. The proposed discovery plan discussed and captured in your email below seems at odds with that representation and also with the fact that there is a pending jurisdictional challenge.

Nonetheless, we appreciate the collegial working relationship the parties have had in this matter. We can agree to an August 30 disclosure deadline. Additionally, though we are not waiving any right to objection or challenge to any written discovery served and reserve all rights pending actual receipt and review of written discovery requests, you can send written discovery prior to the agreed disclosure deadline and we can stipulate that any response deadline would be calculated from the date of service. I would ask for more information regarding the need for and scope of depositions of the two City employees identified. If you could please advise further, that'd be helpful.

Thanks,

Gabrielle



**GABRIELLE SMITH**
Principal
512-322-5820   Direct
Lloyd Gosselink Rochelle & Townsend, P.C.
816 Congress Ave., Suite 1900, Austin, TX 78701
www.lglawfirm.com  |  512-322-5800

  

MR 0459

# Exhibit N

Email from Defense Counsel

September 13, 2024

MR 0460

**Jacob Przada**

___

| | |
|---|---|
| **From:** | Jose de la Fuente <jdelafuente@lglawfirm.com> |
| **Sent:** | Friday, September 13, 2024 10:41 AM |
| **To:** | Jacob Przada; Melissa Ethridge; Kyle Tebo |
| **Cc:** | Johnathan Stone; Gabrielle C. Smith; Catherine Daniels |
| **Subject:** | RE: Cause No. 24-1005-481; State v. City of Denton et al. |

Jacob,

We understand that the parties disagree on the issues. That's why we have courts to resolve such disputes. With that mutual understanding, we further understand that after conferring, we do not have an agreement on the scheduling of various hearings. In the absence of such agreement, the City intends to go forward with setting its Plea to the Jurisdiction for hearing pursuant to the Denton County local rules. We will be requesting a setting for one to two hours, depending on the court's availability. We understand that your office is unavailable for hearing in September and on October 1st, so we will request dates from the Court for the rest of October. You of course will be copied on our communication to the court.

As to your intention to notice depositions of six different Denton officers and employees, your office is of course free to send whatever deposition notices you wish. The City does not believe that any discovery of "jurisdictional facts" by the plaintiff is necessary or appropriate, particularly in a case in which the plaintiff had the burden of pleading specific acts that it contends would be in violation of the law/*ultra vires*. The City thus will move for protection as to the referenced notices of deposition if they are indeed sent, so at this point, we do not see the need for further discussion of schedule or logistics as to the depositions the plaintiff may seek.

We do note, however, that as the plaintiff contends that certain facts (as yet not identified) are relevant to the question of jurisdiction and should be subject to discovery, including facts known by Councilmember Brian Beck, Councilmember Joe Holland, City Manager Sara Hensley, Chief Jessica Robledo, Sgt. Daryn Briggs, and Lt. Chris Summitt, Rule 194.2(5) requires both identification of such persons and a statement of the subject matter of each such person's purported knowledge/connection to the case. Plaintiff's current disclosures do not disclose Sgt. Briggs or Lt. Summitt as persons with knowledge and further, what they might have knowledge about. We look forward to seeing your supplemented disclosures promptly.

Once we have dates for the hearing on the City's Plea to the Jurisdiction from the Court, we will endeavor to reach an agreement as to a date that works with your availability.

Sincerely,

Joe

**JOSE DE LA FUENTE**
Litigation Practice Group Chair

MR 0461



512-322-5849   Direct
512-844-9078
Lloyd Gosselink Rochelle & Townsend, P.C.
816 Congress Ave., Suite 1900, Austin, TX 78701
www.lglawfirm.com  |  512-322-5800

  

**From:** Jacob Przada <Jacob.Przada@oag.texas.gov>
**Sent:** Wednesday, September 11, 2024 3:30 PM
**To:** Jose de la Fuente <jdelafuente@lglawfirm.com>; Melissa Ethridge <methridge@lglawfirm.com>; Kyle Tebo <Kyle.Tebo@oag.texas.gov>
**Cc:** Johnathan Stone <Johnathan.Stone@oag.texas.gov>; Gabrielle Smith <gsmith@lglawfirm.com>; Catherine Daniels <cdaniels@lglawfirm.com>
**Subject:** RE: Cause No. 24-1005-481; State v. City of Denton et al.

Joe,

Texas cannot agree with your representation of the issues. You seem to insist that our jurisdictional discovery is not appropriate, while we believe our discovery is, in fact, necessary and appropriate at this time. Because in our previous call, you could not commit to how or whether the City would respond to the substance of our discovery requests–even though your team had told Texas to send written discovery–Texas cannot agree to waive any right to a hearing on jurisdictional discovery without seeing the City's responses to our discovery.

Courts have broad discretion and allow jurisdictional discovery as to key jurisdictional facts before a PTJ hearing is conducted. *See Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 642–43 (Tex. 2012); *see also Hearts Bluff Game Ranch, Inc. v. State*, 381 S.W.3d 468, 491 (Tex. 2012). Unless you are willing to agree to a hearing on the Plea to the Jurisdiction and Application for Temporary Injunction on December 9, 2024 without these new conditions, we cannot agree to a hearing on that date.

On Friday, we plan to notice depositions of the following individuals: (1) Councilmember Brian Beck, (2) Councilmember Joe Holland, (3) City Manager Sara Hensley, (4) Interim Police Chief Jessica Robledo, (5) City of Denton Police Sgt. Daryn Briggs, and (6) City of Denton Police Lt. Chris Summitt, in four-hour blocks during the weeks of October 7-11th or October 14-17th. We can conduct these depositions either at the City of Denton or a hotel conference room in the City, or remotely, depending on your team's availability.

- Councilmember Brian Beck (October 7th at 9:00am) or (October 15th at 9:00am)
- Councilmember Joe Holland (October 7th at 2:00pm) or (October 15th at 2:00pm)
- City Manager Sara Hensley (October 8th at 9:00am) or (October 16th at 9:00am)
- Interim Police Chief Jessica Robledo (October 8th at 2:00pm) or (October 16th at 2:00pm)
- City of Denton Police Sgt. Daryn Briggs (October 9th at 9:00am) or (October 17th at 9:00am)
- City of Denton Police Lt. Chris Summitt (October 9th at 2:00pm) or (October 17th at 2:00pm)

If we do not hear back from you by Friday at 3:30pm, we will be noticing these depositions for the above dates during the week of October 7-11th. And for clarity, in the event that the PTJ is set for a hearing prior to discovery, we will need to subpoena your relevant clients.

Best,

**Jacob E. Przada**
Special Counsel

MR 0462

Special Litigation Division
Office of the Attorney General of Texas
Telephone: (512) 936-2669
Email: jacob.przada@oag.texas.gov

**From:** Jose de la Fuente <jdelafuente@lglawfirm.com>
**Sent:** Tuesday, September 10, 2024 3:30 PM
**To:** Jacob Przada <Jacob.Przada@oag.texas.gov>; Melissa Ethridge <methridge@lglawfirm.com>; Kyle Tebo <Kyle.Tebo@oag.texas.gov>
**Cc:** Johnathan Stone <Johnathan.Stone@oag.texas.gov>; Gabrielle Smith <gsmith@lglawfirm.com>; Catherine Daniels <cdaniels@lglawfirm.com>
**Subject:** RE: Cause No. 24-1005-481; State v. City of Denton et al.

Jacob,

We understand that you do not agree with our position. We are not asking or suggesting that the OAG agree with our position (that the City will set the PTJ for an earlier hearing date if the OAG moves forward with any earlier hearing).

If, however, the OAG intends to represent to the court that the December 9th setting of the TI and PTJ together is "agreed," a condition of our agreement is the City's reservation of its right to seek an earlier setting of its PTJ – which we are informing you the city only intends to do in the even the OAG sets anything else for hearing before the December 9th date. To be clear, the City does not "agree" to a December 9th setting of the TI and PTJ with no reservation or condition. If the OAG is unwilling to acknowledge that the City will communicate any agreed setting on December 9th to the court subject to that condition, then it seems that we do not have an agreement as to a December 9th setting.

The City and the OAG see the discovery issue differently; that is okay, disputes will happen that cannot be resolved except by the court. But the City will not waive its right to respond to any effort by the OAG to compel discovery by asking the court to first determine the question of jurisdiction. If the OAG's condition is that the City must waive that right in order to reach an agreed setting for December 9th, then the City cannot agree to that condition, and it seems that we cannot reach an agreement on that setting date. If, on the other hand, the OAG is not making that a condition, then we can agree on that setting date. Please let us know which path the OAG chooses.

Joe



**JOSE DE LA FUENTE**

Litigation Practice Group Chair
512-322-5849 Direct
512-844-9078
Lloyd Gosselink Rochelle & Townsend, P.C.
816 Congress Ave., Suite 1900, Austin, TX 78701
www.lglawfirm.com | 512-322-5800

**From:** Jacob Przada <Jacob.Przada@oag.texas.gov>
**Sent:** Tuesday, September 10, 2024 3:23 PM
**To:** Jose de la Fuente <jdelafuente@lglawfirm.com>; Melissa Ethridge <methridge@lglawfirm.com>; Kyle Tebo <Kyle.Tebo@oag.texas.gov>
**Cc:** Johnathan Stone <Johnathan.Stone@oag.texas.gov>; Gabrielle Smith <gsmith@lglawfirm.com>; Catherine Daniels

<cdaniels@lglawfirm.com>
**Subject:** RE: Cause No. 24-1005-481; State v. City of Denton et al.

Joe,

We do not agree that the City has a right to have its PTJ heard at an earlier date if we seek to obtain a setting on a discovery-related issue, particularly in light of the fact that jurisdictional discovery has already been served. Therefore, we cannot agree that you can communicate a reservation of any "right" to have the PTJ heard sooner than the December 9, 2024 date. However, we do agree to the December 9, 2024 date for a hearing on the PTJ and TI and will notice the hearing.

Best,

**Jacob E. Przada**
Special Counsel
Special Litigation Division
Office of the Attorney General of Texas
Telephone: (512) 936-2669
Email: jacob.przada@oag.texas.gov

---

**From:** Jose de la Fuente <jdelafuente@lglawfirm.com>
**Sent:** Tuesday, September 10, 2024 2:01 PM
**To:** Jacob Przada <Jacob.Przada@oag.texas.gov>; Melissa Ethridge <methridge@lglawfirm.com>; Kyle Tebo <Kyle.Tebo@oag.texas.gov>
**Cc:** Johnathan Stone <Johnathan.Stone@oag.texas.gov>; Gabrielle Smith <gsmith@lglawfirm.com>; Catherine Daniels <cdaniels@lglawfirm.com>
**Subject:** RE: Cause No. 24-1005-481; State v. City of Denton et al.

Jacob,

Understanding that stated reservation, and understanding the City's position that there is no necessary or appropriate discovery as to jurisdictional facts, and because the time and expense of engaging in such discovery would be contrary to the purpose of ending a case when there is no jurisdiction, in the event that the OAG seeks to set any such hearing in advance of December 9th the City reserves its right to set its PTJ for hearing at the same time. So, we will inform the court to go forward with setting both the PTJ and the TI for hearing on December 9th. We will also inform the court that, in the event that any party sets any other matter for hearing ahead of that date, the City will ask the court to change the setting on the City's PTJ to that time. We just want to be transparent about our approach on this. We're not asking you to agree to that condition, we're just asking if you agree that we may communicate it to the court; that is, a communication that 1) the parties want the December 9th date, and 2) the City's agreement to this setting does not waive its right to have its PTJ heard sooner in the event that any other matter is set for hearing ahead of the December 9th date.

Thanks,

Joe

**JOSE DE LA FUENTE**
Litigation Practice Group Chair

MR 0464



512-322-5849  Direct
512-844-9078
Lloyd Gosselink Rochelle & Townsend, P.C.
816 Congress Ave., Suite 1900, Austin, TX 78701
www.lglawfirm.com  |  512-322-5800

  

**From:** Jacob Przada <Jacob.Przada@oag.texas.gov>
**Sent:** Tuesday, September 10, 2024 12:18 PM
**To:** Jose de la Fuente <jdelafuente@lglawfirm.com>; Melissa Ethridge <methridge@lglawfirm.com>; Kyle Tebo <Kyle.Tebo@oag.texas.gov>
**Cc:** Johnathan Stone <Johnathan.Stone@oag.texas.gov>; Gabrielle Smith <gsmith@lglawfirm.com>; Catherine Daniels <cdaniels@lglawfirm.com>
**Subject:** RE: Cause No. 24-1005-481; State v. City of Denton et al.

Good afternoon Joe,

Other than any necessary discovery-related matters, we agree to your request. Thank you for reaching out about this.

Best,

**Jacob E. Przada**
Special Counsel
Special Litigation Division
Office of the Attorney General of Texas
Telephone: (512) 936-2669
Email: jacob.przada@oag.texas.gov

**From:** Jose de la Fuente <jdelafuente@lglawfirm.com>
**Sent:** Tuesday, September 10, 2024 12:05 PM
**To:** Jacob Przada <Jacob.Przada@oag.texas.gov>; Melissa Ethridge <methridge@lglawfirm.com>
**Cc:** Johnathan Stone <Johnathan.Stone@oag.texas.gov>; Gabrielle Smith <gsmith@lglawfirm.com>; Catherine Daniels <cdaniels@lglawfirm.com>
**Subject:** RE: Cause No. 24-1005-481; State v. City of Denton et al.

Jacob and Jonathan,

Based on current schedules (including hearings and briefing schedules, as well as your information that you are not available in September), the December 9th date works for Denton.  We'd note that of all the dates previously discussed, that's *the* date that works.  We'd expect that the parties wouldn't set any other matters for hearing in the intervening period.  Can we agree on that hearing date for the PTJ and TI, and that approach (this will be the only hearing date set between now and then)?

Let us know, and we'll inform the court by reply-all to the court's email.

Thanks,

Joe

MR 0465



**JOSE DE LA FUENTE**

Litigation Practice Group Chair

512-322-5849   Direct

512-844-9078

Lloyd Gosselink Rochelle & Townsend, P.C.

816 Congress Ave., Suite 1900, Austin, TX 78701

www.lglawfirm.com  |  512-322-5800

  

**From:** Laurie Dipierro <Laurie.DiPierro@dentoncounty.gov>
**Sent:** Friday, September 6, 2024 12:57 PM
**To:** Jose de la Fuente <jdelafuente@lglawfirm.com>; Jacob Przada <Jacob.Przada@oag.texas.gov>; Melissa Ethridge <methridge@lglawfirm.com>
**Cc:** Johnathan Stone <Johnathan.Stone@oag.texas.gov>; Gabrielle Smith <gsmith@lglawfirm.com>; Catherine Daniels <cdaniels@lglawfirm.com>
**Subject:** RE: Cause No. 24-1005-481; State v. City of Denton et al.

For 1 day or less in-person, the 481st has the following available:

09/16/24: 9:30 am with Docket Call 09/12/24 at 3:00 pm (Judge Doug Robison visiting for trial date)
09/30/24: 9:30 am with Docket Call 09/19/24 at 3:00 pm (Judge Doug Robison visiting for docket call date)
11/12/24: 9:00 am with Docket Call 10/31/24 at 3:00 pm
12/09/24: 9:00 am with Docket Call 11/21/24 at 3:00 pm

**Please confer without me included and then include me back in to advise on what date you all agree**

Sincerely,
*Laurie DiPierro*
481st District Court Administrator
1450 E. McKinney Street, Floor 4
Denton, Texas 76209
940-349-2270
Laurie.DiPierro@dentoncounty.gov

**From:** Jose de la Fuente <jdelafuente@lglawfirm.com>
**Sent:** Thursday, September 5, 2024 10:37 AM
**To:** Laurie Dipierro <Laurie.DiPierro@dentoncounty.gov>; Jacob Przada <Jacob.Przada@oag.texas.gov>; Melissa Ethridge <methridge@lglawfirm.com>
**Cc:** Johnathan Stone <Johnathan.Stone@oag.texas.gov>; Gabrielle Smith <gsmith@lglawfirm.com>; Catherine Daniels <cdaniels@lglawfirm.com>
**Subject:** RE: Cause No. 24-1005-481; State v. City of Denton et al.

**CAUTION:** This email originated from outside the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe. Never enter your password or other sensitive information on linked web pages contained in emails unless you are certain the web pages are safe. If you have questions or need assistance, please contact the Help Desk.

Laurie,

MR 0466

As always, we very much appreciate the Court's responsiveness and accommodation in the parties' scheduling efforts in this matter.

Per the parties' recent discussions, as well as the Court's request that the parties confer and agree wherever possible, we respectfully request that the Court inform us of any dates in October when it would have 5 hours to hear both the City's Plea to the Jurisdiction and the State's request for Temporary Injunction.

Thank you for your response in advance, and please let us know if you have any questions or require any further information from us to assist in this matter.

Sincerely,

Jose de la Fuente
Counsel for the City of Denton



**JOSE DE LA FUENTE**
Litigation Practice Group Chair
512-322-5849   Direct
512-844-9078
Lloyd Gosselink Rochelle & Townsend, P.C.
816 Congress Ave., Suite 1900, Austin, TX 78701
www.lglawfirm.com  |  512-322-5800

**From:** Laurie Dipierro <Laurie.DiPierro@dentoncounty.gov>
**Sent:** Thursday, August 29, 2024 12:29 PM
**To:** Jacob Przada <Jacob.Przada@oag.texas.gov>; Melissa Ethridge <methridge@lglawfirm.com>
**Cc:** Johnathan Stone <Johnathan.Stone@oag.texas.gov>; Jose de la Fuente <jdelafuente@lglawfirm.com>; Gabrielle Smith <gsmith@lglawfirm.com>
**Subject:** RE: Cause No. 24-1005-481; State v. City of Denton et al.

I see the Defendants' Plea to the Jurisdiction filed on May 20th. Please note that the requirement is for counsel to confer upon dates provided by the Court prior to setting the hearing date with the Court. I have not yet provided those dates for you all to confer upon.

For two hours or less IN PERSON, the 481st has the following available:

September 17th at 1:30 p.m. (Judge Doug Robison visiting)
September 18th at 1:30 p.m. (Judge Doug Robison visiting)
September 19th at 1:30 p.m. (Judge Doug Robison visiting)
October 1st at 1:30 p.m.
October 29th at 1:30 p.m.
October 30th at 1:30 p.m.
November 13th at 1:30 p.m.

Please confer WITHOUT me included and then include me back in once you all have found a mutually agreeable date. Thank you.

Sincerely,
Laurie DiPierro

MR 0467

481st District Court Administrator
1450 E. McKinney Street, Floor 4
Denton, Texas 76209
940-349-2270
Laurie.DiPierro@dentoncounty.gov

**From:** Jacob Przada <Jacob.Przada@oag.texas.gov>
**Sent:** Thursday, August 29, 2024 10:38 AM
**To:** Melissa Ethridge <methridge@lglawfirm.com>; Laurie Dipierro <Laurie.DiPierro@dentoncounty.gov>
**Cc:** Johnathan Stone <Johnathan.Stone@oag.texas.gov>; Jose de la Fuente <jdelafuente@lglawfirm.com>; Gabrielle Smith <gsmith@lglawfirm.com>
**Subject:** RE: Cause No. 24-1005-481; State v. City of Denton et al.

**CAUTION:** This email originated from outside the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe. Never enter your password or other sensitive information on linked web pages contained in emails unless you are certain the web pages are safe. If you have questions or need assistance, please contact the Help Desk.

Good morning Ms. Dipierro,

Plaintiff has contacted Counsel for Defendants to discuss dates, but Counsel did not respond.

Defendants have **_not met and conferred._** We ask the Court to allow us to hear back from Defendants before Defendants seek an arbitrary date that does not work for Plaintiff.

Best,

**Jacob E. Przada**
Special Counsel
Special Litigation Division
Office of the Attorney General of Texas
Telephone: (512) 936-2669
Email: jacob.przada@oag.texas.gov

**From:** Melissa Ethridge <methridge@lglawfirm.com>
**Sent:** Thursday, August 29, 2024 10:30 AM
**To:** Laurie Dipierro <laurie.dipierro@dentoncounty.gov>
**Cc:** Jacob Przada <Jacob.Przada@oag.texas.gov>; Johnathan Stone <Johnathan.Stone@oag.texas.gov>; Jose de la Fuente <jdelafuente@lglawfirm.com>; Gabrielle Smith <gsmith@lglawfirm.com>
**Subject:** Cause No. 24-1005-481; State v. City of Denton et al.

Good morning Ms. Dipierro,

We are looking for available dates in September or October to set our Plea to the Jurisdiction in the above-referenced case. We believe 2 hours should be sufficient. When you have a moment, could you please let me know the Court's availability?

Thanks very much,

MR 0468

Melissa



**MELISSA ETHRIDGE**

Paralegal

512-322-5838   Direct

Lloyd Gosselink Rochelle & Townsend, P.C.

816 Congress Ave., Suite 1900, Austin, TX 78701

www.lglawfirm.com  |  512-322-5800

  

****ATTENTION TO PUBLIC OFFICIALS AND OFFICIALS WITH OTHER INSTITUTIONS SUBJECT TO THE OPEN MEETINGS ACT ****

A "REPLY TO ALL" OF THIS EMAIL COULD LEAD TO VIOLATIONS OF THE TEXAS OPEN MEETINGS ACT. PLEASE REPLY ONLY TO LEGAL COUNSEL.

CONFIDENTIALITY NOTICE:
This email (and all attachments) is confidential, legally privileged, and covered by the Electronic Communications Privacy Act. Unauthorized use or dissemination is prohibited. If you have received this message in error please delete it immediately. For more detailed information click http://www.lglawfirm.com/email-disclaimer/ .

NOT AN E-SIGNATURE:
No portion of this email is an "electronic signature" and neither the author nor any client thereof will be bound by this e-mail unless expressly designated as such as provided in more detail at www.lglawfirm.com/electronic-signature-disclaimer/ .

MR 0469

# Exhibit O

Texas's Discovery Deficiency Letter to Defendants

October 4, 2024

MR 0470



**KEN PAXTON**
ATTORNEY GENERAL OF TEXAS

**Jacob Przada**
Special Counsel for Civil Litigation

Telephone: (512) 463-2100
Facsimile: (512) 457-4410
Jacob.przada@oag.texas.gov

October 4, 2024

LLOYD GOSSELINK ROCHELLE & TOWNSEND, P.C.   *via electronic mail* to:
Jose (Joe) de la Fuente          jdelafuente@lglawfirm.com
James Parker                     jparker@lglawfirm.com
Gabrielle Smith                  gsmith@lglawfirm.com
Sydney Sadler                    ssadler@lglawfirm.com
Catherine Daniels                cdaniels@lglawfirm.com
800 Congress Avenue, Suite 1900
Austin, Texas 78701

DENTON CITY ATTORNEY'S OFFICE
Devin Q. Alexander               devin.alexander@cityofdenton.com
Mack Reinwand                    mack.reinwand@cityofdenton.com
215 East McKinney                amy.hoffee@cityofdenton.com
Denton, Texas 76201

RE:   Discovery Deficiency Conference
      Cause No. 24-1005-481, *State of Texas v. City of Denton, et al.*, In the 481st Civil District
      Court of Denton County

Dear Counsel:

We have reviewed Defendants' September 30, 2024 Responses to Plaintiff's First Set of Interrogatories, Requests for Production, and Requests for Admission (Defendants' responses), and find that they do not represent a good faith effort to comply with the rules governing discovery. The State of Texas invites Defendants to reconsider the deficient responses it tendered to the twenty-two interrogatories, twenty-four requests for production, and fifteen requests for admission that Texas served on August 30, 2024.

Defendants' responses did not provide answers to the majority of Texas's written discovery requests. Instead, Defendants asserted boilerplate objections to every discovery request without a valid explanation, produced essentially no responsive records, and either declined to answer, or otherwise answered discovery "subject to and without waiving the [] objections." Almost all of Defendants' responses asserted the following boilerplate objection:

> Defendants object to this Interrogatory as they are immune from suit. Defendants'
> Plea to the Jurisdiction is pending before the Court, and the discovery sought is both

MR 0471

irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. The State's claim in this case solely concerns official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Defendants also object that the information sought by this Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence.

*See generally*, Defs.' responses (citations omitted).

However, objections to written discovery "must state *specifically* the legal or factual basis for the objection." Tex. R. Civ. P. 193.2(a) (emphasis added). Accordingly, the Rules call for "reasonably tailored responses to discovery requests" rather than "boiler plate discovery . . responses." *In re Shipmon*, 68 S.W.3d 815, 821 (Tex. App.—Amarillo 2001, no pet.). Here, Texas has served appropriately tailored discovery based on relevant jurisdictional matters. None of the discovery requests seek information readily available to Texas. None ask Defendants to make a legal concession. Nor does Texas fail to identify an appropriate document or category of documents requested. However, Defendants lodge these boilerplate objections without any explanation to allow for a reasonable resolution to discovery disputes. Defendants have not provided proper responses to Texas's discovery requests and have failed to offer either cognizable objections or proper context for those objections. Texas respectfully requests a fuller, more considered response.

To the extent that Texas's discovery imposes real burdens on Defendants, Texas would have been and now remains open to conferring with Defendants about their responses. Texas hopes to reach a consensus with Defendants on requests that can be clarified and fulfilled, and also objections that can be clarified and/or waived.

- **Jurisdictional Discovery Objections:**

Under the Rules, Defendants are not permitted to withhold responsive answers to preliminary discovery requests on the premise that discovery is improper prior to a decision on their Plea to the Jurisdiction (PTJ). In fact, "[t]rial courts considering a plea to the jurisdiction have broad discretion to allow 'reasonable opportunity for targeted discovery.'" *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 642–43 (Tex. 2012). Defendants must comply with their "duty to make a complete response" to Texas's discovery requests, even as their PTJ is pending. Tex. R. Civ. P. 193.1.

Further, Defendants are not immune from the instant suit or accompanying discovery process. The State has pled a valid exception to governmental immunity, which its written discovery will elucidate. Defendants cannot refuse to produce information relevant to jurisdictional facts while touting the excuse that jurisdiction is lacking, without blatant prejudice to Texas.

MR 0472

October 4, 2024
Discovery Deficiency Conference
**3 |** P a g e

- **Overbroad, Unduly Burdensome, Vague, Ambiguous, and Unclear Objections:**

Moreover, in addition to this repeated jurisdictional discovery objection, Defendants objected to several of Texas's written discovery requests as overbroad, unduly burdensome, or vague and/or ambiguous, and unclear. But "a responding party who objects to a request for production because is it overbroad, unduly burdensome, vague, ambiguous, or unreasonably cumulative or duplicative should explain why the discovery request suffers from each asserted deficiency." *In re Park Cities Bank*, 409 S.W.3d 859, 876-77 (Tex. App.—Tyler 2013, no pet.); *see also In re K & L Auto Crushers, LLC*, 627 S.W.3d 239, 253 (Tex. 2021) (stating "a party resisting discovery must do more than make conclusory allegations that the requested discovery is unduly burdensome.") (citation omitted). Because Defendants did no more than assert these objections without further explanation, Texas has not received adequate discovery responses.

Defendants object as overbroad, unduly burdensome, vague, ambiguous, or unclear to the following discovery requests:

| Overbroad | **Interrogatory Nos.:** 2, 5, 7, 20, 21 |
|---|---|
| | **Request for Production Nos.:** 1, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23 |
| | **Request for Admission Nos.:** 6, 11, 12, 13, 14, 15 |
| **Unduly Burdensome** | **Interrogatory Nos.:** 7, 20, 21 |
| | **Request for Production Nos.:** 1, 3, 4, 5, 8, 9, 10, 11, 12, 13, 14 |
| **Vague** | **Interrogatory Nos.:** 2, 7, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21 |
| | **Request for Production Nos.:** 9, 11, 15, 16, 17, 18, 19, 20, 21, 22, 23 |
| | **Request for Admission Nos.:** 1, 4, 6, 11, 12, 13, 14, 15 |
| **Ambiguous or Unclear** | **Interrogatory Nos.:** 10, 11, 12, 13, 14, 15, 16, 17, 18, 19 |
| | **Request for Production Nos.:** 9, 11, 15, 16, 17, 18, 19, 20, 21, 22, 23 |

However, Defendants provide no valid explanation in support of these assertions. Notably, the party asserting an objection on such grounds must provide an explanation in support thereof. *In re Volt Power, LLC*, No. 12-23-00047-CV, 2023 WL 2804430, at *7 (Tex. App.—Tyler Apr. 5, 2023) (citation omitted).

Defendants however have not described the burdens that compliance would create nor explained how the requests are disproportionate to the needs of the case. In fact, Defendants have provided no valid explanation whatsoever to support these objections. Because these objections are insufficient, Defendants should withdraw them and meaningfully respond.

October 4, 2024
Discovery Deficiency Conference
**4** | P a g e

---

- **Definitions Objections:**

Defendants objected to many of Texas's definitions that use the plain meaning of the word. For example, Defendants objected to definitions pulled from online dictionaries on the basis that they gave the terms "legal significance" and were "in conflict with the plain meaning." To the extent Defendants have refused to answer requests based on their objections to definitions, Defendants have shirked their responsibility of a good faith response to written discovery.

We notice Defendants also objected to Request for Admission 13, because it was "vague and overbroad as to the term 'training.'" As with Defendants' other objections, Defendants did not explain how "training" is objectionable. The word is used in its ordinary sense in Request for Admission No. 13, so it is not vague. Tellingly, Defendants understood the meaning of "training" in Request for Production Nos. 17 and 18, where it appears in nearly identical contexts as Request for Admission 13, perfectly well. Nor is the term overbroad just because its plain meaning encompasses a wide range of responsive information—if that is the missing explanation for Defendants' missing answer. *See In re Alford Chevrolet-Geo*, 997 S.W.2d 173, 180 n.1 ("the sheer volume of a discovery request does not in itself render the request irrelevant or overbroad."). Defendants should withdraw these objections and substantively respond.

- **Subject to and Without Waiving the Foregoing Objections:**

Defendants respond to various discovery requests utilizing the language "[s]ubject to and without waiving the foregoing objections." Defendants' responses that are "[s]ubject to and without waiving the foregoing objections" violate Texas Rule of Civil Procedure 193.2 as they do not "state . . . the extent to which the party is refusing to comply with the request" and  state the "factual basis for the objection," since they hide necessary context about what information or material is being provided or withheld. Tex R. Civ. P. 193.2(a), (c). Defendants' responses to Interrogatory Nos. 3 and 4; Request for Production Nos. 1, 2, 4, 15, 16, 18, 21, 22, 23, and 24; and Request for Admission Nos. 1, 2, 3, 4, 6, 10, 11, 12, 13, 14, and 15 all contain this deficient language. Defendants should withdraw this non-responsive, deficient language and provide complete responses to Interrogatory Nos. 3 and 4; Request for Production Nos. 1, 2, 4, 15, 16, 18, 21, 22, 23, and 24; and Request for Admission Nos. 1, 2, 3, 4, 6, 10, 11, 12, 13, 14, and 15.

- **The Common Interest Privilege Objections:**

Defendants assert the common interest privilege to Interrogatory No. 5 and Request for Production Nos. 6 and 7. This privilege only extends to communications between attorneys concerning litigation. "[T]he rule, as one of its objectives, creates a privilege for a client to prevent the disclosure of confidential communications *made for the purpose of facilitating the rendering of professional legal services*, when such communications are *made by the client's lawyer to a lawyer representing another party in a pending action* and concerning a matter of common interest." *In re*

MR 0474

October 4, 2024
Discovery Deficiency Conference
**5 |** P a g e

---

*Seigel*, 198 S.W.3d 21, 27 (Tex. App.—El Paso 2006, mandamus, den'd); *In re Skiles,* 102 S.W.3d 323, 326-27 (Tex. App.—Beaumont 2003, orig. proceeding); *In re XL Specialty Ins. Co.*, 373 S.W.3d 46, 53 (Tex. 2012).

Our discovery requests were not targeted to discussions between attorneys that could be subject to the common interest privilege. Significantly, we have reason to believe Defendants are currently withholding responsive information due to this mistaken privilege assertion. City Manager Sara Hensley indicated that *she* had communicated with city officials regarding the Marijuana Ordinance. *See* City Council Meeting Transcript, Feb. 21, 2023, 2:56:25-2:58:00 (discussing meetings between City Manager Hensley and City Managers of Harker Heights, Killeen, and Austin, in addition to meetings between City of Denton Police Officials and San Marcos relating to the Marijuana Ordinance). These communications are not subject to the common interest privilege. *See id.*

Moreover, any other communications that are not between lawyers in a pending action are not subject to the common interest privilege. *See id*. As a result, Defendants must withdraw these objections and respond to Interrogatory No. 5 and Request for Production Nos. 6 and 7.

- **Criminal and [Civil] Judicial Records Objections:**

Defendants object to Request for Production Nos. 15, 16, 21, 22, 23 "to the extent that they request criminal or judicial records." Texas clarifies that it does not request criminal or [civil] judicial records and demands that Defendants withdraw these objections and provide a substantive response to Request for Production Nos. 15, 16, 21, 22, 23.

- **"Explain" a Policy or Similar Matter Objections:**

Defendants object to Request for Production Nos. 10, 11, 12, 13, 14, 15, 16, 17, 18, and 19, stating that the discovery requests "ask[] a party to 'explain' a policy or similar matter." First, in the instructions, Texas states that: "explain" when referring to document or policy, means Defendants must state the following: (1) the nature of the document (e.g., letter, handwritten note), (2) the title or heading that appears on the document, (3) the date of the document and the date of each addendum, supplement, or other addition or change, (4) the identities of the author, signer of the document, and person on whose behalf or at whose request or direction the document was prepared or delivered, (5) the present location of the document and the name, address, position or title, and telephone number of the person or persons having custody of the document, and (6) a summary of the contents of the document. Defendants have been provided unambiguous instructions on how to "explain" a policy. Defendants must withdraw their objections and meaningfully respond to Request for Production Nos. 10, 11, 12, 13, 14, 15, 16, 17, 18, and 19.

October 4, 2024
Discovery Deficiency Conference
**6** | P a g e

- **Third Parties:**

Defendants object to Interrogatory 7 "to the extent that it seeks information regarding third parties that are not within Defendants' control." Texas clarifies that it does not ask for information regarding third parties that are not within Defendants' control and demands a response to the above-referenced discovery requests. Therefore, Defendants must withdraw this objection and provide a fulsome response to Interrogatory 7.

Because of these deficiencies, Texas insists that Defendants withdraw their objections or amend their deficient responses and fully respond, indicating if any information has been withheld. Defendants have the burden of pleading and proving the basis for objections. *In re Univar USA, Inc.*, 311 S.W.3d 175 (Tex. App. Beaumont 2010, no pet.). Please advise us regarding your availability for a meet and confer on these outstanding discovery issues.

Sincerely,

*/s/ Jacob Przada*
JACOB PRZADA
Special Counsel
jacob.przada@oag.texas.gov

KYLE TEBO
Special Counsel
kyle.tebo@oag.texas.gov

OFFICE OF THE ATTORNEY GENERAL OF TEXAS
COUNSEL FOR PLAINTIFF, THE STATE OF TEXAS

MR 0476

# Exhibit P

Email from Defense Counsel

October 14, 2024

MR 0477

**Jacob Przada**

| | |
|---|---|
| **From:** | Gabrielle C. Smith <gsmith@lglawfirm.com> |
| **Sent:** | Monday, October 14, 2024 5:02 PM |
| **To:** | Jacob Przada; Kyle Tebo |
| **Cc:** | Jose de la Fuente; Alexander, Devin Q |
| **Subject:** | State v. Denton et al.; Discovery Follow-up |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Hi Jacob,

Following up on the discussion with our team last week regarding discovery matters. While we appreciate the opportunity to confer and the discussion that was had, it is clear that the parties have significantly different views of the jurisdictional question before the Court, and any potential related discovery.

That being said, to the extent we can narrow any dispute, Denton wants to do that. In that spirit, and after further consideration following our conference, Denton is willing to revise its response/objections in part. Based on your representation and clarification that Interrogatory No. 7 does not seek information regarding third parties that are not in Denton's control, Denton withdraws its objection stated as "to the extent [this request] seek information regarding third parties that are not in Defendant's control." However, Denton stands on its remaining objections, and therefore does not have any additional response to this interrogatory. Further, Defendants maintain their remaining objections to the other requests.

Understanding that the parties may still have some disagreement, please advise as the State's position on Defendant's discovery response as amended above.

Regards,

Gabrielle



  

**GABRIELLE C. SMITH**
Principal
512-322-5820   Direct
Lloyd Gosselink Rochelle & Townsend, P.C.
816 Congress Ave., Suite 1900, Austin, TX 78701
www.lglawfirm.com  |  512-322-5800

****ATTENTION TO PUBLIC OFFICIALS AND OFFICIALS WITH OTHER INSTITUTIONS SUBJECT TO THE OPEN MEETINGS ACT ****

A "REPLY TO ALL" OF THIS EMAIL COULD LEAD TO VIOLATIONS OF THE TEXAS OPEN MEETINGS ACT. PLEASE REPLY ONLY TO LEGAL COUNSEL.

MR 0478

CONFIDENTIALITY NOTICE:
This email (and all attachments) is confidential, legally privileged, and covered by the Electronic Communications Privacy Act. Unauthorized use or dissemination is prohibited. If you have received this message in error please delete it immediately. For more detailed information click http://www.lglawfirm.com/email-disclaimer/ .

NOT AN E-SIGNATURE:
No portion of this email is an "electronic signature" and neither the author nor any client thereof will be bound by this e-mail unless expressly designated as such as provided in more detail at www.lglawfirm.com/electronic-signature-disclaimer/ .

MR 0479

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jacob Przada on behalf of Jacob Przada
Bar No. 24125371
jacob.przada@oag.texas.gov
Envelope ID: 93300996
Filing Code Description: Motion to Compel
Filing Description: Texas's Motion to Compel Depositions and Written Discovery and Response to Motion to Quash and Motions for Protective Order
Status as of 10/18/2024 8:43 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Richard Gladden | | richscot1@hotmail.com | 10/17/2024 9:35:27 PM | SENT |
| Richard Gladden | | richscot1@hotmail.com | 10/17/2024 9:35:27 PM | SENT |
| Bonnie Freymuth | | bonnie.freymuth@oag.texas.gov | 10/17/2024 9:35:27 PM | SENT |
| Sharon Murray | | sharon.murray@oag.texas.gov | 10/17/2024 9:35:27 PM | SENT |

Associated Case Party: The State Of Texas

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Johnathan Stone | 24071779 | Johnathan.Stone@oag.texas.gov | 10/17/2024 9:35:27 PM | SENT |
| Jacob Przada | 24125371 | jacob.przada@oag.texas.gov | 10/17/2024 9:35:27 PM | SENT |
| Tamera Martinez | | tamera.martinez@oag.texas.gov | 10/17/2024 9:35:27 PM | SENT |
| Kyle Tebo | | Kyle.Tebo@oag.texas.gov | 10/17/2024 9:35:27 PM | SENT |

Associated Case Party: The City Of Denton, Texas

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Amy Hoffee | | amy.hoffee@cityofdenton.com | 10/17/2024 9:35:27 PM | SENT |
| Devin Q.Alexander | | Devin.Alexander@cityofdenton.com | 10/17/2024 9:35:27 PM | SENT |
| Mack Reinwand | | mack.reinwand@cityofdenton.com | 10/17/2024 9:35:27 PM | SENT |
| Jose E.de la Fuente | | jdelafuente@lglawfirm.com | 10/17/2024 9:35:27 PM | SENT |
| James F.Parker | | jparker@lglawfirm.com | 10/17/2024 9:35:27 PM | SENT |
| Gabrielle C.Smith | | gsmith@lglawfirm.com | 10/17/2024 9:35:27 PM | SENT |

MR 0480

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jacob Przada on behalf of Jacob Przada
Bar No. 24125371
jacob.przada@oag.texas.gov
Envelope ID: 93300996
Filing Code Description: Motion to Compel
Filing Description: Texas's Motion to Compel Depositions and Written Discovery and Response to Motion to Quash and Motions for Protective Order
Status as of 10/18/2024 8:43 AM CST

Associated Case Party: The City Of Denton, Texas

| | | | | |
|---|---|---|---|---|
| Gabrielle C.Smith | | gsmith@lglawfirm.com | 10/17/2024 9:35:27 PM | SENT |
| Sydney P.Sadler | | ssadler@lglawfirm.com | 10/17/2024 9:35:27 PM | SENT |

Associated Case Party: Gerard  Hudspeth

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Devin Q.Alexander | | Devin.Alexander@cityofdenton.com | 10/17/2024 9:35:27 PM | SENT |

Associated Case Party: Brian  Beck

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Devin Q.Alexander | | Devin.Alexander@cityofdenton.com | 10/17/2024 9:35:27 PM | SENT |

Associated Case Party: Vicki  Byrd

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Devin Q.Alexander | | Devin.Alexander@cityofdenton.com | 10/17/2024 9:35:27 PM | SENT |

Associated Case Party: Paul Meltzer

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Devin Q.Alexander | | Devin.Alexander@cityofdenton.com | 10/17/2024 9:35:27 PM | SENT |

Associated Case Party: Joe Holland

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jacob Przada on behalf of Jacob Przada
Bar No. 24125371
jacob.przada@oag.texas.gov
Envelope ID: 93300996
Filing Code Description: Motion to Compel
Filing Description: Texas's Motion to Compel Depositions and Written Discovery and Response to Motion to Quash and Motions for Protective Order
Status as of 10/18/2024 8:43 AM CST

Associated Case Party: Joe Holland

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Devin Q.Alexander | | Devin.Alexander@cityofdenton.com | 10/17/2024 9:35:27 PM | SENT |

Associated Case Party: Brandon Chase McGee

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Devin Q.Alexander | | Devin.Alexander@cityofdenton.com | 10/17/2024 9:35:27 PM | SENT |

Associated Case Party: Chris Watts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Devin Q.Alexander | | Devin.Alexander@cityofdenton.com | 10/17/2024 9:35:27 PM | SENT |

Associated Case Party: Sara  Hensley

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Devin Q.Alexander | | Devin.Alexander@cityofdenton.com | 10/17/2024 9:35:27 PM | SENT |

Associated Case Party: Doug Shoemaker

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Devin Q.Alexander | | Devin.Alexander@cityofdenton.com | 10/17/2024 9:35:27 PM | SENT |

| | | |
|---|---|---|
| THE STATE OF TEXAS, <br> *Plaintiff*, | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| v. | §<br>§ | |
| CITY OF DENTON; GERARD HUDSPETH, Mayor of Denton; BRIAN BECK, Mayor Pro Tem of Denton; VICKI BYRD, PAUL MELTZER, JOE HOLLAND, BRANDON CHASE MCGEE, AND CHRIS WATTS, Members of the City Council of Denton; SARA HENSLEY, City Manager of Denton; and DOUG SHOEMAKER, Chief of Police of Denton; in their official capacities, <br> *Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | DENTON COUNTY, TEXAS<br><br><br><br><br>481ST JUDICIAL DISTRICT |

---

**PLAINTIFF'S SUPPLEMENTAL BRIEF**
**REGARDING THE ORDER OF HEARINGS**

---

### INTRODUCTION

Plaintiff, the State of Texas ("Texas") has served limited discovery on Defendants that is narrowly tailored to clarify disputed fact issues pertaining to this Court's subject matter jurisdiction. Defendants objected to and otherwise refused to answer Texas' discovery requests, prompting Texas to move the Court to compel Defendants to respond. Texas now seeks to have its Motion to Compel heard prior to Defendants' Plea to the Jurisdiction. At the heart of both that issue and Texas's Motion to Compel is the same question: whether certain disputed facts are material to the Court's jurisdiction. When a court's subject matter jurisdiction hinges on unresolved fact issues, a district court must postpone deciding its jurisdiction. Put another way, if the Court agrees with the merits of Texas' Motion to Compel, then it must defer consideration of Defendants' Plea to the Jurisdiction. Therefore, the Motion to Compel must be decided prior to

1

MR 0483

Defendants' Plea. As a result, the interests of judicial economy will be best served if the Court first considers Texas's Motion to Compel.

## Background

On November 22, 2022, the City of Denton adopted an ordinance (the "Ordinance") that prohibits Denton police and other municipal employees from enforcing state laws prohibiting possession of marijuana. Pl.'s Orig. Pet., Appl. for Temp. Inj. and Perm. Inj. (Orig. Pet.) at Ex. 2. On January 31, 2024, the State of Texas sued the City and named City officials alleging that the Ordinance violates State law and that by adopting it Defendants had acted *ultra vires* their lawful authority. *Id.* at 1–5.

Defendants responded by filing their Plea to the Jurisdiction on May 20, 2024, arguing that, despite appearances, Defendants had not taken any action to either adopt or implement the Ordinance. *See, e.g.*, Def. PTJ at 1–3, 16–19. Defendants' Plea relied on factual allegations asserting that the City has disclaimed the Ordinance and has continued to fully enforce State drug laws. *Id.* at 1–3. In support of these contentions, Defendants included public statements by various City officials and signed affidavits from the City Manager and Interim Police Chief. *See* Def. PTJ Ex. D, E. But contrary to these contentions, other City officials have claimed or implied that the Ordinance has been implemented in direct defiance of State law.

Texas served written discovery and deposition notices on Defendants on August 30, 2024, and September 13, 2024, respectively, intending to investigate the City's treatment of its Ordinance and compliance with State law. Defendants argue that Texas's discovery was improper because the question of this Court's jurisdiction can be resolved without development of the facts. *See, e.g.* Def. Mtn. to Quash at 2–3. They have therefore refused to respond to any of Texas's discovery or to produce witnesses for deposition and have moved for protective orders. In response, Texas filed its Motion to Compel Depositions and Written Discovery and Response to Defendants' Motion to Quash and Motions for Protective Order ("Texas' Discovery Motion") requesting the Court grant Plaintiff an opportunity to take jurisdictional discovery.

2

MR 0484

On November 5, 2024, the Court instructed Texas to provide a brief "indicat[ing] by what authority...Judge is able to take up discovery before she hears the Plea to the Jurisdiction." In compliance therewith, Texas submits this Supplemental Brief for the Court's consideration.

**STANDARD**

**A. The Court has discretion over the order in which it takes up motions.**

"Trial courts are generally granted considerable discretion when it comes to managing their dockets." *In re Conner*, 458 S.W.3d 532 (Tex. 2015); *see also In re UpCurve Energy Partners, LLC*, 632 S.W.3d 254, 257–58 (Tex. App.—El Paso 2021, no pet.) ("We ... recognize that courts have inherent authority to manage their dockets."); *In re Marriage of Harrison*, 557 S.W.3d 99, 137 (Tex. App.—Houston [14th Dist.] 2018, pet. denied) ("The judge, not the litigant, controls the trial court docket*."*). Thus, absent clear limitation by rule or statute, "[t]he control of the business of the court is vested in the sound discretion of the trial judge." *In re State ex rel. Skurka*, 512 S.W.3d 444, 452 (Tex. App.—Corpus Christi–Edinburg 2016, no pet.).

The Court's "inherent authority" to manage its docket entails that "the court has full discretion, where two or more motions are pending at the same time, as to which motion to hear first." 60 C.J.S. Motions and Orders § 36; *accord State of Ga. v. Loveless*, 454 F.2d 1209, 1210 (5th Cir. 1972) ("It was within the discretion of the district court to give precedence to the motion to remand" over Defendant's motion to dismiss); *In re Tijerina*, No. 13-21-00305-CV, 2021 WL 6067351 (Tex. App.—Corpus Christi–Edinburg Dec. 22, 2021, no pet.) (implying district courts "inherent authority" over its docket allowed it to decline to set multiple motions for the same hearing).

**B. The Court must consider disputed facts before ruling on an evidence-based plea to the jurisdiction.**

Jurisdictional challenges come in two types. "Typically, the plea [to the jurisdiction] challenges whether the plaintiff has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the case. However, a plea to the jurisdiction can also properly challenge the

3

existence of those very jurisdictional facts." *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 635 (Tex. 2012). When the parties dispute "the existence of jurisdictional facts, we must move beyond the pleadings and consider evidence when necessary to resolve the jurisdictional issues." *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 770 (Tex. 2018).

"If the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction." *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227–28 (Tex. 2004). Only "if the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law." *Id.* at 228.

## Argument

The Court should hear Texas's Discovery Motion first. The order in which motions are heard falls within the district court's discretion. Moreover, when the court's subject matter jurisdiction hinges on unresolved fact issues, courts should postpone judgment on jurisdictional challenges and permit limited discovery into disputed jurisdictional facts. Here, discovery into the City's conduct concerning the Ordinance, the apparent decline in enforcement of misdemeanor marijuana possession, conflicting statements by Denton city officials concerning compliance with State drug laws and related matters would clarify whether Defendants have *actually* taken action to implement the Ordinance. Such facts are necessary for the Court to resolve Defendants' jurisdictional challenge. Additionally, prioritizing Texas's Discovery Motions satisfies judicial economy and does not prejudice Defendants.

### A. The Court should grant limited discovery before adjudicating Defendants' Plea to the Jurisdiction.

When jurisdictional facts are in dispute—a common occurrence in *ultra vires* claims against a government official—a court must resolve those facts prior to determining whether it has jurisdiction. *Garcia*, 372 S.W.3d at 635, 642–43. The Court then decides the jurisdictional challenge by the same standard it would decide a motion for summary judgment. *Miranda*, 133 S.W.3d at 228. In such cases, limited jurisdictional discovery is appropriate. *Garcia*, 372 S.W.3d at 635, 642–43.

4

MR 0486

Preliminary discovery is therefore necessary and appropriate "[w]hen the consideration of a trial court's subject matter jurisdiction requires the examination of evidence." *Miranda*, 133 S.W.3d at 227. Therefore, when development of the factual record would help the court decide its jurisdiction, courts may—and should—permit "targeted discovery. . . to illuminate jurisdictional facts." *Hearts Bluff Game Ranch, Inc. v. State*, 381 S.W.3d 468, 491 (Tex. 2012).

Faced with a fact-heavy plea to the jurisdiction, "the trial court should deny the plea" or "allow reasonable opportunity for targeted discovery." *Garcia,* 372 S.W.3d at 643. Importantly, district courts may not rule on a jurisdictional plea if the Court's jurisdiction depends on disputed facts. *Id*. at 635 ("[i]f a fact issue exists, the trial court should deny the plea."); *Miranda*, 133 S.W.3d at 227–28 ("If the evidence [before the Court] creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction"). Thus, if the Court finds that the question of its jurisdiction in intertwined with disputed facts, the Court has two procedural vehicles with which it can handle Defendants' Plea: either carry the Plea and permit discovery tailored to "jurisdictional facts" or deny the Plea without prejudice and allow the case to proceed to discovery. *Garcia*, 372 S.W.3d at 643.

In the instant case, numerous disputed facts cloud the question of this Court's jurisdiction. The following comprises a non-exhaustive list:

- Different City officials have made conflicting statements about whether the City is still enforcing misdemeanor marijuana possession. Defendants Hudspeth, Beck, and Hensley have made public statements either expressly or implicitly denying that the State's marijuana possession law is still fully enforced. *See* Pl. Mtn. to Compel at 7–9 (collecting publicly available evidence).
- On the other hand, other City officials have denied that the City has or will implement the Ordinance. They include Defendant Hensley, who has thus offered conflicting assessments of the Ordinance, and Police Chief Jessica Robledo. Def. PTJ Ex. D, E.
- Despite these statements, citations and arrests by the Denton Police Department for standalone misdemeanor possession have fallen to near zero levels. Pl. Mtn. to Compel at

5

8. Nonetheless, Defendants claim that the City "fully enforce[s] the State's drug laws." Def. PTJ at 2.

- At least one Denton Councilmember understood the November 22, 2022, council session that adopted the Ordinance to be an opportunity for debating the merits of the ballot initiatives, whereas Defendants allege the Denton City Charter gives the City Council a "purely ministerial" duty to approve successful ballot initiatives that the Council followed on November 22. *Compare* Def. PTJ at 19 ("every act committed by the City Council was mandatory") *with* City Council Sess. Nov. 22, 2022, Statement by Councilmember Beck at Tr. at 43:30–41 ("[the] process by which the recall took place were fundamentally flawed. And [] I think that we should be basically rejecting sentence to [sic] section three in the ordinance as presented").

The foregoing fact issues clearly illustrate that ruling on Defendants' Plea without further discovery would be premature. The factual record, as it currently stands, is ambiguous as to whether the Ordinance has been implemented to any degree, whether Denton officials regard the Ordinance as valid law that is compatible with State drug law, and whether the City Council's enactment of the Ordinance was a ministerial duty. Each of these issues is critically relevant to the Court's subject matter jurisdiction. Any steps taken to implement an ordinance that conflicts with State law—even if such steps turn out to be partial or indirect—would constitute an *ultra vires* act by a City official. The discovery that Texas seeks will flesh out these and other jurisdictional facts. Since the fruits of this discovery will aid the Court's determination of its jurisdiction, the Court should decide whether it will permit Texas to conduct limited discovery before it rules on its jurisdiction.

## B. Hearing the Discovery Motions first would serve judicial economy without prejudicing Defendants.

Considering Texas's Motion to Compel first will expedite the hearing. The relevance of disputed jurisdictional facts is a threshold question the Court must resolve before it can grant a plea to the jurisdiction. *Miranda*, 133 S.W.3d at 227–28. If, after considering the arguments in Texas's

6

Motion to Compel, the Court agrees that its jurisdiction depends on the outcome of disputed fact issues, it cannot grant Defendants' Plea to the Jurisdiction. *Id.* It must then either wait until the fact issues are resolved to rule on Defendants' Plea or deny it without prejudice. *Garcia,* 372 S.W.3d at 643. These arguments are already before the Court as laid out in Texas' Discovery Motion and Defendants' protective motions, so the Court should hear these motion first.

Conversely, if the Court concludes, after hearing the Discovery Motions, that the facts presently before it allow it to decide its jurisdiction, then the Court will have simplified the work it must do to adjudicate the Plea to the Jurisdiction. Defendants' Plea raises several jurisdictional arguments based on fact allegations concerning the City's enactment and implementation of the Ordinance. Thus, the Court will need to address the factual sufficiency of the record no matter which motion the Court starts with. This means that a denial of Texas' Discovery Motions would expedite the Court's analysis of Defendants' Plea. Accordingly, if the Court hears Texas' Discovery Motions first, the Court will advance the resolution of both motions, regardless of the conclusion it reaches.

Additionally, the Discovery Motions are simpler than Defendants' Plea to the Jurisdiction and the Court will likely be able to resolve them more expeditiously. Aside from the bearing of disputed facts on jurisdiction, the Discovery Motions raise standard discovery arguments that do not rest on complicated or unsettled points of law or fact. In this vein, Defendants' protective motions focus on rebutting the propriety of discovery by arguing that the Court can conclude that it lacks jurisdiction without development of the facts—the converse of the position Texas takes. Only a fraction of their discovery motions address issues that are separate from the propriety of jurisdictional discovery, and Defendants' discovery responses merely raise boilerplate objections.

Finally, prioritizing Texas' Discovery Motions will not prejudice Defendants. As noted above, Defendants' Plea puts many of the same facts at issue as Texas' Discovery Motions. Defendants cannot complain of prejudice if the Court begins by resolving questions that it will need to analyze in Defendants' Plea. Rather, both parties will benefit from the Court resolving the

7

MR 0489

relevance of disputed facts to its jurisdiction given the importance of this question to all motions that have been set for hearing.

Just as importantly, the parties lack any right to have the Court decide its jurisdiction upon their request. Filing a Plea to the Jurisdiction does not entitle the moving party to a decision if the court believes the question is unripe. *See Miranda*, 133 S.W.3d at 229 ("the scheduling of a hearing of a plea to the jurisdiction is left to the discretion of the trial court, which is in the best position to evaluate the appropriate time frame for hearing a plea in any particular case"). Defendants may wish to argue that the Court is bound to determine its jurisdiction at the earliest opportunity. However, the Rules do not set a deadline for courts to determine their subject matter jurisdiction, and precedent merely requires the Court to decide its jurisdiction "as early as practicable," *Hearts Bluff*, 381 S.W.3d at 491. Here, jurisdiction cannot be decided until the disputed jurisdictional facts are ironed out.

## CONCLUSION

For the foregoing reasons, the Court should begin the hearing that has been set for December 12, 2024, by taking up Texas' Motion to Compel.

MR 0490

Date: December 6, 2024

Respectfully submitted,

**KEN PAXTON**
Attorney General

/s/ *ZACHARY L. RHINES*
**ZACHARY L. RHINES**
Special Counsel
Tex. State Bar No. 24116957

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy First Assistant Attorney General

**KYLE TEBO**
Special Counsel
Tex. State Bar No. 24137691

**AUSTIN KINGHORN**
Deputy Attorney General for Legal
Strategy

OFFICE OF THE ATTORNEY GENERAL OF TEXAS
Special Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Tel.: (512) 463-2100
Zachary.Rhines@oag.texas.gov
Kyle.Tebo@oag.texas.gov

**RYAN D. WALTERS**
Chief, Special Litigation Division

**COUNSEL FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I certify that a true and accurate copy of the foregoing document was filed electronically on December 6, 2024, effecting service on all counsel of record by e-service and/or e-mail in accordance with Rule 21a of the Texas Rules of Civil Procedure.

/s/ *Zachary L. Rhines*
Zachary L. Rhines

9

MR 0491

CAUSE NO. 24-1005-481

| | | |
|---|---|---|
| THE STATE OF TEXAS,<br>*Plaintiff*, | §<br>§<br>§ | IN THE DISTRICT COURT |
| v. | §<br>§ | |
| CITY OF DENTON; GERARD<br>HUDSPETH, Mayor of Denton;<br>BRIAN BECK, Mayor Pro Tem of<br>Denton, VICKI BYRD, PAUL<br>MELTZER, JOE HOLLAND,<br>BRANDON CHASE McGEE, and<br>CHRIS WATTS, Members of the<br>City Council of Denton; SARA<br>HENSLEY, City Manager of<br>Denton; and DOUG SHOEMAKER,<br>Chief of Police of Denton, in their<br>official capacities,<br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | DENTON COUNTY, TEXAS<br><br><br><br>481st JUDICIAL DISTRICT |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S SUPPLEMENTAL BRIEF

The City of Denton (the "City") and Gerard Hudspeth, Mayor of Denton, Brian Beck, Mayor Pro Tem of Denton, Vicki Byrd, Paul Meltzer, Joe Holland, Brandon Chase McGee and Chris Watts, Members of the City Council of Denton, Sara Hensley, City Manager of Denton, and Doug Shoemaker, Chief of Police of Denton[1] (the "Officials" and together with the City, the "Defendants"), file this Response to Plaintiff's Supplemental Brief Regarding the Order of Hearings:

### EXECUTIVE SUMMARY

The Court asked the State to provide authority for its argument that it should be allowed to conduct discovery before the Court takes up Defendants' Plea to the

---

[1] Doug Shoemaker is no longer the Chief of Police of Denton, and thus is not a proper defendant. The current Interim Chief of Police of Denton is Jessica Robledo.

MR 0492

Jurisdiction. The State has not provided any such authority applicable to the single alleged *ultra-vires* act pleaded in this case. Discovery is both unnecessary and inappropriate; as the State itself pleaded, "this is a case of pure law and discovery is unneeded." Pl.'s Orig. Pet. at ¶ 1.

The State alleged that a single act—the act of the City Council codifying and publishing an ordinance passed by citizen initiative—violated Local Government Code Section 370.003, which prohibits the City Council from "adopt[ing] a policy" not to fully enforce the State's drug laws. Pl.'s Orig. Pet. at ¶ 22. No discovery is needed for the Court to decide whether that act violates Section 370.003.

Importantly, no other specific *ultra vires* act taken by any defendant is alleged by the State in its Petition, and there is no authority for the proposition that a plaintiff may bring a claim that does not clear the hurdle of jurisdiction, but then go fishing via discovery *in that very non-jurisdictional case* for some fact that might turn its presently non-jurisdictional claim into a jurisdictional claim.

The State's sole claim here is non-jurisdictional, and the State knows it. The State is free to dismiss its case and, if sometime in the future, some defendant actually *does* commit an *ultra-vires* act, file a new claim at that time. Until then, this case—including discovery—should not proceed any further.

## ARGUMENT & AUTHORITIES

The Court's October 22, 2024 email asked the State to "*indicate by what authority, in this case, [the] Judge is able to take up discovery before she hears the Plea to the Jurisdiction.*" And *in this case*, there is just one possibly relevant *ultra vires* act by certain defendants: the adoption of a policy. That is, Local Government

2

Code Section 370.003, the sole basis of the State's suit, prohibits just that one thing. Specifically, certain defendants

> *. . . may not adopt a policy under which the entity will not fully enforce laws relating to drugs . . .*

Thus, the sole jurisdictional question before the Court is whether 1) any defendant covered by Section 670.003 2) adopted a policy not to fully enforce drug laws. The State was required by the rules to have a good-faith basis to claim that Defendants wrongfully adopted such a policy *before* filing suit. A plaintiff cannot file suit alleging that Defendants—public officials, who act by public action—committed a wrongful act, and only then go fishing for evidence to support a claim. That's not the order of operations for pleadings and discovery in Texas; pleadings matter.

Because pleadings matter, in determining whether it should allow discovery as to any "jurisdictional facts" about an *ultra vires* act allegedly taken by any defendant, the Court should look only to what purported *ultra vires* acts are alleged in the State's Petition. Here, there is only one act alleged as to any defendant(s): the allegation that the "Denton City Council codified and published the ordinance." Pl.'s Orig. Pet. at ¶ 22. That's it. No other act by any other defendant is alleged. The State is bound by its pleadings. A plaintiff is not allowed to conduct discovery in the hopes of finding evidence of some *ultra vires* act that it has not even pleaded.

So of course, while courts may indeed sometimes consider and allow limited discovery as to certain disputed facts to rule upon a Plea to the Jurisdiction, such facts must be relevant to the question before the court. That relevance is what makes them "jurisdictional facts." None of the State's briefed (but not pleaded) "disputed facts" would answer the sole question before the Court.

3

MR 0494

First, only "the governing body of a municipality . . . [or] municipal police department" (the only persons prohibited from adopting such a policy by 670.003) are the relevant parties for the facts of this case. Second, the State is bound to the sole fact/act alleged in its Petition. The State's citation to statements made by individual council members as to their beliefs about the effect of the citizen-passed ordinance etc. are not relevant to the question of whether "the governing body of a municipality" "adopt[ed] a policy" by the sole alleged act of "codif[ying] and publish[ing] the ordinance." As the State knows, a municipality's governing body can act only as a whole, and the statements and opinions of any one council member are not relevant to determining whether such act took place. *Cent. Power & Light Co. v. City of San Juan,* 962 S.W.2d 602, 612 (Tex. App.—Corpus Christi 1998, pet. dism'd w.o.j.) (a city acts by votes of its council as a whole); *see also* Tex. Gov't Code § 551.102 (final action of a governmental body must be taken in open meeting). Either the Denton City Council—which acts only as a whole, in open meetings—"adopt[ed] a policy" by taking the sole action alleged, or it did not. The facts of the actions of the Denton City Council are not in dispute; the minutes of every Denton City Council meeting are publicly available.

Second, the number of misdemeanor possession arrests that the Denton Police Department has conducted over time does not establish whether the police department has "adopt[ed] a policy." More to the point, it does not establish whether there is any "*Denton Police Department <u>general order or directive</u> . . . under which Denton will not fully enforce laws relating to drugs.*" Pl.'s Orig. Pet. at page 1 (emphasis added). Section 370.003 does not work in the inverse; it does not *require*

4

any police department to "fully enforce laws relating to drugs," and it certainly does not require a police department to "arrest people for marijuana offenses in a number that satisfies the State." No such claim has been or could be pleaded in this case. Arrests may go up, they may go down, they may remain static. Such circumstances do not answer the only relevant question: *did the Denton Police Department <u>adopt a policy by issuing a general order or directive</u> not to fully enforce drug laws?* Importantly, the State's Petition does not allege that the Denton Police Department has actually taken the act of issuing any such general order or directive. Again, Denton's Police Department is a public entity, which transparently publishes its policies (the General Orders of the Denton Police Department) online.[2] The State could easily ascertain by public record whether any such order had been issued, but of course, just as with the Denton City Council, no order reflects any such policy adopted by the Denton Police Department since the passage of the Ordinance.

The question of whether the State has pleaded a valid *ultra vires* claim against any defendant should be decided based on 1) the application of the sole pleaded statute (Local Government Code Section 370.003) to 2) the sole act actually pleaded as to specific defendants.[3] No discovery is necessary to determine that question, as the sole act alleged (the codification and publishing of the ordinance) is not in

---

[2]   *See*   https://www.cityofdenton.com/DocumentCenter/View/814/General-Orders-Updated-Dec-5-2024-PDF?bidId= (Updated December 5, 2024, as reflected at the bottom of each page thereof).

[3]   Denton notes that the City itself is an entirely improper defendant, either in an *ultra-vires* action in general or specifically an *ultra-vires* action based on Section 370.003, which prohibits action only by specifically identified bodies and persons ("a municipality" is not among them).

5

dispute.[4]  Jurisdiction should be decided based on the act actually pleaded, pursuant to Section 370.003 as it is actually written.

In addition, the nature of the discovery sought by the State demonstrates that the State does not actually wish to engage in "jurisdictional discovery," but rather wishes to engage into a wide-ranging fishing inspection and inquisition into all manner of city activities, beliefs and opinions (not official acts) of a number of individuals, and the like.[5]  That discovery would not be appropriate even if there was some disputed jurisdictional fact.

## CONCLUSION

As to the single act alleged against a single set of public official defendants, no "jurisdictional discovery" is necessary or appropriate.  Plaintiff is not entitled to file

---

[4]  Plaintiff's citation to *City of Houston v. Aspermont Apt. Corp.* to try to open some door into discovery as to the customs and practices of certain Denton city employees is inapposite here.  *City of Houston v. Aspermont Apt. Corp.*, 1999 Tex.App. Lexis 6721 (Tex.App.—Houston [1st Dist.] August 27, 1999, pet. denied).  The question in that case involving U.S.C. § 1983 claims was whether the *city*, not any individual official or group of officials, had established a "custom," which the court expressly *distinguished* from something "approved or based on a decision of the city's legislative body or final policymaker."  *Id.* at *15.  In other words, in a case like this one, where what is prohibited is a policy action (adoption) by "the city's legislative body or final policymaker," inquiry into whether there is some custom on the part of some city employee is irrelevant.  In fact, the *Aspermont* court made it plain that a City Council can only be held responsible for its "express decision."  *Id.* at *18 (noting that an action by the City Council must be by an action of the Council itself, citing city charter provisions mirroring Texas law stating that the Council "acts only by ordinance, resolution, or motion, passed by majority vote.")  Thus, all evidence of an allegedly *ultra vires* act by Denton's "governing body" (the relevant defendant(s) per section 370.003) is a matter of public record.

On top of that, the State has not even alleged that there is some custom of city employees, or some policy-adopting act taken by *any* defendant other than its allegation that "[t]he Denton City Council codified and published the ordinance." No inquiry into any possible "custom" of any city employee could establish anything relevant as to the sole purportedly wrongful act alleged: codifying and publishing the ordinance.

[5]  Defendants therefore incorporate by reference their Motions for Protection and their Response to Plaintiff's Motion to Compel Depositions and Written Discovery as if fully set forth herein.

6

suit first, and then go searching after-the-fact for unknown and un-pleaded facts that might support some future, amended *ultra-vires* suit. Defendants respectfully request that the Court deny the State's request to conduct discovery before the Court takes action on Defendants' Plea to the Jurisdiction. Defendants further respectfully request that the Court grant them such other and further relief to which they may be justly entitled.

7

Respectfully submitted,

DEVIN Q. ALEXANDER
Denton City Attorney's Office
215 East McKinney
Denton, Texas 76201
(940) 349-8333
(940) 382-7923 Facsimile
For email contact and service regarding this case, please include email addresses for all listed attorneys in the To: field, and include amy.hoffee@cityofdenton.com  in the cc: field, until requested otherwise.

Mack Reinwand
City Attorney
State Bar No. 24056195
mack.reinwand@cityofdenton.com

Devin Alexander
Deputy City Attorney
State Bar No. 24104554
devin.alexander@cityofdenton.com

**LLOYD GOSSELINK**
  **ROCHELLE & TOWNSEND, P.C.**
816 Congress Avenue, Suite 1900
Austin, Texas 78701
Telephone:   (512) 322-5800
Facsimile:     (512) 472-0532

By:      */s/ Jose E. de la Fuente*
         JOSE E. de la FUENTE
         (Attorney-in-Charge)
         State Bar No. 00793605
         jdelafuente@lglawfirm.com
         JAMES F. PARKER
         State Bar No. 24027591
         jparker@lglawfirm.com
         GABRIELLE C. SMITH
         State Bar No. 24093172
         gsmith@lglawfirm.com
         SYDNEY P. SADLER
         State Bar No. 24117905
         ssadler@lglawfirm.com

**ATTORNEYS FOR DEFENDANTS**

8

MR 0499

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to the following attorneys via the Court's electronic filing case management system and electronic mail on this 10th day of December, 2024:

Ken Paxton
Attorney General

Brent Webster
First Assistant Attorney General

Ralph Molina
Deputy First Assistant Attorney
General

Austin Kinghorn
Deputy Attorney General for Legal
Strategy

Ryan D. Walters
Chief, Special Litigation Division

Zachary L. Rhines
Zachary.Rhines@oag.texas.gov
Special Counsel
Kyle Tebo
Kyle.tebo@oag.texas.gov
Special Counsel

OFFICE OF THE ATTORNEY
GENERAL OF TEXAS
Special Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
**ATTORNEYS FOR PLAINTIFF**

*/s/ Jose E. de la Fuente*
JOSE E. de la FUENTE

9

MR 0500

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Cathy Daniels on behalf of Jose de la Fuente
Bar No. 00793605
cdaniels@lglawfirm.com
Envelope ID: 95167299
Filing Code Description: Answer/Response
Filing Description: (Defendants') to Plaintiff's Supplemental Brief
Status as of 12/11/2024 8:11 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Richard Gladden | | richscot1@hotmail.com | 12/10/2024 4:43:47 PM | SENT |
| Richard Gladden | | richscot1@hotmail.com | 12/10/2024 4:43:47 PM | SENT |
| Amy Hoffee | | amy.hoffee@cityofdenton.com | 12/10/2024 4:43:47 PM | SENT |
| Devin Q.Alexander | | Devin.Alexander@cityofdenton.com | 12/10/2024 4:43:47 PM | SENT |
| Mack Reinwand | | mack.reinwand@cityofdenton.com | 12/10/2024 4:43:47 PM | SENT |
| Jose E.de la Fuente | | jdelafuente@lglawfirm.com | 12/10/2024 4:43:47 PM | SENT |
| James F.Parker | | jparker@lglawfirm.com | 12/10/2024 4:43:47 PM | SENT |
| Gabrielle C.Smith | | gsmith@lglawfirm.com | 12/10/2024 4:43:47 PM | SENT |
| Sydney P.Sadler | | ssadler@lglawfirm.com | 12/10/2024 4:43:47 PM | SENT |
| Kyle Tebo | | Kyle.Tebo@oag.texas.gov | 12/10/2024 4:43:47 PM | SENT |
| Bonnie Freymuth | | bonnie.freymuth@oag.texas.gov | 12/10/2024 4:43:47 PM | SENT |
| Zachary Rhines | | zachary.rhines@oag.texas.gov | 12/10/2024 4:43:47 PM | SENT |

## CAUSE NO. 24-1005-481

| | | |
|---|---|---|
| THE STATE OF TEXAS,<br>    *Plaintiff*, | §<br>§<br>§ | IN THE DISTRICT COURT |
| v. | §<br>§<br>§ | |
| CITY OF DENTON; GERARD<br>HUDSPETH, Mayor of Denton;<br>BRIAN BECK, Mayor Pro Tem of<br>Denton, VICKI BYRD, PAUL<br>MELTZER, JOE HOLLAND,<br>BRANDON CHASE McGEE, and<br>CHRIS WATTS, Members of The<br>City Council of Denton; SARA<br>HENSLEY, City Manager of<br>Denton; and DOUG SHOEMAKER,<br>Chief of Police of Denton, in their<br>official capacities,<br>    *Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | DENTON COUNTY, TEXAS<br><br><br><br><br>481st JUDICIAL DISTRICT |

### DEFENDANTS' RESPONSE TO PLAINTIFF'S
### MOTION TO COMPEL DEPOSITIONS AND WRITTEN DISCOVERY

The City of Denton (the "City") and Gerard Hudspeth, Mayor of Denton, Brian

Beck, Mayor Pro Tem of Denton, Vicki Byrd, Paul Meltzer, Joe Holland, Brandon Chase

McGee and Chris Watts, Members of the City Council of Denton and Doug Shoemaker,

Chief of Police of Denton[1] (the "Officials" and together with the City, the "Defendants")

file this Response to Plaintiff's Motion to Compel Depositions and Written Discovery and

respectfully shows the Court as follows:

---

[1] Doug Shoemaker is no longer the Chief of Police of Denton, and thus is not a proper
defendant. The current Interim Chief of Police of Denton is Jessica Robledo.

1

MR 0502

## EXECUTIVE SUMMARY

The State's request to compel discovery in this matter should be denied. The State purports to seek "jurisdictional discovery," but there are not any jurisdictional facts that it needs to discover for the Court to decide the Defendants' jurisdictional challenge. The State cites to various information it seeks to learn through discovery, but the dispositive jurisdictional question is: did any of the Defendants adopt a policy not to fully enforce the drug laws of the State of Texas? The answer to that question is a matter of public record, a record that was provided to the State over half a year ago. Discovery about what other cities did, what officers thought, or the vices of marijuana are immaterial to the matter of jurisdiction. Jurisdiction comes first and the jurisdictional question is teed up for the Court. Accordingly, the State's Motion to Compel Depositions and Written Discovery Should be denied.

## ARGUMENT & AUTHORITIES

Plaintiff's attempt to compel compliance with supposed jurisdictional discovery should be denied in this case. Defendants moved for protective orders from both oral depositions and written discovery sought by the State pursuant to Texas Rule of Civil Procedure 192.6 on September 18 and September 27. The State's request for discovery would subject Defendants to "undue burden, unnecessary expense, harassment, annoyance" and protecting Defendants from compliance is "in the interest of justice." Tex. R. Civ. P. 192.6. Defendants are seeking protection from responding to discovery while their Plea to the Jurisdiction is pending.[2] In the

---

[2] Defendants also hereby incorporate by reference their Plea to the Jurisdiction as if fully set forth herein.

2

interest of avoiding unnecessary litigation burden and expense, or potential discovery disputes on claims which should be dismissed, Defendants seek protection from responding to Plaintiff's requests in their entirety, and ask the Court to deny Plaintiff's motion and stay any discovery pending a ruling on the Plea.

**A.  The Texas Rules of Civil Procedure permit the Court to limit the discovery sought here.**

The facts relevant to the sole dispositive jurisdictional question (did the city council or police department adopt a policy not to fully enforce drug laws?) are undisputed, and all evidence of such facts has long been available to the State.

"Targeted discovery ***cannot be allowed*** unless—and only to the extent that—it is ***essential*** to the resolution of a jurisdictional question." *Tex. S. Univ. v. Young*, 682 S.W.3d 886, 889 (Tex. 2023) (Young, J. concurring) (emphasis added). The State of Texas filed suit claiming the Ordinance violated and was preempted by Section 370.003 of the Texas Local Government Code, and specifically brought a claim against each of the Defendants asserting that Defendants acted *ultra vires* by "adopting" the Ordinance. The relevant statutory provision that the State alleges was violated by each Defendant states:

> The governing body of a municipality, the commissioners court of a county, or a sheriff, municipal police department, municipal attorney, county attorney, district attorney, or criminal district attorney may not adopt a policy under which the entity will not fully enforce laws relating to drugs, including Chapters 481 and 483, Health and Safety Code, and federal law.

Tex. Loc. Gov't Code § 370.003. The dispositive questions in determining Defendants' jurisdictional challenge and the State's claims are addressed by "yes or no" answers

3

concerning formal acts of government officials and public employees; no "jurisdictional" facts" (or any other facts) are at issue other than the acts that the State alleges the Defendants committed.

The State contends that the Defendants created two jurisdictional fact issues: (1) that any City of Denton official is implementing the Ordinance, and (2) the City Councilmembers exercised discretion when they voted on the Ordinance. (Pl.'s Mot. to Compel at 7.) Notably, the first "fact" is not even pleaded in the State's Petition. The State's attempt to delay the hearing on the plea on the basis of these supposed facts should be denied.

First, implementation and methods and means of enforcement are not the subject of Section 370.003. The discovery sought isn't to establish jurisdiction, it's a fishing expedition and an attempt to distract from the straightforward question before this Court. Second, the public record that exists pursuant to the open meeting laws of the State of Texas unambiguously reflects that there was no vote by the City Council to adopt the Ordinance. The City Council's votes in connection with the Ordinance passed by the voters are a matter of public record.

> A. ID 22-2447 Consider adoption of an ordinance of the City of Denton canvassing election returns and declaring results of the Special Elections held on November 8, 2022; and providing an effective date.

Defs.' Plea to the Jurisd. at Ex. A at 34.

On November 22, 2022, Council only voted on adoption of an ordinance "canvassing the election returns and declaring results of the Special Elections." And

4

when presented with the opportunity to actually adopt the Ordinance by City Council vote, that action was voted down.

> A. ID 23-1121 Consider adoption of an ordinance of the City of Denton adopting Chapter 21, Article V, of the City of Denton code of ordinances, titled "Marijuana Enforcement"; providing repealer, cumulative, and severability clauses; and declaring an effective date. **DENIED**

(Defs.' Plea to the Jurisd. at Ex. A at 119.)

### 1. *The State's written discovery seeks information that is irrelevant and/or immaterial to the claims and defenses of this case.*

The discovery sought is best obtained not from overbroad and overreaching written discovery requests, but from the relevant public records (which the State already has). The discovery sought here should be limited in its entirety as the burden and expense of substantive responses and potential for additional discovery requests and discovery disputes regarding same outweighs the likely benefit given the needs of the case and the limited scope of the questions before this Court. *See* Tex. R. Civ. P. 192.4(b).

Defendants filed an evidentiary plea to the jurisdiction. The State has the burden to plead a claim for which the City's and Officials' immunity is waived. Here, the State must plead a specific *act* by a person or entity identified in the statute that would violate Section 370.003 of the Texas Local Government Code. The State hasn't pleaded any acts by a person or entity identified in Section 370.003 or facts to support any alleged acts, only legal conclusions. Legal conclusions (especially when they are wrong) do not support a claim; factual allegations do, particularly when a plaintiff would allege that public officials have acted in an *ultra-vires* manner.

5

The Marijuana Ordinance was adopted by the voters of the City of Denton. The written requests served by the State are not aimed at answering that question; relevant examples of these improper requests are provided below:

**TO DEFENDANT: The City of Denton, Gerard Hudspeth Brian Beck, Vicki Byrd, Paul Meltzer, Joe Holland, Brandon Chase McGee, Jill Jester, Sara Hensley, and Jessica Robledo**

**INTERROGATORY 7: Identify any documented changes in Marijuana use since the Marijuana Ordinance took effect, including but not limited to any documented changes occurring at the Denton Independent School District, or in connection to City of Denton Police citations and arrests or traffic and pedestrian stops.**

**\*\*\***

**TO DEFENDANTS: Jessica Robledo**

**INTERROGATORY 8: Identify how many times the Marijuana Ordinance has been enforced and identify the individuals whom the Marijuana Ordinance has been enforced against.**

**\*\*\***

**TO DEFENDANTS: Sara Hensley and Jessica Robledo**

**INTERROGATORY 9: Identify all jobs to which you have applied from August 30, 2022 to Present, including the name of the employer, its location, and the ultimate outcome of your application for that job.**

Ex. A, Defs.' Resps. to Pl.'s Interrogatories.

6

MR 0507

None of these requests speak to <u>adoption</u> of a policy by a particular defendant not to fully enforce drug laws of this State. The only possible actionable act pleaded in this case is the act of alleged <u>adoption</u> of a policy by either the Denton City Council or the Denton Police Department under which the State's laws relating to drugs will not be fully enforced. Tex. Loc. Gov't Code § 370.003 ("The governing body of a municipality . . . [or] municipal police department . . . may not adopt a policy under which the entity will not fully enforce laws relating to drugs . . .") In the State's written discovery requests, it acknowledges that formal action is required as it defines "adoption" as "passage of a measure into law." (*See* **Exhibit D**, Pl.'s First Reqs. for Admis. to Defs. at 5.[3]) "Implementation," "enforcement," and other verbs that are not stated in the plain language of the sole statute upon which the State bases its claim are not at issue. Discovery about inaction, the wisdom of the citizen-initiative Marijuana Ordinance, or the discretion exercised by officers in the normal course of police work are of no consequence to the sole legal issue (did the city council or police department commit the act of <u>adopting a policy not to fully enforce drug laws</u>?) and thus are of no use to this Court in determining whether it has jurisdiction. The questions for this Court to consider in deciding the matters pleaded by the parties can only consider official acts by government officials or employees. The relevant facts regarding any action, or inaction, by the Defendants are already fully before the Court. Indeed, when the question of

---

[3] Defendants do not necessarily agree with this definition as a whole, but do agree that the only "acts" that could be actionable as *ultra-vires* acts contrary to Section 370.003 are 1) official acts of the city council and/or municipal police department 2) to adopt a policy not to fully enforce drug laws.

7

jurisdiction was previously before this Court for decision, the State did not previously seek a continuance or serve discovery with respect to the City's Plea to the Jurisdiction—it filed a response and asked the Court to rule. *See* Pl.'s Resp. to Defs.' Plea to the Jurisd. at 24 ("Plaintiff, the State of Texas, by and through the Office of the Attorney General, asks that this Court deny City Defendants' Plea to the Jurisdiction."). The only reason that the question of jurisdiction has not already been fully presented to and decided by the Court is because the proceedings ran long on May 31, 2024, leaving the hearing on the City's Plea to the Jurisdiction to be continued to a later date. There is no material or relevant discovery needed to determine the pending jurisdictional question.

### 2. *The depositions sought are not proportional to the needs of the case nor do they seek relevant testimony.*

The State also contends that "the depositions that Texas noticed were reasonably calculated to discovery of facts about the Ordinance's adoption and implementation." (Pl.'s Mot. to Compel at 11.) The State seeks to depose not just individual city councilmembers and the chief of police, but the City manager and officer. The matter of whether a policy is adopted is a matter of public record, and while the Ordinance is not being implemented, even if it were, implementation is not the subject of Section 370.003. All of the State's argument relating to implementation and discretion of individual officers is irrelevant.

None of the six depositions that the State unilaterally noticed should go forward. Eliciting testimony about the vices or virtues of marijuana use, or the wisdom of the citizen-initiative ordinance, or the opinions of individual city employees or officials as to the Ordinance and/or its wisdom, legality, etc. are of no consequence

8

MR 0509

to the sole legal issue (did the city council or police department commit the act of adopting a policy not to fully enforce drug laws?) and thus are of no use to this Court in determining whether it has jurisdiction.

### a.    Individual City Councilmembers

Contrary to the State's position, the City citing public votes certifying the election and voting not to adopt the Ordinance as an action of Council does not open up the floodgates into all realm of examination regarding the thoughts of any one councilmember.  As both the United States and the Texas Supreme Courts have observed, it is "not consonant with our scheme of government for a court to inquire into the motives of legislators." *Tenney v. Brandhove*, 341 U.S. 367, 377 (1951), *accord In re Perry*, 60 S.W.3d 857, 860 (Tex. 2001).  "In times of political passion, dishonest or vindictive motives are readily attributed to legislative conduct and as readily believed.  Courts are not the place for such controversies." *Tenney*, 341 U.S. at 378 (footnote omitted).

The doctrine of legislative immunity established in *Tenney* "shields legislative actors not only from liability, ***but also from being required to testify about their legislative activities***." *Perry*, 60 S.W.3d at 860 (emphasis added); *Clear Lake City Water Auth. v. Salazar*, 781 S.W.2d 347, 349–50 (Tex. App.—Houston [14th Dist. 1989, orig. proceeding) (holding that members of water authority could not be questioned about legislative activities). As councilmembers, the Deponents therefore cannot testify about what the City Council did, what the City Council did not do, or why they or any other councilmember supported or opposed the City Council's action (or inaction).  The State has not pleaded any acts these councilmembers would have

9

taken outside of their role as voting members of the City Council. Thus, all of their acts are protected by legislative immunity, including the doctrine's shield against being required to testify, the councilmember deponents do not have knowledge of any relevant discoverable facts. What any individual councilmember believed or thought is not relevant to the matter of jurisdiction—only action taken, or not taken, by the Council as a body is relevant.

### b. City Manager

To the extent the State seeks discovery from the City Manager as to the <u>City Council's</u> intent regarding ministerial actions regarding canvassing the Special Election and results of same, a municipality's intent is expressed solely through the actions of its city council conducted in and pursuant to open meetings, in line with the open-government laws of this state. *Cent. Power & Light Co. v. City of San Juan,* 962 S.W.2d 602, 612 (Tex. App.—Corpus Christi 1998, pet. dism'd w.o.j.); *see also* Tex. Gov't Code § 551.102 (final action of a governmental body must be taken in open meeting).

Inasmuch as Sara Hensley was authorized to speak as to the City's actions, or inaction, in potentially adopting a policy that would prevent full enforcement of the drug laws of Texas, *the State already attached a copy of the public facing statement reflecting that the City would not do so to its Original Petition and incorporated it as part of its pleading.* (*See* Pl.'s Orig. Pet. at ¶¶ 20–21, Ex. 1.) The State has neither pleaded or even pointed to any other such public statement by Ms. Hensley speaking on behalf of the City. Ms. Hensley is not an actor subject to Section 370.003, and she is not alleged to have taken any other action that might implicate Section 370.003.

10

Thus, she does not and cannot have any knowledge of any relevant jurisdictional facts. The Court should enter an order protecting Ms. Hensley from the State's attempt to depose her.

### c. *Interim Chief of Police and Individual Officers*

The State has not pleaded or otherwise identified any policy adopted by the Denton Police Department in relation to or in response to the Ordinance that would violate Section 370.003.[4] Even according to the State's own rationale, testimony sought is not relevant. A supposed "drop off in marijuana possession arrests and citations," is by no means a total prohibition.

The Ordinance was adopted by the voters of Denton before Interim Chief Robledo was hired by the City. Interim Chief Robledo has no relevant firsthand knowledge of the voters passing the Ordinance and her deposition should not proceed. Likewise, while Lt. Summit and Sgt. Briggs were subordinate employees of the Denton Police Department when the voters passed the Ordinance, the State has not alleged (and cannot allege) that either of them were charged with the task of adoption of department-wide policies. Any of their personal feelings or opinions about the Ordinance passed by the voters or any other sentiments connected thereto are irrelevant to the sole relevant question of whether or not a prohibited policy was

---

[4] Nor could it, as it is apparent from publicly available information that no policy was adopted by the Denton Police Department; the General Orders of the Denton Police Department are and have at all times been publicly available, and do not reflect any change in any relevant policy since the Ordinance was passed by the voters. *See* https://www.cityofdenton.com/DocumentCenter/View/814/General-Orders-Updated-Dec-5-2024-PDF?bidId= (Updated December 5, 2024, as reflected at the bottom of each page thereof).

11

adopted by the police department. Accordingly, the individual officers do not have knowledge of any relevant jurisdictional facts and their depositions should not proceed.

### 3. The Texas Rules of Civil Procedure permit the Court to limit the discovery sought here.

"The discovery methods permitted by these rules should be limited by the court if . . . the discovery sought is unreasonably cumulative or duplicative, or is obtainable form some other source that is more convenient, less burdensome, or less expensive." Tex. R. Civ. P. 192.4(a). As outlined above, the facts relevant to the sole dispositive jurisdictional question (did the city council or police department adopt a policy not to fully enforce drug laws?) are undisputed, and all evidence of such facts has long been available to the State.

The discovery sought is best obtained not from the testimony of any individual councilmember, the City Manager, the Interim Chief of Police, or the individual police officers, but from the public records evidencing the official acts of the City's governing body. The discovery sought here should be limited in its entirety as the burden and expense of preparing witnesses for depositions and defending same outweighs the likely benefit given the needs of the case and the limited scope of the questions before this court. *See* Tex. R. Civ. P. 192.4(b).

Thus, Defendants re-urge their Motions for Protective Order limiting discovery in this case and request that the Court deny the State's Motion to Compel.

12

**B.     Defendants' objections are not boilerplate.**

Simply because an objection or response applies to more than one request does not make it boilerplate. Plaintiff's chart in fact highlights the specificity among the responses. Defendants provided substantive responses to the extent possible minimizing expense in recognition of and appreciation for transparency of the City as a public entity and our open court system. (*See generally*, **Exhibits A**, **B**, **C**, Defs.' Resps. to Pl.'s Discovery Requests.) However, Defendants maintain that they are immune from suit, and thus should be protected from the discovery process in this case.

**1.     *Jurisdictional Objections.***

As set out in detail above, Defendants' objections to discovery based on this Court's lack of jurisdiction are well founded. And as the State itself pleaded, "this is a case of pure law and discovery is unneeded." (Pl.'s Orig. Pet. at ¶ 1.) Likewise, to the extent there is a decline in arrests for low-level marijuana offenses, that has nothing to do with what official action City Council or the Police Department took in adopting a policy to regarding enforcement of drug laws.

The Ordinance was passed on November 8, **2022**. The hearing on Defendants' jurisdictional plea and the State's Request for Temporary Injunction were originally set to be heard on May 31, **2024**. All facts relating to the passage of the Ordinance by the voters and the City's official actions subsequent thereto have been known for well over a year, and are pleaded in the State's Petition. While the Parties communicated often in the weeks and months leading up to the May 31 hearing date, no written discovery was served by either party. Not only did the parties not seek written discovery prior to that hearing, the parties entered into a written agreement via e-mail not to exchange even

13

initial disclosures until *after* those hearings were set to have occurred. (**Exhibit E**, Scheduling Email Correspondence.) Due to time constraints created by a lengthy hearing on the State's Motion to Strike Plea in Intervention on May 31, the State requested that the Court continue the hearing on Defendants' Plea to the Jurisdiction and State's Request for Temporary Injunction. Defendants' evidentiary Plea to the Jurisdiction included witness statements and certified public records, but the State did not identify the need to conduct discovery to address the Plea to the Jurisdiction.

No pleadings have changed, and no facts have changed in the intervening six months. The facts regarding the passage of the Ordinance and all official acts of the City and any of its officials in connection with same are a matter of public record, and Defendants affirmatively supplied those records to the State as part of their jurisdictional challenge. In fact, the only change that has occurred since the original May 31 hearing date is that district court judges in Hays and Travis Counties *granted* pleas to the jurisdiction filed by other cities and officials dismissing nearly identical claims brought by the State against cities in those jurisdictions whose citizens passed similar initiatives. (*See* **Exhibit F**, Order Granting the City of Austin's Plea to the Jurisdiction; *see also* **Exhibit G**, Order Granting the City of San Marcos's Plea to the Jurisdiction.)

Again, jurisdictional discovery is not needed in this case. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), *aff'd*, 458 S.W.3d 1 (Tex. 2015) (the trial court did not abuse its discretion in denying the request for continuance to seek jurisdictional discovery where "[n]one of the

14

discovery mentioned by Plaintiffs could have raised a fact issue material to the determination of the jurisdictional plea."); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (trial court did not abuse discretion in denying discovery "based on purported need for jurisdictional discovery" where party could not show discovery sought "would be material to the trial court's assessment of the City's plea to the jurisdiction"). The State has not articulated a sound reason it now needs this discovery, because there is no good reason for delaying a decision on the issue of immunity implicated by the pending pleadings. The goal of a plea to the jurisdiction "is to defeat a cause of action for which the state has not waived sovereign immunity (usually before the state has incurred the full costs of litigation)." *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004). Immunity serves "to shield the public from the costs and consequences of improvident actions of their governments." *Tooke v. City of Mexia*, 197 S.W.3d 325, 332 (Tex. 2006).

The legal question is "did any of the Defendants adopt a policy in violation of Section 370.003 of the Texas Local Government Code?" The only "policy" the State identifies in its pleading is the Marijuana Ordinance. So, then the question is "did any of the Defendants adopt the Marijuana Ordinance?" The answer to that based on public records attached to Defendants' Plea to the Jurisdiction is "no." (Defs.' Plea to the Jurisd. at Ex. A.)

There is no dispute that the Proposition was on the ballot for the November 8, 2022 election. There is no dispute that the City canvassed and certified the results of that election. There is no dispute that the Ordinance was published in the City's Code

15

of Ordinances. Any matters beyond that are not within the purview of Section 370.003, and thus are not needed to decide the matter of jurisdiction.

Plaintiffs do not cite what among the evidence filed by the City and Officials creates an issue or dispute of any material fact. The meeting minutes show that the election was called. The election records show that a majority of the voters approved the proposition that is the ordinance. The records show that when given the opportunity to adopt the ordinance as an act of city council, that motion failed. The City should not be forced to expend public resources engaging in non-jurisdictional discovery trying to defend against a lack of action.

The facts aren't in dispute, the law is. And the Court has everything it needs to decide the law in this case.

### 2. *Overbroad and unduly burdensome.*

While these are two separate objections, both of these objections apply to an overlapping set of requests. Each of the specific requests identified ask for information from a number of sources about different actions and persons not identified in Section 370.003 of the Texas Government Code that does and could not go toward proving whether or not it is more or less true that the City Council adopted a policy like the one of which the State complains. As mentioned above, a municipality acts through its city council in and pursuant to open meetings. *Cent. Power & Light Co. v. City of San Juan,* 962 S.W.2d 602, 612 (Tex. App.—Corpus Christi 1998, pet. dism'd w.o.j.); *see also* Tex. Gov't Code § 551.102 (final action of a governmental body must be taken in open meeting). These requests are not limited to records regarding City Council action in calling the election or the vote City Council vote choosing not to adopt the Ordinance.

16

And in fact those records were already previously produced to the State. (*See* **Exhibit C**, Defs.' Resp. to Pl.'s 1st RFPs at Resp. No. 2.) And the communications were likewise equally available as the State attached them to its own Original Petition in this matter. Here, where the matter of jurisdiction is the sole question, discovery that goes beyond that is clearly creates undue burden for a party that is immune from suit, which is apparent from the context of the objection.

For those reasons, Defendants objections to Interrogatories Nos. 7, 20, and 21 and Requests for Production Nos. 1, 3, 4, 8, and 10–14 were properly asserted.

### 3. *Vagueness and ambiguity objections.*

The State also takes issue with Defendants objections raised on the basis of vagueness and ambiguity. For each of these, it is not clear what response the State is looking for either because of lack of specificity or because the State paints with too broad of a brush.

Request for Production No. 11 for example is unclear, as it asks for "demonstratives of marijuana" at City Council meetings. Is it asking for a copy of records regarding citations? Use? Complaints? The wording of the request is unclear.

Likewise, with respect to Interrogatory No. 11, asking Defendants to explain a policy is not clear. This request is not asking the Defendants to confirm whether or not there is a policy, or to the extent there is a stated policy, what it is. Rather, this request asks Defendants to explain policies and practices, written and unwritten relating to funding for THC testing. Is this request asking what tests are run? How that decision is made? It is not clear what it is asking for. What is clear is that it is not germane to a jurisdictional fact in dispute.

17

MR 0518

For those reasons, Defendants objections to Interrogatories Nos. 2, 7, 10–19, Requests for Production Nos. 9, 11, 15–23, and Requests for Admission Nos. 1–4, 6, and 10–15, were impermissibly vague, and the objection was properly asserted. Likewise, Defendants objections to Interrogatories Nos. 10–19 and Requests for Production Nos. 11, 15–23 on the basis that the requests were ambiguous as worded were properly asserted.

### 4. *Common Privilege Objections.*

To the extent that documents that would be responsive include communication by and between the city attorneys for the respective parties, Defendants continue to assert this objection.

### 5. *Objections as to Certain Definitions.*

The State says that "training" should be obvious with respect to Request for Admission No. 13 but in the context of the full request, it is unclear. The full request states "Admit that employees of the City of Denton Police Department have received training on the Marijuana Ordinance." Is this request asking whether employees of the Police Department have been told what the Ordinance says? Does it instead mean that officers or other personnel were instructed to act in accordance with the text of the Ordinance? Is there some third option the State is instead inquiring about? The same lack of clarity applies to the use of training in Requests for Production Nos. 17 and 18.

### 6. *Criminal and Judicial Records Objection.*

The State contends that it does not seek criminal or judicial records. However, the State asks for "all communications or documents within your possession, relating to

18

citations or arrests for Class A or Class B misdemeanor possession of marijuana offenses, and for misdemeanor possession of marijuana paraphernalia."

Defendants provided the State access to the publicly available crime data and statistics or the City, and the motion to compel indicates a desire for additional records which would fall within the scope of judicial or criminal records.

### 7.    *Subject to and without waiving objections.*

It is clear from context that Defendants objections do not extend to documents already produced in this case or otherwise available through other means (e.g., the City's website). The objections otherwise apply, which is evident from the response and the parties' conference efforts in this matter. Where Defendants could readily identify documents or responses otherwise already available, it did so.

Accordingly, the Court should sustain Defendants objections.

## C.    **Defendants' Motion to Quash and for Protective Order.**

In addition to responding to Plaintiff's Motion to Compel and the arguments and support set out above, Defendants incorporate by reference their September 18 and September 27, 2024 discovery motions as if fully set out herein.

The State must, and has not, show a genuine dispute of material fact—that's the standard on which courts decide evidentiary pleas to the jurisdiction. The State cites to public statements by individuals about their sentiments on the ordinance and a more recent statement made in a September City Council meeting by the Mayor. The Mayor's September 2024 question to legal counsel, which was not answered or further discussed because of this very litigation, does not create a fact question. What any individual police officer thinks of the ordinance, what the mayor thinks, or general sentiments regarding

19

marijuana use, are not material facts for the purpose of deciding Defendants' jurisdictional plea. None of those facts tend to make it more or less true what official action the City Council or the Police Department did, or in this case did not, take.

Accordingly, the State has failed to identify "jurisdictional discovery" necessary to further delay ruling on Defendants' Plea to the Jurisdiction.

**D.**   **Not capitulating to the State's demand for unnecessary discovery does not constitute a failure to confer in good faith.**

The Parties did confer regarding the need for discovery, yet, and as evidenced by the discovery motions before the Court, there are disagreements not just to specific requests but the propriety of discovery altogether in this case.

The parties conferred regarding the dispute as to the propriety of discovery in this case on more than one occasion. (**Exhibit H**, Email Conference re Depositions and Motion for Protective Order; **Exhibit I**, Email re Call to Meet-and-Confer Call.) It was evident that the parties did not agree on the fundamental issue of whether discovery was appropriate, and Defendants filed a motion for protection accordingly. Further, to the extent possible while balancing the need to limit the expenditure of public dollars in a matter where the court lacks subject-matter jurisdiction, Defendants nonetheless provided objections and responses where able and identified public records in an effort to strike an appropriate balance in this case. As for depositions, witnesses identified and counsel were unable to appear for the depositions as noticed, but given the larger objection to taking depositions, put that matter to the Court prior to engaging in additional scheduling disputes.

20

MR 0521

## CONCLUSION & PRAYER

For the reasons stated above, Defendants respectfully pray the Court deny Plaintiff's Motion to Compel Depositions and Written Discovery, to protect them from compliance with written discovery and depositions while the Plea to the Jurisdiction is pending, and grant such other and further relief to which Defendants may be justly entitled.

21

MR 0522

Respectfully submitted,

DEVIN Q. ALEXANDER
Denton City Attorney's Office
215 East McKinney
Denton, Texas 76201
(940) 349-8333
(940) 382-7923 Facsimile
For email contact and service regarding this case, please include email addresses for all listed attorneys in the To: field, and include amy.hoffee@cityofdenton.com in the cc: field, until requested otherwise.

Mack Reinwand
City Attorney
State Bar No. 24056195
mack.reinwand@cityofdenton.com

Devin Alexander
Deputy City Attorney
State Bar No. 24104554
devin.alexander@cityofdenton.com

**LLOYD GOSSELINK**
  **ROCHELLE & TOWNSEND, P.C.**
816 Congress Avenue, Suite 1900
Austin, Texas 78701
Telephone:     (512) 322-5800
Facsimile:      (512) 472-0532

By:     */s/ Jose E. de la Fuente*
          JOSE E. de la FUENTE
          (Attorney-in-Charge)
          State Bar No. 00793605
          jdelafuente@lglawfirm.com
          JAMES F. PARKER
          State Bar No. 24027591
          jparker@lglawfirm.com
          GABRIELLE C. SMITH
          State Bar No. 24093172
          gsmith@lglawfirm.com
          SYDNEY P. SADLER
          State Bar No. 24117905
          ssadler@lglawfirm.com

**ATTORNEYS FOR DEFENDANTS**

22

MR 0523

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been forwarded to the following attorneys via the Court's electronic filing case management system and electronic mail on this 10th day of December, 2024:

Ken Paxton
Attorney General

Brent Webster
First Assistant Attorney General

Ralph Molina
Deputy First Assistant Attorney
General

Austin Kinghorn
Deputy Attorney General for Legal
Strategy

Ryan D. Walters
Chief, Special Litigation Division

Zachary L. Rhines
Zachary.Rhines@oag.texas.gov
Special Counsel
Kyle Tebo
Kyle.tebo@oag.texas.gov
Special Counsel

OFFICE OF THE ATTORNEY
GENERAL OF TEXAS
Special Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548

**ATTORNEYS FOR PLAINTIFF**

*/s/ Jose E. de la Fuente*
JOSE E. de la FUENTE

23

MR 0524

# EXHIBIT A

MR 0525

| | | |
|---|---|---|
| THE STATE OF TEXAS, | § | IN THE DISTRICT COURT |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | |
| CITY OF DENTON; GERARD | § | |
| HUDSPETH, Mayor of Denton; | § | |
| BRIAN BECK, Mayor Pro Tem of | § | |
| Denton, VICKI BYRD, PAUL | § | |
| MELTZER, JOE HOLLAND, | § | DENTON COUNTY, TEXAS |
| BRANDON CHASE McGEE, and | § | |
| CHRIS WATTS, Members of the | § | |
| City Council of Denton; SARA | § | |
| HENSLEY, City Manager of | § | |
| Denton; and DOUG SHOEMAKER, | § | |
| Chief of Police of Denton, in their | § | |
| official capacities, | § | |
| *Defendants.* | § | 481st JUDICIAL DISTRICT |

## DEFENDANTS' RESPONSES TO PLAINTIFF'S
## FIRST SET OF INTERROGATORIES

TO:  Plaintiff, the State of Texas, by and through its attorneys of record, Jacob Przada and Johnathan Stone, Office of the Attorney General of Texas, Special Litigation Division, P.O. Box 12548, Austin, Texas 78711-2548.

Pursuant to Rule 197 of the Texas Rules of Civil Procedure, the City of Denton (the "City") and Gerard Hudspeth, Mayor of Denton, Brian Beck, Mayor Pro Tem of Denton, Vicki Byrd, Paul Meltzer, Joe Holland, Brandon Chase McGee and Chris Watts, Members of the City Council of Denton, Sara Hensley, City Manager of Denton, and Doug Shoemaker, Chief of Police of Denton[1] (the "Officials" and together with the City, the "Defendants")  hereby serves their Responses and Objections to Plaintiff the State of Texas's (the "State" or "Plaintiff") First Set of Interrogatories,

---

[1]  Doug Shoemaker is no longer the Chief of Police of Denton.

which responses are attached hereto and incorporated herein by reference for all purposes.

Respectfully submitted,

DEVIN Q. ALEXANDER
Denton City Attorney's Office
215 East McKinney
Denton, Texas 76201
(940) 349-8333
(940) 382-7923 Facsimile
For email contact and service regarding this case, please include email addresses for all listed attorneys in the To: field, and include amy.hoffee@cityofdenton.com in the cc: field, until requested otherwise.

Mack Reinwand
City Attorney
State Bar No. 24056195
mack.reinwand@cityofdenton.com

Devin Alexander
Deputy City Attorney
State Bar No. 24104554
devin.alexander@cityofdenton.com

**LLOYD GOSSELINK
  ROCHELLE & TOWNSEND, P.C.**
816 Congress Avenue, Suite 1900
Austin, Texas 78701
Telephone:    (512) 322-5800
Facsimile:     (512) 472-0532

By:     */s/ Jose E. de la Fuente*
          JOSE E. de la FUENTE
          (Attorney-in-Charge)
          State Bar No. 00793605
          jdelafuente@lglawfirm.com
          JAMES F. PARKER
          State Bar No. 24027591
          jparker@lglawfirm.com
          GABRIELLE C. SMITH
          State Bar No. 24093172
          gsmith@lglawfirm.com
          SYDNEY P. SADLER
          State Bar No. 24117905
          ssadler@lglawfirm.com

**ATTORNEYS FOR DEFENDANTS**

3

MR 0528

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to the following attorneys via the Court's electronic filing case management system and electronic mail on this 30th day of September, 2024:

Ken Paxton
Attorney General

Brent Webster
First Assistant Attorney General

Grant Dorfman
Deputy First Assistant Attorney
General

Ralph Molina
Deputy Attorney General for Legal
Strategy

Ryan D. Walters
Chief, Special Litigation Division

Jacob Przada
Jacob.Przada@oag.texas.gov
Special Counsel
Johnathan Stone
Johnathan.Stone@oag.texas.gov
Special Counsel

OFFICE OF THE ATTORNEY
GENERAL OF TEXAS
Special Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
**ATTORNEYS FOR PLAINTIFF**

*/s/ Jose E. de la Fuente*
JOSE E. DE LA FUENTE

4

## Objections to Definitions

1. Defendants object to Plaintiff's definition of "Enforce" to the extent it seeks to give legal significance to a term not defined by the relevant statutory authority. Further, Defendants object to this term as defined as it is in conflict with the plain meaning. Defendants will treat the term as having its plain meaning, and as is consistent with any relevant legal authority.

2. Defendants object to Plaintiff's definition of "The Cities" to the extent it defines municipalities "acting in concert" and implies collusion or some other coordinated effort with undefined entities and undefined acts.

3. Defendants object to Plaintiff's definition of "Codification" to the extent it seeks to give legal significance to a term not defined by the relevant statutory authority. Further, Defendants object to this term as defined as it is in conflict with the plain meaning. Defendants will treat the term as having its plain meaning, and as is consistent with any relevant legal authority.

4. Defendants object to Plaintiff's definition of "Adoption" to the extent that it seeks to create a legal definition that is contrary to the relevant legal authority in this case. Defendants will treat the term as having its plain meaning, and as is consistent with any relevant legal authority.

5. Defendants object to Plaintiff's definition of "Implementation" to the extent it seeks to give legal significance to a term not defined by the relevant statutory authority. Further, Defendants object to this term as defined as it is in conflict with the plain meaning. Defendants will treat the term as having its plain meaning, and as is consistent with any relevant legal authority.

6. "Defendants object to Plaintiff's definition of "Policy" to the extent it seeks to give legal significance to a term not defined by the relevant statutory authority. Further, Defendants object to this term as defined to the extent it conflicts with the plain meaning of the term and seeks to redefine any documents identified as a "Policy" in City's records. Defendants will treat the term as having its plain meaning, and as is consistent with any relevant legal authority.

Defendants' objection to each of these terms applies to each and every request below that uses such term, and is incorporated therein by this statement.


## OBJECTIONS AND RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:** Identify all documents utilized to assist in any way with the preparation of the answers to each of the interrogatories.

5

MR 0530

**RESPONSE:** See documents attached to Defendants' Plea to the Jurisdiction filed in this case on May 20, 2024.

**INTERROGATORY NO. 2:** Explain the process to change, adopt, or implement a different policy or ordinance than a policy or ordinance currently codified, adopted, or implemented by the City of Denton.

> **OBJECTION:** Defendants object to this Interrogatory as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), aff'd, 458 S.W.3d 1 (Tex. 2015); see also Quested v. City of Hous., 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The State's claim in this case solely concerns official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4. Defendants also object that the information sought by this Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3. Defendants further object that this Interrogatory is overbroad and vague, and not tailored to the issues and claims involved in this case.

> **RESPONSE:** Based on the forgoing objections, the Court does not have jurisdiction to adjudicate the merits of this case, therefore Defendants will refrain from disclosing any merits-related contentions. For facts supporting the Court's lack of jurisdiction, see Defendants' Plea to the Jurisdiction filed in this case.

**INTERROGATORY NO. 3:** Identify every person who has firsthand factual information about this case, rebuttal or impeachment evidence in this case, or who is expected testify in this case, including your experts or rebuttal witnesses, and provide a brief statement of each individual's connection with the case. See Tex. R. Civ. P. 192.

> **OBJECTION:** Defendants object to this Interrogatory as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), aff'd, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283

6

(Tex. App.—Houston [14th Dist.] 2014, no pet.). The State's claim in this case solely concerns official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4. Defendants also object that the information sought by this Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3.

**RESPONSE:** Subject to and without waiving the foregoing objections, see Defendants' Initial Disclosures and Defendants' Plea to the Jurisdiction.

**INTERROGATORY NO. 4:** State the legal theories and describe in general the factual bases for your defenses. See Tex. R. Civ. P. 192.3(j), 197.1.

**OBJECTION:** Defendants object to this Interrogatory as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), aff'd, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The State's claim in this case solely concerns official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4. Defendants also object that the information sought by this Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3.

**RESPONSE:** Subject to and without waiving the foregoing objections, see Defendants' Initial Disclosures and Defendants' Plea to the Jurisdiction.

**INTERROGATORY NO. 5:** Identify any City of Denton employees and third-parties, including the Cities of San Antonio, Elgin, Harker Heights, Killeen, Austin, and San Marcos, and media personnel with whom you discussed codification, adoption, or implementation of the Marijuana Ordinance from November 2, 2021 to Present.

**OBJECTION:** Defendants object to this Interrogatory as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), aff'd, 458

7

MR 0532

S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The State's claim in this case solely concerns official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4. Defendants further object to this request as overbroad to the extent that it would impermissibly seek information protected by the common interest privilege. Defendants also object that the information sought by this Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3.

**RESPONSE:** Based on the foregoing objections, Defendants will refrain from answering this Interrogatory.

**INTERROGATORY NO. 6:** If you contend that the Marijuana Ordinance can, or cannot be changed to comply with the City Charter, Ordinance, or a policy, state the factual basis for your claim and identify all documents relied on for your response.

**OBJECTION:** Defendants object to this Interrogatory as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), aff'd, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The State's claim in this case solely concerns official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4. Defendants further object to this request because it incorporates and assumes an incorrect and impermissible predicate legal conclusion as to the Marijuana Ordinance's legality. Defendants also object that the information sought by this Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3.

**RESPONSE:** Based on the forgoing objections, the Court does not have jurisdiction to adjudicate the merits of this case, therefore Defendants will refrain from disclosing any merits-related contentions.

**INTERROGATORY NO. 7:** Identify any documented changes in Marijuana use since the Marijuana Ordinance took effect, including but not limited to any documented changes occurring at the Denton Independent School District, or in

8

MR 0533

connection to City of Denton Police citations and arrests or traffic and pedestrian stops.

> **OBJECTION:** Defendants object to this Interrogatory as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), aff'd, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The State's claim in this case solely concerns official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4. Defendants further object to the extent that it seeks information regarding third parties that are not within Defendants' control. Defendants also object to this interrogatory as vague, overbroad, and unduly burdensome in its entirety. Defendants also object that the information sought by this Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3.

> **RESPONSE:** Based on the forgoing objections, the Court does not have jurisdiction to adjudicate the merits of this case, therefore Defendants will refrain from disclosing any merits-related contentions. For facts supporting the Court's lack of jurisdiction, see Defendants' Plea to the Jurisdiction filed in this case.

**INTERROGATORY NO. 8:** Identify how many times the Marijuana Ordinance has been enforced and identify the individuals whom the Marijuana Ordinance has been enforced against.

> **OBJECTION:** Defendants object to this Interrogatory as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), aff'd, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The State's claim in this case solely concerns official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4. Defendants also object that the information sought by this Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3.

MR 0534

**RESPONSE:** Based on the forgoing objections, the Court does not have jurisdiction to adjudicate the merits of this case, therefore Defendants will refrain from disclosing any merits-related contentions.

**INTERROGATORY NO. 9:** Identify all jobs to which you have applied from August 30, 2022 to Present, including the name of the employer, its location, and the ultimate outcome of your application for that job.

**OBJECTION:** Defendants object to this Interrogatory as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), aff'd, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The State's claim in this case solely concerns official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4. Defendants also object that the information sought by this Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3.

**RESPONSE:** Based on the foregoing objections, Defendants will refrain from answering this Interrogatory.

**INTERROGATORY NO. 10:** Explain the written or unwritten City of Denton Police Department policy, practice, or procedure relating to funding for THC testing that was in effect during the period spanning February 13, 2021, to November 22, 2022.

**OBJECTION:** Defendants object to this Interrogatory as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), aff'd, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The State's claim in this case solely concerns official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4. Defendants further object to this request as vague and ambiguous to

10

the extent that it asks a party to "explain" a policy or similar matter. Defendants also object that the information sought by this Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3.

**RESPONSE:** Based on the forgoing objections, the Court does not have jurisdiction to adjudicate the merits of this case, therefore Defendants will refrain from disclosing any merits-related contentions.

**INTERROGATORY NO. 11:** Explain the written or unwritten City of Denton Police Department policy, practice, or procedure relating to funding for THC testing that has been in effect during the period spanning November 22, 2022, to Present.

**OBJECTION:** Defendants object to this Interrogatory as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), aff'd, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The State's claim in this case solely concerns official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4. Defendants further object to this request as vague and ambiguous to the extent that it asks a party to "explain" a policy or similar matter. Defendants also object that the information sought by this Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3.

**RESPONSE:** Based on the forgoing objections, the Court does not have jurisdiction to adjudicate the merits of this case, therefore Defendants will refrain from disclosing any merits-related contentions.

**INTERROGATORY NO. 12:** Explain the written or unwritten City of Denton Police Department policy, practice, or procedure relating to the use of the smell of marijuana for probable cause that was in effect during the period spanning February 13, 2021, to November 22, 2022.

**OBJECTION:** Defendants object to this Interrogatory as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension*

11

MR 0536

*Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), aff'd, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The State's claim in this case solely concerns official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4. Defendants further object to this request as vague and ambiguous to the extent that it asks a party to "explain" a policy or similar matter. Defendants also object that the information sought by this Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3.

**RESPONSE:** Based on the forgoing objections, the Court does not have jurisdiction to adjudicate the merits of this case, therefore Defendants will refrain from disclosing any merits-related contentions.

**INTERROGATORY NO. 13:** Explain the written or unwritten City of Denton Police Department policy, practice, or procedure relating to the use of the smell of marijuana for probable cause that has been in effect during the period spanning November 22, 2022, to Present.

**OBJECTION:** Defendants object to this Interrogatory as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), aff'd, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The State's claim in this case solely concerns official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4. Defendants further object to this request as vague and ambiguous to the extent that it asks a party to "explain" a policy or similar matter. Defendants also object that the information sought by this Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3.

**RESPONSE:** Based on the forgoing objections, the Court does not have jurisdiction to adjudicate the merits of this case, therefore Defendants will refrain from disclosing any merits-related contentions.

12

MR 0537

**INTERROGATORY NO. 14:** Explain the written or unwritten City of Denton Police Department policy, practice, or procedure relating to citations or arrests for Class A or Class B misdemeanor possession of marijuana offenses, and for misdemeanor possession of marijuana paraphernalia that was in effect from February 13, 2021, to November 22, 2022.

> **OBJECTION:** Defendants object to this Interrogatory as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), aff'd, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The State's claim in this case solely concerns official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4. Defendants further object to this request as vague and ambiguous to the extent that it asks a party to "explain" a policy or similar matter. Defendants also object that the information sought by this Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3.

> **RESPONSE:** Based on the forgoing objections, the Court does not have jurisdiction to adjudicate the merits of this case, therefore Defendants will refrain from disclosing any merits-related contentions.

**INTERROGATORY NO. 15:** Explain the written or unwritten City of Denton Police Department policy, practice, or procedure relating to citations or arrests for Class A or Class B misdemeanor possession of marijuana offenses, and for misdemeanor possession of marijuana paraphernalia that has been in effect from November 22, 2022, to Present.

> **OBJECTION:** Defendants object to this Interrogatory as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), aff'd, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The State's claim in this case solely concerns official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4. Defendants further object to this request as vague and ambiguous to

13

the extent that it asks a party to "explain" a policy or similar matter. Defendants also object that the information sought by this Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3.

**RESPONSE:** Based on the forgoing objections, the Court does not have jurisdiction to adjudicate the merits of this case, therefore Defendants will refrain from disclosing any merits-related contentions.

**INTERROGATORY NO. 16:** Explain the written or unwritten City of Denton Police Department policy, practice, or procedure relating to training on the Marijuana Ordinance that was in effect from February 13, 2021, to November 22, 2022.

**OBJECTION:** Defendants object to this Interrogatory as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), aff'd, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The State's claim in this case solely concerns official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4. Defendants further object to this request as vague and ambiguous to the extent that it asks a party to "explain" a policy or similar matter. Defendants also object that the information sought by this Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3.

**RESPONSE:** Based on the forgoing objections, the Court does not have jurisdiction to adjudicate the merits of this case, therefore Defendants will refrain from disclosing any merits-related contentions.

**INTERROGATORY NO. 17:** Explain the written or unwritten City of Denton Police Department policy, practice, or procedure relating to training on the Marijuana Ordinance that has been in effect from November 22, 2022, to Present.

**OBJECTION:** Defendants object to this Interrogatory as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), aff'd, 458

14

S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The State's claim in this case solely concerns official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4. Defendants further object to this request as vague and ambiguous to the extent that it asks a party to "explain" a policy or similar matter. Defendants also object that the information sought by this Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3.

**RESPONSE:** Based on the forgoing objections, the Court does not have jurisdiction to adjudicate the merits of this case, therefore Defendants will refrain from disclosing any merits-related contentions.

**INTERROGATORY NO. 18:** Explain the written or unwritten City of Denton Police Department policy, practice, or procedure relating to citations or arrests for felony-level marijuana offenses that was in effect from February 13, 2021, to November 22, 2022.

**OBJECTION:** Defendants object to this Interrogatory as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), aff'd, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The State's claim in this case solely concerns official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4. Defendants further object to this request as vague and ambiguous to the extent that it asks a party to "explain" a policy or similar matter. Defendants also object that the information sought by this Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3.

**RESPONSE:** Based on the forgoing objections, the Court does not have jurisdiction to adjudicate the merits of this case, therefore Defendants will refrain from disclosing any merits-related contentions.

15

**INTERROGATORY NO. 19:** Explain the written or unwritten City of Denton Police Department policy, practice, or procedure relating to citations or arrests for felony-level marijuana offenses that has been in effect from November 22, 2022, to Present.

> **OBJECTION:** Defendants object to this Interrogatory as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), aff'd, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The State's claim in this case solely concerns official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4. Defendants further object to this request as vague and ambiguous to the extent that it asks a party to "explain" a policy or similar matter. Defendants also object that the information sought by this Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3.

> **RESPONSE:** Based on the forgoing objections, the Court does not have jurisdiction to adjudicate the merits of this case, therefore Defendants will refrain from disclosing any merits-related contentions.

**INTERROGATORY NO. 20:** Identify all inquiries by the public about confusion relating to codification, implementation, or adoption of the City of Denton's Marijuana Ordinance.

> **OBJECTION:** Defendants object to this Interrogatory as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), aff'd, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The State's claim in this case solely concerns official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4. Defendants further object to this interrogatory as vague, facially overbroad and unduly burdensome to the extent it would require Defendants to review all public inquiries and determine the state of mind of the inquirer. Defendants also object that the information sought by this Interrogatory is not

16

reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3.

**RESPONSE:** Based on the forgoing objections, the Court does not have jurisdiction to adjudicate the merits of this case, therefore Defendants will refrain from disclosing any merits-related contentions.

**INTERROGATORY NO. 21:** Identify all documents relied upon in developing the current City of Denton Police Department Policy and Police Directive or General Orders relating to misdemeanor-level marijuana offenses.

**OBJECTION:** Defendants object to this Interrogatory as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), aff'd, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The State's claim in this case solely concerns official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4. Defendants further object to this interrogatory as vague, facially overbroad, and unduly burdensome in its entirety. Defendants also object that the information sought by this Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3.

**RESPONSE:** Based on the forgoing objections, the Court does not have jurisdiction to adjudicate the merits of this case, therefore Defendants will refrain from disclosing any merits-related contentions.

**INTERROGATORY NO. 22:** If you have ever been convicted of a felony or a crime involving moral turpitude, state the nature of the charge and the date and place of arrest and conviction. See Tex. R. Evid. 404(a)(2)(B), 609(a).

**OBJECTION:** Defendants object to this Interrogatory as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), aff'd, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The State's claim in this case solely concerns official action taken, or rather not taken, by government actors,

MR 0542

which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4. Defendants also object that the information sought by this Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3.

**RESPONSE:** Based on the forgoing objections, Defendants refrain from answering this Interrogatory.

MR 0543

# EXHIBIT B

MR 0544

| | | |
|---|---|---|
| THE STATE OF TEXAS, *Plaintiff*, | § § § | IN THE DISTRICT COURT |
| v. | § § | |
| CITY OF DENTON; GERARD HUDSPETH, Mayor of Denton; BRIAN BECK, Mayor Pro Tem of Denton, VICKI BYRD, PAUL MELTZER, JOE HOLLAND, BRANDON CHASE McGEE, and CHRIS WATTS, Members of the City Council of Denton; SARA HENSLEY, City Manager of Denton; and DOUG SHOEMAKER, Chief of Police of Denton, in their official capacities, *Defendants.* | § § § § § § § § § § § § § § § | DENTON COUNTY, TEXAS

481st JUDICIAL DISTRICT |

### DEFENDANTS' RESPONSES TO PLAINTIFF'S FIRST REQUESTS FOR ADMISSION

TO:    Plaintiff, the State of Texas, by and through its attorney of record, Jacob Przada and Johnathan Stone, Office of the Attorney General of Texas, Special Litigation Division, P.O. Box 12548, Austin, Texas 78711-2548.

Pursuant to Rule 198 of the Texas Rules of Civil Procedure, the City of Denton (the "City") and Gerard Hudspeth, Mayor of Denton, Brian Beck, Mayor Pro Tem of Denton, Vicki Byrd, Paul Meltzer, Joe Holland, Brandon Chase McGee and Chris Watts, Members of the City Council of Denton, Sara Hensley, City Manager of Denton, and Doug Shoemaker, Chief of Police of Denton[1] (the "Officials" and together with the City, the "Defendants") hereby serves their Responses and Objections to Plaintiff the State of Texas's (the "State" or "Plaintiff") First Requests for Admission.

---

[1]    Doug Shoemaker is no longer the Chief of Police of Denton.

Respectfully submitted,

DEVIN Q. ALEXANDER
Denton City Attorney's Office
215 East McKinney
Denton, Texas 76201
(940) 349-8333
(940) 382-7923 Facsimile
For email contact and service regarding this case, please include email addresses for all listed attorneys in the To: field, and include amy.hoffee@cityofdenton.com in the cc: field, until requested otherwise.

Mack Reinwand
City Attorney
State Bar No. 24056195
mack.reinwand@cityofdenton.com

Devin Alexander
Deputy City Attorney
State Bar No. 24104554
devin.alexander@cityofdenton.com

**LLOYD GOSSELINK
  ROCHELLE & TOWNSEND, P.C.**
816 Congress Avenue, Suite 1900
Austin, Texas 78701
Telephone:     (512) 322-5800
Facsimile:     (512) 472-0532

By:     */s/ Jose E. de la Fuente*
        JOSE E. de la FUENTE
        (Attorney-in-Charge)
        State Bar No. 00793605
        jdelafuente@lglawfirm.com
        JAMES F. PARKER
        State Bar No. 24027591
        jparker@lglawfirm.com
        GABRIELLE C. SMITH
        State Bar No. 24093172
        gsmith@lglawfirm.com
        SYDNEY P. SADLER
        State Bar No. 24117905
        ssadler@lglawfirm.com

**ATTORNEYS FOR DEFENDANTS**

2

MR 0546

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to the following attorneys via the Court's electronic filing case management system and electronic mail on this 30th day of September, 2024:

Ken Paxton
Attorney General

Brent Webster
First Assistant Attorney General

Grant Dorfman
Deputy First Assistant Attorney
General

Ralph Molina
Deputy Attorney General for Legal
Strategy

Ryan D. Walters
Chief, Special Litigation Division

Jacob Przada
Jacob.Przada@oag.texas.gov
Special Counsel
Johnathan Stone
Johnathan.Stone@oag.texas.gov
Special Counsel

OFFICE OF THE ATTORNEY
GENERAL OF TEXAS
Special Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
**ATTORNEYS FOR PLAINTIFF**


*/s/ Jose E. de la Fuente*
JOSE E. DE LA FUENTE

3

MR 0547

## OBJECTIONS TO DEFINITIONS

1. Defendants object to Plaintiff's definition of "Memorandum" to the extent it conflicts with the plain meaning of the term and seeks to redefine any documents identified as a "Memorandum" in the record. Defendants will treat the term as having its plain meaning, and as is consistent with any relevant legal authority.

2. Defendants object to Plaintiff's definition of "Codification" to the extent it seeks to give legal significance to a term not defined by the relevant statutory authority. Further, Defendants object to this term as defined as it is in conflict with the plain meaning. Defendants will treat the term as having its plain meaning, and as is consistent with any relevant legal authority.

3. Defendants object to Plaintiff's definition of "Adoption" to the extent that it seeks to create a legal definition that is contrary to the relevant legal authority in this case. Defendants will treat the term as having its plain meaning, and as is consistent with any relevant legal authority.

4. Defendants object to Plaintiff's definition of "Implementation" to the extent it seeks to give legal significance to a term not defined by the relevant statutory authority. Further, Defendants object to this term as defined as it is in conflict with the plain meaning. Defendants will treat the term as having its plain meaning, and as is consistent with any relevant legal authority.

Defendants' objection to each of these terms applies to each and every request below that uses such term, and is incorporated therein by this statement.

## OBJECTIONS AND RESPONSES TO REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:** Admit that the Marijuana Ordinance was adopted on November 22, 2022, following a vote by the City of Denton City Council.

> **OBJECTION:** Defendants object to this Request as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), aff'd, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The State's claim in this case solely concerns official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4. Defendants also object that the admission sought by this Request is not

4

reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3. Defendants further object to this request as vague and misleading to the extent that it uses the term "adopted" as Plaintiff would define that term.

**RESPONSE:** Subject to and without waiving the foregoing objections, Defendants deny.

**REQUEST FOR ADMISSION NO. 2:** Admit that following a vote on November 22, 2022, the Marijuana Ordinance became operational by law.

**OBJECTION:** Defendants object to this Request as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), aff'd, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The State's claim in this case solely concerns official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4. Defendants also object that the admission sought by this Request is not reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3.

**RESPONSE:** Subject to and without waiving the foregoing objections, Defendants deny.

**REQUEST FOR ADMISSION NO. 3:** Admit that the June 6, 2023 vote on the Marijuana Ordinance only related to budgetary authorization for the Marijuana Ordinance.

**OBJECTION:** Defendants object to this Request as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), aff'd, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The State's claim in this case solely concerns official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4.

5

Defendants also object that the admission sought by this Request is not reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3.

**RESPONSE:** Subject to and without waiving the foregoing objections, Defendants deny.

**REQUEST FOR ADMISSION NO. 4:** Admit that during the June 6, 2023 vote on the Marijuana Ordinance, the City of Denton City Council considered a duplicate of the Marijuana Ordinance, already adopted on November 22, 2022.

**OBJECTION:** Defendants object to this Request as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), aff'd, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The State's claim in this case solely concerns official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4. Defendants also object that the admission sought by this Request is not reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3. Defendants further object to this request as vague and misleading to the extent that it uses the term "adopted" as Plaintiff would define that term.

**RESPONSE:** Subject to and without waiving the foregoing objections, Defendants deny.

**REQUEST FOR ADMISSION NO. 5:** Admit that following a vote on the Marijuana Ordinance on June 6, 2023, the Marijuana Ordinance remained in the Code of Ordinances.

**OBJECTION:** Defendants object to this Request as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), aff'd, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The State's claim in this case solely concerns official action taken, or rather not taken, by government actors, which

6

is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4. Defendants also object that the admission sought by this Request is not reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3.

**RESPONSE:** Subject to the foregoing objections, Defendants cannot admit or deny the Request as worded, and thus Defendants deny.

**REQUEST FOR ADMISSION NO. 6:** Admit that employees of the City of Denton Police Department have been directed not to cite or arrest individuals for misdemeanor levels of marijuana and misdemeanor possession of marijuana paraphernalia.

**OBJECTION:** Defendants object to this Request as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), aff'd, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.— Houston [14th Dist.] 2014, no pet.). The State's claim in this case solely concerns official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4. Defendants also object that the admission sought by this Request is not reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3. Defendants further object to this request as vague, overbroad, and incomprehensible to the extent that it uses the passive voice ("have been directed"), as it does not state by whom such direction may have been given.

**RESPONSE:** Subject to and without waiving the foregoing objections, Defendants deny.

**REQUEST FOR ADMISSION NO. 7:** Admit that the Marijuana Ordinance conflicts with Texas Local Government Code 370.003.

**OBJECTION:** Defendants object to this Request as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), aff'd, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—

7

Houston [14th Dist.] 2014, no pet.). The State's claim in this case solely concerns official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4. Defendants also object that the admission sought by this Request is not reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3. Defendants further object that this Request does not seek admission of a fact but rather a legal contention.

**RESPONSE:** Based on the foregoing objections, and based further on the fact that the Court lacks subject-matter jurisdiction to adjudicate Plaintiff's claims or Defendants' defenses, Defendants will not respond.

**REQUEST FOR ADMISSION NO. 8:** Admit that City of Denton Police Department citations and arrests for misdemeanor levels of marijuana have decreased by over 50 percent since November 22, 2022.

**OBJECTION:** Defendants object to this Request as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), aff'd, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The State's claim in this case solely concerns official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4. Defendants also object that the admission sought by this Request is not reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3.

**RESPONSE:** Based on the foregoing objections, and based further on the fact that the Court lacks subject-matter jurisdiction to adjudicate Plaintiff's claims or Defendants' defenses, Defendants will not respond.

**REQUEST FOR ADMISSION NO. 9:** Admit that City of Denton Police Department citations and arrests for misdemeanor possession of marijuana paraphernalia have decreased by over 50 percent since November 22, 2022.

**OBJECTION:** Defendants object to this Request as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter

8

MR 0552

of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), aff'd, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The State's claim in this case solely concerns official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4. Defendants also object that the admission sought by this Request is not reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3.

**RESPONSE:** Based on the foregoing objections, and based further on the fact that the Court lacks subject-matter jurisdiction to adjudicate Plaintiff's claims or Defendants' defenses, Defendants will not respond.

**REQUEST FOR ADMISSION NO. 10:** Admit that you did not send out a document or communication to employees of the City of Denton Police Department that the Marijuana Ordinance has not been implemented.

**OBJECTION:** Defendants object to this Request as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), aff'd, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The State's claim in this case solely concerns official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4. Defendants also object that the admission sought by this Request is not reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3.

**RESPONSE:** Subject to and without waiving the foregoing objections, Defendants deny.

**REQUEST FOR ADMISSION NO. 11:** Admit that you received a document or communication from the City of Denton Police Department that the Marijuana Ordinance has been implemented.

**OBJECTION:** Defendants object to this Request as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the

9

discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), aff'd, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The State's claim in this case solely concerns official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4. Defendants also object that the admission sought by this Request is not reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3. Defendants further object that this Request is vague, overbroad, and unclear as it is directed to multiple persons.

**RESPONSE:** Subject to and without waiving the foregoing objections, Defendants cannot admit or deny this Request as worded.

**REQUEST FOR ADMISSION NO. 12:** Admit that you directed the City of Denton Police Department not to use the smell of marijuana for probable cause.

**OBJECTION:** Defendants object to this Request as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), aff'd, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The State's claim in this case solely concerns official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4. Defendants also object that the admission sought by this Request is not reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3. Defendants further object that this Request is vague, overbroad, and unclear as it is directed to multiple persons.

**RESPONSE:** Subject to and without waiving the foregoing objections, Defendants deny.

**REQUEST FOR ADMISSION NO. 13:** Admit that employees of the City of Denton Police Department have received training on the Marijuana Ordinance.

**OBJECTION:** Defendants object to this Request as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the

10

discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), aff'd, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The State's claim in this case solely concerns official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4. Defendants also object that the admission sought by this Request is not reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3. Defendants further object that this request is vague and overbroad as to the term "training."

**RESPONSE:** Subject to and without waiving the foregoing objections, Defendants cannot admit or deny this Request as worded.

**REQUEST FOR ADMISSION NO. 14:** Admit that the City of Denton City Council could change a City of Denton policy relating to the implementation of the Marijuana Ordinance.

**OBJECTION:** Defendants object to this Request as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), aff'd, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The State's claim in this case solely concerns official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4. Defendants also object that the admission sought by this Request is not reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3. Defendants further object that this request is overbroad and vague as worded, including the fact that it inquires into a hypothetical. Defendants further object that this Request does not seek admission of a fact but rather a legal conclusion.

**RESPONSE:** Subject to and without waiving the foregoing objections, Defendants cannot admit or deny this Request as worded.

11

**REQUEST FOR ADMISSION NO. 15:** Admit that a new City Manager could change a City of Denton policy relating to the implementation of the Marijuana Ordinance.

> **OBJECTION:** Defendants object to this Request as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), aff'd, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The State's claim in this case solely concerns official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4. Defendants also object that the admission sought by this Request is not reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3. Defendants further object that this request is overbroad and vague as worded, including the fact that it inquires into a hypothetical. Defendants further object that this Request does not seek admission of a fact but rather a legal conclusion.

> **RESPONSE:** Subject to and without waiving the foregoing objections, Defendants cannot admit or deny this Request as worded.

12

# EXHIBIT C

MR 0557

| | | |
|---|---|---|
| THE STATE OF TEXAS, | § | IN THE DISTRICT COURT |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | |
| CITY OF DENTON; GERARD | § | |
| HUDSPETH, Mayor of Denton; | § | |
| BRIAN BECK, Mayor Pro Tem of | § | |
| Denton, VICKI BYRD, PAUL | § | |
| MELTZER, JOE HOLLAND, | § | DENTON COUNTY, TEXAS |
| BRANDON CHASE McGEE, and | § | |
| CHRIS WATTS, Members of the | § | |
| City Council of Denton; SARA | § | |
| HENSLEY, City Manager of | § | |
| Denton; and DOUG SHOEMAKER, | § | |
| Chief of Police of Denton, in their | § | |
| official capacities, | § | |
| *Defendants.* | § | 481st JUDICIAL DISTRICT |

## DEFENDANTS' RESPONSES TO PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION

TO: Plaintiff, the State of Texas, by and through its attorneys of record, Jacob Przada and Johnathan Stone, Office of the Attorney General of Texas, Special Litigation Division, P.O. Box 12548, Austin, Texas 78711-2548.

Pursuant to Rule 196 of the Texas Rules of Civil Procedure, the City of Denton (the "City") and Gerard Hudspeth, Mayor of Denton, Brian Beck, Mayor Pro Tem of Denton, Vicki Byrd, Paul Meltzer, Joe Holland, Brandon Chase McGee and Chris Watts, Members of the City Council of Denton, Sara Hensley, City Manager of Denton, and Doug Shoemaker, Chief of Police of Denton[1] (the "Officials" and together with the City, the "Defendants") hereby serves their Responses and Objections to Plaintiff the State of Texas's (the "State" or "Plaintiff") First Requests for Production,

---

[1] Doug Shoemaker is no longer the Chief of Police of Denton.

which responses are attached hereto and incorporated herein by reference for all purposes.

MR 0559

Respectfully submitted,

DEVIN Q. ALEXANDER
Denton City Attorney's Office
215 East McKinney
Denton, Texas 76201
(940) 349-8333
(940) 382-7923 Facsimile
For email contact and service regarding this case, please include email addresses for all listed attorneys in the To: field, and include amy.hoffee@cityofdenton.com in the cc: field, until requested otherwise.

Mack Reinwand
City Attorney
State Bar No. 24056195
mack.reinwand@cityofdenton.com

Devin Alexander
Deputy City Attorney
State Bar No. 24104554
devin.alexander@cityofdenton.com

**LLOYD GOSSELINK
ROCHELLE & TOWNSEND, P.C.**
816 Congress Avenue, Suite 1900
Austin, Texas 78701
Telephone:    (512) 322-5800
Facsimile:    (512) 472-0532

By:    */s/ Jose E. de la Fuente*
        JOSE E. de la FUENTE
        (Attorney-in-Charge)
        State Bar No. 00793605
        jdelafuente@lglawfirm.com
        JAMES F. PARKER
        State Bar No. 24027591
        jparker@lglawfirm.com
        GABRIELLE C. SMITH
        State Bar No. 24093172
        gsmith@lglawfirm.com
        SYDNEY P. SADLER
        State Bar No. 24117905
        ssadler@lglawfirm.com

**ATTORNEYS FOR DEFENDANTS**

3

MR 0560

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to the following attorneys via the Court's electronic filing case management system and electronic mail on this 30th day of September, 2024:

Ken Paxton
Attorney General

Brent Webster
First Assistant Attorney General

Grant Dorfman
Deputy First Assistant Attorney
General

Ralph Molina
Deputy Attorney General for Legal
Strategy

Ryan D. Walters
Chief, Special Litigation Division

Jacob Przada
Jacob.Przada@oag.texas.gov
Special Counsel
Johnathan Stone
Johnathan.Stone@oag.texas.gov
Special Counsel

OFFICE OF THE ATTORNEY
GENERAL OF TEXAS
Special Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
**ATTORNEYS FOR PLAINTIFF**

/s/ *Jose E. de la Fuente*
JOSE E. DE LA FUENTE

4

MR 0561

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.  Defendants object to Plaintiff's definition of "Enforcement" to the extent it seeks to give legal significance to a term not defined by the relevant statutory authority. Further, Defendants object to this term as defined as it is in conflict with the plain meaning. Defendants will treat the term as having its plain meaning, and as is consistent with any relevant legal authority.

2.  Defendants object to Plaintiff's definition of "The Cities" to the extent it defines municipalities "acting in concert" and implies collusion or some other coordinated effort with undefined entities and undefined acts.

3.  Defendants object to Plaintiff's definition of Supporting" to the extent it seeks to give legal significance to a term not defined by the relevant statutory authority. Further, Defendants object to this term as defined as it is in conflict with the plain meaning. Defendants will treat the term as having its plain meaning, and as is consistent with any relevant legal authority.

4.  Defendants object to Plaintiff's definition of "Memorandum" to the extent it conflicts with the plain meaning of the term and seeks to redefine any documents identified as a "Memorandum" in the record. Defendants will treat the term as having its plain meaning, and as is consistent with any relevant legal authority.

5.  Defendants object to Plaintiff's definition of "Codification" to the extent it seeks to give legal significance to a term not defined by the relevant statutory authority. Further, Defendants object to this term as defined as it is in conflict with the plain meaning. Defendants will treat the term as having its plain meaning, and as is consistent with any relevant legal authority.

6.  Defendants object to Plaintiff's definition of "Adoption" to the extent that it seeks to create a legal definition that is contrary to the relevant legal authority in this case. Defendants will treat the term as having its plain meaning, and as is consistent with any relevant legal authority.

7.  Defendants object to Plaintiff's definition of "Implementation" to the extent it seeks to give legal significance to a term not defined by the relevant statutory authority. Further, Defendants object to this term as defined as it is in conflict with the plain meaning. Defendants will treat the term as having its plain meaning, and as is consistent with any relevant legal authority.

8.  Defendants object to Plaintiff's definition of "Reprioritization" to the extent it seeks to give legal significance to a term not defined by the relevant statutory

5

MR 0562

authority.  Defendants will treat the term as having its plain meaning, and as is consistent with any relevant legal authority.

Defendants' objection to each of these terms applies to each and every request below that uses such term, and is incorporated therein by this statement.


## RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**  Produce all communications and documents sent or received by you, from November 2, 2021 to Present, regarding codification, adoption, or implementation of the Marijuana Ordinance, including communications in which you were copied.

> **OBJECTION:**  Defendants object to this request as they are immune from suit.  Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction.  *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), *aff'd*, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.).  The State's claim in this case solely concerns official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff.  Tex. R. Civ. P. 192.4. Defendants also object that this request is overbroad and unduly burdensome in its entirety, and that the documents sought by this request are not reasonably calculated to lead to the discovery of admissible evidence.  Tex. R. Civ. P. 192.3.

> **RESPONSE:**  Subject to and without waiving the foregoing objections, see Exhibit 1 to Plaintiff's Original Petition.


**REQUEST FOR PRODUCTION NO. 2:**  Produce all policies or memoranda created by you, from November 2, 2021 to Present, regarding codification, adoption, or implementation of the Marijuana Ordinance.

> **OBJECTION:**  Defendants object to this request as they are immune from suit.  Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction.  *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), *aff'd*, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—

6

MR 0563

Houston [14th Dist.] 2014, no pet.). The State's claim in this case solely concerns official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 124. Defendants also object that the documents sought by this request are not reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3.

**RESPONSE:** Subject to and without waiving the foregoing objections, see Exhibit 1 to Plaintiff's Original Petition.

**REQUEST FOR PRODUCTION NO. 3:** Produce all communications and documents sent to or received from, or exchanged by and between you and citizens groups, including Ground Game Texas, Decriminalize Denton, any parties supporting the Marijuana Ordinance, or their agents, employees, or representatives, regarding codification, adoption, or implementation of the Marijuana Ordinance from November 2, 2021 to Present.

**OBJECTION:** Defendants object to this request as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), *aff'd*, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The State's claim in this case solely concerns official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4. Defendants also object that this request is overbroad and unduly burdensome in its entirety, and that the documents sought by this request are not reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3.

**RESPONSE:** Based on the foregoing objections, and based further on the fact that the Court lacks subject-matter jurisdiction to adjudicate Plaintiff's claims or Defendants' defenses, Defendants will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 4:** Produce all communications and documents sent to or received from, or exchanged by and between you and the public

7

MR 0564

relating to enforcement of the Marijuana Ordinance and the Marijuana laws of the State of Texas.

> **OBJECTION:** Defendants object to this request as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), *aff'd*, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The State's claim in this case solely concerns official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4. Defendants also object that this request is overbroad and unduly burdensome in its entirety, and that the documents sought by this request are not reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3.

> **RESPONSE:** Subject to and without waiving the foregoing objections, see Exhibit 1 to Plaintiff's Original Petition.

**REQUEST FOR PRODUCTION NO. 5:** Produce all communications and documents sent to or received from, or exchanged by and between you and law enforcement or their agents, employees, or representatives regarding codification, adoption, or implementation of the Marijuana Ordinance from November 2, 2021 to Present.

> **OBJECTION:** Defendants object to this request as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), *aff'd*, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The State's claim in this case involves official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4. Defendants also object that this request is overbroad and unduly burdensome in its entirety, and that the documents sought by this request are not reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3.

8

MR 0565

**RESPONSE:** Based on the foregoing objections, and based further on the fact that the Court lacks subject-matter jurisdiction to adjudicate Plaintiff's claims or Defendants' defenses, Defendants will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 6:** Produce all communications and documents sent to or received from, or exchanged by and between you and the Cities of San Antonio, Elgin, Harker Heights, Killeen, Austin, and San Marcos or their agents, employees, or representatives regarding codification, adoption, or implementation of the Marijuana Ordinance from November 2, 2021 to Present.

**OBJECTION:** Defendants object to this request as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), *aff'd*, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The State's claim in this case involves official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4. Denton City Council did not adopt an ordinance affecting the enforcement of marijuana-related offenses, and actions taken or not taken by other cities are not a part of the claims in this lawsuit. Defendants further object to this request as overbroad to the extent that it seeks documents that would be subject to the common interest privilege. Defendants also object that the documents sought by this request are not reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3.

**RESPONSE:** Based on the foregoing objections, and based further on the fact that the Court lacks subject-matter jurisdiction to adjudicate Plaintiff's claims or Defendants' defenses, Defendants will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 7:** Produce all communications and documents sent to or received from, or exchanged by and between you and the Cities of San Antonio, Elgin, Harker Heights, Killeen, Austin, and San Marcos or their agents, employees, or representatives regarding codification, adoption, or implementation of a Marijuana Ordinance by the Cities of San Antonio, Elgin, Harker Heights, Killeen, Austin, and San Marcos from November 2, 2021 to Present.

9

MR 0566

**OBJECTION:** Defendants object to this Request as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), *aff'd*, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The State's claim in this case involves official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4. Denton City Council did not adopt an ordinance affecting the enforcement of marijuana-related offenses, and actions taken or not taken by other cities are not a part of the claims in this lawsuit. Defendants further object to this request as overbroad to the extent that it seeks documents that would be subject to the common interest privilege. Defendants also object that the documents sought by this request are not reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3.

**RESPONSE:** Based on the foregoing objections, and based further on the fact that the Court lacks subject-matter jurisdiction to adjudicate Plaintiff's claims or Defendants' defenses, Defendants will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 8:** Produce all communications and documents sent to or received from, or exchanged by and between you and the Denton Independent School District, or their agents, employees, or representatives regarding codification, adoption, or implementation of the Marijuana Ordinance from November 2, 2021 to Present.

**OBJECTION:** Defendants object to this Request as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), *aff'd*, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The State's claim in this case involves official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4. Defendants also object that this request is overbroad and unduly burdensome in its entirety, and that the documents sought by this request are not

10

MR 0567

reasonably calculated to lead to the discovery of admissible evidence.  Tex. R. Civ. P. 192.3.

**RESPONSE:**  Based on the foregoing objections, and based further on the fact that the Court lacks subject-matter jurisdiction to adjudicate Plaintiff's claims or Defendants' defenses, Defendants will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 9:**  Produce all disciplinary statistics relating to violations of the Marijuana Ordinance or any related policy or memorandum by employees of the City of Denton Police Department from November 22, 2022 to Present.

**OBJECTION:**  Defendants object to this Request as they are immune from suit.  Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction.  *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), *aff'd*, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.).  The State's claim in this case involves official action taken by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff.  The State's claim in this case involves official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff.  Tex. R. Civ. P. 192.4.  Defendants further object to the Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and fails to identify a document or category of documents with reasonable particularity.  Defendants also object that the documents sought by this request are not reasonably calculated to lead to the discovery of admissible evidence.  Tex. R. Civ. P. 192.3.

**RESPONSE:**  Based on the foregoing objections, and based further on the fact that the Court lacks subject-matter jurisdiction to adjudicate Plaintiff's claims or Defendants' defenses, Defendants will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 10:**  Produce all communications and documents sent to or received from, or exchanged by and between you and employees of the City of Denton Police Department or their agents, and representatives regarding reprioritization of Marijuana enforcement, including misdemeanor

11

MR 0568

marijuana possession or misdemeanor possession of marijuana paraphernalia offenses from November 2, 2021 to Present.

> **OBJECTION:** Defendants object to this Request as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), *aff'd*, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The State's claim in this case solely concerns official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4. Defendants also object that the documents sought by this request are not reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3. Defendants also object that this request is overbroad and unduly burdensome in its entirety, and that the documents sought by this request are not reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3.

> **RESPONSE:** Based on the foregoing objections, and based further on the fact that the Court lacks subject-matter jurisdiction to adjudicate Plaintiff's claims or Defendants' defenses, Defendants will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 11:** Produce all copies of communications or documents within your possession relating to the City of Denton Police Administration's demonstrative of marijuana at a City Council meeting from November 2, 2021 to Present.

> **OBJECTION:** Defendants object to this request as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), *aff'd*, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The State's claim in this case solely concerns official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4. Defendants further object to the Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and fails to identify a document or

12

MR 0569

category of documents with reasonable particularity.  Defendants also object that the documents sought by this request are not reasonably calculated to lead to the discovery of admissible evidence.  Tex. R. Civ. P. 192.3.

**RESPONSE:**  Based on the foregoing objections, and based further on the fact that the Court lacks subject-matter jurisdiction to adjudicate Plaintiff's claims or Defendants' defenses, Defendants will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 12:**  Produce all communications and documents sent to or received from, or exchanged by and between you and the Denton County Public Health District or their agents, employees, or representatives regarding marijuana use in the City of Denton from November 2, 2021 to Present.

**OBJECTION:**  Defendants object to this request as they are immune from suit.  Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction.  *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), *aff'd*, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.— Houston [14th Dist.] 2014, no pet.).  The State's claim in this case solely concerns official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff.  Tex. R. Civ. P. 192.4. Defendants also object that this request is overbroad and unduly burdensome in its entirety, and that the documents sought by this request are not reasonably calculated to lead to the discovery of admissible evidence.  Tex. R. Civ. P. 192.3.

**RESPONSE:**  Based on the foregoing objections, and based further on the fact that the Court lacks subject-matter jurisdiction to adjudicate Plaintiff's claims or Defendants' defenses, Defendants will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 13:**  Produce all communications or documents within your possession, relating to funding by the City of Denton or the City of Denton Police Department for THC testing from February 13, 2021 to November 22, 2022.

**OBJECTION:**  Defendants object to this request as they are immune from suit.  Defendants' Plea to the Jurisdiction is pending before the Court, and the

13

discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), *aff'd*, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The State's claim in this case solely concerns official action taken by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. See Tex. R. Civ. P. 192.4. Defendants also object that this request is overbroad and unduly burdensome in its entirety, and that the documents sought by this request are not reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3.

**RESPONSE:** Based on the foregoing objections, and based further on the fact that the Court lacks subject-matter jurisdiction to adjudicate Plaintiff's claims or Defendants' defenses, Defendants will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 14:** Produce all communications or documents within your possession, relating to funding by the City of Denton or the City of Denton Police Department for THC testing from November 22, 2022 to Present.

**OBJECTION:** Defendants object to this request as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), *aff'd*, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The State's claim in this case solely concerns official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4. Defendants also object that this request is overbroad and unduly burdensome in its entirety, and that the documents sought by this request are not reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3.

**RESPONSE:** Based on the foregoing objections, and based further on the fact that the Court lacks subject-matter jurisdiction to adjudicate Plaintiff's claims or Defendants' defenses, Defendants will not produce documents responsive to this Request.

14

MR 0571

**REQUEST FOR PRODUCTION NO. 15:** Produce all communications or documents within your possession, relating to citations or arrests for Class A or Class B misdemeanor possession of marijuana offenses, and for misdemeanor possession of marijuana paraphernalia from February 13, 2021 to November 22, 2022.

**OBJECTION:** Defendants object to this request as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), *aff'd*, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The State's claim in this case solely concerns official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4. Defendants also object that the documents sought by this request are not reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3. Defendants further object to the Request on the grounds that it is vague, ambiguous, overbroad, and fails to identify a document or category of documents with reasonable particularity. Defendants further object to the extent that this request seeks criminal records or judicial records.

> **RESPONSE:** Subject to and without waiving the foregoing objections, see publicly available data at: https://data.cityofdenton.com/dataset/denton-crime-data.

**REQUEST FOR PRODUCTION NO. 16:** Produce all communications or documents within your possession, relating to citations or arrests for Class A or Class B misdemeanor possession of marijuana offenses, and for misdemeanor possession of marijuana paraphernalia from November 22, 2022 to Present.

> **OBJECTION:** Defendants object to this request as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), *aff'd*, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The State's claim in this case solely concerns official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4. Defendants also object that the documents sought by this request are not

15

reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3. Defendants further object to the Request on the grounds that it is vague, ambiguous, overbroad, and fails to identify a document or category of documents with reasonable particularity. Defendants further object to the extent that this request seeks criminal records or judicial records.

**RESPONSE:** Subject to and without waiving the foregoing objections, see publicly available data at: https://data.cityofdenton.com/dataset/denton-crime-data.

**REQUEST FOR PRODUCTION NO. 17:** Produce all communications or documents within your possession, relating to training on the Marijuana Ordinance from February 13, 2021 to November 22, 2022.

**OBJECTION:** Defendants object to this request as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), *aff'd*, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.— Houston [14th Dist.] 2014, no pet.). The State's claim in this case solely concerns official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4. Defendants further object to the Request on the grounds that it is vague, ambiguous, overbroad, and fails to identify a document or category of documents with reasonable particularity. Defendants also object that the documents sought by this request are not reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3.

**RESPONSE:** Based on the foregoing objections, and based further on the fact that the Court lacks subject-matter jurisdiction to adjudicate Plaintiff's claims or Defendants' defenses, Defendants will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 18:** Produce all communications or documents within your possession, relating to training on the Marijuana Ordinance from November 22, 2022 to Present.

**OBJECTION:** Defendants object to this request as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the

16

discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), *aff'd*, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The State's claim in this case solely concerns official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4. Defendants further object to the Request on the grounds that it is vague, ambiguous, overbroad, and fails to identify a document or category of documents with reasonable particularity. Defendants also object that the documents sought by this request are not reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3.

**RESPONSE:** Subject to and without waiving the foregoing objections, see Exhibit 1 to Plaintiff's Original Petition.

**REQUEST FOR PRODUCTION NO. 19:** Produce all communications or documents within your possession, relating to use of the smell of marijuana for probable cause from February 13, 2021 to November 22, 2022.

**OBJECTION:** Defendants object to this request as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), *aff'd*, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The State's claim in this case solely concerns official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4. Defendants further object to the Request on the grounds that it is vague, ambiguous, overbroad, and fails to identify a document or category of documents with reasonable particularity. Defendants also object that the documents sought by this request are not reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3.

**RESPONSE:** Based on the foregoing objections, and based further on the fact that the Court lacks subject-matter jurisdiction to adjudicate Plaintiff's claims or Defendants' defenses, Defendants will not produce documents responsive to this Request.

17

MR 0574

**REQUEST FOR PRODUCTION NO. 20:** Produce all communications or documents within your possession, relating to use of the smell of marijuana for probable cause from November 22, 2022 to Present.

> **OBJECTION:** Defendants object to this request as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), *aff'd*, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.— Houston [14th Dist.] 2014, no pet.). The State's claim in this case solely concerns official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4. Defendants further object to the Request on the grounds that it is vague, ambiguous, overbroad, and fails to identify a document or category of documents with reasonable particularity. Defendants also object that the documents sought by this request are not reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3.

> **RESPONSE:** Based on the foregoing objections, and based further on the fact that the Court lacks subject-matter jurisdiction to adjudicate Plaintiff's claims or Defendants' defenses, Defendants will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 21:** Produce all communications or documents within your possession, relating to citations or arrests for felony-level marijuana offenses from February 13, 2021 to November 22, 2022.

> **OBJECTION:** Defendants object to this request as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), *aff'd*, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.— Houston [14th Dist.] 2014, no pet.). The State's claim in this case solely concerns official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4. Defendants also object that the documents sought by this request are not reasonably calculated to lead to the discovery of admissible evidence. Tex. R.

18

MR 0575

Civ. P. 192.3. Defendants further object to the Request on the grounds that it is vague, ambiguous, overbroad, and fails to identify a document or category of documents with reasonable particularity. Defendants further object to the extent that this request seeks criminal records or judicial records.

**RESPONSE:** Subject to and without waiving the foregoing objections, see publicly available data at: https://data.cityofdenton.com/dataset/denton-crime-data.

**REQUEST FOR PRODUCTION NO. 22:** Produce all communications or documents within your possession, relating to citations or arrests for felony-level marijuana offenses from November 22, 2022 to Present.

**OBJECTION:** Defendants object to this request as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), *aff'd*, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The State's claim in this case solely concerns official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4. Defendants also object that the documents sought by this request are not reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3. Defendants further object to the Request on the grounds that it is vague, ambiguous, overbroad, and fails to identify a document or category of documents with reasonable particularity. Defendants further object to the extent that this request seeks criminal records or judicial records.

**RESPONSE:** Subject to and without waiving the foregoing objections, see publicly available data at: https://data.cityofdenton.com/dataset/denton-crime-data.

**REQUEST FOR PRODUCTION NO. 23:** Produce all communications or documents within your possession, relating to citations or arrests for misdemeanor possession of marijuana offenses, and for misdemeanor possession of marijuana paraphernalia, where the subject expressed that they thought it was lawful to possess marijuana or marijuana paraphernalia, from November 22, 2022 to Present.

19

**OBJECTION:** Defendants object to this request as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), *aff'd*, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The State's claim in this case solely concerns official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4. Defendants also object that the documents sought by this request are not reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3. Defendants further object to the Request on the grounds that it is vague, ambiguous, overbroad, and fails to identify a document or category of documents with reasonable particularity. Defendants further object to the extent that this request seeks criminal records or judicial records.

**RESPONSE:** Subject to and without waiving the foregoing objections, see publicly available data at: https://data.cityofdenton.com/dataset/denton-crime-data.

**REQUEST FOR PRODUCTION NO. 24:** Produce all communications and documents sent by you, your attorneys, or agents, employees, or representatives to the media regarding the Marijuana Ordinance or this lawsuit from November 2, 2021 to Present.

**OBJECTION:** Defendants object to this request as they are immune from suit. Defendants' Plea to the Jurisdiction is pending before the Court, and the discovery sought is both irrelevant and immaterial to resolution of the matter of subject-matter jurisdiction. *See Klumb v. Hous. Mun. Emps. Pension Sys.*, 405 S.W.3d 204, 227 (Tex. App.—Houston [1st Dist.] 2013), *aff'd*, 458 S.W.3d 1 (Tex. 2015); *see also Quested v. City of Hous.*, 440 S.W.3d 275, 283 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The State's claim in this case solely concerns official action taken, or rather not taken, by government actors, which is a matter of public record, and thus Defendants object that any information relevant to the claims is equally available to Plaintiff. Tex. R. Civ. P. 192.4. Defendants also object that the documents sought by this request are not reasonably calculated to lead to the discovery of admissible evidence. Tex. R. Civ. P. 192.3.

**RESPONSE:** Subject to and without waiving the foregoing objections, see Exhibit 1 to Plaintiff's Original Petition.

20

MR 0577

# EXHIBIT D

MR 0578

| | | |
|---|---|---|
| THE STATE OF TEXAS, | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| CITY OF DENTON; GERARD | § | |
| HUDSPETH, Mayor of Denton; BRIAN | § | |
| BECK, Mayor Pro Tem of Denton; VICKI | § | DENTON COUNTY, TEXAS |
| BYRD, PAUL MELTZER, JOE | § | |
| HOLLAND, BRANDON CHASE | § | |
| McGEE, and JILL JESTER, Members of | § | |
| the City Council of Denton; SARA | § | |
| HENSLEY, City Manager of Denton; and | § | |
| JESSICA ROBLEDO, Interim Chief of | § | |
| Police of Denton; in their official capacities, | § | 481ST JUDICIAL DISTRICT |
| *Defendants.* | § | |

### PLAINTIFF'S FIRST REQUESTS FOR ADMISSION TO DEFENDANTS

To:     Defendants, The City of Denton, Gerard Hudspeth, Brian Beck, Vicki Byrd, Paul Meltzer, Joe Holland, Brandon Chase McGee, Jill Jester, Sara Hensley, and Jessica Robledo, by and through their counsel of record, Jose E. De la Fuente, James F. Parker, Gabrielle C. Smith, and Sydney P. Sadler, of LLOYD GOSSELINK ROCHELE & TOWNSEND, P.C., 816 Congress Avenue, Suite 1900, Austin, Texas 78701.

Plaintiff, the State of Texas, serves these Requests for Admission on Defendants, as allowed by Texas Rule of Civil Procedure 198. Defendants must respond to the following Requests for Admission within thirty (30) days after service and supplement all responses in accordance with the Texas Rules of Civil Procedure.

.

Date: August 30, 2024

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy First Assistant Attorney General

**AUSTIN KINGHORN**
Deputy Attorney General for Legal Strategy

**RYAN D. WALTERS**
Chief, Special Litigation Division

Respectfully Submitted,

*/s/ Jacob Przada*

**JACOB PRZADA**
Special Counsel
Tex. State Bar No. 24125371

OFFICE OF THE ATTORNEY GENERAL OF
TEXAS
Special Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 463-2100
Jacob.Przada@oag.texas.gov

**COUNSEL FOR PLAINTIFF**

### CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2024, a true and correct copy of this document has been served via electronic service and/or email to the following:

**Counsel for Defendants**:

| | |
|---|---|
| Jose ( Joe) de la Fuente | jdelafuente@lglawfirm.com |
| James Parker | jparker@lglawfirm.com |
| Gabrielle Smith | gsmith@lglawfirm.com |
| Catherine Daniels | cdaniels@lglawfirm.com |
| Sydney Sadler | ssadler@lglawfirm.com |
| Devin Alexander | devin.alexander@cityofdenton.com |

*/s/ Jacob Przada*
**JACOB PRZADA**
Special Counsel

MR 0580

1. Unless otherwise specified, the time period covered by any Request for Admission ("admission" or "admissions," as applicable) is from November 2, 2021, through the present.

2. Pursuant to Rule 198 of the Texas Rules of Civil Procedure (TRCP) you are required to serve a separate response to each of the following Requests for Admission. Each matter is admitted without the necessity of a court order, unless, on or before thirty (30) days after service of these requests, you serve upon attorneys for Plaintiff a written answer or objection addressed to each request, signed by you or your attorney.

3. If you deny a matter on which an admission is requested, your denial must fairly meet the substance of the requested admission, and when good faith requires you to qualify your answer or deny only the part of the matter on which the admission is requested, you must specify so much of the matter as is true and qualify or deny the remainder. You may not give lack of information or knowledge as a reason for failing to admit or deny a matter unless you state that you have made reasonable inquiry and that the information known or easily obtainable by you is insufficient to enable you to admit or deny the matter.

4. The singular shall be construed to include the plural, and the plural shall be construed to include the singular, as necessary to bring within the scope of each Request all responses that might otherwise be construed outside its scope.

5. The connectives "and" and "or" and the phrase "and/or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of each Request all responses that might otherwise be construed outside its scope.

6. The use of any past, present, or future tense of any verb shall not be construed to limit or otherwise modify the time period covered by these Requests. Each Request should be read to include the past, present, or future tense of any verb as necessary to bring within the scope of each Request all responses that might otherwise be construed outside its scope.

3

MR 0581

## DEFINITIONS

1. "Plaintiff" or "defendant," as well as a party's full or abbreviated name or a pronoun referring to a party, means the party, and when applicable, the party's agents, representatives, officers, directors, employees, partners, corporate agents, subsidiaries, affiliates, or any other person acting in concert with the party or under the party's control, whether directly or indirectly, including any attorney.

2. "You" or "your" means: (1) The City of Denton, (2) Defendant Gerard Hudspeth, the Mayor of Denton, (3) Defendant Brian Beck, the Mayor Pro Tem of Denton and Councilmember for District #2, (4) Defendant Vicki Byrd, Councilmember for District #1, (5) Defendant Paul Meltzer, Councilmember for District #3, (6) Defendant Joe Holland, Councilmember for District #4, (7) Defendant Brandon Chase McGee, Councilmember At-Large, (8) Defendant Jill Jester, Councilmember At-Large, (9) Defendant Sara Hensley, City Manager of Denton, and (10) Defendant Jessica Robledo, Interim-Chief of Police of Denton as well as, successors, predecessors, divisions, subsidiaries, present and former officers, agents, employees, and all other persons acting on behalf of the successors, predecessors, divisions, and subsidiaries.

3. "Communication" means any exchange or transmission of words or ideas to another person or an entity, including without limitation, conversations, discussions, letters, memoranda, interoffice communication platforms, social media platforms, instant messaging programs, meetings, notes, speeches, or other transfers of information, whether written, oral, or by any other means, whether direct or indirect, formal or informal, and includes any document which abstracts, digests, transcribes, or records any such communication.

4. "And/or," "and," and "or" refer to all listed categories inclusively, not exclusively (i.e., not the option of producing one group of documents, or another, nor of producing documents for one group of the listed persons or entities, but not others).

5. "Document" and "documents" mean all documents and tangible things, in the broadest sense allowed by Rule 192.3(b) and comment 2 of the Texas Rules of Civil Procedure.

6. "Possession" means actual care, custody, control, or management.

7. "Marijuana" means the plant Cannabis sativa L., and any preparation thereof, excluding Hemp.

8. "Paraphernalia" means equipment, a product, or material that is used or intended for use in planting, propagating, cultivating, growing, harvesting, manufacturing, compounding, converting, producing, processing, preparing, testing, analyzing, packaging, repackaging, storing, containing, or concealing a controlled substance in violation of Chapter 481 of the Texas Health and Safety Code, or in injecting, ingesting, inhaling, or otherwise introducing into the human body a controlled substance in violation of Chapter 481 of the Texas Health and Safety Code.

MR 0582

9. "Memorandum" means a brief written message or report from one person or department in an organization to another.

10. "Codification" means the process of collecting, organizing, and consolidating local government ordinances and regulations into a comprehensive document.

11. "Adoption" means passage of a measure into law.

12. "Implementation" means placing an ordinance into effect.

13. "City Council" means: (1) Defendant Gerard Hudspeth, the Mayor of Denton, (2) Defendant Brian Beck, the Mayor Pro Tem of Denton and Councilmember for District #2, (3) Defendant Vicki Byrd, Councilmember for District #1, (4) Defendant Paul Meltzer, Councilmember for District #3, (5) Defendant Joe Holland, Councilmember for District #4, (6) Defendant Brandon Chase McGee, Councilmember At-Large, (7) Defendant Jill Jester, Councilmember At-Large, as well as successors, predecessors, divisions, subsidiaries, present and former officers, agents, employees, and all other persons acting on behalf of the successors, predecessors, divisions, and subsidiaries.

14. "City of Denton Police Department" means the City of Denton Police Department, located at 601 E Hickory St, Denton, TX 76205.

15. "The Marijuana Ordinance" means Chapter 21 – Offenses, Article V - Marijuana Enforcement of the City of Denton Code of Ordinance, Proposition B to the November 8, 2022, City of Denton Election, and the Voter Initiative Petition preceding the Proposition.

16. All undefined terms and phrases have not only the meaning ascribed to them by ordinary custom and usage, but also the meaning ascribed to them by Merriam-Webster's Collegiate Dictionary.

MR 0583

**TO DEFENDANTS:** The City of Denton, Gerard Hudspeth, Brian Beck, Vicki Byrd, Paul Meltzer, Joe Holland, Brandon Chase McGee, Jill Jester, and Sara Hensley

**Request 1.**     Admit that the Marijuana Ordinance was adopted on November 22, 2022, following a vote by the City of Denton City Council.

ADMIT     OR     DENY

If "Deny" provide explanation:

**TO DEFENDANTS:** The City of Denton, Gerard Hudspeth, Brian Beck, Vicki Byrd, Paul Meltzer, Joe Holland, Brandon Chase McGee, Jill Jester, and Sara Hensley

**Request 2.**     Admit that following a vote on November 22, 2022, the Marijuana Ordinance became operational by law.

ADMIT     OR     DENY

If "Deny" provide explanation:

**TO DEFENDANTS:** The City of Denton, Gerard Hudspeth, Brian Beck, Vicki Byrd, Paul Meltzer, Joe Holland, Brandon Chase McGee, Jill Jester, and Sara Hensley

**Request 3.**     Admit that the June 6, 2023 vote on the Marijuana Ordinance only related to budgetary authorization for the Marijuana Ordinance.

ADMIT     OR     DENY

If "Deny" provide explanation:

**TO DEFENDANTS:** The City of Denton, Gerard Hudspeth, Brian Beck, Vicki Byrd, Paul Meltzer, Joe Holland, Brandon Chase McGee, Jill Jester, and Sara Hensley

**Request 4.**     Admit that during the June 6, 2023 vote on the Marijuana Ordinance, the City of Denton City Council considered a duplicate of the Marijuana Ordinance, already adopted on November 22, 2022.

ADMIT     OR     DENY

6

MR 0584

If "Deny" provide explanation:_____

_____

**TO DEFENDANTS:** The City of Denton, Gerard Hudspeth, Brian Beck, Vicki Byrd, Paul Meltzer, Joe Holland, Brandon Chase McGee, Jill Jester, and Sara Hensley

**Request 5.** Admit that following a vote on the Marijuana Ordinance on June 6, 2023, the Marijuana Ordinance remained in the Code of Ordinances.

ADMIT    OR    DENY

If "Deny" provide explanation:_____

_____

**TO DEFENDANTS:** The City of Denton and Jessica Robledo

**Request 6.** Admit that employees of the City of Denton Police Department have been directed not to cite or arrest individuals for misdemeanor levels of marijuana and misdemeanor possession of marijuana paraphernalia.

ADMIT    OR    DENY

If "Deny" provide explanation:_____

_____

**TO DEFENDANTS:** The City of Denton, Gerard Hudspeth, Brian Beck, Vicki Byrd, Paul Meltzer, Joe Holland, Brandon Chase McGee, Jill Jester, and Sara Hensley

**Request 7.** Admit that the Marijuana Ordinance conflicts with Texas Local Government Code 370.003.

ADMIT    OR    DENY

If "Deny" provide explanation:_____

_____

**TO DEFENDANTS:** The City of Denton and Jessica Robledo

**Request 8.** Admit that City of Denton Police Department citations and arrests for misdemeanor levels of marijuana have decreased by over 50 percent since November 22, 2022.

7

ADMIT     OR     DENY

If "Deny" provide explanation: _____

_____

**TO DEFENDANTS:** The City of Denton and Jessica Robledo

**Request 9.**     Admit that City of Denton Police Department citations and arrests for misdemeanor possession of marijuana paraphernalia have decreased by over 50 percent since November 22, 2022.

ADMIT     OR     DENY

If "Deny" provide explanation: _____

_____

**TO DEFENDANTS:** The City of Denton and Jessica Robledo

**Request 10.**     Admit that you did not send out a document or communication to employees of the City of Denton Police Department that the Marijuana Ordinance has not been implemented.

ADMIT     OR     DENY

If "Deny" provide explanation: _____

_____

**TO DEFENDANTS:** The City of Denton, Gerard Hudspeth, Brian Beck, Vicki Byrd, Paul Meltzer, Joe Holland, Brandon Chase McGee, Jill Jester, and Sara Hensley

**Request 11.**     Admit that you received a document or communication from the City of Denton Police Department that the Marijuana Ordinance has been implemented.

ADMIT     OR     DENY

If "Deny" provide explanation: _____

_____

**TO DEFENDANTS:** The City of Denton and Jessica Robledo

**Request 12.**     Admit that you directed the City of Denton Police Department not to use the smell of marijuana for probable cause.

8

ADMIT          OR          DENY

If "Deny" provide explanation: _____

_____

**TO DEFENDANTS:** The City of Denton and Jessica Robledo

**Request 13.**     Admit that employees of the City of Denton Police Department have received training on the Marijuana Ordinance.

ADMIT          OR          DENY

If "Deny" provide explanation: _____

_____

**TO DEFENDANTS:** The City of Denton, Gerard Hudspeth, Brian Beck, Vicki Byrd, Paul Meltzer, Joe Holland, Brandon Chase McGee, Jill Jester, and Sara Hensley

**Request 14.**     Admit that the City of Denton City Council could change a City of Denton policy relating to the implementation of the Marijuana Ordinance.

ADMIT          OR          DENY

If "Deny" provide explanation: _____

_____

**TO DEFENDANTS:** The City of Denton, Gerard Hudspeth, Brian Beck, Vicki Byrd, Paul Meltzer, Joe Holland, Brandon Chase McGee, Jill Jester, and Sara Hensley

**Request 15.**     Admit that a new City Manager could change a City of Denton policy relating to the implementation of the Marijuana Ordinance.

ADMIT          OR          DENY

If "Deny" provide explanation: _____

_____

9

# EXHIBIT E

MR 0588

| | |
|---|---|
| **From:** | Richard Gladden <richscot1@hotmail.com> |
| **Sent:** | Tuesday, May 21, 2024 8:52 AM |
| **To:** | Jose de la Fuente; Jacob Przada |
| **Cc:** | Johnathan Stone; Catherine Daniels; Gabrielle C. Smith |
| **Subject:** | Re: Cause No. 24-1005-481; State of Texas v. City of Denton et al - scheduling communication |

Jacob and Jose,

My clients agree to this proposal.

---

**From:** Jose de la Fuente <jdelafuente@lglawfirm.com>
**Sent:** Monday, May 20, 2024 5:55 PM
**To:** Jacob Przada <Jacob.Przada@oag.texas.gov>; Richard Gladden <richscot1@hotmail.com>
**Cc:** Johnathan Stone <Johnathan.Stone@oag.texas.gov>; Catherine Daniels <cdaniels@lglawfirm.com>; Gabrielle Smith <gsmith@lglawfirm.com>
**Subject:** RE: Cause No. 24-1005-481; State of Texas v. City of Denton et al - scheduling communication

Jacob,

The City agrees to this proposal.

Joe de la Fuente



  

**JOSE DE LA FUENTE**

Litigation Practice Group Chair

512-322-5849   Direct

512-844-9078

Lloyd Gosselink Rochelle & Townsend, P.C.
816 Congress Ave., Suite 1900, Austin, TX 78701
www.lglawfirm.com | 512-322-5800

****ATTENTION TO PUBLIC OFFICIALS AND OFFICIALS WITH OTHER INSTITUTIONS SUBJECT TO THE OPEN MEETINGS ACT ****

A "REPLY TO ALL" OF THIS EMAIL COULD LEAD TO VIOLATIONS OF THE TEXAS OPEN MEETINGS ACT. PLEASE REPLY ONLY TO LEGAL COUNSEL.

CONFIDENTIALITY NOTICE:
This email (and all attachments) is confidential, legally privileged, and covered by the Electronic Communications Privacy Act. Unauthorized use or dissemination is prohibited. If you have received this message in error please delete it immediately. For more detailed information click http://www.lglawfirm.com/email-disclaimer/ .

1

MR 0589

NOT AN E-SIGNATURE:

No portion of this email is an "electronic signature" and neither the author nor any client thereof will be bound by this e-mail unless expressly designated as such as provided in more detail at www.lglawfirm.com/electronic-signature-disclaimer/ .

**From:** Jacob Przada <Jacob.Przada@oag.texas.gov>
**Sent:** Monday, May 20, 2024 5:01 PM
**To:** Jose de la Fuente <jdelafuente@lglawfirm.com>; Richard Gladden <richscot1@hotmail.com>
**Cc:** Johnathan Stone <Johnathan.Stone@oag.texas.gov>
**Subject:** RE: Cause No. 24-1005-481; State of Texas v. City of Denton et al - scheduling communication

Hi all,

I hope you are well. Would counsel be willing to stipulate to service of disclosures on June 21, 2024? Finally, would counsel agree to exchanging Exhibit and Witness lists for the hearing by Tuesday, May 28, 2024?

Best,

**Jacob E. Przada**
Special Counsel
Special Litigation Division
Office of the Attorney General of Texas
Telephone: (512) 936-2669
Email: jacob.przada@oag.texas.gov

---

**From:** Jacob Przada
**Sent:** Tuesday, April 16, 2024 10:30 AM
**To:** Jose de la Fuente <jdelafuente@lglawfirm.com>; Richard Gladden <richscot1@hotmail.com>
**Subject:** RE: Cause No. 24-1005-481; State of Texas v. City of Denton et al - scheduling communication

Hi Joe,

We will do that. Thanks for reaching out.

Best,

**Jacob E. Przada**
Special Counsel
Special Litigation Division
Office of the Attorney General of Texas
Telephone: (512) 936-2669
Email: jacob.przada@oag.texas.gov

---

**From:** Jose de la Fuente <jdelafuente@lglawfirm.com>
**Sent:** Tuesday, April 16, 2024 10:28 AM
**To:** Jacob Przada <Jacob.Przada@oag.texas.gov>; Richard Gladden <richscot1@hotmail.com>
**Subject:** RE: Cause No. 24-1005-481; State of Texas v. City of Denton et al - scheduling communication

Jacob and Richard,

Per the court's email this morning, we will be serving a notice of hearing for the two matters Denton wants heard (our PTJ and Special Exceptions); y'all should do the same for the matters you want heard on your behalf.

2

MR 0590

Joe

**JOSE DE LA FUENTE**
Litigation Practice Group Chair
512-322-5849   Direct
512-844-9078
Lloyd Gosselink Rochelle & Townsend, P.C.
816 Congress Ave., Suite 1900, Austin, TX 78701
 www.lglawfirm.com  |  512-322-5800

---

\*\*\*\*ATTENTION TO PUBLIC OFFICIALS AND OFFICIALS WITH OTHER INSTITUTIONS SUBJECT TO THE OPEN MEETINGS ACT \*\*\*\*

A "REPLY TO ALL" OF THIS EMAIL COULD LEAD TO VIOLATIONS OF THE TEXAS OPEN MEETINGS ACT. PLEASE REPLY ONLY TO LEGAL COUNSEL.

CONFIDENTIALITY NOTICE:
This email (and all attachments) is confidential, legally privileged, and covered by the Electronic Communications Privacy Act. Unauthorized use or dissemination is prohibited. If you have received this message in error please delete it immediately. For more detailed information click http://www.lglawfirm.com/email-disclaimer/ .

NOT AN E-SIGNATURE:
No portion of this email is an "electronic signature" and neither the author nor any client thereof will be bound by this e-mail unless expressly designated as such as provided in more detail at www.lglawfirm.com/electronic-signature-disclaimer/ .

**From:** Jacob Przada <Jacob.Przada@oag.texas.gov>
**Sent:** Monday, April 15, 2024 10:35 AM
**To:** Richard Gladden <richscot1@hotmail.com>; Jose de la Fuente <jdelafuente@lglawfirm.com>
**Subject:** RE: Cause No. 24-1005-481; State of Texas v. City of Denton et al - scheduling communication

Thanks, Joe. It sounds like May 31st works for the Pleas to the Jurisdiction, Motion to Strike, and Temporary Injunction to be heard at the same time, with the Court to likely carry rulings until all argument has been heard. Although Mr. Gladden referenced Denton's Special Exceptions, we are unopposed to that being heard on the 31st as well.

Best,

**Jacob E. Przada**
Special Counsel
Special Litigation Division
Office of the Attorney General of Texas
Telephone: (512) 936-2669
Email: jacob.przada@oag.texas.gov

---

**From:** Richard Gladden <richscot1@hotmail.com>
**Sent:** Friday, April 12, 2024 5:01 PM
**To:** Jose de la Fuente <jdelafuente@lglawfirm.com>
**Cc:** Jacob Przada <Jacob.Przada@oag.texas.gov>
**Subject:** Re: Cause No. 24-1005-481; State of Texas v. City of Denton et al - scheduling communication

Exactly Jose. This is all good with my clients.

MR 0591

Sent from my iPhone

On Apr 12, 2024, at 4:58 PM, Jose de la Fuente <jdelafuente@lglawfirm.com> wrote:

Richard,

With that clarification (I was going to remind you of it in any case, as the AG is entitled to have their TI hearing go into the queue – I'm sure the court will carry any rulings until all of the various motions have been presented), Denton is fine with that. Bottom line – everything set for hearing, jurisdiction goes first (as it does), and then the remaining items are stacked for the court to take up in due order.

If we can nail down this agreement, we'll let the court know ASAP to hold that date, and we'll list the items to be heard. The notices of hearing can then issue once the court makes the setting.

Joe

**JOSE DE LA FUENTE**
Litigation Practice Group Chair
512-322-5849   Direct
512-844-9078
Lloyd Gosselink Rochelle & Townsend, P.C.
816 Congress Ave., Suite 1900, Austin, TX 78701

  

www.lglawfirm.com  |  512-322-5800

****ATTENTION TO PUBLIC OFFICIALS AND OFFICIALS WITH OTHER INSTITUTIONS SUBJECT TO THE OPEN MEETINGS ACT ****

A "REPLY TO ALL" OF THIS EMAIL COULD LEAD TO VIOLATIONS OF THE TEXAS OPEN MEETINGS ACT. PLEASE REPLY ONLY TO LEGAL COUNSEL.

CONFIDENTIALITY NOTICE:
This email (and all attachments) is confidential, legally privileged, and covered by the Electronic Communications Privacy Act. Unauthorized use or dissemination is prohibited. If you have received this message in error please delete it immediately. For more detailed information click http://www.lglawfirm.com/email-disclaimer/ .

NOT AN E-SIGNATURE:
No portion of this email is an "electronic signature" and neither the author nor any client thereof will be bound by this e-mail unless expressly designated as such as provided in more detail at www.lglawfirm.com/electronic-signature-disclaimer/ .

**From:** Richard Gladden <richscot1@hotmail.com>
**Sent:** Friday, April 12, 2024 4:54 PM
**To:** Jose de la Fuente <jdelafuente@lglawfirm.com>; Jacob Przada <Jacob.Przada@oag.texas.gov>
**Subject:** Re: Cause No. 24-1005-481; State of Texas v. City of Denton et al - scheduling communication

I neglected to mention Mr. Paxton's application for a temporary injunction. Assuming we agree that it will be heard after the please to jurisdiction are first heard by the Court, my agreement sent in my last email stands as stated.

4

**From:** Richard Gladden <richscot1@hotmail.com>
**Sent:** Friday, April 12, 2024 4:51 PM
**To:** Jose de la Fuente <jdelafuente@lglawfirm.com>; Jacob Przada <Jacob.Przada@oag.texas.gov>
**Subject:** Re: Cause No. 24-1005-481; State of Texas v. City of Denton et al - scheduling communication

Gentlemen,

The Defendant-Intervenors agree to setting the hearing for May 31, 2024, provided the pleas to jurisdiction of the Defendant-Intervenors and the City of Denton are heard first, and the City's special exceptions and Mr. Paxton's motion to strike being heard on the same date and at the same time thereafter.

If all parties are in agreement, Defendant-Intervenors authorize either of you (Mr. Przada or Mr. De La Fuente) to inform the Court's coordinator of this agreement via email, provided counsel for all parties, including me, are included on the said email communication to the Court.

---

**From:** Jose de la Fuente <jdelafuente@lglawfirm.com>
**Sent:** Friday, April 12, 2024 4:20 PM
**To:** Jacob Przada <Jacob.Przada@oag.texas.gov>; Richard Gladden <richscot1@hotmail.com>
**Subject:** FW: Cause No. 24-1005-481; State of Texas v. City of Denton et al - scheduling communication

Jacob and Richard,

Taking this offline so we just confer among counsel . . . May 31st works for me. So long as we make it clear to the court that it's a half day for 1) our two PTJs, 2) the AG's TI, and 3) the AG's Motion to Strike (all of which can be heard in a half-day window), then can we agree on that date? Otherwise, we're looking at June 25th.

Joe

**JOSE DE LA FUENTE**

Litigation Practice Group Chair

512-322-5849   Direct

512-844-9078

   Lloyd Gosselink Rochelle & Townsend, P.C.
816 Congress Ave., Suite 1900, Austin, TX 78701
www.lglawfirm.com | 512-322-5800

---

****ATTENTION TO PUBLIC OFFICIALS AND OFFICIALS WITH OTHER INSTITUTIONS SUBJECT TO THE OPEN MEETINGS ACT ****

MR 0593

A "REPLY TO ALL" OF THIS EMAIL COULD LEAD TO VIOLATIONS OF THE TEXAS OPEN MEETINGS ACT. PLEASE REPLY ONLY TO LEGAL COUNSEL.

CONFIDENTIALITY NOTICE:
This email (and all attachments) is confidential, legally privileged, and covered by the Electronic Communications Privacy Act. Unauthorized use or dissemination is prohibited. If you have received this message in error please delete it immediately. For more detailed information click http://www.lglawfirm.com/email-disclaimer/ .

NOT AN E-SIGNATURE:
No portion of this email is an "electronic signature" and neither the author nor any client thereof will be bound by this e-mail unless expressly designated as such as provided in more detail at www.lglawfirm.com/electronic-signature-disclaimer/ .

**From:** Tina Lopez <Tina.Lopez@dentoncounty.gov>
**Sent:** Friday, April 12, 2024 4:10 PM
**To:** Jacob Przada <Jacob.Przada@oag.texas.gov>; Richard Gladden <richscot1@hotmail.com>; Jose de la Fuente <jdelafuente@lglawfirm.com>
**Cc:** Heather Dyer <Heather.Dyer@oag.texas.gov>; Tamera Martinez <Tamera.Martinez@oag.texas.gov>; Emily Bratton <Emily.Bratton@oag.texas.gov>; Catherine Daniels <cdaniels@lglawfirm.com>; James Parker <jparker@lglawfirm.com>; Gabrielle Smith <gsmith@lglawfirm.com>; Alexander, Devin Q <Devin.Alexander@cityofdenton.com>; Hoffee, Amy <Amy.Hoffee@cityofdenton.com>
**Subject:** RE: Cause No. 24-1005-481; State of Texas v. City of Denton et al - scheduling communication

Good afternoon,

The hearing set on May 10th has been removed.
Here are dates available for ½ day for your motion to strike:
5/2 at 9:30am
5/31 at 9:30am
6/25 at 1:30pm
Please confer with all parties and submit agreed date and time.

Sincerely,

Tina Lopez
481st District Court Administrator
1450 E. McKinney, 4th Floor
Denton, TX 76209
Tina.Lopez@DentonCounty.gov
481st Website: https://www.dentoncounty.gov/1574/481st-District-Court
You may review case records or court dockets here.
All hearings in the 481st District Court are held in person.

**From:** Jacob Przada <Jacob.Przada@oag.texas.gov>
**Sent:** Friday, April 12, 2024 3:17 PM
**To:** Richard Gladden <richscot1@hotmail.com>; Jose de la Fuente <jdelafuente@lglawfirm.com>; Tina Lopez <Tina.Lopez@dentoncounty.gov>

6

MR 0594

**CAUTION:** This email originated from outside the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe. Never enter your password or other sensitive information on linked web pages contained in emails unless you are certain the web pages are safe. If you have questions or need assistance, please contact the Help Desk.

Ms. Lopez,

Thank you so much for your responsiveness and for working with us on these dates. As you and I discussed, the May 10, 2024 date was placed on hold, not set, and was subsequently determined to not work for all parties. At that point, we notified Court Administration of the same.

Despite Mr. Gladden's misunderstanding of this situation, and my previous email this week to him and all counsel, where we indicated that Court staff would be notified that the May 10, 2024 date did not work, we look forward to working with him to identify a hearing date. Thank you again for your time.

Best regards,

**Jacob E. Przada**
Special Counsel
Special Litigation Division
Office of the Attorney General of Texas
Telephone: (512) 936-2669
Email: jacob.przada@oag.texas.gov

**From:** Richard Gladden <richscot1@hotmail.com>
**Sent:** Friday, April 12, 2024 2:37 PM
**To:** Jose de la Fuente <jdelafuente@lglawfirm.com>; Tina.Lopez@dentoncounty.gov
**Cc:** Jacob Przada <Jacob.Przada@oag.texas.gov>; Heather Dyer <Heather.Dyer@oag.texas.gov>; Tamera Martinez <Tamera.Martinez@oag.texas.gov>; Emily Bratton <Emily.Bratton@oag.texas.gov>; Catherine Daniels <cdaniels@lglawfirm.com>; James Parker <jparker@lglawfirm.com>; Gabrielle Smith <gsmith@lglawfirm.com>; Alexander, Devin Q <Devin.Alexander@cityofdenton.com>; Hoffee, Amy <Amy.Hoffee@cityofdenton.com>
**Subject:** Re: Cause No. 24-1005-481; State of Texas v. City of Denton et al - scheduling communication

Ms. Lopez,

I represent the Defendant-Intervenors in the above-referenced case.

7

MR 0595

Earlier this week I discovered one of the other attorneys in this case apparently caused the pending matters to be scheduled for a half-day hearing on May 10, 2024. I then expressed my objection to that date to all opposing counsel. However, I now see that Mr. Prazda, without further conference with me, has apparently scheduled his client's motion to strike for the same date, May 10, 20024.

I realize Mr. Przada is a relatively inexperienced attorney and that he may not be familiar with the local Uniform Rules of Denton County, particularly those that require him to confer with opposing counsel before causing a hearing to be set, and that require him to include opposing counsel on all email communications he has with you or the Court. Regardless of these circumstances, at this juncture I would appreciate it if you would remove from the Court's calendar any hearing on any pending pleadings filed by any party currently scheduled for any hearing May 10, 20024. No hearing for that date has ever been agreed to by any attorney in this case, other than Mr. Przada, and all other counsel informed Mr. Przada of this fact last week.

All attorneys for the parties agreed last week that the May 10, 2024, hearing date would be canceled, and we further mutually agreed we would all attempt to agree on a new date for all pending pleadings in the next few days. I expect we will be able to do so.

Thank you.

---

**From:** Jose de la Fuente <jdelafuente@lglawfirm.com>
**Sent:** Friday, April 12, 2024 2:06 PM
**To:** Tina.Lopez@dentoncounty.gov <Tina.Lopez@dentoncounty.gov>
**Cc:** Jacob Przada <Jacob.Przada@oag.texas.gov>; Heather Dyer <Heather.Dyer@oag.texas.gov>; Richard Gladden <richscot1@hotmail.com>; Tamera Martinez <Tamera.Martinez@oag.texas.gov>; Emily Bratton <Emily.Bratton@oag.texas.gov>; Catherine Daniels <cdaniels@lglawfirm.com>; James Parker <jparker@lglawfirm.com>; Gabrielle Smith <gsmith@lglawfirm.com>; Alexander, Devin Q <Devin.Alexander@cityofdenton.com>; Hoffee, Amy <Amy.Hoffee@cityofdenton.com>
**Subject:** Cause No. 24-1005-481; State of Texas v. City of Denton et al - scheduling communication

Dear Ms. Lopez,

Thank you so much for your responsiveness to our recent scheduling inquiries.  And, as you requested, we are including counsel for all parties in this email and any other similar communications going forward.

All parties appreciate the demands on the court's calendar, as well as your notification to us last week that the first available date for a ½ day hearing slot in this matter would be July 3rd.  In discussing that option among the parties, the Office of the Attorney General would like to see if there are any earlier options available, and we of course would like to do what we can to accommodate their scheduling preferences; perhaps an earlier slot has opened up since our prior communication?

8

MR 0596

Again, we appreciate the demands on the court's calendar, and we appreciate your efforts thus far to accommodate the parties' request for a ½ day hearing. We likewise appreciate any other information you can provide and any alternate/additional dates, should any now be available.

Thank you for your attention to this matter,

Jose de la Fuente
Counsel for the City of Denton

**JOSE DE LA FUENTE**
Litigation Practice Group Chair
512-322-5849   Direct
512-844-9078
Lloyd Gosselink Rochelle & Townsend, P.C.
816 Congress Ave., Suite 1900, Austin, TX 78701
www.lglawfirm.com | 512-322-5800

  

****ATTENTION TO PUBLIC OFFICIALS AND OFFICIALS WITH OTHER INSTITUTIONS SUBJECT TO THE OPEN MEETINGS ACT ****

A "REPLY TO ALL" OF THIS EMAIL COULD LEAD TO VIOLATIONS OF THE TEXAS OPEN MEETINGS ACT. PLEASE REPLY ONLY TO LEGAL COUNSEL.

CONFIDENTIALITY NOTICE:
This email (and all attachments) is confidential, legally privileged, and covered by the Electronic Communications Privacy Act. Unauthorized use or dissemination is prohibited. If you have received this message in error please delete it immediately. For more detailed information click http://www.lglawfirm.com/email-disclaimer/ .

NOT AN E-SIGNATURE:
No portion of this email is an "electronic signature" and neither the author nor any client thereof will be bound by this e-mail unless expressly designated as such as provided in more detail at www.lglawfirm.com/electronic-signature-disclaimer/ .

Jacob and

MR 0597

# EXHIBIT F

MR 0598

CAUSE NO. D-1-GN-24-000586

| | | |
|---|---|---|
| THE STATE OF TEXAS, | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| CITY OF AUSTIN; KIRK PRESTON | § | |
| WATSON, Mayor of Austin; PAIGE | § | |
| ELLIS, Mayor Pro Tem of Austin; | § | |
| NATASHA HARPER-MADISON, | § | |
| VANESSA FUENTES, JOSE | § | |
| VELASQUEZ, JOSE "CHITO" VELA, | § | |
| RYAN ALTER, MACKENZIE KELLY, | § | OF TRAVIS COUNTY, TEXAS |
| LESLIE POOL, ZOHAIB "ZO" QADRI, | § | |
| and ALISON ALTER, Members of the | § | |
| City Council of Austin; JESUS GARZA, | § | |
| Interim City Manager of Austin; and | § | |
| ROBIN HENDERSON, Interim Chief of | § | |
| Police of Austin, in their official capacities, | § | |
| *Defendants,* | § | |
| | § | |
| | § | |
| GROUND GAME TEXAS, | § | |
| Intervenor-Defendant. | § | 419TH JUDICIAL DISTRICT |

## <u>ORDER GRANTING DEFENDANTS' PLEA TO THE JURISDICTION</u>

CAME TO BE HEARD on June 10, 2024, Defendants' Plea to the Jurisdiction. Having

considered the pleadings, responses, as well as the arguments of counsel and the applicable law,

the Court is of the opinion that Defendants' Plea should be and accordingly is GRANTED.

Plaintiff's claims against Defendants asserted in this cause are hereby DISMISSED WITH

PREJUDICE, without leave to amend.

SIGNED on June 11, 2024.

_____
Jan Soifer, Judge Presiding

MR 0599

# EXHIBIT G

MR 0600

# CAUSE NO. 24-0267

| | | |
|---|---|---|
| THE STATE OF TEXAS,<br>    *Plaintiff,*<br><br>v.<br><br>**CITY OF SAN MARCOS, JANE HUGHSON,** Mayor of San Marcos, **MATTHEW MENDOZA, SAUL GONZALES, ALYSSA GARZA, SHANE SCOTT, MARK GLEASON,** and **JUDE PRATHER,** Members of the City Council of San Marcos; **STEPHANIE REYES,** City Manager of San Marcos; and **STAN STANDRIDGE,** Chief of Police of San Marcos, in their official capacities,<br>    *Defendants.* | § § § § § § § § § § § § § § § § § § § § | IN THE DISTRICT COURT<br><br>HAYS COUNTY, TEXAS<br>at **3:58** o'clock **P** M.<br><br>JUL 22 2024<br><br>, DISTRICT CLERK<br><br>HAYS COUNTY, TEXAS<br><br><br><br>207th JUDICIAL DISTRICT |

FILED    cm

## ORDER GRANTING PLEA TO THE JURISDICTION

On June 27, 2024, came on to be heard the City of San Marcos (the "City") and Jane Hughson, Mayor of San Marcos, Matthew Mendoza, Saul Gonzales, Alyssa Garza, Shane Scott, Mark Gleason, and Jude Prather, Members of the City Council of San Marcos; Stephanie Reyes, City Manager of San Marcos; and Stan Standridge, Chief of Police of San Marcos; in their official capacities (the "Officials" and together with the City, the "Defendants") (the "Officials" and together with the City, the "Defendants") Plea to the Jurisdiction ("Plea"). The Court, having reviewed the Plea and the argument of counsel, is of the opinion that Defendants' Plea should be, and therefore is, GRANTED.

It is therefore ORDERED that Plaintiff's claims are DISMISSED with prejudice to refiling.

MR 0601

SIGNED this 22 day of July, 2024.

_____
JUDGE PRESIDING

# Exhibit H

MR 0603

| From: | Jose de la Fuente |
| --- | --- |
| Sent: | Friday, September 13, 2024 10:41 AM |
| To: | Jacob Przada; Melissa Ethridge; Kyle Tebo |
| Cc: | Johnathan Stone; Gabrielle C. Smith; Catherine Daniels |
| Subject: | RE: Cause No. 24-1005-481; State v. City of Denton et al. |

Jacob,

We understand that the parties disagree on the issues. That's why we have courts to resolve such disputes. With that mutual understanding, we further understand that after conferring, we do not have an agreement on the scheduling of various hearings. In the absence of such agreement, the City intends to go forward with setting its Plea to the Jurisdiction for hearing pursuant to the Denton County local rules. We will be requesting a setting for one to two hours, depending on the court's availability. We understand that your office is unavailable for hearing in September and on October 1st, so we will request dates from the Court for the rest of October. You of course will be copied on our communication to the court.

As to your intention to notice depositions of six different Denton officers and employees, your office is of course free to send whatever deposition notices you wish. The City does not believe that any discovery of "jurisdictional facts" by the plaintiff is necessary or appropriate, particularly in a case in which the plaintiff had the burden of pleading specific acts that it contends would be in violation of the law/*ultra vires*. The City thus will move for protection as to the referenced notices of deposition if they are indeed sent, so at this point, we do not see the need for further discussion of schedule or logistics as to the depositions the plaintiff may seek.

We do note, however, that as the plaintiff contends that certain facts (as yet not identified) are relevant to the question of jurisdiction and should be subject to discovery, including facts known by Councilmember Brian Beck, Councilmember Joe Holland, City Manager Sara Hensley, Chief Jessica Robledo, Sgt. Daryn Briggs, and Lt. Chris Summitt, Rule 194.2(5) requires both identification of such persons and a statement of the subject matter of each such person's purported knowledge/connection to the case. Plaintiff's current disclosures do not disclose Sgt. Briggs or Lt. Summitt as persons with knowledge and further, what they might have knowledge about. We look forward to seeing your supplemented disclosures promptly.

Once we have dates for the hearing on the City's Plea to the Jurisdiction from the Court, we will endeavor to reach an agreement as to a date that works with your availability.

Sincerely,

Joe

**JOSE DE LA FUENTE**
Litigation Practice Group Chair

1

MR 0604



512-322-5849   Direct
512-844-9078
Lloyd Gosselink Rochelle & Townsend, P.C.
816 Congress Ave., Suite 1900, Austin, TX 78701
www.lglawfirm.com  |  512-322-5800

  

**From:** Jacob Przada <Jacob.Przada@oag.texas.gov>
**Sent:** Wednesday, September 11, 2024 3:30 PM
**To:** Jose de la Fuente <jdelafuente@lglawfirm.com>; Melissa Ethridge <methridge@lglawfirm.com>; Kyle Tebo <Kyle.Tebo@oag.texas.gov>
**Cc:** Johnathan Stone <Johnathan.Stone@oag.texas.gov>; Gabrielle Smith <gsmith@lglawfirm.com>; Catherine Daniels <cdaniels@lglawfirm.com>
**Subject:** RE: Cause No. 24-1005-481; State v. City of Denton et al.

Joe,

Texas cannot agree with your representation of the issues. You seem to insist that our jurisdictional discovery is not appropriate, while we believe our discovery is, in fact, necessary and appropriate at this time. Because in our previous call, you could not commit to how or whether the City would respond to the substance of our discovery requests—even though your team had told Texas to send written discovery—Texas cannot agree to waive any right to a hearing on jurisdictional discovery without seeing the City's responses to our discovery.

Courts have broad discretion and allow jurisdictional discovery as to key jurisdictional facts before a PTJ hearing is conducted. *See Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 642–43 (Tex. 2012); *see also Hearts Bluff Game Ranch, Inc. v. State*, 381 S.W.3d 468, 491 (Tex. 2012). Unless you are willing to agree to a hearing on the Plea to the Jurisdiction and Application for Temporary Injunction on December 9, 2024 without these new conditions, we cannot agree to a hearing on that date.

On Friday, we plan to notice depositions of the following individuals: (1) Councilmember Brian Beck, (2) Councilmember Joe Holland, (3) City Manager Sara Hensley, (4) Interim Police Chief Jessica Robledo, (5) City of Denton Police Sgt. Daryn Briggs, and (6) City of Denton Police Lt. Chris Summitt, in four-hour blocks during the weeks of October 7-11th or October 14-17th. We can conduct these depositions either at the City of Denton or a hotel conference room in the City, or remotely, depending on your team's availability.

- Councilmember Brian Beck (October 7th at 9:00am) or (October 15th at 9:00am)
- Councilmember Joe Holland (October 7th at 2:00pm) or (October 15th at 2:00pm)
- City Manager Sara Hensley (October 8th at 9:00am) or (October 16th at 9:00am)
- Interim Police Chief Jessica Robledo (October 8th at 2:00pm) or (October 16th at 2:00pm)
- City of Denton Police Sgt. Daryn Briggs (October 9th at 9:00am) or (October 17th at 9:00am)
- City of Denton Police Lt. Chris Summitt (October 9th at 2:00pm) or (October 17th at 2:00pm)

If we do not hear back from you by Friday at 3:30pm, we will be noticing these depositions for the above dates during the week of October 7-11th. And for clarity, in the event that the PTJ is set for a hearing prior to discovery, we will need to subpoena your relevant clients.

Best,

**Jacob E. Przada**
Special Counsel

MR 0605

Special Litigation Division
Office of the Attorney General of Texas
Telephone: (512) 936-2669
Email: jacob.przada@oag.texas.gov

**From:** Jose de la Fuente <jdelafuente@lglawfirm.com>
**Sent:** Tuesday, September 10, 2024 3:30 PM
**To:** Jacob Przada <Jacob.Przada@oag.texas.gov>; Melissa Ethridge <methridge@lglawfirm.com>; Kyle Tebo <Kyle.Tebo@oag.texas.gov>
**Cc:** Johnathan Stone <Johnathan.Stone@oag.texas.gov>; Gabrielle Smith <gsmith@lglawfirm.com>; Catherine Daniels <cdaniels@lglawfirm.com>
**Subject:** RE: Cause No. 24-1005-481; State v. City of Denton et al.

Jacob,

We understand that you do not agree with our position. We are not asking or suggesting that the OAG agree with our position (that the City will set the PTJ for an earlier hearing date if the OAG moves forward with any earlier hearing).

If, however, the OAG intends to represent to the court that the December 9th setting of the TI and PTJ together is "agreed," a condition of our agreement is the City's reservation of its right to seek an earlier setting of its PTJ – which we are informing you the city only intends to do in the even the OAG sets anything else for hearing before the December 9th date. To be clear, the City does not "agree" to a December 9th setting of the TI and PTJ with no reservation or condition. If the OAG is unwilling to acknowledge that the City will communicate any agreed setting on December 9th to the court subject to that condition, then it seems that we do not have an agreement as to a December 9th setting.

The City and the OAG see the discovery issue differently; that is okay, disputes will happen that cannot be resolved except by the court. But the City will not waive its right to respond to any effort by the OAG to compel discovery by asking the court to first determine the question of jurisdiction. If the OAG's condition is that the City must waive that right in order to reach an agreed setting for December 9th, then the City cannot agree to that condition, and it seems that we cannot reach an agreement on that setting date. If, on the other hand, the OAG is not making that a condition, then we can agree on that setting date. Please let us know which path the OAG chooses.

Joe



**JOSE DE LA FUENTE**

Litigation Practice Group Chair
512-322-5849   Direct
512-844-9078
Lloyd Gosselink Rochelle & Townsend, P.C.
816 Congress Ave., Suite 1900, Austin, TX 78701
www.lglawfirm.com  |  512-322-5800

  

**From:** Jacob Przada <Jacob.Przada@oag.texas.gov>
**Sent:** Tuesday, September 10, 2024 3:23 PM
**To:** Jose de la Fuente <jdelafuente@lglawfirm.com>; Melissa Ethridge <methridge@lglawfirm.com>; Kyle Tebo <Kyle.Tebo@oag.texas.gov>
**Cc:** Johnathan Stone <Johnathan.Stone@oag.texas.gov>; Gabrielle Smith <gsmith@lglawfirm.com>; Catherine Daniels

MR 0606

<cdaniels@lglawfirm.com>
**Subject:** RE: Cause No. 24-1005-481; State v. City of Denton et al.

Joe,

We do not agree that the City has a right to have its PTJ heard at an earlier date if we seek to obtain a setting on a discovery-related issue, particularly in light of the fact that jurisdictional discovery has already been served. Therefore, we cannot agree that you can communicate a reservation of any "right" to have the PTJ heard sooner than the December 9, 2024 date. However, we do agree to the December 9, 2024 date for a hearing on the PTJ and TI and will notice the hearing.

Best,

**Jacob E. Przada**
Special Counsel
Special Litigation Division
Office of the Attorney General of Texas
Telephone: (512) 936-2669
Email: jacob.przada@oag.texas.gov

---

**From:** Jose de la Fuente <jdelafuente@lglawfirm.com>
**Sent:** Tuesday, September 10, 2024 2:01 PM
**To:** Jacob Przada <Jacob.Przada@oag.texas.gov>; Melissa Ethridge <methridge@lglawfirm.com>; Kyle Tebo <Kyle.Tebo@oag.texas.gov>
**Cc:** Johnathan Stone <Johnathan.Stone@oag.texas.gov>; Gabrielle Smith <gsmith@lglawfirm.com>; Catherine Daniels <cdaniels@lglawfirm.com>
**Subject:** RE: Cause No. 24-1005-481; State v. City of Denton et al.

Jacob,

Understanding that stated reservation, and understanding the City's position that there is no necessary or appropriate discovery as to jurisdictional facts, and because the time and expense of engaging in such discovery would be contrary to the purpose of ending a case when there is no jurisdiction, in the event that the OAG seeks to set any such hearing in advance of December 9th the City reserves its right to set its PTJ for hearing at the same time. So, we will inform the court to go forward with setting both the PTJ and the TI for hearing on December 9th. We will also inform the court that, in the event that any party sets any other matter for hearing ahead of that date, the City will ask the court to change the setting on the City's PTJ to that time. We just want to be transparent about our approach on this. We're not asking you to agree to that condition, we're just asking if you agree that we may communicate it to the court; that is, a communication that 1) the parties want the December 9th date, and 2) the City's agreement to this setting does not waive its right to have its PTJ heard sooner in the event that any other matter is set for hearing ahead of the December 9th date.

Thanks,

Joe

**JOSE DE LA FUENTE**
Litigation Practice Group Chair

4

MR 0607



512-322-5849  Direct
512-844-9078
Lloyd Gosselink Rochelle & Townsend, P.C.
816 Congress Ave., Suite 1900, Austin, TX 78701
www.lglawfirm.com  |  512-322-5800

  

**From:** Jacob Przada <Jacob.Przada@oag.texas.gov>
**Sent:** Tuesday, September 10, 2024 12:18 PM
**To:** Jose de la Fuente <jdelafuente@lglawfirm.com>; Melissa Ethridge <methridge@lglawfirm.com>; Kyle Tebo <Kyle.Tebo@oag.texas.gov>
**Cc:** Johnathan Stone <Johnathan.Stone@oag.texas.gov>; Gabrielle Smith <gsmith@lglawfirm.com>; Catherine Daniels <cdaniels@lglawfirm.com>
**Subject:** RE: Cause No. 24-1005-481; State v. City of Denton et al.

Good afternoon Joe,

Other than any necessary discovery-related matters, we agree to your request. Thank you for reaching out about this.

Best,

**Jacob E. Przada**
Special Counsel
Special Litigation Division
Office of the Attorney General of Texas
Telephone: (512) 936-2669
Email: jacob.przada@oag.texas.gov

**From:** Jose de la Fuente <jdelafuente@lglawfirm.com>
**Sent:** Tuesday, September 10, 2024 12:05 PM
**To:** Jacob Przada <Jacob.Przada@oag.texas.gov>; Melissa Ethridge <methridge@lglawfirm.com>
**Cc:** Johnathan Stone <Johnathan.Stone@oag.texas.gov>; Gabrielle Smith <gsmith@lglawfirm.com>; Catherine Daniels <cdaniels@lglawfirm.com>
**Subject:** RE: Cause No. 24-1005-481; State v. City of Denton et al.

Jacob and Jonathan,

Based on current schedules (including hearings and briefing schedules, as well as your information that you are not available in September), the December 9th date works for Denton.  We'd note that of all the dates previously discussed, that's *the* date that works.  We'd expect that the parties wouldn't set any other matters for hearing in the intervening period.  Can we agree on that hearing date for the PTJ and TI, and that approach (this will be the only hearing date set between now and then)?

Let us know, and we'll inform the court by reply-all to the court's email.

Thanks,

Joe

MR 0608



**JOSE DE LA FUENTE**
Litigation Practice Group Chair
512-322-5849  Direct
512-844-9078
Lloyd Gosselink Rochelle & Townsend, P.C.
816 Congress Ave., Suite 1900, Austin, TX 78701
www.lglawfirm.com  |  512-322-5800

  

**From:** Laurie Dipierro <Laurie.DiPierro@dentoncounty.gov>
**Sent:** Friday, September 6, 2024 12:57 PM
**To:** Jose de la Fuente <jdelafuente@lglawfirm.com>; Jacob Przada <Jacob.Przada@oag.texas.gov>; Melissa Ethridge <methridge@lglawfirm.com>
**Cc:** Johnathan Stone <Johnathan.Stone@oag.texas.gov>; Gabrielle Smith <gsmith@lglawfirm.com>; Catherine Daniels <cdaniels@lglawfirm.com>
**Subject:** RE: Cause No. 24-1005-481; State v. City of Denton et al.

For 1 day or less in-person, the 481st has the following available:

09/16/24: 9:30 am with Docket Call 09/12/24 at 3:00 pm (Judge Doug Robison visiting for trial date)
09/30/24: 9:30 am with Docket Call 09/19/24 at 3:00 pm (Judge Doug Robison visiting for docket call date)
11/12/24: 9:00 am with Docket Call 10/31/24 at 3:00 pm
12/09/24: 9:00 am with Docket Call 11/21/24 at 3:00 pm

**Please confer without me included and then include me back in to advise on what date you all agree**

Sincerely,
*Laurie DiPierro*
481st District Court Administrator
1450 E. McKinney Street, Floor 4
Denton, Texas 76209
940-349-2270
Laurie.DiPierro@dentoncounty.gov

---

**From:** Jose de la Fuente <jdelafuente@lglawfirm.com>
**Sent:** Thursday, September 5, 2024 10:37 AM
**To:** Laurie Dipierro <Laurie.DiPierro@dentoncounty.gov>; Jacob Przada <Jacob.Przada@oag.texas.gov>; Melissa Ethridge <methridge@lglawfirm.com>
**Cc:** Johnathan Stone <Johnathan.Stone@oag.texas.gov>; Gabrielle Smith <gsmith@lglawfirm.com>; Catherine Daniels <cdaniels@lglawfirm.com>
**Subject:** RE: Cause No. 24-1005-481; State v. City of Denton et al.

**CAUTION:** This email originated from outside the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe. Never enter your password or other sensitive information on linked web pages contained in emails unless you are certain the web pages are safe. If you have questions or need assistance, please contact the Help Desk.

---

Laurie,

As always, we very much appreciate the Court's responsiveness and accommodation in the parties' scheduling efforts in this matter.

Per the parties' recent discussions, as well as the Court's request that the parties confer and agree wherever possible, we respectfully request that the Court inform us of any dates in October when it would have 5 hours to hear both the City's Plea to the Jurisdiction and the State's request for Temporary Injunction.

Thank you for your response in advance, and please let us know if you have any questions or require any further information from us to assist in this matter.

Sincerely,

Jose de la Fuente
Counsel for the City of Denton



**JOSE DE LA FUENTE**
Litigation Practice Group Chair
512-322-5849   Direct
512-844-9078
Lloyd Gosselink Rochelle & Townsend, P.C.
816 Congress Ave., Suite 1900, Austin, TX 78701
www.lglawfirm.com  |  512-322-5800

 

**From:** Laurie Dipierro <Laurie.DiPierro@dentoncounty.gov>
**Sent:** Thursday, August 29, 2024 12:29 PM
**To:** Jacob Przada <Jacob.Przada@oag.texas.gov>; Melissa Ethridge <methridge@lglawfirm.com>
**Cc:** Johnathan Stone <Johnathan.Stone@oag.texas.gov>; Jose de la Fuente <jdelafuente@lglawfirm.com>; Gabrielle Smith <gsmith@lglawfirm.com>
**Subject:** RE: Cause No. 24-1005-481; State v. City of Denton et al.

I see the Defendants' Plea to the Jurisdiction filed on May 20th. Please note that the requirement is for counsel to confer upon dates provided by the Court prior to setting the hearing date with the Court. I have not yet provided those dates for you all to confer upon.

For two hours or less IN PERSON, the 481st has the following available:

September 17th at 1:30 p.m. (Judge Doug Robison visiting)
September 18th at 1:30 p.m. (Judge Doug Robison visiting)
September 19th at 1:30 p.m. (Judge Doug Robison visiting)
October 1st at 1:30 p.m.
October 29th at 1:30 p.m.
October 30th at 1:30 p.m.
November 13th at 1:30 p.m.

Please confer WITHOUT me included and then include me back in once you all have found a mutually agreeable date. Thank you.

Sincerely,

MR 0610

*Laurie DiPierro*

481st District Court Administrator
1450 E. McKinney Street, Floor 4
Denton, Texas 76209
940-349-2270
Laurie.DiPierro@dentoncounty.gov

---

**From:** Jacob Przada <Jacob.Przada@oag.texas.gov>
**Sent:** Thursday, August 29, 2024 10:38 AM
**To:** Melissa Ethridge <methridge@lglawfirm.com>; Laurie Dipierro <Laurie.DiPierro@dentoncounty.gov>
**Cc:** Johnathan Stone <Johnathan.Stone@oag.texas.gov>; Jose de la Fuente <jdelafuente@lglawfirm.com>; Gabrielle Smith <gsmith@lglawfirm.com>
**Subject:** RE: Cause No. 24-1005-481; State v. City of Denton et al.

> **CAUTION:** This email originated from outside the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe. Never enter your password or other sensitive information on linked web pages contained in emails unless you are certain the web pages are safe. If you have questions or need assistance, please contact the Help Desk.

Good morning Ms. Dipierro,

Plaintiff has contacted Counsel for Defendants to discuss dates, but Counsel did not respond.

Defendants have ***not met and conferred.*** We ask the Court to allow us to hear back from Defendants before Defendants seek an arbitrary date that does not work for Plaintiff.

Best,

**Jacob E. Przada**
Special Counsel
Special Litigation Division
Office of the Attorney General of Texas
Telephone: (512) 936-2669
Email: jacob.przada@oag.texas.gov

---

**From:** Melissa Ethridge <methridge@lglawfirm.com>
**Sent:** Thursday, August 29, 2024 10:30 AM
**To:** Laurie Dipierro <laurie.dipierro@dentoncounty.gov>
**Cc:** Jacob Przada <Jacob.Przada@oag.texas.gov>; Johnathan Stone <Johnathan.Stone@oag.texas.gov>; Jose de la Fuente <jdelafuente@lglawfirm.com>; Gabrielle Smith <gsmith@lglawfirm.com>
**Subject:** Cause No. 24-1005-481; State v. City of Denton et al.

Good morning Ms. Dipierro,

We are looking for available dates in September or October to set our Plea to the Jurisdiction in the above-referenced case. We believe 2 hours should be sufficient. When you have a moment, could you please let me know the Court's availability?

Thanks very much,

MR 0611

Melissa





**MELISSA ETHRIDGE**
Paralegal
512-322-5838   Direct
Lloyd Gosselink Rochelle & Townsend, P.C.
816 Congress Ave., Suite 1900, Austin, TX 78701
www.lglawfirm.com  |  512-322-5800

  

****ATTENTION TO PUBLIC OFFICIALS AND OFFICIALS WITH OTHER INSTITUTIONS SUBJECT TO THE OPEN MEETINGS ACT ****

A "REPLY TO ALL" OF THIS EMAIL COULD LEAD TO VIOLATIONS OF THE TEXAS OPEN MEETINGS ACT. PLEASE REPLY ONLY TO LEGAL COUNSEL.

CONFIDENTIALITY NOTICE:
This email (and all attachments) is confidential, legally privileged, and covered by the Electronic Communications Privacy Act. Unauthorized use or dissemination is prohibited. If you have received this message in error please delete it immediately. For more detailed information click http://www.lglawfirm.com/email-disclaimer/ .

NOT AN E-SIGNATURE:
No portion of this email is an "electronic signature" and neither the author nor any client thereof will be bound by this e-mail unless expressly designated as such as provided in more detail at www.lglawfirm.com/electronic-signature-disclaimer/ .

MR 0612

# EXHIBIT I

MR 0613

| **From:** | Jacob Przada <Jacob.Przada@oag.texas.gov> |
| **Sent:** | Thursday, August 29, 2024 6:45 PM |
| **To:** | Jose de la Fuente |
| **Cc:** | Gabrielle C. Smith; Johnathan Stone |
| **Subject:** | RE: State of Texas v. City of Denton, et al. | Phone Call |

Joe,

We will plan to call you tomorrow at 4:30pm on your direct line. Thank you.

Best regards,

**Jacob E. Przada**
Special Counsel
Special Litigation Division
Office of the Attorney General of Texas
Telephone: (512) 936-2669
Email: jacob.przada@oag.texas.gov

---

**From:** Jose de la Fuente <jdelafuente@lglawfirm.com>
**Sent:** Thursday, August 29, 2024 6:41 PM
**To:** Jacob Przada <Jacob.Przada@oag.texas.gov>
**Cc:** Gabrielle Smith <gsmith@lglawfirm.com>; Johnathan Stone <Johnathan.Stone@oag.texas.gov>
**Subject:** RE: State of Texas v. City of Denton, et al. | Phone Call

It does.  Do you want to call me, have me call you, or set up a call-in number?

Je



  

**JOSE DE LA FUENTE**
Litigation Practice Group Chair
512-322-5849   Direct
512-844-9078
Lloyd Gosselink Rochelle & Townsend, P.C.
816 Congress Ave., Suite 1900, Austin, TX 78701
www.lglawfirm.com  |  512-322-5800

---

****ATTENTION TO PUBLIC OFFICIALS AND OFFICIALS WITH OTHER INSTITUTIONS SUBJECT TO THE OPEN MEETINGS ACT ****

A "REPLY TO ALL" OF THIS EMAIL COULD LEAD TO VIOLATIONS OF THE TEXAS OPEN MEETINGS ACT. PLEASE REPLY ONLY TO LEGAL COUNSEL.

CONFIDENTIALITY NOTICE:
This email (and all attachments) is confidential, legally privileged, and covered by the Electronic Communications Privacy Act. Unauthorized use or dissemination is prohibited. If you have received this message in error please delete it immediately. For more detailed information click http://www.lglawfirm.com/email-disclaimer/ .

1

MR 0614

NOT AN E-SIGNATURE:

No portion of this email is an "electronic signature" and neither the author nor any client thereof will be bound by this e-mail unless expressly designated as such as provided in more detail at www.lglawfirm.com/electronic-signature-disclaimer/ .

**From:** Jacob Przada <Jacob.Przada@oag.texas.gov>
**Sent:** Thursday, August 29, 2024 6:38 PM
**To:** Jose de la Fuente <jdelafuente@lglawfirm.com>
**Cc:** Gabrielle Smith <gsmith@lglawfirm.com>; Johnathan Stone <Johnathan.Stone@oag.texas.gov>
**Subject:** State of Texas v. City of Denton, et al. | Phone Call

Good evening Joe,

Does 4:30pm on Friday work for you to speak with us regarding City of Denton?

Best,

**Jacob E. Przada**
Special Counsel
Special Litigation Division
Office of the Attorney General of Texas
Telephone: (512) 936-2669
Email: jacob.przada@oag.texas.gov

MR 0615

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Cathy Daniels on behalf of Jose de la Fuente
Bar No. 00793605
cdaniels@lglawfirm.com
Envelope ID: 95167299
Filing Code Description: Answer/Response
Filing Description: (Defendants') to Plaintiff's Supplemental Brief
Status as of 12/11/2024 8:11 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Richard Gladden | | richscot1@hotmail.com | 12/10/2024 4:43:47 PM | SENT |
| Richard Gladden | | richscot1@hotmail.com | 12/10/2024 4:43:47 PM | SENT |
| Amy Hoffee | | amy.hoffee@cityofdenton.com | 12/10/2024 4:43:47 PM | SENT |
| Devin Q.Alexander | | Devin.Alexander@cityofdenton.com | 12/10/2024 4:43:47 PM | SENT |
| Mack Reinwand | | mack.reinwand@cityofdenton.com | 12/10/2024 4:43:47 PM | SENT |
| Jose E.de la Fuente | | jdelafuente@lglawfirm.com | 12/10/2024 4:43:47 PM | SENT |
| James F.Parker | | jparker@lglawfirm.com | 12/10/2024 4:43:47 PM | SENT |
| Gabrielle C.Smith | | gsmith@lglawfirm.com | 12/10/2024 4:43:47 PM | SENT |
| Sydney P.Sadler | | ssadler@lglawfirm.com | 12/10/2024 4:43:47 PM | SENT |
| Kyle Tebo | | Kyle.Tebo@oag.texas.gov | 12/10/2024 4:43:47 PM | SENT |
| Bonnie Freymuth | | bonnie.freymuth@oag.texas.gov | 12/10/2024 4:43:47 PM | SENT |
| Zachary Rhines | | zachary.rhines@oag.texas.gov | 12/10/2024 4:43:47 PM | SENT |

REPORTER'S RECORD

VOLUME 1 OF 1 VOLUME(S)

TRIAL COURT CAUSE NO. 24-1005-481

THE STATE OF TEXAS,                    IN THE DISTRICT COURT

                PLAINTIFF,
VS.

CITY OF DENTON,
GERARD HUDSPETH, MAYOR OF
DENTON; BRIAN BECK, MAYOR PRO
TEM OF DENTON; VICKI BYRD,              481ST JUDICIAL DISTRICT
PAUL MELTZER, JOE HOLLAND,
BRANDON CHASE MCGEE, AND
CHRIS WATTS, MEMBERS OF THE
CITY COUNCIL OF DENTON;
SARA HENSLEY, CITY MANAGER OF
DENTON; AND, DOUG SHOEMAKER,
CHIEF OF POLICE OF DENTON; IN
THEIR OFFICIAL CAPACITIES,
                    DENTON COUNTY, TEXAS
          DEFENDANTS.

*****************************

TRANSCRIPT OF PROCEEDINGS

*****************************

On December 12, 2024, the following proceedings came on to be heard in the above-entitled and numbered cause before the HONORABLE CRYSTAL EDMONSON LEVONIUS, Judge presiding in the 481st Judicial District Court, held in Denton, County of Denton, Texas, before Kristin M. Anderson, CSR, in and for the State of Texas.

Proceedings reported by stenotype, record produced by computer-aided transcription.

*********************

Kristin M. Anderson, CSR, RPR, FCRR

# A P P E A R A N C E S

**APPEARING FOR THE PLAINTIFF:**

Mr. Kyle Stephen Tebo
TSB #24137691
Mr. Zachary Louis "Zac" Rhines
Office of the Attorney General - State of Texas
Capitol Station
P.O. Box 12548
Austin, Texas  78711
512-463-2080
Kyle.Tebo@oag.texas.gov
Zachary.Rhines@oag.texas.gov


**APPEARING FOR ALL NAMED DEFENDANTS:**

Mr. Jose E. 'Joe' de la Fuente
TSB #00793605
Ms. Gabrielle Cherie Smith
TSB #24093172
Lloyd, Gosselink, Rochelle & Townsend
816 Congress Avenue
Suite 1900
Austin, Texas  78701-2478
512-322-5849
jdelafuente@lglawfirm.com
gsmith@lglawfirm.com

**CHRONOLOGICAL INDEX**

**VOLUME 1**

DECEMBER 12, 2024                          PAGE          VOL

Caption.................................. 1            1

Appearances............................. 2            1

Chronological Index -- Volume 1.......... 3            1

Proceedings............................. 6            1

State's Motion to Compel

    Argument by Mr. Tebo........... 5            1

    Argument by Mr. de la Fuente.... 13           1

    Rebuttal Argument by Mr. Tebo... 24           2

    Court's Ruling................. 29           1

Texas' Interrogatories to Defendants

    Exhibit A...................... 30           1

Texas' Requests for Production to Defendants

    Exhibit B...................... 49           1

Texas' Requests for Admissions to Defendants

    Exhibit C...................... 74           1

Defendants' Motion to Quash &

    Motion For Protection from

    Deposition Notices............. 85           1

Adjournment............................. 99           1

Court Reporter's Certificate............. 100          1

*************************

**P R O C E E D I N G S**

**December 12, 2024**

*************************

THE COURT: We're on the record in Cause No. 24-1005-481 styled, *The State of Texas vs. The City of Denton, Joe Holland, Mayor of Denton; Brian Beck, Mayor Pro-Tem of Denton; Vicki Byrd, Paul Meltzer, Joe Holland, Brandon Chase McGee; and Chris Watts, Members of City Council of Denton; Sara Hensley, City Manager; and Doug Shoemaker, Chief of Police of Denton; in their official capacities.*

Attorneys, please state your name and the parties you represent.

MR. TEBO: Your Honor, my name is Kyle Tebo, and with me is my colleague, Zachary Rhines, from the Office of the Attorney General representing the State of Texas.

MS. SMITH: Good morning, Your Honor. It's Gabrielle Smith and Jose de la Fuente representing the City of Denton and the individually named City officials.

THE COURT: And, Mr. Tebo, did you say cocounsel is Mr. Lyons?

MR. TEBO: No, Your Honor. Sorry.

Mr. Rhines with an "R."

THE COURT: Thank you.

We are set this morning for a plea to the jurisdiction; however, I understand, before we take up that plea, that the State of Texas does want to bring forward a motion to be able to conduct discovery in advance of that plea to the jurisdiction. You may begin whenever you're ready, Mr. Tebo.

MR. TEBO: Thank you, Your Honor.

Do I understand that the Court is beginning by hearing the motion to compel?

THE COURT: Yes.

MR. TEBO: Thank you, Your Honor.

Your Honor, I'd like to start out by laying before the Court the three possible ways that the Court could rule on all of the motions that are before it today. So it's both the State's motion to compel and the defendant's plea to jurisdiction because they all have to do with this Court's jurisdiction.

There are three ways that the Court can decide the motion before it today. None of those would terminate the case. Which of these three the Court chooses will depend on whether the Court believes that the determination of its jurisdiction hangs on un -- on disputed fact issues related to that -- to its

jurisdiction.

If the Court agrees with the State, that it has to look to disputed jurisdictional facts before ruling on this jurisdiction, then the Court should postpone the determination of its jurisdiction, either deny or carry defendant's plea to the jurisdiction, and grant the State's motion to compel limited discovery and to jurisdictional facts. That's door number one, Your Honor.

Door number two is the Court agrees with defendants. They agree that there are no relevant jurisdictional facts, and they agree that the allegations in the State's petition do not support this Court's jurisdiction. In that case, the Court can grant the plea to the jurisdiction but not with prejudice to the State. Defendants ultimately allege a defect in the State's pleading. They say that the Court should not go beyond the State's petition to consider actions by the City that tends to suggest that it is implementing an unlawful ordinance in decriminalizing marijuana because those allegations are made -- were made after the State filed its original petition. That's just a pleading defect. All of this for a pleading defect, Your Honor.

And, in Texas, plea to the jurisdiction practice says that, unless the Court looks at the

pleadings and can affirmatively negate its jurisdiction, it has to allow plaintiffs an opportunity to replead. So the most that defendants can get out of this hearing is an opportunity for the State to replead. If Your Honor terminates this case, you would deprive the State of its due process rights.

Door number three, let's say that the Court still believes that it doesn't need to look to unresolved fact issues to decide its jurisdiction. It's just going to stick to the pleadings. Well, there is one fact material to jurisdiction that the parties don't dispute, and that is that on November the 22nd, 2022, the City Council of Denton voted to adopt an ordinance that decriminalizes marijuana. The State contends that that is a ultra vires act that overcomes the City's sovereign immunity, and, therefore, establishes this Court's jurisdiction in this case.

Defendants disagree about the character of that November 22nd vote. They say that it was not ultra vires. So there is an option today where the Court takes up the plea, agrees with the State that the November 22nd vote was ultra vires and denies the plea to the jurisdiction determining that it does have -- that the Court does have jurisdiction to hear the case.

Now, I wanted to go through those three

options just to sort of lay out for the Court a handy framework for this hearing. Option number one, the Court has to look to jurisdictional facts that are not resolved yet before determining its jurisdiction. Option number two, the State -- excuse me, the Court agrees that it can look only to the pleadings and does not find in those pleadings allegations sufficient to support its jurisdiction has to allow the State an opportunity to replead. Option number three, the Court still doesn't -- still feels that it doesn't need to look to unresolved fact issues to decide its jurisdiction but, looking to the pleadings, believes that, on the basis of the November 22nd vote, the Court does have jurisdiction to hear this case. So three doors.

Now, the State thinks that the Court should choose door number one because there are significant unresolved fact issues that are material to this Court's jurisdiction, so the Court should, therefore, grant the State's motion to compel because at this juncture the Court cannot decide its jurisdiction without limited discovery into those unresolved jurisdictional fact issues. The Supreme Court says in *Miranda [sic] Consolidated School District vs. Garcia*, and again -- excuse me, in *Mission Consolidated School*

*District vs. Garcia* and, again, in *Miranda vs. Texas Parks and Wildlife Department*, that, if the Court concludes that its jurisdiction hangs on unresolved fact issues, it cannot grant a jurisdictional plea. It has to allow time for plaintiff to develop facts relevant to its jurisdiction. As long as the plaintiff, in this case the State, can bring up some evidence tending to suggest that the Court does have jurisdiction, the Court should allow an opportunity for limited discovery.

And that's what we have in this case, Your Honor. Here's what the parties dispute. The defendants say that, after the city council adopted the marijuana ordinance, that the City -- that the City took no further action with respect to that ordinance. They didn't implement it in any respect. They took no action whatsoever. The ordinance just sits idly in the municipal law books.

Now, after defendants made that claim in response to the State's petition, the State did a little research. And we noticed that in the year following adoption of the ordinance, marijuana enforcement in Denton of misdemeanor possession fell off the cliff. Stand alone arrest or citations for misdemeanor possession declined from double digits to just three for 20 -- in the year 2023. So we have near zero

enforcement, stand alone enforcement, of misdemeanor marijuana possession. In other words, the City enacted, adopted a marijuana ordinance saying that Denton is not going to enforce misdemeanor possession. And, in the year following, we see that Denton doesn't enforce marijuana misdemeanor possession. That tends to suggest that the City is implementing the ordinance despite what the defendants initially said in response to the State's petition.

Number two, we have a number of statements by various City of Denton officials saying that the City is not following state marijuana laws. Most recent of these at a September 24th city council meeting, Defendant Hudspeth, so the mayor of the City of Denton, said -- and let me just get the quote right so that I have it. The mayor said, in public session, that the City, quote, is not enforcing marijuana laws. Referring to the State's -- both state and federal marijuana possession laws. And he's not the only one, Your Honor. Although I don't see how it could get any more explicit than the City -- the Mayor of the City of Denton saying that the City is not enforcing state marijuana laws. That's strong evidence tending to suggest that the defendants' allegation that the marijuana ordinance is just sort of sitting idly on the

law books is not the whole truth at least.

But the mayor is not the only one. Council Member Beck, in a council session dated June 6th, called the ordinance a policy that might be in conflict with Texas Local Government Code 370.3. 370.3, which we'll get later to in the hearing, prohibits the governing body of a municipality from adopting any policy where it does not fully enforce the State's drug laws. So you have a city council member, again, one of the named defendants, saying that because of this ordinance, the City is not fully enforcing the State's drug laws.

Then you have statements made by the city manager, Defendant Hensley. Defendant Hensley is interesting because defendants, in their plea to the jurisdiction, in part rely on State -- public statements that she made for their assertion that this -- the City is not implementing the ordinance. Well, if you grill down into some of those statements, what she actually said on the public record is a lot more ambiguous. Defendant Hensley, both in a memo post-dating the adoption of the vote, and in a press release predating the election vote, both of those are actually in the defendant's plea to the jurisdiction as Exhibit C. It recognizes that, at least in part -- it recognizes that,

in part, the ordinance conflicts with the state drug laws. But she also says that the City is working out -- is reviewing the ordinance and working out steps to implement the ordinance -- parts of the ordinance.

So, referring to Defendant's Exhibit C, the press release dated November 9th, 2022, about two weeks before the adoption vote, Defendant Hensley says that the City staff has been working to determine which portions of the ordinance will be incorporated into the police department's general orders, which, to me at least, reads like a statement saying that the City intends to implement part of the ordinance. Which parts, the State does not know. The State would like to find out both that specific issue and generally what steps the City is taking with respect to the ordinance by conducted -- conducting limited discovery into those issues which are highly relevant to whether the Court has jurisdiction. Because action taken to implement an unconstitutional ordinance is ultra vires conduct that overcomes the City's sovereign immunity and establishes this Court's jurisdiction.

Therefore, limited discovery is highly appropriate at this stage in the proceedings, and the discovery that Texas served on defendants is targeted to jurisdictional issues and reasonably calculated to

uncover information related to this Court's jurisdiction related to whether and what steps the City has taken with respect to this unconstitutional marijuana ordinance. That by its own terms, I mean the title of the ordinance is ending citations and arrests for low-level marijuana offenses. By its own terms, the ordinance deprives the State of part of its drug laws. If that ordinance is in fact being implemented by the City, then there's no question the defendants are committing or have committed ultra vires conduct that suffices to establish this Court's jurisdiction. The discovery that Texas served is completely calculated to shedding light on that issue.

With that, Your Honor, I'm content to rest as to the merits of the State's motion to compel. If Your Honor would like to hear more on any of the issues I've raised -- I've raised, or, if Your Honor would like to hear the State's position on the plea to the jurisdiction I can continue speaking

THE COURT: I don't think it's necessary.

Will it be Ms. Smith or Mr. de la Fuente that will be arguing?

MR. DE LA FUENTE: Your Honor, I'll be speaking to the discovery issues. Ms. Smith will be speaking to the plea to the jurisdiction.

THE COURT: Thank you.

MR. DE LA FUENTE: The Court knows that jurisdiction comes first. That's the question that the Court teed up. It comes before discovery or anything else. And, importantly, the question the Court teed up was, explain why anyone should -- why you should be able to conduct discovery before the plea to the jurisdiction in this case, in this case, the pleaded case before this Court.

And, in the filing and in the arguments here, the State has not made that connection, has not provided any valid justification for the need for discovery before it takes up the PTJ. And let's talk about jurisdictional discovery. Jurisdictional discovery is a thing that exists out there in the law, but it's a very narrow one. It is only allowed to discover contested facts that are relevant and material to the specific question at issue of jurisdiction teed up based on the pleaded case, not an imaginary case, the pleaded case. And we cite the *Klumb vs. Houston Municipal Employment System -- Retirement System* cases. Those all lay out the very narrow parameters of jurisdictional discovery. And the point of a plea to the jurisdiction is, of course, to resolve the question of jurisdiction before the governmental entity incurs

significant litigation costs. I mean the -- the State here has sent here six deposition notices, detailed deep discovery -- written discovery. None of it's appropriate, but it would all be costly.

In a case where the allegation is that certain public officials have committed ultra vires acts, it's kind of hard to imagine what jurisdictional facts could be in doubt. And understanding that the statute we're talking about here, Local Government Code 370.003, only contains prohibitions against, for the purposes of this case, the governing body of the entity, that is the city council as a whole, and the Denton Police Department, not the City by the way, just those two things. And the verb that they cannot do is adopt a policy.

Most ultra vires cases, functionally all, allege that a public official has committed a certain act. You have committed act "X." The law says why. I overlay the law on the act and determine whether the act violates the law. There's no fact dispute. There's no need for a fact dispute. And if you can't come up with some wrongful act that the individuals have taken, especially when they're entities that act entirely in the public eye, then there is none. There is no ultra vires act.

And the State pleaded, in its pleading, and this is what we're bound to, there was one act taken by certain defendants, the Denton City Council, and it contends the act constitutes adopting a policy not to fully endorse -- enforce drug laws. And that act is the alleged act of the Denton City Council of codifying and publishing an ordinance passed by the Denton voters.

THE COURT: And hold on one moment, Mr. de la Fuente.

(Off the record discussion with IT department representative.)

THE COURT: Go ahead, Mr. de la Fuente.

MR. DE LA FUENTE: Have they got you all wired up?

THE COURT: No, they're taking away -- they took away the tower. So they're going to go fix it in my office.

MR. DE LA FUENTE: Is your laptop up?

THE COURT: I'm using the court reporter's laptop.

MR. DE LA FUENTE: Whatever works.

THE COURT: It works. It works.

MR. DE LA FUENTE: So to tie it back, Your Honor, we -- we have a pleaded act, the act of codifying and publishing an ordinance that was passed by

the voters, and that is alleged to be the act, the prohibited act, of adopting a policy not to fully enforce the drug laws. And that's the pleaded act. And the State has either stated a valid ultra vires claim by that pleaded act, or it hasn't. And that's the sole legal question -- in fact, as the State said in its life petition, this is a case of pure law and discovery is unneeded.

We were teed up before this Court on this plea to the jurisdiction six months ago. No discovery was needed before that. There's nothing that's changed now. The acts -- the only acts that could be done, as -- as have been referenced, are acts of the city council, which are done only in open public meetings and recorded in -- in minutes and the reference to general policy as the police department, which I'll get to in a second, are published online. I mean there's no secret of the general orders of the Denton Police Department.

The State says -- let me -- it does need to be clarified. The Court, and every party before it, do need to stick with the pleadings as they exist and are on file. The State hasn't amended its petition. It has had months to do so. It hasn't. There's a reason it hasn't. There's no act that it can allege. The idea of, well, you carry the plea to the jurisdiction to let

them replead, that doesn't need to be done if re-pleading would be futile. And here Ms. Smith is going to explain how the argument of whether philosophically some other individuals, et cetera, are doing something that the State might deem implementing the ordinance. Maybe Denton Police Officers aren't enthusiastic about marijuana enforcement now. I don't know. It doesn't matter because a police officer does not adopt a policy, and a police officer is not the Denton Police Department. Those verbs, implementing, are not the doorway. The doorway is adopting a policy by the city council for the Denton Police Department.

If -- if the State wants to -- to do discovery in -- into some other acts, it needs to plead that those acts were taken, but it can't do it. That's why. And you don't get to file suit saying, you know, I just don't like the way you're thinking, so let me dig around and see if I can find an ultra vires act. Now, is it possible that sometime in the future, some future Denton City Council or some iteration of the Denton Police Department will adopt a policy that -- that the Attorney General would say, "Aha, here it is," maybe. And, if they do, they know exactly where this courthouse is, and they file a suit based on that new act.

But today they don't have an act to

allege. That's why they haven't alleged one. The State wants to question -- let's talk about what the discovery they really want is. They want to question multiple individual council members. Why? As a matter of law, no individual council member has the authority or power to do anything. What their beliefs or opinions are absolutely irrelevant. This is black letter law in Texas. A City council speaks and acts only as a whole, and what legislators think is shielded from discovery by legislative immunity.

Let's say two council members think this policy is legal, multiple others saying it's illegal, but none of them voted to adopt it, the only thing that matters is the act of council as a whole whether it voted to adopt a policy or not. If they want to question individual police officers, none of them adopt any policies. The police department has policies and adopts policies by its general order. That's what they say in their petition that, you know, it would be adopted in the police department general orders.

And really, in their discovery, they define adoption as passage of a measure into law. Remember, adopt is the gate -- is the doorway verb here. The general orders of the police department are published online. They're updated whenever they change.

Kristin M. Anderson, CSR, RPR, FCRR

They're public records. If there was a fact to plead, they would plead it. It isn't there. There is no policy adopted.

And, based on the case before this Court, there's not a single jurisdictional fact in dispute. The ordinance was passed by the voters. It was codified and published as required by the City charter. Did that act violate Section 370.003 or not? If the Court -- and I appreciate there's -- if the Court does want to go down into detail of individual discovery requests, so that should only happen if the Court is inclined to allow any discovery. We have quite a few good objections to those on their own, but I think some discussion of what that discovery seeks demonstrates how out of bounds and not relevant of the question of whether the City or the police department adopted a policy these questions are.

There's discovery questions about communications between the City and other cities that passed similar ordinances. How does that prove or disprove whether the City -- whether the city council adopted a policy? And, by the way, that's important. Again, it's not the City. The State just keeps using the -- the actor of the City, and the 370.003 does not say that a city or a municipality may not adopt a

policy. Again, Ms. Smith will get into this in detail, but it says that the governing body or the police department may not adopt a policy.

Discovery about what individual council members think or thought or police officers thought, or even the job history. By the way, requiring the job history of the police -- chief of police, none of that's relevant to establishing whether a proper defendant, one of the people or an entity that's listed in 370.003, adopted a policy. Discovery about whether marijuana use has gone up or down, there's no allegation that failure to achieve some arrest number is a legal requirement. The law is narrow. It forbids adopting a policy which is passage of a measure into law according to the State's own definition. Implementing it is not in there. It's adopting a policy.

Discovery about inaction, the wisdom or desirability of the ordinance, or the discretion exercised by individual police officers, I mean, Your Honor, I know some police officers. They kind of listen to the public mood. I mean I think the public mood in Denton was made pretty clear. The people aren't very interested in the police department spending its resources on marijuana arrests. And whether or not anyone adopts a policy, the police officers may -- may

be of the opinion that, you know what, when I'm out and about, I'm just not going to -- my priority is not going to be this. Maybe it is. That's the discretion of an individual police officer. That has no bearing on whether the Denton Police Department adopted a policy. Is there a general order telling the police orders, don't do these things? There's no allegation of that nor could there be. And that's why, by the way, amendment would be futile.

I think there's a question maybe even of -- of the city council counting the votes once -- once the voters voted. That's an administerial act. That's not going to be a basis for a claim going forward. There is no act of adoption by counting votes. Really the -- the narrow question before the Court is based on one pleaded act, and that's codifying and publishing the ordinance. And, based on that what, and what I would have expected in the briefing that the State filed would have been, here's the act I've pleaded, here's facts that would prove that act. Here that's kind of pointless because we're assuming the act is true, yes, the -- the ordinance was codified and published. So what jurisdictional fact is at issue as to the verb question of adopting a policy by the city council or the Denton Police Department? There isn't

one.  There isn't a fact question.  There isn't a disputed issue of material relevant fact.

So, with that, look, the State may have its reasons for -- for wanting to conduct discovery on a policy issue that's important to it, questioning the wisdom of the Denton voters, all -- all of that sort of thing, but certain defendants are prohibited from adopting a policy.  That's what the ultra vires standard is here.  And there's no fact dispute, and there's no fact question that would tend to make the resolution of that legal issue more correct one way or the other.

For that reason, Your Honor, pre-jurisdictional -- pre-decision discovery on the question of jurisdiction would be -- would be irrelevant and would be improper.  It would violate, really, the reason why the -- why jurisdiction comes first.  It would be subjecting the City to needless discovery and expense when the Court can resolve a legal question before it right now.

And -- and, again, I think Ms. Smith will touch on the fact that re-pleading is -- is futile and not going to be a necessary outcome.  So we don't -- we don't agree with the listed menu of resolutions for the Court.  The resolutions for the Court are deny discovery, grant the plea to the jurisdiction, and

dismiss the case. And, which by the way, the City of Denton has taken less action than even the other two cities that have had their question decided as non-jurisdictional in this state already.

Thank you, Your Honor

THE COURT: Any final word, Mr. Tebo?

MR. TEBO: Yes, Your Honor. Thank you.

First -- the first thing I'd like to do is highlight that Mr. de la Fuente's remarks are all about the State having made a defective pleading. They're all tending to say that the State's original petition is a -- has a pleading defect, and, therefore, with that in mind, I'd like to just reiterate and emphasize that if Your Honor agrees with that position, the thing to do is allow the State an opportunity to replead because black letter law, plea to the jurisdiction practice in Texas, has to allow an opportunity for amendment unless the Court reads the pleadings and sees that they, quote, unquote, affirmatively negate the Court's jurisdiction.

Mr. de la Fuente has not said anything that the -- to the effect that the State's petition affirmatively negates the Court's jurisdiction. And, instead, he said that Your Honor should not look to the evidence the State has cited tending to suggest that the

City is implementing the marijuana ordinance because that was not in -- that is not in our original petition. Let's say that that position is correct, Your Honor grants the State an opportunity to -- an opportunity to replead, the State places those allegations into an amended petition, then we would just be back in Your Honor's court arguing about the proprietary of jurisdictional discovery and the ability of the Court to decide its jurisdiction again.

That being said, the Court doesn't need to agree with Mr. de la Fuente. It does not need to agree with the defendant's position that the -- that it has to exclusively focus on the pleadings because the parties -- excuse me, because the State has alleged at this juncture facts tending to suggest that the City has taken steps implementing the marijuana ordinance. Those are the facts that I just cited to Your Honor when I gave my proponent presentation. The steep decline in marijuana enforcement and statements from various City officials tending to suggest that there are steps being taken to implement the ordinance. Not to sound dramatic, Your Honor, but how can they say that the State is not alleging those when I'm alleging them now and when the State has alleged them in its motion to compel?

It is true that those are not in our petition because, at the time that we filed the petition, the State was -- did not expect defendants to turn around and say that the marijuana ordinance they adopted was a dead letter that was not being implemented. Generally, when municipalities adopt legislation, it is with the intent to implement it. And the State did not have -- the State was surprised that the defendants have taken the path that they have taken.

I would also point out that this -- that defendants' definition of pleadings is a little -- a little constricted. Not -- they're exclusively talking about the State's petition but pleadings includes defendants' responsive pleadings. So the answer that's been filed saying that they were not taking -- taking steps to implement the ordinance as well as the plea to the jurisdiction, which is the response to the State's petition, is therefore a responsive pleading.

Those two pleadings allege the City is not taking -- implementing steps, so that allegation is in the pleadings. And discovery that is responsive to that allegation, even on sort of the attack that the defendants are taking whereby the Court has to focus on pleadings exclusively, it's still before the Court. Like, if Your Honor takes that perspective, the issue of

whether or not the City is implementing the ordinance is still before the Court because the defendants have alleged that they are not taking any implementing steps. I also would like to say that defendants' conception of the State's case is too narrow as well.

They want to focus on a single word that appears in a single statute, adopt. The State -- the State's position is that the marijuana ordinance is preempted because it conflicts with Chapter 481 of the State health and safety code which describes marijuana possession in any amount, number one. Number two, the marijuana ordinance conflicts with Local Government Code 370.007, which prohibits the governing body of a municipality, and various other governmental actors, from adopting any policy which conflicts -- or sorry, whereby they do not fully enforce the State's drug laws.

And there are two statues at issue. The State did allege both of those statutes in its petition. And ultra vires conduct, for the purpose of this case, is either adopting a policy that conflicts with State law or implementing a policy that conflicts with State law. That's -- that is the definition of ultra vires conduct from case law. Subordinate entities, like municipalities, they cannot have laws, that is they cannot have laws that are in conflict with state law.

And they also cannot take steps that substantively contradict state law. Both of those are unlawful acts, ultra vires acts. So the Court can bound its jurisdiction either on the acts that the City has taken to adopt a policy whereby they do not fully enforce drug laws, or steps that the City has taken to implement any such policy.

THE COURT: Okay.

MR. TEBO: Finally, if I can be spared one more moment, Your Honor, I would just like to emphasize the appropriateness of the discovery that the State served on defendants. It is all targeted toward the jurisdictional questions. Instead of lodging particularized objections to any of the State's written discovery, defendants instead stood their ground on the impropriety of jurisdictional discovery.

All of the other objections the defendants lodged were boilerplate without any particularized explanation for the merits of those objections. And the State's depositions -- deposition of six City of Denton employees is also highly appropriate. Each of them is likely to have knowledge about the City's conduct with respect to the marijuana ordinance. Two of them are city council members, one of them is the Denton City Manager, one of them is the

Denton Chief of Police, and two of them are senior Denton Police Officers. They're all in a position to know about whether or not the City is enforcing State drug laws, whether or not the City is implementing the marijuana ordinance.

Legislative privilege is ordinarily not available for the notice to city council members in cases where a municipality, by its own actions, have made the conduct of its officials at issue. So I mean, in this case, the issue is the City passed, adopted a marijuana ordinance -- excuse me, an ordinance decriminalizing marijuana that is an act that places -- excuse me, that is an act that inserts the city council members into this controversy. They're the ones who voted to adopt it. They're also in a position to know. I mean as -- I borrow the words of defendants, members of the governing body of the City of Denton, they are in a position to know whether the City is taking any steps to implement the ordinance that they voted to adopt.

So the deposition of all six persons is appropriate, not privileged, not objectionable.

THE COURT: Thank you.

MR. TEBO: Thank you, Your Honor.

THE COURT: Thank you.

At this time, I do believe that limited

discovery is appropriate, and so I am going to carry the plea to the jurisdiction. It does appear that the discovery requested was looking towards disputed jurisdictional facts.

At this time, do you-all wish to go through each of the discovery requests individually?

MR. DE LA FUENTE: If Your Honor is going to allow limited discovery, then I do think we need to walk through them one-by-one because, certainly, some of these are way beyond the bounds of individual or -- of any of the jurisdictional facts that even the State would -- would argue are relevant here.

THE COURT: Okay. Thank you.

So I am looking at Exhibit A which are the interrogatories --

MR. DE LA FUENTE: Yes, sir.

THE COURT: -- to the defendants.

MR. DE LA FUENTE: Sure.

Yes, Your Honor. Let's go through where we have objected to Interrogatory No. 2 --

THE COURT: Okay.

MR. DE LA FUENTE: -- asking specifically --

Your Honor, may I remain seated?

THE COURT: Yes, you may.

MR. DE LA FUENTE: Thank you.

THE COURT: I think that's the easiest way to do it.

MR. DE LA FUENTE: Thank you.

Explaining the process to change, adopt, or implement a different policy or ordinance than a policy or ordinance --

THE REPORTER: I'm sorry. You're going to have to slow down if you're going to read.

MR. DE LA FUENTE: -- currently, codify, adopted, or implemented by the City. The City has objected on the basis of jurisdiction on that -- on the basis that that is an inappropriate piece of discovery based on jurisdiction. If I understand, Your Honor is allowing limited jurisdictional discovery, that is the sole basis for our objection on this one, and, therefore, we understand you're overruling our objection?

THE COURT: I'm overruling the objection to Interrogatory No. 2.

MR. DE LA FUENTE: Okay. Interrogatory No. 3, identify every person who has firsthand factual information about this --

THE COURT: If you would, just read very slowly so the court reporter can get everything you're

saying.

MR. DE LA FUENTE: Thank you, Your Honor.

THE COURT: Go ahead.

MR. DE LA FUENTE: Bottom line, identifying every person who has firsthand -- firsthand factual information about this case, and we objected to that on the basis that -- of both immunity and that it is not reasonably calculated to lead to the discovery of admissible evidence because the breadth of what the State is saying is firsthand knowledge is any human being -- if they're arguing implementing or enforcing marijuana laws in the City of Denton, identify every police officer, identify every judge who adjudicates a case, identify every -- every court official who would consider a case. I'm not sure what --

THE COURT: And so help me understand that because they asked for firsthand information. And so every judge, how would we have firsthand information? Would we not have the information from some other source?

MR. DE LA FUENTE: I have no idea where the information would come from. At this point, I'm concerned mostly about every individual -- identifying every police officer in the City of Denton.

MR. TEBO: Well, if I may, Your Honor?

Kristin M. Anderson, CSR, RPR, FCRR

THE COURT: Go ahead.

MR. TEBO: I totally agree with the point Your Honor just made. This is limited to persons who have, quote, unquote firsthand factual information, not just everyone who has continuous connections with the marijuana ordinance. I think that's a fair question, Your Honor.

MR. DE LA FUENTE: If that's -- if that's the case, Your Honor, then -- then I imagine our answer is going to be the city manager and the police chief.

THE COURT: And, if that's the answer, I think that's appropriate. I'm going to overrule the objection.

MR. DE LA FUENTE: Interrogatory No. 4, stating the legal theories and general factual bases for our defenses. Our objections are entirely jurisdictional, and, therefore, I would ask the Court to overrule our objection on the record.

THE COURT: I'm going to overrule the objection.

MR. DE LA FUENTE: Interrogatory No. 5, identify any City of Denton employees and third-parties, including several listed cities, and media personnel with whom you discussed codification, adoption, or implementation of the marijuana ordinance. We objected

to that as -- as overbroad, as seeking information that would be protected by the common interest privilege. There are numerous cities, including cities represented by this law firm, who had similar citizen initiative ordinances, and there were communications among them discussing legal positions and strategies in litigation as well as how on earth could communications with other cities be relevant to whether the City adopted or is implementing its own marijuana ordinance.

MR. TEBO: Your Honor, if I could --

THE COURT: Go ahead.

MR. TEBO: The way that defendants framed their objection, it's a little but more specific. They said it's overbroad only to the extent that it would seek information protected by the common interest privilege. Common interest privilege, as I understand it, is more or less a species of the attorney-client privilege, so this objection is limited to any contact that the City defendants might have had that is also content of a attorney-client type of communication.

MR. DE LA FUENTE: Actually, Your Honor, we also objected that the information is not reasonably lead -- calculated to lead to the discovery of admissible evidence. What discussions were had with some third-party cities has no relevance on what Denton

actually did. Again, these have to be acts of Denton.

MR. TEBO: Your Honor, if I may, in the first place, that latter objection is purely a boilerplate objection. It's just saying, this discovery, we don't have to respond to it because it's not proper discovery under Rule 192. There's no explanation in there. And defendants cannot invent an explanation as to its inappropriateness at this stage. Any objection they did not raise with particularity at the time the response was due is waived.

Number two, at least some of what Interrogatory No. 5 asks would be relevant to the Court's jurisdiction. So all of the City's listed in this interrogatory enacted similar marijuana decrim ordinances, and communications with them could have raised the City's position as to how it can go about implementing the ordinance in a way that flies under the radar of the State to take a specific example.

MR. DE LA FUENTE: Your Honor, but the ultimate question is: What did the City do? And we had a -- we had a meet and confer about this particular one. I mean we met and conferred about all of these, and we -- we certainly discussed this particular point. And the fact that we cited to the language of the rule is not boilerplate, it's the language of the rule. There's

a reason that -- what did you talk about -- the intent and belief and the communications of the City have no relevance what -- what the governing body or police department did. There has to be an ultra vires act.

MR. TEBO: What the City said --

THE COURT: Hold on one moment. At this time, I am going to overrule the objection as to it being reasonably calculated to lead to admissible discovery. However, I do believe that there could be some information that is privileged. And, to the extent that the information is privileged, I'd ask that you guys create a privilege log and maintain that so that we know the information is being withheld.

MR. DE LA FUENTE: Your Honor, Interrogatory No. 6 is, if you contend that the ordinance can or cannot be changed to comply with the City charter, ordinance, or a policy, state the factual basis for your claim. And our objections on that are both as to the jurisdiction and also because it assumes an incorrect and impermissible predicate, legal conclusion as to the legality of the marijuana ordinance.

THE COURT: I'm going to overrule your objection to Interrogatory 6.

MR. DE LA FUENTE: Interrogatory No. 7,

identify any documented changes in marijuana use since the marijuana ordinance took effect including but not limited to any documented changes occurring at the Denton Independent School District or a connection to the City of Denton police citations and arrests for traffic and pedestrian stops.

And, Your Honor, and on this one we certainly objected to the extent that there are publicly available records. They are publicly available. Likewise, it seeks information regarding third parties not within our control. Denton ISD is an independent entity. And we also objected to this as vague and overbroad and unduly burdensome is what on earth are we talking about is any documented changes in marijuana use --

THE COURT: And let me --

MR. DE LA FUENTE: -- what are we obligated to look for --

THE COURT: -- let me stop you there. At this time, I'm going to sustain that objection as I am not sure as -- as well how you would document the changes in marijuana use.

MR. DE LA FUENTE: Interrogatory No. 8 is identify how many times the marijuana ordinance has been enforced, and identify the individuals whom the

ordinance has been enforced against. As we understood this --

THE COURT: And, Mr. Tebo, you're going to have to help me out with this one.

MR. TEBO: Yes, Your Honor.

Your Honor, it is asking pretty much the most basic jurisdictional question of law which is how many times has the -- has the marijuana ordinance been enforced, how many times, when, and against whom. The marijuana ordinance being enforced means action taken to implement the marijuana ordinance

MR. DE LA FUENTE: I don't understand that at all, and I'm not -- honestly, I don't know what it means.

THE COURT: And so anytime that I am having to understand exactly what the question means, then I understand why the other side would not understand what it means. So, if you can explain to me what you're asking for, are you asking for the number of times that people were not arrested because of the ordinance, or is it the fact that people were still arrested in light of the ordinance?

MR. TEBO: We're asking how many specific instances the marijuana ordinance has been implemented. That would include times where a -- where Denton Law

Enforcement chose to refrain from arresting a person just because of the ordinance rather than due to other discretionary factors.

MR. DE LA FUENTE: Your Honor, I can't even begin to tell you how I would go about doing that. Ask every individual police officer, "What did you do on Tuesday?"

THE COURT: Well, no, snarky remarks, please. But, no, I do understand, so I will sustain your objection to eight.

MR. TEBO: Your Honor, may I ask, may the State be allowed an opportunity to re-propagate Interrogatory No. 8 --

THE COURT: Yes.

MR. TEBO: -- so it's more clear?

THE COURT: Absolutely.

MR. TEBO: Thank you, Your Honor.

MR. DE LA FUENTE: Interrogatory No. 9, identify all jobs to which you've applied from August '22 -- August 30th, 2022, to present. If I am correct, I believe that's just the police chief, but I'm not sure looking at this, but I don't see how that could be relevant to anything?

THE COURT: Mr. Tebo?

MR. TEBO: Your Honor, this interrogatory

is more of a background question. If the Court feels that it is not narrowly targeted enough, then we -- we're happy to withdraw it. However, the State does think that, even though it's a little ancillary, it will still give background information that will be useful to -- it will shed light on other jurisdictional issues.

MR. DE LA FUENTE: I don't have any idea what jurisdictional issue.

THE COURT: Give me one moment, please. And this interrogatory only went to the police chief?

MR. TEBO: I believe it went to all defendants. But the purpose of the --

Am I mistaken about that?

MS. SMITH: No, Your Honor.

MR. TEBO: Excuse me, Your Honor.

The reason that we propagated this was because at the time we sent this discovery, Police Chief Robledo I believe had either just become the permanent police chief or was still the interim police chief, and we believe that she might have been -- served time in other municipalities that had similar ordinances, and so this sort of background information will kind of give the State a little bit of a -- will give the State a background on Ms. Robledo's kind of familiarity with these sorts of ordinances.

MR. DE LA FUENTE: Your Honor, I would suggest what any police officer's or police chief's experience in some other jurisdiction may have been, I don't think there is any case in the case by Ms. Robledo, by the way, at least relevant to the time period. I don't see how that's relevant to whether the City of Denton adopted a policy in response to the ordinance being passed by the citizens.

THE COURT: I'm going to overrule the objection as to Interrogatory 9.

MR. DE LA FUENTE: Interrogatory 10, asks to explain the written or unwritten City of Denton Police Department policy, practice, or procedure relating to funding for THC testing that was in effect during the period spanning February 13, 2021, to November 22, 2022.

And we objected to this on multiple bases. First and foremost, it was vague and ambiguous in that it asks the party to explain a policy, practice, or procedure. I don't know what explaining a policy, practice, or procedure is. There either is one or there isn't. If it's identify a policy, practice, or procedure, that might be something that -- that we could do that if we have that in our general orders. But explain it, is that offering an opinion, telling a story

about it?

THE COURT:  I'm going to overrule the objection to Interrogatory 11.

MR. TEBO:  Your Honor --

MR. DE LA FUENTE:  10.

MR. TEBO:  -- did you say Interrogatory 11?

THE COURT:  Yes.

MR. TEBO:  I believe we were on 10.

THE COURT:  Oh, I'm sorry.  They're very similar.  Yes, I'm overruling 10.

MR. TEBO:  Thank you, Your Honor.

MR. DE LA FUENTE:  And you're saying the difference between 10 and 11, 10 is the policy -- the policy question before the citizen initiative ordinance was passed.  11 is the same question for the period after it was passed.

THE COURT:  I'm going to overrule the objection to Interrogatory 11.

MR. DE LA FUENTE:  Interrogatory No. 12 has a similar defect, but it's even more challenging. Explain the written or unwritten City of Denton Police Department policy, practice, or procedure relating to the use of the smell of marijuana for probable cause that was in effect during the period spanning February 13th, '21, to November 22 of '22.  And, again,

this was a period predating passage of the ordinance. And, again, Your Honor, explaining -- asking to explain a policy as opposed to identify a policy is a question I'm not sure you can -- especially, an unwritten policy, I don't -- I don't even know how to do that.

THE COURT: I'm going to overrule the objection to 12.

MR. DE LA FUENTE: No. 13 is the same interrogatory for the period after the ordinance.

THE COURT: I'm going to also overrule the objection to 13.

MR. DE LA FUENTE: Interrogatory No. 14, explain the written or unwritten Denton Police Department policy, practice, or procedure relating to citations or arrests for Class A or Class B misdemeanor possession of marijuana possessions and for misdemeanor possession of marijuana paraphernalia that was in effect from February 13, '21, to November 22nd, '22.

THE COURT: I'm going to take that up along with Interrogatory No. 15 because they are interconnected.

MR. DE LA FUENTE: Yes, Your Honor. And I don't even know what we mean by policies relating to citations or arrests. I mean that's -- that's pretty -- pretty broad, explaining what on earth it means as to

our procedure relating to arrests. I mean it's not the criteria or an actual asking about this general order that may exist. I don't know how to explain -- I don't even know what I'm necessarily looking for much less how to explain it.

THE COURT: I'm going to overrule the objections to 14 and 15.

MR. DE LA FUENTE: Interrogatory No. 16 and 17 are the same time period breakdown. The question being explain the written or unwritten police department policy, practice, or procedure relating to training on the marijuana ordinance.

THE COURT: I'm overruling the objections to 16 and 17.

MR. DE LA FUENTE: 18 and 19 are the same time period breakdown. Explain the written or unwritten City of Denton Police Department policy, practice, or procedure relating to the citations or arrests for felony level marijuana offenses.

THE COURT: And I'm overruling the objections to 18 and 19.

MR. DE LA FUENTE: No. 20, identify all inquiries by the public about confusion relating to codification, implementation, or adoption of the City of Denton's marijuana ordinance.

THE COURT: What number did you indicate?

MR. DE LA FUENTE: No. 20.

THE COURT: Oh, sorry.

MR. DE LA FUENTE: And we specifically objected to this one as vague, basically overbroad, and then unduly burdensome to the extent that it would require defendants to review all public inquires, determine the state of mind of purpose of the inquirer, which city council member got an e-mail from a constituent about the marijuana ordinance in general, was there confusion. I don't know what was there confusion means. And, frankly, I don't know what any public inquiry -- how any public inquiry is relevant to whether a policy was adopted, enforced, or implemented by the City. If some citizen sends an e-mail to their council member in favor, opposing, asking a question, how do I -- I'm trying to figure out we're going to have to sort through all citizen communications, figure out which ones even mention marijuana, then figure out which ones reflect confusion.

THE COURT: I would assume that there would be a process for doing this for open records requests that are very similar; would there not be?

MR. DE LA FUENTE: There actually, in asking to determine the state of mind the inquirer, no.

We would be able to ask for more specificity because we're not -- we are not obligated to -- a public entity is not obligated to make a judgment call of the state of mind of the inquirer. If there was public information request that said, all citizen communications that mentioned marijuana, then -- then that could be done. But as to judging -- adjudicating the state of the mind of the inquirer, the open records law allow us to ask a secondary question of the inquirer saying, we need more clarity on that so we can actually determine what you're looking for.

THE COURT: And so then would you be okay with the interrogatory if they took out the words about -- about confusion and which inquiries by the public relate to codification, implementation, or adoption of the marijuana ordinance?

MR. DE LA FUENTE: I mean I will suggest that that's probably going to be thousands upon thousands of documents. I mean this was -- this was an important issue to the citizens, and -- and I mean -- is there a time frame on this? Is it before the ordinance was passed when people were lobbying and talking about this? Was it --

MR. TEBO: As Your Honor pointed out, this is the sort of question that they would have to respond

to through a PIA request.

MR. DE LA FUENTE: But how is it relevant to a jurisdictional fact, Your Honor? What -- what an individual citizen was saying, certainly before even passage, I can't imagine what jurisdictional fact that's relevant to.

THE COURT: And I can see it in my mind what it could be, and so I am going to overrule in part and sustain in part in that I am going to ask that the words about confusion be stricken, and that it be limited to inquiries relating to the codification, implementation, or adoption of the City of Denton's marijuana ordinance.

MR. DE LA FUENTE: And, Your Honor, can it be limited as to time as well after the actual citizen vote?

THE COURT: Well, I assumed that that is exactly what they're asking for since it says codification, implementation, and adoption.

MR. DE LA FUENTE: That is the understanding that it's only after the citizen vote, then we understand.

THE COURT: That is my understanding.

MR. DE LA FUENTE: Then we understand your ruling.

Interrogatory No. 21, identify all documents relied upon in developing the current City of Denton Police Department policy and police directive for general orders relating to misdemeanor marijuana offenses.

We objected to this as overbroad because the current general policy was the general order relating to marijuana -- misdemeanor marijuana predates the ordinance. So, one, we would be going into history of what the police department was considering, and, two, it doesn't reflect any consideration of the citizen initiative ordinance.

THE COURT: So I'm going to overrule the objection and ask that you answer to 21. And, if the current ordinance is from previous -- or if the current orders are from pre-ordinance, then I would expect that the answer would be just that.

MR. DE LA FUENTE: Thank you, Your Honor.

22 is a question of all parties about if they've ever been convicted -- convicted of a felony or crime involving moral turpitude. That's not narrowly tailored to jurisdictional discovery.

THE COURT: Mr. Tebo?

MR. TEBO: The State can withdraw that interrogatory, Your Honor.

THE COURT: Okay.

And moving on to Exhibit B.

MR. DE LA FUENTE: Those were the RFPs or --

THE COURT: The requests for production.

MR. DE LA FUENTE: Sorry, Your Honor. Getting to the right -- oh, I got it.

Request for Production No. 1, Your Honor, was produce all communications and documents sent or received by the City regarding codification, adoption, or implementation of the marijuana ordinance including communications in which you were copied.

And, Your Honor, I do remind, allowing jurisdictional discovery is a limited creature. It's designed to prevent the City from having to incur significant expense in responding to discovery, and it must be narrowly tailored. This is every communication sent or received regarding the ordinance from November 2nd to '21 to present, before it was passed, anything. So the first e-mail that anyone got about, hey, there's a citizen initiative out there. That's responsive

MR. TEBO: Your Honor, the only way the jurisdictional discovery is tailored is the subject matter of that discovery. It has to be about things

Kristin M. Anderson, CSR, RPR, FCRR

relevant to jurisdictional facts. It's not about the breadth or the strenuousness that it's going to take to respond to -- respond to discovery.

THE COURT: But help me understand if it goes back to 2021, how does that help with jurisdiction?

MR. TEBO: So the way that the State framed it is -- is that communications about the ordinance and reflecting defendants' beliefs about whether or not it is consistent with state law or relevant to the Court's jurisdiction. But if Your Honor disagrees, then we'd be happy to limit this request to post ordinance.

MR. DE LA FUENTE: I don't even understand what communications being sent to us could be relevant to. Frankly, I have a hard time about the communication sent by city officials, but anybody can send whatever they want to the City. It doesn't -- it doesn't have any bearing on what the city council or police department actually did.

MR. TEBO: Well, Your Honor, respectfully, sometimes it does.

THE COURT: But help me understand how?

MR. TEBO: I mean some communications -- well, communications are often two-way, Your Honor. And if it's -- if the communication is about something the City has done, then communications both received and

sent by the City are relevant.

MR. DE LA FUENTE: I can't see how, Your Honor.

THE COURT: Okay. So I'm going to overrule in part and sustain in part, and I will require them to produce all communications and documents that were sent.

MR. DE LA FUENTE: By the City?

THE COURT: By the City.

MR. DE LA FUENTE: By the City officials. From what period, Your Honor --

THE COURT: From the --

MR. DE LA FUENTE: -- from the passage of the ordinance?

THE COURT: Yes.

MR. TEBO: Your Honor, could I quickly clarify that by passage of the ordinance we mean November 22nd, 2022?

THE COURT: Okay.

MR. TEBO: Thank you.

THE COURT: That's fair.

MS. SMITH: And just so it's very clear. So when we're talking about passage, we're talking about whenever the vote was certified -- public vote certified.

MR. TEBO: Yes.

THE COURT: Yes.

MS. SMITH: Okay. Thank you.

THE COURT: Request No. 2.

MR. DE LA FUENTE: Request No. 2 is produce all policies or memoranda created by the defendants from November 2nd, 2021, regarding codification, adoption, or implementation of the marijuana ordinance. We did object to overbroad, and we did follow the -- the -- it says it's not calculated to lead to the discovery of admissible evidence. Pending the resolution of that, Your Honor, we will let the Court know that we will have some objections. Some -- we'll plead privilege on some of these items, and we'll produce a privilege log.

THE COURT: Okay. I'm going to overrule the request *[sic]* for Request No. 2.

MR. DE LA FUENTE: And Request No. 3 is quite similar to Request No. 1. It's the communications sent to or received from certain citizen groups or any party supporting the ordinance. It's the same sort of query, and we would ask the Court to -- frankly, the Court's ruling on item, on Request No. 1 will result in the production of anything responsive to this. So if Your Honor would just treat No. 3 as the same way as No. 1, then we'll be consistent.

THE COURT: And as far as Request No. 3,

I'm going to overrule the objection and require that all responsive information to 3 be presented.

MR. DE LA FUENTE: So a broader response --

THE COURT: Yes.

MR. DE LA FUENTE: -- than Request No. 1?

THE COURT: Yes.

MR. DE LA FUENTE: Okay.

No. 4, produce all communications and documents sent or received between the City and the public relating to enforcement of the marijuana ordinance and the marijuana laws of the State of Texas, unrestricted as to time or anything else.

So, if ten years ago if someone sent us an e-mail that said, I don't think you should spend resources on this --

THE COURT: And my understanding of reading this is that it would be after the implementation so the November '22 date. And so we can confine it to that November '22 date.

What was the November '22 date?

MR. TEBO: That was the day that the city council voted to adopt the --

THE COURT: I'm sorry. November the what though?

MR. TEBO: Oh, 2022 -- November 22nd, 2022.

Kristin M. Anderson, CSR, RPR, FCRR

MR 0669

THE COURT: So after November 22nd, 2022.

MR. DE LA FUENTE: And, Your Honor, the similar broad request in Request No. 1 you confined to sent by the City?

THE COURT: Yes.

And then what is -- I'm sorry. What number were we on?

MR. DE LA FUENTE: No. 4.

THE COURT: Yes.

MR. TEBO: Your Honor --

THE COURT: Yes.

MR. TEBO: -- can we have, for those communications to which the City sent a response, could the Court also require that the message sent to the City be included for context?

THE COURT: Yes, I think that's appropriate.

MR. TEBO: Okay. Could we also have that qualification with respect to your ruling to RFA No. 1 -- or RFP No. 1.

THE COURT: I think that that is fair because I think, when you're pulling up what you sent, that you would also would pull up what was received.

MR. DE LA FUENTE: Understood, Your Honor.

THE COURT: Okay. Request No. 5.

MR. DE LA FUENTE: Between -- this is documents sent or received or exchanged between law enforcement whether agents, employees, or representatives regarding codification, adoption, or implementation of the ordinance from November 2nd, 2021.

THE COURT: And, Mr. Tebo, help me understand why back to 2021.

MR. TEBO: Again, when the State propounded this written discovery, we did so with the thought that time leading up to adoption of the ordinance would also be relevant to -- to see how the City planned to effectuate the ordinance after adoption or whether it had any plans to do so.

THE COURT: And so I'm going to overrule the objection to Request 5.

MR. DE LA FUENTE: And not limit it as to time?

THE COURT: That is correct.

MR. DE LA FUENTE: Your Honor, Request --

MS. SMITH: Understanding that there might be some privilege in there.

THE COURT: And, if there is privilege on any of these requests, just please --

MS. SMITH: That's what I figured. I just thought I would say it --

THE COURT: Thank you.

MS. SMITH: -- thank you, Your Honor.

MR. DE LA FUENTE: Request for Production No. 6 is similar to the interrogatory regarding communications or documents exchanged with the cities of San Antonio, Elgin, Harker Heights, Killeen, Austin, San Marcus, regarding codification.

Again, Your Honor, I just can't imagine how any of this is relevant.

THE COURT: And I can see how it would be. And so I'm going to overrule the objection to the extent that it's not covered by privilege. And, if there is privileged information, please include that in a privilege log.

MR. DE LA FUENTE: And Request for Production No. 7 goes one layer deeper even. It asks for those same types of communications regarding the codification, adoption, or implementation of marijuana ordinances by those cities not by Denton.

THE COURT: I'm going to overrule the objection to the extent that they were produced to or received from those cities.

MR. DE LA FUENTE: Request No. 8 are communications and documents between the defendants and the Denton School District regarding the marijuana

ordinance. The Denton School District is -- the school district is not an entity listed in 370.003. It's not an entity under our -- the City's authority. I truly don't understand what relevant fact any communications at all with -- with the school district --

THE COURT: Are there Denton City Police Officers that work inside the Denton Independent School District?

MR. DE LA FUENTE: There -- there may be. I -- honestly, I can't -- I mean --

MR. TEBO: Your Honor --

MR. DE LA FUENTE: -- I'm sure there are from time to time.

THE COURT: Hold on. The court reporter is not going to be able to get two people speaking.

MR. DE LA FUENTE: I'm sure there are from time to time, Your Honor, but they're subject to the jurisdiction of the Denton Police Department and the Denton Police Department orders as opposed to than these -- these aren't DISD officers.

THE COURT: And so, Mr. Tebo?

MR. TEBO: Your Honor, it is the State's understanding that City of Denton Police Officers are responsible for public safety in schools falling in the Denton ISD, and so this would produce to the State any

communications regarding Denton Police Officer activities regarding marijuana possession in Denton ISD schools.

THE COURT: And that makes sense to me. I'm going to overrule the objection.

And hold on one moment.

(Off-the-record discussion with court reporter.)

THE COURT: Okay. We're going to do Request No. 9, and then we're going to take a 15-minute break because she's been going for about an hour and a half.

MR. DE LA FUENTE: You bet. Thank you, Your Honor.

No. 9, produce all disciplinary statistics relating to violations of the marijuana ordinance or any related policy or memorandum by employees of the City of Denton Police Department from November 22nd, 2022, to present.

THE COURT: And so, if those documents exist, then I will overrule the objection. To the extent that you would have to create those documents. I am going to sustain the objection.

MR. DE LA FUENTE: Thank you, Your Honor.

THE COURT: And so let's go ahead and take

15 minutes. I'll see you back about 10:50.

(Recess.)

THE COURT: Okay. We're back on the record.

Okay. Request No. 10?

MR. DE LA FUENTE: Yes, Your Honor.

This is about communications and documents to and from employees of the police department or their agents and representatives regarding the re-prioritization of marijuana enforcement including misdemeanor marijuana possession or misdemeanor possession of paraphernalia from November of '21 to present.

And all the expected objections to this one, Your Honor. And, again, to clarify the November 2000 -- the November 22nd, 2022, date was the date that the city council canvassed the public votes, the administerial act of canvassing the votes. I mean I just -- I just want to be real clear that we're talking about an event -- the council had no discretion of it. So it was administerial. If they hadn't done it, they'd have been sued. They'd have been here in front of you. So we've been talking about that as the adoption date that council -- I just want to be very clear. That was -- that was the date that the votes became official.

That's all that was.

THE COURT: And so I am going to sustain in part and overrule in part Request No. 10 in that I am going to allow it after November 22nd, 2022, since it asks for a re-prioritization which I think would only have taken place after November 22nd, 2022.

MR. DE LA FUENTE: Request No. 11, communications or documents within your possession relating to the City of Denton Police Administration's demonstrative of marijuana at a city council meeting from November '21 to present.

Really, there's two big issues with this, Your Honor. One, I think they're asking for something specific, but I don't know what it is.

THE COURT: And I'll just stop you there.

Mr. Tebo?

MR. TEBO: That is correct, Your Honor.

Following adoption of the ordinance, this city police department contributed to a number of presentations about the City's drug enforcement policies. So both before adoption and after adoption they put on a number of presentations about their drug enforcement policies. We think that roping in a year and a half prior to adoption is still relevant because it will enable the State to point out any change that

may have taken -- we'll have -- we'll have a contrast about before and after.

THE COURT: And then --

MR. DE LA FUENTE: I don't even know who to ask about it. I don't -- I'm not -- I really, Your Honor, don't. I'm kind of hunting and pecking here. And, by the way, even communications or documents relating to that. You're not -- you're not even asking for -- it's not just asking for a demonstrative. It's asking for anything related to the demonstrative. So, first, I have to figure out what they're talking about. I mean you have to -- tell me what meetings. I mean if there were meetings that they know about, tell me what they were.

THE COURT: And did you have a second objection? I cut you off.

MR. DE LA FUENTE: Sure. The -- the next layer of documents -- communications and documents relating to those. I mean understanding that if a Denton Police Officer or somebody affiliated with the department put on some presentation at a council meeting, then maybe underneath, I don't know if he's got an e-mail about scheduling or anything, and I can't imagine how that's relevant. I don't know what I'm looking for, and I don't know why it's relevant, and I

don't know why the layer underneath is relevant.

MR. TEBO: Your Honor, if I may, that's relevant to the communication strategies of the demonstratives. We want to know, kind of, what went into crafting those demonstratives, if there was anything that they -- because those presentations were public, we want to know if there was anything that the police department left out in order to massage the optics of their presentation that would still be relevant to how the City is enforcing marijuana laws.

THE COURT: I'm going to overrule that objection.

MR. DE LA FUENTE: Can we get some specificity as to what meetings and presentations we're supposed to be looking for? I mean, at this point, I -- truly, we're going to have to look through the records of all open meetings from November 2nd, '21 to present to figure out which ones -- if they know which ones they're talking about, they do have a duty to request with reason particularity.

THE COURT: And I don't understand why that would be an issue. I would think anytime that they're making a presentation on marijuana, at least in my practice when I was doing something similar, I always knew where I was presenting, and I had my presentations.

I just don't understand why --

MR. DE LA FUENTE: But I don't even know who I'm asking. If they're saying --

THE COURT: The police administration.

MR. DE LA FUENTE: Which administrators? Which individuals? I mean --

THE COURT: Well, do they have multiple people that do presentations on marijuana? I would assume that maybe they have --

MR. DE LA FUENTE: There may have been individual police officers who came in and put on their own presentations, or there may have been something officially done by the department. I -- really, Your Honor, I'm truly -- my ignorance is not feign. It's legit --

MR. TEBO: Respectfully --

THE COURT: I just don't understand how one would not know who within their department gives presentations similar to that --

MR. DE LA FUENTE: Now I'm looking in --

THE COURT: -- like the person who does drug or D.A.R.E. or, like, is in charge of --

MR. DE LA FUENTE: Here's -- here's my challenge, Your Honor. We're spending public dollars to look for these, and the Public Information Act, you're

right -- I mean, you're right, you fall back to the Public Information Act that requires you to produce things. It also has a mechanism in there, if you're going to require the City to go hunt and peck and produce the volume of documents to be reimbursed for its costs in doing that, and this process does not have that. It does have rules that require you to request with reasonable particularity. If the State has a belief that there was a presentation at a meeting, tell me the date.

THE COURT: Do you-all know the dates?

MR. TEBO: Well, Your Honor, we know examples, but we don't -- the State is not in a position to know every single presentation the Denton Police Department gave.

THE COURT: With some, I certainly understand your frustration. With this answer, I don't understand your frustration because it seems to me like -- this one doesn't seem so hard for me to answer.

MS. SMITH: I would also say, Your Honor, that there was -- I mean, and if you look at the case caption, Doug Shoemaker is listed as the chief of police. Obviously, Doug Shoemaker is no longer with the City of Denton. So there has been some change in turnover. And so that is part of the challenge as well.

65

We are trying to identify these documents, so I hear what you're saying, Your Honor. But when I'm trying to figure out where these things might live, if there's even a helpful of, hey, let's start with the -- you know, September 24th, 2024, meeting and then being able to search those people.

MR. TEBO: All we want is a good faith search.

THE COURT: And that's what I would assume, and I assume that your response is, this is -- this is what we could find.

MR. DE LA FUENTE: Request No. 12, Your Honor, produce all communications and documents to or from the Denton County Public Health District. And, Your Honor, here's -- here's the real problem here. How far afield are we going? This is all getting into, is marijuana good or bad, do you think it's good policy to have marijuana enforcement or not, is this a public health issue or not. This is getting into the public policy behind the ordinance which is not relevant to whether anything was ever adopted.

THE COURT: And so if you want to limit it to whether or not it's going to be enforced as far as 12, like, for example, if there are communications to the Denton County Public Health District that say, we

are going to enforce this rigorously or --

MR. DE LA FUENTE: But that's the county. It's not even an entity we have any authority over.

THE COURT: No, between -- but it's not going to their e-mail to get it, it's just if there were e-mails between the defendants and this entity is my understanding.

MR. TEBO: Correct, Your Honor --

MR. DE LA FUENTE: But there's no enforcement authority that -- it's the Denton County Public Health District. I can't imagine what role they have.

THE COURT: That's why, in your possession, so it's not going to ask them.

MR. DE LA FUENTE: But it's about -- Your Honor --

THE COURT: Well, if they don't have a role, then I would assume that you wouldn't have any documents --

MR. DE LA FUENTE: But, Your Honor, there may be discussions -- there may be policy discussions, but if there's, you know, local coordination which talk about all kind of health issues --

THE COURT: And I think that, if there are policy discussions, then that is very relevant to

jurisdiction.

MR. DE LA FUENTE: Your Honor, and I think this -- okay. But I'm afraid there's a misapprehension on the breadth of -- of the actual fact question being teed up. Because this is about whether marijuana is good or bad not whether the City adopted a --

THE COURT: And let me stop you there.

MR. DE LA FUENTE: -- policy.

THE COURT: Let me stop you there.

And I specifically said I'm happy to limit it to enforcement. And so, if we're -- if we're talking about whether or not this is going to be enforced, then I believe that that is relevant to jurisdiction. Whether or not it's good or bad, then I don't think -- I agree with you, I don't think that's necessarily relevant.

MR. DE LA FUENTE: Okay, Your Honor.

THE COURT: And so 12 we will limit it to communications and documents regarding the enforcement of the ordinance.

MR. TEBO: Your Honor, could, instead of enforcement of the ordinance, you change it to enforcement of marijuana laws --

THE COURT: I think that's --

MR. TEBO: -- with both state law and the

ordinance.

THE COURT: Yes, that's fine.

MR. TEBO: Thank you, Your Honor.

THE COURT: 13?

MR. DE LA FUENTE: No. 13, is communications relating to funding by the City or the City of Denton for THC testing. Again --

THE COURT: I think that's fair.

MR. DE LA FUENTE: Can it be limited to documents specifically related to that funding as opposed to all the City general budget documents that embedded within the police budget is going to be --

THE COURT: I don't think they asked for all the funding documents. I think they asked for those limited to THC testing. And I assume that what they're requesting is, if prior to November 22nd, '22, and then the next question, after November 22nd, '22, whether we said, "This year we need a thousand dollars for THC testing. And, after 2022, oh, we need $20 for THC testing." I assume that's what they're looking for. Like, we don't -- we don't believe we're going to need tests because we're not going to enforce it. And so as for 13 and 14, I think that's fair, and I am going to overrule the objection. And I know my numbers weren't realistic.

MR. DE LA FUENTE: Your Honor, Request No. 15, I'm actually looking to try to figure out the difference between them. But all communications or documents within your possession relating to citations or arrests for Class A or Class B misdemeanor possession of marijuana offenses and misdemeanor possession of marijuana paraphernalia from February of '21 to the canvassing date of November 22nd, '22.

And then 16 is for the same, from November 22nd after. And, Your Honor, we -- we absolutely objected to this on its -- on its overbreadth and relating to citations or arrests. I mean are we talking about individual arrest documents when Steve Jones got a citation?

THE COURT: Okay. I don't think that that's what they're --

MR. DE LA FUENTE: I mean, Your Honor --

THE COURT: I see your point. Hold on one moment.

Sorry. I assumed that you were asking for statistics, are you asking, for, like individual citations?

MR. TEBO: Well, Your Honor, we want to make sure we get responsive documents. We don't know how the City keeps records related to its marijuana

enforcement.

THE COURT: And so I'm going to sustain it in part and overrule it in part. To the extent that there are documents related to statistics that exist, then I would expect those to be turned over. If we're asking for individual citations or tickets, like, for drug paraphernalia, I can't imagine how you would do that. But I certainly know that, when I was with the DA's office, we had documents that showed arrests for each of these offenses.

MR. TEBO: Your Honor, may I be heard --

THE COURT: Yes.

MR. TEBO: -- please?

Instead of narrowing the RFP just to statistics, if -- so what the Court is getting at, is we want to exclude individual tickets citations like that, we could just stipulate that this RFP does not ask for individualized reports of citations or arrests. But, like, if they don't have something that is a statistic, it's more, like, maybe a report or something like that, we want that to --

THE COURT: Okay.

MR. DE LA FUENTE: -- be included.

MS. SMITH: And, Your Honor, the -- the link to all of the public reports and statistics was

provided in our responses to discovery already. So I don't know if they --

THE COURT: And so, if there are no other documents that are responsive, I would expect that no other documents are responsive.

And, yes, I will grant your request to not just say statistics to limit it based on the wording you've used.

MR. TEBO: Thank you, Your Honor.

MR. DE LA FUENTE: So that's No. 15 and 16?

THE COURT: Yes, sir.

MS. SMITH: Can you repeat that wording for my notes?

THE COURT: 17 to me it looks like those are connected as well.

MR. DE LA FUENTE: Reports. Was that your word?

MR. TEBO: The stipulation that I propose is that these RFPs exclude individualized documents relating to citations or arrests for marijuana use.

MR. DE LA FUENTE: And 17 and 18 are companion requests for before the -- the canvassing. And, again, I just -- I do want to clarify, for the discovery purposes, when we're talking about the November 22nd date, we're treating that as the

canvassing date not --

THE COURT: Right.

MR. DE LA FUENTE: -- we're not calling that an adoption date; is that correct?

THE COURT: That's correct.

MR. DE LA FUENTE: Okay.

THE COURT: And so, with regard to training, I think that is -- that is fair if training changed.

MR. DE LA FUENTE: All right. No. --

THE COURT: Actually, 19 and 20 I think are very similar.

MR. DE LA FUENTE: They are.

THE COURT: And so 19 and 20 I'm also going to overrule those objections as I think those are fair.

MR. DE LA FUENTE: And No. 21 and 22 are very similar.

THE COURT: To the misdemeanor, and I think we should limit it the same way.

MR. DE LA FUENTE: Okay. On no individualized arrest information?

THE COURT: Correct.

MR. DE LA FUENTE: And 23 is even more challenging because this is where the subject expressed that they thought it was lawful to possess.

Your Honor --

THE COURT: I know. I get it. I get it.

MR. DE LA FUENTE: -- it's utterly irrelevant.

THE COURT: Well, I -- I'm not going to say it's not relevant because I can see the relevance. However, I'm not sure how, without, like, viewing body cam and reading every offense report you would be able to find that information, so I'm going to sustain the objection to 23.

MR. TEBO: Your Honor, may I be heard on that --

THE COURT: You can.

MR. TEBO: -- a little bit?

THE COURT: Yes.

MR. TEBO: So all -- the only duty to respond to this discovery is a good faith search. If upon a good faith search -- but not one that's super strenuous, just a good faith search, if they don't recover responsive material then --

MR. DE LA FUENTE: Your Honor, there's no good faith search doesn't involve looking at everybody's camera footage.

THE COURT: I know. That is -- if you asked me to do a good faith search, I would --

MR. TEBO: I understand, Your Honor.

THE COURT: -- I don't see a way how to do it with good faith without an extremely strenuously search, so I'm going to sustain the objection to 23.

MR. TEBO: I understand. Thank you, Your Honor.

THE COURT: 24.

MR. DE LA FUENTE: Communications sent by any of the defendants' folks regarding the marijuana ordinance or this lawsuit from November '21 to present.

THE COURT: I think that all is fair game, so I'm going to overrule your objection.

Okay. I'm going to move on to Exhibit C which is the Requests for Admissions.

MR. DE LA FUENTE: These, I think, will be a little easier, Your Honor, because, you know, most of them are subject to an objection, we deny or admit. There are a couple that I think we'll need to take up.

THE COURT: Okay. Let me know where you think I need to go.

MR. DE LA FUENTE: All right. And -- and Your Honor, Request for Admission No. 1 is one we -- we have to stick with the very last objection to it. It uses the term adopted as they define the term. They created a legal definition of adoption. And we have to

stand on our objection to them imposing a legal definition. As to the definition under the law, we can answer this. But, as to their definition, we cannot.

MR. TEBO: Your Honor, they didn't make an objection that our use of the term adopted calls for a conclusion, which it doesn't by the way. They didn't make that objection. It's not there in their discovery responses.

MR. DE LA FUENTE: It's right here. It's vague and misleading to the extent that you used the term adopted --

MR. TEBO: Yeah, but you're not saying it's vague or misleading. You're saying that it's forcing a legal conclusion --

MR. DE LA FUENTE: I'm saying it's vague.

THE COURT: Hold on.

MR. DE LA FUENTE: -- and misleading as to the form.

THE COURT: Hold on one moment. The Court reporter cannot get what everybody is saying. Sustained.

MS. SMITH: Your Honor, it's in our objections to definitions, No. 3.

MR. DE LA FUENTE: It creates a legal definition that is contrary to relevant legal authority

in this case. We will treat it as having its plain meaning as is consistent with the legal authority. We have to stand on that objection, Your Honor.

MR. TEBO: With that clarification, the State only meant adoption in its plain meaning. So, if that's their only objection, then we're fully satisfied for adoption to be understood in its plain meaning.

THE COURT: Okay.

MR. DE LA FUENTE: And -- and, Your Honor, I guess that's just -- again, understanding the confusion here, the canvassing is not the adoption.

THE COURT: Right.

MR. DE LA FUENTE: Okay. I mean treating it with its plain legal meaning, having -- in other words, sustaining our objection, it will be given its -- its plain legal meaning then you're overruling the other objections which are jurisdictionally based.

THE COURT: Yes, that is correct.

MR. DE LA FUENTE: No. 2 is entirely jurisdictional objections. It's following a vote which was the canvassing vote. It became operational by law and --

THE COURT: And what is your objection to that question?

MR. DE LA FUENTE: Our objections are

that -- are all on immunity and that whether or not the ordinance became operational is not the -- is not the actual relevant question. But those are all of our jurisdictional arguments.

THE COURT: I'm going to overrule the objection.

MR. DE LA FUENTE: No. 3 are all jurisdictional objections.

THE COURT: And I'm going to overrule the objection.

MR. DE LA FUENTE: No. 4 includes the same objection to the use of the term adopted, as we've already discussed. Presuming Your Honor sustains that objection, we may answer as to the properly understood legal meaning, then the remaining objections are jurisdictional.

THE COURT: That is correct.

MR. TEBO: Can I just, like, ask to clarify?

THE COURT: Yes.

MR. TEBO: So defendants' objection was that adoption was not being used in its plain meaning --

THE COURT: And so it --

MR. TEBO: -- and by that I understood its colloquial meaning, not some sort of -- not any legal

definition of the term.

MR. DE LA FUENTE: I'm not adopting the State's definition of adoption.

THE COURT: Correct.

MR. DE LA FUENTE: I'm not going to use their definition. We'll use what we believe is a correct legal definition.

THE COURT: Yes.

MR. DE LA FUENTE: No. 5 is all jurisdictional objections.

Are those overruled?

THE COURT: Then I will overrule 5.

MR. DE LA FUENTE: No. 6, we have jurisdictional objections as well as an objection to it being vague and incomprehensible to the extent that it uses the passive voice. They have been directed not to cite or arrest individuals. Well, the citizens had an initiative and voted on an ordinance and told the -- told the police what they wanted. Have been directed by whom?

THE COURT: It said by -- oh, I see your -- so you're saying whether they had been directed by the citizens --

MR. DE LA FUENTE: I'm -- I'm being a little bit of a grammar nerd here, but it's an important

grammar nerd point, Your Honor.

THE COURT: I like grammar nerds.

MR. DE LA FUENTE: Only -- only the relevant -- the defendants in this case are relevant. If somebody sent in a demand letter to the police and told them, "We passed this. You better not enforce." If the citizens voted --

THE COURT: Well, what if -- what if the police chief told the assistant police chief, "Go tell your employees --"

MR. DE LA FUENTE: If -- if this was about defendants had been directed by any defendant not to do so, that would be a different request for admission.

MR. TEBO: I understand what Your Honor is getting at. So, if the assistant police chief is not defendant but still a control person within the City of Denton, so we can just stipulate that we don't need the citizen body of Denton with reference to RFA No. 6.

MR. DE LA FUENTE: Directed by any defendant or at the direction of a defendant.

THE COURT: That works for me.

MR. DE LA FUENTE: Okay.

MR. TEBO: Your Honor is not narrowing directed in RFA No. 6, it's just to the named defendants though, but to the City of Denton, its employees, and

officers --

THE COURT: Yes, that would be --

MR. TEBO: -- inclusive --

THE COURT: -- correct.

MR. TEBO: -- inclusive of that. Okay.

THE COURT: But I would assume they would do that under the direction of one of the defendants.

MR. TEBO: I understand, Your Honor. It makes sense.

MR. DE LA FUENTE: No. 7, we do flat out object. In addition to our jurisdictional objections, that it seeks not an admission of fact but a legal conclusion.

THE COURT: I'll sustain that objection.

MR. DE LA FUENTE: Numbers 8 and 9 are -- are similar. They are about misdemeanor levels of marijuana, arrests having decreased, and misdemeanor possession of paraphernalia having decreased. Our objections are jurisdictional based on that.

THE COURT: I'm going to overrule those objections.

MR. DE LA FUENTE: No. 10, I think all of our objections here are jurisdictional.

THE COURT: I'm going to overrule your objections to 10.

MR. DE LA FUENTE: No. 11 is a little trickier on the grammar. Admit that you received a document or communication from the police department that the marijuana ordinance has been implemented. It's directed to multiple -- it's directed to, again, the City. I don't --

THE COURT: And I'm going to overrule that objection.

MR. DE LA FUENTE: No. 12, admit that you directed the City of Denton Police Department not to use the smell of marijuana for probable cause. To whom is this directed?

THE COURT: I assume the City of Denton and Jessica Robledo.

MR. DE LA FUENTE: Well, but it's not.

MS. SMITH: No. 12?

MR. DE LA FUENTE: No. 12?

MS. SMITH: Yes, it is.

MR. DE LA FUENTE: It is. Okay. Sorry.

THE COURT: So I will overrule 12.

MR. DE LA FUENTE: 13, admit that employees of the City of Denton Police Department have received training on the marijuana ordinance.

THE COURT: I think that's fair also, so I'm going to overrule that objection.

MR. DE LA FUENTE: Your Honor, can we get some clarity as to, again, what the term training is? I mean is that formal training by the police department? Or is that, you read about the ordinance in the paper and --

THE COURT: Well, that -- the paper would not be training.

MR. DE LA FUENTE: I would hope not.

THE COURT: I don't know how the paper would be training.

MR. DE LA FUENTE: Okay, Your Honor.

THE COURT: I assume that the police said, "we're having a training," or your supervisor says, "Today I'm going to tell you about how we are going to smell marijuana." That would be training.

MS. SMITH: And just -- just for clarification, kind of to your last point, Your Honor, so the -- you know, today we're having a training, I think that's clear. But if there's communication about the citizen initiative, but it's not clear that it's training, it's just communication about the fact that the citizens have this vote, I guess how do we -- you know, I don't know --

THE COURT: Well, I think that the term training implies that this is how we are going to do

this, or this is how we do this. So --

MS. SMITH: So communication with instruction?

THE COURT: -- just saying it's passed, that does not -- that's not training. But if it says -- I would -- I would use the plain meaning of training.

MR. DE LA FUENTE: No. 14, admit that the City of Denton City Council could change a City of Denton policy relating to the implementation of the marijuana ordinance. Fundamentally, it inquires into a hypothetical, and it's not about an admission of fact but a legal conclusion.

THE COURT: I'm going to sustain that objection.

MR. DE LA FUENTE: And No. 15 is --

MR. TEBO: Your Honor, may I be heard on RFA No. 14?

THE COURT: Yes.

MR. TEBO: So what it's asking is how the city council understands its powers with respect to the marijuana ballot initiative both before and after they adopted it as an ordinance. I think that's fair game. It's relevant to the jurisdiction. And it's something that defendants would or are likely to know.

MR. DE LA FUENTE: What we believe we can

do has nothing to do with what we did.

THE COURT: And let me stop you. I'm going to sustain objection No. 14.

MR. TEBO: Thank you, Your Honor.

MR. DE LA FUENTE: And No. 15 is -- is the same question about the -- about the city manager. It's the same thing.

THE COURT: I'm going to overrule No. 15.

MR. DE LA FUENTE: Even to the extent it inquires into a hypothetical? I mean that's a straight up improper RFA asking about a hypothetical.

MR. TEBO: Your Honor, respectfully, neither of these RFAs inquiry about hypotheticals. They ask what the powers of the city manager and city council respectively are with respect to the marijuana ordinance --

MR. DE LA FUENTE: That's not what they ask.

MR. TEBO: -- what sort of action did they take.

MR. DE LA FUENTE: That's not what it asks.

MR. TEBO: It's about what they could do.

THE COURT: Okay. Hold on one moment. Let me read it again.

I'm going to overrule that objection.

I'm going to stay with what I initially said.

Okay. Exhibit --

MR. TEBO: To clarify, Your Honor, you're overruling 15 but sustaining 14?

THE COURT: Yes.

MR. TEBO: Okay. Thank you, Your Honor.

THE COURT: And then what is the next thing we need to go over?

MR. DE LA FUENTE: I think we need to go over our motion to quash and motion for protection on deposition notices which is Tab 5 of -- oh, I haven't given you your paper notebook. I can.

THE COURT: I like paper.

MS. SMITH: I'll do it.

MR. TEBO: Could I clarify, Your Honor, in granting the State's motion to compel, did you grant it with respect to written discovery only, or also with respect to the depositions that the State has requested?

THE COURT: Ask your question one more time.

MR. TEBO: Absolutely, Your Honor.

So the Court granted the State's motion to compel. The motion to compel seeks both written discovery and six depositions of city council employees and officials.

THE COURT: And I am granting the motion to compel for the depositions as well. However, if there are specific objections that you wish to be heard, I will take those up.

MR. TEBO: Thank you, Your Honor.

MR. DE LA FUENTE: And we do need to take those up, Your Honor.

MS. SMITH: Your Honor, if I may approach and give you this binder he left up here.

THE COURT: Thank you. I appreciate it.

MS. SMITH: Thank you.

THE COURT: You said Tab 5?

MR. DE LA FUENTE: Yes, Your Honor. And really you can -- on the first two pages you can kind of get the list of the -- the witnesses they're seeking.

THE COURT: Uh-hum.

MR. DE LA FUENTE: There are two city council members -- wait, yeah, two, two city council members, the city manager, interim police chief, and two police officers, a sergeant and lieutenant.

Your Honor, the first thing that we have to take up is the two city council members. And, Your Honor, we provided black letter authority, the City Council of the City of Denton, of any city like it, can only act as a whole. The individual thoughts of an

individual legislator are irrelevant as a matter of law to the actions of the city council and the city as a whole. Further, they are immune from discovery as to their individual thought processes and actions.

And, Your Honor, I will tell you, this is one on -- on which, if need be, the City would have mandamus because city council members can never be subjected to a deposition for -- for subject matter like this. It would be utterly improper to depose city council members from the word go. There's not a relevant question that could be asked, and I would challenge the State to say what one of those questions would be that would make the fact of whether the City of Denton, as a whole, the city council as a whole, adopted any policy. No city council member has any individual power.

THE COURT: Okay. So, Mr. Tebo?

MR. TEBO: Defendants assertion that city -- the city council can only be questioned as a body, as a collective body, rather than individual members, there is no authority for that assertion. City council members can be questioned about their acts as officials. The State only wants to question them about their acts as officials.

MR. DE LA FUENTE: Your Honor --

MR. TEBO: It is true that subjective impressions, motivations, those are privileged.

THE COURT: Uh-hum.

MR. TEBO: The State is not going to ask about those. If the State inadvertently does pose such a question during a deposition, that would an opportunity for a privilege assertion, and the defendant's counsel would have the opportunity to assert that privilege, and the State would respect that. So we're not going to get into privileged territory with respect to city council members. And, if we do, by denying the motion to quash, the Court is not going to vacate that privilege.

MR. DE LA FUENTE: Your Honor --

MR. TEBO: Instead --

THE COURT: Hold on one moment.

MR. TEBO: -- the State is going to ask the two city council members about their actions with respect to the ordinance and about the City's action with respect to the ordinance. The city council presides generally over the city government of Denton, so they're in a position to know about all the actions that the City has taken with respect to the marijuana ordinance.

THE COURT: Why those two particular

sitting city councilmen versus --

MR. TEBO: Well --

THE COURT: -- all of them?

MR. TEBO: -- we thought it might be a little onerous on defendants if we deposed each and every city council member, but if Your Honor thinks that that is the right way to do it then we --

THE COURT: I'm just trying to understand why those two.

MR. TEBO: There's no special motivation. We didn't single out -- single out those two. We picked those two because we know that they were on the city council when the ordinance vote was taken, the adoption vote was taken.

MR. DE LA FUENTE: Your Honor, *Central Power and Light vs. City of San Juan*, I mean this is long-standing law --

THE COURT: And can you --

MR. DE LA FUENTE: -- a municipality's intent --

THE COURT: Hold on one moment.

Can you show me a page? It looks like you're looking, and so I want to look at what you are reading as well.

MR. DE LA FUENTE: Page -- it's at Tab 5 --

THE COURT: Yes.

MR. DE LA FUENTE: -- Page -- yeah, 8 to 9, beginning at the bottom of Page 8 --

THE COURT: And then, if you would, just speak slowly. Go ahead.

MR. DE LA FUENTE: Your Honor, it is black letter that a municipality's intent is expressed solely through the actions of a city council in opening meetings in line with the open government laws in this state. As *Central Power and Light*, likewise, I know I briefed -- we briefed that point in our response to their request -- the response to the motion to compel is before the Court as well. I can give you a page on that tab, if you would give me just a moment.

MR. TEBO: If I may jump in here --

MR. DE LA FUENTE: Here we go, Your Honor. A better place to read is at Tab 12, and I'll give you a moment to get there.

THE COURT: I'm there.

MR. DE LA FUENTE: Page 9, we have full briefing. It is not consonant with our scheme of government for a court to inquire into the motives of legislators. The doctrine of legislative immunity shields legislative actors.

THE COURT: You said Tab 12, Page 9?

MR. DE LA FUENTE: Yes, Your Honor. That's a more detailed briefing.

THE COURT: Oh, sorry. I got it. There was a couple of page nines. All right. I'm there.

MR. DE LA FUENTE: I mean this is U.S. Supreme Court and Texas Supreme Court law. It is not consonant with our scheme of government for a court to inquire into the motives of legislators and, specifically, citing *In re: Perry*. Legislative immunity shields legislator actors not only from liability, but also from being required to testify about their legislative activities.

The only activities city council members have is legislative activities. They cannot testify as to what the council did. The council acted only in a vote. They are not competent to testify as to anything else. There's no relevant knowledge they could have. And this is -- I mean it would be text impropriety to require a city council member, two, six, eight, however many you want, to testify about their legislative activities. The legislative -- the action of the city council is reflected in votes of the city council in open meetings. And there's a period at the end of that sentence as a matter of law.

THE COURT: Okay. Mr. Tebo?

MR. TEBO: Your Honor, counsel is misreading these cases. It is true that the State cannot -- or that the subjective motives of city council members cannot be inquired into without raising privilege concerns. The State doesn't dispute that. We're not going to -- we're going to try to avoid those questions. But the idea that individual council members can't testify about decisions that the City took, that has no basis in law, and it's just spatially a little difficult to swallow --

THE COURT: Help me --

MR. TEBO: -- there are city council --

THE COURT: Help me understand what one question would be.

MR. DE LA FUENTE: What objective fact --

THE COURT: Hold on.

MR. TEBO: We're going to ask -- we're going to ask both city council members about actions that the City has taken with respect to the marijuana ordinance --

THE COURT: But give me an example of a question. And if you --

MR. TEBO: How has --

THE COURT: -- you can take a minute.

MR. TEBO: -- how has City policy changed

after November 22nd, 2022, in light of marijuana ordinance? That's number one. Number two, we'd like to ask Council Member Beck, in particular, it escaped my memory a second ago, Your Honor, him, in particular, about some of the statements that he has made about marijuana policy in the City following the ordinance. He is -- he is one of the City officials who has said that, following adoption of the ordinance, the City has a policy that is inconsistent with local government 370.003. He said that in public.

THE COURT: Yeah. So -- and that's my question. If he has said it in public, and we know he said it, then what is the point of the deposition?

MR. TEBO: Well, we -- we want to understand exactly what he means by that. We want to understand if that's still the case today because he made that statement, I think, half a year ago, and we want to know why he made that statement. What actions of the City justify his assertion that the City is now in violation of state law.

MR. DE LA FUENTE: That's all subjective belief --

MR. TEBO: That's not subjective.

MR. DE LA FUENTE: -- and --

THE COURT: Hold on. I don't need any

argument.

MR. TEBO: Of course, Your Honor. We're asking about acts that he knows about.

MR. DE LA FUENTE: Any individual legislator could be right or wrong. They don't set the policy. Only the council by the vote does.

THE COURT: No, I understand the argument. I understand the argument. And I am trying to see in my mind if there are questions that they can ask and so give me a moment.

MR. TEBO: Your Honor, if I could just put it this way?

THE COURT: Okay.

MR. TEBO: Even if it's true, if the city council collectively as the body sets policy, the council members individually know about that policy by virtue of being on the council.

THE COURT: And I am going to sustain the objection as to -- as to the two city council members.

MR. DE LA FUENTE: And, Your Honor, then that takes us to the city manager.

THE COURT: And I'm going to overrule the objection as to the city manager.

MR. DE LA FUENTE: May we have some direction and limitation from the Court? Because I will

tell you, this is my concern, much of the written discovery already is full case discovery, and we -- we strongly believe goes beyond any jurisdictional fact.

THE COURT: Right.

MR. DE LA FUENTE: A deposition with no limitation would be equally improper. On what -- what subject matter may the city manager be deposed? I mean the question is whether the City has adopted a policy. And I -- I mean, from the nature of the very inquiries in written discovery, I expect a full-ranging deposition which will be well beyond the bonds of jurisdictional facts. The State needs to present which jurisdictional facts it wants to inquire about, and it should be limited to only a jurisdictional fact deposition. That's not what's been noticed.

THE COURT: And I understand. Okay. So help me understand. Mr. Tebo, are you limiting the depositions to jurisdictional facts?

MR. TEBO: That's right, Your Honor. After written discovery is gone and done, we will frame the topics that we would like to -- we will work up the topics that we would like to inquire into during these depositions. They will all be with respect to jurisdictional facts.

THE COURT: And so is --

MR. DE LA FUENTE: I mean it's the tautology. I don't know what they think the jurisdictional facts are going to be.

THE COURT: Well, I'm sure they don't know at this time either. They haven't gotten the discovery.

MR. DE LA FUENTE: And so, Your Honor --

THE COURT: And so the other thing we can do is perhaps carry the motion to quash until after the written discovery has been concluded, and then we could see if there are topics for which we can limit the deposition.

MR. DE LA FUENTE: I think that would be highly appropriate, Your Honor.

THE COURT: Okay.

MR. TEBO: Is Your Honor suggesting that the State purpose a list of topics in advance of these depositions?

THE COURT: What I'm saying is after written discovery is complete --

MR. TEBO: Okay.

THE COURT: -- and then we can take up the motion to quash at that time, and then we can discuss whether or not the -- after you are better prepared for what information you have found with related to jurisdiction and what topics would be appropriate for a

deposition.

MR. TEBO: Okay. Thank you, Your Honor.

MR. DE LA FUENTE: I think that addresses the matters before the Court. We would -- we do think there's a basis to take up --

May I have a moment?

THE COURT: Of course, yes.

MR. DE LA FUENTE: We do think there are some arguments based on the plea to the jurisdiction that are just legal issues that could be taken up, and the Court could rule on portions of the plea to the jurisdiction today.

THE COURT: I am not going to do that today. I'm going to take that up after discovery is -- the jurisdictional discovery is complete so that we can then take up everything at once.

MR. DE LA FUENTE: Okay. With respect to the -- the orders on the written discovery, at this point, I do think, in the interest of the City having clarity and what is expected of it, if the parties could confer and prepare a written order for the Court that would be most helpful while we've done our best job taking notes today.

THE COURT: I think that is -- I would expect no less.

MR. DE LA FUENTE: As long as there's an understanding, Your Honor, that the parties have the opportunity to confer regarding an order and present it to Your Honor for signature?

THE COURT: Of course, yes, please.

MR. DE LA FUENTE: Okay. Thank you.

THE COURT: Anything further to take up today?

MR. TEBO: Could I clarify Your Honor's ruling on the motion to quash. You're carrying the entire motion --

THE COURT: Yes, I am.

MR. TEBO: -- with regard to all six --

THE COURT: I am.

MR. TEBO: -- depositions?

Okay. Thank you.

THE COURT: And then we'll go over it again.

MR. TEBO: Okay. I understand. I appreciate it. Thank you.

MR. DE LA FUENTE: One more, Your Honor, please.

MS. SMITH: I do have a question, Your Honor. Just now you talked about the motion to quash. You had already sustained our objection as to

the two individual council members.

THE COURT: I did, and that will be subject to reconsideration if they find something out in written discovery that they want to bring to my attention. I don't suspect that the ruling would change. However, I will be happy to take up the whole motion together.

MS. SMITH: Okay. So you -- so you are still -- you still are holding by ruling but subject to reconsideration?

THE COURT: Yes.

MR. DE LA FUENTE: That's all we needed to clarify.

THE COURT: All right. Thank you all. I appreciate you.

MR. DE LA FUENTE: Thank you, Your Honor.

THE COURT: We're off the record.

(Proceedings concluded at 11:40 a.m.)

REPORTER'S CERTIFICATE

THE STATE OF TEXAS )
COUNTY OF DENTON )

I, Kristin M. Anderson, Official Court Reporter in and for the 481st Judicial District Court, Denton County, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested in writing by counsel for the parties to be included in this volume of the Reporter's Record, in the above-styled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

I further certify that this Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, admitted by the respective parties.

WITNESS MY OFFICIAL HAND this the 7th day of January, 2025.

___s/ Kristin M Anderson_____
Kristin M. Anderson, Texas CSR #9351
Expiration Date: 10/31/2025
Official Court Reporter
Denton County Courthouse
481st Judicial District Court
1450 E. McKinney Street, 4th Floor
Denton, Texas 76209
940-349-2272
kristin.anderson@dentoncounty.gov